## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

Kohchise Jackson,

      Plaintiff,

v.

Corizon Health, Inc., et al.

      Defendants.

Case No: 2:19-cv-13382

District Judge: Terrence G. Berg

Magistrate Judge: Patricia T. Morris

---

MARGOLIS, GALLAGHER & CROSS
Lawrence H. Margolis (P69635)
Attorney for Plaintiff
214 S. Main St., Suite 200
Ann Arbor, MI 48104
(734) 994-9590
larry@lawinannarbor.com

CORBET, SHAW, ESSAD, & BONASSO, PLLC
Daniel R. Corbet (P37306)
Kenneth A. Willis (P55045)
Attorneys for Prime Healthcare Services,
Colleen M. Spencer, and David A. Krause
30500 Van Dyke Ave., Suite 500
Warren, MI 48093
(313) 964-6300
daniel.corbet@cseb-law.com
kenneth.willis@cseb-law.com

CHAPMAN LAW GROUP
Ronald W. Chapman Sr., M.P.A.,
LL.M. (P37603)
Attorneys for Defendant Corizon Health, Inc.
and Keith Papendick, M.D.
1441 West Long Lake Rd., Suite 310
Troy, MI 48098
(248) 644-6326
rchapman@chapmanlawgroup.com

---

## DEFENDANT CORIZON HEALTH, INC. AND KEITH PAPENDICK,M.D.'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6) [ECF NO. 12]

NOW COMES Defendant CORIZON HEALTH, INC. and KEITH PAPENDICK, M.D. ("Corizon Defendants"), by and through their counsel, CHAPMAN LAW GROUP, and for their Motion to Dismiss, states as follows:

1.     On November 15, 2019, Plaintiff, through his counsel, filed his Complaint initiating this matter. (**ECF No. 1**).

2.     On December 16, 2019, Defendant Corizon Health, Inc. ("Corizon") filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). (**ECF No. 10**).

3.     On January 3, 2020, Plaintiff filed an Amended Complaint adding Dr. Keith Papendick as a Defendant. (**ECF No. 12**).

4.     In Count II of the Amended Complaint, Plaintiff alleges that Defendants Corizon and Dr. Papendick deprived him of his constitutional rights by acting with deliberate indifference to his serious medical needs. (**ECF No. 12, PageID.198-201**).

5.     For the reasons detailed in the accompanying brief, Defendants Corizon and Dr. Papendick move this Honorable Court to dismiss this matter pursuant to Fed. R. Civ. P. 12(b)(6). *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978); *Thomas v. City of Chattanooga*, 398 F.3d 426 (6th Cir. 2005).

6.     On January 14, 2020, Counsel for Defendant called Plaintiff's counsel to discuss the nature of the motion and the relief requested. Despite reasonable efforts, concurrence could not be obtained.

WHEREFORE, Defendants CORIZON HEALTH, INC. and DR. KEITH PAPENDICK respectfully requests that this Honorable Court grant their motion to dismiss Plaintiff's Amended Complaint in its entirety and provide any and all such relief as is deemed just and equitable.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | CHAPMAN LAW GROUP |
| Dated: January 14, 2020 | /s/Ronald W. Chapman Sr. |
|  | Ronald W. Chapman Sr., M.P.A., |
|  | LL.M. (P37603) |
|  | Attorney for Corizon Health, Inc.; and Keith Papendick, M.D. |
|  | 1441 West Long Lake Rd., Suite 310 |
|  | Troy, MI 48098 |
|  | (248) 644-6326 |
|  | rchapman@chapmanlawgroup.com |

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

Kohchise Jackson,

      Plaintiff,

v.

Corizon Health, Inc., et al.

      Defendants.

Case No: 2:19-cv-13382

District Judge: Terrence G. Berg

Magistrate Judge: Patricia T. Morris

---

MARGOLIS, GALLAGHER & CROSS
Lawrence H. Margolis (P69635)
Attorney for Plaintiff
214 S. Main St., Suite 200
Ann Arbor, MI 48104
(734) 994-9590
larry@lawinannarbor.com

CHAPMAN LAW GROUP
Ronald W. Chapman Sr., M.P.A.,
LL.M. (P37603)
Attorneys for Defendant Corizon Health, Inc.
and Keith Papendick, M.D.
1441 West Long Lake Rd., Suite 310
Troy, MI 48098
(248) 644-6326
rchapman@chapmanlawgroup.com

CORBET, SHAW, ESSAD, & BONASSO, PLLC
Daniel R. Corbet (P37306)
Kenneth A. Willis (P55045)
Attorneys for Prime Healthcare Services,
Colleen M. Spencer, and David A. Krause
30500 Van Dyke Ave., Suite 500
Warren, MI 48093
(313) 964-6300
daniel.corbet@cseb-law.com
kenneth.willis@cseb-law.com

---

**BRIEF IN SUPPORT OF DEFENDANT CORIZON HEALTH, INC.; AND KEITH PAPENDICK, M.D.'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)**

# TABLE OF CONTENTS

TABLE OF CONTENTS.......................................................................... ii

INDEX OF AUTHORITIES.................................................................. iii

INDEX OF EXHIBITS ...........................................................................v

STATEMENT OF ISSUES PRESENTED............................................. vi

CONTROLLING/APPROPRIATE AUTHORITY FOR RELIEF SOUGHT....... vii

I.   STATEMENT OF FACTS ...............................................................1

II.  LAW AND ARGUMENT ................................................................1

   A.  Plaintiff Has Failed to State a *Monell* Claim Under 42 USC § 1983...............1

     1.  Policy, Practice, or Custom ............................................................3

     2.  Custom of Acquiescence or Inaction ..........................................8

   B.  Michigan Department of Corrections Policy Governs Corrective and Reconstructive Surgery. ......................................................9

III.  CONCLUSION AND RELIEF REQUESTED............................................11

# INDEX OF AUTHORITIES

**CASES**                                                                                          **PAGE**

*Amick v. Ohio Dep't of Rehab. & Corr.*, 521 F. App'x 354 (6th Cir. 2013)..............7

*Ashcroft v. Iqbal*, 556 U.S. 662(2009) ........................................................................8

*Baynes v. Cleland*, 799 F.3d 600 (6th Cir. 2015) .......................................................2

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ................................................ vi, 8

*Connick v. Thompson*, 563 U.S. 51 (2011) .................................................................6

*Coogan v. City of Wixom*, 820 F.2d 170 (6th Cir. 1987)...........................................2

*D'Ambrosio v. Marino*, 747 F.3d 378 (6th Cir. 2014)...............................................7

*Doe v. Claiborne County*, 103 F.3d 495 (6th Cir. 1996) ......................................5, 7

*Farmer v. Brennen*, 511 U.S. 825 (1994) ..................................................................6

*Garner v. Memphis Police Dep't*, 8 F.3d 358 (6th Cir. 1993) ..................................2

*Graham v. County of Washtenaw*, 358 F.3d 377 (6th Cir. 2004) ........................4, 10

*Hamer v. County of Kent*, 2013 U.S. Dist. LEXIS 186512, (W.D. Mich., Nov. 6, 2013) ...................................................................................................................3, 4

*Hamer v. County of Kent*, 2014 U.S. Dist. LEXIS 40782 (W.D. Mich., Mar. 27, 2014) ...................................................................................................................3, 4

*Heyerman v. Cty. of Calhoun*, 680 F.3d 642 (6th Cir. 2012) ...................................2

*In re Travel Agent Comm'n*, 583 F.3d 896(6th Cir. 2009) ........................................6

*Johnson v. Karnes*, 398 F.3d 868 (6th Cir. 2005).....................................................1

*Keys v. Humana, Inc.*, 684 F.3d 605 (6th Cir. 2012)................................................6

*Maxwell v. Corr. Med. Servs., Inc.*, 538 F. App'x 682 (6th Cir. 2013)............. 2, 5, 6

*Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978)..............................................2, 5

*Murray v. Geithner*, 624 F. Supp. 2d 667 (E.D. Mich. 2009) ................................ vi

*New Albany Tractor, Inc. v. Louisville Tractor, Inc.*, 650 F.3d 1046 (6th Cir. 2011) ...............................................................................................................................8

*Searcy v. City of Dayton*, 38 F.3d 282 (6th Cir. 1994) .............................................3

*Swift v. Edelman*, 2018 U.S. Dist. LEXIS 207870 (W.D. Mich., Nov. 8, 2018) ......5

*Song v. City of Elyria, Ohio*, 985 F.2d 840 (6th Cir. 1993).................................... vi

*Swift v. Edelman*, 2017 U.S. Dist. LEXIS 182524 (W.D. Mich., Nov. 3, 2017) ......4

*Swift v. Edelman*, 2018 U.S. Dist. LEXIS 206805 (W.D. Mich., Dec. 7, 2018) .......5

*Thomas v. City of Chattanooga*, 398 F.3d 426 (6th Cir. 2005) ........................ 2, 3, 5

*Weiner v. Klais & Co.*, 108 F.3d 86 (6th Cir. 1997) ............................................ vi, 9

*Westlake v. Lucas*, 537 F.2d 857 n.5 (6th Cir. 1976) ................................................10

*Winget v. JP Morgan Chase Bank, N.A.*, 537 F.3d 565 (6th Cir. 2008) ....................8

*Winkler v. Madison Cty.*, 893 F.3d 877 (6th Cir. 2018) .........................................1, 2

## FEDERAL RULES OF CIVIL PROCEDURE

Fed. R. Civ. P. 8 ........................................................................................................9

Fed. R. Civ. P. 10 ..................................................................................................... vi

## STATUTES

42 U.S.C. §1983……………………………………………………………………..1, 4

## <u>INDEX OF EXHIBITS</u>

**EXHIBIT A**      *Hamer v. County of Kent*, 2013 U.S. Dist. LEXIS 186512 (W.D. Mich., Nov. 6, 2013)

**EXHIBIT B**      Michigan Department of Corrections Policy Directive 03.04.100 (Effective Date February 1, 2015)

## **STATEMENT OF ISSUES PRESENTED**

SHOULD PLAINTIFF'S COMPLAINT BE DISMISSED
PURSUANT TO FEDERAL RULE OF CIVIL
PROCEDURE 12(B)(6)?

Defendant Answers:                                    YES.
Plaintiff Answers:                                     NO.

## <u>CONTROLLING/APPROPRIATE AUTHORITY FOR RELIEF SOUGHT</u>

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Twombly*, 550 U.S. at 556. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the Complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

A court may decide a motion to dismiss based on pleadings alone. *Song v. City of Elyria, Ohio*, 985 F.2d 840, 842 (6th Cir. 1993). Courts may also consider "documents attached as exhibits or incorporated by reference in the pleadings, and matters of which the [Court] may take judicial notice." *Murray v. Geithner*, 624 F. Supp. 2d 667, 671 (E.D. Mich. 2009) (internal citations and quotation marks omitted); *see also Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997) (a defendant may introduce a document incorporated by reference in a complaint if it is not attached by plaintiff).

# I.STATEMENT OF FACTS

On November 15, 2019, Plaintiff filed his Complaint initiating this action. (**ECF No. 1**). On December 16, 2019, Defendant Corizon Health, Inc. ("Corizon") filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). (**ECF No. 10**). On January 3, 2020, Plaintiff filed an Amended Complaint adding Dr. Keith Papendick as a Defendant. (**ECF No. 12**). In Count II of the Amended Complaint, Plaintiff alleges that Defendants Corizon and Dr. Papendick deprived him of his constitutional rights by acting with deliberate indifference to his serious medical needs. (**ECF No. 12, PageID.198-201**). Specifically, Plaintiff alleges that "Defendant Corizon Health, Inc., through its final decision maker Defendant Keith Papendick, refused to reverse Plaintiff's colostomy in order to avoid paying for the procedure, so that it could retain a larger portion of the prisoner healthcare payments it received from the State of Michigan as corporate profit" (**ECF No. 12, PageID.200**). As a result, Plaintiff claims that he suffered "needless pain, suffering, humiliation, and loss of personal dignity" and demands unspecified monetary damages. (**ECF No. 12, PageID.201**).

## II. LAW AND ARGUMENT

### A. Plaintiff Has Failed to State a *Monell* Claim Under 42 USC § 1983.

"Like a municipality, a government contractor cannot be held liable on a *respondeat superior* theory,' but rather 'for a policy or custom *of that private*

1

*contractor.*'" *Winkler v. Madison Cty.*, 893 F.3d 877, 904 (6th Cir. 2018) (citing and quoting *Johnson v. Karnes*, 398 F.3d 868, 877 (6th Cir. 2005) (emphasis in original)). Regardless of the underlying constitutional violation, a policy, practice, or custom can be established only if "a plaintiff can identify: (1) the municipality's legislative enactments or official policies; (2) actions taken by officials with final decision-making authority; (3) a policy of inadequate training or supervision; or (4) a custom of tolerance or acquiescence of federal violations." *Id.* at 901 (quoting *Baynes v. Cleland*, 799 F.3d 600, 621 (6th Cir. 2015)). Under any approach, a plaintiff must plausibly allege that the policy is the "'moving force' behind the violation of the plaintiff's constitutional rights." *Maxwell v. Corr. Med. Servs., Inc.*, 538 F. App'x 682, 691 (6th Cir. 2013) (quoting *Heyerman v. Cty. of Calhoun*, 680 F.3d 642, 648 (6th Cir. 2012)).

At the outset, it does not appear that Plaintiff is making a claim based upon a failure to train or supervise. Furthermore, it appears that Plaintiff's claim against Dr. Papendick is asserted against him only in his official capacity. The Amended Complaint states "Dr. Papendick is an official with final decision-making authority with respect to whether 407 requests from on-site MPs are approved or ATP'd." (**ECF No. 12, PageID.191**). An individual-capacity claim is distinct from a claim against a defendant in his official capacity. *See Kentucky v. Graham*, 473 U.S. 159, 165-67, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985). The former claim may attach

2

personal liability to the government official, whereas the latter may attach liability only to the governmental entity. *Id.* at 166-67. In other words, an official-capacity claim is merely another name for a claim against the municipality. *Cady v. Arenac Cnty.*, 574 F.3d 334, 342 (6th Cir. 2009) ("In an official capacity action, the plaintiff seeks damages not from the individual officer, but from the entity for which the officer is an agent."). Here, Plaintiff alleges that "Defendant Corizon Health, Inc., through its final decision maker Defendant Keith Papendick, M.D., refused to reverse Plaintiff's colostomy in order to avoid paying for the procedure, so that it could retain a larger portion of the prisoner healthcare payments it received from the State of Michigan as corporate profit" (**ECF No. 12, PageID.200**). Thus, Plaintiff is making an official policy claim against Defendant Corizon.

### 1. *Policy, Practice, or Custom*

To state a claim of deliberate indifference against Corizon, Plaintiff must plead that a policy, practice, or custom of Corizon is unconstitutional, and that claim must be specific. "[T]o satisfy the *Monell* requirements a plaintiff must 'identify the policy, connect the policy to the [defendant] itself and show that the particular injury was incurred because of the execution of that policy.'" *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987)), cert. denied, 114 S. Ct. 1219, 127 L.Ed.2d 565 (1994). *See also, Searcy v. City of Dayton*, 38 F.3d 282, 287 (6th Cir. 1994). It is insufficient for a

3

Plaintiff to make allegations that Corizon has or had some non-specific unconstitutional policy, practice, or custom. A plaintiff is required to <u>identify</u> and <u>connect</u> the allegedly unconstitutional policy to Corizon and demonstrate a <u>pattern</u>. *Thomas v. City of Chattanooga*, 398 F.3d 426, 432-433 (6th Cir. 2005).

Here, Plaintiff vaguely alleges that Corizon "refused to reverse Plaintiff's colostomy in order to avoid paying for the procedure, so that it could retain a larger portion of the prisoner healthcare payments it received from the State of Michigan as corporate profit." (**ECF No. 12, PageID.200**). Thus, it appears that Plaintiff is claiming that it is unconstitutional for the State of Michigan to contract with a for-profit company to provide medical services to prisoners. Nevertheless, federal courts have rejected this as a basis for a claim of deliberate indifference.

In *Hamer v. County of Kent*, 2013 U.S. Dist. LEXIS 186512, *11 (W.D. Mich., Nov. 6, 2013), *adopted by, dismissed by Hamer v. County of Kent*, 2014 U.S. Dist. LEXIS 40782 (W.D. Mich., Mar. 27, 2014) (**Exhibit A**), the plaintiff alleged that the county made health care decisions based on budgetary concerns over inmate safety. When asked for an explanation of this "vague assertion" at oral argument, plaintiff's counsel "explained that the County has entrusted health care to Corizon, a for-profit corporation, thereby creating a conflict between prisoners' medical needs and the corporation's desire to make a profit." *Id.* Rejecting this allegation, the district court found that the same could be said about any HMO or capitated health insurance

4

system, all of which create an inherent tension between patient care and the cost of care. *Id.* "This hardly raises a plausible inference of deliberate indifference to serious medical needs." *Id.* The district court noted that the Sixth Circuit had "already rejected this sort of vague municipal 'policy' as a basis for liability under section 1983." *Hamer*, at *12. Indeed, in *Graham v. County of Washtenaw*, 358 F.3d 377, 384 (6th Cir. 2004), the Sixth Circuit ruled that it is "not unconstitutional for municipalities to hire independent medical professionals to provide on-site health care to prisoners in their jails."

Plaintiff cites *Swift v. Edelman*, 2017 U.S. Dist. LEXIS 182524 (W.D. Mich., Nov. 3, 2017) for the proposition that not reversing his colostomy "to avoid paying for the reversal surgery…would constitute deliberate indifference to a serious medical need in violation of the Eighth Amendment." (**ECF No. 12, PageID.199**). Nevertheless, in *Swift*, the plaintiff was a prisoner proceeding *in forma pauperis*. *Swift* at *1. The court ruled that it "must read Plaintiff's *pro se* complaint indulgently, and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible." *Id.* (internal citation omitted). Here, Plaintiff is represented by counsel, and pleadings alleging constitutional violations should not be viewed with such indulgence. Significantly, the district court ultimately dismissed Plaintiff Swift's claims because he failed demonstrate that he suffered a violation of his federal rights because of a Corizon policy, practice, or custom. *See Swift v.*

*Edelman*, 2018 U.S. Dist. LEXIS 207870, *8 (W.D. Mich., Nov. 8, 2018), *adopted by, summary judgment granted by Swift v. Edelman*, 2018 U.S. Dist. LEXIS 206805 (W.D. Mich., Dec. 7, 2018).

Even if Plaintiff sufficiently plead an unconstitutional policy, such a policy must be the basis of "a clear and persistent pattern of illegal activity." *Thomas*, 398 F.3d at 433 (citing *Doe v. Claiborne County*, 103 F.3d 495, 508 (6th Cir. 1996)). Plaintiff has not alleged, much less shown, such a pattern of unconstitutional conduct. "[A]ttempting to infer a municipal-wide policy based solely on one instance of potential misconduct…would result in the collapsing of the municipal liability standard into a simple *respondeat superior* standard." *Id.* at 432-433. This has been clearly forbidden by the Supreme Court. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978).

Furthermore, Plaintiff has not alleged how any allegedly unconstitutional policy of Corizon was the "moving force" behind his injury. In *Maxwell*, *supra*, the Plaintiff's complaint alleged a list of "policies, practices, and customs" of CMS and PHS (notably, the corporate predecessors of Corizon) and then alleged that those "policies, practices, and customs resulted in Plaintiff suffering almost constant pain for the entire time of the most recent incarceration." *Maxwell*, 538 Fed. Appx. at 692. The Sixth Circuit held that those allegations were insufficient to allege a *Monell* claim, which requires that the Plaintiff allege that a custom, policy, or practice was

the "moving force" behind a violation of the Plaintiff's constitutional rights as required for a municipal liability claim. *Id.* at 691-692. Similarly, Plaintiff in this case merely alleges that "Corizon's decision [not to reverse Plaintiff's colostomy] caused the Plaintiff needless pain, suffering, humiliation, and loss of personal dignity." (**ECF No. 12, PageID.201**). The Sixth Circuit has ruled that such conclusory allegations do not "state a claim to relief that is plausible on its face." *Maxwell*, at 692 (quoting *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012)). The court "need not accept as true legal conclusions or unwarranted factual inferences, and conclusory allegations or legal conclusions masquerading as factual allegations will not suffice." *Id.* (quoting *In re Travel Agent Comm'n*, 583 F.3d 896, 903 (6th Cir. 2009)).

Finally, Plaintiff has not alleged facts to support a plausible claim that Corizon's policies, practices, or customs amount to deliberate indifference. An Eighth Amendment deliberate indifference claim requires knowledge of and disregard of an excessive risk to inmate health or safety. *Farmer v. Brennen*, 511 U.S. 825, 837 (1994). "Deliberate indifference is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." *Connick v. Thompson*, 563 U.S. 51, 61 (2011) (internal quotation omitted). *See also Amick v. Ohio Dep't of Rehab. & Corr.*, 521 F. App'x 354, 358 (6th Cir. 2013) ("To satisfy the subjective component [of a deliberate indifference

claim], a plaintiff must ***allege*** and ultimately prove that the defendant was aware of facts from which the inference could be drawn that a substantial risk of harm would exist if needed care were not provided, that the defendant actually drew the inference, and that the defendant acted in disregard of that risk.") (emphasis added).

In sum, Plaintiff has failed to adequately allege the required elements of a deliberate indifference claim based on policies, practices, or customs of Corizon.

### 2. *Custom of Acquiescence or Inaction*

To plead that there is a custom of acquiescence or inaction, Plaintiff must allege:

> (1) "a clear and persistent" pattern of unconstitutional conduct by [] employees;
>
> (2) the [government contractor's] "notice or constructive notice" of the unconstitutional conduct;
>
> (3) the [government contractor's] "tacit approval of the unconstitutional conduct, such that [its] deliberate indifference in [its] failure to act can be said to amount to an official policy of inaction"; and
>
> (4) that the policy of inaction was the "moving force" of the constitutional deprivation, such that the plaintiff's constitutional injury was directly caused by the conduct of the [government contractor's] rather than simply by the conduct of the [] employee.

*D'Ambrosio v. Marino*, 747 F.3d 378, 387-88 (6th Cir. 2014) (quoting *Doe v. Claiborne Cty.*, 103 F.3d 496, 508 (6th Cir. 1996)) (some alterations in original).

Plaintiff does not allege facts that would satisfy these elements.

As detailed above, Plaintiff does not plead a clear and consistent pattern of unconstitutional conduct. As to the second and third elements, Plaintiff has likewise failed to plead that Corizon had any knowledge of allegedly inadequate medical treatment or that it tacitly approved of such conduct. There is nothing in the Complaint that would permit a reasonable inference that Corizon knew of any constitutional violations and then tacitly approved of them by failing to act. Finally, Plaintiff provides no facts that indicate a policy or custom of inaction was the moving force behind the alleged violation of his rights. Plaintiff only states that Corizon "caused the Plaintiff needless pain, suffering, humiliation, and loss of personal dignity." (**ECF No. 12, PageID.201**). This allegation is conclusory. Plaintiff fails to state a claim that Corizon had a custom of acquiescence or inaction.

In sum, under *Twombly* and *Iqbal* it is no longer enough for a Plaintiff to promise that he will be able to come up with the facts to support a claim following discovery. *See New Albany Tractor, Inc. v. Louisville Tractor, Inc.*, 650 F.3d 1046, 1051 (6th Cir. 2011); *Winget v. JP Morgan Chase Bank, N.A.*, 537 F.3d 565, 573 (6th Cir. 2008). Federal Rule of Civil Procedure 8 does not allow a Plaintiff who has nothing but legal conclusions to file a complaint devoid of facts and then conduct discovery to locate support. *See Iqbal*, 556 U.S. at 678-679.

**B. Michigan Department of Corrections Policy Governs Corrective and Reconstructive Surgery.**

In his Complaint, Plaintiff refers to a *Letter from Office of the Legislative Corrections Ombudsman, November 7th, 2017* attached to the Complaint as Exhibit F. (**ECF No. 12, PageID.193, ¶ 51; ECF No. 12-7**). Fed. R. Civ. P. 10(c) considers "[a] copy of any written instrument which is an exhibit to a pleading…a part thereof for all purposes." *See Weiner v. Klaise & Co.*, 108 F.3d 86, 88 (6th Cir. 1997). Plaintiff's Exhibit F (**ECF No. 12-7)** refers to MDOC Policy Directive 03.04.100. A defendant may introduce a document incorporated by reference in a complaint if it is not attached by plaintiff. *Id.* at 89.

MDOC Policy Directive 03.04.100 states, in relevant part:

> AA.  Corrective surgery is a surgical procedure to alter or adjust body parts or the body structure. Reconstructive surgery is a surgical procedure to reform body structure or correct defects. For purposes of this policy, corrective and reconstructive surgery does not include procedures which can be done under local anesthesia.
>
> BB.  Corrective and reconstructive surgery shall be authorized for a prisoner only if determined medically necessary and only if approved by the CMO. It shall not be approved if the sole purpose is to improve appearance.

(**Exhibit B**)

The "CMO" referenced in subsection BB is the Chief Medical Officer of the Michigan Department of Corrections. Under the supervision of the Bureau of Health Care Services Administrator, the Chief Medical Officer is an employee of the State

of Michigan, *not* Corizon.[1] Thus, the MDOC, through the CMO, has ultimate authority to authorize corrective or reconstructive surgery, *not* Corizon or its employees.

Furthermore, Plaintiff has failed to allege that the MDOC policy is unconstitutional on its face or that the surgery he wanted was medically necessary. He complains of discomfort, incontinence, and embarrassment when he allegedly did not have adequate colostomy bags and patches but does not allege or explain how reversal of his colostomy was a serious medical need. The Sixth Circuit has emphasized that "where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims that sound in state tort law." *Graham ex rel. Estate of Graham v. Cty. of Washtenaw*, 358 F.3d 377, 385 (6th Cir. 2004) (quoting *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976)).

In sum, it is MDOC's policy, not Corizon's, that governs when an inmate will receive the corrective or reconstructive surgery that Plaintiff sought. For all of the above reasons, Plaintiff has failed to state a claim against Defendant Corizon Health, Inc. and Keith Papendick, M.D.

## III.   CONCLUSION AND RELIEF REQUESTED

---

[1] https://www.michigan.gov/corrections/0,4551,7-119-68886_68901---,00.html

11

WHEREFORE, Defendants CORIZON HEALTH, INC. and KEITH PAPENDICK, M.D. respectfully request that this Honorable Court grant its motion to dismiss Plaintiff's Amended Complaint in its entirety and provide any and all such relief as is deemed just and equitable.

Respectfully submitted,
CHAPMAN LAW GROUP

Dated: January 14, 2020

/s/Ronald W. Chapman Sr.
Ronald W. Chapman Sr., M.P.A.,
LL.M. (P37603)
Attorney for Corizon Health, Inc., and Keith Papendick, M.D.
1441 West Long Lake Rd., Suite 310
Troy, MI 48098
(248) 644-6326
rchapman@chapmanlawgroup.com

## PROOF OF SERVICE

I hereby certify that on January 14, 2020, I presented the foregoing paper to the Clerk of the Court for filing and uploading to the ECF system, which will send notification of such filing to the attorneys of record listed herein and I hereby certify that I have mailed by US Postal Service the document to the involved non-participants.

/s/Ronald W. Chapman, Sr.
Ronald W. Chapman, Sr., M.P.A., LL.M.
1441 West Long Lake Rd., Suite 310
Troy, MI 48098
(248) 644-6326
rchapman@chapmanlawgroup.com