**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN**

Kohchise Jackson,

   Plaintiff,

v.

Corizon Health, Inc., et al.

   Defendants.

Case No: 2:19-cv-13382
District Judge: Terrence G. Berg
Magistrate Judge: Patricia T. Morris

---

| | |
|---|---|
| MARGOLIS, GALLAGHER & CROSS<br>Lawrence H. Margolis (P69635)<br>Ian T. Cross (P83367)<br>Attorney for Plaintiff<br>214 S. Main St., Suite 200<br>Ann Arbor, MI 48104<br>(734) 994-9590<br>larry@lawinannarbor.com<br>ian@lawinannarbor.com | CHAPMAN LAW GROUP<br>Ronald W. Chapman Sr., M.P.A.,<br>LL.M. (P37603)<br>Attorney for Defendant Corizon Health, Inc.<br>and Keith Papendick, M.D.<br>1441 West Long Lake Rd., Suite 310<br>Troy, MI 48098<br>(248) 644-6326<br>rchapman@chapmanlawgroup.com |
| CORBET, SHAW, ESSAD, & BONASSO, PLLC<br>Daniel R. Corbet (P37306)<br>Kenneth A. Willis (P55045)<br>Attorneys for Prime Healthcare Services,<br>Colleen M. Spencer, and David A. Krause<br>30500 Van Dyke Ave., Suite 500<br>Warren, MI 48093<br>(313) 964-6300<br>daniel.corbet@cseb-law.com<br>kenneth.willis@cseb-law.com | |

---

**DEFENDANTS KEITH PAPENDICK, M.D AND CORIZON HEALTH
INC'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO THE
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
(DKT. NO. 27)**

NOW COME Defendants CORIZON HEALTH INC. and KEITH PAPENDICK, M.D., by and through their counsel CHAPMAN LAW GROUP, for their Response to Plaintiff's Objections to the Magistrate's Report and Recommendation pursuant to Federal Rule of Civil Procedure 12 and Local Civil Rule 7.1 states as follows:

**Response to Plaintiff's Objection #1**

The Magistrate Judge properly relied on *Wesley v. McCarthy ("Wesley II")*[1], which considered that the absence of any facts of economic motivation may not sustain a claim for deliberate indifference. *Wesley v. McCarthy*, 2017 WL 3701826 (M.D. Penn. Aug. 28, 2017) ("Wesley's contention that the decision not to approve the surgery was economically motivated was rejected as wholly unsupported by the record.") Plaintiff mischaracterizes the holding in *Wesley I* to mean plaintiff in Wesley was defeated merely because he could not put forth "admissible" evidence. Rather, the plaintiff in Wesley I was defeated because he failed to bring forth *any evidence* of a "cost saving" motive. *Id.* A motion to dismiss was not filed in *Wesley I*, but that did not prevent *Wesley I* from denying the plaintiff's preliminary

---

[1] *Wesley II* was ultimately decided on res judicata. Res judicata does not cause the underlying substantive law of the preceding action to become obsolete. Rather all the substantive law of the first is adopted and considered because the second preceding is "based on the same cause of action as the original". Thus any reliance the Magistrate placed on *Wesley II* in considering the law in *Wesley I* is not unfounded.

injunction and holding, *before discovery*, that "Wesley had not sufficiently shown that he will prevail on the merits" *Wesley v. Wetzel*, 2013 U.S. Dist. LEXIS 199057 *4-*5.

Even if the Court can distinguish *Wesley II* from the instant case, Plaintiff cannot circumvent well founded law that an action for deliberate indifference cannot be maintained based solely on conclusory allegations of "costs saving." Plaintiff's attempt to dive into the "pure question of law" is unripe, as they have failed to achieve the fundamental need for factual allegations which "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Bell Atlantic Corp. v. Twombly* 550 U.S. 544, 555 (2007). Plaintiff cites *Swift v. Edelman*, 2017 U.S. Dist. LEXIS 182524 (W.D. Mich., Nov. 3, 2017) for the proposition that not reversing his colostomy "to avoid paying for the reversal surgery…would constitute deliberate indifference to a serious medical need in violation of the Eighth Amendment." (**ECF No. 27, PageID.551**). Nevertheless, in *Swift*, the plaintiff was a prisoner proceeding *in forma pauperis*. *Swift* at *1. The Court ruled that it "must read Plaintiff's *pro se* complaint indulgently, and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible." *Id.* (internal citation omitted). Here, Plaintiff is represented by counsel, and pleadings alleging constitutional violations should not be viewed with such indulgence. Significantly, the District Court ultimately dismissed Plaintiff Swift's

claims because he failed demonstrate that he suffered a violation of his federal rights because of a Corizon policy, practice, or custom.

The proper presiding law is that Plaintiff cannot maintain an action for deliberate indifference based solely on conclusory allegations of "costs saving":

> [T]he naked assertion that Defendants considered cost in treating Winslow's hernia does not suffice to state a claim for deliberate indifference, as prisoners do not have a constitutional right to limitless medical care, free of the cost constraints under which law-abiding citizens receive treatment. *See Reynolds v. Wagner,* 128 F.3d 166, 175 (3d Cir.1997) ("[T]he deliberate indifference standard of *Estelle* does not guarantee prisoners the right to be entirely free from the cost considerations that figure in the medical-care decisions made by most non-prisoners in our society."); *Johnson v. Doughty,* 433 F.3d 1001, 1013 (7th Cir.2006) ("The cost of treatment alternatives is a factor in determining what constitutes adequate, minimum-level medical care, but medical personnel cannot simply resort to an easier course of treatment that they know is ineffective." (citations omitted)); *Caines v. Hendricks,* No. 05–1701, 2007 WL 496876, at *8 (D.N.J. Feb. 9, 2007) ("[I]t is not a constitutional violation for prison authorities to consider the cost implications of various procedures, which inevitably may result in various tests or procedures being deferred unless absolutely necessary.

*Winslow v. Prison Health services, 406 Fed. Appx. 671 (3d Cir. 2011).* Plaintiff provided no sufficient factual allegations of a persistent and widespread practice of denying colostomy reversals based on cost. Rather, Plaintiff was readily supplied with supplies to care for his colostomy and received on-going treatment. Therefore, this Court should overrule Plaintiff's First Objection.

4

### Response to Plaintiff's Objection #2

Contrary to Plaintiff's argument Courts *will* "disavow any attempt to second guess the propriety or adequacy of a particular course of treatment" as doing so will impermissibly "constitutionalize claims that sound in state tort law." *Ayala v. Terhune*, 195 F. App'x 87 (3d Cir. 2006); *Graham ex rel. Estate of Graham v. Cty. of Washtenaw*, 358 F.3d 377, 385 (6th Cir. 2004) (quoting *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976)).

Critically, Plaintiff cites five (5) distinguishable cases that are far from "nearly identical" to the instant case. *Ramos Rodriguez v. Las Vegas Metro. Police Dep't.*, involved another *in forma pauperis* action in which the pro se defendant's pleading was read "indulgently", as mentioned above, Plaintiff is represented by counsel, and pleadings alleging constitutional violations should not be viewed with such indulgence. Plaintiff next cites, *Wilson v. Arpaio*, in which the medical staff explicitly refused to give plaintiff supplies for his colostomy, despite plaintiff's complaints of pain and itch. *Wilson v. Arpaio,* 2015 U.S. Dist. LEXIS 84843 (D. Ariz., June 30, 2015) *Arnold v. Doe* is similarly off-point, as the defendants also refused to provide plaintiff with the necessary medical supplies to keep the colostomy bag working properly which caused other medical conditions. *Arnold v. Doe*, 2012 U.S. Dist. LEXIS 101925 (D. Conn. 2012). And in *Swift v. Eldeman*, the plaintiff's complaints were medical ailments rather than self-esteem. *Swift v.*

*Eldeman* 2017 U.S. Dist. LEXIS 182524 (W.D. Mich., Nov. 3, 2017). Here, Defendants regularly provided Mr. Jackson with colostomy supplies and Mr. Jackson's complaints were not of pain or injury but embarrassment. In *Gomez v. Walker*, the Court considered the defendant doctor's statement that Gomez's colostomy would not be surgically reversed while he was in IDOC custody no matter how bad his problems became. *Gomez v. Walker*, 2009 U.S. Dist. LEXIS 677 *8 (S.D. Ill. 2009). This was not the case in Jackson, rather the facts show that he was medically evaluated and determined to not be in need of a surgery. Lastly the defendant in *Baker v. Blanchette*, failed to provide any medical judgment at all. *Baker v. Blanchette*, 186 F. Supp. 2d. 100, 105 (D. Conn. 2001). Considering how inapplicable Plaintiff's cases are to the instant matter, it would be unreasonable for Plaintiff to expect an "explanation" from the Magistrate Judge on why *Swarbrick v. Frantz*, 2012 WL 833882 (D. Colo. Feb. 21, 2012) was more persuasive. The evidence in *Swarbrick* specifically highlights the inherent non-emergency nature of a colostomy reversal:

> There is a minimal amount of time that must pass before reversal can be considered, but there is no maximum amount of time. I even reviewed a number of ostomy blogs looking for evidence to support the offender's claim that it is medically necessary to reverse his colostomy. The blogs all made it very clear that it is individual choice to pursue reversal, and that reversal can occur years after placement. In addition, not only did the blogs contain patient stories of successful reversal, they also contained many stories of unsuccessful reversals.

*Id*. at \*5; see also, *Ross v. Carpenter,* 2016 U.S. Dist. LEXIS 74575 (D.S.D. Jan. 26, 2016) ("based on defendant's medical records, there was no indication that a colostomy takedown was necessary and there is no timeframe within which a colostomy must be reversed"). The lack of a serious medical harm here is further evidenced by the fact that Mr. Jackson was able to receive the colostomy reversal after incarceration <u>without any complications</u>, on May 31, 2019 "[I]f a procedure is not medically necessary, then there is no necessity for a doctor's attention" *Roe v. Crawford*, 514 F.3d 789, 799 (8th Cir.)." Thus, Plaintiff's contentions clearly do not lie in the scientifically grounded classification of a colostomy reversal as "elective" but rather the well-founded law that medical decisions should not be construed to constitutional claims. In accordance with the Magistrate's Report and Recommendation and contrary to Plaintiff's belief, this law is not only articulated in *Westlake v. Lucas*, but throughout the 6th Circuit and the Supreme Court. *Mitchell v. Hininger*, 553 F. App'x 602, 605 (6th Cir. 2014) ("[A] desire for additional or different treatment does not suffice by itself to support an Eighth Amendment claim.") *Estelle v. Gamble*, 429 U.S. 97, 107 (1976) ("the question whether … additional diagnostic techniques or forms of treatment is indicated is a classic example of a matter for medical judgment."); *Comstock v. McCrary*, 273 F.3d 693 (6th Cir. 2001) (When a prison doctor provides treatment, albeit carelessly or inefficaciously, to a prisoner, he has not displayed a deliberate indifference to the

7

prisoner's needs, but merely a degree of incompetence which does not rise to the level of a constitutional violation.) *Santiago v. Ringle*, 734 F.3d 585, 593 (6th Cir. 2013) (plaintiffs' claims failed the subjective prong because a defendant's failure to alleviate a significant risk that he should have perceived but did not, cannot support an Eighth Amendment claim); and see also, *Ayala v. Terhune*, 195 F. App'x 87 (3d Cir. 2006) (Although Ayala argues that the Medical defendants should have approved the colostomy reversal surgery suggested by Dr. Salloum in 1995, and should have referred him to a specialist who could perform the surgery, these allegations are simply not enough, in and of themselves, to state a claim under the Eighth Amendment.). As such, the Magistrate correctly found Plaintiff's claims of deliberate indifference were insufficient, thus, plaintiff's second objection must fail.

**Response to Plaintiff's Objection #3:**

Plaintiff's objection seeks to tread into the very risks caselaw has vehemently tried to prevent. By attempting to "infer a municipal-wide policy based solely on one instance of potential misconduct" Plaintiff's analysis "would result in the collapsing of the municipal liability standard into a simple *respondeat superior* standard." *Thomas v. City of Chattanooga,* 398 F.3d 426, 432-433 (6th Cir. 2005). This has been clearly forbidden by the Supreme Court. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). There is nothing in the Complaint that would permit a

reasonable inference that Corizon knew of any constitutional violations and then tacitly approved of them by failing to act. Finally, Plaintiff provides no facts that indicate a policy or custom of inaction was the moving force behind the alleged violation of his rights. Plaintiff fails to state a claim that Corizon had a custom of acquiescence or inaction.

Regardless of whether the Magistrate chose to consider a policymaker argument, the outcome would be the same. Plaintiff has squandered his chance to assert any facts to establish a policy and that the Chief Operating Officer is not in fact the final decision maker. Additionally, Plaintiff fails to allege a scenario in which the decision-making authority was delegated to a "subordinate official". Again, the facts alleged do nothing more than support that MDOC, through its Chief Medical Officer, has ultimate authority to authorize corrective surgeries. Dismissal in favor of Defendants Corizon Health, Inc. and Keith Papendick, M.D. is appropriate. These objections should be overruled.

                                           Respectfully submitted,
                                           CHAPMAN LAW GROUP

Dated: April 17, 2020                 /s/Ronald W. Chapman Sr.
                                           Ronald W. Chapman Sr., M.P.A., LL.M. (P37603)
                                           Attorney for Corizon Health, Inc. and Keith Papendick, M.D.
                                           1441 West Long Lake Rd., Suite 310
                                           Troy, MI 48098
                                           (248) 644-6326
                                           rchapman@chapmanlawgroup.com

## **PROOF OF SERVICE**

I hereby certify that on April 17, 2020 , I presented the foregoing paper to the Clerk of the Court for filing and uploading to the ECF system, which will send notification of such filing to the attorneys of record listed herein and I hereby certify that I have mailed by US Postal Service the document to the involved non participants.

/s/Ronald W. Chapman Sr.
Ronald W. Chapman Sr., M.P.A, LL.M. (P37603)
1441 W. Long Lake Rd., Suite 310
Troy, MI 48098
(248) 644-6326
rchapman@chapmanlawgroup.com