UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **KOHCHISE JACKSON**, <br><br> Plaintiff, <br><br> vs. <br><br> **CORIZON HEALTH INC., PRIME HEALTHCARE SERVICES-PORT HURON, LLC, COLLEEN MARIE SPENCER, DAVID A KRAUS, KEITH PAPENDICK**, <br><br> Defendants. | **2:19-CV-13382-TGB** <br><br><br> **ORDER ADOPTING REPORT AND RECOMMENDATION IN PART** |

Before the Court are Plaintiff's objections to Magistrate Judge Patricia T. Morris' March 30, 2020 Report and Recommendation (ECF No. 26) recommending that Defendants' motions to dismiss be granted. ECF No. 26. For the reasons that follow, the objections will be sustained in part and the Report and Recommendation will be adopted in part.

### I. Background

On November 15, 2019, Plaintiff Kohchise Jackson initiated this action by filing the Complaint, which was subsequently amended on January 3, 2020. ECF No. 12. The allegations in the Amended Complaint arise from Defendants' treatment of Plaintiff's 2016 colovesical fistula, and Plaintiff's contention that Defendants initially

misdiagnosed his condition, and then refused, for cost-saving reasons, his requests to have surgery to have his colostomy reversed. *Id.* The refusal left Plaintiff on a colostomy bag for his entire two-year stay in the Michigan prison system, and Plaintiff alleges that it caused him to unnecessarily suffer pain, incontinence, ostracization, and humiliation. *Id.* Plaintiff also alleges that Defendants failed to provide him with an adequate number of appropriately-sized colostomy bags and patches while he was in their custody. *Id.* Plaintiff brings claims for (1) deprivation of his substantive due process rights under the Fourteenth Amendment against Defendants Spencer, Kraus, and Prime Healthcare; and (2) deprivation of his Eighth Amendment rights against deliberate indifference to serious medical needs against Defendants Corizon and Papendick. *Id.*

Motions to dismiss were filed by Defendants Corizon Health and Keith Papendick on January 14, 2020 (ECF No. 17) and David Kraus on February 7, 2020 (ECF No. 22). On April 3, 2020, Magistrate Judge Patricia T. Morris issued a Report and Recommendation recommending that Defendants' motions to dismiss be granted. ECF No. 26. Judge Morris found that Plaintiff's claim against Defendant Kraus, based on an initial misdiagnosis, was inactionable, and that Plaintiff's claim against Corizon and Papendick failed to state a claim because the need for a colostomy reversal did not constitute a "serious medical need" for purposes of the objective component of an Eighth Amendment deliberate

indifference claim. *Id.* at PageID.546. On April 3, 2020, Plaintiff filed objections (ECF No. 27), to which Defendants responded (ECF No. 28).

## II. Legal Standard

The standard of review for a magistrate judge's report and recommendation depends upon whether a party files objections. If a party objects to portions of the report and recommendation, the court reviews those portions de novo. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). De novo review in these circumstances requires at least a review of the evidence before the magistrate judge; the court may not act solely on the basis of a magistrate judge's report and recommendation. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations" of the magistrate judge. Fed. R. Civ. P. 72(b)(3).

## III. Discussion

### a. First Objection

Plaintiff's first objection is to the Magistrate Judge's reliance on *Wesley v. McCarthy* (*Wesley II*), WL 3701826 (M.D. Penn. Aug. 28, 2017), for the proposition that denying a prisoner a colostomy reversal, solely to avoid the cost of the surgery, does not violate the Eighth Amendment. ECF No. 27 at PageID.550.

As a threshold matter, the Court notes that the holding in *Wesley II* is not binding on this Court. Regardless, the Court finds that this objection is well-founded and that *Wesley II* can be distinguished from the case at hand. The Report and Recommendation cites the Pennsylvania district court's August 28, 2017 decision that denied plaintiff's claim for relief on *res judicata* grounds. 2017 WL 3701826 at *3. In the earlier decision referenced in the *Wesley II* order that served as the basis for the *res judicata* finding, the same court found that the defendants were entitled to summary judgment because the plaintiff had received adequate medical care and was denied a colostomy reversal at least in part because of a physician's opinion that a colostomy reversal surgery was not advisable for that plaintiff because it presented a serious risk of complications and may not have been successful if performed. *Wesley v. Wetzel* (*Wesley I*), 2016 WL 3958894, at *4 (M.D. Pa. July 22, 2016). Notably, the *Wesley I* court also found that the plaintiff had "fail[ed] to come forth with any credible evidence that would indicate that Defendants intentionally withheld medical treatment, i.e. denied him surgery for economic reasons . . . ." *Id.* at *5. As such, since the holding in *Wesley I* was based on an absence of evidence—not a finding as a matter of law—neither *Wesley* case stands for the bare proposition that refusing to perform colostomy reversal surgery solely for economic reasons could not support a claim of deliberate indifference under the Eighth Amendment.

### b. Second Objection

Plaintiff's second objection, which is closely related to the first, is to the Magistrate Judge's finding that a failure to authorize a colostomy reversal—even if motivated by financial rather than medical concerns—cannot constitute a deliberate indifference claim under the Eighth Amendment. ECF No. 27 at PageID.553.

There is a split of authority among courts that have considered this issue. At least one court has found that being forced to use a colostomy bag despite the viability of a reversal procedure is not a sufficiently serious medical condition to meet the objective prong of the Supreme Court's deliberate indifference test. *See Swarbrick v. Frantz*, 2012 WL 833882 (D. Colo. Feb. 21, 2012) (dismissing deliberate indifference claim based on finding that colostomy reversal surgery is "not medically necessary" and thus not sufficiently serious to satisfy the objective prong of the deliberate indifference test). Other courts have also dismissed such claims, but only after discovery has demonstrated that the decision to deny the colostomy reversal surgery was based on a medical professional's judgment of the *medical* risks and benefits associated with the surgery—not mere economic considerations. *See Ayala v. Terhune*, 195 F. App'x 87, 91 (3d Cir. 2006); *Wesley II*, 2016 WL 3958894, at *5.

A comparable number of courts, however, including one in this circuit, have come out the other way. In *Swift v. Edelman*, the court found on similar facts that the plaintiff had stated a claim under a

5

12(b)(6) standard against Defendant Corizon. 2017 WL 5022322, at *1 (W.D. Mich. Nov. 3, 2017). In that case, like this one, the plaintiff alleged that Defendant Corizon refused to authorize a colostomy reversal based solely on cost concerns. *Id.* at *2. *See also Ramos-Rodriguez v. Las Vegas Metro. Police Dep't*, 2017 WL 2598891, at *3 (D. Nev. June 15, 2017) (plaintiff states Eighth Amendment claim for failure to provide colostomy reversal procedure); *Wilson v. Arpaio*, 2015 WL 3960879, at *7 (D. Ariz. June 30, 2015) (same); *Baker v. Blanchette*, 186 F. Supp. 2d 100, 103 (D. Conn. 2001) (same).

Eighth Amendment jurisprudence clearly establishes that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain'" that is violative of the Constitution. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)). Under applicable Sixth Circuit precedent, a plaintiff must meet two requirements to succeed on a deliberate indifference claim. *Darrah v. Krisher*, 865 F.3d 361, 367-68 (6th Cir. 2017). The first requirement, the objective factor, requires that the deprivation alleged be of a sufficiently serious need. *Id.* The second is the subjective requirement, under which "the plaintiff must allege facts which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk." *Id.* (quoting *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001)).

Here, Plaintiff alleges that the use of a colostomy bag caused him pain, suffering, humiliation and the loss of personal dignity. Am. Cmpl. ¶ 86, ECF No. 12, PageID.201. As other courts have noted, a colostomy "prevent[s] [an individual] from eliminating waste in a normal manner; (2) . . . require[s] him to wear a bag that constantly emit[s] a foul odor; and (3) . . . require[s] significant maintenance by the plaintiff and medical personnel. Though these consequences do not inevitably entail pain, they adequately meet the test of 'suffering' that *Gamble* recognized is inconsistent with 'contemporary standards of decency." *Baker*, 186 F. Supp. 2d at 103 (internal quotation omitted). Plaintiff also alleges that the colostomy and Defendants' failure to provide him with adequate supplies caused "watery excrement and digestive juices [to] leak out of the stoma and onto his body, bedding, and clothes. Because a stoma does not contain a sphincter, Mr. Jackson had no ability to control the timing of his bowel movements in order to avoid defecating on himself." Am. Cmpl. ¶ 60. The Court finds that Plaintiff's allegations are sufficient to satisfy the objective element of the Eighth Amendment inquiry at the motion to dismiss stage.

With regard to the subjective element, Plaintiff contends that Defendants were subjectively aware of Plaintiff's pain and suffering because they knew he had undergone a Hartmann procedure, that he was using a colostomy bag, and that he had not had a colostomy reversal. Am. Cmpl. ¶ 81, ECF No. 12, PageID.200. Moreover, with the exception of

Defendant Kraus, Plaintiff alleges that the other Defendants denied him a colostomy reversal not based on the medical opinion of a medical professional on the appropriate course of treatment, but because of a policy or practice of delaying or denying all non-emergent or life threatening treatments in order to save money. Am. Cmpl. ¶¶ 71, 80-83. As such, the factual allegations in the Amended Complaint—which must be taken to be true at this stage—plausibly allege that Defendants refused to provide treatment of a serious medical need for nonmedical reasons in violation of the Eighth Amendment. *See Darrah*, 865 F.3d at 372 ("[w]hen prison officials are aware of a prisoner's obvious and serious need for medical treatment and delay medical treatment of that condition for non-medical reasons, their conduct in causing the delay creates [a] constitutional infirmity") (quoting *Blackmore v. Kalamazoo Cty.*, 390 F.3d 890, 899 (6th Cir. 2004)).

### c. Third Objection

Plaintiff's third objection is that the Magistrate Judge erred in her finding that Plaintiff failed to state a claim against Corizon and Papendick under a *Monell* theory. ECF No. 27 at PageID.561.

A government contractor, such as Corizon, can be held liable for the constitutional violations of their employees under a *Monell* theory. *Johnson v. Karnes*, 398 F.3d 868, 877 (6th Cir. 2005). However, like a municipality, a government contractor cannot be held liable on a *respondeat superior* theory, "but may be held liable for a policy or custom

8

of that private contractor, rather than a policy or custom of the municipality." *Id.* at 877. A plaintiff must also plausibly allege that the policy is the "'moving force' behind the violation of the plaintiff's constitutional rights." *Maxwell v. Corr. Med. Servs., Inc.*, 538 F. App'x 682, 691 (6th Cir. 2013) (quoting *Heyerman v. Cty. of Calhoun*, 680 F.3d 642, 648 (6th Cir. 2012)).

Here, Plaintiff alleges that Corizon—acting through the final decision-making authority of Papendick—has an unconstitutional policy of not approving surgeries with "serious medical need" by way of an impermissibly restrictive internal definition of "medical necessity" in order to save money. Am. Cmpl. ¶¶ 37-48. Plaintiff alleges that Corizon has applied the same unconstitutional definition to other inmates needing colostomy reversals, such as the plaintiff in *Swift*, who has repeatedly been denied the same surgery. *Id.* at ¶ 79. Taking the allegations in the Amended Complaint as true, Plaintiff has adequately and plausibly alleged that Corizon's policy—as expressed by its sole decisionmaker's restrictive definition of "medical necessity"—was the moving force behind Corizon's unconstitutional denial of Plaintiff's request for a colostomy reversal (as well as those of other inmates like Mr. Swift). Accordingly, Plaintiff has plausibly alleged a claim under a *Monell* theory of liability that is sufficient to proceed past the 12(b)(6) stage and into discovery.

### d. Fourth Objection

Plaintiff contends that the Magistrate Judge erred in declining to hold that *Kingsley v. Hendrickson*, 576 U.S. 389 (2015) alters the constitutional standard for Fourteenth Amendment due process claims by pretrial detainees outside of the excessive-force context. ECF No. 27 at PageID.566.

A circuit split has developed on whether *Kingsley* should properly be interpreted as doing away with the subjective inquiry of the Eighth Amendment deliberate indifference standard for Fourteenth Amendment due process cases, which traditionally have been evaluated under the Eighth Amendment standard. The Sixth Circuit has not yet taken a position on the issue. *Richmond v. Huq*, 885 F.3d 928, 937 n.3 (6th Cir. 2018). Nevertheless, as the Magistrate Judge noted, every federal court in Michigan to consider the issue has continued to apply both the subjective and objective requirements of the Eighth Amendment to due process cases involving pretrial detainees. ECF No. 26 at PageID.543.

This Court declines to extend *Kingsley* beyond the excessive force context. First, the text of the decision does not contain language clearly indicating that lower courts should apply the decision beyond the excessive force context. *See also Elhady v. Bradley*, No. 17-CV-12969, 2020 WL 619587, at *13 (E.D. Mich. Feb. 10, 2020) (Goldstein, J.) (noting same). Second, the Sixth Circuit itself has continued to apply the subjective inquiry of the Eighth Amendment deliberate indifference test

to due process claims post-*Kingsley* despite noting the ambiguity in *Huq* more than a year before. *See Cooper v. Montgomery Cty., Ohio Sheriff's Dep't*, 768 F. App'x 385, 392 (6th Cir. 2019) (applying subjective inquiry in due process case where "[t]he only issue in dispute is whether Defendants were deliberately indifferent"). Third, an extension of *Kingsley* into Fourteenth Amendment due process claims where inadequate medical care is alleged would likely push federal courts deep into a thicket of medical malpractice claims and afoul of *Estelle*'s admonition that "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Indeed, the Sixth Circuit noted in Huq that "no circuit [has] appl[ied] Kingsley specifically to a deliberate indifference to a detainee's serious medical needs claim." *Huq*, 885 F.3d at 937 n.3. Under these circumstances, this Court does not feel free to discard decades worth of post-*Estelle* case law absent clear guidance from the Sixth Circuit or the Supreme Court that it should do so.

Consequently, Plaintiff's fourth objection is overruled, and the claims against Dr. Kraus are dismissed for the reasons set forth in the Report and Recommendation. ECF No. 26 at PageID.543-44.

## IV. Conclusion

For the reasons set forth above, the Report and Recommendation (ECF No. 26) is **ADOPTED IN PART**. Plaintiff's first, second, and third objections are **SUSTAINED**. Plaintiff's fourth objection is **OVERRULED**. Defendant Kraus' Motion to Dismiss (ECF No. 22) is **GRANTED**. Plaintiff's claims against Dr. Kraus are **DISMISSED WITHOUT PREJUDICE**. The Motion to Dismiss filed by Defendants Corizon and Papendick (ECF No. 17) is **DENIED**.

It is further ordered that the Motion to Strike (ECF No. 30) is **DENIED** and the motions to dismiss filed in response to the original complaint (ECF Nos. 8, 10) are **DENIED AS MOOT**.

DATED: June 17th, 2020.

BY THE COURT:

/s/Terrence G. Berg
TERRENCE G. BERG
United States District Judge