## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

Kohchise Jackson,

      Plaintiff,

v.

Corizon Health, Inc., et al.

      Defendants.

Case No: 2:19-cv-13382
District Judge: Terrence G. Berg
Magistrate Judge: Patricia T. Morris

---

MARGOLIS, GALLAGHER & CROSS
Lawrence H. Margolis (P69635)
Ian T. Cross (P83367)
Attorney for Plaintiff
214 S. Main St., Suite 200
Ann Arbor, MI 48104
(734) 994-9590
larry@lawinannarbor.com
ian@lawinannarbor.com

CORBET, SHAW, ESSAD, & BONASSO, PLLC
Daniel R. Corbet (P37306)
Kenneth A. Willis (P55045)
Attorneys for Prime Healthcare Services,
Colleen M. Spencer, and David A. Krause
30500 Van Dyke Ave., Suite 500
Warren, MI 48093
(313) 964-6300
daniel.corbet@cseb-law.com
kenneth.willis@cseb-law.com

CHAPMAN LAW GROUP
Ronald W. Chapman Sr., M.P.A.,
LL.M. (P37603)
Devlin Scarber (P64532)
Attorneys for Defendants Corizon Health, Inc.
and Keith Papendick, M.D.
1441 West Long Lake Rd., Suite 310
Troy, MI 48098
(248) 644-6326
rchapman@chapmanlawgroup.com
dscarber@chapmanlawgroup.com

---

## DEFENDANTS CORIZON HEALTH, INC. AND KEITH PAPENDICK, M.D.'S ANSWER, JURY DEMAND AND AFFIRMATIVE DEFENSES

## PROOF OF SERVICE

NOW COME Defendants CORIZON HEALTH INC. and KEITH PAPENDICK, M.D., by and through their counsel CHAPMAN LAW GROUP, and for their Answer to Plaintiff's Amended Complaint states as follows:

## JURISDICTION AND VENUE

1. Defendants admit that the instant action brought is under 42 U.S.C. § 1983 for alleged deprivation of civil rights secured by the Eighth and Fourteenth Amendments. Defendants deny any allegations of deliberate indifference for the reason that they are untrue as stated.

2. No response is required because this paragraph states a legal conclusion. In the event that a response is required, Defendants do not dispute jurisdiction. Defendants do dispute that any relief based on a declaratory judgment is necessary, proper, or authorized in this matter pursuant to 28 U.S.C. § 2201.

3. No response is required because this paragraph states a legal conclusion. In the event that a response is required, Defendants do not dispute venue.

## THE PARTIES

4. Defendants admit only that Corizon Health, Inc. is a Delaware corporation doing business in Michigan pursuant to a contract to provide health care services to inmates of the Michigan Department of Corrections. As to the remaining allegations, Defendants neither admit nor deny and thus leave Plaintiff to his proofs.

5. This allegation does not apply to these Defendants. Defendants neither admit nor deny the allegations contained therein.

6. This allegation does not apply to these Defendants. Defendants neither admit nor deny the allegations contained therein.

7. This allegation does not apply to these Defendants. Defendants neither admit nor deny the allegations contained therein.

8. This allegation does not apply to these Defendants. Defendants neither admit nor deny the allegations contained therein.

9. Defendants admit only that Keith Papendick, M.D. is a licensed physician, and at all times relevant to this complaint, provided services on behalf of Corizon Health, Inc.

10. This allegation does not apply to these Defendants. Defendants neither admit nor deny the allegations contained therein.

11. Upon information and belief, Defendants admit the allegations contained therein.

## **COMMON ALLEGATIONS**

12. Defendants admit that the medical records indicate various medical conditions experienced by Plaintiff.  However, Defendants neither admit nor deny Plaintiff's allegations of exact time periods of when such conditions actually developed because they lack sufficient knowledge and/or information sufficient to form a belief as to the truth of these allegations, and thus leave Plaintiff to his proofs.

The medical records concerning these Defendants' involvement in Plaintiff's care speak for themselves, and therefore no response is required. In the event that a further response is required, Defendants further state that when Plaintiff was in the custody of the Michigan Department of Corrections (MDOC) and saw Plaintiff in March 2017, there was a medical history of Plaintiff having undergone a "2016 Colostomy & bowel bladder fistula repair."

13. Defendants neither admit nor deny because they lack sufficient knowledge and/or information sufficient to form a belief as to the truth of these allegations, and thus leave Plaintiff to his proofs, including as to Plaintiff's particular presentation and symptoms.

14. Defendants neither admit nor deny because they lack sufficient knowledge and/or information sufficient to form a belief as to the truth of these allegations, and thus leave Plaintiff to his proofs, including as to Plaintiff's particular presentation and symptoms.

15. Defendants neither admit nor deny because they lack sufficient knowledge and/or information sufficient to form a belief as to the truth of these allegations, and thus leave Plaintiff to his proofs, including as to Plaintiff's particular presentation and symptoms.

16. Defendants neither admit nor deny because they lack sufficient knowledge and/or information sufficient to form a belief as to the truth of these allegations, and thus

leave Plaintiff to his proofs, including as to Plaintiff's particular presentation and symptoms.

17. Defendants neither admit nor deny because they lack sufficient knowledge and/or information sufficient to form a belief as to the truth of these allegations, and thus leave Plaintiff to his proofs, including as to Plaintiff's particular presentation and symptoms.

18. Defendants neither admit nor deny because they lack sufficient knowledge and/or information sufficient to form a belief as to the truth of these allegations, and thus leave Plaintiff to his proofs, including as to Plaintiff's particular presentation and symptoms.

19. Defendants neither admit nor deny because they lack sufficient knowledge and/or information sufficient to form a belief as to the truth of these allegations, and thus leave Plaintiff to his proofs, including as to Plaintiff's particular presentation and symptoms.

20. Defendants neither admit nor deny because they lack sufficient knowledge and/or information sufficient to form a belief as to the truth of these allegations, and thus leave Plaintiff to his proofs, including as to Plaintiff's particular presentation and symptoms and what was necessary to treat it.

21. Defendants neither admit nor deny because they lack sufficient knowledge and/or information sufficient to form a belief as to the truth of these allegations, and thus

leave Plaintiff to his proofs, including Plaintiff's particular presentation and what was necessary to treat it.

22. Defendants neither admit nor deny because they lack sufficient knowledge and/or information sufficient to form a belief as to the truth of these allegations, and thus leave Plaintiff to his proofs, including as to Plaintiff's particular presentation and symptoms and what was necessary to treat it. The medical records speak for themselves therefore, no response is required. In the event that a further response is required, Defendant objects that Plaintiff has only provided "selected medical records" and not complete medical records.

23. Defendants neither admit nor deny because they lack sufficient knowledge and/or information sufficient to form a belief as to the truth of these allegations, and thus leave Plaintiff to his proofs, including as to Plaintiff's particular presentation and symptoms and what was necessary to treat it. The medical records speak for themselves therefore, no response is required. In the event that a further response is required, Defendant objects that Plaintiff has only provided "selected medical records" and not complete medical records.  Further, Defendants' medical records with these Defendants show that on both March 29, 2017 and April 7, 2017 it was documented that "no urgent medical issues were reported from the surgeon's office and the colostomy is functional," and that, as to colostomy

reversal, "No medical NECESSITY per outside documentation or from conversation with surgeon's office (Dr. Kanaskar)."

24. Defendants neither admit nor deny because they lack sufficient knowledge and/or information sufficient to form a belief as to the truth of these allegations, and thus leave Plaintiff to his proofs, including as to Plaintiff's particular presentation and symptoms and what was necessary to treat it. The medical records speak for themselves therefore, no response is required. In the event that a further response is required, Defendant objects that Plaintiff has only provided "selected medical records" and not complete medical records.  Further, Defendants' medical records with these Defendants show that on both March 29, 2017 and April 7, 2017 it was documented that "no urgent medical issues were reported from the surgeon's office and the colostomy is functional," and that, as to colostomy reversal, "No medical NECESSITY per outside documentation or from conversation with surgeon's office (Dr. Kanaskar)."

25. This allegation does not apply to these Defendants. Defendants neither admit nor deny the allegations contained therein.

26. This allegation does not apply to these Defendants. Defendants neither admit nor deny the allegations contained therein.

27. This allegation does not apply to these Defendants. Defendants neither admit nor deny the allegations contained therein.

28. Defendants deny the allegations contained therein and leave Plaintiff to his proofs. While Corizon Health, Inc. is contracted as a health services provider for inmates of the Michigan Department of Corrections, Defendant is not responsible for providing any and all healthcare sought by an inmate.

29. Defendants neither admit nor deny and thus leave Plaintiff to his proofs.

30. Defendants neither admit nor deny and thus leave Plaintiff to his proofs.

31. Defendants deny the allegations contained therein and leave Plaintiff to his proofs, as Plaintiff has only alleged an incomplete description of the "407 requests" process.

32. Defendants deny the allegations contained therein and leave Plaintiff to his proofs, as Plaintiff has only alleged an incomplete description of the "407 requests" process.

33. Defendants admit only that Keith Papendick, M.D. is a licensed physician.

34. Defendants deny the allegations contained therein and leave Plaintiff to his proofs, as Plaintiff has alleged an incomplete description or conclusion of Dr. Papendick's role and of the "407 requests" process.

35. Defendant deny the allegations contained therein and leave Plaintiff to his proofs, as Plaintiff has alleged an incomplete description or conclusion of Dr. Papendick's role and of the "407 requests" process.

36. Defendants deny the allegations contained therein and leave Plaintiff to his proofs, as Plaintiff has alleged an incomplete description or conclusion of Dr. Papendick's role and of the "407 requests" process.

37. Defendants deny the allegations contained therein and leave Plaintiff to his proofs.

38. Defendants deny the allegations contained therein and leave Plaintiff to his proofs, as Plaintiff has alleged an incomplete description or conclusion of Dr. Papendick's role and of the "407 requests" process.

39. Defendants deny the allegations contained therein and leave Plaintiff to his proofs, as Plaintiff has alleged an incomplete description or conclusion of Dr. Papendick's role and of the "407 requests" process.

40. Defendants deny the allegations contained therein and leave Plaintiff to his proofs, as Plaintiff has alleged an incomplete description or conclusion of Dr. Papendick's role, the bases of treatment decisions, and of the "407 requests" process.

41. Defendants deny the allegations contained therein and leaves Plaintiff to his proofs, as Plaintiff has alleged an incomplete description or conclusion of Dr. Papendick's role, the bases of treatment decisions, and of the "407 requests" process.

42. Defendants deny the allegations contained therein and leave Plaintiff to his proofs, as Plaintiff has alleged an incomplete description of Dr. Papendick's role, the bases of treatment decisions, and of the "407 requests" process.

43. Defendants deny the allegations contained therein and leave Plaintiff to his proofs, as Plaintiff has alleged an incomplete description of Dr. Papendick's role, the bases of treatment decisions, and of the "407 requests" process.

44. The alleged UpToDate article that Plaintiff attaches speak for itself; therefore, no response is required. In the event that a response is required, Defendants specifically deny the allegations in Paragraph 44 as being incomplete and leave Plaintiff to his proofs, including as to Plaintiff's particular presentation and symptoms and what was necessary to treat it in his circumstances.

45. Defendants deny the allegations contained therein and leave Plaintiff to his proofs, as Plaintiff has alleged an incomplete description of Dr. Papendick's role, the bases of treatment decisions, and of the "407 requests" process. Furthermore, Defendants' medical records with these Defendants show that there were other medical doctors who reached a determination of no medical necessity, including in both March 29, 2017 and April 7, 2017 records where it was documented that "no urgent medical issues were reported from the surgeon's office and the colostomy is functional," and that, as to colostomy reversal, "No medical

NECESSITY per outside documentation or from conversation with surgeon's office (Dr. Kanaskar)."

46. Defendants deny the allegations contained therein and leave Plaintiff to his proofs, as Plaintiff has alleged an incomplete description of Dr. Papendick's role, the bases of treatment decisions, and of the "407 requests" process.

47. Defendants neither admit nor deny because they lack sufficient knowledge and/or information sufficient to form a belief as to the truth of these allegations, and thus leave Plaintiff to his proofs, including as to Plaintiff's particular presentation and symptoms, including Plaintiff's ADLs, and what was necessary to treat it.

48. Defendants deny the allegations contained therein and leave Plaintiff to his proofs, as Plaintiff has alleged an incomplete description of Dr. Papendick's role, the bases of treatment decisions, and of the "407 requests" process.  Further, Defendants deny Plaintiff's allegation of an alleged "restrictive definition of 'medical necessity'" on the part of Dr. Papendick, leaving Plaintiff to his proofs.

49. The medical records speak for themselves; therefore, no response is required. In the event that a response is required, it does appear that, per the medical records, a 407 request for surgical consult was submitted at the inmate's request.  The record further indicates that the patient was doing well, having a functional colostomy, and denied abdominal pain or urinary tract infections.

11

50. Defendants admit that the request for a colostomy reversal was denied. Defendants deny that Plaintiff's allegations of the reasons for the denial are complete and accurate. Per the records, on both April 18, 2017 and April 26, 2017, it was reported that Plaintiff was doing well, having a functional colostomy, and denies abdominal pain or UTIs.

51. The letter that Plaintiff attaches speak for itself; therefore, no response is required. In the event that a response is required, Defendants specifically deny the allegations in Paragraph 51 as being incomplete and inaccurate, and leaves Plaintiff to his proofs.   Plaintiff's attached *Exhibit F* also sets forth an "MDOC Policy Directive" that impacts the colostomy reversal surgery and states that, as part of the review process for surgical decisions, the Legislative Corrections Ombudsman's office does "review[] your medical file to determine if you are being seen by health care at your facility and compare the treatment you are receiving to community standards."

52. Defendants neither admit nor deny because they lack sufficient knowledge and/or information sufficient to form a belief as to the truth of these allegations, and thus leave Plaintiff to his proofs as to MDOC job positions, hiring, and recruiting.

53. Defendants neither admit nor deny because they lack sufficient knowledge and/or information sufficient to form a belief as to the truth of these allegations, and thus leave Plaintiff to his proofs as to MDOC job positions, hiring, and recruiting.

54. Defendants neither admit nor deny because they lack sufficient knowledge and/or information sufficient to form a belief as to the truth of these allegations, and thus leave Plaintiff to his proofs as to MDOC job positions, hiring, recruiting, and vacant positions.

55. Defendants neither admit nor deny because they lack sufficient knowledge and/or information sufficient to form a belief as to the truth of these allegations, and thus leave Plaintiff to his proofs as to MDOC job positions, hiring, recruiting, vacant positions, who filled such positions, and when various persons retired.

56. Defendants neither admit nor deny because they lack sufficient knowledge and/or information sufficient to form a belief as to the truth of these allegations, and thus leave Plaintiff to his proofs as to MDOC contracts with Wayne State University.

57. Defendants neither admit nor deny because they lack sufficient knowledge and/or information sufficient to form a belief as to the truth of these allegations, and thus leave Plaintiff to his proofs.

58. Defendants neither admit nor deny because they lack sufficient knowledge and/or information sufficient to form a belief as to the truth of these allegations, and thus leave Plaintiff to his proofs.  Further, Defendants deny this allegation to the extent that the MDOC Policy Directive that Plaintiff attaches as *Exhibit F* references the colostomy reversal surgery as being in those surgical categories that can be disapproved by the MDOC, therefore leaving Plaintiff to his proofs.

59. Defendants neither admit nor deny because they lack sufficient knowledge and/or information sufficient to form a belief as to the truth of these allegations, and thus leave Plaintiff to his proofs.

60. Defendants deny the allegations contained therein and leave Plaintiff to his proofs.

## COUNT I:
## DEPRIVATION OF SUBSTANTIVE DUE PROCESS RIGHTS GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION
**(Defendants Colleen Marie Spencer, David A. Kraus, and Prime Healthcare Services – Port Huron, LLC)**

61. Defendants restates and incorporate by reference each and every response set forth above.

62. This allegation does not apply to these Defendants. Defendants neither admit nor deny the allegations contained therein.

63. This allegation does not apply to these Defendants. Defendants neither admit nor deny the allegations contained therein.

64. This allegation does not apply to these Defendants. Defendants neither admit nor deny the allegations contained therein.

65. This allegation does not apply to these Defendants. Defendants neither admit nor deny the allegations contained therein.

66. This allegation does not apply to these Defendants. Defendants neither admit nor deny the allegations contained therein.

14

67. This allegation does not apply to these Defendants. Defendants neither admit nor deny the allegations contained therein.

68. This allegation does not apply to these Defendants. Defendants neither admit nor deny the allegations contained therein.

69. This allegation does not apply to these Defendants. Defendants neither admit nor deny the allegations contained therein.

70. This allegation does not apply to these Defendants. Defendants neither admit nor deny the allegations contained therein.

71. This allegation does not apply to these Defendants. Defendants neither admit nor deny the allegations contained therein.

72. This allegation does not apply to these Defendants. Defendants neither admit nor deny the allegations contained therein.

## COUNT II:
## DEPRIVATION OF RIGHTS GUARANTEED BY THE EIGHTH AMENDMENT TO THE UNITED STATES CONSTITUTION BY DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEEDS
**(Defendants Corizon Health, Inc., and Keith Papendick)**

73. Defendants restate and incorporate by reference each and every response set forth above.

74. No response is required because this paragraph states a legal conclusion. In the event a response is required, Defendants deny the allegations contained therein and leave Plaintiff to his proofs.

75. Defendants admit only that, while Corizon Health, Inc. is contracted as a health services provider for inmates of the Michigan Department of Corrections, Defendant is not responsible for providing any and all healthcare sought by an inmate. As to the remaining allegations, Defendants neither admit nor deny and thus leave Plaintiff to his proofs.

76. No response is required because this paragraph states a legal conclusion. In the event a response is required, Defendants deny the allegations contained therein and leave Plaintiff to his proofs.

77. Defendants deny the allegations contained therein and leave Plaintiff to his proofs.

78. Defendants deny the allegations contained therein and leave Plaintiff to his proofs.

79. No response is required because this paragraph states a legal conclusion or recites an unpublished case. In the event a response is required, Defendants state that the cited case and its holding speaks for itself.

80. Defendants deny the allegations contained therein and leave Plaintiff to his proofs.

81. Defendants deny the allegations contained therein and leave Plaintiff to his proofs.

82. Defendants deny the allegations contained therein and leave Plaintiff to his proofs.

83. Defendants deny the allegations contained therein and leave Plaintiff to his proofs.

84. Defendants deny the allegations contained therein and leave Plaintiff to his proofs.

85. Defendants deny the allegations contained therein and leave Plaintiff to his proofs.

86. Defendants deny the allegations contained therein and leave Plaintiff to his proofs.

WHEREFORE, for all the above stated reasons, Defendants CORIZON HEALTH INC. and KEITH PAPENDICK, M.D., affirmatively state that there has been no Constitutional violation committed against Plaintiff, making any claim for damages or injuries inappropriate, and ask this Honorable Court to strike Plaintiff's Amended Complaint and dismiss it with prejudice, deny Plaintiff's demand for a judgment against Defendant, and enter a judgment in favor of Defendants with costs and attorney fees awarded to Defendants for having these baseless claims brought against him.

Respectfully submitted,
CHAPMAN LAW GROUP

Dated: July 14, 2020                    /s/Devlin Scarber
Ronald W. Chapman Sr., M.P.A.,
LL.M. (P37603)
Devlin Scarber (P64532)
Attorney for Corizon Health, Inc. and
Keith Papendick, M.D.
1441 West Long Lake Rd., Suite 310
Troy, MI 48098
(248) 644-6326
rchapman@chapmanlawgroup.com
dscarber@chapmanlawgroup.com

## **JURY DEMAND**

Defendants CORIZON HEALTH INC. and KEITH PAPENDICK, M.D., hereby enter their reliance on Plaintiff's demand for jury trial and request a trial by jury to resolve all claims and issues associated with this action.

Respectfully submitted,
CHAPMAN LAW GROUP

Dated: July 14, 2020                    /s/Devlin Scarber
Ronald W. Chapman Sr., M.P.A.,
LL.M. (P37603)
Devlin Scarber (P64532)
Attorney for Corizon Health, Inc. and
Keith Papendick, M.D.
1441 West Long Lake Rd., Suite 310
Troy, MI 48098
(248) 644-6326
rchapman@chapmanlawgroup.com
dscarber@chapmanlawgroup.com

18

## <u>DEFENDANTS CORIZON HEALTH, INC. AND</u>
## <u>KEITH PAPENDICK, M.D.'S AFFIRMATIVE DEFENSES</u>

1. Plaintiff's Complaint, in whole and/or part, fails to state a claim upon which relief may be granted, because Plaintiff has failed to allege, or, if adequately alleged, cannot prove under the totality of the circumstances, that:

   A. Defendants _objectively_ subjected Plaintiff to a deprivation of required treatment for a sufficiently serious medical condition which resulted in harm; and

   B. Defendants _subjectively_ demonstrated deliberate indifference by disregarding a known and excessive risk to Plaintiff's health and safety.

2. Plaintiff's Complaint, in whole and/or part, is barred by absolute and/or qualified governmental immunity from tort liability. To the extent that Defendant is sued in his individual capacity, he is entitled to dismissal because a reasonable health care provider in his position would not have thought he was violating any of Plaintiff's clearly established constitutional rights by any of his actions or inactions.

3. Plaintiff's Complaint is barred by the non-joinder of parties under Fed. R. Civ. P. 19.

4. Defendants will rely upon all defenses available to them under the Eighth and Fourteenth Amendments to the United States Constitution.

5. Defendants will rely upon all defenses available to them under 42 U.S.C. § 1983.

6. Defendants deny they breached any duties and deny they were negligent or violated the constitutional rights of Plaintiff in any manner. At all times, Defendants were guided by and strictly observed all of the legal duties imposed upon them by the United States Constitution, Federal Statutes, and common law.

7. Plaintiff's claims do not rise to the level of constitutional violations cognizable under the Eighth and/or Fourteenth Amendments or under 42 U.S.C. §1983.

8. Defendants are not liable for exemplary or punitive damages under 42 U.S.C. §1983.

9. Defendants did not violate any clearly established Constitutional rights of which Defendants were or should have been aware.

10. Plaintiff's alleged injuries and/or resulting damages, if any, are attributable to entities and/or persons other than Defendants.

11. Plaintiff's claims are barred, in whole or in part, by the doctrine of comparative negligence. Additionally, Plaintiff was negligent in not adequately informing medical staff of the alleged injuries.

12. Any alleged damages sustained by Plaintiff were proximately caused totally or in part by her own negligence and/or willful acts, and any recovery by the Plaintiff must therefore be diminished in whole or in part.

13. At all times pertinent to the instant litigation, Plaintiff was negligent, which directly or proximately contributed to cause the alleged injuries, if any, and the Plaintiff's recovery must be reduced in proportion to said negligence.

14. Plaintiff's claims fail to rise to the level of a constitutional violation.

15. Plaintiff's claims are barred by the statute of limitations.

16. Plaintiff's claims are barred by 42 U.S.C. §1997e for failure to exhaust available administrative remedies.

17. Plaintiff has failed to state allegations against Defendants that constitute deliberate indifference to a serious medical need, and/or that Plaintiff's injuries were the result of an unconstitutional policy, practice, or procedure put in place by the Defendant.

18. Defendants are entitled to dismissal because their actions were not wanton and reckless with regard to the rights of Plaintiff but were, if anything, medical judgment calls.

19. Defendants are licensed healthcare professionals and, as such, must be sued under the medical malpractice framework established by the legislature which requires, among other things, the filing of a Notice of Intent one hundred eighty-two (182) days prior to filing a Complaint and the attachment of an Affidavit of Merit to the Complaint. *See Bryant v. Oakpointe Villa Nursing Centre,* 471 Mich. 411,

422 (2004); *Scarsella v. Pollak,* 461 Mich. 547, 553 (2000); and MCL § 600.2912b.

21. Defendants specifically reserve the right to add any other Affirmative and/or Special Defenses, as may become known or discovered in the course of subsequent investigation or discovery.

Respectfully submitted,
CHAPMAN LAW GROUP

Dated: July 14, 2020          /s/Devlin Scarber
                                       Ronald W. Chapman Sr., M.P.A., LL.M. (P37603)
Devlin Scarber (P64532)
Attorney for Corizon Health, Inc. and Keith Papendick, M.D.
1441 West Long Lake Rd., Suite 310
Troy, MI 48098
(248) 644-6326
rchapman@chapmanlawgroup.com
dscarber@chapmanlawgroup.com

## PROOF OF SERVICE

I hereby certify that on July 14, 2020 , I presented the foregoing paper to the Clerk of the Court for filing and uploading to the ECF system, which will send notification of such filing to the attorneys of record listed herein and I hereby certify that I have mailed by US Postal Service the document to the involved non participants.

/s/ Devlin Scarber
Devlin Scarber (P64532)
1441 W. Long Lake Rd., Suite 310
Troy, MI 48098
(248) 644-6326
dscarber@chapmanlawgroup.com
