UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KOHCHISE JACKSON,

*Plaintiff,*

v.

CORIZON HEALTH INC., et al.,

*Defendants.*
_____/

CASE NO. 19-13382
DISTRICT JUDGE TERRENCE G. BERG
MAGISTRATE JUDGE PATRICIA T. MORRIS

### ORDER VACATING SCHEDULING ORDER (ECF No. 33) REQUIRING RULE 26(f) MEETING AND SETTING DATE FOR INITIAL RULE 16 CONFERENCE

Having erroneously entered a scheduling order on July 9, 2020, the Court VACATES that order and accompanying dates. Rather, the Court will conduct an initial pretrial conference by telephone **August 20, 2020 at 9:30 a.m.** The Court will initiate the conference call.

**IT IS ORDERED** that Plaintiff shall conduct a meeting in person or by telephone with opposing counsel no later than **August 10, 2020**, to discuss the case pursuant to Rule 26(f) of the Federal Rules of Civil Procedure. Counsel of record must cooperate and consult in good faith.

**IT IS FURTHER ORDERED** that Plaintiff shall file a written Rule 26(f) plan and status report on or before **August 17, 2020**. The plan must reflect the combined product of counsel's discussion and conform to E.D. Mich. LR 5.1(a). The plan must include each matter specified under Rule 26(f)(1)-(4), as well as answers to the following questions, as applicable:

1. Will the issues of the litigation be narrowed?

2. Are amendments to any pleadings necessary?

3. Will either party be seeking to join any additional parties?

4. Will the parties agree to case evaluation, and stipulate to be bound by Michigan Court Rule 2.403, including sanctions?

5. Would a settlement conference, or some other form of alternative dispute resolution, be beneficial at this time or in the near future?

However, if either party files a Rule 12 motion in lieu of, or concurrent with, its answer, all deadlines listed in this order relating to Rule 26 are suspended. In this situation, the Court normally resolves the Rule 12 motions before issuing a scheduling order so long as it can do so while still complying with Rule 16(b)(2).

The Court also reminds the parties that at the pretrial conference it "may consider and take appropriate action" on matters such as "simplifying the issues, and eliminating frivolous claims or defenses" and "amending the pleadings. Fed. R. Civ. P. 16(c)(2)(A)-(B). Accordingly, the parties are encouraged consider these matters before the pretrial conference.

If any attorney believes that the case requires a telephone or in-person conference at any time, a request for such a conference should be directed to the Case Manager.

Date: August 4, 2020

S/ PATRICIA T. MORRIS
Patricia T. Morris
United States Magistrate Judge

**CERTIFICATION**

I hereby certify that the foregoing document was electronically filed this date through the Court's CM/ECF system which delivers a copy to all counsel of record.

Date: August 4, 2020

By s/Kristen Castaneda
Case Manager