**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**KOHCHISE JACKSON**,
  Plaintiff,

v.

**CORIZON HEALTH, Inc.,**, et al,
Defendants.

Case No.: 2:19-cv-13382
Hon.: Terrence G. Berg
Mag.: Patricia T. Morris

---

Laurence H. Margolis (P69635)
Ian T. Cross (P83367)
*Margolis, Gallagher & Cross*
Attorneys for Plaintiff
214 S. Main St., Suite 200
Ann Arbor, MI 48104
Phone: (734) 994-9590
Email: larry@lawinannarbor.com
Email: ian@lawinannarbor.com

Daniel R. Corbet (P37306)
Kenneth A. Willis (P55045)
*Corbet, Shaw, Essad & Bonasso, Pllc*
Attorneys for Defendant Prime Healthcare
Services, Colleen Spencer and David Kraus
30500 Van Dyke Ave., Suite 500
Warren, MI 48093
Phone: (313) 964-6300
Email: daniel.corbet@cseb-law.com
Email: kenneth.willis@cseb-law.com

Ronald W. Chapman Sr., (P37603)
Delvin Scarber (P64532)
*Chapman Law Group*
Attorneys for Defendants Corizon Health,
Inc. and Keith Papendick, M.D.
1441 West Long Lake Rd., Suite 310
Troy, MI 48098
Phone: (248) 644-6326
Email: rchapman@chapmanlawgroup.com
Email: dscarber@chapmanlawgroup.com

## JOINT RULE 26(f) REPORT AND DISCOVERY PLAN

On July 28, 2020, the parties conferred via Zoom for the purpose of preparing a joint discovery plan in accordance with Fed. R. Civ. P. 26(f). Following the Court's Order Vacating Scheduling Order (ECF No. 36), the parties conferred via phone and email concerning the additional questions that the Court ordered them to address. During the conference and their subsequent communications, the Parties agreed on the following elements of a joint discovery plan:

A) Rule 26(a) disclosures shall be exchanged on August 25th, 2020. No changes are necessary in the form or requirement for initial disclosures.

B) Discovery will be needed regarding the decision-making process underlying the denial of colostomy reversal surgery at both Prime Healthcare Services - Port Huron LLC and Corizon Health, Inc., as well as the Defendants' and MDOC's customs, policies, and practices with respect to prisoner surgeries in non-life-threatening situations. Defendants will seek discovery of Plaintiff's medical records and medical history. The parties agree that it is not necessary for the Court to order that discovery be conducted in phases or limited to or focused on particular issues. The parties believe that discovery can be completed by March 11, 2021.

C) The parties agree that electronically-stored information should be preserved.

D) The parties agree that an order under Federal Rule of Evidence 502 is not necessary at this time.

E) The parties agree that the standard number of Interrogatories under Rule 33(a)(1) and the standard number and length of depositions permitted under Rule 30 should be permitted in this case. No changes to the limitations on discovery imposed under the Federal Rules are necessary.

F) The parties jointly request that the Court enter a Scheduling Order containing the case management deadlines listed in the table below.

| EVENT | DEADLINE |
|---|---|
| Rule 26(a)(1) disclosures | August 25, 2020 |
| Witness list | October 15, 2020 |
| Disclosure of Plaintiff's Expert(s) | November 15, 2020 |
| Disclosure of Defendants' Expert(s) | December 15, 2020 |
| Disclosure of Plaintiff's Expert Report(s) | December 30, 2020 |
| Disclosure of Defendants' Expert Report(s) | January 30, 2020 |
| Discovery cutoff | March 11, 2021 |

| Dispositive motions due | April 11, 2021 |
|---|---|
| Final pretrial conference | To be set after ruling on dispositive motions |
| Trial date | To be set after ruling on dispositive motions |

G) We expect the parties to work diligently to narrow the issues through the discovery process and dispositive motions. The parties consider the issues in this case to be relatively narrow already.

H) Plaintiff does not foresee a need to further amend the pleadings, however, he reserves the right to request leave to amend should it become necessary.

I) None of the parties intend to join any additional parties at this time.

J) The parties are not inclined to consent to case evaluation sanctions.

K) The parties are not necessarily opposed to Alternative Dispute Resolution, but do not feel that it would be beneficial at this time.

Respectfully submitted,

/s/ Laurence H. Margolis
Laurence H. Margolis (P69635)

Ian T. Cross (P83367)
Attorneys for Plaintiff
214 S. Main St., Suite 200
Ann Arbor, MI 48104
Phone: (734) 994-9590
Email: larry@lawinannarbor.com


/s/ Daniel R. Corbet (with permission)
Daniel R. Corbet (P37306)
Kenneth A. Willis (P55045)
*Corbet, Shaw, Essad & Bonasso, Pllc*
Attorneys for Defendant Prime Healthcare
Services, Colleen Spencer and David Kraus
30500 Van Dyke Ave., Suite 500
Warren, MI 48093
Phone: (313) 964-6300
Email: daniel.corbet@cseb-law.com
Email: kenneth.willis@cseb-law.com

/s/ Delvin Scarber (with permission)
Ronald W. Chapman Sr., (P37603)
Delvin Scarber (P64532)
*Chapman Law Group*
Attorneys for Defendants Corizon Health,
Inc. and Keith Papendick, M.D.
1441 West Long Lake Rd., Suite 310
Troy, MI 48098
Phone: (248) 644-6326
Email: rchapman@chapmanlawgroup.com
Email: dscarber@chapmanlawgroup.com