UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KOHCHISE JACKSON,

      Plaintiff,

v

      Case No. 2:19-cv-13382
      Hon. Terrence G. Berg
      MJ Patricia T. Morris

CORIZON HEALTH, Inc.,
a Delaware corporation.,
PRIME HEALTHCARE SERVICES – PORT HURON, LLC,
a Delaware limited liability company,
KEITH PAPENDICK,
COLLEEN MARIE SPENCER, and
DAVID A. KRAUS*,

      * Dismissed (ECF No. 32)

      Defendants.

_____/

| | |
|---|---|
| LAURENCE H. MARGOLIS (P69635)<br>MARGOLIS, GALLAGHER & CROSS<br>Attorneys for Plaintiff<br>214 S. Main St., Suite 200<br>Ann Arbor, MI 48104<br>(734) 994-9590 | DANIEL R. CORBET (P37306)<br>KENNETH A. WILLIS (P55045)<br>CORBET, SHAW, ESSAD & BONASSO, PLLC<br>Attorneys for Defendant Prime Healthcare Services,<br>Colleen Spencer and David Kraus<br>30500 Van Dyke Ave., Suite 500<br>Warren, MI 48093<br>(313) 964-6300/6310 fax |
| RONALD W. CHAPMAN, SR., M.P.A., LL.M. (P37603)<br>CHAPMAN LAW GROUP<br>Attorneys for Defendant Corizon Health, Inc.<br>1441 West Long Lake Rd., Suite 310<br>Troy, MI 48098<br>(248) 644-6326 | |

_____/

## WITNESS LIST ON BEHALF OF DEFENDANTS PRIME HEALTHCARE SERVICES – PORT HURON, LLC AND COLLEEN MARIE SPENCER

      NOW COME defendants, PRIME HEALTHCARE SERVICES – PORT

HURON, LLC and COLLEEN MARIE SPENCER, by and through their attorneys,

CORBET, SHAW, ESSAD & BONASSO, P.L.L.C., and for witnesses which they may call at the time of trial, lists the following:

1.   Kohchise Jackson - c/o his counsel

2.   Defendant Colleen Spencer - c/o Corbet, Shaw, Essad & Bonasso, PLLC

3.   Former Defendant Dr. David Kraus, D.O. Dismissed (ECF No. 32) - c/o Corbet, Shaw, Essad & Bonasso, PLLC

4.   Co-Defendant Keith Papendick, M.D. - c/o Chapman Law Group

5.   Erina Kansakar, M.D. - Contact information:  TBD

6.   Lake Huron Medical Center - c/o Corbet, Shaw, Essad & Bonasso, PLLC - Any and all physicians, nurses, staff and persons at Lake Huron Medical Center involved in the care and treatment of Kohchise Jackson, or with possible knowledge of the events at issue, including but not limited to the following:

     Erina Kansakar, M.D.
     Vamsi K. Rao, M.D.
     Sharon Kemp-McLaren, PT
     Thomas A. Coury, M.D.
     Records Custodian

7.   St. Clair County Correctional Facility, 1170 Michigan Rd, Port Huron, MI 48060 – Records Custodian and any treating physicians, nurse practitioners, physician assistants, nurses, clinical administrative personnel, mental health providers, and facility healthcare coordinators who participated in Plaintiff's medical treatment and care at St. Clair County Correctional Facility, as identified in Plaintiff's medical chart, which is in the possession, custody and control of the St. Clair County Correctional Facility.

8.   St. Clair County Correctional Facility, 1170 Michigan Rd, Port Huron, MI 48060 – Records Custodian and administrators and jail personnel, including but not limited to the following:

Capt. Tom Bliss
Lt. Peter Biondo
Sgt. Kyle Adams
Sgt. Richard Olejnik

9.    Michigan Department of Corrections - Any administrators and treating physicians, nurse practitioners, physician assistants, nurses, clinical administrative personnel, mental health providers, and facility healthcare coordinators who participated in Plaintiff's medical treatment and care at Michigan Department of Corrections (MDOC) facilities, as identified in Plaintiff's medical chart, which is in the possession, custody and control of the MDOC and, upon information and belief, has previously been obtained by Plaintiff, including but not limited to:

Subrina Aiken, R.N. – Clinical Administrative Assistant*
Laurie L. McKimmie, LLP
Christine Ausmus, R.N.
Mary M. Koutz-Mikek, R.N.
Magen M. Oaks, R.N.
Records Custodian
Any corrections officers and any other corrections personnel who had relevant contact with Plaintiff during his incarceration with the MDOC.

10.   Corizon Health, Inc., c/o Chapman Law Group - Any administrators and treating physicians, reviewing or consulting physicians, nurse practitioners, physician assistants, from Corizon Health, Inc., who participated in Plaintiff's medical treatment and care at MDOC, including but not limited to:

Keith Papendick, M.D.
Ronald E. Drinkert, N.P.
Dr. Mahir H. Alsalman, M.D.
Sheryl A. Gonzalez, N.P.
Jordan M. Block, P.A.
Records Custodian

11.   Office of Legislative Corrections Ombudsman, Boji Tower – 4th Floor, 124 West Allegan, Lansing, MI – Records Custodian and any persons

who participated in reviewing Plaintiff's complaints with the Office of Legislative Corrections Ombudsman concerning Plaintiff's medical treatment and care at MDOC, as identified in Plaintiff's file, which is in the possession, custody and control of the Office of Legislative Corrections Ombudsman, including but not limited to:

Whitney Thompkins – Analyst Assistant
Keith Barber – Ombudsman

12. Detroit Medical Center, Detroit, Michigan – Records Custodian and any treating physicians, nurse practitioners, physician assistants, nurses, or physical therapists who participated in Plaintiff's medical treatment concerning issues alleged in plaintiff's Complaint.

13. McLaren Port Huron Hospital, 1209-1201 Pine Grove Ave, Port Huron, MI - Records Custodian and any and all physicians, nurses, staff and persons at Lake Huron Medical Center involved in the care and treatment of Kohchise Jackson, or with possible knowledge of the events at issue.

14. DMC Harper Hospital, 3990 John R St, Detroit, MI - Records Custodian and any and all physicians, nurses, staff and persons at Lake Huron Medical Center involved in the care and treatment of Kohchise Jackson, or with possible knowledge of the events at issue.

15. Select Specialists, 25354 Evergreen Rd, Southfield, MI - Any and all physicians, nurses, staff and persons at Lake Huron Medical Center involved in the care and treatment of Kohchise Jackson, or with possible knowledge of the events at issue.

16. Any and all other medical professionals that provided care and treatment to Kohchise Jackson;

17. Any and all other lay witnesses listed by the other parties, whether or not called at the time of trial;

18. Any and all other expert witnesses listed by the other parties;

19. Any and all rebuttal and impeachment witnesses;

20.  Any and all witnesses that may be discovered upon further discovery;

21.  Any and all witnesses previously identified by Co-Defendants;

22.  Any and all witnesses previously listed by Plaintiff;

23.  Any and all witnesses listed by Plaintiff;

24.  Any and all witnesses needed to lay a foundation for the admission of exhibits;

25.  Any or all witnesses may be called upon to provide scientific, technical, or other specialized knowledge that will assist the trier of fact to understand the evidence or to determine a fact issue, as such may be qualified by knowledge, skill, experience, training or education, will testify thereto in the form of an opinion or otherwise. More specifically, listed physicians may be called upon to render expert testimony regarding any of the medical issues involved in this case;

26.  Any individuals identified in the pleadings, interrogatories, depositions, medical records, jail records, prison records or other discovery;

27.  Any party to this action;

28.  Any and all family members, friends, co-workers, neighbors, etc., of Plaintiff who have personal knowledge of the allegations contained within the filed materials in this matter;

29.  Any and all individuals whose names are contained in the pleadings, depositions, or who have been named in any subpoenaed records;

30.  To the extent that Plaintiff may have received Medicare benefits, pursuant to the Medicare Secondary Payor Act, Defendants reserve the right to obtain information pertaining to any and all Medicare benefit payments and to call as witnesses and any and all persons who were reimbursed by Medicare for any treatment or served rendered to Plaintiff;

31.  To the extent that Plaintiff may have received Medicaid benefits, including from Healthy Michigan Medicaid, Defendants reserve the

right to obtain information pertaining to any and all Medicaid benefit payments and to call as witnesses any and all persons who were reimbursed by Medicaid for any treatment or service rendered to Plaintiff;

32. Any and all necessary rebuttal witnesses;

33. Any and all witnesses (lay and expert) listed by Plaintiff, whether or not they are called to testify at trial;

34. Pursuant to Fed. R. Civ. P. 26(a)(2), Defendants will disclose their retained and non-retained expert witnesses in accordance with this Court's Scheduling Order and/or the Federal Rules of Civil Procedure. Defendants will also disclose the reports of their retained experts by the deadline set forth in the Court's Scheduling Order and/or in accordance with the Federal Rules of Civil Procedure.

35. Defendants reserve the right to add additional lay and expert witnesses as discovery and/or investigation continue in this matter up until the time of trial.

36. Defendants reserve the right to elicit expert testimony from any persons identified as an expert witness by any other party to this litigation;

37. Defendants incorporate any and all individuals identified in earlier disclosures, as well as any individuals identified by plaintiff and co-defendants in disclosures.

38. Defendants reserve the right to amend and/or supplement this witness list as further discovery may necessitate.

Respectfully submitted,

**CORBET, SHAW, ESSAD**
**& BONASSO, P.L.L.C.**

/s/ DANIEL R. CORBET
DANIEL R. CORBET (P37306)
KENNETH A. WILLIS (P55045)
Attorneys for Defendant Prime Healthcare
Services, Colleen Spencer and David Kraus
30500 Van Dyke Ave., Suite 500
Warren, MI 48093
DATED:  October 15, 2020                    (313) 964-6300

I served a copy of this document upon the attorneys of record
of all parties on ___October 15, 2020_____ by:

___ First Class Mail              ___ Certified Mail
___ Facsimile                     ___ E-mail
___ Hand Delivery                 X  Other: E-filing

I declare that the statement above is true to the best of my
information, knowledge and belief.

_____/S/ RACHELLE LISZAK_____