## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

Kohchise Jackson,

Plaintiff,

v.

Corizon Health, Inc., et al.

Defendants.

Case No: 2:19-cv-13382
District Judge: Terrence G. Berg
Magistrate Judge: Patricia T. Morris

---

MARGOLIS, GALLAGHER & CROSS
Lawrence H. Margolis (P69635)
Ian T. Cross (P83367)
Attorneys for Plaintiff
214 S. Main St., Suite 200
Ann Arbor, MI 48104
(734) 994-9590
larry@lawinannarbor.com
ian@lawinannarbor.com

CHAPMAN LAW GROUP
Ronald W. Chapman Sr., M.P.A.,
LL.M. (P37603)
Devlin K. Scarber (P64532)
Attorneys for Defendants Corizon Health, Inc.
and Keith Papendick, M.D.
1441 West Long Lake Road, Suite 310
Troy, MI 48098
(248) 644-6326
rchapman@chapmanlawgroup.com
dscarber@chapmanlawgroup.com

CORBET, SHAW, ESSAD, & BONASSO, PLLC
Daniel R. Corbet (P37306)
Kenneth A. Willis (P55045)
Attorneys for Prime Healthcare Services,
Colleen M. Spencer, and David A. Krause
30500 Van Dyke Ave., Suite 500
Warren, MI 48093
(313) 964-6300
daniel.corbet@cseb-law.com
kenneth.willis@cseb-law.com

---

## DEFENDANTS CORIZON HEALTH, INC.'S RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION

NOW COMES Defendant CORIZON HEALTH, INC., by and through its attorneys, CHAPMAN LAW GROUP, and submits the following responses to Plaintiff's First Request for Production directed to it:

## GENERAL OBJECTIONS

The following objections shall apply to each and every answer set forth herein, whether it expressly states that any particular objection applies or not:

1.  Defendant objects to each and every interrogatory and request to the extent that it purports to require anything more than the Federal Rules of Civil Procedure, the local court rules, and the applicable caselaw required of Defendant in responding to request for production.

2.  Defendant objects to each and every request to the extent that it seeks information protected by the attorney-client privilege, by the work product doctrine, by any other applicable privilege, or for the reason that it is confidential or proprietary in nature.

3.  Defendant's responses to these requests are based upon a diligent review of information presently available to it. Because investigation of the facts pertaining to this pending action is continuing and pretrial discovery has not yet been completed, Defendant reserves the right to amend or supplement this response in accordance with the applicable court rules and applicable caselaw.

4. Defendant objects to each and every request to the extent that it calls for information that is not reasonably calculated to lead to the discovery of admissible evidence, or that is not relevant to any claim or defense in the pending action.

5. Defendant objects to each and every request to the extent that it calls for information that is (a) unreasonably cumulative or duplicative; (b) obtainable from some other source that is more convenient, less burdensome, or less expensive; or (c) already available to Plaintiff or which was already provided to Plaintiff.

6. Defendant objects to each and every request to the extent that it seeks information or documents in the possession, custody, or control of any third party.

7. Neither Defendant's response to any request for information, nor its production of any documents, shall be construed as an admission by it of the relevance or admissibility of such information or documents.

8. A response that Defendant will produce responsive documents is not an indication that any such documents exist, but only a representation that it will be made available if they do exist.

9. Defendant reserves the right to rely upon additional documents and information that may be discovered in connection with this proceeding, including documents and information that may be produced or provided by Plaintiff.

10.     All documents produced are subject to the protective order to which the parties have stipulated in this case.

## ANSWERS TO REQUEST FOR PRODUCTION

**REQUEST FOR PRODUCTION 1:** Please produce any and all medical records of Kohchise Jackson, including charts, reports, daily logs, progress notes, and all written or electronic communications or records that meet all three of the following criteria:

       **a.** it was sent, received, or created by a Corizon employee or contractor,

       **b.** it pertains to the medical care, medical condition, diagnosis, or treatment of Kohchise Jackson,

       **c.** it was transmitted, received or created between May 17, 2016 and July 31, 2019.

**RESPONSE:**
**Please be advised that Plaintiff's medical records are in possession and control of the Michigan Department of Corrections (MDOC) and should be obtained through said entity. Furthermore, Defendants believe that Plaintiff is already in possession of said records.**

**REQUEST FOR PRODUCTION 2:** Please produce a complete copy of any Corizon Chronic Care Manual(s), or any substantially similar manual or guidebook, that was or were in effect at the time that Plaintiff was in MDOC custody, including all subparts, exhibits, or attachments thereto.

**RESPONSE:**
**Defendant objects that this request is unreasonable, unduly burdensome, not relevant, disproportionate to the needs of this case, not important to resolving the issues at stake in the action, and the burden and expense of attempting to research and produce such information is outweighed by any benefit that such**

5

information could have to this case. *See Fed R. Civ. P. 26(b)(1).*

Defendant further objects on the basis that Defendant Corizon's policies and procedures, and/or manuals do not set the standard of care, cannot be used as a substitute for the exercise of medical judgment, and are therefore irrelevant. *See Gallagher v. Detroit-Macomb Hosp Ass'n,* 171 Mich. App. 761, 764-765; 431 N.W.2d 90 (1988).

Without waiving said objection, Corizon has searched for, but not identified a Corizon Chronic Care Manual.

**REQUEST FOR PRODUCTION 3:** Please produce a complete copy of any Corizon Utilization Management (UM) Manual(s), or any substantially similar manual or guidebook, that was or were in effect at the time that Plaintiff was in MDOC custody, including all subparts, addenda. exhibits, or attachments thereto.

**RESPONSE:**
Defendant objects that this request is unreasonable, unduly burdensome, not relevant, disproportionate to the needs of this case, not important to resolving the issues at stake in the action, and the burden and expense of attempting to research and produce such information is outweighed by any benefit that such information could have to this case. *See Fed R. Civ. P. 26(b)(1).*

Defendant further objects on the basis that Defendant Corizon's policies and procedures, and/or manuals do not set the standard of care, cannot be used as a substitute for the exercise of medical judgment, and are therefore irrelevant. *See Gallagher v. Detroit-Macomb Hosp Ass'n,* 171 Mich. App. 761, 764-765; 431 N.W.2d 90 (1988).

Without waiving said objection, please see attached Corizon Utilization Management Manual.

**REQUEST FOR PRODUCTION 4:** Please produce a complete copy of any clinical pathways concerning colostomies that were utilized or relied on by Corizon

6

employees or contractors in Michigan between May 17, 2016 and May 17, 2019.

**RESPONSE:**

**Defendant objects that this request is unreasonable, unduly burdensome, not relevant, disproportionate to the needs of this case, not important to resolving the issues at stake in the action, and the burden and expense of attempting to research and produce such information is outweighed by any benefit that such information could have to this case. *See Fed R. Civ. P. 26(b)(1).***

**Defendant further objects on the basis that Defendant Corizon's policies and procedures, manuals, and/or clinical pathways do not set the standard of care, cannot be used as a substitute for the exercise of medical judgment, and are therefore irrelevant. *See Gallagher v. Detroit-Macomb Hosp Ass'n*, 171 Mich. App. 761, 764-765; 431 N.W.2d 90 (1988).**

**Without waiving said objection, please see attached Table of Contents regarding the Clinical Pathways Manual. Since none of the topics or documents referenced in the manual are for colostomies, Defendant objects that the requested Clinical Pathways materials are unreasonable, unduly burdensome, not relevant, disproportionate to the needs of this case, not important to resolving the issues at stake in the action, and the burden and expense of attempting to research and produce such information is outweighed by any benefit that such information could have to this case. *See Fed R. Civ. P. 26(b)(1).* However, if after reviewing the Table of Contents Plaintiff is able to demonstrate that a particular topic is relevant, Defendant may produce said documents pertaining to such topic, subject to the above objections.**

**REQUEST FOR PRODUCTION 5:** Please produce a complete copy of any Corizon Continuous Quality Improvement Program (CQI) Manual(s), also known as the Corizon Continuous Quality and Safety Improvement Manual, or any substantially similar manual or guidebook, that was or were in effect at the time that Plaintiff was in MDOC custody, including all subparts, addenda, exhibits, or attachments thereto.

7

**RESPONSE:**
Defendant objects that this request is unreasonable, unduly burdensome, not relevant, disproportionate to the needs of this case, not important to resolving the issues at stake in the action, and the burden and expense of attempting to research and produce such information is outweighed by any benefit that such information could have to this case. *See Fed R. Civ. P. 26(b)(1).*

Defendant further objects on the basis that Defendant Corizon's policies and procedures, and/or manuals do not set the standard of care, cannot be used as a substitute for the exercise of medical judgment, and are therefore irrelevant. *See Gallagher v. Detroit-Macomb Hosp Ass'n,* 171 Mich. App. 761, 764-765; 431 N.W.2d 90 (1988).

Defendant further objects that the Patient Safety and Quality Improvement Act of 2005 serves as a complete bar to the discovery of morbidity/mortality review and quality improvement reviews/determination or actions.

Without waiving said objection, please see attached Table of Contents regarding the Corizon Continuous Quality and Safety Improvement Manual. If after reviewing the Table of Contents Plaintiff is able to demonstrate that a particular topic is relevant, Defendants may produce said documents pertaining to such topic, subject to the above objections.

**REQUEST FOR PRODUCTION 6:** Please produce a complete copy of any

Provider Information Program (PIP) Manual(s), or any substantially similar manual

or guidebook, that was or were in effect at the time that Plaintiff was in MDOC

custody, including all subparts, addenda, exhibits, or attachments thereto.

**RESPONSE:**
Defendant objects that this request is vague and overbroad. Furthermore, the request is unreasonable, unduly burdensome, not relevant, disproportionate to the needs of this case, not important to resolving the issues at stake in the action, and the burden and expense of attempting to research and produce such information is outweighed by any benefit that such information could have to this case. *See Fed R. Civ. P. 26(b)(1).*

8

Defendant further objects on the basis that Defendant Corizon's policies and procedures, and/or manuals do not set the standard of care, cannot be used as a substitute for the exercise of medical judgment, and are therefore irrelevant. *See Gallagher v. Detroit-Macomb Hosp Ass'n*, 171 Mich. App. 761, 764-765; 431 N.W.2d 90 (1988).

Without waiving said objection, Defendant has searched for and not yet located such a document to which Plaintiff may be referring. If such a document is located, a Table of Contents and/or document portions may be produced subject to the above objections.

**REQUEST FOR PRODUCTION 7:** Please produce a complete copy of any Corizon General Health Services Policies and Procedures (Prison) document, or any substantially similar document, that was or were in effect at the time that Plaintiff was in MDOC custody, including all subparts, addenda. exhibits, or attachments thereto.

<u>**RESPONSE:**</u>
Defendant objects that this request is unreasonable, unduly burdensome, not relevant, disproportionate to the needs of this case, not important to resolving the issues at stake in the action, and the burden and expense of attempting to research and produce such information is outweighed by any benefit that such information could have to this case. *See Fed R. Civ. P. 26(b)(1).*

Defendant further objects on the basis that Defendant Corizon's policies and procedures do not set the standard of care, cannot be used as a substitute for the exercise of medical judgment, and are therefore irrelevant. *See Gallagher v. Detroit-Macomb Hosp Ass'n*, 171 Mich. App. 761, 764-765; 431 N.W.2d 90 (1988).

Without waiving said objection, please see attached Table of Contents concerning the Corizon General Health Services Policies and Procedures (Prison), as well as numerous policies and procedures. Please note that, for the sake of avoiding excessive copying or reproduction, the following policies are omitted: Emergency Response Plan, Procedures in the Event of an Inmate

9

Death, Federal Sexual Abuse Regulations, Response to Sexual Abuse, Health Training for Correctional Officers, Inmate Workers, Oral Care, Hunger Strike, Infirmary Care, Suicide Prevention, Patients with Alcohol and Other Drug Problems, Intoxication and Withdrawal, Contraception, Counseling and Care of the Pregnant Inmate, Vision Care, Care of Terminally Ill, Restraints and Seclusion, Emergency Administration of Psychotropic Medication, Forensic Information, End-of-Life Decision Making, Medical and Other Research, and Executions. Otherwise, all policies are attached.

**REQUEST FOR PRODUCTION 8:** Please produce a complete copy of any

Corizon Evidence-Based Guidelines Manual(s), or any substantially similar manual

or guidebook, that was or were in effect at the time that Plaintiff was in MDOC

custody, including all subparts, addenda. exhibits, or attachments thereto.

**RESPONSE:**
Defendant objects that this request is unreasonable, unduly burdensome, not relevant, disproportionate to the needs of this case, not important to resolving the issues at stake in the action, and the burden and expense of attempting to research and produce such information is outweighed by any benefit that such information could have to this case. *See Fed R. Civ. P. 26(b)(1).*

Defendant further objects on the basis that Defendant Corizon's policies and procedures, and/or manuals do not set the standard of care, cannot be used as a substitute for the exercise of medical judgment, and are therefore irrelevant. *See Gallagher v. Detroit-Macomb Hosp Ass'n,* 171 Mich. App. 761, 764-765; 431 N.W.2d 90 (1988).

Without waiving said objection, Defendant has searched for and only located such a manual for Behavioral Health. Please see attached Table of Contents regarding the Corizon Behavioral Health Education Council – Evidence Based Training and Resource Manual. If after reviewing the Table of Contents, Plaintiff is able to demonstrate that a particular topic is relevant, Defendants may produce said documents pertaining to such topic, subject to the above objections.

10

**REQUEST FOR PRODUCTION 9:** Please produce a complete copy of any written or electronic training and/or orientation materials provided to Defendant Keith Papendick, M.D., before, on, or within 60 days after his hire date in the summer of 2012.

**RESPONSE:**
**Defendant objects that this request is unreasonable, unduly burdensome, not relevant, disproportionate to the needs of this case, not important to resolving the issues at stake in the action, and the burden and expense of attempting to research and produce such information is outweighed by any benefit that such information could have to this case. *See Fed R. Civ. P. 26(b)(1).***

**Defendant further objects on the basis that Defendant Corizon's policies and procedures, and/or training materials do not set the standard of care, cannot be used as a substitute for the exercise of medical judgment, and are therefore irrelevant. *See Gallagher v. Detroit-Macomb Hosp Ass'n*, 171 Mich. App. 761, 764-765; 431 N.W.2d 90 (1988).**

**Without waiving said objection, please see attached documents which pertain to some of Dr. Papendick's training and orientation over the referenced time periods discussed in Requests Nos. 9, 10, and 11. Also, the Tables of Contents for Corizon Health New Employee Orientation Practitioner On-Boarding I and On-Boarding II are attached, along with the documents that pertain to the selected topic headings. The materials pertaining to the following topics are omitted: Behavioral Health, Pharmacy, Correctional Environment II, Pharmacy II, Press/Media, Women's Health, Infirmary/Observation Unit, Health Informatics, and HIPAA Training Completion. If after reviewing the Tables of Contents, Plaintiff is able to demonstrate the need for the omitted materials, and to the extent that certain training topics actually contained written materials, Defendants may produce said documents pertaining to such topics, subject to the above objections.**

**REQUEST FOR PRODUCTION 10:** Please produce a complete copy of any written or electronic training and/or orientation materials provided to Defendant

11

Keith Papendick, M.D., within 60 days before, on, or within 60 days after his promotion into a Utilization Management position in or about January of 2014.

**RESPONSE:**
**Defendant objects that this request is unreasonable, unduly burdensome, not relevant, disproportionate to the needs of this case, not important to resolving the issues at stake in the action, and the burden and expense of attempting to research and produce such information is outweighed by any benefit that such information could have to this case.** *See Fed R. Civ. P. 26(b)(1).*

**Defendant further objects on the basis that Defendant Corizon's policies and procedures, and/or training materials do not set the standard of care, cannot be used as a substitute for the exercise of medical judgment, and are therefore irrelevant.** *See Gallagher v. Detroit-Macomb Hosp Ass'n,* **171 Mich. App. 761, 764-765; 431 N.W.2d 90 (1988).**

**Without waiving said objection, please see attached documents which pertain to some of Dr. Papendick's training and orientation over the referenced time periods discussed in Requests Nos. 9, 10, and 11.**

**REQUEST FOR PRODUCTION 11:** Please produce a complete copy of any written or electronic training and/or orientation materials provided to Defendant Keith Papendick, M.D., within 60 days before, on, or within 60 days after his promotion in or about June of 2017.

**RESPONSE:**
**Defendant objects that this request is unreasonable, unduly burdensome, not relevant, disproportionate to the needs of this case, not important to resolving the issues at stake in the action, and the burden and expense of attempting to research and produce such information is outweighed by any benefit that such information could have to this case.** *See Fed R. Civ. P. 26(b)(1).*

**Defendant further objects on the basis that Defendant Corizon's policies and procedures, and/or training materials do not set the standard of care, cannot be used as a substitute for the exercise of medical judgment, and are therefore**

12

irrelevant. *See Gallagher v. Detroit-Macomb Hosp Ass'n,* 171 Mich. App. 761, 764-765; 431 N.W.2d 90 (1988).

Without waiving said objection, please see attached documents which pertain to some of Dr. Papendick's training and orientation over the referenced time periods discussed in Requests Nos. 9, 10, and 11.

**REQUEST FOR PRODUCTION 12:** Please produce any document(s) enumerating, detailing, or explaining any criteria, metrics, and/or performance indicators used to assess employee job performance in any Corizon position(s) held by Defendant Keith Papendick, M.D. contemporaneous to Plaintiff's time in MDOC custody.

**RESPONSE:**
Defendant objects that this request is unreasonable, unduly burdensome, not relevant, disproportionate to the needs of this case, not important to resolving the issues at stake in the action, and the burden and expense of attempting to research and produce such information is outweighed by any benefit that such information could have to this case. *See Fed R. Civ. P. 26(b)(1).*

Without waiving said objection, please see attached documents which reflect some of the reviews, reports, and/or criteria concerning evaluations of Dr. Papendick's performance during the referenced time period.

**REQUEST FOR PRODUCTION 13:** Please produce any performance reviews, commendations, or other evaluations or reports of Defendant Keith Papendick's job performance produced in calendar years 2017, 2018, and 2019.

**RESPONSE:**
Defendant objects that this request is unreasonable, unduly burdensome, not relevant, disproportionate to the needs of this case, not important to resolving the issues at stake in the action, and the burden and expense of attempting to

13

research and produce such information is outweighed by any benefit that such information could have to this case. *See Fed R. Civ. P. 26(b)(1).*

Without waiving said objection, please see attached documents which reflect some of the reviews, reports, and/or criteria concerning evaluations of Dr. Papendick's performance during the referenced time period.

Dated: November 12, 2020

Respectfully submitted,
CHAPMAN LAW GROUP

Devlin K. Scarber (P64532)
Ronald W. Chapman Sr., M.P.A., LL.M. (P37603)
Attorneys for Corizon Defendants
1441 W. Long Lake Rd., Suite 310
Troy, MI 48098
(248) 644-6326
rchapman@chapmanlawgroup.com
dscarber@chapmanlawgroup.com

## PROOF OF SERVICE

I certify that this document was served upon all attorneys of record at their respective addresses as listed on this 13th day of November 2020, by means of:

☐ U.S. Mail      ☐ Hand Delivery
☐ Facsimile      X Email

SARAH FRAZIER

14