# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

Kohchise Jackson,

        Plaintiff,

v.

Corizon Health, Inc., et al.

        Defendants.

Case No: 2:19-cv-13382
District Judge: Terrence G. Berg
Magistrate Judge: Patricia T. Morris

---

| MARGOLIS, GALLAGHER & CROSS | CHAPMAN LAW GROUP |
|---|---|
| Lawrence H. Margolis (P69635) | Ronald W. Chapman Sr., M.P.A., |
| Ian T. Cross (P83367) | LL.M. (P37603) |
| Attorneys for Plaintiff | Devlin K. Scarber (P64532) |
| 214 S. Main St., Suite 200 | Attorneys for Defendants Corizon Health, Inc. |
| Ann Arbor, MI 48104 | and Keith Papendick, M.D. |
| (734) 994-9590 | 1441 West Long Lake Road, Suite 310 |
| larry@lawinannarbor.com | Troy, MI 48098 |
| ian@lawinannarbor.com | (248) 644-6326 |
| | rchapman@chapmanlawgroup.com |
| | dscarber@chapmanlawgroup.com |

CORBET, SHAW, ESSAD, & BONASSO, PLLC
Daniel R. Corbet (P37306)
Kenneth A. Willis (P55045)
Attorneys for Prime Healthcare Services,
Colleen M. Spencer, and David A. Krause
30500 Van Dyke Ave., Suite 500
Warren, MI 48093
(313) 964-6300
daniel.corbet@cseb-law.com
kenneth.willis@cseb-law.com

---

## DEFENDANT CORIZON HEALTH, INC.'S RESPONSES TO PLAINTIFF'S FIRST INTERROGATORIES, SECOND REQUEST FOR PRODUCTION OF DOCUMENTS, AND FIRST REQUEST TO ADMIT

NOW COMES Defendant CORIZON HEALTH, INC., by and through its attorneys, CHAPMAN LAW GROUP, and submits the following responses to Plaintiff's First Interrogatories, Second Request for Production, and First Request to Admit, directed to it:

## GENERAL OBJECTIONS

The following objections shall apply to each and every answer set forth herein, whether it expressly states that any particular objection applies or not:

1.      Defendant objects to each and every interrogatory and request to the extent that it purports to require anything more than the Federal Rules of Civil Procedure, the local court rules, and the applicable caselaw required of Defendant in responding to request for production.

2.      Defendant objects to each and every request to the extent that it seeks information protected by the attorney-client privilege, by the work product doctrine, by any other applicable privilege, or for the reason that it is confidential or proprietary in nature.

3.      Defendant's responses to these requests are based upon a diligent review of information presently available to it. Because investigation of the facts pertaining to this pending action is continuing and pretrial discovery has not yet been completed, Defendant reserves the right to amend or supplement this response in accordance with the applicable court rules and applicable caselaw.

4. Defendant objects to each and every request to the extent that it calls for information that is not reasonably calculated to lead to the discovery of admissible evidence, or that is not relevant to any claim or defense in the pending action.

5. Defendant objects to each and every request to the extent that it calls for information that is (a) unreasonably cumulative or duplicative; (b) obtainable from some other source that is more convenient, less burdensome, or less expensive; or (c) already available to Plaintiff or which was already provided to Plaintiff.

6. Defendant objects to each and every request to the extent that it seeks information or documents in the possession, custody, or control of any third party.

7. Neither Defendant's response to any request for information, nor its production of any documents, shall be construed as an admission by it of the relevance or admissibility of such information or documents.

8. A response that Defendant will produce responsive documents is not an indication that any such documents exist, but only a representation that it will be made available if they do exist.

9. Defendant reserves the right to rely upon additional documents and information that may be discovered in connection with this proceeding, including documents and information that may be produced or provided by Plaintiff.

10.    All documents produced are subject to the protective order to which the

parties have stipulated in this case.

## ANSWERS TO INTERROGATORIES

**INTERROGATORY 1:** On how many occasions between January 1st, 2017 and January 1st, 2019 did Corizon's Utilization Management department, for its Michigan DOC contract, receive a non-urgent 407 request from a medical provider stationed at a Michigan prison for an off-site referral for colostomy reversal surgery or for a surgical consult to examine the feasibility of colostomy reversal surgery?

**RESPONSE:**

**Defendant objects that this request is unreasonable, unduly burdensome, not relevant, disproportionate to the needs of this case, not important to resolving the issues at stake in the action, and the burden and expense of attempting to research and produce such information is outweighed by any benefit that such information could have to this case. See Fed R. Civ. P. 26(b)(1). Defendant further objects that Plaintiff has not defined "non-urgent" nor placed it in any context. Also, Defendant objects to producing medical information concerning any inmates other than Plaintiff, since, in addition to such information being outside the scope of that permitted by Fed R. Civ. P. 26(b)(1), such information is also privileged and protected by and subject to the Health Insurance Portability and Accountability Act (HIPAA) of 1996.**

**Without waiving said objection, Defendant has searched for and has not yet finalized its search for such information. Once such information is obtained, this response will be supplemented subject to the above objections.**

**INTERROGATORY 2:** On how many occasions between January 1st, 2017 and January 1st, 2019 did Corizon's Utilization Management department, for its Michigan DOC operations, approve a non-urgent 407 request from a medical provider stationed at a Michigan prison for an off-site referral for colostomy reversal

surgery or for a surgical consult to examine the feasibility of colostomy reversal surgery?

**RESPONSE:**

**Defendant objects that this request is unreasonable, unduly burdensome, not relevant, disproportionate to the needs of this case, not important to resolving the issues at stake in the action, and the burden and expense of attempting to research and produce such information is outweighed by any benefit that such information could have to this case. See Fed R. Civ. P. 26(b)(1). Defendant further objects that Plaintiff has not defined "non-urgent" nor placed it in any context. Also, Defendant objects to producing medical information concerning any inmates other than Plaintiff, since, in addition to such information being outside the scope of that permitted by Fed R. Civ. P. 26(b)(1), such information is also privileged and protected by and subject to the Health Insurance Portability and Accountability Act (HIPAA) of 1996.**

**Without waiving said objection, Defendant has searched for and has not yet finalized its search for such information. Once such information is obtained, this response will be supplemented subject to the above objections.**

**INTERROGATORY 3:** Please enumerate each of the Key Performance Indicators and Key Process Indicators used by Defendant Corizon to compare and track its performance in various state prison systems.

**RESPONSE:**

**Defendant objects that this request is unreasonable, unduly burdensome, not relevant, disproportionate to the needs of this case, not important to resolving the issues at stake in the action, and the burden and expense of attempting to research and produce such information is outweighed by any benefit that such information could have to this case. See Fed R. Civ. P. 26(b)(1).**

**Defendant further objects on the basis that Defendant Corizon's policies and procedures, and/or manuals do not set the standard of care, cannot be used as a substitute for the exercise of medical judgment, and are therefore irrelevant. See *Gallagher v. Detroit-Macomb Hosp Ass'n*, 171 Mich. App. 761, 764-765; 431**

6

**N.W.2d 90 (1988).**

**Without waiving said objection, Defendant has searched for and has not yet finalized its search for such information. Once such information is obtained, this response will be supplemented subject to the above objections.**

## ANSWERS TO REQUEST FOR PRODUCTION

**REQUEST FOR PRODUCTION 1:** Please produce any and all written or electronic communications or records that meet all three of the following criteria:

a) it was sent, received, or created by a Corizon employee or contractor,

b) it pertains to the medical care, medical condition, diagnosis, or treatment of Kohchise Jackson,

c) it was transmitted, received, or created between May 17, 2016 and July 31, 2019.

## RESPONSE:

**Defendant objects that this request is unreasonable, unduly burdensome, not relevant, disproportionate to the needs of this case, not important to resolving the issues at stake in the action, and the burden and expense of attempting to research and produce such information is outweighed by any benefit that such information could have to this case. See Fed R. Civ. P. 26(b)(1).**

**Defendant further objects to the extent that this request seeks documents and tangible things that are protected from disclosure and subject to Fed R. Civ. P. 26(b)(3)(A)(B), and/or constitutes protected attorney work product, and/or is protected by the attorney-client privilege.**

**Defendant further objects that the dates in question are far outside the time period of Plaintiff's incarceration in the MDOC.**

**Without waiving said objection, please see the medical records and/or MDOC records concerning Mr. Jackson. Aside from what is contained in such records, Defendant has searched for and has not yet located any other communications or records that would satisfy this request. If such a document is located, it may be produced subject to the above objections.**

8

**REQUEST FOR PRODUCTION 2:** Please produce those portions of the Corizon Continuous Quality Improvement Program (CQI) Manual(s), also known as the Corizon Continuous Quality and Safety Improvement Manual, or any substantially similar manual or guidebook, that were filed under seal on January 16, 2019 as ECF 131, Exhibit 37 in Winebarger v. Corizon, LLC et. al., Western District of Missouri, Case no.: 2:17-cv-04072. If you are unable to determine what portions of the manual were used to successfully oppose your Motion for Summary Judgment in Winebarger, please produce the entire manual. Do not merely produce a table of contents.

**RESPONSE:**

**Defendant objects that this request is unreasonable, unduly burdensome, not relevant, disproportionate to the needs of this case, not important to resolving the issues at stake in the action, and the burden and expense of attempting to research and produce such information is outweighed by any benefit that such information could have to this case. See Fed R. Civ. P. 26(b)(1).**

**Defendant further objects on the basis that Defendant Corizon's policies and procedures, and/or manuals do not set the standard of care, cannot be used as a substitute for the exercise of medical judgment, and are therefore irrelevant. See *Gallagher v. Detroit-Macomb Hosp Ass'n*, 171 Mich. App. 761, 764-765; 431 N.W.2d 90 (1988).**

**Defendant further objects that the request, on its face, is improper as it would violate the spirit of sealed documents, court rules, and pertinent orders and/or protective orders or agreements that Plaintiff alleges existed in the alleged Missouri case. Defendant further objects that this request improperly asks Defendant to comment or provide information or documents concerning legal strategies of attorneys and prior litigation in violation of Fed R. Civ. P. 26(b)(3)(A)(B) and Fed. R. Evid. 403. Defendant objects that such information, prior case information, and litigation strategies can be obtained by Plaintiff**

9

**from other sources. See Fed. R. Civ. P. 26((b)(2)(C)(i). Defendant further objects that this request is vague and ambiguous thereby, making it difficult for Defendant to decipher what is actually being requested from said case.**

**Without waiving said objection, Defendant previously produced the Table of Contents for the CQI Manual and requested that Plaintiff provide Defendant with any specific portions or topics that he believed to be relevant and wished to receive, since the manual covered many unrelated matters. Plaintiff did not respond. Please see attached CQI Manual.**

**REQUEST FOR PRODUCTION 3:** Please produce those portions of the Corizon PIP Manual(s), or any substantially similar manual or guidebook, that were filed under seal on January 16, 2019 as ECF 131, Exhibit 19 in *Winebarger v. Corizon, LLC et. al.*, Western District of Missouri, Case no.: 2:17-cv-04072. If you are unable to determine what portions of the manual were used to successfully oppose your Motion for Summary Judgment in Winebarger, please produce the entire manual. Do not merely produce a table of contents.

<u>**RESPONSE:**</u>

**Defendant objects that this request is unreasonable, unduly burdensome, not relevant, disproportionate to the needs of this case, not important to resolving the issues at stake in the action, and the burden and expense of attempting to research and produce such information is outweighed by any benefit that such information could have to this case. See Fed R. Civ. P. 26(b)(1).**

**Defendant further objects on the basis that Defendant Corizon's policies and procedures, and/or manuals do not set the standard of care, cannot be used as a substitute for the exercise of medical judgment, and are therefore irrelevant. See *Gallagher v. Detroit-Macomb Hosp Ass'n*, 171 Mich. App. 761, 764-765; 431 N.W.2d 90 (1988).**

**Defendant further objects that the request, on its face, is improper as it would violate the spirit of sealed documents, court rules, and pertinent orders and/or**

10

**protective orders or agreements that Plaintiff alleges existed in the alleged Missouri case. Defendant further objects that this request improperly asks Defendant to comment or provide information or documents concerning legal strategies of attorneys and prior litigation in violation of Fed R. Civ. P. 26(b)(3)(A)(B) and Fed. R. Evid. 403. Defendant objects that such information, prior case information, and litigation strategies can be obtained by Plaintiff from other sources. See Fed. R. Civ. P. 26((b)(2)(C)(i). Defendant further objects that this request is vague and ambiguous, thereby making it difficult for Defendant to decipher what is actually being requested from said case.**

**Without waiving said objection, Defendant has searched for and not yet located such a document to which Plaintiff may be referring. If such a document is located, the Manual and/or portions thereof will be produced subject to the above objections.**

**REQUEST FOR PRODUCTION 4:** Please produce the job description for a Corizon Utilization Management Medical Director.

**RESPONSE:**

**Defendant objects on the basis that Defendant Corizon's general job descriptions concerning a particular position do not set the standard of care, cannot be used as a substitute for the exercise of medical judgment, and are therefore irrelevant. See *Gallagher v. Detroit-Macomb Hosp Ass'n*, 171 Mich. App. 761, 764-765; 431 N.W.2d 90 (1988).**

**Without waiving said objection, please see attached job description of Medical Director of Utilization Management.**

**REQUEST FOR PRODUCTION 5:** Please produce any training materials, records, or memorializations of training sessions, including but not limited to documents, scripts, notes, slides, videos, webinars, etc., covering the following training modules from Corizon Practitioner Clinical Onboarding I, available at Page 274 of your previous document production in this case, to the extent that any

11

responsive materials have not yet been produced:

- Patient Centered Medical Home
- Differences Between Private Practice and Correctional Healthcare (Parenting)
- Contract Overview / Full Risk / Shared Risk / Pass Through
- BH Care Provided by Corizon vs. Another Vendor – What That Means to You
- Utilization Management
- Determining Medical Necessity
- Referral Process
- Provider Data Reports

**RESPONSE:**

**Defendant objects that this request is unreasonable, unduly burdensome, not relevant, disproportionate to the needs of this case, not important to resolving the issues at stake in the action, and the burden and expense of attempting to research and produce such information is outweighed by any benefit that such information could have to this case. See Fed R. Civ. P. 26(b)(1).**

**Defendant further objects on the basis that Defendant Corizon's policies and procedures, and/or manuals, as well as training materials do not set the standard of care, cannot be used as a substitute for the exercise of medical judgment, and are therefore irrelevant. See *Gallagher v. Detroit-Macomb Hosp Ass'n*, 171 Mich. App. 761, 764-765; 431 N.W.2d 90 (1988).**

**Without waiving said objections, please see documents previously produced by Defendant in Response to Plaintiff's First Request for Production, Nos. 9, 10, and 11.**

**REQUEST FOR PRODUCTION 6:** Please produce any training materials, records, or memorializations of training sessions, including but not limited to documents, scripts, notes, slides, videos, webinars, etc., covering the following training modules from Corizon Practitioner Clinical Onboarding II, to the extent that any responsive materials have not yet been produced:

12

-Quality Improvement
-Utilization Management
-Key Performance Indicators/Process Indicators (KPIs/PIs) and Quality Indicators
-8th Amendment

## RESPONSE:

**Defendant objects that this request is unreasonable, unduly burdensome, not relevant, disproportionate to the needs of this case, not important to resolving the issues at stake in the action, and the burden and expense of attempting to research and produce such information is outweighed by any benefit that such information could have to this case. See Fed R. Civ. P. 26(b)(1).**

**Defendant further objects on the basis that Defendant Corizon's policies and procedures, and/or manuals, as well as training materials do not set the standard of care, cannot be used as a substitute for the exercise of medical judgment, and are therefore irrelevant. See *Gallagher v. Detroit-Macomb Hosp Ass'n*, 171 Mich. App. 761, 764-765; 431 N.W.2d 90 (1988).**

**Without waiving said objections, please see documents previously produced by Defendant in Response to Plaintiff's First Requests for Production, Nos. 9, 10, and 11.**

**REQUEST FOR PRODUCTION 7:** Please produce any training materials, records, or memorializations of training sessions, including but not limited to documents, scripts, notes, slides, videos, webinars, etc., covering the following training modules associated with Corizon's launch of the UM Core Process:

-RMD Role Training
-RMD Utilization Management 101
-UMMD Training
-prelaunch Site Provider Training Webinars

**RESPONSE:**

**Defendant objects that this request is unreasonable, unduly burdensome, not relevant, disproportionate to the needs of this case, not important to resolving the issues at stake in the action, and the burden and expense of attempting to research and produce such information is outweighed by any benefit that such information could have to this case. See Fed R. Civ. P. 26(b)(1).**

**Defendant further objects on the basis that Defendant Corizon's policies and procedures, and/or manuals, as well as training materials do not set the standard of care, cannot be used as a substitute for the exercise of medical judgment, and are therefore irrelevant. See *Gallagher v. Detroit-Macomb Hosp Ass'n*, 171 Mich. App. 761, 764-765; 431 N.W.2d 90 (1988).**

**Without waiving said objections, please see documents previously produced by Defendant in Response to Plaintiff's First Requests for Production, Nos. 3, 9, 10, and 11, and throughout said responses. Also, please see attached additional training records and/or memorializations concerning Dr. Papendick.**

**REQUEST FOR PRODUCTION 8:** Please produce any written or electronic communications between Keith Papendick and either Jeffrey Bomber and/or James E. "Pete" Powell, that were transmitted between March 1, 2017 and March 1, 2019, in which "cost per thousand patients," "cost per thousand prisoners," "cost per 1000," "cost per 1k" or any substantially similar term or abbreviation was used.

**RESPONSE:**

**Defendant objects that this request is unreasonable, unduly burdensome, not relevant, disproportionate to the needs of this case, not important to resolving the issues at stake in the action, and the burden and expense of attempting to research and produce such information is outweighed by any benefit that such information could have to this case. See Fed R. Civ. P. 26(b)(1).**

**Defendant further objects that Plaintiff has not put such alleged phrases in any context, including as it pertains to Plaintiff, to allow Defendant to understand the request and/or to decipher an efficient search approach. The request is**

14

**vague and ambiguous. Also, Defendant objects that conversations and emails of Corizon employees are private, privileged, and would not be subject to discovery.**

**Such topics may potentially be explored during depositions, subject to any proper objections.**

## FIRST REQUEST TO ADMIT

**REQUEST FOR PRODUCTION 1:** Please admit that you produced or enumerated in a privilege log to the extent that you claim any responsive documents are privileged, all documents responsive to Requests to Produce 10, 11, 12, and 13 of Plaintiff's First Requests for Production of Documents to Corizon, which you responded to on November 12, 2020.

## RESPONSE:

**Defendant admits that there is no specific privilege log. However, that does not mean that said documents are not privileged, confidential, or protected from disclosure. See attached prior Stipulated Protective Order (ECF No. 44, PageID.694), which was signed and agreed to by all parties. Defendant reserves the right to create a privilege log should it become necessary and to pursue remedies for any potential violations of said protective order.**

Dated: February 17, 2021

Respectfully submitted,
CHAPMAN LAW GROUP

Devlin K. Scarber (P64532)
Attorneys for Corizon Defendants
1441 W. Long Lake Rd., Suite 310
Troy, MI 48098
(248) 644-6326
dscarber@chapmanlawgroup.com

15

## **PROOF OF SERVICE**

I certify that this document was served upon all attorneys of record at their respective addresses as listed on this 17th day of February 2021, by means of:

□ U.S. Mail    □ Hand Delivery
□ Facsimile    X Email

_____
SARAH FRAZIER

16