# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

**KOHCHISE JACKSON**,
  Plaintiff,

v.

**CORIZON HEALTH, Inc.,**, et al,
Defendants.

Case No.: 2:19-cv-13382
Hon.: Terrence G. Berg
Mag.: Patricia T. Morris

---

Laurence H. Margolis (P69635)
Ian T. Cross (P83367)
*Margolis and Cross*
Attorneys for Plaintiff
214 S. Main St., Suite 200
Ann Arbor, MI 48104
Phone: (734) 994-9590
Email: larry@lawinannarbor.com
Email: ian@lawinannarbor.com

Daniel R. Corbet (P37306)
Kenneth A. Willis (P55045)
*Corbet, Shaw, Essad & Bonasso, Pllc*
Attorneys for Defendant Prime Healthcare
Services and Colleen Spencer
30500 Van Dyke Ave., Suite 500
Warren, MI 48093
Phone: (313) 964-6300
Email: daniel.corbet@cseb-law.com
Email: kenneth.willis@cseb-law.com

Ronald W. Chapman Sr., (P37603)
Delvin Scarber (P64532)
*Chapman Law Group*
Attorneys for Defendants Corizon Health,
Inc. and Keith Papendick, M.D.
1441 West Long Lake Rd., Suite 310
Troy, MI 48098
Phone: (248) 644-6326
Email: rchapman@chapmanlawgroup.com
Email: dscarber@chapmanlawgroup.com

## PLAINTIFF'S REPLY BRIEF IN SUPPORT OF HIS MOTION TO COMPEL

i

## INDEX OF EXHIBITS

**EXHIBIT**                                                                                     **PAGE NO**

Ex. A: *April 2017 Stats Report Excerpt*……………………………………………...1

Ex. B: *Affidavit of Keith Swift*…………………………………………...……..2

Ex. C: *Affidavit of Larry Cowan*…………………………………………….…..2

Ex. D: *TDOC Technical Proposal Excerpt*……………………………………..…3

## Introduction

After Plaintiff filed the instant Motion to Compel, the Corizon Defendants produced two of the documents at issue. The Corizon Defendants continue to resist disclosure of their KPIs and certain digitized training materials. Defendants claim that additional responsive training materials do not exist, and assert relevance and proportionality objections to the interrogatory seeking their KPIs.[1]

## I. Plaintiff's Third Interrogatory

As discussed in further detail in Plaintiff's Motion to Compel (ECF No. 48, PageID 723-724), the Corizon Defendants' objections to Plaintiff's Third Interrogatory on the grounds that it is "unreasonable, unduly burdensome, not relevant, disproportionate to the needs of this case, not important to resolving the issues at stake in the action, and the burden and expense of attempting to research and produce such information is outweighed by any benefit that such information could have to this case," are boilerplate objections. *See, e.g. Mich. Auto. Ins. Placement Facility v. New Grace Rehabilitation Ctr., PLLC,*

---

[1] The Corizon Defendants allege in their Response that this interrogatory was not a point of contention between the parties. (ECF No. 51, PageID 812). In a phone conversation on April 16, 2021, Plaintiff's attorneys advised Defendants' counsel that they believed that Corizon does, in fact, use KPIs to track and compare its performance across various state prison systems, and further advised Defendants' counsel that they believed Defendants' assertion that, "Corizon does not track performance measures or indicators for the MDOC contract," to be false. On April 26, 2021, three days after filing his motion, Plaintiff received additional documents in response to a Rule 45 subpoena to MDOC. These documents demonstrate that Corizon was tracking performance measures or indicators for the MDOC contract in April of 2017 and was reporting them to the State of Michigan. **See Ex. A:** April 2017 Stats Report Excerpt.

2019 U.S. Dist. LEXIS 13511 at *7-8 (E.D. Mich. 2019). Assertion of a boilerplate objection results in forfeiture of the objection. *Wesley Corp. v. Zoom T.V. Prods., LLC,* 2018 U.S. Dist. LEXIS 5068 at *10-11 (E.D. Mich. 2018). The Corizon Defendants' relevance and proportionality objections to Plaintiff's Third Interrogatory should therefore be deemed forfeited.

Even if these objections were not forfeited, Corizon's relevance and proportionality objections lack merit. Regarding relevance, "[t]he requesting party has an 'extremely low bar' for showing relevance." *Herriges v. Cty. Of Macomb*, 2020 U.S. Dist. LEXIS 146663 at *4 (E.D. Mich. 2020) (citing *In re Ford Motor Co. Spark Plug & 3-Valve Engine Prod. Liab. Litig.*, 98 F. Supp. 3D 919, 925 (N.D. Ohio 2014). Corizon's KPIs are in fact directly relevant to whether a custom or policy of Corizon was "the moving force" behind a violation of the Plaintiff's constitutional rights, which is among the ultimate issues in this case. *See Scozzari v. City of Clare*, 723 F. Supp. 2d 945, 969 (E.D. Mich. 2010). Corizon's "Key Performance Indicators" represent, in essence, the goals that the corporation pursues in its prison healthcare business. If providing the Plaintiff or other prisoners[2] with surgery or other offsite specialty care would bring Corizon farther away from one or more of its KPI targets, a reasonable jury could infer a causal relationship between the KPI target(s) and the denials of the surgeries.

---

[2]  Plaintiff has identified other MDOC prisoners who have also been repeatedly denied the same surgery. See **Ex. B:** Affidavit of Keith Swift; **Ex. C:** Affidavit of Larry Cowan.

2

For an example of how a corporate KPI target can be the "moving force" behind a denial of a surgical procedure, consider Corizon's Technical Proposal submitted with its bid for the 2012 Tennessee DOC prisoner healthcare contract. In its 2012 Tennessee bid packet, Corizon touted the cost savings associated with a **34% reduction** in "Inpatient Hospital Days/1000 Inmates" for Tennessee prisoners between 2010 and 2012. This dramatic reduction in hospital care was achieved via both a 22% decrease in "Hospital Admissions/1000 Inmates," and via a shorter average length of stay for those inmates that did go to a hospital. Corizon reports that it "developed and implemented a sophisticated utilization management program" in order to address the "cost driver" of "offsite utilization." **Ex. D:** TDOC 2012 Technical Proposal Excerpt.  If Corizon has KPI targets that encourage its employees to dramatically reduce the values of key performance indicators like, "Hospital Admissions/1000," or "Inpatient Days/1000," for purposes of cost control, the existence of those policies is relevant to Plaintiff's claim that Corizon denied offsite specialty care to inmates such as himself in order to save money. *See, e.g. Herriges v. Cty. of Macomb*, 2020 U.S. Dist. LEXIS 146663 at *5 (E.D. Mich. 2020) (noting that evidence is "relevant if it has '*any* tendency to make a fact more or less probable,'") (emphasis in original).

The Corizon Defendants' proportionality objection is similarly unavailing. "Upon a showing of relevance, the burden shifts to the party opposing discovery to show, with specificity, why the requested discovery is not proportional to the needs of the case."

3

*Johnson v. CoreCivic, Inc.*, 2019 U.S. Dist. LEXIS 17624 at \*7 (W.D. Tenn. 2019). Six factors are relevant to proportionality:

> (1) the importance of the issues at stake in the action; (2) the amount in controversy; (3) the parties' relative access to relevant information; (4) the parties' resources; (5) the importance of the discovery in resolving the issues; and (6) whether the burden or expense of the proposed discovery outweighs its likely benefit.

*Id.* at \*7 (quoting Fed. R. Civ. P. 26(b)(1)). The first proportionality factor weighs in Plaintiff's favor because "an action to vindicate a citizen's civil rights is considered of high importance" for discovery purposes. *Cratty v. City of Wyandotte*, 296 F. Supp. 3d 854, 860 (E.D. Mich. 2017). Regarding the second factor, the parties have differing opinions concerning the amount in controversy, given that this is a civil rights action seeking primarily non-economic damages for pain and suffering and punitive damages. But even a "relatively low amount in controversy is not determinative when important legal rights are implicated." *Id.*

The parties'-relative-access-to-information factor weighs in favor of requiring Corizon to respond to the interrogatory. Corizon apparently has a "business intelligence tool," InGauge, which contains a "KPI Dashboard" with a "year-to-date view of KPIs." (ECF No. 48-6, PageID 773). Plaintiff has some materials mentioning metrics that Corizon may or may not currently track. He does not know which indicators Corizon classifies as *key* performance indicators. The resources-of-the-parties factor also weighs in favor of a response, since Corizon is one of the nation's largest prison healthcare

contractors, with thousands of employees and hundreds of millions of dollars in annual revenue, while Plaintiff is a single low-income individual.

Disclosure of Corizon's KPIs is important in resolving the issues in this action because the metrics by which Corizon measures its success demonstrate what its goals are. If Corizon's KPIs include only metrics relating to improving access to care or health outcomes, like the proportion of cancers that are detected before Stage II, or the average elapsed time between a specialty care referral and occurrence of the visit, Plaintiff's claim would be weakened. But if the KPIs include metrics relating to minimizing the utilization of healthcare services, like "cost per 1000 prisoners," "inpatient days per 1000," "offsite referrals per 1000," etc., Plaintiff's claim that his surgery was denied in order to save money would be strengthened.

The last factor, whether the burden or expense of the discovery outweighs its likely benefit, weighs strongly in Plaintiff's favor. The party resisting discovery "must meet its burden of explaining how costly or time-consuming responding to a set of discovery requests will be." *Cratty v. City of Wyandotte*, 296 F. Supp. 3d 854, 861 (E.D. Mich. 2017). Corizon has made no showing of the burden or expense it would incur in responding to Plaintiff's Third Interrogatory. Plaintiff believes that the burden would be slight, since Corizon appears to have access to a "KPI dashboard" containing a year-to-date view of its KPIs, (ECF No. 48-6, PageID 773) tracks its KPIs, (ECF No. 48-7, PageID 774), and gives its employees awards for exceeding its KPI targets for individual contracts. (ECF

5

No. 48, PageID 733). Corizon is therefore likely to have the requested information readily available. Even if the burden of disclosing its KPIs were not slight, as might be the case if Corizon has thousands of separate KPIs, "[t]he case law is heavily against finding oppression or undue burden based solely on the voluminous amount of material which must be provided." *Trek, Inc. v. ITR Am., LLC*, 2017 U.S. Dist. LEXIS 229608 at *30 (E.D. Mich. 2017).

## II. Training Materials

When a party seeks to compel production of additional responsive materials in the face of an assertion by an opponent that no additional responsive documents exist, the moving party must show "that the documents that have been produced permit a reasonable deduction that other documents may exist or did exist and have been destroyed." *Hubbard v. Potter*, 247 F.R.D. 27, 29 (D.D.C. 2008); *Cogan Imps., Inc. v. Dharod*, 2019 U.S. Dist. LEXIS 58553 at *13-14 (W.D. Ky. 2019).

Here, Plaintiff has made such a showing. The tables of contents for "Practitioner Clinical Onboarding I" and "Practitioner Clinical Onboarding II," combined with Corizon's representations about its digitized training materials in its 2020 bid packet, permit a reasonable deduction that additional training materials "may exist or did exist and have been destroyed." It is unclear how Corizon, a corporation employing thousands of healthcare providers in various state prison systems spread from Wyoming to Maryland, could have provided training to its new hires regarding "Key Performance

6

Indicators/Process Indicators (KPIs/PIs) and Quality Indicators," or "Contract Overview / Full Risk / Shared Risk / Pass Through" without having created any training materials pertaining to these topics in any recorded form. Corizon's subsequent representations in its bid packet that "[a]ll Corizon Health required training is digitized to create an interactive, learning-rich experience," that "[e]ach module includes narration, knowledge checks, and additional educational material," along the existence of the website: "https://corizonlms.csod.com/client/corizonlms/default.aspx," (which appears to be a password-protected web portal to Corizon's interactive, digitized employee training material) further permit a reasonable deduction that additional responsive materials may exist or did exist and have been destroyed.

/s/ Ian T. Cross
Laurence H. Margolis (P69635)
Ian T. Cross (P83367)
Attorneys for Plaintiff
214 S. Main St., Suite 200
Ann Arbor, MI 48104
Phone: (734) 994-9590
Email: larry@lawinannarbor.com
Email: ian@lawinannarbor.com

7

## **PROOF OF SERVICE**

I certify that PLAINTIFF KOCHISE JACKSON'S REPLY BRIEF IN SUPPORT OF HIS MOTION TO COMPEL was presented to the Clerk of Court for filing on May 14, 2021 via uploading to the ECF system, which will send notification of such filing to the attorneys of record listed herein.

*/s/Ian T. Cross*
send Ian T. Cross (P83367)
Attorney for Plaintiff
214 S. Main St., Ste. 200
Ann Arbor, MI 48104
(734) 994-9590
ian@lawinannarbor.com

i