UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KOHCHISE JACKSON,
      Plaintiff,

v

      Case No.2:19-cv-13382
      Hon. Terrence G. Berg
      MJ Patricia T. Morris

CORIZON HEALTH, Inc., a Delaware corporation.,
PRIME HEALTHCARE SERVICES – PORT HURON, LLC,
a Delaware limited liability company, KEITH PAPENDICK,
COLLEEN MARIE SPENCER, and DAVID A. KRAUS,

      Defendants.

## AFFIDAVIT OF COLLEEN SPENCER, R.N.

STATE OF MICHIGAN    )
                            )SS
COUNTY OF ST. CLAIR  )

      I, Colleen Spencer, have personal knowledge of, and I can and do attest to, the following:

1. I am a registered nurse. I have not worked at the St. Clair County Jail medical clinic since September 2019. Currently I am working for St. Joseph Mercy Hospital – Oakland.

2. I was a nurse working in the St. Clair County Jail medical clinic in Port Huron in early 2017, when Mr. Jackson was a jail inmate.

3. I believe that during this time my immediate superior was Dr. David Kraus and/or PA Dan Dillingham.

3. According to the records, Mr. Jackson was transported outside the jail on at least six occasions for medical appointments. He had major surgery on December 6, 2016 at Prime Healthcare / Lake Huron Medical Center for complicated diverticulitis where a colostomy was placed.

4. According to the records and Mr. Jackson's deposition testimony, the surgeon or her office who operated on Mr. Jackson on December 6, 2016, relayed to Mr. Jackson the date of a potential reversal of the colostomy for February 7, 2017.

5. Due to security reasons, the jail typically did not allow us to send an inmate for an out of jail medical appointment when the patient knows in advance the date of the appointment.

5. Here, the February date was canceled/postponed because the inmate knew of the date of the out of jail medical appointment.

6. According to my note in the medical record, I checked with the surgeon's private office and spoke to Kathy. I believe I told her that the inmate knew the date of the surgery and it had to be postponed and I asked her what the standard of care was with regard to the timing of this surgery.

7. Kathy told me told that there was no time frame for this surgery. She said it was not emergent and was not life threatening; she said that the need for surgery was based on patient comfort.

8. I relayed that information to Dr. Kraus and/or Dan Dillingham, P.A. I believe the decision about whether and/or when to perform Mr. Jackson's surgery would have been made by Dr. Kraus and/or Dan Dillingham, P.A. or Dillingham's superior in conjunction with county jail administration (Lt. Biondo and/or Capt. Bliss).

10. An inmate cannot have an out of jail medical appointment without approval from jail administration.

11. I am a nurse. I did not have authority to deny or grant out of jail medical appointments for county jail inmates.

12. St. Clair County was responsible for the costs of plaintiff's out of jail medical appointments and procedures, not Prime Healthcare.

Respectfully submitted,

DATED: 8-9-2021

Colleen Spencer, R.N.

Subscribed and sworn to before me
this 19 day of August, 2021

Notary Public
Sanilac County, MI

My Commission Expires: 08/17/2027

Amber Helmold, Notary Public
State of Michigan, County of Sanilac
My Commission Expires 08/17/2027
Acting In the County of St. Clair

2