## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

Kohchise Jackson,

      Plaintiff,

v.

Corizon Health, Inc., et al.

      Defendants.

Case No: 2:19-cv-13382
District Judge: Terrence G. Berg
Magistrate Judge: Patricia T. Morris

---

| MARGOLIS, GALLAGHER & CROSS | CHAPMAN LAW GROUP |
|---|---|
| Lawrence H. Margolis (P69635) | Ronald W. Chapman Sr., M.P.A., |
| Ian T. Cross (P83367) | LL.M. (P37603) |
| *Attorneys for Plaintiff* | Devlin K. Scarber (P64532) |
| 214 S. Main St., Suite 200 | Jeffrey L. Bomber (P85407) |
| Ann Arbor, MI 48104 | *Attorneys for Corizon Health, Inc.* |
| (734) 994-9590 | *and Keith Papendick, M.D.* |
| larry@lawinannarbor.com | 1441 West Long Lake Road, Suite 310 |
| ian@lawinannarbor.com | Troy, MI  48098 |
| | (248) 644-6326 |
| | rchapman@chapmanlawgroup.com |
| | dscarber@chapmanlawgroup.com |
| | jbomber@chapmanlawgroup.com |

---

## DEFENDANTS CORIZON HEALTH, INC. AND KEITH PAPENDICK, M.D.'S EMERGENCY MOTION FOR AN EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S MOTION FOR AN ORDER OF SUBSTITUTION [ECF. NO. 77]

## PROOF OF SERVICE

1

NOW COMES Defendants CORIZON HEALTH, INC. and KEITH PAPENDICK, M.D., (hereinafter "Corizon Defendants") by and through their attorneys, CHAPMAN LAW GROUP, and for their Emergency Motion for an Extension of Time to Respond to Plaintiff's Motion for an Order of Substitution (**ECF No. 77**), state as follows:

1.      Plaintiff's Amended Complaint alleges two (2) counts of deliberate indifference for an alleged denial of healthcare during Plaintiff's incarceration within the MDOC. (**ECF No. 12**).

2.      On July 20, 2022, Plaintiff Kohchise Jackson filed a Motion for an Order Substituting YesCare Corp. and CHS TX, Inc. as Party Defendants in Place of Corizon Health, Inc., and Requiring YesCare Corp. and CHS TX, Inc. to Assume Corizon Health, Inc.'s Duty to Indemnify Defendant Papendick (hereinafter "Motion to Substitute"). (**ECF No. 77**).

3.      On July 26, 2022, the undersigned counsel conferred with Plaintiff's counsel regarding Plaintiff's Motion to Substitute. During said discussion, the undersigned counsel informed Plaintiff's counsel that the undersigned does not have complete knowledge of the facts and issues raised in Plaintiff's Motion to Substitute.

4.      Furthermore, the facts and legal issues raised in Plaintiff's Motion to Substitute are strictly transactional in nature and allege factual matters regarding mergers and acquisitions, contractual matters and corporate restructuring that may

implicate state and federal law not otherwise relevant to Plaintiff's Amended Complaint. (See **ECF No. 77, PageID.3007**).

5.      The issues raised in Plaintiff's Motion to Substitute far exceed the relevant scope of expected issues when litigating a 42 U.S.C. § 1983 deliberate indifference claim.

6.      On July 26, 2022, Plaintiff refused to concur in a thirty (30) day extension.

7.      An additional thirty (30) days is necessary, to wit:  (1) the expansive scope of legal and factual issues raised in Plaintiff's Motion to Substitute; (2) the undersigned counsel's present lack of complete knowledge of the facts and issues raised in the Motion to Substitute;  (3) the need for counsel to confer with Corizon's corporate structure and merger counsel; (4) the complicated nature of the issues raised; and (5) the need to prepare a complete response to avoid a possible evidentiary hearing, using significant judicial resources.

8.      Fed. R. Civ. P. 6(b)(1) provides in relevant part: "When an act may or must be done within a specified time, the court may, for good cause, extend the time… if a request is made, before the original time or its extension expires…"

9.      Corizon Defendants' Response to Plaintiff's Motion to Substitute is due on August 3, 2022. Therefore Fed. R. Civ. P. 6(b)(1)(A) is the applicable Federal Rule.

10.    There is good cause for a thirty (30) day extension to Corizon Defendants' Response to the Motion to Substitute.

WHEREFORE, based upon the foregoing reasons, Corizon Defendants respectfully request that this Honorable Court GRANT Corizon Defendants' Emergency Motion for an Extension of Time to Respond to Plaintiff's Motion for an Order of Substitution (**ECF No. 77**), permitting Corizon Defendants an additional thirty (30) days to respond from the date this motion is filed.

Respectfully submitted,

CHAPMAN LAW GROUP

Dated: July 27, 2022                   /s/ Ronald W. Chapman Sr.
                                                 Ronald W. Chapman Sr., M.P.A.,
                                                 LL.M. (P37603)
                                                 Devlin Scarber (P64532)
                                                 Attorneys for Corizon Defendants
                                                 1441 West Long Lake Rd., Suite 310
                                                 Troy, MI 48098
                                                 (248) 644-6326
                                                 rchapman@chapmanlawgroup.com
                                                 dscarber@chapmanlawgroup.com

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

Kohchise Jackson,

      Plaintiff,

v.

Corizon Health, Inc., et al.

      Defendants.

Case No: 2:19-cv-13382
District Judge: Terrence G. Berg
Magistrate Judge: Patricia T. Morris

---

| | |
|---|---|
| MARGOLIS, GALLAGHER & CROSS | CHAPMAN LAW GROUP |
| Lawrence H. Margolis (P69635) | Ronald W. Chapman Sr., M.P.A., |
| Ian T. Cross (P83367) | LL.M. (P37603) |
| *Attorneys for Plaintiff* | Devlin K. Scarber (P64532) |
| 214 S. Main St., Suite 200 | Jeffrey L. Bomber (P85407) |
| Ann Arbor, MI 48104 | *Attorneys for Corizon Health, Inc.* |
| (734) 994-9590 | *and Keith Papendick, M.D.* |
| larry@lawinannarbor.com | 1441 West Long Lake Road, Suite 310 |
| ian@lawinannarbor.com | Troy, MI  48098 |
| | (248) 644-6326 |
| | rchapman@chapmanlawgroup.com |
| | dscarber@chapmanlawgroup.com |
| | jbomber@chapmanlawgroup.com |

---

## BRIEF IN SUPPORT OF DEFENDANTS CORIZON HEALTH, INC. AND KEITH PAPENDICK, M.D.'S EMERGENCY MOTION FOR AN EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S MOTION FOR AN ORDER OF SUBSTITUTION [ECF. NO. 77]

## <u>TABLE OF CONTENTS</u>

INDEX OF AUTHORITIES......................................................................... iii

INDEX OF EXHIBITS ............................................................................... iv

STATEMENT OF ISSUES PRESENTED.....................................................v

CONTROLLING/APPROPRIATE AUTHORITY FOR RELIEF SOUGHT........ vi

I.   STATEMENT OF FACTS ....................................................................1

II.  LEGAL STANDARD ..........................................................................2

III.   ARGUMENT........................................................................................2

# INDEX OF AUTHORITIES

## CASES

*Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003)............................................2

*Morgan v. Gandalf, Ltd.*, 165 F. App'x 425, 428 (6th Cir. 2006) ...................... vi, 2

*Slaven v. Spirit Airlines, Inc.*, No. 08-CV-10705, 2009 U.S. Dist. LEXIS 99712, at

 \*7-8 (E.D. Mich. Oct. 27, 2009) ............................................................................2

## RULES

Federal Rule of Civil Procedure 6(b)(1) ............................................................ vi, 2

## INDEX OF EXHIBITS

There are no exhibits attached to this brief.

## STATEMENT OF ISSUES PRESENTED

I.  SHOULD THE COURT GRANT THE CORIZON
    DEFENDANTS' MOTION FOR AN EXTENSION OF
    TIME TO RESPOND TO PLAINTIFF'S MOTION FOR
    AN ORDER OF SUBSTITUTION [ECF. NO. 77]?

**Defendant Answers:**                          **YES.**
**Plaintiff Answers:**                           **NO.**

**CONTROLLING/APPROPRIATE AUTHORITY FOR RELIEF SOUGHT**

Federal Rule of Civil Procedure 6(b)(1) states: "When an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect."

"Whether to grant defendants [motion for an enlargement of time] was a matter committed to the district court's discretion." *Morgan v. Gandalf, Ltd.*, 165 F. App'x 425, 428 (6th Cir. 2006).

## I.      <u>STATEMENT OF FACTS</u>

On January 3, 2020, Plaintiff Kohchise Jackson filed an Amended Complaint alleging that Defendants Corizon Health, Inc. and Keith Papendick M.D. were deliberately indifferent to Plaintiff's serious medical needs in violation of Plaintiff's Eighth Amendment rights. (**ECF No. 12**). On July 20, 2022, Plaintiff filed a Motion for an Order Substituting YesCare Corp. and CHS TX, Inc. as Party Defendants in Place of Corizon Health, Inc., and Requiring YesCare Corp. and CHS TX, Inc. to assume Corizon Health, Inc.'s Duty to Indemnify Defendant Papendick. (**ECF No. 77**) (hereinafter "Motion to Substitute"). Plaintiff's Motion to Substitute pertains to Corizon Health, Inc.'s recent corporate restructuring. Plaintiff alleges that there are several improprieties arising out of Corizon's corporate restructuring, which Plaintiff alleges may impact Corizon's ability to satisfy a judgment. Otherwise, the issues Plaintiff raises have no relevance to the factual and legal issues relevant to Plaintiff's Amended Complaint.

On July 26, 2022, Plaintiff refused to concur in a thirty (30) day extension. Counsel explained the rational for the extension as follows: (1) the expansive scope of legal and factual issues raised in Plaintiff's Motion to Substitute; (2) the undersigned counsel's present lack of complete knowledge of the facts and issues raised in the Motion to Substitute; (3) the need for counsel to confer with Corizon's corporate structure and merger counsel; (4) the complicated nature of the issues

raised; and (5) the need to prepare a complete response to avoid a possible evidentiary hearing, using significant judicial resources. Defendants' response is due August 3, 2022. Defendants request a 30-day extension.

## II. <u>LEGAL STANDARD</u>

Federal Rule of Civil Procedure 6(b)(1) provides: "When an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect." "Good cause is met by determining the moving party's diligence in attempting to meet the scheduling order and whether the opposing party will suffer prejudice by amending the scheduling order." *Slaven v. Spirit Airlines, Inc.*, No. 08-CV-10705, 2009 U.S. Dist. LEXIS 99712, at *7-8 (E.D. Mich. Oct. 27, 2009); citing *Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003). The decision to grant a motion to extend is a matter within the district court's discretion. See *Morgan v. Gandalf, Ltd.*, 165 F. App'x 425, 428 (6th Cir. 2006).

## III. <u>ARGUMENT</u>

Corizon Defendants have good cause for seeking a thirty (30) day extension to the deadline to respond to Plaintiff's Motion to Substitute. Plaintiff attaches thirty-eight (38) exhibits to his Motion to Substitute, including: Complaints filed in other

lawsuits pertaining to transactional and corporate issues, financial statements, and UCC financing statements, documents and press releases regarding Corizon's recent corporate restructuring, insurance declarations, and other corporate documents. Plaintiff's Amended Complaint and the subject-matter of this lawsuit pertain to an alleged denial of healthcare in violation of Plaintiff's Eighth Amendment rights. Issues raised in the Motion for Substitution are far removed from the underlying issues of the case in chief.

The undersigned counsel explained to Plaintiff's counsel the need for the extension as outlined previously. Defense counsel is diligently working on meeting with the proper corporate and merger persons, obtaining the necessary facts, and preparing a response. A fourteen-day briefing schedule is insufficient time to gather the necessary information and draft a Response to Plaintiff's Motion to Substitute. Corporate restructuring is complex and full of legal intricacies which is clearly evidenced by Plaintiff's Motion and attached exhibits. Plaintiff's counsel refused to accommodate the request for an extension unless counsel would guarantee Corizon will not file for bankruptcy. Plaintiff's attempt to leverage an impossible request for Defendants' reasonable request to extend is vexatious. There is no evidence Corizon is filing for bankruptcy within thirty (30) days or three (3) years.

Lastly, there is no prejudice to Plaintiff if the Court grants Corizon Defendants' request for a thirty-day extension. Corizon Defendants counsel is

diligently working with Corizon's corporate and merger counsel to prepare a response to the motion.

WHEREFORE, based upon the foregoing reasons, Corizon Defendants respectfully request that this Honorable Court exercise its discretion and GRANT Corizon Defendants' Emergency Motion for an Extension of Time to Respond to Plaintiff's Motion for an Order of Substitution (**ECF No. 77**), permitting Corizon Defendants an additional thirty (30) days to respond from the date this motion is filed.

Respectfully submitted,

CHAPMAN LAW GROUP

Dated: July 27, 2022          /s/ Ronald W. Chapman Sr.
                              Ronald W. Chapman Sr., M.P.A.,
                              LL.M. (P37603)
                              Devlin Scarber (P64532)
                              Attorneys for Corizon Defendants
                              1441 West Long Lake Rd., Suite 310
                              Troy, MI 48098
                              (248) 644-6326
                              rchapman@chapmanlawgroup.com
                              dscarber@chapmanlawgroup.com

4

## <u>**PROOF OF SERVICE**</u>

I hereby certify that on July 27, 2022, I presented the foregoing paper to the Clerk of the Court for filing and uploading to the ECF system, which will send notification of such filing to the attorneys of record listed herein and I hereby certify that I have mailed by US Postal Service the document to the involved nonparticipants.

/s/ Ronald W. Chapman Sr.
Ronald W. Chapman Sr., M.P.A.,
LL.M. (P37603)
1441 W. Long Lake Rd., Suite 310
Troy, MI 48098
(248) 644-6326
rchapman@chapmanlawgroup.com