IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**KOHCHISE JACKSON**,
  Plaintiff,

v.

**CORIZON HEALTH, Inc.,**, et al,
Defendants.

Case No.: 2:19-cv-13382
Hon.: Terrence G. Berg
Mag.: Patricia T. Morris

Laurence H. Margolis (P69635)
Ian T. Cross (P83367)
*Margolis, Gallagher & Cross*
Attorneys for Plaintiff
214 S. Main St., Suite 200
Ann Arbor, MI 48104
Phone: (734) 994-9590
Email: larry@lawinannarbor.com
Email: ian@lawinannarbor.com

Ronald W. Chapman Sr., (P37603)
Delvin Scarber (P64532)
*Chapman Law Group*
Attorneys for Defendants Corizon Health, Inc.
and Keith Papendick, M.D.
1441 West Long Lake Rd., Suite 310
Troy, MI 48098
Phone: (248) 644-6326
Email: rchapman@chapmanlawgroup.com
Email: dscarber@chapmanlawgroup.com

**PLAINTIFF'S RESPONSE TO DEFENDANTS CORIZON HEALTH, INC. AND KEITH PAPENDICK, M.D.'S EMERGENCY MOTION FOR AN EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S MOTION FOR AN ORDER OF SUBSTITUTION [ECF. NO. 77]**

1. Admitted.

2. Admitted.

1

3. Admitted.

4. Admitted in part and denied in part. Plaintiff denies that the factual and legal issues raised in his Motion to Substitute are not relevant to the allegations in his Complaint.

5. Admitted.

6. Admitted in part and denied in part. Plaintiff agreed to grant a 30-day extension on the condition that Defendant provide assurances that it would not file for bankruptcy in the next 30 days.

7. Denied.

8. Admitted.

9. Admitted.

10. Denied.

WHEREFORE, for the reasons more fully set forth in the attached brief, Plaintiff respectfully requests that this Honorable Court DENY the Corizon Defendants' Emergency Motion for an Extension of Time to Respond, or in the alternative, if the Court grants the motion in part, to grant an extension which does not place the due date of the response later than August 14, 2022.

        Respectfully submitted,

        */s/ Ian T. Cross*
        Ian T. Cross (P83367)
        Attorney for Plaintiff
        402 W. Liberty St.
        Ann Arbor, MI 48103
        734-994-9590

## EXHIBITS:

**Ex. 1:** Email from Plaintiff's counsel to Defendants' counsel, June 27, 2022

**Ex. 2:** Emails between counsel, July 11-July 12, 2022

**Ex. 3:** Email from Corizon's counsel to Plaintiff's counsel, July 20, 2022

PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANTS' EMERGENCY MOTION FOR AN EXTENSION OF TIME TO FILE THEIR RESPONSE TO PLAINTIFF'S MOTION TO SUBSTITUTE

Counsel for Corizon (as of June 1, now Tehum Care Services, Inc.) has had ample time to find out what their client has done. Plaintiff's counsel first requested substitution of parties in this matter over a month ago, on June 27, 2022. (Ex. 1). Defense counsel proffered no substantive response to the request for two weeks. On July 11, Plaintiff's counsel again requested concurrence in a motion to substitute. (Ex. 2). On July 12, counsel for Corizon advised that they had conferred with their client and would oppose substitution. (Ex. 2). Counsel for the parties conferred by phone on July 13, and Plaintiff's counsel expressed concerns that Corizon Health, Inc. was insolvent, functionally uninsured, and had transferred all of its assets to a new entity. Defense counsel was unable to provide any assurance that Corizon Health, Inc. was not an assetless shell. In fact, their subsequent representations only confirm that suspicion. On July 20, after Plaintiff filed his Motion to Substitute, counsel for Corizon advised Plaintiff's counsel:

> At [sic] to the motion to substitute parties, we cannot agree to the substitution as it is our understanding that all liabilities related to terminated contracts, like the MDOC contract, were allocated to Corizon Health Inc. in the corporate restructuring and therefore Corizon Health Inc. remains the proper party in interest related to Plaintiff's *Monell* claims. Please advise whether you will withdraw your motion based on that information.

Ex. 3.

5

If Plaintiff is mistaken about the nature of Defendant's recent corporate restructuring, the named Defendant is actually solvent and capable of satisfying all of the liabilities assigned to it, and in fact, the Corizon assets have not been moved beyond the reach of unsecured creditors, Defendant need only demonstrate as much and Plaintiff will be happy to withdraw his motion. But Corizon has proffered no assurances that it is solvent or has any assets. It is unable to even provide assurance that it will not file for bankruptcy in the next thirty days.

If there is an impending bankruptcy filing, Defendant can be expected to wait to file until after August 14, 2022. That is because the secured creditors (who apparently consented to this transaction) would incur some risk of having their security interest in the Corizon assets avoided under 11 U.S.C. § 547 if the bankruptcy filing occurred within 90 days of the date their UCC-1s were filed in Texas. *See, e.g. Waldschmidt v. Chrysler Credit Corp. (In re Messenger)*, 166 B.R. 631, 636 (Bankr. M.D. Tenn. 1994) (collecting cases). If the Court grants defense counsel's request for a 30-day extension of time to respond, making the response due September 2, 2022, the response will not be due until after the Defendant is able to file for bankruptcy and halt all proceedings in this action by operation of the automatic stay.[1]

---

[1] Plaintiff should be able to continue prosecuting a Michigan-law alter-ego claim against CHS TX, Inc. or Yescare Corp. even while Tehum Care Services is in bankruptcy under controlling Sixth-Circuit precedent. *See Spartan Tube & Steel v.*

Alternatively, if there is no bankruptcy filing, the named corporate Defendant has residual assets, and Plaintiff's Motion is denied, then Plaintiff is effectively in a race against other creditors to liquidate his claim while there are still assets remaining. Any delay will prejudice Plaintiff by further reducing the probability that Tehum Care Services, Inc. still possesses collectible assets when and if he is ultimately able to reduce his claim to judgment.

*/s/ Ian T. Cross*
Ian T. Cross (P83367)
Attorney for Plaintiff
402 W. Liberty St.
Ann Arbor, MI 48103
734-994-9590

_____

*Himmelspach (In re RCS Engineered Prods. Co.)* 102 F.3d 233, 227 (6th Cir. 1996); *accord. TTOD Liquidation, Inc. v. Jin Lim (In re Dott Acquisition, LLC)*, 520 B.R. 588, 623 (Bankr. E.D. Mich. 2014). But it is far from clear that the same result will hold if Plaintiff is first required to seek leave, in a bankruptcy court in a different Circuit, to continue prosecuting his Motion to Substitute after a bankruptcy filing. *See, e.g. Schimmelpenninick v. Byrne (In re Schimmelpenninick)*, 183 F.3d 347, 356 & n.17 (5th Cir. 1999).