# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

Kohchise Jackson,

    Plaintiff,

v.

Corizon Health, Inc., et al.

    Defendants.

Case No: 2:19-cv-13382
District Judge: Gershwin A. Drain
Magistrate Judge: Patricia T. Morris

| MARGOLIS, GALLAGHER & CROSS | CHAPMAN LAW GROUP |
|---|---|
| Lawrence H. Margolis (P69635) | Ronald W. Chapman Sr., M.P.A., LL.M. (P37603) |
| Ian T. Cross (P83367) | Devlin K. Scarber (P64532) |
| *Attorneys for Plaintiff* | Jeffrey L. Bomber (P85407) |
| 214 S. Main St., Suite 200 | *Attorneys for Corizon Health, Inc. and Keith Papendick, M.D.* |
| Ann Arbor, MI 48104 | 1441 West Long Lake Road, Suite 310 |
| (734) 994-9590 | Troy, MI 48098 |
| larry@lawinannarbor.com | (248) 644-6326 |
| ian@lawinannarbor.com | rchapman@chapmanlawgroup.com |
| | dscarber@chapmanlawgroup.com |
| | jbomber@chapmanlawgroup.com |

**CORIZON DEFENDANTS' MOTION REQUESTING THAT PRIOR RULINGS AND ORDERS OF THE FORMERLY PRESIDING JUDGE IN THIS MATTER BE REEVALUATED AND REASSESSED IN LIGHT OF THE FORMERLY PRESIDING JUDGE'S RECENT RECUSAL AND ACKNOWLEDGEMENT OF AN INABILITY TO BE IMPARTIAL IN THIS MATTER [ECF NO. 86]**

**PROOF OF SERVICE**

1

NOW COME Defendants CORIZON HEALTH, INC. and KEITH PAPENDICK, M.D., by and through their attorneys, CHAPMAN LAW GROUP, and for their Motion Requesting that Prior Rulings and Orders of the Formerly Presiding Judge in this Matter be Reevaluated and Reassessed in Light of the Formerly Presiding Judge's Recent Recusal and Acknowledgement of an Inability to be Impartial in this Matter, state as follows:

1. On January 3, 2020, Plaintiff Kohchise Jackson filed his Amended Complaint in this matter, naming Defendants Corizon Health, Inc. and Keith Papendick, M.D. ("Corizon Defendants") as Defendants to this suit, along with former Defendants Prime Healthcare Services and their nurse, Colleen Spencer[1] (**ECF No. 12**).

2. As to Corizon, the Amended Complaint alleges that Defendant Dr. Papendick was deliberately indifferent to Plaintiff's request to have a colostomy reversal surgery, and that Defendant Corizon Health, Inc. failed to provide Plaintiff with appropriate medical supplies. (**ECF No. 12, PageID.195**).

3. Corizon Defendants moved to dismiss Plaintiff's Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) on January 14, 2020. (**ECF No. 17**).

---

[1] On March 31, 2022, the court dismissed all of the non-Corizon Defendants by way of summary judgment. (**ECF No. 73, PageID.2970**).

4. Magistrate Judge Morris recommended that the Court dismiss Plaintiff's Amended Complaint as to the Corizon Defendants, finding that the decision to perform a colostomy reversal is a medical decision that would require the Court to second guess the provider's medical judgment required in making such a decision, and that allegations regarding economic factors do not "revitalize" Plaintiff's claim against Defendant Corizon Health, Inc. (**ECF No. 26, PageID.546-47**).

5. The Court declined to adopt Magistrate Judge Morris' Report and Recommendation. Instead, the Court denied Corizon Defendants' Motion to Dismiss as it relates to both Corizon Health, Inc. and Dr. Papendick. (**ECF No. 32**).

6. Following discovery, Corizon Defendants filed a Motion for Summary Judgment which argued that there are no genuine issues of material fact remaining in this matter, supported by the fact that Plaintiff's treating surgeon testified that Plaintiff's desired colostomy reversal was not medically necessary and because there is no evidence to support the subjective component of the deliberate indifference analysis. (**ECF No. 60**).

7. Magistrate Judge Morris opined that "there is case law regarding circumstances similar to the instant case that would support a decision granting summary judgement" as to Dr. Papendick but ultimately declined to recommend dismissal of Dr. Papendick. (**ECF No. 69, PageID.2784-86**). Furthermore,

3

Magistrate Judge Morris opined that summary judgment as to Corizon Health, Inc., was a "close call," but recommended that the Court deny Corizon Defendants' Motion for Summary Judgment. (**ECF No. 69, PageID.2787-88**).

8. On December 30, 2021, Corizon Defendants filed their Objections to the Magistrates R&R (**ECF No. 70**).

9. On March 31, 2022, the Court declined to adopt all of Magistrate Judge Morris' reasoning for recommending denial of Corizon Defendants' Motion for Summary Judgment, but ultimately adopted the recommendation to deny Corizon Defendants' motion. (**ECF No. 73, PageID.2971**).

9. On July 20, 2022, Plaintiff filed a Motion for an Order Substituting YesCare Corp. and CHS Tx, Inc. as Party Defendants in Place of Corizon Health Inc., and Requiring YesCare Corp. and CHS Tx, Inc. to Assume Corizon Health, Inc.'s Duty to Indemnify Defendant Papendick. (**ECF No. 77**).

10. After the matter was fully briefed by all interested parties, Honorable Judge Berg disqualified himself from the case pursuant to 28 U.S.C. § 455. (**ECF No. 86**). The Order of Disqualification does not set forth a reason for Honorable Judge Berg's *sua sponte* disqualification. (***Id.***). However, under the statute, the only basis for disqualification would be "where his impartiality might be reasonably questioned," and under facts which would indicate or suggest personal bias or prejudice. 28 U.S.C. § 455(a)(b).

4

11. Although Honorable Judge Berg is under no obligation to provide a statement regarding the reason for disqualification, *Hampton v. Chicago*, 643 F.2d 478, 480 n.7. (7th Cir. 1981), *sua sponte* disqualification after dispositive motions have been decided raises a reasonable question as to whether prior matters in this litigation were impartially considered given that the basis for recusal under 28 U.S.C. § 455 is the undermining of the appearance of impartiality.

12. "Under § 455, a judge must *sua sponte* recuse himself if he knows of facts that would undermine the appearance of impartiality." *Youn v. Track, Inc.*, 324 F.3d 409, 423 (6th Cir. 2003); citing *Liteky v. United States*, 510 U.S. 540, 547-48, 114 S. Ct. 1147, 1153 (1994). Disqualification at this advanced stage of litigation necessarily raises questions as to the appearance of impartiality for matters that were considered prior to Honorable Judge Berg's *sua sponte* disqualification. The very purpose of § 455 is "to prevent the appearance of bias and to preserve the public's faith in the judicial process." *United States v. Diekemper*, 604 F.3d 345, 354 (7th Cir. 2010).

13. Corizon Defendants humbly request that the Court reassess and re-evaluate prior matters decided by Judge Berg in this case given the circumstances of Judge Berg's undisclosed *sua sponte* disqualification and in consideration of the serious implications of the appearance of impartiality that are raised via *sua sponte* disqualification at this advanced stage of litigation.

14. Counsel for Corizon Defendants contacted Plaintiff's counsel via telephone on October 27, 2022. Plaintiff will oppose this motion.

WHEREFORE, Defendants CORIZON HEALTH, INC. and KEITH PAPENDICK, M.D., humbly request that the Court reevaluate and reassess prior rulings and orders in this matter and provide any and all such relief that the Court deems just and equitable.

                                                 Respectfully submitted,
                                                 CHAPMAN LAW GROUP

Dated: October 27, 2022          */s/ Devlin K. Scarber*
                                                 Devlin Scarber (P64532)
                                                 Attorney for Corizon Defendants
                                                 1441 West Long Lake Rd., Suite 310
                                                 Troy, MI 48098
                                                 (248) 644-6326
                                                 dscarber@chapmanlawgroup.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN**

Kohchise Jackson,

    Plaintiff,

v.

Corizon Health, Inc., et al.

    Defendants.

Case No: 2:19-cv-13382
District Judge: Gershwin A. Drain
Magistrate Judge: Patricia T. Morris

---

| MARGOLIS, GALLAGHER & CROSS | CHAPMAN LAW GROUP |
|---|---|
| Lawrence H. Margolis (P69635) | Ronald W. Chapman Sr., M.P.A., LL.M. (P37603) |
| Ian T. Cross (P83367) | Devlin K. Scarber (P64532) |
| *Attorneys for Plaintiff* | Jeffrey L. Bomber (P85407) |
| 214 S. Main St., Suite 200 | *Attorneys for Corizon Health, Inc. and Keith Papendick, M.D*. |
| Ann Arbor, MI 48104 | 1441 West Long Lake Road, Suite 310 |
| (734) 994-9590 | Troy, MI  48098 |
| larry@lawinannarbor.com | (248) 644-6326 |
| ian@lawinannarbor.com | rchapman@chapmanlawgroup.com |
| | dscarber@chapmanlawgroup.com |
| | jbomber@chapmanlawgroup.com |

**BRIEF IN SUPPORT OF CORIZON DEFENDANTS' REQUESTING THAT PRIOR RULINGS AND ORDERS OF THE FORMERLY PRESIDING JUDGE IN THIS MATTER BE REEVALUATED AND REASSESSED IN LIGHT OF THE FORMERLY PRESIDING JUDGE'S RECENT RECUSAL AND ACKNOWLEDGEMENT OF AN INABILITY TO BE IMPARTIAL IN THIS MATTER [ECF NO. 86]**

i

## **TABLE OF CONTENTS**

INDEX OF AUTHORITIES ................................................................................... iii
INDEX OF EXHIBITS ........................................................................................... iv
STATEMENT OF ISSUES PRESENTED ............................................................... v
CONTROLLING/APPROPRIATE AUTHORITY FOR RELIEF SOUGHT ........ vi
I. STATEMENT OF FACTS .................................................................................1
II. LEGAL ARGUMENT ........................................................................................3
III. CONCLUSION ................................................................................................5

# INDEX OF AUTHORITIES

**CASES**

*Hampton v. Chicago*, 643 F.2d 478, (7th Cir. 1981) .................................................... 3

*Liteky v. United States*, 510 U.S. 540, 127 L. Ed. 2d 474, 114 S. Ct. 1147 (1994). vi

*United States v. Diekemper*, 604 F.3d 345 (7th Cir. 2010) ........................................ 4

*Youn v. Track, Inc.*, 324 F.3d 409, (6th Cir. 2003) .................................................... vi

**STATUTES**

28 U.S.C. § 455(a)……………………………………………………………vi, 3, 4

28 U.S.C. § 455(b)……………………………………………………………….3

**RULES**

Fed. R. Civ. P. 12(b)(6) ...................................................................................... 1, 4

# **INDEX OF EXHIBITS**

There are no exhibits attached to this brief

# STATEMENT OF ISSUES PRESENTED

WHETHER THE COURT SHOULD RECONSIDER PRIOR DISPOSITIVE MOTIONS IN THIS MATTER PURSUANT TO IMPLICATIONS OF IMPARTIALITY NECESSARILY RAISED BY THE ORDER RE: DISQUALIFICATION OF JUDGE?

**Defendant Answers:** **YES.**
**Plaintiff Answers:** **NO.**

## **CONTROLLING/APPROPRIATE AUTHORITY FOR RELIEF SOUGHT**

28 U.S.C. § 455(a) states: "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might be reasonably questioned." Under this statute, "a judge must *sua sponte* recuse himself if he knows of facts that would undermine the appearance of impartiality." *Youn v. Track, Inc.*, 324 F.3d 409, 422-23 (6th Cir. 2003); citing *Liteky v. United States*, 510 U.S. 540, 547-48, 127 L. Ed. 2d 474, 114 S. Ct. 1147 (1994).

## I.   STATEMENT OF FACTS

On January 3, 2020, Plaintiff Kohchise Jackson filed his Amended Complaint in this matter, naming Corizon Health, Inc. and Keith Papendick, M.D., (hereinafter "Corizon Defendants") as Defendants to this suit. (**ECF No. 12**). Corizon Defendants subsequently filed a Motion to Dismiss for failure to state a claim on January 14, 2020. (**ECF No. 17**). Magistrate Judge Morris recommended that the Court dismiss Plaintiff's claims against the Corizon Defendants for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). (**ECF No. 26**). However, the Court declined to adopt Magistrate Judge Morris's recommendation and Plaintiff's claims against Corizon Defendants moved forward. (**ECF No. 32**). The Court entered a Case Management Order thereafter which initiated discovery in this matter. (**ECF No. 33**).

Following the close of discovery on May 10, 2021, (**ECF No. 47**), Corizon Defendants moved for summary judgment. (**ECF No. 60**). Magistrate Judge Morris opined that "there is caselaw regarding circumstances similar to the instant case that would support a decision granting summary judgment" as to Dr. Papendick (**ECF No. 69, PageID.2784**). However, Magistrate Judge Morris did not recommend dismissal of Dr. Papendick in the Report and Recommendation. (**ECF No. 69, PageID.2786**). Furthermore, Magistrate Judge Morris opined that it was a "close

1

call" as to whether Corizon Health, Inc. is entitled to summary judgment, but ultimately declined to recommend dismissal. (**ECF No. 69, PageID.2787-88**).

Corizon Defendants objected to Magistrate Judge Morris's Report and Recommendation given testimony from Plaintiff's treating surgeon and retained expert that a medical provider's decision to perform a colostomy reversal constitutes a medical judgment call and given the Report and Recommendation's reliance on standards appropriate for a medical malpractice claim. (**ECF No. 70, PageID.2791-99**). Furthermore, Corizon Defendants argued that the Report and Recommendation relied on a Report and Recommendation from *Strayhorn v. Caruso*, which the *Strayhorn* Court overruled as to the particular issue Magistrate Judge Morris relied upon in her Report and Recommendation. (**ECF No. 70, PageID.2808-15**). The Court declined to adopt the reasoning in Magistrate Judge Morris's Report and Recommendation but adopted the decision to decline summary judgment as to the Corizon Defendants. (**ECF No. 73**).

On July 20, 2022, Plaintiff filed a Motion for an Order Substituting YesCare Corp. and CHS Tx, Inc. as Party Defendants in Place of Corizon Health, Inc., and Requiring YesCare Corp. and CHS Tx, Inc. to Assume Corizon Health, Inc.'s Duty to Indemnify Defendant Papendick. (**ECF No. 77**). After all interested parties responded to Plaintiff's pending motion to substitute, the Court issued an Order

Regarding Disqualification in which Honorable Judge Berg disqualified himself from this matter. (**ECF No. 86**).

## II. LEGAL ARGUMENT

28 U.S.C. § 455(a) states: "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(b) sets forth several circumstances that support disqualification. Canon 3(C)(1) of the Code of Conduct for United States Judges similarly provides that, "[a] judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned…" When a federal judge *sua sponte* disqualifies themselves from a matter, there is no obligation or duty to provide a statement that sets forth the circumstances or reasons for disqualification. *Hampton v. Chicago*, 643 F.2d 478, 480 n.7. (7th Cir. 1981).

In the instant case, Honorable Judge Berg *sua sponte* disqualified himself from this matter without providing any statement or other explanation as to why disqualification is necessary at this advanced stage of litigation. Honorable Judge Berg has already issued opinions and orders regarding Corizon Defendants' Motion to Dismiss and Motion for Summary Judgment in this matter. This includes a decision to overturn Magistrate Judge Morris's Report and Recommendation recommending dismissal of the Corizon Defendants pursuant to Fed. R. Civ. P.

3

12(b)(6). An Order to *sua sponte* disqualify at such an advanced stage of litigation necessarily raises questions as to whether previously decided issues were impartially decided by the Court. Given serious inferences that can be drawn from Honorable Judge Berg's *sua sponte* disqualification at such an advanced late stage of litigation, the appropriate remedy would be for the Court to reassess and reevaluate the opinions and orders issued on dispositive motions in this matter to ensure that all decisions were impartial given the implication from the Order Re: Disqualification of Judge that "impartiality might reasonably be questioned." 28 U.S.C. § 455(a).

It is a fundamental tenet of jurisprudence that justice must be blind and that judicial duties must be performed impartially. "A Judge Should Perform the Duties of the Office Fairly, Impartially, and Diligently." Canon 3 of the Code of Conduct for United States Judges. The purpose of § 455 is "to prevent the appearance of bias and to preserve the public's faith in the judicial process." *United States v. Diekemper*, 604 F.3d 345, 354 (7th Cir. 2010). Respectfully, the fact that Judge Berg now acknowledges that he is unable to be impartial in this matter does create the appearance that prior decisions or rulings may have been impacted by an inability to be impartial and, at the very least, is contrary to preserving the public's faith in the judicial process.

4

### III.  CONCLUSION

WHEREFORE, Defendants CORIZON HEALTH, INC. and KEITH PAPENDICK, M.D., humbly request that the Court reevaluate and reassess prior rulings and orders in this matter and provide any and all such relief that the Court deems just and equitable.

Respectfully submitted,
CHAPMAN LAW GROUP

Dated: October 27, 2022

*/s/ Devlin K. Scarber*
Devlin Scarber (P64532)
Attorney for Corizon Defendants
1441 West Long Lake Rd., Suite 310
Troy, MI 48098
(248) 644-6326
dscarber@chapmanlawgroup.com

### PROOF OF SERVICE

I hereby certify that on October 27, 2022, I presented the foregoing paper to the Clerk of the Court for filing and uploading to the ECF system, which will send notification of such filing to the attorneys of record listed herein and I hereby certify that I have mailed by US Postal Service the document to the involved nonparticipants.

*/s/ Devlin Scarber*
Devlin Scarber (P64532)
1441 W. Long Lake Rd., Suite 310
Troy, MI 48098
(248) 644-6326
dscarber@chapmanlawgroup.com