## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**KOHCHISE JACKSON**,
 Plaintiff,

v.

**CORIZON HEALTH, Inc.,**, et al,
Defendants.

Case No.: 2:19-cv-13382
Hon.: Gershwin A. Drain
Mag.: Patricia T. Morris

---

Laurence H. Margolis (P69635)
Ian T. Cross (P83367)
Attorneys for Plaintiff
214 S. Main St., Suite 200
Ann Arbor, MI 48104
Phone: (734) 994-9590
Email: larry@lawinannarbor.com
Email: ian@lawinannarbor.com

Ronald W. Chapman Sr. (P37603)
Delvin Scarber (P64532)
Jeffrey Bomber Jr. (P85407)
*Chapman Law Group*
Attorneys for Defendants Corizon Health,
Inc. and Keith Papendick, M.D.
1441 West Long Lake Rd., Suite 310
Troy, MI 48098
Phone: (248) 644-6326
Email: rchapman@chapmanlawgroup.com
Email: dscarber@chapmanlawgroup.com

**PLAINTIFF'S RESPONSE TO THE CORIZON DEFENDANTS' "MOTION REQUESTING THAT PRIOR RULINGS AND ORDERS OF THE FORMERLY PRESIDING JUDGE IN THIS MATTER BE REEVALUATED AND REASSESSED IN LIGHT OF THE FORMERLY PRESIDING JUDGE'S RECENT RECUSAL AND ACKNOWLEDGEMENT OF AN INABILITY TO BE IMPARTIAL IN THIS MATTER" [ECF NO. 88]**

i

## TABLE OF CONTENTS

| SECTION | PAGE |
|---|---|
| NO. | |

| | |
|---|---|
| Table of Contents………..……………….……….....………… | ii. |
| Index of Exhibits ………...………………………………………… | iii. |
| Statement of Issues Presented……………………………………… | iv. |
| Controlling or Most Appropriate Authorities………….………… | v. |

### PLAINTIFF'S RESPONSE

| | |
|---|---|
| Preliminary Statement….……...…………………………………....... | 1 |
| I) The Corizon Defendants' Motion is Untimely……..……...……..…. | 8 |
| II) The Corizon Defendants' Motion Would Lack Merit Even if it Were Timely……………………………….……… | 12 |
| Conclusion…………...…………………………….…………….. | 16 |

## **Index of Exhibits**

Ex. 1: *United States v. Kwame,* 2019 U.S. Dist. LEXIS 85768 (E.D. Mich. 2019)

Ex. 2: *Childers v. GM LLC,* 2020 U.S. Dist. LEXIS 49392 (E.D. Mich. 2020)

Ex. 3: *Ackerman v. Washington,* 2021 U.S. Dist. LEXIS 234592 (E.D. Mich. 2021)

Ex. 4: *Williams v. Cheeks,* 2022 U.S. Dist. LEXIS 168716 (E.D. Mich. 2022)

Ex. 5: *United States v. Moore,* 2022 U.S. Dist. LEXIS 76593 (E.D. Mich. 2022)

Ex. 6: *United States v. Jones,* 2022 U.S. Dist. LEXIS 64466 (E.D. Mich. 2022)

Ex. 7: *Alliant Tax Credit Fund 31-A, Ltd. v. Nicholasville Cmty. Hous., LLC,* 2010 U.S. Dist. LEXIS 27348 (E.D. Ky. 2010)

## **Statement of Issues Presented**

1. Should the Corizon Defendants' Motion be Denied as Untimely under E.D. Mich. LR 7.1(h)(2) or Fed. R. Civ. P. 59(e)?

> Plaintiff Answers: **YES**

> Defendants May Answer: **NO**

2. If the Court reaches the merits, should this Court nevertheless deny the Corizon Defendants' request to "reevaluate and reassess" all of Judge Berg's prior rulings in this case, where: (1) Judge Berg's simultaneous recusals in this case and another case involving Defendant Corizon were clearly related to a May 2022 corporate restructuring transaction, not to the details of the underlying tort claims; (2) Judge Berg has not admitted that he is unable to be impartial in a matter involving Corizon or its counsel, and in fact continues to actively preside over such a matter; and (3) there is no basis in this record or Judge Berg's distinguished career to suggest that the public's trust and confidence in the judicial system is undermined by his pre-trial rulings in this case?

> Plaintiff Answers: **YES**

> Defendants May Answer: **NO**

iv

## <u>Controlling or Most Appropriate Authorities</u>

1. *Decker v. G.E. Healthcare, Inc.*, 770 F.3d 378 (6th Cir. 2014)

2. *Ellis v. United States*, 313 F.3d 696 (1st Cir. 2002)

3. *El Fenix de Puerto Rico v. The M/Y Johanny,* 36 F.3d 136 (1st Cir. 1994)

4. *United States v. Kwame,* 2019 U.S. Dist. LEXIS 85768 (E.D. Mich. 2019)

5. *Childers v. GM LLC*, 2020 U.S. Dist. LEXIS 49392 (E.D. Mich. 2020)

v

## **Preliminary Statement**

This case was filed approximately three years ago, on November 15, 2019. (ECF No. 1). The parties exchanged extensive discovery and the pretrial proceedings were vigorously litigated. Dispositive motions were briefed over a year ago, in August and September of 2021. The Corizon Defendants' objections to the Magistrate Judge's recommendation to deny their motion for summary judgment were briefed from December 2021 to January 2022. By April 11, 2022, summary judgment had been granted to the Prime Healthcare Defendants and denied to the Corizon Defendants. All pretrial matters had been completed, and the case was ready to proceed to trial. (ECF No. 76, PageID.2994).

Then, from April 28, 2022 to May 5, 2022, Defendant Corizon Health, Inc. reincorporated itself in Texas, merged with its parent corporation and two subsidiaries, and underwent a novel corporate restructuring maneuver that effectively shifted all of its employees, customers, and assets to a new corporate entity. (ECF No. 89, PageID.3656-3657). On July 20, 2022, once Plaintiff became aware that the named corporate defendant in this case had been stripped of assets, leaving it as little more than a functionally-uninsured, liability-laden, and assetless shell, Plaintiff moved to substitute the new successor corporation (CHS TX, Inc.) and its parent (Yescare Corp.) as party defendants in place of Corizon pursuant to

1

Fed. R. Civ. P. 25(c). (ECF No. 77). On July 26, 2022, undersigned counsel filed a very similar Rule 25(c) motion to substitute parties in another Corizon-related case pending before Judge Berg: *Kelly v. Corizon Health, Inc., et. al,* 2:22-cv-10589.

The Corizon Defendants themselves acknowledged the following with respect to these motions to substitute:

> Plaintiff's Motion to Substitute pertains to Corizon Health, Inc.'s recent corporate restructuring. Plaintiff alleges that there are several improprieties arising out of Corizon's corporate restructuring, which Plaintiff alleges may impact Corizon's ability to satisfy a judgment. **<u>Otherwise, the issues Plaintiff raises have no relevance to the factual and legal issues relevant to Plaintiff's Amended Complaint.</u>**

(ECF No. 79, PageID.3294) (emphasis added).

On August 17th and 18th, CHS TX, Inc. and Yescare Corp. (hereafter, the "YesCare Parties"), appeared in both this action and in the *Kelly* matter. They filed overlength briefs in opposition to the plaintiffs' motions to substitute. (ECF No. 83); (2:22-cv-10589 ECF No. 32). In both cases, the YesCare Parties were not represented by Corizon's current counsel. Rather, their briefs listed five attorneys from two separate firms:  Samuel P. Hershey, Brian Pieffer, Amanda P. Criste, and Jason N. Zakia of White & Case LLP, and Max J. Newman of Butzel Long, P.C. (ECF No. 83, PageID.3367; 2:22-cv-10589 ECF No. 32, PageID.1471). All of these attorneys and both firms had no prior involvement in this litigation.

2

In addition to five new attorneys, two new corporate parties, and a variety of new factual allegations, the series of events at issue in the motions to substitute involved numerous new, otherwise-unrelated individual and corporate participants, none of whom had any contemporaneous involvement in the factual allegations underlying the Plaintiff's claims in this case (which date from the 2016-2019 time period). Persons and entities discussed for the first time in the plaintiffs' motions to substitute, the Yescare Parties' responses, and plaintiffs' reply briefs include:

a) FTI Capital Advisors, LLC, the investment-banking subsidiary of FTI Consulting.[1] (ECF No. 83, PageID.3338). FTI Consulting is a global consulting firm with thousands of employees spread across six continents. Its stock is publicly-traded on the New York Stock Exchange (ticker symbol: FCN).

b)  Perigrove LLC, a Manhattan-based private-equity fund (2:22-cv-10589 ECF No. 34, PageID.1710).

c)  Quest Turnaround Advisors LLC, a consulting firm specializing in Chapter-11 plan administration and distressed-entity restructuring (ECF No. 77, PageID.3024).

---

1  https://capitaladvisors.fticonsulting.com/our-offering/ (accessed 11/6/2022).

3

d) United Staffing Solutions, a Manhattan-based staffing agency that describes itself as, "one of the largest privately-owned businesses in America."[2] (2:22-cv-10589 ECF No. 34, PageID.1710).

e) Various members of the Goldberger family, to wit: Abraham Goldberger, Faigy Goldberger, Moshe Goldberger, Joel Goldberger, Tovia Goldberger, and Mayer Goldberger (2:22-cv-10589 ECF No. 34, PageID.1711). In addition to possessing a diverse array of other significant business interests, the Goldbergers own and control United Staffing Solutions. (2:22-cv-10589 ECF No. 34-5, PageID.1734).

f) Prominent distressed-equity investor, "me-too" activist, and former New York City mayoral candidate Sara Tirschwell (ECF No. 77, PageID.3024).

g) Private-equity executives David Gefner, Isaac Lefkowitz, Michael Flacks, and Jay Leitner (2:22-cv-10589 ECF No. 34, PageID.1711-1712).

h) Tennessee attorney Jennifer Finger (ECF No. 77, PageID.3016).

i) Seven Trade, LLC (2:22-cv-10589 ECF No. 34, PageID.1710).

---

[2]  https://www.unitedstaffingsolutions.net/about-us/ (accessed 11/6/2022).

4

j) M2 LoanCo, LLC (ECF No. 83, PageID.3344).

On August 29, 2022, less than a week after briefing on the motions to substitute was complete, Judge Berg simultaneously recused himself from the *Kelly* case and from this case. Judge Berg signed standard forms entitled "Order Re: Disqualification of Judge," which simply state that: "Pursuant to 28 U.S.C. § 455, I hereby DISQUALIFY myself from the above-styled case." (ECF No. 86, PageID.3635; 2:22-cv-10589 ECF No. 35, PageID.1765). Judge Berg's orders do not state whether his recusals were pursuant to subsection (a) or subsection (b) of § 455.

At the time he issued the simultaneous recusal orders in the *Kelly* and *Jackson* matters, Judge Berg did not vacate any of his prior orders in those cases. He also did not recuse himself from the third Corizon-related matter over which he was presiding: *Glover v. Rivas, et. al.,* 2:19-cv-13406. The Corizon Defendants in *Glover* are represented by Ronald W. Chapman Sr., Devlin Scarber, and Jeffrey Bomber Jr., the same three attorneys who represent the Corizon Defendants in this case. (*See* 2:19-cv-13406 ECF No. 35, ECF No. 42, ECF No. 79). Judge Berg

5

continues to actively preside over the *Glover* matter. He issued a new substantive opinion in that case as recently as October 2, 2022. (2:19-cv-13406 ECF No. 89).

We do not know why Judge Berg recused himself. But whatever circumstance prompted Judge Berg to simultaneously recuse himself in this case and in the *Kelly* matter was likely related to a new (and otherwise-unrelated) fact, participant, attorney, etc. implicated in the dual motions to substitute. If Judge Berg had instead concluded that for some reason, he could not be impartial in a case involving Corizon or its attorneys, he would have been duty-bound to recuse himself in *Glover*. Because he did not, the recusals in *Kelly* and the present matter clearly had nothing to do with any extrajudicial bias against Corizon or its counsel. Similarly, if Judge Berg had believed that whatever circumstance prompted his recusal had also somehow infected his prior opinions and orders in this case with bias, he undoubtedly would have vacated those orders himself.

There is nothing wrong with Judge Berg's decision to recuse himself from these matters prospectively, without vacating his prior orders. The Sixth Circuit has explicitly endorsed partial recusal as an appropriate and lawful case-management technique. *See Decker v. G.E. Healthcare, Inc.,* 770 F.3d 378, 389 (6th Cir. 2014) ("we find that the reasons for questioning judicial impartiality in one "proceeding" of a case do not necessarily obtain in every "proceeding" of that case. *See* 28

6

U.S.C.  § 455(d)(1). Rather, in the appropriate instance, partial recusal serves the interests of case management and judicial economy"). The Corizon Defendants have put forth no evidence to support a claim that Judge Berg has acted contrary to his ethical obligations in handling these cases.

On October 27, approximately two months after the recusal orders were entered, the Corizon Defendants filed the instant, "Motion Requesting that Prior Rulings and Orders of the Formerly Presiding Judge in this Matter be Reevaluated and Reassessed in Light of the Formerly Presiding Judge's Recent Recusal and Acknowledgement of an Inability to be Impartial in this Matter." (ECF No.  88). The Corizon Defendants' thinly-briefed Motion seeks to essentially return this lawsuit to square one, undoing the work product of three years of vigorous litigation to the extreme detriment of both the Plaintiff and the dismissed co-Defendants.

In their Motion, the Corizon Defendants allude to "serious inferences that can be drawn" from Judge Berg's entry of a standard recusal order, and claim that, "Judge Berg now acknowledges that he is unable to be impartial in this matter[.]" (ECF No. 88, PageID.3652). The Corizon Defendants' Motion is untimely, grossly misconstrues 28 U.S.C. § 455, and contains unwarranted and wholly-inappropriate

7

insinuations concerning Judge Berg's judicial temperament and integrity. As the

Honorable Bernard A. Friedman opined when ruling on a similar motion:

> Rather than questioning Judge Edmunds' ethics in handling a case in which
> she later recused herself for the most tenuous of reasons, [movant]'s
> attorneys should examine their own ethics in seeking to take unfair tactical
> advantage of her good will and seizing upon the recusal as an opportunity to
> petition for belated reconsideration of two rulings they did not like.

*Childers v. GM LLC*, 2020 U.S. Dist. LEXIS 49392 at *11 (E.D. Mich. 2020).


## I. The Corizon Defendants' Motion is Untimely

The Corizon Defendants do not specify which federal rule they invoke in

support of their Motion. The Motion could plausibly be construed as a one brought

under Rule 59(e) or under Rule 60(b). *See Alliant Tax Credit Fund 31-A, Ltd. v.

Nicholasville Cmty. Hous., LLC*, 2010 U.S. Dist. LEXIS 27348 (E.D. Ky. Mar. 22,

2010); *Howard v. Magoffin County Bd. of Educ.*, 830 F.Supp 2d 308, 319 (E.D. Ky.

2012). Alternatively, because it was filed in the Eastern District of Michigan, it can

be construed as a motion brought pursuant to E.D. Mich. LR 7.1(h). *See Papas v.

Buchwald Capital Advisors, LLC (In re Greektown Holdings, LLC)*, 728 F.3d 567,

574 (6th Cir. 2013).

If this is a Rule 59(e) motion, it is untimely as a matter of law. Motions

brought pursuant to Rule 59(e) must be filed within twenty-eight days of the date

8

of entry of the challenged order. Fed. R. Civ. P. 59(e). Courts are precluded from equitably tolling the time to file a Rule 59(e) motion, and are prohibited "from calculating the timeliness of a Rule 59(e) motion based on any date other than the date on which the relevant final order or judgment was entered." *Keith v. Bobby*, 618 F.3d 594, 598 (6th Cir. 2010). Per Fed. R. Civ. P. 6(b)(2), the "period [for filing a Rule 59(e) motion] **may not be enlarged under any circumstances**." *Keith*, 618 F. 3d at 599 (6th Cir. 2010) (quoting *Kelley v. St. Paul Fire & Marine Ins. Co.*, 856 F.2d 194, 1988 WL 89342 at *3 (table)) (emphasis added). The instant Motion was filed on October 27, 2022, fifty-nine days after entry of Judge Berg's recusal order, and two-hundred and ten days after entry the order adopting Magistrate Judge Morris' Report and Recommendation to deny summary judgment. Because the Motion was brought more than twenty-eight days after the entry of any order that it could conceivably seek to vacate or modify, including the recusal order, relief is not available under Rule 59(e).

However, "a motion untimely under Rule 59(e) may still be considered as a motion under Fed. R. Civ. P. 60(b)." *Gallow v. Jones,* 2005 U.S. Dist. LEXIS 34172 at *3 (W.D. Mich. 2005) (citing *Peake v. First Nat'l Bank & Trust Co. of Marquette*, 717 F.2d 1016, 1020 (6th Cir. 1983)). But Rule 60(b) is similarly of no use to the Corizon Defendants, because it applies only to final judgments. "Since a

9

denial of summary judgment is an interlocutory order requiring further proceedings, it cannot be a final judgment, and relief under Rule 60(b) is not available." *Carter v. Robinson*, 211 F.R.D. 549, 550 (E.D. Mich. 2003).

That leaves E.D. Mich. LR 7.1(h)(2) as the best procedural fit for the Corizon Defendants' Motion.[3] In this District, "Eastern District of Michigan Local Rule 7.1(h) governs motions for rehearing or reconsideration of non-final orders." *Williams v. Cheeks,* 2022 U.S. Dist. LEXIS 168716 at *1 (E.D. Mich. 2022). But LR 7.1(h)(2) also contains a filing deadline that the Corizon Defendants did not meet. As recently amended, Local Rule 7.1(h)(2) provides:

> Motions for reconsideration of non-final orders are disfavored. They must be filed within 14 days after entry of the order and may be brought only upon the following grounds:
>
>> (A) The court made a mistake, correcting the mistake changes the outcome of the prior decision, and the mistake was based on the record and law before the court at the time of its prior decision;
>>
>> (B) An intervening change in controlling law warrants a different outcome; or
>>
>> (C) New facts warrant a different outcome and the new facts could not have been discovered with reasonable diligence before the prior decision.

---

3 E.D. Mich. LR 7.1(h)(3) provides that no response is permitted to a motion for reconsideration under LR 7.1(h), unless the Court orders otherwise. However, since the Corizon Defendants have not styled their Motion as a "Motion for Reconsideration," cited LR 7.1(h), or specified any procedural basis under which they seek relief, Plaintiff files this response out of an abundance of caution.

10

Assuming, *arguendo*, that the 14-day time limit mandated by LR 7.1(h)(2) runs from the date of the recusal order, rather than from the date of the underlying non-final order that the Corizon Defendants seek to attack, the Motion was still filed forty-five days late. Courts in this District enforce the time limitation imposed by Local Rule 7.1(h) and routinely decline to entertain untimely motions to reconsider non-final orders. *See, e.g. In re FCA US LLC Monostable Elec. Gearshift Litig.*, 340 F.R.D. 251, 255 (E.D. Mich. 2022); *Williams v. Cheeks*,  2022 U.S. Dist. LEXIS 168716 at *2 (E.D. Mich. 2022); *United States v. Jones*, 2022 U.S. Dist. LEXIS 64466 at *3-*4 (E.D. Mich. 2022); *United States v. Moore*, 2022 U.S. Dist. LEXIS 76593 at *2 (E.D. Mich. 2022). While the Court may extend the time to file a LR 7.1(h) motion for "excusable neglect," an unexplained month-long delay, commencing *after* the date the party became aware of the basis for its motion, does not constitute excusable neglect. *See Ackerman v. Washington,* 2021 U.S. Dist. LEXIS 234592 at *2-*3 (E.D. Mich. 2021). In this case, the delay between the date the movants became aware of the basis for their Motion and the date of filing was fifty-nine days. This is nearly twice the delay at issue in *Ackerman*. Where an opposing party properly objects to the untimeliness of a LR 7.1(h) motion, "it must be denied on this basis alone," <u>including when the motion is premised on 28</u>

11

U.S.C. § 455. *See United States v. Kwame*, 2019 U.S. Dist. LEXIS 85768 at *3 (E.D. Mich. 2019).

## II. The Corizon Defendants' Motion Would Lack Merit Even if it Were Timely

The Corizon Defendants' Motion alludes to "serious inferences that can be drawn" from Judge Berg's recusal order, and asserts:

> "***the fact that Judge Berg now acknowledges that he is unable to be impartial in this matter*** does create the appearance that prior decisions or rulings may have been impacted by an inability to be impartial and, at the very least, is contrary to preserving the public's faith in the judicial process."

(ECF No. 88, PageID.3652) (emphasis added).

Judge Berg's entry of standard recusal orders in the *Jackson* and *Kelly* cases, which do not even specify whether the recusal is entered under § 455(a) or § 455(b), do not amount to a confession by Judge Berg that he is "unable to be impartial." Recusal under 28 U.S.C. § 455(b) may be required in a variety of benign and common circumstances, regardless of the judge's actual ability to be impartial. Such circumstances include "personal knowledge of disputed evidentiary facts," 28 U.S.C. § 455(b)(1), relevant ownership of stock or other legal or equitable interests, "however small," 28 U.S.C. § 455(d)(4), and the existence of financial or other interests held by family members within the third degree of affinity. *See* 28 U.S.C. § 455(b)(4); § 455(b)(5). These prohibitions often "result[] in recusal in

12

cases where the interest is too small to sway even the most mercenary judge[.]" *Union Carbide Corp. v. U.S. Cutting Serv.*, 782 F.2d 710, 714 (7th Cir. 1986). However, "occasionally silly results may be an acceptable price to pay for a rule that is both straightforward in application and spares the judge from having to make decisions under an uncertain standard apt to be misunderstood." *Id*.

The Corizon Defendants' assertion that the standard recusal order entered in this case constitutes an admission by Judge Berg that he is "unable to be impartial" is thus a gross misrepresentation of the recusal statute. Judge Berg has not confessed that he is unable to be impartial. There are no "serious inferences" to be drawn, and there is nothing in the vigorously-litigated pretrial record in this case that causes Plaintiff or his counsel to question Judge Berg's impartiality during the proceedings to date. Judge Berg's rulings, including those that were adverse to Plaintiff, have been measured, thoughtful opinions that demonstrate both careful consideration of the parties' arguments and dispassionate application of the law. *See, e.g.,* ECF No. 32, PageID.628 (rejecting Plaintiff's argument that *Kingsley v. Hendrickson* applies outside of the excessive-force context, and dismissing Plaintiff's claim against Defendant Dr. Kraus).

There is no reason to doubt that Judge Berg's handling of the *Kelly* and *Jackson* matters has been lawful and ethical in all respects. This includes his

13

decision not to give his recusal orders retroactive effect. Partial recusal has been explicitly endorsed by the Sixth Circuit and other Circuits; the practice does not violate § 455. *See Decker v. G.E. Healthcare, Inc.*, 770 F.3d 378, 389 (6th Cir. 2014); *accord. Ellis v. United States*, 313 F.3d 696, 642 (1st Cir. 2002) ("we therefore hold that Judge Freedman's partial recusal was a valid exercise of judicial authority"); *El Fenix de Puerto Rico v. The M/Y Johanny,* 36 F.3d 136, 142 (1st Cir. 1994) ("[b]oth the need for finality and a common-sense aversion to frittering scarce judicial resources militate against an inflexible rule invalidating all prior actions of a judge disqualified under § 455(a)").

Nor would any well-informed, objective observer draw the inference that Judge Berg's prior rulings in this case were tainted with actual bias. When aware that Judge Berg's simultaneous recusals in the *Kelly* and *Jackson* matters came on the heels of a pair of Rule 25(c) motions to substitute, that those motions concerned a May 2022 corporate restructuring transaction that had little or nothing to do with the underlying tort claims, and that Judge Berg has continued presiding over another, similar tort claim against the same corporate defendant represented by the same defense counsel, any reasonable observer would conclude that the recusals were related to the 2022 corporate restructuring transaction and not to the details of the *Kelly* and *Jackson* tort claims. Since the 2022 corporate restructuring

14

had not even occurred at the time Judge Berg issued his prior orders in this case, it could not have had any effect on his decisional process.

Even Corizon's attorneys themselves do not appear to actually believe that Judge Berg is (or was) incapable of applying the law fairly and impartially in a matter involving them or their clients. To date, the Corizon Defendants have not filed a motion to disqualify Judge Berg in *Glover,* or asked Judge Berg to vacate any of his prior orders in that case. They are in no rush to vacate Judge Berg's March 15, 2021 Opinion and Order in *Glover* granting in part their Motion to Dismiss, (2:19-cv-13406 ECF No. 58), which dismissed with prejudice all but one of Richard Glover's various constitutional and statutory claims against their clients.

By filing this Motion, the Corizon Defendants are merely "seeking to take unfair tactical advantage of [Judge Berg's] good will and seizing upon the recusal as an opportunity to petition for belated reconsideration of two rulings they did not like." *Childers v. GM LLC,* 2020 U.S. Dist. LEXIS 49392 at *11 (E.D. Mich. 2020). As they have not put forth a scintilla of evidence to support a belief that Judge Berg acted contrary to what ethics demand in his handling of the pretrial proceedings in this matter, their Motion should be denied.

15

## <u>CONCLUSION</u>

**WHEREFORE,** in light of the foregoing reasons, Plaintiff Jackson, through counsel, respectfully requests that Defendant Corizon Health's "Motion Requesting that Prior Rulings and Orders of the Formerly Presiding Judge in this Matter be Reevaluated and Reassessed in Light of the Formerly Presiding Judge's Recent Recusal and Acknowledgement of an Inability to be Impartial in this Matter" (ECF No. 88) be **DENIED** in all respects.

*/s/ Ian T. Cross*
Ian T. Cross (P83367)
Laurence H. Margolis (P69635)
Attorneys for Plaintiff
402 W. Liberty St.
Ann Arbor, MI 48103
Phone: (734) 994-9590
Email: larry@lawinannarbor.com
Email: ian@lawinannarbor.com

16

**<u>Certificate of Service</u>**

I hereby certify that on November 10, 2022, I electronically filed the foregoing

paper with the Clerk of Court using the ECF system which will send notification of

such filing to all ECF participants.

*<u>/s/ Ian T. Cross</u>*
Ian T. Cross (P83367)
Laurence H. Margolis (P69635)
Attorneys for Plaintiff
402 W. Liberty St.
Ann Arbor, MI 48103
Phone: (734) 994-9590
Email: <u>larry@lawinannarbor.com</u>
Email: <u>ian@lawinannarbor.com</u>

17