

Neutral
As of: November 10, 2022 6:56 PM Z

# Childers v. GM LLC

United States District Court for the Eastern District of Michigan, Southern Division

March 23, 2020, Decided; March 23, 2020, Filed

Civil Action No. 16-CV-14428; Civil Action No. 20-CV-10081

**Reporter**
2020 U.S. Dist. LEXIS 49392 *; 2020 WL 1333323

DENISE CHILDERS, Plaintiff, vs. GENERAL MOTORS LLC, Defendant.

**Subsequent History:** Summary judgment granted by *Childers v. GM LLC, 2021 U.S. Dist. LEXIS 119873 ( E.D. Mich., June 28, 2021)*

**Prior History:** *Childers v. GM LLC, 2017 U.S. Dist. LEXIS 157315 ( E.D. Mich., Sept. 26, 2017)*

## Core Terms

recused, district judge, orders, retaliated, summary judgment, reconsideration, pre-recusal, confidence, questioned, injustice, vacate

**Counsel:** For Denise Childers, Plaintiff: Jeffrey M. Thomson, Mayer Morganroth [*1] , Morganroth & Morganroth, PLLC, Birmingham, MI United Sta.

For General Motors Company LLC, General Motors LLC, Defendants: Alexis A. Martin, Michael David Mitchell, Ogletree Deakins Nash Smoak and Stewart, PC, Houston, TX; Margaret C. Alli, Ogletree Deakins, Birmingham, MI.

**Judges:** HON. BERNARD A. FRIEDMAN, SENIOR UNITED STATES DISTRICT JUDGE.

**Opinion by:** BERNARD A. FRIEDMAN

## Opinion

### OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM PRE-RECUSAL ORDERS and ORDER DISMISSING PLAINTIFF'S STATE-LAW CLAIMS IN 20-10081 WITHOUT PREJUDICE

This matter is presently before the Court on plaintiff's "motion for relief from pre-recusal orders pursuant to *Rule 60*" [docket entry 136]. Defendant has responded and plaintiff has replied. Pursuant to *E.D. Mich. LR 7.1(f)(2)*, the Court shall decide this motion without a hearing.

This matter consists of two consolidated cases. In both, plaintiff Denise Childers alleges that her employer, defendant General Motors LLC ("GM"), has violated her rights under certain civil rights statutes. In 16-14428, commenced in December 2016, plaintiff alleged initially that defendant discriminated and retaliated against her based on her race and age in violation [*2] of *Michigan's Elliott-Larsen Civil Rights Act ("ELCRA")* (Count I) and *Title VII* (Count II), that defendant discriminated and retaliated against her based on her age in violation of the *Age Discrimination in Employment Act* (Count III), and that defendant failed to accommodate her mental impairment in violation of the *Americans with Disabilities Act* (Count IV). Judge Nancy G. Edmunds, to whom the case was assigned, dismissed the ELCRA claims without prejudice in February 2017 pursuant to *28 U.S.C. § 1367(c)*. Neither party sought reconsideration of that ruling, and the parties proceeded to engage in extensive discovery regarding plaintiff's remaining claims. In May 2018, with the Court's permission, plaintiff filed an amended complaint, in which she added a claim that defendant discriminated and retaliated against her based on her race in violation of *42 U.S.C. § 1981*.

In November 2018, at the close of a lengthy period of discovery, defendant filed a motion for summary judgment. In February 2019, the Court granted that motion as to all of plaintiff's claims except for her retaliation claims based on the allegedly adverse acts that followed the filing of her EEOC complaint. Plaintiff filed a motion for reconsideration, which the Court denied in September 2019.

On December 17, 2019, Judge Edmunds conducted a telephonic status conference with counsel [*3] and

informed them that she had a social relationship with the parents of one of plaintiff's attorneys. Counsel indicate that Judge Edmunds offered to recuse herself. Defendant accepted the offer, Judge Edmunds recused herself, and the matter was reassigned on December 18.[1]

On December 20, 2019, plaintiff filed a complaint in Wayne County Circuit Court alleging that defendant discriminated and retaliated against her based on her race in violation of the ELCRA (Count I) and *§ 1981* (Count II). In January 2020, defendant removed that case to this Court, where it was assigned case number 20-10081 and then consolidated with 16-14428.

In February 2020, plaintiff filed the motion now before the Court "for relief from pre-recusal orders pursuant to *Rule 60*." Plaintiff states:

> 3. Prior to her recusal, Judge Edmunds made two material substantive rulings. First, she dismissed Plaintiff's state law discrimination claims, which were based upon the exact same underlying facts as Plaintiff's federal claims, sua sponte on the basis that it was not appropriate for the Court to exercise supplemental jurisdiction over those claims. R. No. 10, Pg ID 53-54. Second, Judge Edmunds granted summary judgment in [*5] favor of Defendant, General Motors LLC ("GM"), with respect to all of Plaintiff's claims except for her claims that GM retaliated against her for filing a complaint with the Equal Opportunity Employment Commission. R. No. 120, Pg ID 5804. Plaintiff filed a motion for reconsideration outlining several clear errors of fact and law made by Judge Edmunds in connection with her ruling on GM's Motion for Summary Judgment, but reconsideration was denied without any detailed explanation or analysis. R. No. 127, Pg ID 5892-5893.
>
> 4. Judge Edmunds' rulings should be reviewed by this Court de novo in order to maintain the public's trust and confidence in the judicial system.

Pl.'s Mot. ¶¶ 3-4.

Plaintiff bases her request primarily on *Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 108 S. Ct. 2194, 100 L. Ed. 2d 855 (1988)*. In that case, the district judge, who was a member of the board of trustees of Loyola University, heard and decided a case in which Loyola had a financial interest. His decision benefitted Loyola. *Id. at 850*. Upon learning that the judge sat on Loyola's board of trustees, the non-prevailing party sought to vacate the judgment on the grounds that the judge should have disqualified himself pursuant to *28 U.S.C. § 455(a)*.[2] The district judge denied this request, but the Fifth Circuit reversed. In [*6] affirming the Fifth Circuit, the Supreme Court stated that the trial judge should have disqualified himself as soon as he became aware Loyola had an interest in the case because "an objective observer would have questioned [his] impartiality." *Id. at 861*. Addressing the question of the appropriate relief, the Court stated:

---

[1] In recusing herself, Judge Edmunds used a form order that states: "A review of the record has revealed cause for recusal of the undersigned district judge. Pursuant to *28 U.S.C. § 455(a)*, the Clerk is hereby directed to reassign this matter by blind draw to another district judge for further proceedings." *See* docket entry 131 in 16-14428. Plaintiff indicates that the recusal order came about as follows:

> On December 17, 2019, Judge Edmunds held a telephonic status conference. During that conference she made a statement to the effect that she socialized with Mr. Thomson's parents, did not want GM to be blindsided by that, and would recuse herself if GM wished. Sometime during the next few days, GM apparently made an ex-parte request that Judge Edmunds recuse herself. On December 20, 2019, the Court entered an Order of Recusal, and this case was reassigned to Judge Friedman. R. No. 131, Pg ID 5898. On December 22, 2019, Lisa Bartlett, Judge Edmunds' case manager, circulated an e-mail to all counsel of record stating that "Attorney Alli, asked that Judge Edmunds recuse herself from the case. The case has been reassigned to Judge Friedman."

Pl.'s Br. in Supp. at 4. The referenced "Mr. Thomson" is one of plaintiff's attorneys, Jeffrey Thomson. Defendant confirms this account:

> During a telephonic conference on December 17, 2019 to select trial dates, Judge Edmunds disclosed to defense counsel her long-standing social friendship with Plaintiff's counsel's [*4] parents. Given the upcoming trial, Judge Edmunds offered to recuse herself and invited GM to let the Court's Case Manager know if the case should be reassigned. In the abundance of caution, GM accepted Judge Edmunds' invitation to recuse herself from presiding over the upcoming trial.

Def.'s Resp. at 1.

[2] *Section 455(a)* states: "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."

We conclude that in determining whether a judgment should be vacated for a violation of § 455(a), it is appropriate to consider the risk of injustice to the parties in the particular case, the risk that the denial of relief will produce injustice in other cases, and the risk of undermining the public's confidence in the judicial process. We must continuously bear in mind that "to perform its high function in the best way justice must satisfy the appearance of justice."

Id. at 864 (quoting In re Murchison, 349 U.S. 133, 136, 75 S. Ct. 623, 99 L. Ed. 942 (1955)). The Court also noted that "it is critically important in a case of this kind to identify the facts that might reasonably cause an objective observer to question [the judge's] impartiality." Id. at 865.

Plaintiff also cites Barksdale v. Emerick, 853 F.2d 1359, 1362 (6th Cir. 1988). In Barksdale, the district judge granted summary judgment for defendants and denied a post-judgment motion for recusal despite the fact that he was personally acquainted with two of the defendants [*7] and the judge's law clerk was the son of another of the defendants. Id. at 1361. The court of appeals concluded that the district judge had not made a proper record regarding the nature of his, and his law clerk's, relationship with the defendants. It remanded the case with these instructions:

After conducting a hearing in which there is "full disclosure on the record of the basis for disqualification," the Court below should consider the waiver and recusal issues. These issues concerning the propriety of the action of the District Judge in adjudicating the case logically precede the adjudication of the case on the merits. The litigant is entitled to the decision of a judge eligible to preside. Therefore, after properly considering the issues under § 455, and making findings and conclusions thereon, the District Judge below, or if he be recused, another District Judge to whom the case may be transferred, shall reconsider the merits of the case.

Id. at 1362.

Plaintiff also cites Demodulation, Inc. v. United States, 114 Fed. Cl. 655 (2014). In that case, the trial judge to whom the case was initially assigned managed the case for twenty-seven months before recusing herself, apparently on the grounds that she was acquainted with one of plaintiff's witnesses. Id. at 656. When the case [*8] was reassigned, plaintiff filed a motion under the Court of Claims' counterpart of Fed. R. Civ. P. 60(b)(6) to vacate two rulings the previous judge had made on the parties' motions to dismiss and for partial summary judgment. In granting the motion, the court stated:

Upon full consideration of the parties' positions, the Court concludes that if the orders of the now-recused judge were allowed to stand, Plaintiff could one day wonder whether the outcome of the case was influenced by a judge who later recused herself from the case. Given the Federal Circuit's strict application of disqualification requirements in *Shell Oil, supra*, Plaintiff's counsel raises the specter of incurring the time and expense to pursue this case to completion, only to have the appellate court rule that the case must begin anew. Thus, the safest course is to vacate Judge Braden's substantive orders because "justice must satisfy the appearance of justice." Liljeberg, 486 U.S. at 864, 108 S.Ct. 2194. So that no questions remain about the appearance of Judge Braden's partiality, as unlikely as that possibility seems, the Court chooses to start with a clean slate. Accordingly, Plaintiff's motion to vacate is GRANTED.

Id. at 657.

No one questions the importance of "avoid[ing] even the appearance of partiality." [*9] Liljeberg, 486 U.S. at 860 (quoting Health Servs. Acquisition Corp. v. Liljeberg, 796 F.2d 796, 802 (5th Cir. 1986)). Obviously out of an extreme abundance of caution, Judge Edmunds recused herself in this matter, at defendant's request, after she disclosed that she socializes not with plaintiff and not with plaintiff's counsel, but with plaintiff's counsel's parents. This relationship to the case is so insignificant and attenuated that Judge Edmunds had no duty to disclose it, to say nothing of having to recuse herself on this basis, as no "reasonable person with knowledge of all the facts would conclude that [her] impartiality might reasonably be questioned." United States v. Adams, 722 F.3d 788, 837 (6th Cir. 2013). In this regard it is telling that plaintiff never asked Judge Edmunds to recuse herself despite her attorneys being aware of Judge Edmunds' relationship with Mr. Thomson's parents, as they surely must have been. Presumably plaintiff's attorneys knew of this relationship but were unconcerned about it, as Judge Edmunds is well known in the Detroit legal community, and beyond, for her impeccable ethics and commitment to fairness. For plaintiff now to claim that her rulings must be

reviewed "in order to maintain the public's trust and confidence in the judicial system" is, to put it mildly, beyond the pale.

Although she had no duty [*10] to do so, Judge Edmunds has recused herself, and the issue now is whether either party in this matter is entitled to have any of the rulings she made, during the three-year period she presided over 16-14428, reviewed and possibly overturned. The Court has no difficulty answering this question in the negative. While the court elected to do so in *Demodulation*, there is no basis for granting such relief in the present case. As the Supreme Court noted in *Liljeberg*, "it is critically important in a case of this kind to identify the facts that might reasonably cause an objective observer to question [the judge's] impartiality," *id. at 865*, and there are no such facts in the present case.

Further, consideration of the three factors identified by the Supreme Court in *Liljeberg* does not lead to the conclusion that Judge Edmunds' rulings should be revisited. The first is "the risk of injustice to the parties in the particular case," *id. at 864*, and in the present case this risk is nonexistent. In *Liljeberg* the judge had a direct financial interest in the outcome of the case, and in *Barksdale* the judge was personally acquainted with two of the defendants and the judge's law clerk was the son of another defendant. By contrast, Judge Edmunds' personal contact [*11] was so far removed from the parties and the subject matter of the case that it could not have had any influence — or even appeared to have had any influence — on her rulings.

The second and third *Liljeberg* factors - "the risk that the denial of relief will produce injustice in other cases, and the risk of undermining the public's confidence in the judicial process," *id.* - are nonexistent as well. There is, simply put, no risk of injustice in this or in other cases, and the public's confidence in the judicial process is not undermined by keeping Judge Edmunds' rulings in place in a case in which she had no duty to recuse herself.

Plaintiff has failed to demonstrate any basis for reviewing or altering any of Judge Edmunds' rulings. Rather than questioning Judge Edmunds' ethics in handling a case in which she later recused herself for the most tenuous of reasons, plaintiff's attorneys should examine their own ethics in seeking to take unfair tactical advantage of her good will and seizing upon the recusal as an opportunity to petition for belated reconsideration of two rulings they did not like.

For these reasons, the Court shall deny plaintiff's motion for relief from pre-recusal orders. [*12] To maintain consistency with Judge Edmunds' orders, the Court shall also dismiss without prejudice plaintiff's ELCRA claims in 20-10081. Plaintiff is free to pursue her ELCRA claims in state court. Accordingly,

IT IS ORDERED that plaintiff's motion for relief from pre-recusal orders pursuant to *Rule 60* is denied.

IT IS FURTHER ORDERED that plaintiff's state-law claims (Count I) in 20-10081 are dismissed without prejudice pursuant to *28 U.S.C. § 1367(c)*.

/s/ Bernard A. Friedman

BERNARD A. FRIEDMAN

SENIOR UNITED STATES DISTRICT JUDGE

Dated: March 23, 2020

Detroit, Michigan

**End of Document**