

Neutral
As of: November 10, 2022 7:07 PM Z

# United States v. Jones

United States District Court for the Eastern District of Michigan, Northern Division

April 6, 2022, Decided; April 6, 2022, Filed

Case No. 1:19-cr-20693

**Reporter**
2022 U.S. Dist. LEXIS 64466 *; 2022 WL 1037300

UNITED STATES OF AMERICA, Plaintiff, v. TARIK OMAR JONES, Defendant.

**Prior History:** *United States v. Jones, 2021 U.S. Dist. LEXIS 99998, 2021 WL 2156195 ( E.D. Mich., May 27, 2021)*

## Core Terms

reconsideration motion, dashcam, arresting, orders, motion to suppress, prior decision, new facts, Non-Final, video, cuts, credibility determinations, officer's testimony, intervening change, arresting officer, controlling law, credibility, handcuffed, inspection, warranting, handcuffs, forensic, firearm, parties, argues, pistol

**Counsel:** [*1] For Tarik Omar Jones, Defendant: Federal Community Defender, LEAD ATTORNEY, Federal Community Defender, Flint, MI; Ebony L. Ellis, LEAD ATTORNEY, Law Offices of Alan Crawford, PLLC, Saginaw, MI.

For United States of America, Plaintiff: Tim M. Turkelson, LEAD ATTORNEY, U.S. Department of Justice, Bay City, MI.

**Judges:** Honorable Thomas L. Ludington, United States District Judge.

**Opinion by:** Thomas L. Ludington

## Opinion

### OPINION AND ORDER DENYING DEFENDANT'S SECOND MOTION FOR RECONSIDERATION

This matter is before this Court on Defendant's Second Motion for Reconsideration. ECF No. 51. As explained hereafter, Defendant's Motion will be denied.

I.

In October 2019, Defendant Tarik Omar Jones was pulled over in Saginaw, Michigan for failing to yield at a stop sign. Police searched him during the stop and discovered a semiautomatic pistol. Defendant was indicted later that month on one count of being a felon in possession of a firearm, *18 U.S.C. §§ 922(g)(1)*, *924(e)*. ECF No. 1.

In May 2020, Defendant filed a motion to suppress the pistol, arguing, among other things, that he did not consent to the search. ECF No. 16. Due to an audio malfunction on the arresting officer's dashcam, there was no physical evidence of what Defendant said after the arresting officer [*2] approached his vehicle. Consequently, this Court had to make a credibility determination.

After hearing counsel's rigorous examination of Defendant and the arresting officer, this Court denied Defendant's motion. ECF No. 35. Based on the visible indicia of credibility and Defendant's admission that he lied to officers about possessing a firearm, this Court found Defendant's testimony less credible than the arresting officer's. *See id.* at PageID.180-81.

Shortly after his motion to suppress was denied, Defendant retained new counsel and filed a motion for reconsideration claiming that this Court erred by not ordering a forensic inspection of the arresting officer's dashcam. ECF No. 38 at PageID.194. His Motion was denied because (1) he had access to the dashcam video for months and never requested a forensic inspection, (2) there was no evidence of foul play, and (3) this Court was entitled to make a credibility determination based on the testimony. ECF No. 40 at PageID.201-202.

Nine months have passed since then, and Defendant

has filed *another* Motion for Reconsideration. ECF No. 51. This time, he argues that the arresting officer's testimony contradicts the dashcam evidence. *Id.* at PageID.283. [*3] Specifically, Defendant claims that if the officer asked for and received his consent before handcuffing him, the dashcam audio would have recorded the exchange. *Id.* at PageID.283 (claiming that "[t]he audio in the video cuts out as Defendant was placed into handcuffs").

II.

In this District, motions for reconsideration of nonfinal orders are governed by Local Rule 7.1(h), which provides:

> **(2) Non-Final Orders**. Motions for reconsideration of non-final orders are disfavored. They must be filed within 14 days after entry of the order and may be brought only upon the following grounds:
>
>> **(A)** The court made a mistake, correcting the mistake changes the outcome of the prior decision, and the mistake was based on the record and law before the court at the time of its prior decision;
>>
>> **(B)** An intervening change in controlling law warrants a different outcome; or
>>
>> **(C)** New facts warrant a different outcome and the new facts could not have been discovered with reasonable diligence before the prior decision.

[E.D. Mich. LR 7.1(h)(2)](#).

Defendant's motion will be denied for two reasons. First, his motion is untimely. Despite the Local Rules' 14-day deadline, Defendant filed his second motion for reconsideration more than *ten months* after this Court's [*4] order. During that time, the parties sought (and received) five trial adjournments without even a whisper of another suppression motion. *See* ECF Nos. 41; 44; 47; 49; 50. Defendant attempts to explain this delay by noting, in a footnote, that the parties "utilized th[at] span of time to discuss and wrangle with issues in which courts typically decline to engage." *Id.* at PageID.281 n.2. True as that might be, it does not explain why Defendant waited nine months to file a second motion for reconsideration. Nor does it explain why this Court should deviate from the Local Rules.

Second, Defendant's motion has not shown either (1) a mistake in this Court's order, (2) an intervening change in controlling law, or (3) the existence of new facts warranting a different outcome. *See* [E.D. Mich. LR 7.1(h)(2)](#). Defendant argues that, based on the dashcam evidence, this Court mistakenly gave his testimony less credence than the arresting officer's. ECF No. 51 at PageID.284-85. But this Court watched the dashcam video during the hearing and heard cross-examination on the officer's timeline. *See* ECF No. 42 at PageID.225, 232-35. Simply put, Defendant's claim that the audio cuts out "as [he] [is being] placed into handcuffs" [*5] is misleading. ECF No. 51 at PageID.283. The time between when the audio cuts out and when Defendant is handcuffed is brief but not immediate. In other words, the dashcam evidence does not render the arresting officer's testimony "a factual impossibility." ECF No. 51 at PageID.285.

III.

Accordingly, it is **ORDERED** that Defendant's Second Motion for Reconsideration, ECF No. 51, is **DENIED**.

Dated: April 6, 2022

/s/ Thomas L. Ludington

THOMAS L. LUDINGTON

United States District Judge

---

**End of Document**