## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

KOCHISE JACKSON

      Plaintiff,

v.

CORIZON HEALTH, INC., *et al.*

      Defendants,

Case No.: 2:19-cv-13382
District Judge: Gershwin A. Drain
Magistrate Judge: Patricia T. Morris

---

| | |
|---|---|
| Margolis, Gallagher & Cross | HACKNEY ODLUM & DARDAS |
| Lawrence H. Margolis (P69635) | Thomas G. Hackney (P81283) |
| Ian T. Cross (P83367) | Connor McLaughlin (P83229) |
| *Attorneys for Plaintiff* | *Attorneys for Keith Papendick, M.D.* |
| 214 S. Main St., Ste. 200 | 10850 E. Traverse Hwy, Ste. 4440 |
| Ann Arbor, MI 48104 | Traverse City, MI 49684 |
| (734) 994-9590 | (231) 642-5026 |
| larry@lawinannarbor.com | thackney@hodlawyers.com |
| ian@lawinannarbor.com | cmclaughlin@hodlawyers.com |
| | |
| | BUTZEL LONG |
| | Max J. Newman (P51483) |
| | *Attorneys for YesCare Corp. and* |
| | *CHS TX, Inc.* |
| | 41000 Woodward Ave |
| | Bloomfield Hills, MI 48304 |
| | 248.258.2907 |
| | newman@butzel.com |

---

## DEFENDANT KEITH PAPENDICK, MD'S
## MOTION TO STAY PROCEEDINGS 90 DAYS

NOW COMES Defendant Keith Papendick, MD by and through his attorneys, Hackney Odlum & Dardas, and for his Motion to Stay Proceedings 90 Days, states as follows:

1.      This is a lawsuit brought pursuant to 42 USC §1983 alleging violations of Plaintiff's Eighth Amendment Rights.

2.      Dr. Papendick is a former employee of Corizon Health Inc. His employment with Corizon ended on or about September 30, 2021, when Corizon's contract to provide prison healthcare services for the Michigan Department of Corrections (MDOC) terminated.

3.      In May 2022, Corizon Health Inc. underwent a Texas divisional merger and split into two companies: CHS TX, Inc. and Corizon Health Inc. CHS TX, Inc. was assigned all the assets and employees of the prior company; Corizon Health, Inc. was assigned all liabilities related to terminated contracts, including its contract with MDOC. This included liability for defending and indemnifying Corizon employees such as Defendant Papendick.

4.      The new Corizon Health Inc. at some point changed its name to Tehum Care Services and filed for Chapter 11 bankruptcy in the Bankruptcy Court for the Southern District of Texas on February 16, 2023. The case is proceeding before Judge Christopher M. Lopez and is assigned Case No. 23-90086.

5.     On February 17, 2023, Chapman Law Group, former counsel for Defendants Corizon and Papendick, filed a suggestion of bankruptcy. (ECF No. 97). On March 9, 2023, Defendants Corizon and Papendick moved for a 120 day stay and their counsel moved to withdraw.  The Court held a hearing on June 12, 2023 to discuss the bankruptcy and its effect on this case and the pending motions. (**ECF No. 99**). The Court granted in part Defendants Corizon and Papendick's motions and allowed Chapman Law Group to withdraw as counsel.

6.     Chapman Law Group informed Dr. Papendick that he needed to find new counsel. Attorneys Thomas Hackney and Connor McLaughlin of Hackney Odlum & Dardas appeared as counsel on behalf of Dr. Papendick on June 28, 2023 (**ECF No. 101; ECF No. 102**).

7.     Defendant Papendick has entered an appearance in the Corizon bankruptcy proceedings as an unsecured creditor and has filed his proof of claim. Through undersigned counsel, Dr. Papendick is actively investigating and pursuing his rights with respect to defense and indemnification. However, as of this date, Dr. Papendick has no coverage for defense and indemnification. Pending certain outcomes in the bankruptcy proceeding, Defendant Papendick may be unjustly forced to cover the cost of defense and indemnification in this lawsuit with his own funds.

8.     As part of its representation of Defendant, Hackney Odlum & Dardas has attended various creditor meetings and hearings in the bankruptcy proceedings. The automatic stay remains in place for Corizon Health, Inc./Tehum Care Services. The

bankruptcy court has declined ruling on motions to extend the automatic stay to non-Corizon defendants while other matters, including mediation and the submission of a bankruptcy plan, are determined. Neither Defendant Papendick nor this case have been specifically named in any motion to extend the automatic stay.

9.      There was an omnibus hearing on discovery and other issues on June 13, 2023, as well as a continuation of the section 341 creditors meeting. Counsel for Defendant Papendick appeared for the creditors meeting, which was a three-hour meeting to discuss Tehum Care Services various filings and financial documents. Tehum Care Services still needs to make further amendments and additions, so the meeting was continued to July 21, 2023 at 1:00pm CT.

10.     The Bankruptcy Court originally ordered mediation to be completed by July 31, 2023, but has extended that deadline to the end of August. Upon information and belief, a mediation with insurance providers occurred in July 2023 and mediation with YesCare, Corp and other potential sources of funds occurred August 22-24, 2023. The representatives for Dr. Papendick and other former Corizon employees were not allowed to attend either mediation. The mediator for both was Judge David Jones. (Ex. A, Doc 603 in Bankruptcy Case). The August mediation was attended by representatives for Tehum Care Services, YesCare, Corp., its Debtor in Possession (DIP) lender, representatives from the Unsecured Creditors Committee, and various other entities.

11.     There was a status conference on August 25, 2023 before Bankruptcy Judge Lopez. At this conference, counsel for Tehum stated that the mediation parties had reached an agreement. Counsel for Tehum and the Unsecured Creditors Committee stated their intention to file a joint plan of liquidation on or before September 25, 2023. They are unwilling to share any details of this plan with creditors before this date, nor are they willing to share even the core terms of the agreement that was reached during the August mediation. Counsel for the Unsecured Creditors Committee stated that there would be "a significant recovery for creditors" but did not state what amount, if any, unsecured creditors like Dr. Papendick would receive for defense and indemnity costs.

12.     On June 30, 2023, thirty-seven creditors, including Dr. Papendick , filed a motion to appoint a Chapter 11 Trustee over the case. (Bankruptcy Court Docket No. 731). If granted, an independent trustee would be appointed to manage Tehum's affairs and may affect the defense and indemnity of former employees such as Dr. Papendick. That motion was heard on September 5, 2023 and denied by the Court after an evidentiary hearing. (Bankruptcy Court Docket No. 932).

13.     On June 8, 2023, Tehum Care Services motioned the Bankruptcy Court to extend the Filing Exclusivity and Solicitation Exclusivity Periods by 90 days; from June 13 and August 12, 2023 to September 11 and November 10, 2023, respectively. (Bankruptcy Docket No. 664). The undersigned are not bankruptcy attorneys, but it is their understanding that Tehum would have to file a chapter 11 plan by September 11 and be able to solicit votes for it exclusively until November 10. This motion was

granted. (Bankruptcy Document 761). At the August 25 status conference, counsel for Tehum indicated they would file a motion to extend this period again, and did so on August 28, 2023 (Bankruptcy Document 902). The new filing exclusivity period would be until October 11, 2023 and the new solicitation exclusivity period would be until January 9, 2024. Responses to Tehum's motion are due by September 18, 2023.

14.    The anticipated timeline, according to Tehum's counsel, would be as follows:

   a. September 25, 2023 – a Joint Liquidation Plan will be filed

   b. October 5[1]- Solicitation packages sent out to creditors.  This would be followed by a 60-day period to allow creditors, including former Corizon employees and plaintiffs in suits against them, to approve or reject the liquidation plan

   c. Late-December - Hearing to enter bankruptcy plan (if approved)

15.    Thus, there will not be a proposed liquidation plan until roughly September 25, 2023, with approval of that plan coming months later.

16.    The deadline for filing proofs of claim in the bankruptcy matter was August 14, 2023. Defendant Papendick filed an individual proof of claim. (Ex. B- Papendick Proof of Claim)

---

[1] Certain creditors orally objected to this proposed timeline as it does not comply with an alleged 28-day review period before solicitation is sought, which may push all of these dates back three to four weeks later.

17.     In light of the above, a 90-day stay of this case is warranted and necessary. Dr. Papendick is unable to meaningfully participate in settlement negotiations or prepare for a trial in this matter without knowing whether all, some, or none of the expense is his personal responsibility. Even if the Tehum estate provides funds for defense and indemnity, Dr. Papendick will not receive it until late-December/early-January at the earliest.

18.     When ruling on a motion to stay, the Court considers three factors: "(1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative ligation if the cases are in fact consolidated." *Sierra Club v. Korleski*, 2010 WL 2302374 (SD OH, June 8, 2010); citing *Martin v Heideman*, 106 F.3d 1308, 13119 6th Cir. 1997).

19.     FRCP 16(C)(2)(L) allows for the Court to "adopt special procedures for managing potentially difficult or protracted actions that may involve complex issues, multiple parties, difficult legal questions, or unusual problems."

20.     The automatic stay remains in place for Corizon Health Inc. and Defendant Papendick has unresolved coverage issues that would prevent him from effectively litigating and/or resolving this case.

21.     Allowing this case to continue against Defendant Papendick would result in undue hardship and inequity to him, particularly in light of the uncertainties surrounding his defense and indemnification.

22.     Hackney Odlum & Dardas have sought and received similar extensions of the initial stay or new stays in other cases affected by the Corizon bankruptcy on behalf of other clients in the Eastern District of Michigan. See e.g.:

    a.  *Kirschke v Corizon Health Inc.*, 4:19-cv-13788;

        i.  Extended on August 31, 2023

    b.  *Pearson v Michigan Department of Corrections*, 2:19-cv-10707;

        i.  Extended on August 17, 2023

    c.  *Pope v Corizon Health,* 2:19-cv-10870;

    d.  *Shelton v Oaks,* 2:21-cv-11614;

    e.  *McElhaney v Washington,* 5:21-cv-13021 (Pending order).

    f.  *Glover v Rivas*, 2:19-cv-13406 (Pending Order)

    g.  *Lyles v Papendick, 2*:19-cv-10673;

    h.  *Cook v Schad*, 1:22-cv-00629 (WD-MI)

    i.  *Straughter v Price,* 4:22-cv-10856;

23.     Defendant Papendick has sought concurrence in this matter under Local Rule 7.1(a) with plaintiff and co-defendants. Counsel indicated that Defendant Papendick's motion will not be opposed.

WHEREFORE, for the reasons set forth above, Defendant Papendick requests this Honorable Court grant his Motion to Stay Proceedings and stay all proceedings in this matter for a minimum of ninety (90) days.

Respectfully

**HACKNEY ODLUM & DARDAS**

Dated:  September 13, 2023

By:_____
Thomas G. Hackney (P81283)
Connor A. McLaughlin (P83229)
Attorneys for Dr. Papendick
10850 E. Traverse Hwy. Ste. 4440
Traverse City, MI 49684
(231) 642-5026
thackney@hodlawyers.com
cmclaughlin@hodlawyers.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN**

KOCHISE JACKSON

      Plaintiff,

v.

CORIZON HEALTH, INC., *et al.*

      Defendants,

Case No.: 2:19-cv-13382
District Judge: Gershwin A. Drain
Magistrate Judge: Patricia T. Morris

| | |
|---|---|
| Margolis, Gallagher & Cross | HACKNEY ODLUM & DARDAS |
| Lawrence H. Margolis (P69635) | Thomas G. Hackney (P81283) |
| Ian T. Cross (P83367) | Connor McLaughlin (P83229) |
| *Attorneys for Plaintiff* | *Attorneys for Keith Papendick, M.D.* |
| 214 S. Main St., Ste. 200 | 10850 E. Traverse Hwy, Ste. 4440 |
| Ann Arbor, MI 48104 | Traverse City, MI 49684 |
| (734) 994-9590 | (231) 642-5026 |
| larry@lawinannarbor.com | thackney@hodlawyers.com |
| ian@lawinannarbor.com | cmclaughlin@hodlawyers.com |
| | |
| | BUTZEL LONG |
| | Max J. Newman (P51483) |
| | *Attorneys for YesCare Corp. and* |
| | *CHS TX, Inc.* |
| | 41000 Woodward Ave |
| | Bloomfield Hills, MI 48304 |
| | 248.258.2907 |
| | newman@butzel.com |

**BRIEF IN SUPPORT OF
DEFENDANT PAPENDICK'S
MOTION TO STAY PROCEEDINGS 90 DAYS**

    Defendant Papendick relies on the facts and legal support set forth in the accompanying Motion.

WHEREFORE, for the reasons set forth above, Defendant Dr. Papendick requests this Honorable Court grant his Motion to Stay Proceedings and stay all proceedings in this matter for a minimum of ninety (90) days.

Respectfully

**HACKNEY ODLUM & DARDAS**

Dated:  September 13, 2023

By:_____
Thomas G. Hackney (P81283)
Connor A. McLaughlin (P83229)
Attorneys for Dr. Papendick
10850 E. Traverse Hwy. Ste. 4440
Traverse City, MI 49684
(231) 642-5026
thackney@hodlawyers.com
cmclaughlin@hodlawyers.com

## CERTIFICATE OF SERVICE (E-FILE)

I hereby certify that on the 13th day of September 2023, I electronically filed the

attached *Motion to Stay Proceedings* together with this Certificate of Service with the

Clerk of the Court using the ECF system, which will serve copies on counsel.


Dated:  September 13, 2023          By:_____
                                   Thomas G. Hackney (P81283)
                                   Hackney Odlum & Dardas
                                   Attorneys for Dr. Papendick