# **EXHIBIT E**

**Diana Murray**

**From:** Adam Masin <Adam.Masin@bowmanandbrooke.com>
**Sent:** Wednesday, June 18, 2025 2:44 PM
**To:** Ian T. Cross <ian@lawinannarbor.com>; Laurence H. Margolis <larry@lawinannarbor.com>
**Cc:** Rachel Weil <Rachel.Weil@bowmanandbrooke.com>; Sunny Rehsi <Sunny.Rehsi@bowmanandbrooke.com>; Dwan Sanders <Dwan.Sanders@bowmanandbrooke.com>
**Subject:** Jackson: Meet and confer regarding CHS TX

Counsel,

Please consider this our effort to meet and confer in the hopes of avoiding having to litigate the following issue:

We contend that the following evidence and/or argument is inadmissible at trial in the *Jackson* case (and in all opt-out cases):

**Any evidence and/or argument that CHS TX, Inc. ("CHS") is or can be liable for the acts or omissions of Corizon Health Inc. ("Corizon") or Corizon's former employees or agents, or that these entities or individuals were attempting to avoid liability to Plaintiff or others, based on allegations or claims of *fraud, fraudulent transfer, alter ago, or veil piercing* relating to or arising from the Plan of Divisional Merger, the *In re Tehum* Chapter 11 petition, the Bankruptcy proceeding, the Plan, and/or any acts, transactions, or agreements related to the above, including any effort to argue a fraudulent or improper intent or motive relating to the above acts, transactions, or agreements.**

Such evidence and argument is inadmissible at trial because all of the above claims are Estate Causes of Action under the Plan and belong exclusively to the Trusts created therein.  As an opt-out PI/WD Claimant, Plaintiff does not have standing to pursue these Estate Causes of Action now that the Plan is effective, and is enjoined from doing so.  We note that there is no pleading that asserts any such claims or allegations against CHS or Corizon, and that the Court's Rule 25(c) Order was based only on a "mere continuation" theory.  We also note that the Bankruptcy Court retained exclusive jurisdiction to decide any issues related to the Plan.  Although this objection relates to Plaintiff's lack of standing under the Plan, we reserve the right to assert additional objections should it become necessary.

If you agree to enter a stipulation that you will not introduce any evidence or argument, as set forth in the proposed stipulation below, there will be no need to litigate this issue prior to trial.  If you dispute any material part of this issue and we cannot come to a resolution before *motions in limine* are due, we will

take all appropriate actions necessary to enforce the Plan in the Bankruptcy Court and in the District Court.

For purposes of clarity, this objection does not implicate Plaintiff's attempt to demonstrate that CHS has successor liability for Corizon's conduct under a "mere continuation" theory under applicable law.  CHS agrees that the Plan permits Plaintiff the opportunity argue a "mere continuation" theory of successor liability, which does not involve any allegations of improper or fraudulent conduct.   CHS disputes that it is a "mere continuation" of Corizon and will address that issue again at appropriate time.  This objection is also not intended to prevent Plaintiff from introducing the above-identified documents at trial if they are otherwise admissible.  CHS reserves all of its objections as to admissibility of any document.  However, nothing herein should be interpreted to mean that any of the evidence or argument in bold above is admissible, or that Plaintiff has standing to introduce such evidence or argument.

Please let me know if you will agree to the below stipulation:

**Plaintiff and the Defendants stipulate that the following evidence and argument is <u>not</u> admissible at trial:**

**Any evidence and/or argument that CHS TX, Inc. is or can be liable for the acts or omissions of Corizon Health Inc. or Corizon's former employees or agents, or that these entities and individuals were attempting to avoid liability to Plaintiff or others,** *based on fraud, fraudulent transfer, alter ago, or veil piercing theories* **relating to or arising from the Plan of Divisional Merger, the** *In re Tehum* **Chapter 11 petition, the Bankruptcy proceeding, the Plan, and/or any acts, transactions, or agreements related to the above, including any effort to argue a fraudulent or improper intent or motive relating to the above acts, transactions, or agreements.**

**Plaintiff and Defendants further stipulate:**

**Nothing herein precludes Plaintiff from attempting to introduce admissible evidence or argument or that CHS TX, Inc. is a "mere continuation" of Corizon Health, Inc.  Defendants preserve all objections not set forth in this stipulation.**

Please let us know your position.

Thanks,
Adam


**Adam Masin**
Partner
P +1 646-914-6790 | M +1 212-495-9641
Adam.Masin@bowmanandbrooke.com

