UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KOHCHISE JACKSON,

       Plaintiff,                          Case No. 19-cv-13382

-vs-                                      Hon. Gershwin A. Drain

CHS TX, INC., *et al.*,

       Defendants.

LAWRENCE H. MARGOLIS (P69635)
IAN T. CROSS (P83367)
**MARGOLIS, GALLAGHER & CROSS**
Attorneys for Plaintiff
214 S. Main St., Ste. 200
Ann Arbor, MI 48104
(734) 994-9590
larry@lawinannarbor.com
ian@lawinannarbor.com

JONATHAN R. MARKO (P72450)
MICHAEL L. JONES (P85223)
**MARKO LAW, PLLC**
Co-counsel for Plaintiff
220 W. Congress, 4th Floor
Detroit, Michigan 48226
P: (313) 777-7529 / F: (313) 470-2011
jon@markolaw.com
michael@markolaw.com

THOMAS G. HACKNEY (P81283)
**HACKNEY ODLUM & DARDAS**
Attorney for Keith Papendick, M.D.
10850 E. Traverse Hwy., Ste. 4440
Traverse City, MI 49684
(231) 642-5057
thackney@hodlawyers.com

ADAM MASIN
SUNNY REHSI (P80611)
**BOWMAN AND BROOKE LLP**
Attorney for CHS TX, Inc.
101 W. Big Beaver Rd., Ste. 1100
Troy, MI 48084
(248) 205-3300
Adam.masin@bowmanandbrooke.com
Sunny.rehsi@bowmanandbrooke.com

# **PLAINTIFF'S MOTION FOR WRIT TO ORDER APPEARANCE OF INMATE LARRY DARNELL COWAN**

1

NOW COMES Plaintiff, **KOHCHISE JACKSON**, by and through his attorneys, **MARKO LAW, PLLC**, and for his Motion for Writ to Order Appearance of Inmate Larry Darnell Cowan, states as follows:

1. Larry Darnell Cowan, a key witness in the upcoming trial in this matter, is currently in custody of the Michigan Department of Corrections at Muskegon Correctional Facility (2400 S. Sheridan Dr, Muskegon, MI 49442).

2. Plaintiff seeks a writ of this Honorable Court ordering the Michigan Department of Corrections to produce Inmate Larry Darnell Cowan (Inmate No. 847990) to give testimony at trial.

3. Mr. Cowan is a necessary witness in the upcoming trial and will greatly assist jurors in understanding the issues in this case.

4. One of the claims Plaintiff has brought against Defendants is a *Monell* claim.

5. "A plaintiff raising a municipal liability claim under § 1983 must demonstrate that the alleged federal violation occurred because of a municipal policy or custom. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). A plaintiff can make a showing of an illegal policy or custom by demonstrating one of the following: (1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the

existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance or acquiescence of federal rights violations." *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013).

6. Plaintiff must therefore show some policy, practice, or pattern on the part of Defendants that violated Plaintiff's constitutional rights.

7. As noted by this Court, "Plaintiff's main argument seems to be under theory (1): he alleges that Corizon had an internal policy to 'repeatedly and intentionally den[y] colostomy reversals to various Michigan prisoners' in order to save money." **ECF No. 73, PageID.2984-2985.**

8. This Court has already recognized the importance of the testimony of other inmates to this *Monell* claim made by Plaintiff:

> There are also two affidavits from MDOC prisoners, one who had a colostomy reversal approved only after suffering severe complications, and one who has to this day never had the reversal surgery done and has been told more than once that "a request to reverse a functional colostomy would never be approved." Exs. 36, 37, ECF No. 66. These examples fit the pattern of the alleged policy to not approval colostomy reversals if the colostomy is generally functioning, thereby avoiding the cost of the offsite procedure.

*Id.* **at PageID.2987.**

9. Mr. Cowan lived with a colostomy bag for **five years** after being denied colostomy reversal surgery by Defendants, and was forced to live with the consequences of being refused surgery, just as Plaintiff has in this case.

3

10. Mr. Cowan's testimony is, thus, critical to Plaintiff's ability to establish for the jury a clear pattern and policy of refusal to allow surgery to prisoners who need it.

11. This Court should accordingly compel the Michigan Department of Corrections to produce him to give testimony at trial.

12. Mr. Cowan may appear via Zoom in lieu of live testimony if necessary.

13. In accordance with Local Rule 7.1, counsel for Plaintiff contacted counsel for the Defendants and sought concurrence in this motion. Concurrence was refused.

WHEREFORE, for the reasons more fully set forth in the attached brief, Plaintiff respectfully requests this Honorable Court grant Plaintiff's Motion for Writ to Order Appearance of Inmate Larry Darnell Cowan, and that Mr. Cowan be produced to give testimony either in-person or virtually via Zoom.

Respectfully submitted,

*/s/ Jonathan R. Marko*
Jonathan R. Marko (P72450)
Attorney for Plaintiff
**MARKO LAW, PLLC**
220 W. Congress, 4th Floor
Detroit, MI 48226
P: (313) 777-7529 / F: (313) 771-5785
Date: July 8, 2025   Email: jon@markolaw.com

4

## **TABLE OF CONTENTS**

Concise Statement of Issues Presented...……………………….……………ii

Controlling or Most Appropriate Authority……………………….……………iii

Law and Argument....................................................................................1

Relief Requested .......................................................................................1

i

## CONCISE STATEMENT OF ISSUES PRESENTED

I. Whether this Honorable Court should issue a writ to require the Michigan Department of Corrections produce inmate Larry Darnell Cowan (Inmate No. 847990) to give testimony at trial.

**Plaintiff states: Yes.**

**This Court should state: Yes.**

ii

# **CONTROLLING OR MOST APPROPRIATE AUTHORITY**

## **Statutes**

28 U.S.C. § 2241(c)(5)

## **Cases**

*King v. Curtis*, No. 1:14-cv-403, 2017 U.S. Dist. LEXIS 224794 (W.D. Mich. July 3, 2017

*Alexander v. Hoffman*, No. 4:16-cv-12069, 2019 U.S. Dist. LEXIS 148212, (E.D. Mich. Aug. 30, 2019)

## LAW AND ARGUMENT

Inmate Larry Darnell Cowan is a necessary witness in this matter, whose testimony will greatly assist jurors in understanding and making determinations about the issues in this case, as outlined in the foregoing Motion. This Honorable Court has "has discretion to issue a writ to require the prison authorities to produce" an incarcerated witness. *King v. Curtis*, No. 1:14-cv-403, 2017 U.S. Dist. LEXIS 224794, at *3 (W.D. Mich. July 3, 2017). "This court may grant a writ of habeas corpus if it is necessary to bring a prisoner into court to testify or for trial.'" *Alexander v. Hoffman*, No. 4:16-cv-12069, 2019 U.S. Dist. LEXIS 148212, at *1 (E.D. Mich. Aug. 30, 2019) (internal punctuation and quotation omitted) (quoting 28 U.S.C. § 2241(c)(5)).

## RELIEF REQUESTED

WHEREFORE, for the reasons more fully set forth in the attached brief, Plaintiff respectfully requests this Honorable Court grant Plaintiff's Motion for Writ to Order Appearance of Inmate Larry Darnell Cowan, and that Mr. Cowan be produced to give testimony either in-person or virtually via Zoom.

    Respectfully submitted,

    */s/ Jonathan R. Marko*
    Jonathan R. Marko (P72450)
    Attorney for Plaintiff
    **MARKO LAW, PLLC**

1

Date: July 8, 2025

220 W. Congress, 4th Floor
Detroit, MI 48226
P: (313) 777-7529 / F: (313) 771-5785
Email: jon@markolaw.com

**PROOF OF SERVICE**

The undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each attorney of record on **July 8, 2025** via:

☐ U.S. Mail  ☐ Fax
☐ Hand Delivered  ☐ Overnight Carrier
☐ Certified Mail  ☐ Other: _____
☒ ECF System  ☐ Email

*/s/Mackenzie S. Kell*

2