UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| KOHCHISE JACKSON,<br><br>      Plaintiff,<br><br>v.<br><br>CHS TX, INC., et al.,<br><br>      Defendants | Case No.: 2:19-cv-13382-GAD-PTM<br><br>U.S. DISTRICT COURT JUDGE<br>      GERSHWIN A. DRAIN |

**DEFENDANTS CHS TX, INC. AND
KEITH PAPENDICK, M.D.'S AMENDED EMERGENCY MOTION
PURSUANT TO FED. R. CIV. P. 16(b)(4) TO CONTINUE
<u>THE AUGUST 18, 2025 TRIAL DATE</u>**

Defendants CHS TX, Inc. ("CHS") and Keith Papendick, M.D., by and through counsel, pursuant to Fed. R. Civ. P. 16(b)(4), LR 40.02 and in accordance with LR 7.1, move this Honorable Court for an Emergency Order to continue the August 18, 2025 trial date of this case for a period of no less than six months in light of two separate substantive legal issues that arose in the last week, or such other time thereafter as would be convenient for the Court. As set forth more fully in the accompanying Memorandum of Law, good cause exists for this modification of the Court's Amended Scheduling Order because:

1.    Last week, Plaintiff's counsel disclosed *for the first time* that Plaintiff has been undergoing treatment at Henry Ford Hospital for gastrointestinal issues

32136167

*since last summer* and that he was diagnosed *nine months ago* with ulcerative colitis, a serious, chronic disease of the colon.  This core medical issues in this case are about the Plaintiff's colon, and Defendants have a right to know how these previously undisclosed medical issues may impact its case.  Defendants require additional time to complete the required investigation, discovery, and expert review.

Defendants are withdrawing the portions relating to the Bankruptcy Court issue previously identified in its Emergency Motion to Adjourn (ECF No. 124). The Bankruptcy Court resolved the jurisdictional and standing issue on June 8, 2025. The remaining portion of the Emergency Motion to Adjourn relating to the need for discovery to Plaintiff's previously undisclosed medical history remains an active issue that is the subject of the Motion. The Court Ordered Plaintiff's to file a Response by July 9, 2025 and Defendants' to file a Reply by July 11, 2025 (ECF No. 125). This Amended Motion is being file to narrow down the issues before the Court.

Good cause exists because these are both substantive legal issues, CHS has timely raised both issues and not previously asked for a continuance for any reason, and as the Memo of Law explains, Plaintiff cannot claim prejudice because Plaintiff is the reason these issues exist.

Pursuant to LR 7.1, the undersigned counsel certifies that on June 27, 2025, the parties met and conferred about potentially moving the trial date out for six

months so both sides could obtain new medical records of Plaintiff and conduct discovery. Plaintiff did not agree to a stipulation.

Accordingly, Defendants CHS TX, Inc. and Keith Papendick, M.D. respectfully request that this Court enter an Emergency Order in the form provided, continuing the scheduled August 18, 2025 trial of this case for a period of no less than six months, or until such time as the parties reasonably agree that the pre-trial requirements and trial can be rescheduled.

Dated:  July 8, 2025                                  Respectfully submitted,

**BOWMAN AND BROOKE LLP**

By:  /s/*Sunny Rehsi*
Sunny Rehsi (P80611)
Attorneys for Defendant CHS TX, Inc.,
d/b/a YesCare and Keith Papendick, M.D.
101 W. Big Beaver Road., Suite 1100 Troy, MI 48084
248.205.3300
sunny.rehsi@bowmanandbrooke.com

Adam Masin (Admitted 5/1/2025)
Attorneys for Defendants CHS TX, Inc.,
d/b/a YesCare and Keith Papendick, M.D.
750 Lexington Avenue
New York, NY 10022
646.914.6790
adam.masin@bowmanandbrooke.com

32136167                                                 3

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| KOHCHISE JACKSON, | |
| Plaintiff, | Case No.: 2:19-cv-13382-GAD-PTM |
| v. | U.S. DISTRICT COURT JUDGE GERSHWIN A. DRAIN |
| CHS TX, INC., et al., | |
| Defendants | |

### DEFENDANTS CHS TX, INC. AND KEITH PAPENDICK, M.D.'S BRIEF IN SUPPORT OF ITS AMENDED EMERGENCY MOTION TO CONTINUE THE AUGUST 18, 2025 TRIAL DATE

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................... ii

STATEMENT OF ISSUES PRESENTED............................................................ iii

CONTROLLING OR MOST APPROPRIATE AUTHORITY ............................ iv

INTRODUCTION .....................................................................................................1

FACTUAL BACKGROUND....................................................................................2

    A.    Plaintiff's Failure to Disclose Plaintiff's Colon Disease
or Treatment ........................................................................................2

ARGUMENT .............................................................................................................5

    I.    Good Cause Exists to Continue The Trial Date Based On
The Need For Discovery Into Plaintiff's Previously
Undisclosed Colon Condition .............................................................5

CONCLUSION..........................................................................................................9

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Anstead v Virginia Mason Med Ctr*,
  No. 221CV00447JCCJRC, 2022 WL 10404496 (WD Wash, October 18, 2022)..................................................................................................5, 10

*Brooks v Caterpillar Glob. Mining Am, Inc*,
  No. 4:14-CV-00022-JHM, 2017 WL 1424804 (WD Ky, April 20, 2017).............................................................................................................7, 8

*Howard v. J&B. Hauling, Inc., et al.*,
  No. 22-993, 2024 WL 912491 (E.D. La. Mar. 4, 2024) ..........................................6

*Inge v Rock Fin Corp*,
  281 F3d 613 (CA 6, 2002) .....................................................................................9

*Uselmann v Pop*,
  No. 19-13652, 2024 WL 4235468 (ED Mich, September 19, 2024)................9, 10

**Rules**

Fed. R. Civ. P. 16(b)(4)................................................................................ 1, 5, 11

## **STATEMENT OF ISSUES PRESENTED**

Whether CHS TX, Inc. and Keith Papendick, M.D.'s emergency motion to adjourn the trial for six months should be granted?

| | |
|---|---|
| CHS TX, Inc.'s Answer: | Yes |
| Keith Papendick, M.D.'s Answer: | Yes |
| Plaintiff's Answer: | No |
| The Court should Answer: | Yes |

## **CONTROLLING OR MOST APPROPRIATE AUTHORITY**

- *Brooks v Caterpillar Glob. Mining Am, Inc*, No. 4:14-cv-00022-JHM, 2017 WL 1424804 (WD Ky, April 20, 2017)

- Fed. R. Civ. P. 16(b)(4)

- E.D. Michigan Local Rule 40.2

- E.D. Michigan Local Rule 7.1

# INTRODUCTION

Defendants request that the Court continue the August 18, 2025 trial date for six months because of two material, substantive legal issues that arose in the last week, including Plaintiff's informing Defendants on June 25, 2025, for the first time, that Plaintiff has been treating for GI issues and a serious, chronic colon disease *since last summer*. Good cause exists for this request pursuant to Fed. R. Civ. P. 16(b)(4) because this issue makes proceeding on the current date impossible and fundamentally unfair, CHS has not previously requested a continuance, and Plaintiff cannot be prejudiced because both of these issues are their own doing. Accordingly, for good cause established by the reasons discussed further below, and pursuant to Fed. R. Civ. P. 16(b)(4), Defendants move for an Emergency Order continuing the upcoming August 18, 2025 trial date for a minimum of six months, to allow them to accomplish the necessary investigation, discovery and expert review this new medical information requires.

# FACTUAL BACKGROUND

### A.  Plaintiff's Failure to Disclose Plaintiff's Colon Disease or Treatment

As the Court is aware, this case involves allegations that Defendants Corizon Health, Inc. ("Corizon") and Keith Papendick, M.D. violated Plaintiff's constitutional rights by not approving his request for a surgical reversal of his colostomy in April of 2017.  Plaintiff had the colostomy in the first place because of a diseased colon.  The Court last held a status conference on May 5, 2025, which was the first appearance after the Court added CHS as a defendant in this case and the first where CHS's current counsel appeared.  At the conference, the Court set out an Amended Scheduling Order providing that the parties must submit motions *in limine* by July 30, 2025 and that trial will begin on August 18, 2025.  Amended Scheduling Order dated May 6, 2025, ECF No. 119.

Although Defendants now know that Plaintiff had been treating for a serious, chronic colon disease since at least the summer prior to conference, Plaintiff failed to disclose this medical condition or treatment to Defendants prior to the May 5 conference—and not even until this week.  Five years ago, in 2020, Corizon and Dr. Papendick served Plaintiff with their First Set of Interrogatories and Request for Production of Documents.  Interrogatory No. 1 sought the identities of all medical providers who provided Plaintiff with any type of medical care from the year 2000 through the present.  *See* **Exhibit A**, Defendants Corizon Health, Inc. and Keith

Papendick, M.D.'s First Set of Interrogatories and Request for Production of Documents to Plaintiff.  Plaintiff responded to Defendants' discovery requests on November 9, 2020.  See **Exhibit B**, Plaintiff's Response to Defendants Corizon Health, Inc. and Keith Papendick, M.D.'s First Set of Interrogatories and Request for Production of Documents to Plaintiff.  In the almost-five ensuing years, notwithstanding his ongoing duty to supplement his responses, Plaintiff never provided additional information in response to Interrogatory No. 1, or otherwise served Defendants will any information about Plaintiff's medical condition.

On June 24, 2025, counsel for CHS TX, Inc. and Dr. Papendick emailed Plaintiff's counsel with the following request: "Pursuant to your duty to supplement your responses, please provide us with the identities of any additional medical providers or facilities that have treated Plaintiff for any gastrointestinal issue, illness, disorder, or concern since . . . you responded to the Interrogatories."  See **Exhibit C**, Email from Rachel Weil, Esq. to counsel for Plaintiff dated June 24, 2025.  Plaintiff's counsel responded the next day, July 25, stating, "Mr. Jackson tells me he has treated at Henry Ford Hospital – Gastroenterology since last summer.  He is being treated by Cheryl Casico, NP.  He also saw Dr. Tingting Xiong at Henry Ford [Hospital] for a colonoscopy in October of 2024.  His complaints were abdominal cramping and bloody stool, and he was diagnosed with ulcerative colitis.  We have not obtained the medical records for the Henry Ford treatment."  See **Exhibit D**, Email from Ian Cross

32136167                                                              3

to Rachel Weil dated June 25, 2025.

Ulcerative colitis is a severe, chronic, autoimmune disease of the colon. It can significantly affect the life of a patient who suffers from it.[1] It is facially obvious that the diagnosis, course, and treatment of this colon disease has potential implications for both liability and damages in this case. Because Plaintiff failed to disclose this information to Defendants, Defendants do not possess any records of Plaintiff's medical treatment since (at least) last summer, have not deposed any of the treating physicians, have not had an opportunity to depose Plaintiff about these issues and potentially any other relevant medical care that remains undisclosed over the last five years, have not had their experts review this newly-learned information, and have been unable to assess how this information may impact Plaintiff's case or any defenses. Defendants cannot possibly complete these tasks in the six weeks remaining before trial – indeed, record collection alone may take longer than that – and they will suffer significant and irreparable prejudice if they are not afforded the time they need to complete this investigation and discovery.

---

[1] https://www.thisislivingwithuc.com/?cmp=170311080361&utm_source=MICROSOFT&utm_medium=paidsearch&pid=Condition&utm_term=Ulcerative%20Colitis%20Info&network=o&gclid=650f97b948f111e5d24fffe7a8b53de5&gclsrc=3p.ds&msclkid=650f97b948f111e5d24fffe7a8b53de5

# ARGUMENT

I. **Good Cause Exists to Continue The Trial Date Based On The Need For Discovery Into Plaintiff's Previously Undisclosed Colon Condition**

Defendants—and the Court—were completely unaware that Plaintiff had been treating for a serious, chronic colon disease for the better part of the prior year when the Court set the current schedule at the May 5, 2025 status conference. Had Plaintiff disclosed that fact prior to the conference (or until now), Defendants and the Court obviously would have taken that into consideration when deciding when the case might be trial ready. Under Rule 16(b)(4) of the Federal Rules of Civil Procedure, "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4) "[T]he discovery of new evidence . . . is an archetypical example of a matter" establishing good cause for modification of a scheduling order. *Anstead v Virginia Mason Med Ctr*, No. 221CV00447JCCJRC, 2022 WL 10404496, at *2 (WD Wash, October 18, 2022) (internal punctuation and citation omitted). Specifically, when new medical evidence is disclosed in a case involving the plaintiff's medical condition, courts routinely extend deadlines, including trial dates, to permit the extensive investigation and discovery such newly-discovered evidence demands.

In *Howard v. J&B. Hauling, Inc., et al.*, No. 22-993, 2024 WL 912491 (E.D. La. Mar. 4, 2024), for example, Plaintiff's counsel informed Defendants, shortly before trial, of Plaintiff's new medical diagnosis. The Court extended the trial date,

holding:

> Plaintiff's untimely disclosure of Dr. Oberlander's new diagnosis and surgery recommendation days before the March 4, 2024 trial is not harmless, as Defendants will be prejudiced from the inability to evaluate this new evidence and prepare a defense. . .. Defendants will require additional time for their medical experts to evaluate these new opinions and potentially depose Dr. Oberlander ahead of trial. A continuance of the trial date in this matter and a re-opening of discovery to allow the parties to conduct discovery related to medical damages will cure the prejudice Defendants face.

*Howard*, 2024 WL 912491, at *2. That is precisely the situation here.

Similarly, in *Brooks v Caterpillar Glob. Mining Am, Inc*, No. 4:14-CV-00022-JHM, 2017 WL 1424804 (WD Ky, April 20, 2017), Plaintiffs supplemented their discovery responses, long after the close of discovery, with information that implicated the plaintiff's medical condition. At the same time, they disclosed supplemental expert opinions considering the information. The court commented:

> The Court appreciates that the [plaintiffs] want to proceed to trial on May 22, 2017. However, the [plaintiffs' last minute supplementations have substantially increased the amount of damages they are claiming. Clearly, CGMA will be unduly prejudiced if it proceeds to trial without having an adequate opportunity to conduct discovery related to the supplementations as well as have its own experts prepare responses to the supplemental opinions issued by the Brooks' experts.

*Brooks*, 2017 WL 1424804, at *3. The court acknowledged that defendant would require, *inter alia*, a medical examination and supplemental deposition of the plaintiff, depositions of medical providers, and depositions of Plaintiffs' experts. *Id.* The court concluded, "Clearly, the appropriate remedy is to continue the trial date

and establish new scheduling order deadlines that will allow the parties adequate time to accomplish these tasks." *Id.* at 4.

Plaintiff's belated disclosure has created identical requirements for Defendants here. As they state in their email, Plaintiff's attorneys do not have – and so cannot provide – the records of Plaintiff's ulcerative colitis diagnosis and his treatment to date for this serious disease. Defendants must collect these records themselves, identify and depose medical providers, provide all relevant information to their experts, possibly schedule an updated deposition and IME of Plaintiff, serve supplemental expert reports, and contemplate any rebuttal expert testimony served by Plaintiff. This information has implications for motions *in limine* addressed to expert testimony, evidentiary issues, and each element of Plaintiff's claims and any defenses. In sum, Plaintiff's year-long treatment and ulcerative colitis diagnosis, just revealed to Defendants, requires investigation, written discovery, depositions, and supplemental expert opinions that cannot be accomplished for many months, much less before the deadlines running up to the August 18, 2025 trial date.

This Court has emphasized that "the primary measure of good cause is the moving party's diligence in attempting to comply with the court's scheduling order." *Uselmann v Pop*, No. 19-13652, 2024 WL 4235468, at *2 (ED Mich, September 19, 2024) (Drain, J.) (internal punctuation omitted), *citing Inge v Rock Fin Corp*, 281 F3d 613, 625 (CA 6, 2002). In this case, present counsel for CHS and Dr. Papendick

only assumed these representations in April 2025. *See* Appearance of Sunny Rehsi dated April 4, 2025, ECF No. 117. Since that time, counsel have worked diligently to analyze the file in advance of the May 5 conference, have taken three depositions of Plaintiff's since-disclosed so-called "non-retained experts," prepared for the upcoming facilitation on July 7, addressed deficiencies (like Plaintiff's failure to supplement his discovery responses), and the standing issue discussed herein. Defendants are filing this Motion only days after Plaintiff's late disclosure. *See Anstead*, 2022 WL 10404496, at *2 ("[D]efendants acted diligently in bringing this motion less than one month after it *[sic]* obtained the evidence purporting to support the amendments to its answer and counterclaims.").

Finally, this Court has noted that "another relevant consideration," in the 'good cause' analysis, "is possible prejudice to the party opposing the modification." *Uselmann*, 2024 WL 4235468, at *2 (citation omitted). Plaintiff cannot claim prejudice here because the failure to disclose these facts is their own fault. Plaintiff will also surely want to know information that they do not know themselves because they do not have the medical records. Accordingly, Defendants request a six month continuance so the parties can conduct discovery related to this newly disclosed, facially relevant medical information, and conduct all other normal pre-trial litigation related to this discovery.

32136167

8

## CONCLUSION

Defendants have demonstrated good cause to continue the trial date under Fed. R. Civ. P. 16(b)(4). Accordingly, Defendants CHS TX, Inc. and Keith Papendick, M.D. respectfully request that this Court enter an Emergency Order in the form provided, continuing the scheduled August 18, 2025 trial of this case for a period of no less than six months, or until such time as the parties reasonably agree that the pre-trial requirements and trial can be rescheduled.

Dated: July 8, 2025　　　　　　　　　　　Respectfully submitted,

**BOWMAN AND BROOKE LLP**

By: /s/*Sunny Rehsi*
Sunny Rehsi (P80611)
Attorneys for Defendant CHS TX, Inc.,
d/b/a YesCare and Keith Papendick, M.D.
101 W. Big Beaver Road., Suite 1100 Troy, MI 48084
248.205.3300
sunny.rehsi@bowmanandbrooke.com

Adam Masin (Admitted 5/1/2025)
Attorneys for Defendants CHS TX, Inc.,
d/b/a YesCare and Keith Papendick, M.D.
750 Lexington Avenue
New York, NY 10022
646.914.6790
adam.masin@bowmanandbrooke.com

## **CERTIFICATE OF SERVICE**

I certify that, on July 8, 2025, a copy of the foregoing document in the above-captioned proceeding has been served upon the attorneys listed below via electronic mail:

**Ian T. Cross** (P83367)
Cross Law PLLC
Attorneys for Plaintiff
402 W. Liberty St.
Ann Arbor, MI 48103
724.994.9590
ian@lawinannarbor.com

**Laurence H. Margolis** (P69635)
Margolis Law Firm
Attorneys for Plaintiff
214 South Main St., Suite 202
Ann Arbor, MI 48104
734.994.9590
assistant@lawinannarbor.com

**Thomas G. Hackney** (P81283)
Hackney Odlum & Dardas Michigan
Attorneys for Keith Papendick
Bayview Professional Center
10850 E. Traverse Hwy., Suite 4440
Traverse City, MI 49684
231.642.5056
thackney@hodlawyers.com

**Jonathan R. Marko** (P72450
**Michael L. Jones** (P85223)
Marko Law, PLLC
220 W. Congress, 4th Floor
Detroit, MI 48226
313.777.7529
jon@markolaw.com
michael@markolaw.com

**BOWMAN AND BROOKE LLP**

By:   /s/*Sunny Rehsi*
Sunny Rehsi (P80611)
Attorneys for Defendant CHS TX, Inc., d/b/a YesCare Corp.
101 W. Big Beaver Road., Suite 1100
Troy, MI 48084
248.205.3300
sunny.rehsi@bowmanandbrooke.com

Adam Masin (Admitted 5/1/2025)
Attorneys for Defendant CHS TX, Inc., d/b/a YesCare Corp.
750 Lexington Avenue

        New York, NY 10022
        646.914.6790
        adam.masin@bowmanandbrooke.com