**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

KOHCHISE JACKSON,

        Plaintiff,

Case No. 2:19-cv-13382

v.

Hon. Gershwin A. Drain

CHS TX, Inc., et al.,

        Defendants.

| | |
|---|---|
| Laurence H. Margolis (P69635)<br>Ian T. Cross (P83367)<br>MARGOLIS & CROSS<br>Attorneys for Plaintiff<br>402 W. Liberty St.<br>Ann Arbor, MI 48103<br>(734) 994-9590<br>larry@lawa2.com<br>ian@lawa2.com<br><br>Jonathan R. Marko (P72450)<br>Michael L. Jones (P85223)<br>MARKO LAW, PLLC<br>Attorneys for Plaintiff<br>220 W. Congress, Fourth Floor<br>Detroit, MI 48226<br>P: (313) 777-7529 / F: (313) 470-2011<br>jon@markolaw.com<br>michael@markolaw.com | Sunny Rehsi (P80611)<br>Adam Masin<br>BOWMAN AND BROOKE LLP<br>Attorneys for Defendants CHS TX,<br>Inc., d/b/a YesCare and Keith<br>Papendick, M.D.<br>101 W. Big Beaver Road, Suite 1100<br>Troy, MI 48084<br>248.205.3300<br>(646) 914-6790<br>sunny.rehsi@bowmanandbrooke.com<br>adam.masin@bowmanandbrooke.com |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' EMERGENCY MOTION**
**TO CONTINUE THE AUGUST 18, 2025 TRIAL DATE**

## <u>TABLE OF CONTENTS</u>

CONCISE STATEMENT OF ISSUES PRESENTED...……………..……………….3

CONTROLLING OR MOST APPROPRIATE AUTHORITY...……..…………….4

INTRODUCTION AND FACTUAL BACKGROUND……..……..………………5

## **ARGUMENT**

1. Plaintiff's October 2024 ulcerative colitis diagnosis is not relevant
to Defendants' conduct in 2017.……………………………..………………..10

CONCLUSION...………………………………………………………………..13

## CONCISE STATEMENT OF ISSUES PRESENTED

Should the trial in this matter be further delayed so that Defendants can conduct six months of discovery concerning irrelevant medical treatment that occurred more than five years after the events that are at issue in this case?

Plaintiff answers: NO

Defendants answer: YES

The Court should answer: NO

## <u>CONTROLLING OR MOST APPROPRIATE AUTHORITY</u>

1. *Ferrer v. Detroit Club Mgmt. Corp.,* 2024 U.S. Dist. LEXIS 198337
(E.D. Mich. Oct. 31, 2024)

2. *U.S. Diamond & Gold v. Julius Klein Diamonds LLC,* 2008 U.S. Dist. LEXIS
57825 (S.D. Ohio July 29, 2008)

3. *Hartsell v. County of San Diego,* 2020 U.S. Dist. LEXIS 134354
(S.D. Cal. July 28, 2020)

## Introduction and factual background

This case has been pending for nearly six years, and Defendant CHS TX has exhibited a keen interest in further delaying the trial since long before the two issues cited in its Emergency Motion arose. Neither issue presents a genuine obstacle to trying this case on August 18th, and both issues appear to have been manufactured by CHS TX primarily for their utility in creating a basis to seek a continuance.

This Court originally set this case for trial on May 20th. [ECF No. 111]. Counsel for CHS TX was present at the status conference when this trial date was chosen, and did not object. *see* ECF No. 115 (transcript). But within a week, another attorney for CHS TX asserted that the act of setting a trial date violated the bankruptcy stay in the Tehum Care Services, Inc. bankruptcy proceeding, even though the bankruptcy court had already stated on the record that the temporary stay of litigation against CHS TX that it had entered on March 3, 2023, [Docket 118, No. 23-90086 (Bankr. S.D. Tex. Mar. 3, 2023)], had "expired on its own," (**Ex. 1**, Trans. 35:18-21), and in any case, the trial was not even scheduled to start until nearly three months after the Chapter 11 plan confirmation hearing. (**Ex. 2**, Feb. 6-7 emails between bankruptcy counsel). In order to avoid litigating the issue, Plaintiff offered to stipulate to pushing back the trial date by two months. (**Ex. 2)**. CHS TX rejected the offer, so Plaintiff agreed to a stipulation to vacate the May 20th trial date, and not

to schedule a new trial date until after the Tehum Chapter 11 plan was effective. [ECF No. 113].

The Tehum Care Services Chapter 11 plan was confirmed and went effective in March of 2025, as expected. So the Court set a May 5th status conference, at which counsel for CHS TX made an oral motion to reopen discovery. The Court denied that motion and set a new August 18th trial date. Counsel for CHS TX then made another oral motion to reset the trial for a later date. The Court also denied that motion.

Two weeks later, on May 19th, counsel for CHS TX contacted Plaintiff's counsel to request a stipulation to adjourn the August 18th trial date. (**Ex. 3**- May 19, 2025 email correspondence between counsel). Plaintiff did not agree to stipulate to an adjournment, but CHS TX' counsel indicated that they would request one anyway. (**Ex. 3**). Apparently, they did: on May 28th, Plaintiff's counsel was copied on an email from the Court's case manager informing the parties, "If the parties are in agreement, you can submit a proposed stipulated order adjourning the pretrial and trial dates. If not, a motion will need to be filed." (**Ex. 4**).

On June 18th, counsel for CHS TX asserted in an unprompted email that Mr. Jackson "lacked standing" to present evidence at trial that CHS TX or its principals "were attempting to avoid liability to Plaintiff . . . based on allegations or claims of fraud" or to "make any effort to argue a fraudulent or improper intent or motive"

6

relating to the 2022 divisional merger transaction and associated events. (ECF No. 124-6, PageID.4527-28). CHS TX also took the position that the Plan only permits Mr. Jackson "the opportunity to argue a 'mere continuation' theory of successor liability, which does not involve any allegations of improper or fraudulent conduct" and requested that Plaintiff so stipulate. *Id.*

The parties conferred by phone on June 23rd regarding this request. Plaintiff's counsel asked if CHS TX intended to argue to the jury that it was not liable for Corizon's conduct as a successor to Corizon. Counsel for CHS TX indicated that they would, unless the Court prohibited it. Counsel for CHS TX also indicated that they intended to use the evidentiary issue they had identified, which they asserted that only the bankruptcy court had jurisdiction to resolve, to delay the trial. Two days later, after Plaintiff's newly-retained trial attorneys entered their appearances, counsel for CHS TX reiterated its intent to leverage its "standing" argument, and the need for the bankruptcy court to resolve it, to move the trial date. (**Ex. 5-** June 25, 2025 email from defense counsel to plaintiff's counsel).

But by even raising this argument, CHS TX violated an injunction that had been entered in bankruptcy court.  The confirmation order entered in the Tehum Care Services Chapter 11 case provides that:

> neither YesCare Corp., CHS TX, Inc. nor any other alleged successor entity may assert in any litigation involving an Opt-Out GUC Claim, an Opt-Out

7

PI/WD Claim, or an Opt-Out Indirect Claim in the Civil Justice System that such Claims, to the extent asserted against YesCare Corp., CHS TX, Inc., or any other successor based on the doctrine of successor liability are barred, released, discharged, or impaired by this Confirmation Order, the Plan, or the Estate Release.

ECF No. 124-7, PageID.4572, ¶ 98. This case is an "Opt-Out PI/WD Claim" as defined in the Tehum Chapter 11 plan, *See* ECF No. 124-7, PageID.4602, Plan Art. I, ¶ 130.  CHS TX had thus been enjoined from "assert[ing] in any litigation involving" Mr. Jackson's case that his claim has been "barred, released, discharged, or *impaired*" by the Confirmation Order, Plan, or Estate Release. *Id.* (emphasis added). CHS TX violated that injunction by arguing, in its motion to delay this trial, that the Plan and/or the Confirmation Order limit the evidence or argument that is admissible at trial in Plaintiff's case.

On June 27th, Plaintiff filed an emergency motion in the bankruptcy court, seeking to enforce the bankruptcy court's Injunction Against Interference with Opt-Out Rights against CHS TX. The bankruptcy court held a hearing on Plaintiff's emergency motion on July 8, granted the motion, and entered an order the same day. (**Ex. 6**). The bankruptcy court specifically found that:

Kohchise Jackson is not barred, restrained, or enjoined under the Plan or related Confirmation Order from presenting any evidence or raising any arguments in support of a successor liability claim against any defendant in Jackson v. Corizon Health, Inc. et al., Case No. 19-cv-13382 (E.D. Mich.).

In accordance with Paragraph 98 of the Confirmation Order and Article IX.K of the Plan, CHS TX, Inc. is restrained and enjoined from asserting that Kohchise Jackson's successor liability claim is barred, released, discharged, or impaired by the Confirmation Order, the Plan, or the Estate Release.

**Exhibit 6**, *Order Granting Emergency Motion to Enforce the Injunction Against Interference With Opt-Out Rights,* (23-90086 Bankr. S.D. Tex. July 8, 2025).

Separately, on June 24th, counsel for CHS TX requested supplementation of an interrogatory concerning Plaintiff's medical treatment that was propounded five years earlier. [ECF No. 124-4, PageID.4522]. The following day, Plaintiff's counsel contacted Plaintiff to ask if he had received any additional medical treatment related to any "gastrointestinal issue, illness, disorder, or concern" since October of 2020. Plaintiff conveyed that he had recently been diagnosed with ulcerative colitis, and Plaintiff's counsel promptly passed along the requested information to defense counsel.

Ulcerative colitis is an autoimmune disease that some individuals with certain genetic risk factors are prone to developing. *See Morgan v. Sec'y of HHS,* 2015 U.S. Claims LEXIS 1769 at *21-*22. "[T]he cause of UC is not well understood and much is not known about the function of the immune system in the human intestines." *Id.* at 29. Plaintiff's expert does not intend to opine that there is any connection between the delay in reversing Plaintiff's colostomy, which he had from 2016 to 2019, and his development of ulcerative colitis in 2024. Plaintiff will

not claim any damages related to ulcerative colitis, or argue that Defendant's conduct somehow caused or exacerbated this disease.

## **ARGUMENT**

### **I. Plaintiff's October 2024 ulcerative colitis diagnosis is not relevant to Defendants' conduct in 2017**

This is an Eighth-Amendment deliberate-indifference claim arising from Defendants' refusal to reverse Plaintiff's temporary colostomy when he was incarcerated from March of 2017 to May of 2019. Plaintiff received colostomy reversal surgery on June 19, 2019, thirty-four days after he was released from prison. [ECF No. 66-9, PageID.2122]. Plaintiff seeks damages for the years he was forced to live with a colostomy bag due to Defendants' refusal to provide the surgery.

In October of 2024, more than five years after his colostomy was reversed, Plaintiff was diagnosed with ulcerative colitis. Ulcerative colitis is an autoimmune disease whose causes are unknown. While ulcerative colitis symptoms can be severe, they can also be mild. Plaintiff's development of ulcerative colitis half a decade after the events at issue in this case has no relevance to Plaintiff's theory of liability, to Plaintiff's claimed damages, or to any fact of consequence in resolving this action.

Armed with this "new diagnosis," whose relevance to the issues in this case they do not explain, Defendants now move to reopen discovery on the eve of trial. "The party seeking to reopen discovery must indicate to the court the need for more discovery, what material facts it hopes to uncover and why it has not previously discovered the information." *U.S. Diamond & Gold v. Julius Klein Diamonds LLC*, 2008 U.S. Dist. LEXIS 57825 at *32 (S.D. Ohio July 29, 2008). Good cause to reopen discovery under Rule 16(b)(4) is not established where "[t]he discovery sought is not relevant to the claims or defenses of the parties to [the] lawsuit." *Ferrer v. Detroit Club Mgmt. Corp.*, 2024 U.S. Dist. LEXIS 198337 at *25 (E.D. Mich. Oct. 31, 2024); *see also, U.S. Diamond & Gold,* 2008 U.S. Dist. LEXIS 57825 at *33-*36; *Hartsell v. County of San Diego,* 2020 U.S. Dist. LEXIS 134354 at *2 (S.D. Cal. July 28, 2020) ("even diligence won't establish good cause to seek irrelevant evidence").

Defendants have not articulated *how* they believe Plaintiff's recent diagnosis could provide them with any defense to his claim concerning their refusal to reverse his temporary colostomy more than seven years before the diagnosis. Nor do they explain what material facts they hope to uncover by reopening discovery at this late date.

11

The two "new diagnosis" cases cited by Defendants, *Howard v. J & B Hauling, Inc.,* 2024 U.S. Dist. LEXIS 39500 (E.D. La. Mar. 4, 2024), and *Brooks v. Caterpillar Global Mining Am., Inc.,* 2017 U.S. Dist. LEXIS 60306 (W.D. Ky. Apr. 20, 2017) are inapposite. Both involved plaintiffs who presented new evidence after discovery had closed ***because the plaintiffs wanted to use the evidence*** to bolster their damages claims. The plaintiff in *Howard* disclosed new opinions proffered by his treating medical expert a few days before trial, including a new diagnosis and a new recommendation for surgery. *See Howard,* 2024 U.S. Dist. LEXIS 39500 at *3-*4. The defendant moved to exclude the new evidence, or in the alternative, to continue the trial. *Id.* at *1. In *Brooks,* the new evidence was not a new diagnosis. Instead, after the close of discovery, the plaintiffs disclosed that Mr. Brooks had taken a new, lower-paying job as a result of his injury, and produced supplemental expert reports from their retained economist and rehabilitation expert. *Brooks,* 2017 U.S. Dist. LEXIS 60306 at *3. The Brooks' supplementation "substantially increased the amount of damages they are claiming." *Id.* at *9. The defendant in *Brooks* also moved to exclude the new evidence at trial, or in the alternative, to continue the trial date and reopen discovery. *Id.* at *7.

Unlike the plaintiffs in *Brooks* or *Howard,* the Plaintiff in this case disclosed new information not because he wanted to use it at trial, but in response to a request

from Defendants to supplement his response to a five-year-old interrogatory. And unlike the defendants in *Brooks* or *Howard*, Defendants in this case have not moved to exclude the information. The ordinary remedy for a late disclosure of information is exclusion of the information at trial. *See Howe v. City of Akron*, 801 F.3d 718, 747 (6th Cir. 2015). Plaintiff has no objection to exclusion of his ulcerative colitis diagnosis at trial. He does not assert that the condition is relevant to his claims and does not intend to introduce evidence of it. Given that Plaintiff will not allege that Defendants somehow caused him to develop this condition, Defendants have no need to conduct six months of intensive discovery into irrelevant medical treatment that occurred many years after the conduct at issue in this case.

## CONCLUSION

Resolution of this case has already been excessively delayed by Defendants' attempt to evade liability through a novel corporate restructuring maneuver and shell-company bankruptcy. *See* ECF No. 89. Were it not for this dilatory conduct, Plaintiff's claim likely would have been resolved long before he was ever diagnosed with ulcerative colitis. Plaintiff has already booked flights and hotel rooms for various out-of-town witnesses for the week of August 18th, and has retained separate trial counsel to conduct the jury trial on August 18th.  Plaintiff will be materially

prejudiced by the further expense and delay occasioned by six months of discovery concerning his unrelated medical condition. The matter should proceed to trial as scheduled.

Respectfully Submitted,

*/s/ Ian T. Cross*
Ian T. Cross (P83367)
Laurence H. Margolis (P69635)
*Attorneys for Plaintiff*
402 W. Liberty St.
Ann Arbor, MI 48103
734-994-9590
ian@lawinannarbor.com
larry@lawinannarbor.com

14