# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| KOHCHISE JACKSON,<br><br>    Plaintiff,<br><br>v.<br><br>CHS TX, INC., et al.,<br><br>    Defendants | Case No.: 2:19-cv-13382-GAD-PTM<br><br>U.S. DISTRICT COURT JUDGE<br>HON. GERSHWIN A. DRAIN |

**DEFENDANTS' MOTION *IN LIMINE* TO PRECLUDE PLAINTIFF FROM INTRODUCING ARGUMENT, EVIDENCE, OR TESTIMONY THAT MEDICAID'S OR MEDICARE'S PAYMENT OF CLAIMS SETS A "MEDICAL NECESSITY" STANDARD RELEVANT TO PLAINTIFF'S EIGHTH AMENDMENT CLAIMS**

32232573

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES .................................................................................... iii

STATEMENT OF ISSUES ........................................................................................v

CONTROLLING OR MOST APPROPRIATE AUTHORITIES ............................ vi

INTRODUCTION ......................................................................................................1

ARGUMENT .............................................................................................................1

    I.    Medicaid and Medicare Do Not Set the Standard for An Eighth Amendment Claim.........................................................................1

    II.   Plaintiff's Retained and Non-Retained Experts are Not Medicaid or Medicare Experts ............................................................7

CONCLUSION ..........................................................................................................8

# **TABLE OF AUTHORITIES**

Page(s)

Cases

*Allen v. Mansour*,
  681 F. Supp. 1232, (E.D. Mich. 1986) ................................................................1
*Alspaugh v. McConnel*,
  643 F. 3d 162 (6th Cir. 2011) ..............................................................................4
*Austin v. Corizon Health Care*,
  No. 24-10023, 2025 WL 1509364 (E.D. Mich. May 27, 2025) ..........................5
*Blackmore v. Kalamazoo County*,
  390 F.3d 890 (6th Cir. 2004) ...............................................................................3
*Colwell v. Corizon Healthcare Inc.*,
  2014 WL 6686764 (E.D. Mich. Nov. 26, 2014) .................................................5
*Estelle v. Gamble*,
  429 U.S. 97 (1976) ..........................................................................................2, 4
*Farmer v. Brennan*,
  511 U.S. 825 (1994) ........................................................................................3, 4
*Henry v. Michigan Dep't of Corr.*,
  27 F. App'x. 573 (6th Cir. 2001) .........................................................................2
*LeMarbe v. Wisneski*,
  266 F.3d 429 (6th Cir. 2001) ...............................................................................4
*Miller v. Calhoun Cty.*,
  408 F.3d 803 (6th Cir. 2005) ...............................................................................3
*Owens v. O'Dea*,
  149 F.3d 1184 (6th Cir. 1998) .............................................................................4
*Phillips v. Roane Cty., Tenn.*,
  534 F.3d 531 (6th Cir. 2008) ...............................................................................3
*Rhinehart v. Scutt*,
  894 F.3d 721 (6th Cir. 2018) ..................................................................... 2, 3, 4, 5
*Rhodes v. Chapman*,
  452 U.S. 337 (1981) .............................................................................................3
*Richmond*,
  885 F.3d .................................................................................................................5
*Titlow v. Corr. Med. Servs., Inc.*,
  507 F. App'x. 579 (6th Cir. 2012) ........................................................................5
*United States v. Bertram*,
  900 F.3d 743 (6th Cir. 2018) ................................................................................6

*United States v. Chalhoub*,
   No. 616CR00023GFVTHAI, 2018 WL 3651584 (E.D. Ky. Aug. 1, 2018) ..........6
*Westlake v. Lucas*,
   537 F.2d 857 (6th Cir. 1976) ...............................................................................5
*Whyde v. Sigsworth*,
   No. 22-3581, 2024 WL 4719649 (6th Cir. Nov. 8, 2024) ....................................6
*Wright*,
   79 Fed. Appx. ......................................................................................................4

Rules

Fed. R. Evid. 401, 402 ...................................................................................................7
Fed. R. Evid. 403 ...........................................................................................................7
Fed. R. Evid. 702 ...........................................................................................................8
LR 7................................................................................................................................1

## **STATEMENT OF ISSUES**

1. **Whether the Court should preclude Plaintiff from introducing argument, evidence, or testimony that Medicaid's or Medicare's payment of claims sets a relevant "medical necessity" standard for Plaintiff's Eighth Amendment claims?**

   Defendants' Answer: Yes

   Plaintiffs May Answer:  No

   The Court Should Answer:  Yes

# **CONTROLLING OR MOST APPROPRIATE AUTHORITIES**

*Estelle v. Gamble*, 429 U.S. 97 (1976)

*Farmer v. Brennan*, 511 U.S. 825 (1994)

*Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978)

*Westlake v. Lucas*, 537 F.2d 857 (6th Cir. 1976)

*Owens v. O'Dea*, 149 F.3d 1184 (6th Cir. 1998)

*Phillips v. Roane Cty., Tenn.*, 534 F.3d 531 (6th Cir. 2008)

*Rhinehart v. Scutt*, 894 F.3d 721 (6th Cir. 2018)

Fed. R. Evid. 401, 402, 403, 702

# INTRODUCTION

When Plaintiff had a colostomy reversal surgery after his release from prison, Medicaid covered the cost of the surgery. That fact is admissible. However, Plaintiffs want to argue, including through Dr. John Webber and Dr. Silverman (and perhaps others), that Medicaid or Medicare approval of such surgery is evidence or, or equates to, "medically necessary" care under the Eighth Amendment. That opinion and argument should be excluded because (i) Medicaid and Medicare do not set the legal standard for an Eighth Amendment claim, (ii) Plaintiff has not disclosed a Medicaid or Medicare expert, (iii) no witness has personal knowledge why an unknown Medicaid bureaucrat approved coverage for Plaintiff's surgery, and (iv) only the Court can instruct the jury on the law.

Pursuant to LR 7.1, the undersigned counsel certifies that, on July 28, 2025, the parties met and conferred about the instant motion. Plaintiff did not agree to refrain from seeking admission of evidence discussed herein.

# ARGUMENT

## I. Medicaid and Medicare Do Not Set the Standard for An Eighth Amendment Claim

Medicaid is a joint federal/state program that provides health insurance coverage to low-income Americans. *See generally, Allen v. Mansour*, 681 F. Supp. 1232, (E.D. Mich. 1986). Under the Affordable Care Act, Medicaid eligibility was

32232573

extended to adults under the age of 65 with incomes up to 138% of the federal poverty level. Michigan has been a "Medicaid expansion" State since 2014.

Plaintiff wants to argue, through his attorneys and physician witnesses, that his colostomy reversal surgery was "medically necessary" for purposes of the Eighth Amendment *because* Medicaid covered it. The Court should not allow this argument. Whether a medical intervention is covered for insurance purposes by Medicaid does not provide a relevant standard under the Eighth Amendment. Research has not revealed any controlling precedent, or any precedent within this Circuit (or otherwise), holding that Medicaid coverage of post-incarceration care provides a relevant standard for proving the elements of an Eighth Amendment claim. As a review of Eighth Amendment precedent demonstrates, whether care violates the Eighth Amendment presents a substantially narrower question than whether Medicaid provides coverage for particular care under applicable law.

"[T]here is a high bar that a plaintiff must clear to prove an Eighth Amendment medical-needs claim: The doctor must have "*consciously* expos[ed] the patient to an *excessive* risk of *serious* harm." *Rhinehart v. Scutt*, 894 F.3d 721, 738–39 (6th Cir. 2018) (italics in original). Proving deliberate indifference under the Eighth Amendment therefore requires a two-prong inquiry: objective and subjective. *See, e.g.*, *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Henry v. Michigan Dep't of Corr.*, 27 F. App'x. 573, 575–76 (6th Cir. 2001).

32232573                                2

The objective component, as relevant to this issue, requires evidence of a "sufficiently serious" medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Phillips v. Roane Cty., Tenn.*, 534 F.3d 531, 539 (6th Cir. 2008). For the medical need to be sufficiently serious, "a prison official's act or omission must result in the denial of 'the minimal civilized measure of life's necessities.'" *Farmer*, 511 U.S. at 834 (1994) (*quoting Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). "'[A] medical need is objectively serious if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Blackmore v. Kalamazoo County*, 390 F.3d 890, 897 (6th Cir. 2004) (emphasis added).

When, as here, "an inmate has received on-going treatment for his condition and claims that this treatment was inadequate, the objective component of an Eighth Amendment claim requires a showing of care 'so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness.'" *Rhinehart*, 894 F.3d at 736; *Miller v. Calhoun Cty.*, 408 F.3d 803, 819 (6th Cir. 2005). At a minimum, "[t]here must be medical proof that the provided treatment was not an adequate medical treatment of [the inmate's] condition or pain." *Rhinehart*, 894 F.3d at 737-38. "But mere failure to provide adequate medical care to a prisoner will not violate the Eighth Amendment." *Id.* at 737. "A doctor is not liable under the Eighth Amendment if he or she provides reasonable

treatment, even if the outcome of the treatment is insufficient or even harmful." *Id.* at 738. That standard is obviously far narrower than a Medicaid coverage standard.

Indeed, it is true that "mere negligence, or even gross negligence, will not suffice." *Wright*, 79 Fed. Appx. at 831. "An allegation of questionable medical judgment states, at most, a claim for a medical malpractice, as opposed to a constitutional violation." *Owens v. O'Dea*, 149 F.3d 1184 (6th Cir. 1998); *Estelle*, 429 U.S. at 107 (poor exercise of medical judgment insufficient). Even a medical provider's "failure to alleviate a significant risk that he should have perceived but did not…cannot under our cases be condemned as the infliction of punishment." *Farmer*, 511 U.S. at 838.

Reliance on testimony from Plaintiff's physician witnesses about what would have happened if he were their private patient "at most raises 'a simple question of whether [his prison doctor] made the right medical judgment in treating him." *LeMarbe v. Wisneski*, 266 F.3d 429, 439 (6th Cir. 2001). "A disagreement with a course of medical treatment does not rise to the level of a federal constitutional claim under the Eighth Amendment." *Rhinehart*, 894 F. 3d at 744 (*citing Alspaugh v. McConnel*, 643 F. 3d 162, 169 (6th Cir. 2011). Indeed, a disagreement over "forms of treatment" are "a classic example of a matter for medical judgment" that "does not represent cruel and unusual punishment." *Estelle*, 429 U.S. at 107.

Accordingly, where a doctor has made a "medical judgment" and provided care there is no constitutional violation. *Rhinehart*, 894 F.3d at 751; *Richmond*, 885 F.3d at 941 (holding that "it would be improper for this court to overturn [a doctor]'s medical judgment"). "Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law.'" *Westlake v. Lucas*, 537 F.2d 857, 860, n.5 (6th Cir. 1976). A treatment must be "so woefully inadequate as to amount to no treatment at all." *Id.*; *Austin v. Corizon Health Care*, No. 24-10023, 2025 WL 1509364, *1 (E.D. Mich. May 27, 2025) (granting summary dismissal).

Consistent with this precedent, requiring a prisoner to continue with "conservative treatment" rather than surgery does not amount to an Eighth Amendment violation absent evidence that the conservative treatment failed. *See Titlow v. Corr. Med. Servs., Inc.,* 507 F. App'x. 579, 585 (6th Cir. 2012) (no liability for one physician who recommended "a specific alternative treatment plan" and that "conservative treating options should first be explored," but liability for another when complaints after four years "suggests that conservative treatment options failed"); *Colwell v. Corizon Healthcare Inc.,* 2014 WL 6686764 (E.D. Mich. Nov. 26, 2014) (physician "not deliberately indifferent to [plaintiff's] health by requiring him to continue with conservative treatment" rather than ordering surgery consult).

"The Constitution gives inmates a right to be free from deliberate indifference to their medical needs, but not a right to receive any particular treatment…" *Whyde v. Sigsworth*, No. 22-3581, 2024 WL 4719649, at *5 (6th Cir. Nov. 8, 2024).

Notably absent from any of this precedent is the mention of the words Medicaid and Medicare. The cases where a Medicaid concept of medical necessity has been allowed as evidence directly involve allegations of fraud *under Medicaid*. For example, in *United States v. Bertram*, 900 F.3d 743, 747 (6th Cir. 2018), the Sixth Circuit upheld convictions of health care fraud because doctors requested reimbursement for tests that were not medically necessary under Medicaid. The Court held that expert testimony from the Director of Operations of Kentucky Medicaid about medical necessity under Medicaid was admissible under those facts. *Id.*, at 751. *See also United States v. Chalhoub*, No. 616CR00023GFVTHAI, 2018 WL 3651584, at *1 (E.D. Ky. Aug. 1, 2018), *aff'd*, 946 F.3d 897 (6th Cir. 2020) (in criminal fraud case, government "also called witnesses from Medicare, Medicaid, and several private insurers, who testified on medical necessity as "an absolute precondition to payment."). These facts are inapposite to the Plaintiff's case.

Nevertheless, Plaintiff's expert disclosures state that his non-retained expert, Dr. John Webber, "is expected to testify that he received compensation from the Medicaid program for performing the colostomy takedown surgery on Mr. Jackson, and that he knows, as a medical provider who accepts Medicaid, that Medicaid does

not cover procedures that are not medically necessary." **Exhibit A**, Plaintiff's Expert Disclosures, at 3. Plaintiff's retained expert, Dr. Ralph Silverman, M.D., states, in his Declaration, that he "participates in Medicare," that he is "aware that it is a federal crime to bill Medicare for a procedure that is not medically-necessary," and that he bills Medicare for colostomy reversal surgeries on Medicare beneficiaries "even when [their] colostomies [are] functional." **Exhibit B,** Silverman Declaration, at paragraphs 23-26. He states that, to his knowledge he has "never been denied reimbursement" by Medicare "for a surgery to reverse a functional colostomy." *Id.* at paragraphs 27-28.

The Court should not permit Plaintiff, through his physician witnesses, to falsely contend that Medicaid or Medicare provides a relevant legal standard under the Eighth Amendment. *See* Fed. R. Evid. 401, 402. Neither does, and arguing otherwise would be unduly prejudicial and can only confuse the jury as to the applicable law. *See* Fed. R. Evid. 403. Doing so would also impermissibly interfere with the Court's role in instructing the jury on the law. Accordingly, the Court should preclude Plaintiff from introducing any argument, evidence, or testimony that Medicaid or Medicare provides a relevant standard for an Eighth Amendment claim.

## II. Plaintiff's Retained and Non-Retained Experts are Not Medicaid or Medicare Experts

Plaintiff has not disclosed anyone plausibly qualified as *Medicaid* or *Medicare* expert to offer expert testimony about either program, including how

Medicaid operated in Michigan between 2017-2019.  *See* Fed. R. Evid. 702.  As noted, in *Bertram* and *Chaloub*, the government called witnesses *from* Medicaid with first-hand knowledge of how the program operated.  All Plaintiff has disclosed here are practicing physicians, none of whom have experience administering Medicaid or Medicare or who can plausibly contend to be experts in either program, and specifically in Medicaid's statutory construction in Michigan, or how or why either program approves specific claims.  The Court should not permit random physicians from offering opinions about Medicaid and Medicare.  Moreover, Plaintiff has not disclosed any witness from Medicaid, or with first-hand knowledge, to testify why a Medicaid bureaucrat decided that the program would cover Plaintiff's surgery.

Accordingly, the Court should preclude Plaintiff from introducing any argument, evidence, or testimony that Medicaid or Medicare provides a relevant standard for an Eighth Amendment claim.

## CONCLUSION

Plaintiff should not be permitted to introduce evidence or argument that Medicaid or Medicare provides any "medical necessity" standard relevant to an Eighth Amendment claim, whether through his lawyers, his fact witnesses, or Dr. Silverman or any "non-retained expert" (none of whom is a Medicaid or

Medicare expert). This Court should preclude all such testimony, evidence, and argument.

Dated: July 29, 2025                                Respectfully submitted,

                                                    **BOWMAN AND BROOKE LLP**

By:   /s/*Sunny Rehsi*
      Sunny Rehsi (P80611)
      101 W. Big Beaver Road.,
      Suite 1100 Troy, MI 48084
      248.205.3300
      sunny.rehsi@bowmanandbrooke.com

      Adam Masin (Admitted 5/1/2025)
      750 Lexington Avenue
      New York, NY 10022
      646.914.6790
      adam.masin@bowmanandbrooke.com

      Rachel B. Weil (Admitted 7/16/25)
      123 South Broad Street, Suite 1512
      Philadelphia, PA 19109
      267.908.7097
      rachel.weil@bowmanandbrooke.com

      *Attorneys for Defendants CHS TX, Inc. d/b/a YesCare and Keith Papendick, M.D.*

## CERTIFICATE OF SERVICE

I certify that, on July 29, 2025, a copy of the foregoing document in the above-captioned proceeding has been served upon the attorneys listed below via electronic mail:

**Ian T. Cross** (P83367)
Cross Law PLLC
Attorneys for Plaintiff
402 W. Liberty St.
Ann Arbor, MI  48103
724.994.9590
ian@lawinannarbor.com

**Thomas G. Hackney** (P81283)
Hackney Odlum & Dardas Michigan
Attorneys for Keith Papendick
Bayview Professional Center
10850 E. Traverse Hwy., Suite 4440
Traverse City, MI 49684
231.642.5056
thackney@hodlawyers.com

**Laurence H. Margolis** (P69635)
Margolis Law Firm
Attorneys for Plaintiff
214 South Main St., Suite 202
Ann Arbor, MI 48104
734.994.9590
assistant@lawinannarbor.com

**Jonathan R. Marko** (P72450)
**Michael L. Jones** (P85223)
Marko Law, PLLC
220 W. Congress, 4th Floor
Detroit, MI 48226
313.777.7529
jon@markolaw.com
michael@markolaw.com

**BOWMAN AND BROOKE LLP**

By:   /s/*Sunny Rehsi*
Sunny Rehsi (P80611)
101 W. Big Beaver Road.,
Suite 1100 Troy, MI 48084
248.205.3300
sunny.rehsi@bowmanandbrooke.com

Adam Masin (Admitted 5/1/2025)
750 Lexington Avenue
New York, NY 10022

32232573

10

646.914.6790
adam.masin@bowmanandbrooke.com

Rachel B. Weil (Admitted 7/16/25)
123 South Broad Street, Suite 1512
Philadelphia, PA 19109
267.908.7097
rachel.weil@bowmanandbrooke.com

*Attorneys for Defendants CHS TX, Inc. d/b/a YesCare and Keith Papendick, M.D.*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| KOHCHISE JACKSON,<br><br>Plaintiff,<br><br>v.<br><br>CHS TX, INC., et al.,<br><br>Defendants | Case No.: 2:19-cv-13382-GAD-PTM<br><br>U.S. DISTRICT COURT JUDGE<br>HON. GERSHWIN A. DRAIN |

**[PROPOSED] ORDER ON
DEFENDANTS' MOTION *IN LIMINE* TO PRECLUDE
PLAINTIFF FROM INTRODUCING ARGUMENT, EVIDENCE,
OR TESTIMONY THAT MEDICAID'S OR MEDICARE'S PAYMENT OF
CLAIMS SETS A "MEDICAL NECESSITY" STANDARD
RELEVANT TO PLAINTIFF'S EIGHTH AMENDMENT CLAIMS**

AND NOW, this Date Of August, 2025, in consideration of Defendants' Motion *in Limine* to Preclude Plaintiff From Introducing Argument, Evidence, or Testimony That Medicaid's or Medicare's Payment of Claims Sets A "Medical Necessity" Standard Relevant to Plaintiff's Eighth Amendment Claim and any response thereto, it is hereby ORDERED that the Motion is GRANTED. Plaintiff is precluded from introducing any and all such evidence, argument, and testimony at trial.

To the extent Defendants objected to an exhibit on Plaintiff's Proposed Exhibit List by referring to this Motion, the Defendants' Objections are

32232573

12

SUSTAINED for the reasons stated herein and the Exhibits are EXCLUDED from trial.

Dated: _____

Hon. Gershwin A. Drain