# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

KOHCHISE JACKSON,

       Plaintiff,

v.

CHS TX, INC., et al.,

       Defendants

Case No.: 2:19-cv-13382-GAD-PTM

U.S. DISTRICT COURT JUDGE
HON. GERSHWIN A. DRAIN

## DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE THE OPINIONS OF RALPH SILVERMAN, M.D. PURSUANT TO RULES 702, 401, AND 403 OF THE FEDERAL RULES OF EVIDENCE

32202408

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................. iii

STATEMENT OF ISSUES ..................................................................v

CONTROLLING OR MOST APPROPRIATE AUTHORITIES........................... vi

INTRODUCTION ........................................................................1

I.     FACTUAL AND LEGAL BACKGROUND.............................................1

  A.    Plaintiff's Claims.................................................................1

  B.    Ralph Silverman, M.D. .............................................................3

ARGUMENT ..............................................................................5

I.     STANDARD OF REVIEW........................................................5

II.    DR. SILVERMAN'S OPINIONS DO NOT SATISFY THE
       ADMISSIBILITY STANDARDS OF FED. R. EVID. 702 .......................7

  a.    Dr. Silverman's Generalizations about the Medical Necessity of
        Colostomy Reversal are Inadmissible Ipse Dixit Under Fed. R.
        Evid. 702 ..........................................................................7

  b.    Dr. Silverman's opinions fall woefully short of the required expert
        medical testimony and would only confuse the jury.............................11

CONCLUSION ...........................................................................14

[PROPOSED] ORDER ON DEFENDANTS' MOTION *IN LIMINE* TO
       EXCLUDE THE OPINIONS OF RALPH SILVERMAN, M.D.
       PURSUANT TO RULE 702, 401, AND 403 OF THE FEDERAL RULES
       OF EVIDENCE ..........................................................................18

# TABLE OF AUTHORITIES

Page(s)

Cases

*Alspaugh v. McConnell*,
  643 F.3d 162 (6th Cir. 2011) ........................................................................... 2, 11
*Anthony v. Swanson*,
  701 F. App'x. 460 (6th Cir. 2017)................................................................................2
*Austin v. Corizon Health Care*,
  No. 24-10023, 2025 WL 1509364 (E.D. Mich. May 27, 2025)............................3
*Daubert v. Merrell Dow Pharms., Inc.*,
  509 U.S. 579 ........................................................................................................4, 5
*Estelle v. Gamble*,
  429 U.S. 97 (1976).................................................................................... 1, 2, 11
*Farmer v. Brennan*,
  511 U.S. 825 (1994)........................................................................................................2
*Gen. Elec. Co. v. Joiner*,
  522 U.S. 136 (1997)........................................................................................................9
*In re Chrysler Pacifica Fire Recall Prods. Liab. Litig.*,
  767 F. Supp. 3d 495 (E.D. Mich. 2025) ......................................................................7
*In re Scrap Metal Antitrust Litig.*,
  527 F.3d 517 (6th Cir. 2008) ......................................................................................6
*Keyes v. Ocwen Loan Servicing, LLC*,
  335 F. Supp. 3d 951 (E.D. Mich. 2018) .................................................................6
*Kumho Tire Co., Ltd. v. Carmichael*,
  526 U.S. 137 (1999)....................................................................................................4, 5
*LeMarbe v. Wisneski*,
  266 F.3d 429 (6th Cir. 2001) ....................................................................................11
*Miller v. Calhoun Cty.*,
  408 F.3d 803 (6th Cir. 2005) ......................................................................................3
*Navarro v. Hollywood Imports Limited, Inc. & Autonation, Inc.*,
  No. 23-61772-CV, 2024 WL 5263811 (S.D. Fla. Nov. 22, 2024)........................9
*Nelson v. Tennessee Gas Pipeline Co.*,
  243 F.3d 244 (6th Cir. 2001) ......................................................................................8
*Owens v. O'Dea*,
  149 F.3d 1184 (6th Cir. 1998) ..............................................................................2, 12
*Rhinehart v. Scutt*,
  894 F.3d 721 (6th Cir. 2018) ........................................................................ 3, 11, 12

iii

*Shupe v. Rocket Cos., Inc.*,
    752 F. Supp. 3d 689 (E.D. Mich. 2024) ............................................................4, 6
*Surles ex rel. Johnson v. Greyhound Lines, Inc.*,
    474 F.3d 288 (6th Cir. 2007) ...................................................................................9
*Thomas v. City of Chattanooga*,
    398 F.3d 426 (6th Cir. 2005) ...................................................................................6
*Thomas v. Lambert*,
    606 F. Supp. 3d 592 (E.D. Mich. 2022) ..................................................................6
*Thomas v. Novartis Pharmaceuticals Corp.*,
    443 F. App'x 58 (6th Cir. 2011)...............................................................................9
*United States v. Bonds*,
    12 F.3d 540 (6th Cir. 1993) .....................................................................................4
*United States v. Farmer*,
    No. 22-CR-20678, 2025 WL 1338264 (E.D. Mich. May 7, 2025) .........................6
*Westlake v. Lucas*,
    537 F.2d 857 (6th Cir. 1976) ...................................................................................3
*Wright v. Taylor*,
    79 Fed. Appx. 829 (6th Cir. 2003)...........................................................................2

Rules

Fed. R. Evid 702 ...................................................................................... passim
Fed. R. Evid. 401, 402, 403, and 702 ............................................................ 13, 14
LR 7.1......................................................................................................................1

## <u>STATEMENT OF ISSUES</u>

1. **Whether the Court should exclude Plaintiff's retained expert, Ralph Silverman, M.D., from testifying at trial.**

   Defendants' Answer: Yes

   Plaintiffs May Answer:  No

   Court Should Answer:  Yes

## <u>CONTROLLING OR MOST APPROPRIATE AUTHORITIES</u>

Fed. R. Evid. 401, 402, 403, 702

*Daubert v. Merrell Dow Pharms, Inc.* 509 U.S. 579 (1993)

*Gen. Elec. Co. v. Joiner*, 522 U.S. 136 (1997)

*In re Chrysler Pacifica Fire Recall Prods. Liab. Litig.,* 767 F. Supp. 3d 495 (E.D. Mich. 2025)

**INTRODUCTION**

Plaintiff's retained expert, Ralph Silverman, M.D., offers unsupported *ipse dixit* opinions that do not satisfy the admissibility standards of Fed. R. Evid 702. Dr. Silverman's testimony can serve only to confuse the jury and prejudice Defendants. The opinions should be excluded in their entirety.

Pursuant to LR 7.1, the undersigned counsel certifies that, on July 25, 2025, the parties met and conferred about the instant motion. Plaintiff did not agree to refrain from seeking admission of evidence discussed herein.

**I.    FACTUAL AND LEGAL BACKGROUND**

**A.    <u>Plaintiff's Claims</u>**

Plaintiff, Kohchise Jackson, underwent a potentially-lifesaving colostomy creation procedure in December 2016, when he was an inmate in the St. Clair County Jail, to treat a colovestical fistula, a hole between his colon and his urethra that allowed feces to leak into his urethra. He alleges that Defendants violated his Eighth Amendment rights on April 19, 2017, during his time as a prisoner in the Michigan Department of Corrections ("MDOC") when Dr. Papendick approved continued care for his colostomy rather than a surgery to reverse the colostomy.

Plaintiff's claim is rooted in *Estelle v. Gamble*, 429 U.S. 97 (1976), in which the Supreme Court held "that deliberate indifference to serious medical needs of prisoners" violates the Eighth Amendment's Cruel and Unusual Punishment Clause.

*Estelle,* 429 U.S. at 104.  But Plaintiff's "desire for additional or different treatment," beyond what was provided to him, "does not by itself suffice to support" a "deliberate indifference" claim. *See, e.g., Anthony v. Swanson*, 701 F. App'x. 460, 464 (6th Cir. 2017)*; Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011) ("[w]here a prisoner alleges only that the medical care he received was inadequate, 'federal courts are generally reluctant to second guess medical judgment.'");

Apart from the elements necessary to prove his respective claims against a corporate entity or individual, it is therefore black-letter law that a prisoner alleging inadequate medical care fails to establish an Eighth Amendment claim without expert medical testimony "showing the medical necessity for such a treatment." *Anthony v. Swanson*, 701 F. App'x. 460, 464 (6th Cir. 2017). ***But that is not enough***. "[M]ere negligence, or even gross negligence, will not suffice." *Wright v. Taylor*, 79 Fed. App'x. 829, 831 (6th Cir. 2003).  "An allegation of questionable medical judgment states, at most, a claim for a medical malpractice, as opposed to a constitutional violation." *Owens v. O'Dea*, 149 F.3d 1184 (6th Cir. 1998); *Estelle*, 429 U.S. at 107 (poor exercise of medical judgment insufficient).  Even a medical provider's "failure to alleviate a significant risk that he should have perceived but did not...cannot under our cases be condemned as the infliction of punishment." *Farmer v. Brennan*, 511 U.S. 825, 838 (1994).

At a minimum, "[t]here must be medical proof that the provided treatment

was not an adequate medical treatment of [the inmate's] condition or pain." *Rhinehart v. Scutt*, 894 F.3d 721, 737-738 (6th Cir. 2018). "But mere failure to provide adequate medical care to a prisoner will not violate the Eighth Amendment." *Id.* at 737. "A doctor is not liable under the Eighth Amendment if he or she provides *reasonable* treatment, even if the outcome of the treatment is insufficient or even harmful." *Id.* at 738 (emphasis added), When an inmate has received on-going treatment for his condition and claims that this treatment was inadequate, the objective component of an Eighth Amendment claim requires expert medical testimony "of care 'so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness.'" *Rhinehart v. Scutt*, 894 F.3d 721, 736 (6th Cir. 2018); *see also Miller v. Calhoun Cty.*, 408 F.3d 803, 819 (6th Cir. 2005). A treatment must be "so woefully inadequate as to amount to no treatment at all." *Westlake v. Lucas*, 537 F.2d 857, 860, n.5 (6th Cir. 1976); *Austin v. Corizon Health Care*, No. 24-10023, 2025 WL 1509364, *1 (E.D. Mich. May 27, 2025) (granting summary dismissal).

### B. Ralph Silverman, M.D.

Plaintiff disclosed Dr. Ralph Silverman as his only retained expert on any subject. Dr. Silverman is a general and colo-rectal surgeon who practices in St. Louis, Missouri and who previously practiced in Texas. **Exhibit A**, Silverman CV. On December 30, 2020, Plaintiff served Defendants with a Rule 26 (a)(2)(B)

3

disclosure, attaching a Preliminary Expert Report of Plaintiff's Retained Expert Dr. Ralph Silverman, M.D., **Exhibit B.** Plaintiff served further Rule 26(a)(2)(B) disclosures on May 20, 2025, **Exhibit C**, disclosing several "non-retained experts"[1] and stating that their "retained expert," Dr. Silverman, Dr. Silverman "is expected to testify consistent with his declaration, filed at ECF No. 66-43 (**Exhibit D**) and his deposition testimony, filed at ECF No. 66-11 (**Exhibit E**).

Dr. Silverman's Declaration sets forth two categories of opinions he intends to offer at trial: 1) opinions that Plaintiff was not provided appropriate treatment when he initially displayed symptoms of a colovesical fistula *before he was in MDOC custody*; and 2) opinions that Defendants should have approved the reversal of Plaintiff's colostomy in April 2017.  The first set of opinions should be excluded because they are obviously not relevant to the case against the instant Defendants because those events preceded his time in the MDOC.[2]  As set forth in detail below,

---

[1] Plaintiff's "non-retained experts" are the subjects of other Motions *in Limine* being filed concurrently herewith.

[2] It is axiomatic that, in analyzing whether expert testimony is admissible, a court must ask "whether such testimony is relevant and would assist the jury in understanding the evidence at trial or determining a genuine factual issue." *Shupe v. Rocket Cos., Inc.*, 752 F. Supp. 3d 689, 717 (E.D. Mich. 2024).  Under Rule 702, relevance "requires a valid connection to the pertinent inquiry as a precondition to admissibility." *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 149 (1999) (quoting *Daubert v. Merrell Dow Pharms., Inc.,* 509 U.S. 579, 592) (internal punctuation omitted.  "Relevance means there must be a 'fit' between the inquiry in the case and the testimony."  *United States v. Bonds*, 12 F.3d 540, 555 (6th Cir. 1993).

however, Dr. Silverman offers **no** support for **any** of his opinions. None of Dr. Silverman's opinions satisfies the admissibility standard of Fed. R. Evid. 702 and the cases construing it, and this Court should exclude the opinions in their entirety.

## ARGUMENT

### I.      STANDARD OF REVIEW

As amended in 2023, Rule 702 of the Federal Rules of Evidence provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the proponent demonstrates to the court that it is more likely than not that:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

Fed. R. Evid. 702. In *Daubert v. Merrell Pharmaceuticals, Inc.*, the United States Supreme Court held that Rule 702 imposes a "gatekeeping" obligation on the courts to ensure that scientific testimony "is not only relevant, but reliable." 509 U.S. 579, 589 (1993); *see also Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 147 (1999).

The trial court's gatekeeping function requires more than simply 'taking the

expert's word for it.'" *Thomas v. City of Chattanooga*, 398 F.3d 426, 432 (6th Cir. 2005). As this Court recently explained, Rule 702's gatekeeping role requires the Court to conduct "three basic inquiries." *United States v. Farmer*, No. 22-CR-20678, 2025 WL 1338264, at *2 (E.D. Mich. May 7, 2025), *citing Shupe v. Rocket Cos., Inc.*, 752 F. Supp. 3d 689, 717 (E.D. Mich. 2024). First, the Court must determine whether the witness's "knowledge, skill, experience, training, or education" qualifies him "to answer the specific questions in the expert report." *Id., citing* Fed. R. Evid. 702, *Thomas v. Lambert*, 606 F. Supp. 3d 592, 599 (E.D. Mich. 2022). Second, "the court "turns to the expert's proffered testimony, asking , whether such testimony is relevant and would assist the jury in understanding the evidence at trial or determining a genuine factual issue." *Id., citing Shupe*, 752 F. Supp. 3d at 717. "Finally, the court considers whether the expert's testimony is reliable . . . ." *Id.* at *3, citing *Keyes v. Ocwen Loan Servicing, LLC*, 335 F. Supp. 3d 951, 955 (E.D. Mich. 2018). "The requirement that an expert's testimony be reliable means that it must be 'supported by appropriate validation—i.e., 'good grounds,' based on what is known.'" *In re Scrap Metal Antitrust Litig.,* 527 F.3d 517, 529 (6th Cir. 2008).

As amended, Rule 702 now makes clear that, before an expert is permitted to tesify, the proponent of expert evidence is required to prove, by a preponderance of the evidence, that all of the Rule's admissibility requirements are satisfied. The amendment was enacted "to reinforce the idea, sidestepped sometimes by some

courts, that Evidence Rule 104(a) entrusts the court with deciding whether the admissibility criteria have been satisfied, rather than treating them as "questions of weight" to be determined by the factfinder. *In re Chrysler Pacifica Fire Recall Prods. Liab. Litig.,* 767 F. Supp. 3d 495, 504 (E.D. Mich. 2025) *citing* Fed. R. Evid. 702 Advisory Committee Notes to 2023 Amendments. Dr. Silverman's opinions fail, in their entirety, to satisfy Rule 702's admissibility standards, and this Court should make a threshold determination that Dr. Silverman is precluded from testifying at the trial of this case.

## II. DR. SILVERMAN'S OPINIONS DO NOT SATISFY THE ADMISSIBILITY STANDARDS OF FED. R. EVID. 702

### a. Dr. Silverman's Generalizations about the Medical Necessity of Colostomy Reversal are Inadmissible Ipse Dixit Under Fed. R. Evid. 702

Dr. Silverman's testimony does not come close not meeting the standards for expert admissibility under Rule 702 because he offers no authority or support demonstrating that his broad generalizations are reliable. In his Declaration, Dr. Silverman makes conclusory assertions that,

> Generally, in the practice of medicine, the medical community reaches a broad consensus about what treatment is appropriate for various medical conditions. There is a broad consensus that in the absence of contraindications, a colostomy formed as a result of diverticulitis, such as Mr. Jackson's colostomy, should be reversed about eight to twelve weeks after placement.

Exhibit D, at paragraphs 12-13. He cites nothing to support these statements.

Earlier, in his "Preliminary Report," Dr. Silverman asserted that "reversing the ostomy between 8 and 12 weeks would be the standard of care."  Exhibit A, at 2.[3] Again, he cited no authority for this assertion.  His Declaration and Preliminary Report cite no studies, literature, statistics, or data, or any other independent bases that supports the reliability of these opinions. Nor did he have authority to cite when asked about this supposed "consensus" at his deposition:

> .8 . . Q.· Okay.· Thank you.
> ·9·· So you disagree with the statement that there is
> 10· ·no consensus regarding the timing or reversal of
> 11· ·Hartmann's procedure, correct?· You disagree that?
> 12·· A.· Yes.
> 13·· Q.· And you didn't come here today with any
> 14· ·literature to support your opinion, did you?
> 15·· A.· No.

Silverman 7/23/21 Dep. Tr., Exhibit E, at 81:8-15.  Instead, Dr. Silverman asks the Court – and, ultimately, the jury – to accept these statements as true just because he says they are.  This is textbook definition of inadmissible "*ipse dixit*" – "because I say so" – and "[a] district court is not required to admit expert testimony that is connected to existing data only by the *ipse dixit* of the expert.  A court may conclude that there is simply too great an analytical gap between the data and the opinion proffered."  *Nelson v. Tennessee Gas Pipeline Co.*, 243 F.3d 244, 254 (6th Cir. 2001)

---

[3] Although Dr. Silverman's Declaration replaces his earlier "standard of care" opinion with other language, it is worth noting that Dr. Silverman, who has never practiced in Michigan or in a prison, is not qualified to offer opinions on the standard of care applicable to the state and context in which Plaintiff's care was rendered.

(internal punctuation omitted) *citing Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997).

Nor is it adequate for Dr. Silverman to assert that these statements are based on his experience. An expert relying on his experience to support his opinions cannot simply state his conclusion – he must "explain how that experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts." *Thomas v. Novartis Pharmaceuticals Corp.*, 443 F. App'x. 58, 62 (6th Cir. 2011) (affirming the exclusion of an oral surgeon where the plaintiff failed to connect the surgeon's general expertise to his specific testimony in that case); *see also, e.g., Navarro v. Hollywood Imports Limited, Inc. & Autonation, Inc.,* No. 23-61772-CV, 2024 WL 5263811, at *2 (S.D. Fla. Nov. 22, 2024) (expert testimony based on experience inadmissible when reports "do not explain how [the expert] determined what constitutes best practices and the industry standard of care."); *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 296 (6th Cir. 2007), *quoting* Fed. R. Evid. 702 (2000 Amendments advisory committee notes). Dr. Silverman's unsupported assertions do nothing to explain how his experience practicing in Missouri and Texas enabled him to conclude that there was a national "consensus" and "standard of care" or why his personal experience would be a sufficient basis for such broad opinions.

Even more egregious, as it relates to a specific element of Plaintiff's claim, is Dr. Silverman's statement that "[c]olostomy reversal surgeries are generally considered to be medically necessary.  Failing to reverse a colostomy will not normally cause the patient to die, but surgical procedures can be medically necessary even when failing to perform them will not result in the patient's death."  Exhibit D, at paragraph 22.  Dr. Silverman cites no data, literature, or any other support for his "medical necessity" proposition.  His only "support" is his assertion that, "to his knowledge," Medicare and private insurance companies have never refused to pay for these procedures for *his* patients, which, again, he asserts without support or authority.  *Id.* at paragraphs 23-30.  But he also presents no analysis demonstrating that his patients are representative of patients in Michigan or nationally, and he does not purport to know Medicaid or private insurance approval statistics nationally or in Michigan.  In paragraphs 16 through 20 of his Declaration, Dr. Silverman also asserts that colostomies can be "safely reversed" after eight weeks, that they are not "particularly dangerous" in general, and that Plaintiff did not have "relevant co-morbidities that would make the surgery more difficult or higher-risk than normal." *Id.*, at paragraphs 16-20.  Again, he provides no support for these opinions.

Further, he does not even address the question of whether colostomy reversal was medically necessary for *this Plaintiff* (or any other potential colostomy patient) in the context of their specific facts and circumstances.

10

### b. Dr. Silverman's opinions fall woefully short of the required expert medical testimony and would only confuse the jury

Dr. Silverman's *ipse dixit* opinions about the colostomy reversal surgery are entirely unsupported, inadmissible under Rule 702, and admitting them also has potential to inflame and confuse the jury that substantially outweighs whatever probative value the unsupported opinions of one random Missouri doctor may have. That is not a small matter in an Eighth Amendment case. A prisoner's reliance on testimony from a physician about what would have happened were they their private patient "at most raises 'a simple question of whether [his prison doctor] made the right medical judgment in treating him." *LeMarbe v. Wisneski*, 266 F.3d 429, 439 (6th Cir. 2001). "A disagreement with a course of medical treatment does not rise to the level of a federal constitutional claim under the Eighth Amendment." *Rhinehart*, 894 F. 3d at 744 (*citing Alspaugh v. McConnel*, 643 F. 3d 162, 169 (6th Cir. 2011). Indeed, a disagreement over "forms of treatment" are "a classic example of a matter for medical judgment" that "does not represent cruel and unusual punishment." *Estelle*, 429 U.S. at 107.

Dr. Silverman's unsupported assertions are incompetent to address the rest of the required medical standard: he does ***not*** opine that providing colostomy supplies and care was "'so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness.'" *Rhinehart*, 894 F.3d at 736. He does ***not*** address the fact that "[a] doctor is not liable under the Eighth

11

Amendment if he or she provides reasonable treatment, even if the outcome of the treatment is insufficient or even harmful." *Id.* at 738.  He does ***not*** contend that not approving a reversal surgery amounted to something more than gross negligence or medical malpractice.  *Owens*, 149 F.3d at 1184.  And having failed to disclose such opinions, he cannot offer them at trial now.

The lack of such foundational opinions in an Eighth Amendment case is especially notable given Dr. Silverman's admission that Plaintiff did not suffer adverse health consequences because Corzion approved continued colostomy care rather than the reversal surgery.  Dr. Silverman testified at his deposition that Plaintiff had suffered no such adverse injury or medical condition:

> 12  Q.· Doctor, you mentioned in your report, that the
> 13· ·longer a reversal is delayed, the more likely the chance
> 14· ·of developing fibrosis in the pelvis, where the rectal
> 15· ·stump sits, and it can cause a difficult reconnection
> 16· ·procedure, and poor functional results of incontinence
> 17· ·and stricture formation.· Do you recall that?
> 18· ·A.· Yes.
> 19· ·Q.· None of these problems existed with Mr. Jackson,
> 20· ·did they?
> 21· ·A.· Nope.
> 22· ·Q.· In fact, he's functioning just fine after his
> 23· ·reversal that occurred in June 2019, right?
> 24· ·A.· Yes.
> 25· ·Q.· So regardless of whether he got it in two months,
> ·1· ·one year, two years, two-and-a-half years, Mr. Jackson
> ·2· ·did not suffer any adverse injury or medical condition
> ·3· ·as a result of not getting the reversal back in 2017,
> ·4· ·correct?
> ·5· ·A.· He didn't suffer a physical complication from his
> ·6· ·reversal surgery.

Exhibit E, Silverman dep., at 30:12-31:6.   Particularly given Dr. Silverman's admission, admitting Dr. Silverman's "expert" testimony raises the substantial danger that the jury will wrongly believe that one out-of-State doctor's unsupported views on "medical necessity," by itself, is adequate to establish liability.

The danger of unfair prejudice also substantially outweighs any probative value his unsupported opinions may have because Dr. Silverman does not offer any opinions about any other specific colostomy patient.   He has not reviewed the medical records of any other MDOC colostomy patient or any other colostomy patient under Corizon's care.   Dr. Silverman has done nothing whatsoever to establish a "pattern" claim.   The jury should not be permitted to assume that Dr. Silverman's unsupported generalizations apply to the specific decisions Corizon or its employees or agents made about any specific patient.[4]

As such, Plaintiff cannot meet his burden to show that Dr. Silverman's narrow, unsupported assertions meet Rule 702's stringent admissibility standards. The Court should his testimony in its entirety, pursuant to Fed. R. Evid. 401, 402, 403, and 702.

---

[4] Were the Court to admit any testimony from Dr. Silverman's opinions, the Court should instruct the jury that they are not permitted to rely on his testimony to infer anything about the care that Corizon or Dr. Papendick to patients other than the Plaintiff.

## CONCLUSION

Dr. Silverman's Declaration and "Preliminary Report" are composed of his unsupported *ipse dixit* and opinions that do not come close to addressing the expert medical opinions required to establish Plaintiff's Eighth Amendment claim.  Under the mandate imposed by the 2023 amendments to Fed. R. Evid. 702, this Court must ensure that Dr. Silverman's inadmissible and prejudicial testimony never reaches the jurors' ears.   The Court should exclude Dr. Silverman's opinions in their entirety, pursuant to Fed. R. Evid. 401, 402, 403, and 702.

Dated:  July 29, 2025                          Respectfully submitted,

**BOWMAN AND BROOKE LLP**

By:     /s/*Sunny Rehsi*_____
        Sunny Rehsi (P80611)
        101 W. Big Beaver Road
        Suite 1100 Troy, MI 48084
        248.205.3300
        sunny.rehsi@bowmanandbrooke.com

        Adam Masin (Admitted 5/1/2025)
        750 Lexington Avenue
        New York, NY 10022
        646.914.6790
        adam.masin@bowmanandbrooke.com

        Rachel B. Weil (Admitted 7/16/25)
        123 South Broad Street, Suite 1512
        Philadelphia, PA 19109
        267.908.7097
        rachel.weil@bowmanandbrooke.com

14

*Attorneys for Defendants CHS TX, Inc. d/b/a*
*YesCare and Keith Papendick, M.D.*

## CERTIFICATE OF SERVICE

I certify that, on July 29, 2025, a copy of the foregoing document in the above-captioned proceeding has been served upon the attorneys listed below via electronic mail:

**Ian T. Cross** (P83367)
Cross Law PLLC
Attorneys for Plaintiff
402 W. Liberty St.
Ann Arbor, MI 48103
724.994.9590
ian@lawinannarbor.com

**Laurence H. Margolis** (P69635)
Margolis Law Firm
Attorneys for Plaintiff
214 South Main St., Suite 202
Ann Arbor, MI 48104
734.994.9590
assistant@lawinannarbor.com

**Thomas G. Hackney** (P81283)
Hackney Odlum & Dardas Michigan
Attorneys for Keith Papendick
Bayview Professional Center
10850 E. Traverse Hwy., Suite 4440
Traverse City, MI 49684
231.642.5056
thackney@hodlawyers.com

**Jonathan R. Marko** (P72450
**Michael L. Jones** (P85223)
Marko Law, PLLC
220 W. Congress, 4th Floor
Detroit, MI 48226
313.777.7529
jon@markolaw.com
michael@markolaw.com

**BOWMAN AND BROOKE LLP**

By:    /s/*Sunny Rehsi*
Sunny Rehsi (P80611)
101 W. Big Beaver Road.,
Suite 1100 Troy, MI 48084
248.205.3300
sunny.rehsi@bowmanandbrooke.com

Adam Masin (Admitted 5/1/2025)
750 Lexington Avenue
New York, NY 10022
646.914.6790
adam.masin@bowmanandbrooke.com

16

Rachel B. Weil (Admitted 7/16/25)
123 South Broad Street, Suite 1512
Philadelphia, PA 19109
267.908.7097
rachel.weil@bowmanandbrooke.com

*Attorneys for Defendants CHS TX, Inc. d/b/a YesCare and Keith Papendick, M.D.*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

KONCHISE JACKSON,

Plaintiff,

v.

CHS TX, INC., et al.,

Defendants

Case No.: 2:19-cv-13382-GAD-PTM

U.S. DISTRICT COURT JUDGE
HON. GERSHWIN A. DRAIN

## [PROPOSED] ORDER ON DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE THE OPINIONS OF RALPH SILVERMAN, M.D. PURSUANT TO RULES 702, 401, 402 AND 403 OF THE FEDERAL RULES OF EVIDENCE

AND NOW, this date of August, 2025, in consideration of Defendants' Motion *in Limine* to Exclude the Opinions of Ralph Silverman, M.D. Pursuant to Rules 702, 401, and 403 of the Federal Rules of Evidence and any response thereto, it is hereby ORDERED that the Motion is GRANTED. Dr. Silverman's opinions and testimony are excluded, in their entirety, from the trial of this case.

To the extent Defendants objected to an exhibit on Plaintiff's Proposed Exhibit List by referring to this Motion, the Defendants' Objections are

SUSTAINED for the reasons stated herein and the Exhibits are EXCLUDED from

trial.

Dated:                                    _____

                                                            Hon. Gershwin A. Drain