# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

KOHCHISE JACKSON,

        Plaintiff,

v.

CHS TX, INC., et al.,

        Defendants

Case No.: 2:19-cv-13382-GAD-PTM

U.S. DISTRICT COURT JUDGE
HON. GERSHWIN A. DRAIN

## DEFENDANTS CHS TX, INC. AND KEITH PAPENDICK, M.D. DEFENDANTS' MOTION *IN LIMINE* TO BIFURCATE THE PUNITIVE DAMAGES CLAIM AND TO PRECLUDE PLAINTIFF FROM OFFERING ANY EVIDENCE OR REFERENCE TO DEFENDANTS' FINANCIAL CONDITION DURING THE INITIAL PHASE OF TRIAL

32121758

# **TABLE OF CONTENTS**

STATEMENT OF ISSUES PRESENTED..................................................................v

CONTROLLING OR MOST APPROPRIATE AUTHORITY ...............................vi

INTRODUCTION .....................................................................................................1

ARGUMENT .............................................................................................................2

    I.   The Court Should Bifurcate Plaintiff's Claim To Punitive Damages.................................................................................................2

    II.  The Court Should Preclude Plaintiff from Referring to CHS' Financial Condition ....................................................................................5

CONCLUSION ..........................................................................................................8

[PROPOSED] ORDER ON DEFENDANTS' MOTION *IN LIMINE* TO BIFURCATE THE PUNITIVE DAMAGES CLAIM AND TO PRECLUDE PLAINTIFF FROM OFFERING ANY EVIDENCE OR REFERENCE TO DEFENDANTS' FINANCIAL CONDITION DURING THE INITIAL PHASE OF TRIAL ...........................12

# TABLE OF AUTHORITIES

Page(s)

Cases

*Bridgeport Music, Inc. v. Justin Combs Pub.*,
   507 F.3d 470 (6th Cir. 2007) ................................................................................3
*Burke v. Deere & Co.*,
   6 F.3d 497 (8th Cir. 1993) ....................................................................................7
*City of Cleveland v. Peter Kiewit Sons Co.*,
   624 F.2d 749 (6th Cir. 1980) ............................................................................6, 7
*Clark v. Chrysler Corporation*,
   436 F.3d 594 (6th Cir. 2006) ................................................................................6
*E.E.O.C. v. Cintas Corp.*,
   No. 04-40132, 2015 WL 1954476 (E.D. Mich. Apr. 29, 2015) ............................5
*Gordon v. Norman*,
   788 F.2d 1194 (6th Cir. 1986) ..............................................................................2
*Hendrian v. Safety-Kleen Systems, Inc.*,
   No. 08-14371, 2014 WL 117315 (E.D. Mich. Jan. 13, 2014) ..............................7
*In re Bendectin Litigation*,
   857 F.2d 290 (6th Cir. 1988) ................................................................................3
*Martin v. Heideman*,
   106 F.3d 1308 (6th Cir. 1997) ..........................................................................2, 3
*Mattison v. Dallas Carrier Corp.*,
   947 F.2d 95 (4th Cir. 1991) ..................................................................................4
*McTaggart v. Cath. Health Initiatives*,
   No. 1:19-CV-00088-DCLC, 2021 WL 3291963 (E.D. Tenn. Aug. 2, 2021) ........7
*Smith v. Wade*,
   461 U.S. 30 (1983) ................................................................................................2
*State Farm Fire & Cas. Co. v. Woods*,
   896 F. Supp. 658 (E.D. Tex. 1995) ......................................................................4
*State Farm Mut. Auto. Ins., Co. v. Campbell*,
   538 U.S. 408 (2023) ..............................................................................................2
*Suarez v. City of Warren*,
   No. 17-CV-12623, 2018 WL 6381100 (E.D. Mich. Dec. 6, 2018) ......................6
*United States v. Matusoff Rental Co.*,
   204 F.R.D. 396 (S.D. Ohio 2001) ........................................................................4
*United States v. Zipkin*,
   729 F.2d 384 (6th Cir. 1984) ................................................................................6

*Uselmann v. Pop*,
   No. 19-13652, 2025 WL 900056 (E.D. Mich. Mar. 25, 2025) ..............................5
*VIS Holdings, Inc. v.SPX Corp.*,
   No. 03-CV-70225-DT, 2005 WL 5980804, at *7 (E.D. Mich. Apr. 12, 2005) .....6

Rules

Fed. R. Civ. P. 42 .....................................................................................................1
Fed. R. Civ. P. 42(b) ................................................................................................2
Fed. R. Evid. 401 .....................................................................................................5
Fed. R. Evid. 402 .....................................................................................................6
Fed. R. Evid. 403 .............................................................................................. 4, 5, 7
LR 7..........................................................................................................................1

# STATEMENT OF ISSUES PRESENTED

1. Whether the Court should bifurcate Plaintiff's claim for punitive damages?

    Defendants Answer:         Yes

    Plaintiff May Answer:      No

    The Court should Answer:   Yes

2. Whether the Court should enter an order precluding Plaintiff from offering any evidence or references to Defendants' financial conditions during the initial phase of trial?

    Defendants Answer:         Yes

    Plaintiff May Answer:      No

    The Court should Answer:   Yes

# CONTROLLING OR MOST APPROPRIATE AUTHORITY

- Fed. R. Evid. 401

- Fed. R. Evid. 402

- Fed. R. Evid. 403

- E.D. Michigan Local Rule 7.1

- *City of Cleveland v. Peter Kiewit Sons Co.*, 624 F.2d 749 (6th Cir. 1980)

- *Clark v. Chrysler Corporation*, 436 F.3d 594 (6th Cir. 2006)

- *E.E.O.C. v. Cintas Corp.*, No. 04-40132, 2015 WL 1954476 (E.D. Mich. Apr. 29, 2015)

- *Smith v. Wade*, 461 U.S. 30 (1983)

- *State Farm Fire & Cas. Co. v. Woods*, 896 F. Supp. 658 (E.D. Tex. 1995)

- *Suarez v. City of Warren*, No. 17-CV-12623, 2018 WL 6381100 (E.D. Mich. Dec. 6, 2018)

- *United States v. Zipkin*, 729 F.2d 384 (6th Cir. 1984)

# **INTRODUCTION**

This trial is about whether Plaintiff Kohchise Jackson had a Constitutional right to have a colostomy reversal surgery approved by Corizon Health, Inc., ("Corizon") and/or Keith Papendick, M.D. ("Dr. Papendick") in April 2017 while Plaintiff was incarcerated in the Michigan Department of Corrections ("MDOC").

Plaintiff has requested an award of punitive damages. Defendants also anticipate Plaintiff will attempt to introduce evidence and/or testimony concerning the Defendants' financial condition or ability to pay a judgment, including the corporate Defendants' wealth and resources, in an unfairly prejudicial effort to sway the jury to award greater compensatory damages that would be warranted by the evidence if liability is found. Pursuant to Fed. R. Civ. P. 42, the Court has the discretion to avoid prejudice by bifurcating any issue, including punitive damages. For the reasons discussed herein, the Court should bifurcate Plaintiff's request for punitive damages and preclude Plaintiff from introducing any evidence or argument relating to the Defendants' financial condition during the liability phase of trial.

Pursuant to LR 7.1, the undersigned counsel certifies that on July 25, 2025, the parties met and conferred about the instant motion. Plaintiff did not agree to refrain from seeking admission of evidence discussed herein.

# ARGUMENT

## I. The Court Should Bifurcate Plaintiff's Claim To Punitive Damages

Punitive damages are appropriate in a § 1983 action only "when [a] defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." *Smith v. Wade*, 461 U.S. 30, 56 (1983). The evaluation of these damages involves an "evaluation of the nature of the conduct in question, the wisdom of some form of pecuniary punishment, and the advisability of a deterrent." *Gordon v. Norman*, 788 F.2d 1194, 1199 (6th Cir. 1986). However, as the Supreme Court held in *State Farm Mut. Auto. Ins., Co. v. Campbell*, 538 U.S. 408, 421-422 (2023), a "defendant's dissimilar acts, independent from the acts upon which liability was premised, may not serve as the basis for punitive damages. A defendant should be punished for the conduct that harmed the plaintiff, not for being an unsavory individual or business. Due process does not permit courts, in the calculation of punitive damages, to adjudicate the merits of other parties' hypothetical claims against a defendant under the guise of the reprehensibility analysis…"

The Federal Rules provide "[t]he court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim ... or of any separate issue..." Fed. R. Civ. P. 42(b). In *Martin v. Heideman,* 106 F.3d 1308 (6th Cir. 1997), the Sixth

Circuit recognized that "[b]ifurcation orders are reviewed for abuse of discretion, with the court required to consider the potential prejudice to the parties, the possible confusion of the jurors, and the resulting convenience and economy." *Id.* at 1311. "[M]any courts have upheld cases bifurcated between liability and damages because the evidence pertinent to the two issues is wholly unrelated, and as a logical matter, liability must be resolved before the question of damages." *In re Bendectin Litigation*, 857 F.2d 290, 309 (6th Cir. 1988). The Sixth Circuit endorsed a District Court's discretion to bifurcate punitive damages from the liability potion of trial. *See Bridgeport Music, Inc. v. Justin Combs Pub.,* 507 F.3d 470, 481 (6th Cir. 2007) ("The district court did not abuse its discretion by bifurcating the trial into liability and punitive damages phases.").

This is not a case that involves economic damages. Although the evidence at trial will demonstrate that cost was not a relevant factor in the decision relating to Plaintiff's desire for a colostomy reversal surgery, the corporate Defendants' current general financial information, or their financial information unrelated to the MDOC contract during the 2017-2019 time-period, is not relevant to Plaintiff's underlying § 1983 claim. Resolving the amount of punitive damages in a brief second phase, should liability be found, "will avoid the possibility of prejudice that could result from the introduction of evidence such as the financial condition of the Defendants which, although relevant on the issue of punitive damages, is irrelevant on liability."

*United States v. Matusoff Rental Co.*, 204 F.R.D. 396, 401 (S.D. Ohio 2001). *See also Mattison v. Dallas Carrier Corp.,* 947 F.2d 95, 110 (4th Cir. 1991) (upholding bifurcation of liability and punitive damages issues; evidence on punitive damages would cause unfair prejudice to defendant on issue of liability); *State Farm Fire & Cas. Co. v. Woods*, 896 F. Supp. 658, 659 (E.D. Tex. 1995) (bifurcating liability and punitive damages issues to avoid potential of unfair prejudice resulting from proof relating to punitive damages).

Bifurcating punitive damages will also streamline the evidence necessary in the liability phase. For example, although the Court has held that CHS TX, Inc. is a "mere continuation" of Corizon under Michigan successor liability law as a result of a 2022 Texas Divisional Merger, it is also true that CHS TX, Inc. never provided healthcare in the MDOC and "Corizon," however defined, had a completely different ownership group during the term of its 2016-201 MDOC contract. These facts may not be relevant to CHS's *liability* under Plaintiff's § 1983 claim because of the Court's successor liability ruling, but they are highly relevant arguments relating to the amount of punitive damages a jury might award.

The bifurcation of evidence related to the amount of punitive damages during the liability stage is also appropriate under Fed. R. Evid. 403 which provides that, even if relevant, "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading

the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.

It will obviously save all parties time and resources if the jury does not find liability at all, or liability for punitive damages. There will be no prejudice caused to Plaintiff to have the issue of the amount of punitive damages tried and decided by the same jury if liability is first determined.

## II.     The Court Should Preclude Plaintiff from Referring to CHS' Financial Condition

This Court has previously held that the issue of "availability of punitive damages" should be determined first, and only then should the jury decide the "amount of punitive damages." *E.E.O.C. v. Cintas Corp.*, No. 04-40132, 2015 WL 1954476, at *5 (E.D. Mich. Apr. 29, 2015) **(Exhibit A)**. In the alternative to bifurcating liability for punitive damages, the Court should bifurcate the question of the amount of punitive damages.

The Court has the inherent authority to grant a motion in *limine* to exclude evidence that is irrelevant or unduly prejudicial. (Drain J.) *Uselmann v. Pop*, No. 19-13652, 2025 WL 900056, at *1-2 (E.D. Mich. Mar. 25, 2025) (internal citations omitted) **(Exhibit B)**. The parties should only try the issue of the amount of a punitive damages award if the jury first determines Defendants are liable for punitive damages.  Evidence, testimony or references to CHS' financial condition is irrelevant and does not relate in any way to the issues in dispute in this case. Fed. R.

Evid. 401; *see also* Fed. R. Evid. 402 (irrelevant evidence is inadmissible). CHS' financial condition has no bearing on the facts of this case, nor is it related to any issue to be determined in this case. Thus, Plaintiff should be prohibited from making reference to CHS' financial condition.

      The Sixth Circuit has generally precluded evidence of a corporate defendant's wealth, resource(s) or financial condition. *See generally City of Cleveland v. Peter Kiewit Sons Co.*, 624 F.2d 749, 757-58 (6th Cir. 1980). Evidence of a party's financial circumstance is ordinarily not relevant and is unfairly prejudicial. *See United States v. Zipkin*, 729 F.2d 384, 390 (6th Cir. 1984); *Clark v. Chrysler Corporation*, 436 F.3d 594, 604 (6th Cir. 2006). "Statements relating to the poverty of one of the parties or the wealth of the other calculated to direct the jury's attention to the need of an injured party for compensation, rather than the real issues in the case are not relevant." *VSI Holdings, Inc. v. SPX Corp.*, No. 03-CV-70225-DT, 2005 WL 5980804, at *7 (E.D. Mich. Apr. 12, 2005) (**Exhibit C**). This Court has also precluded references to a party's financial conditions in a workplace discrimination matter. (Drain J.) *Suarez v. City of Warren*, No. 17-CV-12623, 2018 WL 6381100, at *4 (E.D. Mich. Dec. 6, 2018) (**Exhibit D**) ("…this action involves claims of workplace discrimination. Whether [p]laintiff filed for bankruptcy…has no relevance to the claims before this Court…[h]ence the Court can find no reason why

the jury would need to consider this evidence for any purpose. Accordingly, the Court will exclude all evidence of Plaintiff's 2009 bankruptcy.").

Fed. R. Evid. 403 permits the Court to exclude evidence if its "probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." This danger is present and will likely result if Plaintiff is permitted to put forth evidence or references related to CHS' financial conditions. *See Hendrian v. Safety-Kleen Systems, Inc.*, No. 08-14371, 2014 WL 117315, at *3 (E.D. Mich. Jan. 13, 2014) (**Exhibit E**) (granting [defendant's] motion in limine relating to its corporate size and current financial well-being, "neither of which are relevant to the claims at issue.").

Further, references to "financial dispart[ies]" between a plaintiff and a defendant are prejudicial as they are improper appeals to the sympathy of a jury. *City of Cleveland*, 624 F.2d at 757; *see also McTaggart v. Cath. Health Initiatives*, No. 1:19-CV-00088-DCLC, 2021 WL 3291963, at *3 (E.D. Tenn. Aug. 2, 2021) (excluding evidence of a defendant's financial condition where it would garner sympathy for plaintiff and encourage jury to "issue a verdict against [d]efendants based on financial considerations rather than the merits of the case.") **(Exhibit F)**. A jury may even improperly use a defendant's financial status evidence as a basis to inflate any *compensatory* award. *See Burke v. Deere & Co.*, 6 F.3d 497, 513 (8th

Cir. 1993) (noting a defendant's wealth and size is "totally irrelevant to the issue of compensatory damages"). Any probative value here would be substantially outweighed by the danger of unfair prejudice to Defendants. Thus, this evidence must be excluded.

## CONCLUSION

Defendants respectfully request this Court enter an order *in limine* bifurcating Plaintiff's claim for punitive damages and precluding Plaintiff from offering any evidence, proof or argument concerning CHS' financial condition in the initial liability phase of trial. In the alternative, the Court should bifurcate trial so that the amount of punitive damages is tried and argued only if the jury finds liability for punitive damages. The Court should instruct Plaintiff and his witnesses of the Court's ruling and that the content of this motion and the Court's ruling should not be conveyed to the jury.

Respectfully submitted,

**BOWMAN AND BROOKE LLP**

By: /s/*Sunny Rehsi*
Sunny Rehsi (P80611)
101 W. Big Beaver Road.,
Suite 1100 Troy, MI 48084
248.205.3300
sunny.rehsi@bowmanandbrooke.com

Adam Masin (Admitted 5/1/2025)
750 Lexington Avenue
New York, NY 10022

646.914.6790
adam.masin@bowmanandbrooke.com

Rachel B. Weil (Admitted 7/16/25)
123 South Broad Street, Suite 1512
Philadelphia, PA 19109
267.908.7097
rachel.weil@bowmanandbrooke.com

*Attorneys for Defendants CHS TX, Inc. d/b/a YesCare and Keith Papendick, M.D.*

## CERTIFICATE OF SERVICE

I certify that on July 29, 2025, I electronically filed the foregoing paper with the clerk of the United States District Court, Eastern District Southern Division using the ECF system which will send notification of such filing to the following:

| | |
|---|---|
| **Ian T. Cross** (P83367)<br>Cross Law PLLC<br>Attorneys for Plaintiff<br>402 W. Liberty St.<br>Ann Arbor, MI  48103<br>724.994.9590<br>ian@lawinannarbor.com | **Laurence H. Margolis** (P69635)<br>Margolis Law Firm<br>Attorneys for Plaintiff<br>214 South Main St., Suite 202<br>Ann Arbor, MI 48104<br>734.994.9590<br>assistant@lawinannarbor.com |
| **Thomas G. Hackney** (P81283)<br>Hackney Odlum & Dardas Michigan<br>Attorneys for Keith Papendick<br>Bayview Professional Center<br>10850 E. Traverse Hwy., Suite 4440<br>Traverse City, MI 49684<br>231.642.5056<br>thackney@hodlawyers.com | **Jonathan R. Marko** (P72450<br>**Michael L. Jones** (P85223)<br>Marko Law, PLLC<br>220 W. Congress, 4th Floor<br>Detroit, MI 48226<br>313.777.7529<br>jon@markolaw.com<br>michael@markolaw.com |

**BOWMAN AND BROOKE LLP**

By: /s/*Sunny Rehsi*
Sunny Rehsi (P80611)
101 W. Big Beaver Road.,
Suite 1100 Troy, MI 48084
248.205.3300
sunny.rehsi@bowmanandbrooke.com

Adam Masin (Admitted 5/1/2025)
750 Lexington Avenue
New York, NY 10022
646.914.6790
adam.masin@bowmanandbrooke.com

32121758                              10

> Rachel B. Weil (Admitted 7/16/25)
> 123 South Broad Street, Suite 1512
> Philadelphia, PA 19109
> 267.908.7097
> rachel.weil@bowmanandbrooke.com
>
> *Attorneys for Defendants CHS TX, Inc. d/b/a YesCare and Keith Papendick, M.D.*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| KOHCHISE JACKSON,<br><br>   Plaintiff,<br><br>v.<br><br>CHX TX, INC., et al.,<br><br>   Defendants | Case No.: 2:19-cv-13382-GAD-PTM<br><br>U.S. DISTRICT COURT JUDGE<br>HON. GERSHWIN A. DRAIN |

**[PROPOSED] ORDER ON DEFENDANTS' MOTION *IN LIMINE* TO BIFURCATE THE PUNITIVE DAMAGES CLAIM AND TO PRECLUDE PLAINTIFF FROM OFFERING ANY EVIDENCE OR REFERENCE TO DEFENDANTS' FINANCIAL <u>CONDITION DURING THE INITIAL PHASE OF TRIAL</u>**

Upon consideration of Defendants Motion, and any response by Plaintiff filed thereto, the Court GRANTS Defendants' motion in *limine* for the reasons stated therein and Orders Plaintiff's punitive damages claim is bifurcated and Plaintiff is precluded Plaintiff from offering any opinion or proof concerning CHS TX, Inc.'s financial condition during the initial phase of the trial. There will be a punitive damages phase of trial, with the same jury, only if one or more Defendants is found liable to Plaintiff under § 1983.

32121758

To the extend Defendants objected to an exhibit on Plaintiff's Proposed Exhibit List by referring to this Motion, the Defendants' Objection are SUSTAINED for the reasons stated herein and the exhibits are EXCLUDED from trial.

Dated: _____
                                                Hon. Gershwin A. Drain

32121758