# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| KOHCHISE JACKSON, | |
| Plaintiff, | Case No.: 2:19-cv-13382-GAD-PTM |
| v. | U.S. DISTRICT COURT JUDGE |
| CHS TX, INC., et al., | HON. GERSHWIN A. DRAIN |
| Defendants | |

## DEFENDANTS CHS TX, INC. AND KEITH PAPENDICK, M.D.'S MOTION *IN LIMINE* TO PRECLUDE PLAINTIFF FROM MAKING ANY <u>GOLDEN RULE ARGUMENTS OR STATEMENTS</u>

32240798

## **TABLE OF CONTENTS**

STATEMENT OF ISSUES PRESENTED..............................................................iv

CONTROLLING OR MOST APPROPRIATE AUTHORITY ................................v

INTRODUCTION ...................................................................................................1

ARGUMENT ...........................................................................................................2

CONCLUSION ........................................................................................................4

[PROPOSED] ORDER ON DEFENDANTS' MOTION *IN LIMINE*
   TO PRECLUDE PLAINTIFF FROM OFFERING ANY
   GOLDEN RULE ARGUMENTS OR STATEMENTS........................................7

# **TABLE OF AUTHORITIES**

Page(s)

Cases

*Ansari v. Jimenez*,
  678 F.Supp.3d 926 (E.D. Mich. 2023) ................................................................. 2
*Bell v. Korkis*,
  No. 19-cv-13565, 2025 WL 972830 (E.D. Mich. Apr. 1, 2025) ........................... 2
*Helvey v. Lexington-Fayette Urb. Cnty. Gov't*,
  No. 5:19-CV-00136-GFVT, 2022 WL 1433453 (E.D. Ky. May 5, 2022) ............ 3
*Johnson v. Bell*,
  525 F.3d 466 (6th Cir. 2008) ................................................................................ 2
*Johnson v. Howard*,
  24 Fed.App'x 480 (6th Cir. 2001) ......................................................................... 2
*Locke v. Swift Transp. Co. of Ariz.*,
  No. 5:18-CV-00119-TBR, 2019 WL 6037666 (W.D. Ky. Nov. 14, 2019) ........... 3
*Martin v. Polaris, Inc.*,
  No. 3:22-cv-322, 2024 WL 3611323 (E.D. Tenn. July 31, 2024) ......................... 3
*Slappy v. City of Detroit*,
  No. 19-10171, 2021 WL 2986284 (E.D. Mich. July 15, 2021) ............................. 3
*Strickland v. Owens Corning*,
  142 F.3d 353 (6th Cir. 1998) ................................................................................ 2
*United States v. Hall*,
  979 F.3d 1107 (6th Cir. 2020) .............................................................................. 2

Rules

Federal Rules of Evidence 401, 402, and 403 ......................................................... 1
LR 7.1 ........................................................................................................................ 1

# STATEMENT OF ISSUES PRESENTED

1.       Whether the Court should enter an order precluding Plaintiff from making any Golden Rule arguments or statements at trial?

      Defendants Answer:      Yes

      Plaintiff May Answer:      No

      The Court should Answer:      Yes

# CONTROLLING OR MOST APPROPRIATE AUTHORITY

- Fed. R. Evid. 401

- Fed. R. Evid. 402

- Fed. R. Evid. 403

- E.D. Michigan Local Rule 7.1

- *Ansari v. Jimenez*, 678 F.Supp.3d 926 (E.D. Mich. 2023)

- *Bell v. Korkis*, No. 19-cv-13565, 2025 WL 972830 (E.D. Mich. Apr. 1, 2025)

- *Helvey v. Lexington-Fayette Urb. Cnty. Gov't*, No. 5:19-CV-00136-GFVT, 2022 WL 1433453 (E.D. Ky. May 5, 2022)

- *Johnson v. Bell*, 525 F.3d 466 (6th Cir. 2008)

- *Johnson v. Howard*, 24 Fed.App'x 480 (6th Cir. 2001)

- *Slappy v. City of Detroit*, No. 19-10171, 2021 WL 2986284 (E.D. Mich. July 15, 2021)

- *Strickland v. Owens Corning*, 142 F.3d 353 (6th Cir. 1998)

- *United States v. Hall*, 979 F.3d 1107 (6th Cir. 2020)

# INTRODUCTION

Pursuant to Federal Rules of Evidence 401, 402, and 403, Defendants CHS TX, Inc. and Dr. Keith Papendick (collectively "Defendants") by and through counsel, move *in limine* to preclude Plaintiff and his counsel or witnesses from offering impermissible "Golden Rule" testimony, evidence, opinions or argument at trial. It is impermissible for Plaintiff to ask the jury to place themselves in a party's position for any reason, including to consider whether their rights were violated, what they would think or feel, or to consider the amount of damages they might consider appropriate were they in the party's position. Such comments, remarks and/or testimony have no probative value and are blatantly prejudicial and should not be admitted. If Plaintiff does make such comments during trial notwithstanding the prohibition on Golden Rule comments, Defendants will seek a curative instruction and/or move for a mistrial.

Defendants raise this concern because Plaintiff's counsel has repeatedly made Golden Rule-type comments during the parties' various pretrial discussions and Defendants have serious concerns that Plaintiff, his counsel, or his witnesses would attempt such arguments, whether during Plaintiff's opening statement, direct, cross or closing statements, absent a ruling in advance that prohibits them from doing so. In advance of the July 30, 2025, motion *in limine* deadline, and consistent with LR 7.1, Defendants sought Plaintiff's agreement on this motion and did not reach an

32240798

agreement. As such, this motion is necessary because it is evident that Plaintiff intends to introduce evidence and argument relating to this issue at trial.

## ARGUMENT

It is unequivocal that "[a]sking jurors to place themselves in the victim's shoes violates the ban on Golden Rule arguments." *United States v. Hall*, 979 F.3d 1107, 1119 (6th Cir. 2020). Such statements are inadmissible at trial. *See Ansari v. Jimenez*, 678 F.Supp.3d 926, 934 (E.D. Mich. 2023) (granting [d]efendnt's motion *in limine* on precluding plaintiff from making Golden Rule arguments). Golden Rule arguments are improper, as they "encourage [] the jury to make moral or social judgments rather than determining the facts." *Johnson v. Howard*, 24 Fed.App'x 480, 487 (6th Cir. 2001). These arguments only cause "prejudice" and "distract[] from the jury's sworn duty to reach a fair, honest and just verdict." *Strickland v. Owens Corning*, 142 F.3d 353, 359 (6th Cir. 1998). Golden Rule arguments are "universally condemned" as improper. *Johnson*, 24 Fed.App'x at 487 (citations omitted). Similarly, closing arguments that encourage a juror to identify with a victim is improper. *See Johnson v. Bell*, 525 F.3d 466, 484 (6th Cir. 2008) (finding, "[i]t could have been you. It could have been your children. It could have been any one of us," remarks to be improper closing argument).

This Court recently granted this exact motion *in limine*. *See Bell v. Korkis*, No. 19-cv-13565, 2025 WL 972830, at *4 (E.D. Mich. Apr. 1, 2025) (Drain J.)

32240798

2

(finding Golden Rule arguments "are universally condemned…[t]hus, as to "Golden Rule" arguments, [d]efendant's Motion is GRANTED") (**Exhibit A**).  Judge Roberts also granted a similar motion *in limine*.  *See Slappy v. City of Detroit*, No. 19-10171, 2021 WL 2986284, at *6-7 (E.D. Mich. July 15, 2021) ("[t]he Court will not allow Slappy to employ "Golden Rule" arguments") (**Exhibit B**).  Other Courts within this Circuit have granted similar motions. *See Helvey v. Lexington-Fayette Urb. Cnty. Gov't*, No. 5:19-CV-00136-GFVT, 2022 WL 1433453, at *5 (E.D. Ky. May 5, 2022) (granting Corizon's motion *in limine* to exclude "Golden Rule" arguments) (**Exhibit C**); *Locke v. Swift Transp. Co. of Ariz.*, No. 5:18-CV-00119-TBR, 2019 WL 6037666, at *2 (W.D. Ky. Nov. 14, 2019) (finding Golden Rule is a "prohibited argument" in granting defendants motion *in limine* to exclude such arguments) (**Exhibit D**); *Martin v. Polaris, Inc.*, No. 3:22-cv-322, 2024 WL 3611323, at *8-9 (E.D. Tenn. July 31, 2024) (granting [d]efendants motion *in limine* to exclude Golden Rule arguments and finding "parties SHALL NOT make golden rule arguments or attempt to incite the passions and prejudices of the jurors during opening or closing statements") (**Exhibit E**).

Thus, Golden Rule statements must be excluded, as they are irrelevant and serve no purpose other than to inflame the jury.

## **CONCLUSION**

Defendants respectfully request this Court enter an order *in limine* precluding Plaintiff from offering any impermissible Golden Rule testimony, evidence, opinions or argument at trial.

**BOWMAN AND BROOKE LLP**

By: /s/Sunny Rehsi
Sunny Rehsi (P80611)
101 W. Big Beaver Road., Suite 1100 Troy, MI 48084
248.205.3300
sunny.rehsi@bowmanandbrooke.com

Adam Masin (Admitted 5/1/2025)
750 Lexington Avenue
New York, NY 10022
646.914.6790
adam.masin@bowmanandbrooke.com

and

Rachel B. Weil (Admitted 7/16/2025)
123 South Broad Street, Suite 1512
Philadelphia, PA 19019
267.908.7001
rachel.weil@bowmanandbrooke.com

*Attorneys for Defendant CHS TX, Inc., d/b/a YesCare and Keith Papendick, M.D.*

# CERTIFICATE OF SERVICE

I certify that on July 29, 2025, I electronically filed the foregoing paper with the clerk of the United States District Court, Eastern District Southern Division using the ECF system which will send notification of such filing to the following:

**Ian T. Cross** (P83367)
Cross Law PLLC
Attorneys for Plaintiff
402 W. Liberty St.
Ann Arbor, MI  48103
724.994.9590
ian@lawinannarbor.com

**Laurence H. Margolis** (P69635)
Margolis Law Firm
Attorneys for Plaintiff
214 South Main St., Suite 202
Ann Arbor, MI 48104
734.994.9590
assistant@lawinannarbor.com

**Thomas G. Hackney** (P81283)
Hackney Odlum & Dardas Michigan
Attorneys for Keith Papendick
Bayview Professional Center
10850 E. Traverse Hwy., Suite 4440
Traverse City, MI 49684
231.642.5056
thackney@hodlawyers.com

**Jonathan R. Marko** (P72450
**Michael L. Jones** (P85223)
Marko Law, PLLC
220 W. Congress, 4th Floor
Detroit, MI 48226
313.777.7529
jon@markolaw.com
michael@markolaw.com

**BOWMAN AND BROOKE LLP**

By:   /s/*Sunny Rehsi*
Sunny Rehsi (P80611)
101 W. Big Beaver Road.,
Suite 1100 Troy, MI 48084
248.205.3300
sunny.rehsi@bowmanandbrooke.com

Adam Masin (Admitted 5/1/2025)
750 Lexington Avenue
New York, NY 10022
646.914.6790
adam.masin@bowmanandbrooke.com

32240798

5

Rachel B. Weil (Admitted 7/16/25)
123 South Broad Street, Suite 1512
Philadelphia, PA 19109
267.908.7097
rachel.weil@bowmanandbrooke.com

*Attorneys for Defendants CHS TX, Inc. d/b/a YesCare and Keith Papendick, M.D.*

32240798

6

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KOHCHISE JACKSON,

    Plaintiff,

v.

CHX TX, INC., et al.,

    Defendants

Case No.: 2:19-cv-13382-GAD-PTM

U.S. DISTRICT COURT JUDGE
HON. GERSHWIN A. DRAIN

**[PROPOSED] ORDER ON DEFENDANTS' MOTION *IN LIMINE* TO PRECLUDE PLAINTIFF FROM OFFERING ANY GOLDEN RULE ARGUMENTS OR STATEMENTS**

Upon consideration of Defendants Motion, and any response by Plaintiff filed thereto, the Court GRANTS Defendants' motion in *limine* for the reasons stated therein and Orders that Plaintiff is precluded from offering any impermissible Golden Rule testimony, evidence, opinions or argument at trial in this case.

To the extend Defendants objected to an exhibit on Plaintiff's Proposed Exhibit List by referring to this Motion, the Defendants' Objections are SUSTAINED for the reasons stated herein and the Exhibits are EXCLUDED from trial.

Dated: _____

                                                        Hon. Gershwin A. Drain

32240798