KOHCHISE JACKSON,

               Plaintiff,

v.

CHS TX, INC., et al.,

               Defendants

Case No.:  2:19-cv-13382-GAD-PTM

U.S. DISTRICT COURT JUDGE
HON. GERSHWIN A. DRAIN

## DEFENDANTS' MOTION *IN LIMINE* TO PRECLUDE PLAINTIFF FROM OFFERING EVIDENCE FROM INMATES OTHER THAN PLAINTIFF CONCERNING THE ADEQUACY OF THEIR COLOSTOMY CARE

32075293

# **TABLE OF CONTENTS**

STATEMENT OF ISSUES ..................................................................v

CONTROLLING OR MOST APPROPRIATE AUTHORITIES...........................vi

INTRODUCTION .............................................................................1

FACTUAL BACKGROUND...............................................................3

   A. Larry Cowan .......................................................................3

   B. Keith Swift.........................................................................5

LEGAL STANDARD.......................................................................6

   A. The Court Should Preclude Mr. Cowan and Mr. Swift's
      Testimony Because Plaintiff Does Not Have Expert Evidence
      Linking Them To Any Unlawful Policy ........................................7

   B. The Court Should Preclude Mr. Cowan and Mr. Swift's
      Testimony Because Their Testimony Turns on Inadmissible
      Hearsay ...........................................................................11

CONCLUSION..............................................................................13

[PROPOSED] ORDER ON DEFENDANTS' MOTION IN LIMINE
     TO PRECLUDE PLAINTIFF FROM OFFERING ANY
     OPINION OR PROOF CONCERNING THE HEALTHCARE
     PROVIDED TO OTHER INMATES OR ANY COMPLAINTS,
     GRIEVANCES, OR LAWSUITS FILED BY OTHER INMATES.................17

# TABLE OF AUTHORITIES

Page(s)

Cases

*Alspaugh v. McConnell*,
  643 F.3d 162 (6th Cir. 2011) ................................................................8

*Anthony v. Swanson*,
  701 F. App'x 460 (6th Cir. 2017) .........................................................8

*Back v. Nestlé USA, Inc.*,
  694 F.3d 571 (6th Cir. 2012) ..............................................................11

*Blosser v. Gilbert*,
  422 F.App'x 453 (6th Cir. 2011) ...........................................................9

*Cavin v. McBride*,
  No. 2:20-cv-12470, 2024 WL 790402 (E.D. Mich. Jan. 31, 2024) .....................12

*Cetlinski v. Brown*,
  91 Fed. Appx. 384 (6th Cir. 2004) ......................................................10

*Cross v. AMC Detroit, Inc.*,
  No. 18-11968, 2019 WL 2570371 (E.D. Mich. June 20, 2019)...........................12

*Field v. Trigg Cnty. Hosp., Inc.*,
  386 F.3d 729 (6th Cir. 2004) ..............................................................13

*Gardiner v. Corizon Health, Inc.*,
  No. 2:21-cv-00167, 2023 WL 11879733 (W.D. Mich. Dec. 26, 2023)...............11

*Gonzalez Prod. Sys. Inc. v. Martinrea Int'l Inc.*,
  No. 13-CV-11544, 2015 WL 4934628 (E.D. Mich. Aug. 18, 2014) ....................7

*Hadix v. Caruso*,
  461 F. Supp. 2d 574 (W. D. Mich. 2006)................................................9

*Louzon v. Ford Motor Co.*,
  718 F.3d 556 (6th Cir. 2013) ................................................................6

*Luce v. United States*,
  469 U.S. 38 (1985) ..............................................................................6

*North v. Cuyahoga Cnty.*,
  754 F. App'x 380 (6th Cir. 2018) .........................................................2

*Pettway v. Squier*,
  2014 WL 4924302 (E.D. Mich. Sept. 25, 2014) ......................................8

*Portis v. Grand Trunk Western Railroad Co.*,
  28 F.3d 1214 (Table), 1994 WL 362110 (6th Cir. 1994)....................................12

*Rhinehart v. Scutt*,
  894 F.3d 721 (6th Cir. 2018) ................................................................9

*Santiago v. Ringle*,
    734 F.3d 585 (6th Cir. 2013) .................................................................8
*Tankesly v. Orton*,
    No. 3:14 C 911, 2018 WL 4953231 (M.D. Tenn. Oct. 11, 2018) ........8
*Thomas v. City of Chattanooga*,
    398 F.3d 426 (6th Cir. 2005) ............................................................2, 9
*United States v. Brawner*,
    173 F.3d 966 (6th Cir. 1999) .................................................................6
*United States v. Chambers*,
    441 F.3d 438 (6th Cir. 2006) .................................................................7
*United States v. Lang*,
    717 F. App'x 523 (6th Cir. 2017) .........................................................7
*United States v. Phillips*,
    146 F. Supp. 3d 837 (E.D. Mich. 2015) ...............................................7
*Victor v. Advanced Corr. Healthcare, Inc.*,
    771 F. Supp. 3d 912 (E.D. Mich. 2025) ...............................................2
*Watkins v. Cnty. of Genesee*,
    No. 13-13678, 2016 WL 727855 (E.D. Mich. Feb. 24, 2016) ...........10
*Woodall v. Wayne Cnty.*,
    No. 17-13707, 2023 WL 119650 (E.D. Mich. Jan. 6, 2023) ...........2, 9

Rules

Fed. R. Evid. 403 ....................................................................................... 3, 10
Fed. R. Evid. 701(c) .......................................................................................7
Fed. R. Evid. 803(4) .....................................................................................12
Fed. R. Evid. 803(6) .....................................................................................13
Federal Rules of Evidence 401, 402, 403, 404, 701, 702 and 801 ...............1
LR 7 ................................................................................................................3
Rule 702 .........................................................................................................7

## <u>STATEMENT OF ISSUES</u>

1. **Whether the Court should preclude Plaintiff from offering testimony evidence, opinions, photos, or argument, including from inmates other than Plaintiff,  concerning the adequacy of the colostomy care that Corizon or Dr. Papendick allegedly provided or did not provide to inmates other than Plaintiff, when Plaintiff has no expert medical witness and no medical evidence from a treating physician opining that these inmates were denied a medically necessary colostomy reversal surgery, or that they did not have the surgery for unlawful reason?**

Defendants' Answer:  Yes.

Plaintiff May Answer: No.

The Court Should Answer:  Yes.

## **CONTROLLING OR MOST APPROPRIATE AUTHORITIES**

- Fed. R. Evid. 403

- Fed. R. Evid. 701(c)

- Fed. R. Evid. 702

- Fed. R. Evid. 803

- *Anthony v. Swanson*, 701 F. App'x 460 (6th Cir. 2017)

- *Alspaugh v. McConnell*, 643 F.3d 162 (6th Cir. 2011)

- *Back v. Nestlé USA, Inc.*, 694 F.3d 571 (6th Cir. 2012)

- *Blosser v. Gilbert*, 422 F.App'x 453 (6th Cir. 2011)

- *Cavin v. McBride*, No. 2:20-cv-12470, 2024 WL 790402 (E.D. Mich. Jan. 31, 2024)

- *Cetlinski v. Brown*, 91 Fed. Appx. 384 (6th Cir. 2004)

- *Cross v. AMC Detroit, Inc.*, No. 18-11968, 2019 WL 2570371 (E.D. Mich. June 20, 2019)

- *Field v. Trigg Cnty. Hosp., Inc.*, 386 F.3d 729 (6th Cir. 2004)

- *Gardiner v. Corizon Health, Inc.*, No. 2:21-cv-00167, 2023 WL 11879733 (W.D. Mich. Dec. 26, 2023)

- *Gonzalez Prod. Sys. Inc. v. Martinrea Int'l Inc.*, No. 13-CV-11544, 2015 WL 4934628 (E.D. Mich. Aug. 18, 2014)

- *Hadix v. Caruso*, 461 F. Supp. 2d 574 (W. D. Mich. 2006)

- *Louzon v. Ford Motor Co.*, 718 F.3d 556 (6th Cir. 2013)

- *Luce v. United States*, 469 U.S. 38 (1985)

- *North v. Cuyahoga Cnty.*, 754 F. App'x 380 (6th Cir. 2018)

- *Pettway v. Squier*, 2014 WL 4924302 (E.D. Mich. Sept. 25, 2014)

- *Portis v. Grand Trunk Western Railroad Co.*, 28 F.3d 1214 (Table), 1994 WL 362110 (6th Cir. 1994)

- *Rhinehart v. Scutt*, 894 F.3d 721 (6th Cir. 2018)

- *Santiago v. Ringle*, 734 F.3d 585 (6th Cir. 2013)

- *Thomas v. City of Chattanooga*, 398 F.3d 426 (6th Cir. 2005)

- *Victor v. Advanced Corr. Healthcare, Inc.,* 771 F. Supp. 3d 912 (E.D. Mich. 2025)

- *Watkins v. Cnty. of Genesee*, No. 13-13678, 2016 WL 727855 (E.D. Mich. Feb. 24, 2016)

- *Woodall v. Wayne Cnty.*, No. 17-13707, 2023 WL 119650 (E.D. Mich. Jan. 6, 2023)

- *United States v. Brawner*, 173 F.3d 966 (6th Cir. 1999)

- *United States v. Chambers*, 441 F.3d 438 (6th Cir. 2006)

- *United States v. Phillips*, 146 F. Supp. 3d 837 (E.D. Mich. 2015), *aff'd in part*, 677 F. App'x 294 (6th Cir. 2017)

# INTRODUCTION

Pursuant to Federal Rules of Evidence 401, 402, 403, 404, 701, 702 and 801, Defendants CHS TX, Inc. and Dr. Keith Papendick (collectively "Defendants"), by and through counsel, move *in limine* to preclude Plaintiff from offering any testimony, evidence, opinions, or argument, including from current or former inmates  concerning the adequacy of the colostomy care that Corizon or Dr. Papendick allegedly provided or did not provide to inmates other than Plaintiff.   The precluded evidence should encompass putative testimony from current or former MDOC inmates Larry Cowman and Keith Swift for the reasons stated herein.  As discussed here, this evidence should be excluded because Plaintiff has no expert medical witness and no medical evidence from a treating physician opining that these inmates were denied a medically necessary colostomy reversal surgery. Without expert medical evidence establishing the alleged illegal pattern at issue, the lay opinions of other inmates about their own care have no probative value, is drowned in hearsay, is unfairly prejudicial, and should not be admitted.

This trial is about whether Plaintiff Kohchise Jackson had a Constitutional right to have a colostomy reversal surgery approved by Corizon Health, Inc., and/or Dr. Papendick in April 2017 while Plaintiff was incarcerated in the Michigan Department of Corrections ("MDOC").  To prove a claim against Corzion, Plaintiff must establish that his care was part of a "clear and persistent pattern of ***illegal***

activity." *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005).  The

pattern of alleged violations must be "closely related to the violation the plaintiff

says []he suffered." *Woodall v. Wayne Cnty.*, No. 17-13707, 2023 WL 119650, at

*4 (E.D. Mich. Jan. 6, 2023).  Further, there is no "illegal activity" for purposes of

a *Monell* claim without a constitutional violation.  *See North v. Cuyahoga Cnty.*, 754

F. App'x 380, 389 (6th Cir. 2018); *Victor v. Advanced Corr. Healthcare, Inc.,* 771

F. Supp. 3d 912, 923 (E.D. Mich. 2025) ("it is well-settled that *Monell* liability will

not lie absent a constitutional violation.").

Plaintiff has not disclosed a medical expert witness to testify about the

colostomy care provided to any other inmates in Michigan or elsewhere.  No expert

or treating physician will testify that Corizon or Dr. Papendick denied medically

necessary care to any other colostomy patient.  No expert or treating physician will

testify that Corizon or Dr. Papendick denied a medically necessary colostomy

reversal surgery to any other patient.  Inmates themselves, including Plaintiff, are

not qualified to offer such opinions.

Despite this critical evidentiary vacuum, Plaintiff wants to call at trial at least

one MDOC inmate, Larry Cowan, to testify that he did not have a colostomy reversal

surgery for five years while he was incarcerated—even though Corizon approved it

in 2017.  Plaintiff may also attempt to introduce testimony or affidavits from other

MDOC inmates.  Plaintiff also wants to introduce photographs of Mr. Cowan and

Mr. Swift.  This evidence has no probative value without expert medical evidence that these individuals were denied medically necessary care because, absent such evidence, Plaintiff fails to demonstrate that their medical care was part of a requisite *illegal* policy or practice.  In addition, any affidavits are inadmissible hearsay because they are obviously out of court statement being offered for their truth, and the content of any affidavits are soaked in layers of inadmissible hearsay.  The photographs are also inadmissible without any expert medical evidence that they are representative of Plaintiff's colostomy, and scream out as a classic example of evidence excluded under Fed. R. Evid. 403, particularly because the photos are not even of the Plaintiff.  See Defendants' Objections to Plaintiff's Exhibit List.

Pursuant to LR 7.1, there was a conference between attorneys in which the movant explained the nature of the motion or request and its legal basis and requested but did not obtain concurrence in the relief sought.

## FACTUAL BACKGROUND

### A.  Larry Cowan

Dr. Papendick approved Larry Cowan's colostomy reversal surgery on December 1, 2017.  Mr. Cowan had the surgery on December 7, 2017 and was discharged on December 11, 2017 while still in the custody of the MDOC.  *See* **Exhibit A** (Corizon Health Referral Form, redacted).  *See* Defendants Exhibit List.

Plaintiff wants to call Mr. Cowan to testify about his experience in the MDOC since late 2012—four years before Corizon's relevant contract with the MDOC.  *See* ECF 54-3.  According to his Affidavit, at some point after he healed from multiple gunshot wounds, he claims to have made requests to "various prison doctors and nursing staff about undergoing colostomy reversal surgery." *Id.* ¶ 6.  He also claims unidentified "[m]edical staff" informed him at unidentified times that he would not receive a surgery because it was too expensive, and that unidentified "doctors, nurses, correctional officers, and even inmates discouraged him." *Id.* ¶¶ 7, 8.  Cowan does not provide any detail about these alleged requests.  He also recounts events relating to his colostomy in August 2017 where he claims he was "told" by an identified person that he was dehydrated, he was "yelled at" by a "male lieutenant, last name Quinn" for coming into the control center without a pass, he was put "in the hole" by a correction officer named Sgt. Montgomery, called his father "Big Larry" who he says had conversations with the police and MDOC. *Id.* ¶¶ 10-18.  He then says "healthcare" checked his vitals every half hour, he was transported to a local hospital, he had a colonoscopy a few weeks later at a hospital and was told by an unnamed doctor that he would "attempt colostomy reversal surgery before the

year was out." *Id*. ¶¶ 18-20. *Which is what happened because Dr. Papendick approved it.*[1]

Plaintiff has not disclosed any expert or treating physician to offer any opinions about Mr. Cowan, including whether a colostomy reversal surgery was medically necessary or appropriate for him based on his medical condition between 2012 and the time he did have his Corizon-approved reversal surgery in December 2017, what the photograph of him shows, or whether it is medically representative of Plaintiff's case at any given time.

## B. Keith Swift

Keith Swift is a former inmate in the MDOC. Mr. Swift was incarcerated in the MDOC in 1989. *See* ECF No. 54-2. His *unsworn* Affidavit claims that he underwent a colostomy on June 2, 2011 at a hospital in Marquette, Michigan to remove a cyst. *Id*. at 1-5. He claims that "[a]t the time I gave informed consent for the surgical procedure, I was told the colostomy would be reversed within two to three months." *Id*. ¶ 6. He does not identify the speaker, who was presumably a person associated with the non-party hospital. He then contends that on August 4, 2011, an unidentified "medical provider" requested a consult for a reversal, which Mr. Swift claims to know, "was denied on the basis that reversing my colostomy

---

[1] The *fact* that Dr. Papendick approved the surgery is admissible, as are *his* reasons for doing so because his state of mind is directly at issue in this case. But no expert will testify that Corizon should have approved it sooner.

'was not medically necessary." *Id*. ¶ 7.  Mr. Swift does not identify who allegedly provided him this information.  Mr. Swift goes on to recount multiple transfers, contending each time that some unidentified "medical provider" told him in various ways that he would not have a reversal.  *Id*. ¶¶ 8-13.  In 2020, he claims a Dr. Vanderkooi told him he could do a colostomy takedown if "ideally" he would lose 30-40 pounds first "to make postoperative case easier and decrease operative risk." *Id*. ¶ 17.  He also claims in 2021 that a Dr. Sahdir told him "words to that effect" that "they" would not approve reversals of functional colostomies.  *Id*. ¶ 19.

Plaintiff has not disclosed any expert or treating physician to offer any opinions about Mr. Swift, including whether a colostomy reversal surgery was medically necessary or appropriate for him based on his medical condition after 2011, what the photograph of him shows, or whether it is medically representative of Plaintiff's case at any given time.

## **LEGAL STANDARD**

A motion *in limine* is any motion that is made "whether before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *Louzon v. Ford Motor Co*., 718 F.3d 556, 561 (6th Cir. 2013) (quoting *Luce v. United States*, 469 U.S. 38, 40 n.2 (1985)).  Motions in *limine* are designed "to narrow the issues remaining" and "minimize disruptions," *United States v. Brawner*, 173 F.3d 966, 970 (6th Cir. 1999), and help ensure "evenhanded and expeditious management

of trials." *United States v. Phillips*, 146 F. Supp. 3d 837, 841 (E.D. Mich. 2015), *aff'd in part*, 677 F. App'x 294 (6th Cir. 2017) (internal citations omitted). *See also Gonzalez Prod. Sys. Inc. v. Martinrea Int'l Inc.*, No. 13-CV-11544, 2015 WL 4934628, at *2 (E.D. Mich. Aug. 18, 2014) (motions in limine "improve the conditions under which the trial judge must address evidence issues by reducing the need for hasty decisions during the heat of trial.") (**Exhibit B**).  District courts have broad discretion "over matters involving the admissibility of evidence at trial." *United States v. Chambers*, 441 F.3d 438, 455 (6th Cir. 2006) (citation omitted).

### A.   The Court Should Preclude Mr. Cowan and Mr. Swift's Testimony Because Plaintiff Does Not Have Expert Evidence Linking Them To Any Unlawful Policy

The fact that Mr. Cowman and Mr. Swift both had colostomies that were not reversed for some time is not nearly enough to establish that their testimony is probative of an Eighth Amendment "pattern and practice" claim.  First, both are lay witnesses.  A lay witness may not give an opinion "based on scientific, technical, or other specialized knowledge within the scope of Rule 702." *United States v. Lang*, 717 F. App'x 523, 537 (6th Cir. 2017). *See also* Fed. R. Evid. 701(c); Fed. R. Evid. 702 (standards for admissibility of expert testimony).  Not even a doctor can "explain why treatment was medically necessary or appropriate" without "being qualified as an expert." *Lang*, 717 F. App'x at 537.  Mr. Cowan and Mr. Swift, as lay witnesses, cannot testify "as to the applicable medical standard of care, the medical care [they]

believe[] [they] should have received, or medical causation." *Tankesly v. Orton,* No. 3:14 C 911, 2018 WL 4953231, at *5 (M.D. Tenn. Oct. 11, 2018) (granting defendants motion *in limine* to exclude such evidence from inmate plaintiff) (**Exhibit C**).  The Court, at a minimum, should exclude such testimony.

Second, Mr. Cowan's or Mr. Swift's mere "desire to additional or different treatment does not by itself suffice to support an Eighth Amendment claim." *Anthony v. Swanson*, 701 F. App'x 460, 464 (6th Cir. 2017)*; Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011) ("[w]here a prisoner alleges only that the medical care he received was inadequate, 'federal courts are generally reluctant to second guess medical judgment.'").   "[D]ifferences in judgment between an inmate and prison medical personnel regarding appropriate medical diagnoses or treatment are insufficient to state a deliberate indifference claim," *Pettway v. Squier*, 2014 WL 4924302, at *3 (E.D. Mich. Sept. 25, 2014) (**Exhibit D**).  It is black letter law that a prisoner alleging inadequate medical care fails to establish an Eighth Amendment claim without expert medical testimony "showing the medical necessity for such a treatment." *Anthony v. Swanson*, 701 F. App'x 460, 464 (6th Cir. 2017) (where plaintiff claims that he needed a colostomy, "the absence of such medical testimony is fatal"); *Santiago v. Ringle*, 734 F.3d 585, 591 (6th Cir. 2013) (medical testimony was required because Santiago did "not allege that he received *no* medical treatment… [i]nstead, [he] complain[ed] that he was delayed in receiving a *specific*

*type* of medical treatment."); *Blosser v. Gilbert*, 422 F.App'x 453, 461 (6th Cir. 2011) (a prisoner could not prevail on his Eighth Amendment claim when he provided no medical evidence that he required surgery or that the prison's delay in scheduling surgery harmed him).   Further, such expert medical testimony must establish medical "care 'so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness.'"   *Rhinehart v. Scutt*, 894 F.3d 721, 737 (6th Cir. 2018).

Plaintiff has no medical expert who reviewed Mr. Cowan Mr. Swift's medical records.   No medical expert can or will testify that Corizon denied ***them*** a medically necessary colostomy reversal.   Without that expert medical evidence, Plaintiff cannot establish that either individual's care was part of a "clear and persistent pattern of ***illegal*** activity" necessary to establish a claim against Corizon.   *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005); *Woodall v. Wayne Cnty.*, No. 17-13707, 2023 WL 119650, at *4 (E.D. Mich. Jan. 6, 2023) *("Monell* requires the pattern of violations to be closely related to the violation the plaintiff says she suffered.") (**Exhibit E**).   For example, the type of evidence to necessary establish an illegal pattern under the Eighth Amendment was at issue in *Hadix v. Caruso*, 461 F. Supp. 2d 574, 583-587, 598-599 (W. D. Mich. 2006), where the Court was presented with written expert reports from expert physicians who reviewed more than a dozen specific patients' records to support the opinion that medical treatment failure was

causally related to inadequate psychological and psychiatric services at Hadix facilities. There is no comparable expert testimony here—not even for one other colostomy patient.

The absence of expert medical testimony also means the probative value of their proposed testimony is substantially outweighed by a danger of unfair prejudice, confusing the issues, and misleading the jury. *See* Fed. R. Evid. 403. Plaintiff surely wants to call these witnesses to inflame the jury with what are unverifiable, hearsay-soaked stories of their alleged inadequate colostomy care and alleged interactions with numerous unidentified individuals, including non-parties. That is also why Plaintiff wants to show their photographs. But in the absence of expert medical evidence that these stories or photographs demonstrate a relevant ***illegal*** pattern, the danger of unfair prejudice and confusion of the issues is obvious. *See Cetlinski v. Brown*, 91 Fed. Appx. 384, 388 (6th Cir. 2004) (granting defendant's motion in part that plaintiff could not use other patient testimony to discuss the results of surgeries); *Watkins v. Cnty. of Genesee*, No. 13-13678, 2016 WL 727855, at *3 (E.D. Mich. Feb. 24, 2016) (granting motion in limine to prevent having the jury make a determination based on a "trial within the trial" relating to complaints against defendant) (**Exhibit F**).

The unfair prejudice is compounded in Dr. Papendick's case, because he cannot be liable based on conduct that he did not participate in. And the only

evidence of his participation with either individual is that he *approved* Mr. Cowan's colostomy reversal surgery in 2017. There is no evidence of his involvement with Mr. Cowan prior to that.

It is of no moment that testimony from other MDOC colostomy patients could *theoretically* be relevant to an Eighth Amendment claim under different circumstances. Here, however, Plaintiff simply chose not to do the work of having an expert review their records and offer relevant opinions, and chose not to obtain their medical records for purposes of proving whatever it is that they might say. The Court should therefore exclude this testimony.

## B. The Court Should Preclude Mr. Cowan and Mr. Swift's Testimony Because Their Testimony Turns on Inadmissible Hearsay

To the extent Mr. Cowan or Mr. Swift do not testify at trial, their Affidavits are inadmissible hearsay. Hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." *Back v. Nestlé USA, Inc.*, 694 F.3d 571, 577 n.1 (6th Cir. 2012). These Affidavits are out of court statements that Plaintiff can only want to introduce for the truth of the statemen therein. There is no hearsay exclusion or exception that allows the admission of these Affidavits. *See, e.g., Gardiner v. Corizon Health, Inc*., No. 2:21-cv-00167, 2023 WL 11879733, at *1 (W.D. Mich. Dec. 26, 2023) ("statements by other prisoners in grievance documents or complaints constitute hearsay and would be inadmissible.") (citations omitted)

(**Exhibit G**). Additionally, Mr. Swift's affidavit was not sworn "under penalty of perjury." Courts have found that such declarations that do not contain this language, cannot be used as evidence. *Cross v. AMC Detroit, Inc*., No. 18-11968, 2019 WL 2570371 (E.D. Mich. June 20, 2019) (**Exhibit H**); *see also Cavin v. McBride*, No. 2:20-cv-12470, 2024 WL 790402 (E.D. Mich. Jan. 31, 2024) (**Exhibit I**).

Mr. Cowan and Mr. Swift's respective Affidavits should also be excluded because their content contains hearsay within hearsay worthy of Russian nesting dolls, as they purport to recount numerous, vague conversations with unidentified individuals at unidentified times, as well as conversations with a handful of identified individuals who (i) are not on plaintiff's witness list, and (ii) are not identified as a party witnesses, and some of whom on their face are third-party employees of various non-prison medical facilities.  Their testimony should be excluded as inadmissible hearsay even if Plaintiff intends to call them to testify.

In Mr. Swift's case, for example, Plaintiff wants to introduce his testimony that someone other than Mr. Swift made a request for a reversal surgery to some unknown person, that some unknown person considered and denied the request, and that the request was denied for whatever reason Mr. Swift contends he heard.  But statements by a patient regarding medical opinions and diagnoses made by doctors are not admissible under Fed. R. Evid. 803(4).  *See Portis v. Grand Trunk Western Railroad Co*., 28 F.3d 1214 (Table), 1994 WL 362110, at *5 (6th Cir. 1994) (**Exhibit

**J**); *Field v. Trigg Cnty. Hosp., Inc.*, 386 F.3d 729, 736 (6th Cir. 2004).  That evidence

may only be established through admission of the relevant doctors' records pursuant

to Fed. R. Evid. 803(6) or the sworn testimony of these doctors.  Plaintiff has not

disclosed the relevant doctors' records as to Mr. Cowan or Mr. Swift and has not put

any of their physicians on their witness list.

**<u>CONCLUSION</u>**

For the foregoing reasons, Defendants request this Court enter an order *in*

*limine* precluding Plaintiff from offering any testimony, evidence, opinions, or

argument, including from current or former inmates, concerning the adequacy of the

colostomy care that Corizon or Dr. Papendick allegedly provided or did not provide

to inmates other than Plaintiff.

Respectfully submitted,

**BOWMAN AND BROOKE LLP**

By:   /s/*Sunny Rehsi*
Sunny Rehsi (P80611)
101 W. Big Beaver Road.,
Suite 1100 Troy, MI 48084
248.205.3300
sunny.rehsi@bowmanandbrooke.com

Adam Masin (Admitted 5/1/2025)
750 Lexington Avenue
New York, NY 10022
646.914.6790
adam.masin@bowmanandbrooke.com

Rachel B. Weil (Admitted 7/16/25)
123 South Broad Street, Suite 1512
Philadelphia, PA 19109
267.908.7097
rachel.weil@bowmanandbrooke.com

*Attorneys for Defendants CHS TX, Inc. d/b/a*
*YesCare and Keith Papendick, M.D.*

## CERTIFICATE OF SERVICE

I certify that on July 29, 2025, I electronically filed the foregoing paper with the clerk of the United States District Court, Eastern District Southern Division using the ECF system which will send notification of such filing to the following:

**Ian T. Cross**
Cross Law PLLC
Attorneys for Plaintiff
402 W. Liberty St.
Ann Arbor, MI  48103
724.994.9590
ian@lawinannarbor.com

**Laurence H. Margolis**
Margolis Law Firm
Attorneys for Plaintiff
214 South Main St., Suite 202
Ann Arbor, MI 48104
734.994.9590
assistant@lawinannarbor.com

**Thomas G. Hackney**
Hackney Odlum & Dardas Michigan
Attorneys for Keith Papendick
Bayview Professional Center
10850 E. Traverse Hwy., Suite 4440
Traverse City, MI 49684
231.642.5056
thackney@hodlawyers.com

**Jonathan R. Marko** (P72450
**Michael L. Jones** (P85223)
Marko Law, PLLC
Attorneys for Plaintiff
220 W. Congress, 4th Floor
Detroit, MI 48226
313.777.7529
jon@markolaw.com
michael@markolaw.com

Respectfully submitted,

**BOWMAN AND BROOKE LLP**

By:     /s/*Sunny Rehsi*
Sunny Rehsi (P80611)
101 W. Big Beaver Road.,
Suite 1100 Troy, MI 48084
248.205.3300
sunny.rehsi@bowmanandbrooke.com

Adam Masin (Admitted 5/1/2025)
750 Lexington Avenue
New York, NY 10022

32075293

15

646.914.6790
adam.masin@bowmanandbrooke.com

Rachel B. Weil (Admitted 7/16/25)
123 South Broad Street, Suite 1512
Philadelphia, PA 19109
267.908.7097
rachel.weil@bowmanandbrooke.com

*Attorneys for Defendants CHS TX, Inc. d/b/a
YesCare and Keith Papendick, M.D.*

KOHCHISE JACKSON,

                    Plaintiff,

v.

CHX TX, INC., et al.,

                    Defendants

Case No.:  2:19-cv-13382-GAD-PTM

U.S. DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

**[PROPOSED] ORDER ON DEFENDANTS' MOTION IN LIMINE TO PRECLUDE PLAINTIFF FROM OFFERING ANY OPINION OR PROOF CONCERNING THE HEALTHCARE PROVIDED TO OTHER INMATES OR ANY COMPLAINTS, GRIEVANCES, OR LAWSUITS FILED BY <u>OTHER INMATES</u>**

Upon consideration of Defendants' Motion, and any response by Plaintiff filed thereto, the Court GRANTS Defendants *motion in limine* for the reasons stated therein and Orders that Plaintiff is precluded from offering any testimony, evidence, opinions, photos, or argument, including from current or former inmates, concerning the adequacy of the colostomy care that Corizon or Dr. Papendick allegedly provided or did not provide to inmates other than Plaintiff.

To the extent Defendants, objected to an exhibit on Plaintiff's Proposed Exhibit List by referring to this Motion, the Defendants' Objections are

SUSTAINED for the reasons stated herein and the Exhibits are EXCLUDED from

trial.


Dated: _____
                                        Hon. Gershwin A. Drain