# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

KOHCHISE JACKSON,

                Plaintiff,

v.

CHS TX, INC., et al.,

                Defendants

Case No.:  2:19-cv-13382-GAD-PTM

U.S. DISTRICT COURT JUDGE
HON. GERSHWIN A. DRAIN

## DEFENDANTS' MOTION *IN LIMINE* TO PRECLUDE PLAINTIFF FROM OFFERING EVIDENCE OR ARGUMENT RELATING TO THE 2022 CORIZON DIVISIONAL MERGER OR 2023 BANKRUPTCY

32140732

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ...................................................................... iii

STATEMENT OF ISSUES .......................................................................iv

CONTROLLING OR MOST APPROPRIATE AUTHORITIES.............................v

INTRODUCTION ................................................................................1

FACTUAL BACKGROUND....................................................................2

    A. The Court Already Decided Successor Liability And Held
       There Was No Need For An Evidentiary Hearing ........................................2

    B. The Bankruptcy Plan Fully Preserved Plaintiff's Claims, .............................5

ARGUMENT ....................................................................................7

CONCLUSION ................................................................................11

[PROPOSED] ORDER ON DEFENDANTS' MOTION *IN LIMINE*
    TO PRECLUDE PLAINTIFF FROM OFFERING EVIDENCE OR
    ARGUMENT RELATING TO THE 2022 CORIZON
    DIVISIONAL MERGER OR 2023 BANKRUPTCY..........................................15

# TABLE OF AUTHORITIES

Page(s)

Cases

*Bamerilease Capital Corp. v. Nearburg*,
   958 F.2d 150 (6th Cir. 1992) ..................................................................9

*Greater Potater Harborplace, Inc. v. Jenkins*,
   935 F.2d 267 (Table) (4th Cir. 1991) ....................................................9

*Luxliner P.L. Exp., Co. v. RDI/Luxliner, Inc.*,
   13 F.3d 69 (3d Cir. 1993) ......................................................................9

*Rainer v. Refco, Inc.*,
   No. 2:05CV0859, 2007 WL 1114944 (S.D. Ohio Apr. 13, 2007) .........7

*Suarez v. City of Warren*,
   No. 17-CV-12623, 2018 WL 6381100 (E.D. Mich. Dec. 6, 2018) ........8

Rules

Fed. R. Civ. P. 25(c) .................................................................... 2, 5, 8

Fed. R. Civ. P. 56 ..............................................................................5

Fed. R. Evid. 401 ...........................................................................1, 7

LR 7.1 ............................................................................................2, 6

## <u>STATEMENT OF ISSUES</u>

1. **Whether the Court should preclude the parties from introducing at trial evidence and argument concerning (i) the 2022 Plan of Divisional Merger and related business transactions involving CHS and Defendant Corizon Health, Inc., and (ii) the 2023 *In re Tehum* (fka Corizon Health Inc.) bankruptcy (including the term "Texas Two-Step"), except the jury can be informed of the following facts: (1) CHS TX, Inc. was created in January 2022, and (ii) CHS is a defendant representing Corizon's interests because CHS continued Corizon's business following a 2022 transaction.**

   Defendants' Answer:  Yes.

   Plaintiff May Answer:  No.

   The Court Should Answer:  Yes.

iv

## **CONTROLLING OR MOST APPROPRIATE AUTHORITIES**

1.      Fed. R. Evid. 401

2.      Fed. R. Evid. 402

3.      Fed. R. Evid. 403

4.      Court Order, dated February 19, 2025 (Doc. 114)

5.      *Rainer v. Refco, Inc.,* No. 2:05CV0859, 2007 WL 1114944, at *2 (S.D. Ohio Apr. 13, 2007).

6.      *Suarez v. City of Warren*, No. 17-CV-12623, 2018 WL 6381100, at *4 (E.D. Mich. Dec. 6, 2018)**.**

## INTRODUCTION

Pursuant to Federal Rules of Evidence 401, 402, and 403, Defendants CHS TX, Inc. ("CHS") and Dr. Keith Papendick (collectively "Defendants"), by and through counsel, move *in limine* to preclude Plaintiff from offering any testimony, evidence, opinions, or argument concerning:

(i)    the 2022 Plan of Divisional Merger and related business transactions involving CHS and Defendant Corizon Health, Inc. ("Corizon"),

(ii)   the 2023 *In re Tehum* (fka Corizon Health Inc.) bankruptcy (including use of the term "Texas Two-Step,"), and

(iii)  any other post-2021 financial information, transactions, or business plans, except

(iv)   the jury can be be informed that: (1) CHS TX, Inc. was created in January 2022, and (2) CHS is a defendant representing Corizon's interests because CHS continued Corizon's business following a 2022 transaction.

The relevant events of this case occurred between 2016-2019.   Unrelated business transactions or events years later, including after Corizon's contract with the MDOC expired in 2021, are not relevant to Plaintiff's Constitutional claims.  *See* **Exhibit A** (MDOC Contract, expiring 5/31/2021).  As discussed below, this Court already considered all of Plaintiff's "successor liability" evidence and arguments, ***already held that an evidentiary hearing was not necessary,*** already held that CHS has successor liability for Corizon's conduct as a matter of law under a "mere continuation" theory, and already denied CHS the opportunity file a summary

judgment motion on these issues.  There is nothing for this jury to decide on the successor liability subject, and to be clear, Defendants do not intend to raise arguments opposing successor liability at trial.[1]  Plaintiff should not be permitted to turn a § 1983 trial about his colostomy care in 2017-2019 into a three-ring circus where his attorneys grandstand about unrelated complex business transactions and Corizon's bankruptcy proceeding several years later—especially when Plaintiff's claims against the Defendants here were preserved in that proceeding.

Pursuant to LR 7.1, there was a conference between attorneys in which the movant explained the nature of the motion or request and its legal basis and requested but did not obtain concurrence in the relief sought.

## FACTUAL BACKGROUND

### A.    The Court Already Decided Successor Liability And Held There Was No Need For An Evidentiary Hearing

This Court already considered and ruled on Plaintiff's various successor liability theories under Michigan law based on evidence that Plaintiff presented in its motion pursuant to Fed. R. Civ. P. 25(c).  On July 20, 2022, Plaintiff filed a motion and 38 Exhibits in support of its argument under Fed. R. Civ. P. 25(c) seeking to substitute both YesCare Corp. and CHS "as party defendants in place of Corizon

---

[1] Defendants expressly preserve the ability to appeal the Court's Order on Plaintiff's Rule 25(c) Motion to Substitute following trial should that become necessary and do not intend to waive any argument by agreeing on this jury instruction, which is only intended for explanatory purposes and is not an admission.

Health, Inc." Doc. 77. The motion argued that YesCare Corp. and CHS "are alter-egos, successors, or mere continuations of Corizon Health, Inc." under Michigan law. Doc. 77 ¶ 7.

The accompanying brief argued at length that the Divisional Merger was "a fraudulent transfer," that "it cannot possibly constitute an arms-length sale of assts for fair value," that its purpose was "defrauding the unsecured creditors," that it "constitutes abuse of the corporate form," and that YesCare Corp. and CHS are alter-egos of Corzion and subject to veil-piercing because their "separate legal personalities serve no legitimate business purpose." Doc. 77 at 15-39. Plaintiff also argued that YesCare Corp. and CHS should be liable under Michigan law because "the transaction was fraudulent," and "some of the elements of a purchase in good faith were lacking, or [] the transfer was without consideration and the creditors of the transferor were not provided for."

Plaintiff's motion also argued that Michigan law provides for successor liability if there "is an express or implied assumption of liability," "where the transactions amounts to a consolidation or merger," or "where the transferee corporation was a mere continuation of the old corporation." Plaintiff's motion argued the "mere continuation" theory "appears to be the most commonly applied" and focused on whether the entities "main corporate purpose was to conduct the

same business." Doc. 77 at 22-23. YesCare Corp. and CHS opposed the motion on all bases. Doc. 83.

On November 11, 2022, the Magistrate Judge, applying Michigan law, found that CHS "is a mere continuation of pre-division Corizon," denied substitution of parties, added CHS as a separate defendant, and left Corizon in the case. Doc. 89. The Court also found that "de facto merger" and "continuity of the enterprise" doctrines did not apply, and rejected Plaintiff's alter ego/veil piercing arguments. Doc. 89 at 32-34. Although all other possible Michigan successor liability arguments were in front of the Court, the Report and Recommendation did not hold that CHS had successor liability under any theory except for "mere continuation." The Magistrate Judge also denied the motion in its entirety as to YesCare Corp., finding that Plaintiff waived the "alter ego" argument because of "Jackson's Counsel's fundamental misunderstanding of alter ego liability." Doc. 89 at 34.

CHS filed an objection to the Magistrate's Report and Recommendation. Docs. 92, 96. Plaintiff did not. In response to CHS's objection, Plaintiff again tried to raise arguments that transactions involving CHS and Corzion constituted "constructive fraud," was an "unfair device to achieve an inequitable result," and tried to re-argue alter ego and fraudulent transfer. Doc. 95.

On February 19, 2025, this Court issued as 25-page opinion that sustained the portions of the Report and Recommendation holding that CHS was, based on

"undisputed evidence" a "mere continuation" of Corizon under Michigan law, denying substitution, and adding CHS TX, Inc. as a separate party.  Doc. 114 at 18, 20.  This Court did not hold that CHS bears liability for Corizon's actions under any theory other than "mere continuation."  This Court further held that "if CHS TX is a successor-in-interest to Corizon's stake in this lawsuit, it will be bound by the Court's judgment regardless of whether it is added to this case as a defendant."  *Id*. Finally, the Court held that "***an evidentiary hearing was not necessary***" to decide these successor liability issues.  ECF. 114 at 20 (emphasis added).

Plaintiff did not amend his Complaint to assert any allegations against CHS. The operative Complaint therefore pleads no facts or theory relating to CHS's successor liability.  At the May 5, 2025, status conference, the Court denied CHS's request that the Court order Plaintiff to amend his Complaint to conform with the Rule 25(c) holding.   The Court also denied CHS the ability to file a summary judgment motion on successor liability pursuant to Fed. R. Civ. P. 56.  Accordingly, based on this record, there is no successor liability issue for a jury to decide.

### B.    The Bankruptcy Plan Fully Preserved Plaintiff's Claims, Which Is Why There Will Be A Trial

The now confirmed and effective Bankruptcy Plan provided Corizon's unsecured creditors with the option to opt-out of the Plan so they could continue to pursue their claims in court against parties that the Plan otherwise releases, including the ability to argue that otherwise "Released Parties" have "successor liability" for

the Debtor's conduct.[2]  *See* **Exhibit B**, Plan, Art. III.  This opt-out procedure ensured that any creditor who preferred to pursue their existing lawsuits based on pre-Divisional Merger conduct by "Released Parties" (which include CHS and Dr. Papendick) rather than seeking recovery through the Trusts created in the Plan had the option to do so.

Plaintiff chose to opt-out, which is why this litigation still exists.  As such,  it is a fact today that Plaintiff's rights as a creditor, including his rights as someone holding a claim against Corizon and Dr. Papendick based on pre-Divisional Merger events, and his rights to assert successor liability (which he has already done) were preserved as part of the bankruptcy proceeding.

In advance of the July 30, 2025, *motion in limine* deadline, and consistent with LR 7.1, CHS's counsel requested that Plaintiff stipulate that he would not introduce evidence or argument relating to the 2022 Divisional Merger, related transactions, or the 2023 bankruptcy.  Plaintiff refused to so stipulate.  The Plaintiff's proposed Exhibit List, as indicated by Defendants' specific objections thereto in the Final Pretrial Order, is loaded up with documents, deposition testimony, letters, financial information, and other proposed exhibits that related to business matters years after the events at issue and have nothing to do with Plaintiff's claims.  In addition to

---

[2] The Plan also expressly preserved the CHS's defenses and arguments opposing successor liability.

precluding argument on these issues, Defendants incorporate these objections herein.[3]  As such, this motion is necessary because it is evident that Plaintiff intends to introduce evidence and argument relating to this issue at trial.

## ARGUMENT

This case is about Plaintiff's colostomy care in the MDOC from 2017-19 during the time the State of Michigan contracted Defendant Corizon Health, Inc. to provide healthcare to the approximately 44,000 inmates in the MDOC.  Business transactions, proposals, presentations, contracts, and financial information that arose years later, including the 2022 Plan of Divisional Merger and Corizon's 2023 bankruptcy, are not probative of Plaintiff's § 1983 claims against Corizon or Dr. Papendick.  Fed. R. Evid. 401.  Arguments relating to them do not belong in this trial.

"[T]he issue of successor liability is not ordinarily an evidentiary issue or a question of fact for the jury."  *Rainer v. Refco, Inc.,* No. 2:05CV0859, 2007 WL 1114944, at *2 (S.D. Ohio Apr. 13, 2007) (**Exhibit C**).  This Court has already held that "***an evidentiary hearing was not necessary***" to decide these successor liability issues.  ECF. 114 at 20 (emphasis added).  The Court did ***not*** hold that there was any

---

[3] Defendants' objections to Plaintiff's Exhibit List identify any exhibits that should be excluded pursuant to this motion, as well and any other bases for excluding the exhibits.  The irrelevance of these proposed Exhibits is only one reason they should be excluded.  *See* Defendants' Objections to Plaintiff's Proposed Exhibit List.

successor liability dispute for a jury to decide.  Plaintiff already put its successor liability evidence and arguments before the Court in its Rule 25(c) motion.  The Court already held CHS has successor liability in this case as a "mere continuation" of Corzion as a matter of law based on "undisputed evidence," already held that CHS is a proper defendant, already held that CHS would be bound by a verdict even if it was not added to the case as a defendant, and already considered and rejected other successor liability arguments after a fulsome presentation of evidence and arguments.

Likewise, Corizon's bankruptcy is not relevant to any issues in the case given the Court's ruling that CHS is a "mere continuation of Corizon" and the fact that Plaintiff's pre-petition rights to bring this suit were preserved in the Plan. *See Suarez v. City of Warren*, No. 17-CV-12623, 2018 WL 6381100, at *4 (E.D. Mich. Dec. 6, 2018) ("…this action involves claims of workplace discrimination. Whether [p]laintiff filed for bankruptcy…has no relevance to the claims before this Court…[h]ence the Court can find no reason why the jury would need to consider this evidence for any purpose. Accordingly, the Court will exclude all evidence of Plaintiff's 2009 bankruptcy.") (**Exhibit D**).

Plaintiff's desire to raise these issues in front of a jury serves no probative purpose.  In the normal course a Rule 25(c) motion can be brought even after a trial, which by definition means a jury considering the underlying tort claims does not

hear or decide the successor liability evidence or arguments. *See Greater Potater Harborplace, Inc. v. Jenkins*, 935 F.2d 267 (Table) (4th Cir. 1991) ("a court can substitute parties, even after judgment, where substitution of a party is necessary for enforcement of the judgment."); *Luxliner P.L. Exp., Co. v. RDI/Luxliner, Inc*., 13 F.3d 69, 71 (3d Cir. 1993) ("substitution has been upheld even after litigation has ended as long as the transfer of interest occurred during the pendency of the case."); *Bamerilease Capital Corp. v. Nearburg*, 958 F.2d 150, 153–54 (6th Cir. 1992) (affirming substitution in the context of proceeding to enforce a settlement agreement). Further, the Court held that CHS has successor liability in this case even if it was not named as a defendant.

There could hardly be better grounds for excluding evidence under Fed. R. 403 than these. There is no purpose to introduce evidence or argument about these complex business issues in front of a jury other than to stoke unfair prejudice against CHS and Corizon that has no relevancy to Plaintiff's Eighth Amendment claim. Plaintiff obviously wants the jury to hear grandstanding moral arguments attacking the propriety of these business transactions, the so-called "Texas Two-Step" and Corizon's bankruptcy, and contend that Corzion and CHS were trying to evade liability in an attempt to inflame the jury against CHS and Corizon in the hopes that the jury will transfer any ire about these unrelated business issues to their consideration of Plaintiff's colostomy care four-six years earlier.

These arguments especially have no force in this Plaintiff's case because the Bankruptcy Plan preserved Plaintiff's full ability to pursue this very litigation, including Plaintiff's already successful effort, in this Court, to hold CHS liable as a successor to Corizon if a jury rules in his favor on the underlying claim. That Plaintiff might not have been able to bring his claim had the Bankruptcy Plan turned out different is irrelevant to his present situation, where he can and is pursing it.

In addition, the danger of unfair prejudice towards CHS is even greater as to Dr. Papendick, who had nothing to do with the Divisional Merger or Bankruptcy and was not even employed by Corzion (or CHS) at the time these events occurred.

CHS agrees, based on the Court's Rule 25(c) ruling, that the jury should be informed that: (i) CHS TX, Inc. was created in January 2022, (ii) CHS is a defendant representing Corizon's interests because CHS continued Corizon's business following a 2022 transaction. That information is sufficient to inform the jury why CHS is a defendant and why Corizon is not present. Based on the Court's prior rulings, CHS does not intend to introduce evidence or argument at trial that it lacks successor liability for Corizon's conduct because CHS understands that issue has already been decided as a matter of law.

10

## **<u>CONCLUSION</u>**

For the reasons explained herein, the Court should preclude Plaintiff from offering any testimony, evidence, opinions, or argument concerning

(i)     the 2022 Plan of Divisional Merger and related business transactions involving CHS and Defendant Corizon Health, Inc. ("Corizon"),

(ii)    the 2023 In re Tehum (fka Corizon Health Inc.) bankruptcy (including use of the term "Texas Two-Step,"), and

(iii)   any other post-2021 financial information, transactions, or business plans, except

(iii)   the jury can be informed that: (1) CHS TX, Inc. was created in January 2022, and (2) CHS is a defendant representing Corizon's interests because CHS continued Corizon's business following a 2022 transaction.

Respectfully submitted,

**BOWMAN AND BROOKE LLP**

By:     /s/*Sunny Rehsi*
        Sunny Rehsi (P80611)
        101 W. Big Beaver Road.,
        Suite 1100 Troy, MI 48084
        248.205.3300
        sunny.rehsi@bowmanandbrooke.com

        Adam Masin (Admitted 5/1/2025)
        750 Lexington Avenue
        New York, NY 10022
        646.914.6790
        adam.masin@bowmanandbrooke.com

Rachel B. Weil (Admitted 7/16/25)
123 South Broad Street, Suite 1512
Philadelphia, PA 19109
267.908.7097
rachel.weil@bowmanandbrooke.com

*Attorneys for Defendants CHS TX, Inc. d/b/a*
*YesCare and Keith Papendick, M.D.*

## CERTIFICATE OF SERVICE

I certify that on July 29, 2025, I electronically filed the foregoing paper with

the clerk of the United States District Court, Eastern District Southern Division using

the ECF system which will send notification of such filing to the following:

**Ian T. Cross** (P83367)
Cross Law PLLC
Attorneys for Plaintiff
402 W. Liberty St.
Ann Arbor, MI  48103
724.994.9590
ian@lawinannarbor.com

**Laurence H. Margolis** (P69635)
Margolis Law Firm
Attorneys for Plaintiff
214 South Main St., Suite 202
Ann Arbor, MI 48104
734.994.9590
assistant@lawinannarbor.com

**Thomas G. Hackney** (P81283)
Hackney Odlum & Dardas Michigan
Attorneys for Keith Papendick
Bayview Professional Center
10850 E. Traverse Hwy., Suite 4440
Traverse City, MI 49684
231.642.5056
thackney@hodlawyers.com

**Jonathan R. Marko** (P72450
**Michael L. Jones** (P85223)
Marko Law, PLLC
220 W. Congress, 4th Floor
Detroit, MI 48226
313.777.7529
jon@markolaw.com
michael@markolaw.com

**BOWMAN AND BROOKE LLP**

By:    /s/*Sunny Rehsi*
       Sunny Rehsi (P80611)
       101 W. Big Beaver Road.,
       Suite 1100 Troy, MI 48084
       248.205.3300
       sunny.rehsi@bowmanandbrooke.com

       Adam Masin (Admitted 5/1/2025)
       750 Lexington Avenue
       New York, NY 10022
       646.914.6790
       adam.masin@bowmanandbrooke.com

Rachel B. Weil (Admitted 7/16/25)
123 South Broad Street, Suite 1512
Philadelphia, PA 19109
267.908.7097
rachel.weil@bowmanandbrooke.com

*Attorneys for Defendants CHS TX, Inc. d/b/a*
*YesCare and Keith Papendick, M.D.*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

KOHCHISE JACKSON,

               Plaintiff,

v.

CHX TX, INC., et al.,

               Defendants

Case No.:  2:19-cv-13382-GAD-PTM

U.S. DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

**[PROPOSED] ORDER ON DEFENDANTS' MOTION *IN LIMINE* TO**
**PRECLUDE PLAINTIFF FROM OFFERING EVIDENCE**
**OR ARGUMENT RELATING TO THE CORIZON**
**<u>DIVISIONAL MERGER OR BANKRUPTCY</u>**

Upon consideration of Defendants' Motion, and any response by Plaintiff filed thereto, the Court GRANTS Defendants *motion in limine* for the reasons stated therein and Orders that the parties are precluded from offering any testimony, evidence, opinions, or argument concerning (i) the Plan of Divisional Merger and related business transactions involving CHS and Defendant Corizon Health, Inc. ("Corizon"), (ii) the 2023 *In re Tehum* (fka Corizon Health Inc.) bankruptcy proceeding, or (iii) any other post-2021 financial information, transactions, or business plans, except the Court will inform the jury that: (1) CHS TX, Inc. was

created in January 2022, and (2) CHS is a defendant because CHS continued Corizon's business after in a 2022 transaction.

To the extent Defendants objected to an exhibit on Plaintiff's Proposed Exhibit List by referring to this Motion, the Defendants' Objections are SUSTAINED for the reasons stated herein and the Exhibits are EXCLUDED from trial.

Nothing herein shall constitute an admission or waiver of any rights by any party.


Dated: _____          _____
                                        Hon. Gershwin A. Drain

32140732                                      16