UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KOHCHISE JACKSON,

    Plaintiff,

-vs-

CHS TX, INC., *et al.,*

    Defendants.

Case No. 19-cv-13382
Hon. Gershwin A. Drain

_____

| | |
|---|---|
| LAWRENCE H. MARGOLIS (P69635)<br>IAN T. CROSS (P83367)<br>**MARGOLIS & CROSS**<br>Attorneys for Plaintiff<br>214 S. Main St., Ste. 200<br>Ann Arbor, MI 48104<br>(734) 994-9590<br>larry@lawinannarbor.com<br>ian@lawinannarbor.com | ADAM MASIN<br>SUNNY REHSI (P80611)<br>**BOWMAN AND BROOKE LLP**<br>Attorney for Defendants<br>101 W. Big Beaver Rd., Ste. 1100<br>Troy, MI 48084<br>(248) 205-3300<br>Adam.masin@bowmanandbrooke.com<br>Sunny.rehsi@bowmanandbrooke.com |

JONATHAN R. MARKO (P72450)
MICHAEL L. JONES (P85223)
**MARKO LAW, PLLC**
Co-counsel for Plaintiff
220 W. Congress, 4th Floor
Detroit, Michigan 48226
P: (313) 777-7529 / F: (313) 470-2011
jon@markolaw.com
michael@markolaw.com

_____

**PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE DEFENDANTS FROM ELICITING OPINION TESTIMONY FROM NON-RETAINED EXPERTS FOR WHOM RULE 26(a)(2)(C) DISCLOSURES WERE NOT PROVIDED**

NOW COMES, Plaintiff, **KOHCHISE JACKSON**, by and through his attorneys, **MARGOLIS & CROSS** and **MARKO LAW, PLLC**, and for his Motion in Limine to Preclude Evidence of, or Reference to, Dr. Silverman's or Dr. Watson's Irrelevant Past Lawsuits, states as follows:

For reasons stated more fully in the attached Brief, which is hereby incorporated by reference, this Court should grant Plaintiff's Motion in Limine to preclude Defendants from eliciting opinion testimony from non-retained experts for whom Rule 26(a)(2)(C) disclosures were not provided.

WHEREFORE, for all of the reasons set forth above, Plaintiff respectfully requests that this Honorable Court GRANT his Motion in Limine to preclude Defendants from eliciting opinion testimony from non-retained experts for whom Rule 26(a)(2)(C) disclosures were not provided in its entirety and grant Plaintiff any other relief this Court deems just.

                                                Respectfully submitted,

                                                /s/ *Jonathan R. Marko*
                                                Jonathan R. Marko (P72450)
                                                **MARKO LAW, PLLC**
                                                220 W. Congress, 4th Floor
                                                Detroit, MI 48226
                                                (313) 777-7529 / Fax: (313) 777-5785
                                                Email: jon@markolaw.com

Date: July 30, 2025

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

KOHCHISE JACKSON,

      Plaintiff,                                Case No. 19-cv-13382

-vs-                                          Hon. Gershwin A. Drain

CHS TX, INC., *et al.,*

      Defendants.
_____

| | |
|---|---|
| LAWRENCE H. MARGOLIS (P69635) | ADAM MASIN |
| IAN T. CROSS (P83367) | SUNNY REHSI (P80611) |
| **MARGOLIS & CROSS** | **BOWMAN AND BROOKE LLP** |
| Attorneys for Plaintiff | Attorney for Defendants |
| 214 S. Main St., Ste. 200 | 101 W. Big Beaver Rd., Ste. 1100 |
| Ann Arbor, MI 48104 | Troy, MI 48084 |
| (734) 994-9590 | (248) 205-3300 |
| larry@lawinannarbor.com | Adam.masin@bowmanandbrooke.com |
| ian@lawinannarbor.com | Sunny.rehsi@bowmanandbrooke.com |

JONATHAN R. MARKO (P72450)
MICHAEL L. JONES (P85223)
**MARKO LAW, PLLC**
Co-counsel for Plaintiff
220 W. Congress, 4th Floor
Detroit, Michigan 48226
P: (313) 777-7529 / F: (313) 470-2011
jon@markolaw.com
michael@markolaw.com

---

**PLAINTIFF'S BRIEF IN SUPPORT OF HIS MOTION IN LIMINE TO PRECLUDE DEFENDANTS FROM ELICITING OPINION TESTIMONY FROM NON-RETAINED EXPERTS FOR WHOM RULE 26(a)(2)(C) DISCLOSURES WERE NOT PROVIDED**

## CONCISE STATEMENT OF ISSUES PRESENTED

I. Whether this Court should permit Defendants to elicit testimony governed by FRE 702, 703, or 705 from witnesses for whom the Defendants have not made disclosures under Fed. R. Evid. 26(a)(2)(C)?

**Plaintiff states: No.**
**This Court should state: No.**

## **CONTROLLING OR MOST APPROPRIATE AUTHORITY**

**Federal Rules**

Fed. R. Civ. P. 26(a)(2)(C)

Fed. R. Civ. P. 37(c)(1)

Fed. R. Evid. 702

**Cases**

*Dobbins v. Greyhound Lines, Inc.*, 336 F.R.D. 144 (E.D. Mich. 2020)

*Stanton v. City of Detroit,* 2024 U.S. Dist. LEXIS 172560 (E.D. Mich. Sept. 24, 2024)

## INTRODUCTION AND FACTUAL BACKGROUND

Plaintiff anticipates Defendants will attempt to elicit expert testimony from one or more nurses, nurse practitioners, or physician witnesses for whom they have not made expert disclosures under Fed. R. Civ. P. 26(a)(2)(C). These witnesses may include Ronald Drinkert, a nurse practitioner who completed an intake evaluation of the Plaintiff when he first arrived in prison, Dr. Patricia Schmidt, D.O., a physician employed by Corizon, and later, CHS TX, as its state medical director for Michigan, and a number of nurses who responded to Mr. Jackson's prison grievances.

If Defendants wanted to elicit expert testimony from these witnesses, they were required to provide disclosures of their anticipated testimony. *See* Fed. R. Civ. P. 26(a)(2). For witnesses that are "retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony," a designation that may apply to Dr. Schmidt, the witness must provide a written report. Fed. R. Civ. P. 26(a)(2)(B). For expert witnesses who are not required to provide an expert report, the party intending to call the witness must provide a disclosure, containing both "the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705" and "a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C).

These disclosures are ordinarily due "90 days before the date set for trial". Fed. R. Civ. P. 26(a)(2)(D)(i). However, if the expert testimony is intended solely to rebut the opposing party's expert testimony on the same subject matter, the disclosure may be made "within 30 days after the other party's disclosure." Fed. R. Civ. P. 26(a)(2)(D)(ii).

Plaintiff provided his expert disclosures to defense counsel ninety days before the trial date on May 20, 2025. **Exhibit 1, Plaintiff's Expert Disclosures.** The last day for Defendants to provide rebuttal expert disclosures was therefore June 19, 2025. Defendants provided expert disclosures on June 6, 2025 in which they identified their three retained expert witnesses, Dr. Michael Duffy, M.D., Dr. James McQuiston, D.O., and Dr. Syed Mohammed A. Jafri, M.D. **Exhibit 2, Defendants' Expert Disclosures.** But Defendants did not identify Dr. Patricia Schmidt, Ronald Drinkert, or any of the nurses who responded to Plaintiff's grievances as proposed experts. With respect to all of the medical providers that treated the Plaintiff, including Ronald Drinkert, Defendants' disclosure consisted of only the following:

> "CHS TX also reserves the right to call Plaintiff's treating health care providers to provide opinions about Plaintiff reached in the course of their care or treatment of Plaintiff."

**Ex. 2 at 2**

# ARGUMENT

**I. Defendants' vague, one-sentence omnibus disclosure for all treating medical providers does not comply with Rule 26(a)(2)(C)**

Defendants' purported expert disclosure of any and all of "Plaintiff's treating health care providers" is woefully insufficient. Under the Rule, "a party must disclose to the other parties *the identity* of any witness it may use at trial to present evidence under" FRE 702, 703, or 705. Fed. R. Civ. P. 26(a)(2)(A) (emphasis added). A broad reference to "Plaintiff's treating health care providers" does not disclose anyone's identity. Plaintiff has been treated by numerous healthcare providers at several different hospital systems and correctional facilities, and Defendants' purported disclosure does not even cabin its broad reference to treating health care providers by limiting it to a specific time frame, a specific medical facility, or a specific employer of medical professionals. There is no way Plaintiff to ascertain, from this one-sentence disclosure the actual identities of the treating professionals that the Defendants intend to call as non-retained experts.

In addition to failing to disclose the identities of the proposed non-retained experts, Defendants' disclosure does not comply with Rule 26(a)(2)(C). A Rule 26(a)(2)(C) disclosure must provide "a summary of the facts and opinions to which the witnesses are expected to testify." *Dobbins v. Greyhound Lines, Inc.*, 336 F.R.D. 144, 147 (E.D. Mich. 2020). A "summary of opinions" means "a brief account of

the main opinions of the expert, **and the opinions must state a view or judgment regarding a matter that affects the outcome of the case.** A mere statement of the topics of the opinions is insufficient." *Id.* (quoting *Little Hocking Water Ass'n, Inc. v. E.I. DuPont de Nemours & Co.*, 2015 U.S. Dist. LEXIS 29918 at *9 (S.D. Ohio Mar. 11, 2015)) (emphasis added). A summary of the facts "means a brief account of facts—only those on which the expert relied in forming his or her opinions—that states the main points derived from a larger body of information; merely stating the topic matters of facts relied upon does not suffice." *Id.*

In *Stanton v. City of Detroit,* 2024 U.S. Dist. LEXIS 172560 (E.D. Mich. Sept. 24, 2024), this Court recently held that disclosures that were substantially more detailed than the one proffered by Defendants in this case failed to satisfy Rule 26(a)(2)(C). The disclosures at issue in *Stanton* were as follows:

> • "Dr. Bradley Klein . . . is expected to have information and testify about his assessment and the documentation he provided requesting reasonable accommodations for Plaintiff, as well as expert testimony about individuals with her diagnoses, needs in the workplace, and effects of discrimination and harassment on Plaintiff;"
>
> • "Dr. Sharon Martin . . . is expected to have information and testify about Plaintiff's conditions, treatment, and workplace needs, as well as expert testimony on individuals with Plaintiff's diagnoses, needs in the workplace, and effects of harassment on Plaintiff and/or individuals with these disabilities;"
>
> • "Dr. Eileen Reickert . . . is expected to have information and testify about Plaintiff's conditions and treatment, as well as expert testimony on the needs of individuals with Plaintiff's diagnoses and symptoms in the workplace."

Unlike CHS TX's one-sentence omnibus disclosure, the *Stanton* disclosures at least provide the identities of the proposed non-retained experts and the specific topics on which they will testify. But even the *Stanton* "descriptions are deficient because they do not state the witnesses' views or judgments regarding a matter that affects the outcome of the case, nor do they contain a brief summary of facts they relied on in forming their opinions." *Stanton v. City of Detroit,* 2024 U.S. Dist. LEXIS 172560 at *11 (E.D. Mich. Sept. 24, 2024). Due to these deficient disclosures, this Court did not permit the *Stanton* witnesses to offer expert testimony. *Id.* at *12.

Defendants' disclosure is even more deficient than the disclosures in *Stanton*. The conclusory statement unnamed treatment providers will "provide opinions about Plaintiff reached in the course of their care or treatment of Plaintiff" effectively discloses nothing at all. Plaintiff does not know what opinions the unnamed treatment providers hold, what specific facts they relied on in forming those opinions, or even who the treating experts are. This is plainly insufficient under Rule 26(a)(2)(C). *See Allstate Ins. Co. v. Ayman Tarabishy, M.D., PLLC,* 2025 U.S. Dist. LEXIS 18151 at *5-*6 (E.D. Mich. Jan. 31, 2025) ("Defendants' broad gesturing at the record evidence is no substitute for a proper summary disclosure.").

## II. Defendants should be precluded from eliciting expert testimony from witnesses other than their three retained experts

Where, as here, a party has failed to produce expert disclosures that comply with Rule 26(a)(2)(C), the remedy "is exclusion of the opinion testimony, unless the [party] can establish that the insufficiency in their disclosures was either substantially justified or harmless." *Kassim v. United Airlines, Inc.,* 320 F.R.D. 451, 453 (E.D. Mich. 2017) (citing Fed. R. Civ. P. 37(c)(1)). Defendants failure to provide non-retained expert disclosures in this case was neither substantially justified nor harmless, as the "lack of expert disclosures for non-retained expert witnesses impaired [plaintiff]'s ability to meaningfully depose or cross-examine them". *Kassim,* 320 F.R.D. at 454 (citing *Pineda v. City & Cty. of San Francisco,* 280 F.R.D. 517, 523 (N.D. Cal. 2012)). Courts in this district routinely exclude the opinion testimony of non-retained experts where adequate Rule 26(a)(2)(C) disclosures have not been provided. *See, e.g. Dobbins v. Greyhound Lines,* 336 F.R.D. 144, 148 (E.D. Mich. Sept. 4, 2020); *In re Flint Water Cases,* 2022 U.S. Dist. LEXIS 7697 at 9-10 (E.D. Mich. Jan. 13, 2022); *Allstate Ins. Co. v. Ayman Tarabishy, M.D., PLLC,* 2025 U.S. Dist. LEXIS 18151 at *5-*8 (E.D. Mich. Jan. 31, 2025); *Stanton v. City of Detroit,* 2024 U.S. Dist. LEXIS 172560 at *12 (E.D. Mich. Sept. 24, 2024) (DRAIN, J.). The same result is warranted here.

## CONCLUSION

WHEREFORE, for all of the reasons set forth above, Plaintiff respectfully requests that this Honorable Court GRANT his Motion in Limine to preclude Defendants from eliciting opinion testimony from non-retained experts for whom Rule 26(a)(2)(C) disclosures were not provided in its entirety and grant Plaintiff any other relief this Court deems just.

Respectfully submitted,

/s/ *Jonathan R. Marko*
Jonathan R. Marko (P72450)
**MARKO LAW, PLLC**
220 W. Congress, 4th Floor
Detroit, MI 48226
(313) 777-7529 / Fax: (313) 777-5785
Email: jon@markolaw.com

Date: July 30, 2025

## PROOF OF SERVICE

The undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each attorney of record on **July 30, 2025**, via:

☐ U.S. Mail             ☐ Fax
☐ Hand Delivered        ☐ Overnight Carrier
☐ Certified Mail        ☐ Other:
☐ ECF System            ☐ Email

/s/ _____