**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

KOHCHISE JACKSON,

       Plaintiff,                            Case No. 19-cv-13382

-vs-                                          Hon. Gershwin A. Drain

CHS TX, INC., *et al.*,

       Defendants.

_____

| | |
|---|---|
| LAWRENCE H. MARGOLIS (P69635) | ADAM MASIN |
| IAN T. CROSS (P83367) | SUNNY REHSI (P80611) |
| **MARGOLIS & CROSS** | **BOWMAN AND BROOKE LLP** |
| Attorneys for Plaintiff | Attorney for Defendants |
| 214 S. Main St., Ste. 200 | 101 W. Big Beaver Rd., Ste. 1100 |
| Ann Arbor, MI 48104 | Troy, MI 48084 |
| (734) 994-9590 | (248) 205-3300 |
| larry@lawinannarbor.com | Adam.masin@bowmanandbrooke.com |
| ian@lawinannarbor.com | Sunny.rehsi@bowmanandbrooke.com |

JONATHAN R. MARKO (P72450)
MICHAEL L. JONES (P85223)
**MARKO LAW, PLLC**
Co-counsel for Plaintiff
220 W. Congress, 4th Floor
Detroit, Michigan 48226
P: (313) 777-7529 / F: (313) 470-2011
jon@markolaw.com
michael@markolaw.com

_____

## **PLAINTIFF'S MOTION IN LIMINE TO ALLOW EVIDENCE OF STATE OF MICHIGAN UTILIZATION MANAGEMENT REPORTING SAMPLES AND U/M STATS REPORT**

NOW COMES, Plaintiff, **KOHCHISE JACKSON**, by and through his attorneys, **MARGOLIS & CROSS** and **MARKO LAW, PLLC**, and for his Motion in Limine to Allow Evidence of State of Michigan Utilization Management Reporting Samples and U/M Stats Report, states as follows:

For reasons stated more fully in the attached Brief, which is hereby incorporated by reference, this Court should grant Plaintiff's Motion in Limine Allow Evidence of State of Michigan Utilization Management Reporting Samples and U/M Stats Report.

WHEREFORE, for all of the reasons set forth above, Plaintiff respectfully requests that this Honorable Court GRANT his Motion in Limine Allow Evidence of State of Michigan Utilization Management Reporting Samples and U/M Stats Report in its entirety and grant Plaintiff any other relief this Court deems just.

Respectfully submitted,

/s/ *Jonathan R. Marko*
Jonathan R. Marko (P72450)
**MARKO LAW, PLLC**
220 W. Congress, 4th Floor
Detroit, MI 48226
(313) 777-7529 / Fax: (313) 777-5785
Email: jon@markolaw.com

Date: July 30, 2025

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

KOHCHISE JACKSON,

       Plaintiff,                          Case No. 19-cv-13382

-vs-                                          Hon. Gershwin A. Drain

CHS TX, INC., *et al.*,

       Defendants.

_____

| | |
|---|---|
| LAWRENCE H. MARGOLIS (P69635) | ADAM MASIN |
| IAN T. CROSS (P83367) | SUNNY REHSI (P80611) |
| **MARGOLIS & CROSS** | **BOWMAN AND BROOKE LLP** |
| Attorneys for Plaintiff | Attorney for Defendants |
| 214 S. Main St., Ste. 200 | 101 W. Big Beaver Rd., Ste. 1100 |
| Ann Arbor, MI 48104 | Troy, MI 48084 |
| (734) 994-9590 | (248) 205-3300 |
| larry@lawinannarbor.com | Adam.masin@bowmanandbrooke.com |
| ian@lawinannarbor.com | Sunny.rehsi@bowmanandbrooke.com |

JONATHAN R. MARKO (P72450)
MICHAEL L. JONES (P85223)
**MARKO LAW, PLLC**
Co-counsel for Plaintiff
220 W. Congress, 4th Floor
Detroit, Michigan 48226
P: (313) 777-7529 / F: (313) 470-2011
jon@markolaw.com
michael@markolaw.com

_____

**BRIEF IN SUPPORT OF PLAINTIFF'S MOTION IN LIMINE TO ALLOW EVIDENCE OF STATE OF MICHIGAN UTILIZATION MANAGEMENT REPORTING SAMPLES AND U/M STATS REPORT**

## **CONCISE STATEMENT OF ISSUES PRESENTED**

I. Whether this Court should permit Plaintiff to present evidence at trial of utilization management reporting samples and U/M stats reports submitted to the State of Michigan by Corizon Health.

**Plaintiff states: Yes.**
**This Court should state: Yes.**

## **CONTROLLING OR MOST APPROPRIATE AUTHORITY**

**Federal Rules**

Fed. R. Ev. 401

Fed. R. Ev. 803

Fed. R. Ev. 808

**Cases**

*Barrette Outdoor Living, Inc. v. Michigan Resin Representatives*, No. 11-CV-13335, 2015 WL 356996 (E.D. Mich. Jan. 27, 2015)

*Murray Energy Corp. v. United States DOD (In re United States DOD)*, No. 15-3751, 2016 U.S. App. LEXIS 18309 (6th Cir. Oct. 4, 2016)

## INTRODUCTION

This motion seeks to allow admission into evidence and presentation at trial of utilization management reporting samples and U/M stats reports submitted to the State of Michigan by Corizon Health. **Exhibit 1, Utilization Management Reporting Samples; Exhibit 2, U/M Stats Reports.** The contract between Corizon and the Michigan Department of Corrections ("MDOC") required the monthly submission of these reports. **ECF No. 66-2, PageID.1948.** The reports indicate Corizon cut spending on offsite services for Michigan prisoners by **over 75%** between 2009 and 2016.



**Ex. 2 at 11.**

These reports were also discussed in the deposition of Dr. Jeffrey Bomber:

Q. Did you receive monthly reports containing emergency room, inpatient, hospice and palliative care, utilization management, et cetera, data from this Bethany Chester person?

**A. Yes. If you look at the MDOC contract, those numbers are required, that we are required to report those numbers to the Michigan Department of Corrections on a monthly basis.**

Q. And she didn't just report those numbers to the Michigan Department of Corrections, she also reported them to you, right?

**A. Well, to me, but the numbers were shared as part of the monthly report with the Department.**

Q. So did you -- you received the report, Exhibit 1?

**A. Yes.**

Q. What did you do with that data?

**A. It was given to the MDOC in a monthly report.**

Q. So the only reason it came to you was for to you give it to the MDOC?

**A. No, several people help write that report, including myself.**

**Exhibit 3, Bomber Deposition, 19:15-20:10.**

So, too, the utilization management report was referenced in Dr. Papendick's deposition:

Q. Does Corizon track any utilization management data at all for the Michigan contract?

**A. What do you mean by "utilization management data at all"? What is your definition? So I know what to answer you.**

Page **7** of **14**

> Q. Well, I don't know specifically what they track, sir, and I'm trying to find out.
>
> **A. You do know that they track percent ATPs.**

**Exhibit 4, Papendick Deposition, 89:3-10.**

Such evidence is highly relevant to the issues in this case and will assist jurors in making determinations as to Plaintiff's *Monell* claim as to whether Defendant had a practice or policy of cutting back on care for prisoners to save money for itself.

## LAW AND ANALYSIS

The Federal Rules of Evidence what constitutes relevant evidence:

> Evidence is relevant if:
>
> > (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and
> >
> > (b) the fact is of consequence in determining the action.

FRE 401.

Moreover, while motions in limine are more frequently used to exclude evidence, courts also permit motions in limine to include evidence before trial. *Barrette Outdoor Living, Inc. v. Michigan Resin Representatives*, No. 11-CV-13335, 2015 WL 356996, at *12 (E.D. Mich. Jan. 27, 2015).

**I.  The Utilization Management Reporting Samples and U/M Stats Reports Are Highly Relevant to Show Defendant's Policy of Denying Prisoners Care in Order to Save Money**

The utilization management reporting samples and U/M stats reports that Corizon Health submitted to the State of Michigan are extremely relevant in this matter and should be admitted. Plaintiff has alleged in his Complaint a *Monell* claim, contending that Defendants had a policy of trying to save money by cutting or denying care to the Michigan prison population. These records indicate *exactly* that. Indeed, the U/M Stats report submitted by Corizon shows that between 2009 and 2016, Corizon cut spending on offsite services by **over 75%. Ex. 2 at 11.**

This evidence is thus highly relevant to Plaintiff's *Monell* claim, as it provides direct evidence of exactly what Plaintiff has alleged: that Defendant, in order to save money for itself, slashed funding for the prisoners it was tasked with caring for and otherwise denied them care. This information is also, by extension, extremely helpful for jurors to make a determination as to whether Plaintiff has met his burden on his *Monell* claim, and is thereby clearly relevant under FRE 401. Such information is also not outweighed by a substantial risk of unfair prejudice, as they are Defendant's own filings to the State.

As noted by this Court, discussing Plaintiff's *Monell* claim, the utilization management procedures were vital to finding that the issue of *Monell* liability can go to jurors:

> Plaintiff's main argument seems to be under theory (1): he alleges that Corizon had an internal policy to "repeatedly and intentionally den[y] colostomy reversals to various Michigan prisoners" in order to save money. ECF No. 66, PageID.1902-03.
>
> * * *
>
> **Here, Plaintiff has provided sufficient circumstantial evidence that cost-cutting motives, rather than assessment of health risks and medical needs of patients, drive the approval of off-site referral procedures like colostomy reversals.** When a prisoner or their treating physician submits a request for an off-site procedure, **it is sent to Corizon's Utilization Management department for review.** If the procedure is not on a short list of automatic approvals, **it goes to a Utilization Management Medical Director ("UMMD"),** who can either approve the request, suggest an Alternate Treatment Plan (ATP, effectively a denial), or request more information. **Dr. Papendick was the UMMD for Corizon in Michigan at the time Plaintiff submitted his requests to have a colostomy reversal.** ECF No. 66, PageID.1887-89. Dr. Papendick testified that he is trained to approve only procedures that are "medically necessary." Papendick Dep. 30:13-22, ECF No. 66-8. Plaintiff puts forward evidence that Corizon has its own proprietary, restrictive definition of this term. Pl.'s Ex. 41, ECF No. 66-41, PageID.2662.
>
> * * *
>
> **Plaintiff presents evidence that Corizon has achieved significant reduction in expenditures towards off-site utilization services since it began working with MDOC in 2009.** Pl.'s Ex. 19, ECF No. 66-19, PageID.2300-01. Plaintiff further presents evidence of key performance indicators, or KPIs, tracked by Corizon for its MDOC contract per 1000 prisoners, including: inpatient hospital days, outpatient referrals, and offsite procedure utilization. Pl.'s Ex. 24, ECF No. 66-24, PageID.2415-18. Plaintiff plausibly alleges that these metrics are tracked against set targets in order to keep costs down.

**ECF No. 73, PageID.2984-2986 (emphasis added).**

As such, this extremely relevant information should be admitted into evidence and presented to jurors at trial.

## II. The Utilization Management Reporting Samples and U/M Stats Reports Are Properly Authenticated and Not Shielded From Evidence By the Hearsay Rule

Plaintiff anticipates Defendants may attempt to argue either that these records are not properly authenticated or that they are impermissible hearsay. Both arguments fail, however.

First, these records are properly authenticated under FRE 902(8), which provides that "[a] document accompanied by a certificate of acknowledgment that is lawfully executed by a notary public or another officer who is authorized to take acknowledgment" is self-authenticating. Here, there is such a certificate. **Exhibit 5, MDOC Certification of Record for U/M Stats Report, April 2017 and Utilization Management Reporting Samples.**

Further, the application of the general prohibition on hearsay also does not bar such evidence. First, these records constitute admissions of an opposing party. As such, these records are not hearsay at all under the Federal Rules of Evidence. Indeed. FRE 801(d)(2) provides that a statement is not hearsay if:

The statement is offered against an opposing party and:

(A) was made by the party in an individual or representative capacity;

(B) is one the party manifested that it adopted or believed to be true;

(C) was made by a person whom the party authorized to make a statement on the subject;

(D) was made by the party's agent or employee on a matter within the scope of that relationship and while it existed; or

(E) was made by the party's coconspirator during and in furtherance of the conspiracy.

Here, these records were promulgated on behalf of Corizon Health to the State of Michigan by an agent authorized to make such required disclosures to the State. As such, these records clearly constitute opposing party statements and are thus not hearsay at all.

Moreover, even if the Court determines that these records are hearsay, they are still admissible. They are business records under FRE 808(6), which provides that:

A record of an act, event, condition, opinion, or diagnosis if:

(A) the record was made at or near the time by — or from information transmitted by — someone with knowledge;

(B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;

(C) making the record was a regular practice of that activity;

(D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and

>  (E) neither the opponent does not show that the source of information nor or the method or circumstances of preparation indicate a lack of trustworthiness.

FRE 803(6).

Here, such records were required filings with the State of Michigan and were, thus, routinely created as a matter of course for Corizon's business. Such records were therefore kept in the course of a regularly conducted activity of Corizon's operations. As held by the Sixth Circuit, an agency's certification of a record "is entitled to a presumption of regularity." *Murray Energy Corp. v. United States DOD (In re United States DOD)*, No. 15-3751, 2016 U.S. App. LEXIS 18309, at *4 (6th Cir. Oct. 4, 2016). As discussed above, here there is such a certification. **Ex. 5.** Moreover, there is no evidence that the records are untrustworthy. Rather, the fact they were filed with the State indicates the opposite, that these are the most accurate possible reflections of the information contained therein.

Moreover, these records were submitted to MDOC **(*See* ECF No. 66-2, PageID.1948)** and are, therefore, public records under MRE 803(8). They are therefore also admissible under this exception to the general prohibition against hearsay.

As such, this Court should permit Plaintiff to present evidence as to the utilization management reporting samples and U/M stats reports that Corizon Health submitted to the State of Michigan.

## CONCLUSION

WHEREFORE, for all of the reasons set forth above, Plaintiff respectfully requests that this Honorable Court GRANT his Motion in Limine Allow Evidence of State of Michigan Utilization Management Reporting Samples and U/M Stats Report in its entirety and grant Plaintiff any other relief this Court deems just.

Respectfully submitted,

/s/ *Jonathan R. Marko*
Jonathan R. Marko (P72450)
**MARKO LAW, PLLC**
220 W. Congress, 4th Floor
Detroit, MI 48226
(313) 777-7529 / Fax: (313) 777-5785
Email: jon@markolaw.com

Date: July 30, 2025

## PROOF OF SERVICE

The undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each attorney of record on **July 30, 2025**, via:

☐ U.S. Mail                ☐ Fax
☐ Hand Delivered           ☐ Overnight Carrier
☐ Certified Mail           ☐ Other:
☐ ECF System               ☐ Email

/s/ _____