# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

KOHCHISE JACKSON,

      Plaintiff,

-vs-

CHS TX, INC., *et al.,*

      Defendants.

Case No. 19-cv-13382

Hon. Gershwin A. Drain

---

LAWRENCE H. MARGOLIS (P69635)
IAN T. CROSS (P83367)
**MARGOLIS & CROSS**
Attorneys for Plaintiff
214 S. Main St., Ste. 200
Ann Arbor, MI 48104
(734) 994-9590
larry@lawinannarbor.com
ian@lawinannarbor.com

ADAM MASIN
SUNNY REHSI (P80611)
**BOWMAN AND BROOKE LLP**
Attorney for Defendants
101 W. Big Beaver Rd., Ste. 1100
Troy, MI 48084
(248) 205-3300
Adam.masin@bowmanandbrooke.com
Sunny.rehsi@bowmanandbrooke.com

JONATHAN R. MARKO (P72450)
MICHAEL L. JONES (P85223)
**MARKO LAW, PLLC**
Co-counsel for Plaintiff
220 W. Congress, 4th Floor
Detroit, Michigan 48226
P: (313) 777-7529 / F: (313) 470-2011
jon@markolaw.com
michael@markolaw.com

---

# **PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE ANY EVIDENCE OF OR REFERENCE TO DR. SILVERMAN'S OR DR. WATSON'S IRRELEVANT PAST LAWSUITS**

Page **1** of **10**

NOW COMES, Plaintiff, **KOHCHISE JACKSON**, by and through his attorneys, **MARGOLIS & CROSS** and **MARKO LAW, PLLC**, and for his Motion in Limine to Preclude Evidence of or Reference to Dr. Silverman's or Dr. Watson's Irrelevant Past Lawsuits, states as follows:

For reasons stated more fully in the attached Brief, which is hereby incorporated by reference, this Court should grant Plaintiff's Motion in Limine to Preclude Evidence of or Reference to Dr. Silverman's or Dr. Watson's Irrelevant Past Lawsuits.

WHEREFORE, for all of the reasons set forth above, Plaintiff respectfully requests that this Honorable Court GRANT his Motion in Limine to Preclude Evidence of or Reference to Dr. Silverman's or Dr. Watson's Irrelevant Past Lawsuits in its entirety and grant Plaintiff any other relief this Court deems just.

Respectfully submitted,

/s/ *Jonathan R. Marko*
Jonathan R. Marko (P72450)
**MARKO LAW, PLLC**
220 W. Congress, 4th Floor
Detroit, MI 48226
(313) 777-7529 / Fax: (313) 777-5785
Email: jon@markolaw.com

Date: July 30, 2025

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

KOHCHISE JACKSON,

      Plaintiff,

-vs-

CHS TX, INC., *et al.*,

      Defendants.

Case No. 19-cv-13382

Hon. Gershwin A. Drain

_____

| | |
|---|---|
| LAWRENCE H. MARGOLIS (P69635)<br>IAN T. CROSS (P83367)<br>**MARGOLIS, GALLAGHER & CROSS**<br>Attorneys for Plaintiff<br>214 S. Main St., Ste. 200<br>Ann Arbor, MI 48104<br>(734) 994-9590<br>larry@lawinannarbor.com<br>ian@lawinannarbor.com | ADAM MASIN<br>SUNNY REHSI (P80611)<br>**BOWMAN AND BROOKE LLP**<br>Attorney for Defendants<br>101 W. Big Beaver Rd., Ste. 1100<br>Troy, MI 48084<br>(248) 205-3300<br>Adam.masin@bowmanandbrooke.com<br>Sunny.rehsi@bowmanandbrooke.com |

JONATHAN R. MARKO (P72450)
MICHAEL L. JONES (P85223)
**MARKO LAW, PLLC**
Co-counsel for Plaintiff
220 W. Congress, 4th Floor
Detroit, Michigan 48226
P: (313) 777-7529 / F: (313) 470-2011
jon@markolaw.com
michael@markolaw.com

_____

## BRIEF IN SUPPORT OF PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE ANY EVIDENCE OF OR REFERENCE TO DR. SILVERMAN'S OR DR. WATSON'S IRRELEVANT PAST LAWSUITS

## **CONCISE STATEMENT OF ISSUES PRESENTED**

I.  Whether this Court should permit Defendants to reference at trial past lawsuits against Plaintiff's experts, Dr. Silverman and Dr. Watson.

**Plaintiff states: No.**
**This Court should state: No.**

## **CONTROLLING OR MOST APPROPRIATE AUTHORITY**

### **Federal Rules**

Fed. R. Evid. 401

Fed. R. Evid. 402

Fed. R. Evid. 403

### **Cases**

*Ferris v. Tenn. Log Homes, Inc.*, No. 4:06CV-35-M, 2010 U.S. Dist. LEXIS 26272 (W.D. Ky. Mar. 19, 2010).

*Hensley v. Methodist Healthcare Hosps.*, No. 13-2436-STA-cgc, 2015 U.S. Dist. LEXIS 113565 (W.D. Tenn. Aug. 27, 2015)

*Giles v. Sam's E.*, No. 1:18-CV-00170-GNS-HBB, 2021 U.S. Dist. LEXIS 249204 (W.D. Ky. Sep. 23, 2021)

## INTRODUCTION

Plaintiff anticipates Defendants will attempt to introduce evidence of past lawsuits, including a past malpractice suit, against Plaintiff's expert, Dr. Ralph Silverman. Indeed, in his deposition, Defense counsel inquired about whether Dr. Silverman has ever been sued for malpractice in the past, to which he answered in the affirmative. **ECF No. 60-10, PageID.1543.** Such reference is patently irrelevant to the instant case and has no bearing on the expertise of Dr. Silverman to testify at trial. Plaintiff also expects Defendants to seek to make similar references as to Dr. Watson, another expert of Plaintiff's. Accordingly, this Court should exclude such evidence and preclude Defendants from improperly mentioning any past lawsuits against Dr. Silverman and/or Dr. Watson.

## LAW AND ANALYSIS

The Federal Rules of Evidence what constitutes relevant evidence:

> Evidence is relevant if:
>
> > (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and
>
> > (b) the fact is of consequence in determining the action.

FRE 401.

Conversely, "irrelevant evidence is not admissible at all." *Johnson v. Ford Motor Co.*, No. 19-cv-10167, 2023 U.S. Dist. LEXIS 147291, at *3 (E.D. Mich. Aug. 22, 2023).

Importantly, the Federal Rules state that even if evidence may be relevant, it may still be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FRE 403.

### A. Dr. Silverman's and Dr. Watson's Past Lawsuits Are Irrelevant to the Instant Action and Must Be Excluded

The fact that Plaintiff's expert witnesses may have been involved in prior lawsuits or past malpractice lawsuits does not make the determination of whether Defendants violated Plaintiff's constitutional rights more or less likely. Whether Plaintiff's expert witnesses have been sued in unrelated matters is not relevant to the case before this Court. Such evidence is therefore properly excluded under FRE 401 as irrelevant.

Case law is clear that an expert doctor's past lawsuits lacking probative value cannot be referenced at trial to impeach said expert. Indeed, according to the Kentucky Western District Court:

> Contrary to the position of the plaintiffs, courts routinely exclude evidence about the prior litigation history and the disciplinary records of

expert witnesses. *See, e.g., Morrow v. Stivers*, 836 S.W.2d 424, 428-29 (Ky. Ct. App. 1992) (evidence that a medical doctor's license was suspended was properly excluded because such evidence did not reflect on the expert's knowledge or ability to testify on the matters at hand); *State v. Lindh*, 161 Wis. 2d 324, 349-50, 468 N.W.2d 168 (Wis. 1991) [*4] (exclusion of evidence related to misconduct on part of expert was not an abuse of discretion); *Heshelman v. Lombardi*, 183 Mich. App. 72, 454 N.W.2d 603, 609 (Mich. Ct. App. 1990) ("the mere fact that someone has been named as a defendant in a malpractice lawsuit may not be used to impeach his credibility as an expert witness.") (citation omitted); *Armstrong v. Hrabal*, 2004 WY 39, 87 P.3d 1226, 1241-42 (Wyo. 2004) (exclusion of prior malpractice claim against expert was not an abuse of discretion); *Locke v. Vanderark*, 843 P.2d 27 (Colo. Ct. App. 1992) (trial court erred when it allowed an expert to be cross-examined concerning the fact that he had been sued for malpractice at least six times).

*Ferris v. Tenn. Log Homes, Inc.*, No. 4:06CV-35-M, 2010 U.S. Dist. LEXIS 26272, at *3-4 (W.D. Ky. Mar. 19, 2010).

Other courts have similarly held that such evidence may be properly excluded. For example, the Tennessee Western District Court in *Hensley v. Methodist Healthcare Hosps.*, No. 13-2436-STA-cgc, 2015 U.S. Dist. LEXIS 113565, at *15 (W.D. Tenn. Aug. 27, 2015) excluded "[e]vidence of other lawsuits against Defendants and experts for either party." So, too, the Kentucky Western District Court—relying on *Ferris*—held that while "[s]uch evidence *may* be admissible when it is of sufficiently probative of value, but the reasons outlined by Plaintiff—credibility and qualifications—are present in most cases. *See id.* Because Plaintiff has not shown that the malpractice claims are relevant to Dr. O'Brien's opinions in this case and the introduction of the

claims would involve collateral and irrelevant matters, this testimony will be excluded." *Giles v. Sam's E.*, No. 1:18-CV-00170-GNS-HBB, 2021 U.S. Dist. LEXIS 249204, at *11-12 (W.D. Ky. Sep. 23, 2021) (emphasis in original).

As such, under FRE 402, such evidence is wholly irrelevant and should be excluded. Even if there is some marginal relevance to the past lawsuits against Dr. Silverman and/or Dr. Watson, such evidence should be excluded under FRE 403 as unduly prejudicial in contrast to the utterly minimal probative value thereof. Indeed, as stated in *Giles*, the only reason Defendants could seek to introduce such evidence is present in *every case* involving expert witnesses: credibility and qualifications. Such evidence is properly excluded given such minimal probative value, given the immense potential for prejudice to Plaintiff if such evidence is admitted, as jurors may give the testimony of Plaintiff's expert no weight based on entirely separate lawsuits from the past.

As such, this Court should preclude Defendants from referencing any past lawsuits against Dr. Silverman and/or Dr. Watson.

## **CONCLUSION**

WHEREFORE, for all of the reasons set forth above, Plaintiff respectfully requests that this Honorable Court GRANT his Motion in Limine to Preclude Evidence of or Reference to Dr. Silverman's or Dr. Watson's Irrelevant Past Lawsuits in its entirety and grant Plaintiff any other relief this Court deems just.

        Respectfully submitted,

        /s/ *Jonathan R. Marko*
        Jonathan R. Marko (P72450)
        **MARKO LAW, PLLC**
        220 W. Congress, 4th Floor
        Detroit, MI 48226
        (313) 777-7529 / Fax: (313) 777-5785
        Email: jon@markolaw.com

Date: July 30, 2025

## PROOF OF SERVICE

The undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each attorney of record on **July 30, 2025**, via:

☐ U.S. Mail      ☐ Fax
☐ Hand Delivered      ☐ Overnight Carrier
☐ Certified Mail      ☐ Other:
☐ ECF System      ☐ Email

    /s/