MARKOLAW.COM
220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226
P: (313) 777-7LAW
F: (313) 771-5785
MARKO LAW

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

KOHCHISE JACKSON,

      Plaintiff,

-vs-

CHS TX, INC., *et al.*,

      Defendants.

Case No. 19-cv-13382
Hon. Gershwin A. Drain

_____

| | |
|---|---|
| LAWRENCE H. MARGOLIS (P69635)<br>IAN T. CROSS (P83367)<br>**MARGOLIS & CROSS**<br>Attorneys for Plaintiff<br>214 S. Main St., Ste. 200<br>Ann Arbor, MI 48104<br>(734) 994-9590<br>larry@lawinannarbor.com<br>ian@lawinannarbor.com | ADAM MASIN<br>SUNNY REHSI (P80611)<br>**BOWMAN AND BROOKE LLP**<br>Attorney for CHS TX, Inc.<br>101 W. Big Beaver Rd., Ste. 1100<br>Troy, MI 48084<br>(248) 205-3300<br>Adam.masin@bowmanandbrooke.com<br>Sunny.rehsi@bowmanandbrooke.com |
| JONATHAN R. MARKO (P72450)<br>MICHAEL L. JONES (P85223)<br>**MARKO LAW, PLLC**<br>Co-counsel for Plaintiff<br>220 W. Congress, 4th Floor<br>Detroit, Michigan 48226<br>P: (313) 777-7529 / F: (313) 470-2011<br>jon@markolaw.com<br>michael@markolaw.com | |

**PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE ANY EVIDENCE OF OR REFERENCE TO OTHER CASES DR. SILVERMAN WORKED ON**

    NOW COMES, Plaintiff, **KOHCHISE JACKSON**, by and through his attorneys, **MARGOLIS & CROSS** and **MARKO LAW, PLLC**, and for his Motion

Page **1** of **10**

in Limine to Preclude Evidence of or Reference to Other Cases Dr. Silverman Worked On, states as follows:

For reasons stated more fully in the attached Brief, which is hereby incorporated by reference, this Court should grant Plaintiff's Motion in Limine to Preclude Evidence of or Reference to Other Cases Dr. Silverman Worked On.

WHEREFORE, for all of the reasons set forth above, Plaintiff respectfully requests that this Honorable Court GRANT his Motion in Limine to Preclude Evidence of or Reference to Other Cases Dr. Silverman Worked On in its entirety and grant Plaintiff any other relief this Court deems just.

Respectfully submitted,

/s/ *Jonathan R. Marko*
Jonathan R. Marko (P72450)
**MARKO LAW, PLLC**
220 W. Congress, 4th Floor
Detroit, MI 48226
(313) 777-7529 / Fax: (313) 777-5785
Email: jon@markolaw.com

Date: July 30, 2025

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

KOHCHISE JACKSON,

      Plaintiff,                             Case No. 19-cv-13382

-vs-                                               Hon. Gershwin A. Drain

CHS TX, INC., *et al.*,

      Defendants.

_____

| | |
|---|---|
| LAWRENCE H. MARGOLIS (P69635) | ADAM MASIN |
| IAN T. CROSS (P83367) | SUNNY REHSI (P80611) |
| **MARGOLIS & CROSS** | **BOWMAN AND BROOKE LLP** |
| Attorneys for Plaintiff | Attorney for Defendants |
| 214 S. Main St., Ste. 200 | 101 W. Big Beaver Rd., Ste. 1100 |
| Ann Arbor, MI 48104 | Troy, MI 48084 |
| (734) 994-9590 | (248) 205-3300 |
| larry@lawinannarbor.com | Adam.masin@bowmanandbrooke.com |
| ian@lawinannarbor.com | Sunny.rehsi@bowmanandbrooke.com |

JONATHAN R. MARKO (P72450)
MICHAEL L. JONES (P85223)
**MARKO LAW, PLLC**
Co-counsel for Plaintiff
220 W. Congress, 4th Floor
Detroit, Michigan 48226
P: (313) 777-7529 / F: (313) 470-2011
jon@markolaw.com
michael@markolaw.com

_____

**BRIEF IN SUPPORT OF PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE ANY EVIDENCE OF OR REFERENCE TO OTHER CASES DR. SILVERMAN WORKED ON**

## **CONCISE STATEMENT OF ISSUES PRESENTED**

I. Whether this Court should permit Defendants to present evidence or make reference to the fact Dr. Silverman worked on other cases and was precluded from giving testimony in said cases.

**Plaintiff states: No.**
**This Court should state: No.**

## **CONTROLLING OR MOST APPROPRIATE AUTHORITY**

### **Federal Rules**

Fed. R. Evid. 401

Fed. R. Evid. 402

Fed. R. Evid. 403

### **Cases**

*Spears v. Cooper*, No. 1:07-CV-58, 2008 U.S. Dist. LEXIS 107048 (E.D. Tenn. Nov. 17, 2008)

*United States v. Bonds*, 12 F.3d 540 (6th Cir. 1993)

## INTRODUCTION

Plaintiff anticipates Defendants will seek to reference other past cases Plaintiff's expert, Dr. Ralph Silverman, worked on and was precluded from testifying in. Indeed, in the deposition of Dr. Silverman, Defense counsel repeatedly asked about cases in which he was precluded from giving expert testimony. **ECF No. 60-10, PageID.1539.** Such evidence is not at all relevant to this case. Indeed, any cases wherein Dr. Silverman was not permitted to give testimony are, of course, factually distinct from this case. Moreover, it is the role of the Court to determine the credibility of experts to testify; Defendants may not introduce evidence to the jury about other completely different cases wherein Dr. Silverman was not permitted to testify, as it would encourage the jury to improperly disregard his testimony.

Accordingly, this Honorable Court should preclude Defendants from referencing to the jury other past cases on which Dr. Silverman worked and was precluded from giving testimony in.

## LAW AND ANALYSIS

The Federal Rules of Evidence what constitutes relevant evidence:

> Evidence is relevant if:
>
> > (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and
> >
> > (b) the fact is of consequence in determining the action.

FRE 401.

Conversely, "irrelevant evidence is not admissible at all." *Johnson v. Ford Motor Co.*, No. 19-cv-10167, 2023 U.S. Dist. LEXIS 147291, at *3 (E.D. Mich. Aug. 22, 2023).

Importantly, the Federal Rules state that even if evidence may be relevant, it may still be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FRE 403.

**A. Other Factually Distinct Cases Dr. Silverman Has Worked on and Been Precluded From Testifying In Are Irrelevant to the Instant Action, and Defendants Should Be Precluding From Referencing Such Cases**

The fact Dr. Silverman has been precluded from testifying in other past cases, which are by nature factually distinct from this matter, is utterly irrelevant here. Indeed, "determining the admissibility of expert testimony is a heavily fact-specific inquiry; a court must be flexible in determining how an expert's testimony should be reviewed based upon the specific nature of the field of expertise and testimony involved." *Spears v. Cooper*, No. 1:07-CV-58, 2008 U.S. Dist. LEXIS 107048, at *24 (E.D. Tenn. Nov. 17, 2008). As the Tennessee Eastern District Court concisely summarized:

> In those cases, when reviewing the qualifications of the proposed experts, the Sixth Circuit has recognized that "police policies and practices" is a broad field, so much so that an expert in one area of "police policies and practices" will not be an expert in all areas. *Berry*, 25 F.3d at 1352. Just as an attorney is not an expert on law generally - because, for instance, a divorce lawyer may know virtually nothing of patent law - not every person with education or experience in police procedures or policy can testify in every aspect of that field.

*Id.* at *24-25.

It is axiomatic that, dependent on the facts of the case and the specific testimony an expert seeks to give – as described above – sometimes an expert will be qualified to testify at trial and sometimes that same expert will not be in a different case. Thus, allowing Defendants at trial to reference the fact that Dr. Silverman was precluded from testifying in other cases would unduly discredit his testimony based on his inability to testify in cases that may be wildly different to *this* case.

Thus, such evidence is irrelevant and should be excluded. Even if there is some probative value to this evidence, the potential for undue prejudice is far greater. Indeed, the jury may afford little weight to Dr. Silverman's expert testimony at trial simply because other courts on potentially extremely different facts found that he could not testify in completely distinct cases in the past. As such, this Honorable Court should preclude Defendants from referencing at trial past cases in which Dr. Silverman was precluded from testifying.

### B. The Court, Not the Jury, Determines Expert Witness Qualification to Give Testimony, and Referencing to Jurors Dr. Silverman's Prior Exclusions From Testifying in Other Cases Gives Defendants a Second Opportunity to Functionally Have His Testimony Disregarded in this Case

Further, the ultimate determination as to whether a particular expert witness is credible to give testimony at trial lies with the Court as a matter of law. *United States v. Bonds*, 12 F.3d 540, 563 (6th Cir. 1993) ("The decision whether to admit the expert testimony in the first place is a matter of law for the trial judge."). Thus, if the Court determines Dr. Silverman is qualified to testify at trial, presenting evidence to the jury that he was precluded from testifying in *other* factually distinct cases would in large part negate this Court's determination as to qualification to give testimony.

This would only serve to confuse the issues and mislead the jury. Moreover, even if this Court allowed Dr. Silverman to testify, permitting Defendants to reference these past exclusions of Dr. Silverman from testifying in other cases essentially gives Defendants another bite at the apple, to insinuate that he is not qualified to testify *in this trial* despite the Court allowing it.

As such, evidence that Dr. Silverman was precluded from testifying in other prior cases should be excluded at trial.

## CONCLUSION

WHEREFORE, for all of the reasons set forth above, Plaintiff respectfully requests that this Honorable Court GRANT his Motion in Limine to Preclude Evidence of or Reference to Other Cases Dr. Silverman Worked On in its entirety and grant Plaintiff any other relief this Court deems just.

Respectfully submitted,

/s/ *Jonathan R. Marko*
Jonathan R. Marko (P72450)
**MARKO LAW, PLLC**
220 W. Congress, 4th Floor
Detroit, MI 48226
(313) 777-7529 / Fax: (313) 777-5785
Email: jon@markolaw.com

Date: July 30, 2025

## PROOF OF SERVICE

The undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each attorney of record on **July 30, 2025**, via:

☐ U.S. Mail            ☐ Fax
☐ Hand Delivered       ☐ Overnight Carrier
☐ Certified Mail       ☐ Other:
☐ ECF System           ☐ Email

/s/ _____