# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

KOHCHISE JACKSON,

      Plaintiff,                              Case No. 19-cv-13382

-vs-                                                   Hon. Gershwin A. Drain

CHS TX, INC., *et al.*,

      Defendants.

_____

| | |
|---|---|
| LAWRENCE H. MARGOLIS (P69635) | ADAM MASIN |
| IAN T. CROSS (P83367) | SUNNY REHSI (P80611) |
| **MARGOLIS & CROSS** | **BOWMAN AND BROOKE LLP** |
| Attorneys for Plaintiff | Attorney for Defendants |
| 214 S. Main St., Ste. 200 | 101 W. Big Beaver Rd., Ste. 1100 |
| Ann Arbor, MI 48104 | Troy, MI 48084 |
| (734) 994-9590 | (248) 205-3300 |
| larry@lawinannarbor.com | Adam.masin@bowmanandbrooke.com |
| ian@lawinannarbor.com | Sunny.rehsi@bowmanandbrooke.com |
| | |
| JONATHAN R. MARKO (P72450) | |
| MICHAEL L. JONES (P85223) | |
| **MARKO LAW, PLLC** | |
| Co-counsel for Plaintiff | |
| 220 W. Congress, 4th Floor | |
| Detroit, Michigan 48226 | |
| P: (313) 777-7529 / F: (313) 470-2011 | |
| jon@markolaw.com | |
| michael@markolaw.com | |

_____

## PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE ANY EVIDENCE OF OR REFERENCE TO PLAINTIFF'S EMOTIONAL OUTBURST AT THE HOSPITAL

NOW COMES, Plaintiff, **KOHCHISE JACKSON**, by and through his attorneys, **MARGOLIS & CROSS** and **MARKO LAW, PLLC**, and for his Motion in Limine to Preclude Evidence of or Reference to Plaintiff's Emotional Outburst at the Hospital, states as follows:

For reasons stated more fully in the attached Brief, which is hereby incorporated by reference, this Court should grant Plaintiff's Motion in Limine to Preclude Evidence of or Reference to Plaintiff's Emotional Outburst at the Hospital.

WHEREFORE, for all of the reasons set forth above, Plaintiff respectfully requests that this Honorable Court GRANT his Motion in Limine to Preclude Evidence of or Reference to Plaintiff's Emotional Outburst at the Hospital in its entirety and grant Plaintiff any other relief this Court deems just.

Respectfully submitted,

/s/ *Jonathan R. Marko*
Jonathan R. Marko (P72450)
**MARKO LAW, PLLC**
220 W. Congress, 4th Floor
Detroit, MI 48226
(313) 777-7529 / Fax: (313) 777-5785
Email: jon@markolaw.com

Date: July 30, 2025

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

KOHCHISE JACKSON,

        Plaintiff,                            Case No. 19-cv-13382

-vs-                                          Hon. Gershwin A. Drain

CHS TX, INC., *et al.*,

        Defendants.

_____

| | |
|---|---|
| LAWRENCE H. MARGOLIS (P69635) | ADAM MASIN |
| IAN T. CROSS (P83367) | SUNNY REHSI (P80611) |
| **MARGOLIS & CROSS** | **BOWMAN AND BROOKE LLP** |
| Attorneys for Plaintiff | Attorney for Defendants |
| 214 S. Main St., Ste. 200 | 101 W. Big Beaver Rd., Ste. 1100 |
| Ann Arbor, MI 48104 | Troy, MI 48084 |
| (734) 994-9590 | (248) 205-3300 |
| larry@lawinannarbor.com | Adam.masin@bowmanandbrooke.com |
| ian@lawinannarbor.com | Sunny.rehsi@bowmanandbrooke.com |

JONATHAN R. MARKO (P72450)
MICHAEL L. JONES (P85223)
**MARKO LAW, PLLC**
Co-counsel for Plaintiff
220 W. Congress, 4th Floor
Detroit, Michigan 48226
P: (313) 777-7529 / F: (313) 470-2011
jon@markolaw.com
michael@markolaw.com

_____

**BRIEF IN SUPPORT OF PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE ANY EVIDENCE OF OR REFERENCE TO PLAINTIFF'S EMOTIONAL OUTBURST AT THE HOSPITAL**

## **CONCISE STATEMENT OF ISSUES PRESENTED**

I.  Whether this Court should permit Defendants to reference at trial Plaintiff's alleged emotional outburst at McLaren Port Huron Hospital.

**Plaintiff states: No.**
**This Court should state: No.**

# CONTROLLING OR MOST APPROPRIATE AUTHORITY

## Federal Rules

Fed. R. Evid. 401

Fed. R. Evid. 402

Fed. R. Evid. 403

Fed. R. Evid. 801

Fed. R. Evid. 802

Fed. R. Evid. 803

## Cases

*Tapke v. Brunsman*, No. 1:09-cv-077, 2011 U.S. Dist. LEXIS 157142 (S.D. Ohio Feb. 8, 2011)

*United States v. Kappell*, 418 F.3d 550 (6th Cir. 2005)

*Kirk v. Bostock*, No. 09-15018, 2012 U.S. Dist. LEXIS 38009 (E.D. Mich. Mar. 21, 2012)

*Bertoni v. Campion*, No. 06-CV-10215, 2008 U.S. Dist. LEXIS 63274 (E.D. Mich. Aug. 19, 2008)

## INTRODUCTION

In the deposition of Plaintiff, Defense counsel inquired about an alleged incident at McLaren Port Huron Hospital wherein Plaintiff shouted at and cursed at a nurse. **ECF No. 58-6, PageID.1112.** Specifically, Defense counsel referenced the following statement regarding patient discharge:

> This is another note, maybe just slightly earlier than that. Same page. It says, quote, patient requested something to eat. Spoke with Anna who stated he could not eat yet. Spoke with patient again who became argumentative, cursing, refusing medications. Patient stated, quote, bitch, I am not taking that shit until I get something to eat. I asked the patient not to yell and to refrain from cursing. The patient denied cursing, end quote.

*Id.*

Plaintiff anticipates that Defendants will attempt to reference this alleged emotional outburst in the upcoming trial in an effort to present Plaintiff in a negative light to the jury. Such evidence or reference, however, should be excluded as impermissible hearsay and because such evidence is patently irrelevant to this constitutional deprivation of rights case.

## LAW AND ANALYSIS

The Federal Rules of Evidence state what constitutes relevant evidence:

> Evidence is relevant if:
>
> > (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and

Page **6** of **12**

> (b) the fact is of consequence in determining the action.

FRE 401.

Conversely, "irrelevant evidence is not admissible at all." *Johnson v. Ford Motor Co.*, No. 19-cv-10167, 2023 U.S. Dist. LEXIS 147291, at *3 (E.D. Mich. Aug. 22, 2023).

Importantly, the Federal Rules state that even if evidence may be relevant, it may still be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FRE 403.

The Federal Rules of Evidence define hearsay as "a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement." FRE 801(c). Hearsay is not admissible unless a federal statute, the Federal Rules of Evidence, or other rules prescribed by the Supreme Court provide otherwise. FRE 802. FRE 803 provides a number of exceptions to the general prohibition against hearsay evidence, none of which are applicable to Plaintiff's alleged emotional outburst at the hospital.

### A. Plaintiff's Alleged Emotional Outburst at the Hospital is Inadmissible Hearsay Evidence

Any evidence or reference to Plaintiff's alleged emotional outburst to the nurse at the McLaren Port Huron Hospital must be excluded by this Honorable Court as inadmissible hearsay. Should Defendants make reference to such, it would be to impermissibly assert the truth of the matter asserted in this out-of-court statement, i.e., that Plaintiff did, in fact, shout and curse at the nurse at the hospital. Under FRE 801 and 802, therefore, such is inadmissible unless it falls under an exception enumerated in FRE 803. Simply put, no hearsay exception is applicable to this evidence.

In one case, the Ohio Southern District Court held that similar statements contained within a document drafted by a social worker, which purported to transcribe what a patient said, was hearsay:

> As the Court of Appeals noted, virtually all statements of the social worker begin "Patient stated." . . . The medical record is, of course, double hearsay: the paper tells what the social workers says D.S. said.

*Tapke v. Brunsman*, No. 1:09-cv-077, 2011 U.S. Dist. LEXIS 157142, at *50 (S.D. Ohio Feb. 8, 2011).

Similarly, here, the medical record referenced in Plaintiff's deposition by Defense counsel tells what the nurse says that Plaintiff said, thus constituting impermissible hearsay. Unlike in *Tapke*, however, the purported statement made by

Page **8** of **12**

Plaintiff was not made for the purpose of medical treatment and was merely frustration expressed toward the hospital.

Indeed, the statement about Plaintiff's shouting and cursing was not made for the purposes of medical diagnosis, as required to meet FRE 803(4). According to the Sixth Circuit, the critical inquiry under FRE 803(4) is whether the statement was made "for the primary purpose of medical diagnosis, rather than for some other purpose." *United States v. Kappell*, 418 F.3d 550, 556 (6th Cir. 2005). "Any statements going beyond that which was required to treat Plaintiff's condition must be excluded." *Kirk v. Bostock*, No. 09-15018, 2012 U.S. Dist. LEXIS 38009, at *7 (E.D. Mich. Mar. 21, 2012). Here, any emotional outburst from Plaintiff toward the nurse was patently not for medical diagnosis, particularly considering the alleged outburst occurred at discharge.

Moreover, if Defendants attempt to argue the statement is admissible as a business record under FRE 803(6), such argument is without merit. Indeed, while perhaps the medical records *themselves* may be admissible as a business, the statements made by Plaintiff and the nurse's statements as to Plaintiff's behavior are still inadmissible hearsay within hearsay.

As held by the Michigan Eastern District Court, "[w]here there is hearsay within hearsay, or double hearsay, each separate level of hearsay must fall within an exception to the hearsay rule." *Bertoni v. Campion*, No. 06-CV-10215, 2008 U.S.

Dist. LEXIS 63274, at *6 (E.D. Mich. Aug. 19, 2008). Further, the *Bertoni* Court stated: "The court is aware of no authority stating that the business record exception should apply in a manner broad enough to swallow the rule requiring level-by-level exceptions for double hearsay." *Id.* Thus, even if the medical records themselves may be admissible, this still does not render the notes from the nurse purporting to relay what was said by Plaintiff admissible.

No other hearsay exception is applicable either, and, further, "[t]he proponent of the evidence must show by a preponderance of the evidence that the offered evidence meets the requirements of admissibility." *United States v. Ellis*, No. 12-CR-20228, 2013 U.S. Dist. LEXIS 73031, at *2 (E.D. Mich. May 23, 2013). Defendants cannot show any hearsay exception allows for the admission of the statements pertaining to Plaintiff's emotional outburst at the hospital. As such, this Honorable Court should preclude any evidence thereof or reference thereto at trial.

### B. Plaintiff's Alleged Emotional Outburst at the Hospital is Irrelevant to the Instant Action and Must Be Excluded

The fact that Plaintiff may have shouted or cursed at the nurse at the hospital is completely irrelevant to this case. Indeed, such a fact will not in any way assist jurors in determining whether or not Defendants violated Plaintiffs' constitutional rights in refusing him desperately needed surgery. As such evidence or reference will not make any fact of consequence in determining this issue more or less likely,

this evidence is irrelevant under the Federal Rules of Evidence. Such evidence is therefore properly excluded by this Honorable Court under FRE 401.

Moreover, even if there is some marginal relevance to the alleged outburst by Plaintiff at the hospital, such evidence should be excluded under FRE 403 as unduly prejudicial in contrast to the utterly minimal probative value thereof. Indeed, the only reason Defendants could seek to introduce such evidence or make such reference to Plaintiff's purported emotional outburst to the nurse would be to present Plaintiff as a bad person. Such evidence is properly excluded given such minimal probative value, given the immense potential for prejudice to Plaintiff if such evidence is admitted, as it holds extreme potential to inflame the passions of the jury and encourage the jurors to decide the case on considerations other than the merits thereof.

As such, this Court should preclude Defendants from referencing Plaintiff's alleged emotional outburst at the hospital.

## **CONCLUSION**

WHEREFORE, for all of the reasons set forth above, Plaintiff respectfully requests that this Honorable Court GRANT his Motion in Limine to Preclude Evidence of or Reference to Plaintiff's Emotional Outburst at the Hospital in its entirety and grant Plaintiff any other relief this Court deems just.

Respectfully submitted,

/s/ *Jonathan R. Marko*
Jonathan R. Marko (P72450)
**MARKO LAW, PLLC**
220 W. Congress, 4th Floor
Detroit, MI 48226
(313) 777-7529 / Fax: (313) 777-5785
Email: jon@markolaw.com

Date: July 30, 2025

## PROOF OF SERVICE

The undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each attorney of record on **July 30, 2025**, via:

☐ U.S. Mail          ☐ Fax
☐ Hand Delivered     ☐ Overnight Carrier
☐ Certified Mail     ☐ Other:
☐ ECF System         ☐ Email

*/s/*