UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KOHCHISE JACKSON,

    Plaintiff,

-vs-

CHS TX, INC., *et al.*,

    Defendants.

Case No. 19-cv-13382
Hon. Gershwin A. Drain

_____

| | |
|---|---|
| LAWRENCE H. MARGOLIS (P69635)<br>IAN T. CROSS (P83367)<br>**MARGOLIS & CROSS**<br>Attorneys for Plaintiff<br>214 S. Main St., Ste. 200<br>Ann Arbor, MI 48104<br>(734) 994-9590<br>larry@lawinannarbor.com<br>ian@lawinannarbor.com | ADAM MASIN<br>SUNNY REHSI (P80611)<br>**BOWMAN AND BROOKE LLP**<br>Attorney for Defendants<br>101 W. Big Beaver Rd., Ste. 1100<br>Troy, MI 48084<br>(248) 205-3300<br>Adam.masin@bowmanandbrooke.com<br>Sunny.rehsi@bowmanandbrooke.com |

JONATHAN R. MARKO (P72450)
MICHAEL L. JONES (P85223)
**MARKO LAW, PLLC**
Co-counsel for Plaintiff
220 W. Congress, 4th Floor
Detroit, Michigan 48226
P: (313) 777-7529 / F: (313) 470-2011
jon@markolaw.com
michael@markolaw.com

---

# **PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE EVIDENCE OF PLAINTIFF'S RECEIPT OF FOOD STAMPS**

NOW COMES, Plaintiff, **KOHCHISE JACKSON**, by and through his attorneys, **MARGOLIS & CROSS** and **MARKO LAW, PLLC**, and for his Motion in Limine to Preclude Evidence of Plaintiff's Receipt of Food Stamps, states as follows:

For reasons stated more fully in the attached Brief, which is hereby incorporated by reference, this Court should grant Plaintiff's Motion in Limine to Preclude Evidence of Plaintiff's Receipt of Food Stamps.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court GRANT his Motion in Limine to Preclude Evidence of Plaintiff's Receipt of Food Stamps in its entirety and grant Plaintiff any other relief this Court deems just.

                Respectfully submitted,

/s/ *Jonathan R. Marko*
Jonathan R. Marko (P72450)
**MARKO LAW, PLLC**
220 W. Congress, 4th Floor
Detroit, MI 48226
(313) 777-7529 / Fax: (313) 777-5785
Email: jon@markolaw.com

Date: July 30, 2025

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

KOHCHISE JACKSON,

      Plaintiff,                            Case No. 19-cv-13382

-vs-                                              Hon. Gershwin A. Drain

CHS TX, INC., *et al.,*

      Defendants.

_____

| | |
|---|---|
| LAWRENCE H. MARGOLIS (P69635) | ADAM MASIN |
| IAN T. CROSS (P83367) | SUNNY REHSI (P80611) |
| **MARGOLIS & CROSS** | **BOWMAN AND BROOKE LLP** |
| Attorneys for Plaintiff | Attorney for Defendants |
| 214 S. Main St., Ste. 200 | 101 W. Big Beaver Rd., Ste. 1100 |
| Ann Arbor, MI 48104 | Troy, MI 48084 |
| (734) 994-9590 | (248) 205-3300 |
| larry@lawinannarbor.com | Adam.masin@bowmanandbrooke.com |
| ian@lawinannarbor.com | Sunny.rehsi@bowmanandbrooke.com |

JONATHAN R. MARKO (P72450)
MICHAEL L. JONES (P85223)
**MARKO LAW, PLLC**
Co-counsel for Plaintiff
220 W. Congress, 4th Floor
Detroit, Michigan 48226
P: (313) 777-7529 / F: (313) 470-2011
jon@markolaw.com
michael@markolaw.com

_____

**BRIEF IN SUPPORT OF PLAINTIFF'S MOTION IN LIMINE TO**
**PRECLUDE EVIDENCE OF PLAINTIFF'S RECEIPT OF FOOD STAMPS**

## CONCISE STATEMENT OF ISSUES PRESENTED

I.  Whether this Court should permit Defendants to reference at trial Plaintiff's receipt of food stamps.

**Plaintiff states: No.**
**This Court should state: No.**

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

### Federal Rules

Fed. R. Evid. 401

Fed. R. Evid. 402

Fed. R. Evid. 403

### Cases

*Eisenhauer v. Burger*, 431 F.2d 833, 837 (6th Cir. 1970)

*City of Cleveland v. Peter Kiewit Sons' Co.,* 624 F.2d 749 (6th Cir. 1980)

*Watkins v. Cty. of Genesee*, No. 13-13678, 2016 U.S. Dist. LEXIS 22126 (E.D. Mich. Feb. 24, 2016)

## INTRODUCTION

This motion seeks to exclude any evidence, argument, or testimony about public benefits Plaintiff has received, specifically the fact he has received food stamps as testified to in his deposition. **ECF No. 58-6, PageID.1109.** Such evidence is patently irrelevant and would be far more prejudicial than probative in this constitutional deprivation of rights case.

## LAW AND ANALYSIS

Federal Rule of Evidence ("FRE") 401 determines that evidence is relevant if "(a) it has the tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." According to FRE 402, all relevant evidence is generally admissible, but the evidence must first be relevant. Evidence regarding Plaintiff's receipt of food stamps is simply not relevant, and should therefore be excluded. This evidence bears absolutely no relevance to this case and the issues to be put before a jury pertaining to Defendants' deliberate indifference to Plaintiff's medical needs and constitutional rights.

In the event this Court believes that this evidence should somehow be considered relevant, then it must be precluded under FRE 403 as unfairly prejudicial. Relevant evidence can be excluded under FRE 403 "if its probative value is substantially outweighed by a danger of one or more of the following: unfair

prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Unfair prejudice in this context implies that the jury would rely on an improper basis in rendering its decision. *United States v. Schrock*, 855 F.2d 327 (6th Cir. 1998).

This Court "is guided by the collateral source doctrine, where 'money received from an independent source will not diminish recovery from a wrongdoer.'" *Dzuiba v. Smith*, 2017 U.S. Dist. LEXIS 112901 (E.D. Mich. 2017) at *4 (quoting *Roundhouse v. Owens-Illinois, Inc.*, 604 F.2d 990, 994 (6th Cir. 1979)). In other words, the collateral source doctrine does not allow for a plaintiff's recovery to be lessened by the fact that he receives money from independent sources not related to the subject incident, including any food stamps Plaintiff has received. Additionally, evidence of the amount of the benefits Plaintiff receives and/or has received is of no probative value to the issue in this case, but there is a high risk of prejudice—a jury could determine that Plaintiff does not "deserve" to recover his full damages, or any damages at all, because he already receives money in the form of the benefits at issue. FRE 403.

Moreover, many jurors may also have negative opinions on individuals who receive government financial assistance and, since the fact Plaintiff receives food stamps has nothing to do with whether Defendants violated Plaintiff's constitutional rights in denying him colostomy reversal surgery, the introduction of such evidence

could only serve to harm jurors' opinions of Plaintiff and potentially encourage them to rely on an improper basis when deciding whether or not to find for Plaintiff.

Federal case law is clear that evidence introduced merely to show a party's poverty is not permissible. The Sixth Circuit has specifically recognized that "[e]vidence as to the poverty or wealth of a party to an action is inadmissible in a negligence action." *Eisenhauer v. Burger*, 431 F.2d 833, 837 (6th Cir. 1970) (citations omitted). Similarly, the Court in *City of Cleveland v. Peter Kiewit Sons' Co.*, 624 F.2d 749, 757-60 (6th Cir. 1980) held that references to a parties poverty or the financial condition of a party is reversible error warranting a new trial and irremediable by curative instruction.

Similarly, in *Carter v. State Farm Fire & Cas. Co.*, No. 1:20-cv-888, 2022 U.S. Dist. LEXIS 248144, at *5 (W.D. Mich. Sep. 23, 2022), the Western District of Michigan held that:

> [Defendant] cannot present general evidence of plaintiff's poverty. **Evidence of poverty, dependence on public welfare, unemployment, underemployment, low paying or marginal employment, is not ordinarily admissible to show motive**. The probative value of such evidence is diminished because it applies to too large a segment of the total population. Its prejudicial impact, though, is high. **There is a risk that it will cause jurors to view a defendant as a "bad man" a poor provider, a worthless individual**.

*Id.* (internal citation omitted) (emphasis added).

Page **8** of **11**

Likewise, the Eastern District Court of Michigan in recognized that generally evidence that a plaintiff is poor or is "chronically short of funds" is inadmissible, and that such evidence is only admissible under the very narrow circumstances to show motive to commit a crime of arson, that the plaintiff's financial condition increasingly deteriorated–which was out of the ordinary for that individual– leading up to the fire, and is coupled with a substantial offer of proof regarding the fire and insurance claim at issue. *Wilson v. State Farm Fire & Cas. Co.*, No. 2:17-cv-11243, 2019 U.S. Dist. LEXIS 201816, at *2-5 (E.D. Mich. Nov. 21, 2019).

Moreover, the Michigan Eastern District Court has held such evidence to be patently inadmissible:

> Plaintiff moves the Court to exclude evidence regarding, among other things: (1) Plaintiff's use or sale of, involvement with, or incarceration for offenses involving, marijuana or other drugs; (2) his criminal history, including arrests and other contacts with law enforcement; (3) his failure to pay, arrearages for, or incarceration related to, child support; (4) his failure to file income tax returns; (5) his receipt of public assistance; (6) his employment status, educational background and that he lives with his parents; (7) that he fell out of a moving pickup in July 2006, a fall that resulted in medical treatment for his back, (8) the stress he experienced for various reasons in 2006; and (9) the criminal backgrounds of witnesses called by Plaintiff.
>
> Plaintiff argues that none of the above-described evidence is probative or relevant because the central legal issues in this case are whether: (1) Plaintiff was the victim of excessive force at the hands of Defendants, (2) Defendants refused to render or afford him medical assistance on August 28, 2011, and (3) he suffered injuries as a result of Defendants' actions or inactions. Plaintiff asserts that, because he is not making a wage loss or future earnings claim, evidence of child support arrearage

Page **9** of **11**

and income tax returns not being filed are not probative of the issues in this case. *See, e.g., Clark v. W&M Kraft, Inc.*, 476 F. App'x 612, 617 (6th Cir. 2012) (in slip and fall case, evidence of failure to pay child support relevant only to determine future earnings).

* * *

Neither party discusses the following matters Plaintiff seeks to exclude in his Motion in Limine: his receipt of public assistance, his educational background, his residential status, his medical treatment or injuries in 2006 resulting from falling out of a moving pickup, his stress condition in 2006, and the criminal background of witnesses Plaintiff intends to call. As Plaintiff is seeking damages for injuries suffered in the August 28, 2011, incident at GCJ (and not lost wages or future earnings), **the Court finds that his receipt of public assistance**, educational background, and residential status are **inadmissible pursuant to Rule 401 because they are not relevant to any material issues to be decided.** The Court grants Plaintiff's Motion in Limine as it relates to his receipt of public assistance, educational background, and residential status.

*Watkins v. Cty. of Genesee*, No. 13-13678, 2016 U.S. Dist. LEXIS 22126, at *10-16 (E.D. Mich. Feb. 24, 2016).

As such, this Court should exclude the irrelevant and highly prejudicial fact that Plaintiff has received food stamps from trial.

## CONCLUSION

WHEREFORE, Plaintiff respectfully requests that this Honorable Court GRANT his Motion in Limine to Preclude Evidence of Plaintiff's Receipt of Food Stamps in its entirety and grant Plaintiff any other relief this Court deems just.

Respectfully submitted,

/s/ *Jonathan R. Marko*
Jonathan R. Marko (P72450)
Attorney for Plaintiff
**MARKO LAW, PLLC**
220 W. Congress, 4th Floor
Detroit, MI 48226
P: (313) 777-7529 / F: (313) 771-5785
Email: jon@markolaw.com

Date: July 30, 2025

**PROOF OF SERVICE**

The undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each attorney of record on _____ via:

☐ U.S. Mail                ☐ Fax
☐ Hand Delivered           ☐ Overnight Carrier
☐ Certified Mail           ☐ Other: _____
☐ ECF System               ☐ Email

/s/ _____

Page **11** of **11**