UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KOHCHISE JACKSON,

    Plaintiff,

-vs-

CHS TX, INC., *et al.*,

    Defendants.

Case No. 19-cv-13382
Hon. Gershwin A. Drain

___

| | |
|---|---|
| LAWRENCE H. MARGOLIS (P69635)<br>IAN T. CROSS (P83367)<br>**MARGOLIS & CROSS**<br>Attorneys for Plaintiff<br>214 S. Main St., Ste. 200<br>Ann Arbor, MI 48104<br>(734) 994-9590<br>larry@lawinannarbor.com<br>ian@lawinannarbor.com | ADAM MASIN<br>SUNNY REHSI (P80611)<br>**BOWMAN AND BROOKE LLP**<br>Attorney for Defendants<br>101 W. Big Beaver Rd., Ste. 1100<br>Troy, MI 48084<br>(248) 205-3300<br>Adam.masin@bowmanandbrooke.com<br>Sunny.rehsi@bowmanandbrooke.com |

JONATHAN R. MARKO (P72450)
MICHAEL L. JONES (P85223)
**MARKO LAW, PLLC**
Co-counsel for Plaintiff
220 W. Congress, 4th Floor
Detroit, Michigan 48226
P: (313) 777-7529 / F: (313) 470-2011
jon@markolaw.com
michael@markolaw.com

___

# PLAINTIFF'S MOTION IN LIMINE
# REGARDING THE LAW OF THE CASE

NOW COMES, Plaintiff, **KOHCHISE JACKSON**, by and through his attorneys, **MARGOLIS & CROSS** and **MARKO LAW, PLLC**, and moves this

Page **1** of **16**

Honorable Court for a ruling that as a matter of law and pursuant to the law of this case, he has established that CHS TX, Inc. is a mere continuation of Corizon Health, Inc., and that a colostomy constitutes a serious medical need, and to preclude Defendants from re-arguing these issues before the jury. In support of his Motion, Plaintiff states as follows

1. Trial for this matter is scheduled to begin on August 18, 2025.

2. It is Plaintiff's belief that at trial, Defendants will attempt to elicit testimony and present evidence to relitigate issues that have already been decided in this case, such as whether CHS TX, Inc. is a mere continuation of Corizon Health, Inc., and thus liable for Corizon's pre-divisional-merger conduct under the doctrine of successor liability, or whether a colostomy constitutes a "serious medical need" for Eighth Amendment purposes.

3. In an Order issued in this case on November 1, 2022, Magistrate Judge Patricia P. Morris held, "[c]onsidering the totality of the circumstances here, I find that CHS TX is a mere continuation of pre-division Corizon." **ECF No. 89, PageID.3684.** CHS TX filed objections to Magistrate Judge Morris' Order pursuant to Fed. R. Civ. P. 72 and E.D. Mich. LR 72.1(d). The Court overruled CHS TX' objections in relevant part, reiterating, "the Court finds that CHS TX is a "mere continuation" of Corizon." **ECF No. 114, PageID.4405.**

4. Magistrate Judge Morris also issued a Report and Recommendation to deny Corizon and Dr. Papendick's Motion for Summary Judgment, in which she wrote:

> I first find that Defendant's labeling colostomy reversal surgery as elective or cosmetic is not dispositive because **a colostomy remains a serious medical need** despite the label. *Champion v. Dicocco,* 2018 WL 4097482, at *5 (E.D. Va. Aug. 24, 2018) (Plaintiff's use of a colostomy bag is a serious medical need and "Defendants cannot avoid this result by categorizing stoma reversal surgery as elective.")

**ECF No. 69, PageID.2787 (emphasis added).**

5. Defendants Corizon and Dr. Papendick then filed objections to Magistrate Judge Morris' Report and Recommendation, in which they argued that "Judge Morris erred in finding that a colostomy reversal surgery qualifies as a "serious medical need" such that Plaintiff can meet the objective prong of the deliberate-indifference analysis." **ECF No. 73, PageID.2982.** District Judge Terrence G. Berg overruled this objection in an Order Adopting Report and Recommendation **(ECF No. 73)**, writing,

> the Court reiterates its previous finding in this case that the serious medical need here is demonstrated by the presence of the *colostomy itself*, which "even a lay person" would recognize as creating a serious need for medical attention.

**ECF No. 73, PageID.2983 (emphasis in original).**

6. Judge Berg later recused himself from this case after several new attorneys entered appearances. **ECF No. 86.** Defendants Corizon and Dr. Papendick

Page **3** of **16**

then filed a motion requesting that this Court "reevaluate[]" and "reassess[]" Judge Berg's Order. **ECF No. 88.** This Court denied the motion, holding, in part,

> [t]he risk of injustice to Defendants is nonexistent because even if the undersigned vacated the prior orders and reconsidered Defendant Papendick's and Corizon Health's Motion to Dismiss and Motion for Summary Judgment, the undersigned would come to the same conclusions as Judge Berg.

**ECF No. 106, PageID.4374.**

7. Pursuant to the law of the case doctrine, "a decision on an issue made by a court at one stage of a case should be given effect in successive stages of the same litigation." *Shore v. Federal Express Corp.,* 42 F.3d 373, 379 (6th Cir. 1994). The law of this case is firmly established that a) CHS TX, Inc. is a mere continuation of Corizon Health, Inc., and b) that a colostomy constitutes a "serious medical need" for Eighth Amendment purposes. Accordingly, Defendants should not be permitted to relitigate these issues before the jury.

8. Counsel for Plaintiff requested concurrence in this motion pursuant to E.D. Mich. LR 7.1, but concurrence could not be obtained.

WHEREFORE, for all of the reasons set forth above, Plaintiff respectfully requests that this Honorable Court GRANT his Motion in Limine Regarding the Law of the Case and issue a ruling that the law of the case precludes Defendants from

presenting evidence or arguing at trial that CHS TX, Inc. is not a mere continuation of Corizon Health, Inc., or that a colostomy is not a serious medical need for Eighth Amendment purposes.

                                                  Respectfully submitted,

                                                  /s/ *Jonathan R. Marko*
                                                  Jonathan R. Marko (P72450)
                                                  **MARKO LAW, PLLC**
                                                  220 W. Congress, 4th Floor
                                                  Detroit, MI 48226
                                                  (313) 777-7529 / Fax: (313) 777-5785
                                                  Email: jon@markolaw.com

Date: July 30, 2025

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

KOHCHISE JACKSON,

      Plaintiff,                                          Case No. 19-cv-13382

-vs-                                                     Hon. Gershwin A. Drain

CHS TX, INC., *et al.*,

      Defendants.

_____

| | |
|---|---|
| LAWRENCE H. MARGOLIS (P69635) | ADAM MASIN |
| IAN T. CROSS (P83367) | SUNNY REHSI (P80611) |
| **MARGOLIS & CROSS** | **BOWMAN AND BROOKE LLP** |
| Attorneys for Plaintiff | Attorney for Defendants |
| 214 S. Main St., Ste. 200 | 101 W. Big Beaver Rd., Ste. 1100 |
| Ann Arbor, MI 48104 | Troy, MI 48084 |
| (734) 994-9590 | (248) 205-3300 |
| larry@lawinannarbor.com | Adam.masin@bowmanandbrooke.com |
| ian@lawinannarbor.com | Sunny.rehsi@bowmanandbrooke.com |

JONATHAN R. MARKO (P72450)
MICHAEL L. JONES (P85223)
**MARKO LAW, PLLC**
Co-counsel for Plaintiff
220 W. Congress, 4th Floor
Detroit, Michigan 48226
P: (313) 777-7529 / F: (313) 470-2011
jon@markolaw.com
michael@markolaw.com

---

**<u>BRIEF IN SUPPORT OF PLAINTIFF'S MOTION IN LIMINE
REGARDING THE LAW OF THE CASE</u>**

## **CONCISE STATEMENT OF ISSUES PRESENTED**

I. Whether Defendants should be precluded from presenting evidence or arguing at trial that CHS TX, Inc. is not a mere continuation of Corizon Health, Inc., or that a colostomy is not a serious medical need for Eighth Amendment purposes, where the Court has already decided these issues in prior orders.

**Plaintiff states: Yes.**
**This Court should state: Yes.**

# **CONTROLLING OR MOST APPROPRIATE AUTHORITY**

**Cases**

*Seals v. Wayne Cnty. Emps.' Ret. Sys.,* 2023 U.S. Dist. LEXIS 166471 (E.D. Mich. Sept. 19, 2023)

*Seals v. Wayne Cnty.,* 2025 U.S. App. LEXIS 4624 (6th Cir. Feb. 25, 2025)

## STATEMENT OF MATERIAL FACTS

Plaintiff Kohchise Jackson filed this case on November 15, 2019, alleging deliberate indifference to his serious medical needs in violation of the Eighth Amendment to the U.S. Constitution. **ECF No. 1.** On November 21, 2019, the Court referred all pretrial matters to Magistrate Judge Patricia P. Morris. **ECF No. 3.** Following discovery, Defendants Corizon and Dr. Papendick filed a motion for summary judgment, in which they argued that the need for a colostomy reversal is not a "serious medical need" for purposes of the Eighth Amendment. **ECF No. 60, PageID.1266-1272.**

Magistrate Judge Morris disagreed, explicitly holding, "I first find that Defendant's labeling colostomy reversal surgery as elective or cosmetic is not dispositive because **a colostomy remains a serious medical need** despite the label." **ECF No. 69, PageID.2787 (emphasis added).** Corizon and Papendick filed an objection to this finding, **(ECF No. 70, PageID.2803-2808)**, which the Court overruled. **ECF No. 73, PageID.2982-2983.** In its Order Adopting Report and Recommendation, the Court explained:

> the Court need not resolve the question of whether Plaintiff's expert testimony is sufficient to create a genuine issue of material fact as to whether Plaintiff had a serious medical need for the reversal surgery. Instead, the Court reiterates its previous finding in this case that the serious medical need here is demonstrated by the presence of the *colostomy itself*, which "even a lay person" would recognize as creating a serious need for medical attention.

**ECF No. 73, PageID.2982-2983 (emphasis in original).**

Approximately a month after its motion for summary judgment was denied, Corizon Health carried out a divisional merger transaction in which it assigned its entire operating business, including all of its employees and almost all of its cash, to CHS TX, Inc., while leaving behind most of its liabilities in a defunct and deeply-insolvent shell corporation. *See* **ECF No. 89, PageID.3654-3657.** Plaintiff then filed a motion to substitute CHS TX, Inc. as a defendant in place of Corizon pursuant to Rule 25(c) and Michigan's doctrine of successor liability. **ECF No. 77.**

The Court referred Plaintiff's motion to Magistrate Judge Patricia P. Morris to hear and determine pursuant to 28 U.S.C. § 636(b)(1)(A). **ECF No. 78.** Shortly after several new attorneys and law firms appeared for CHS TX to respond to the motion, **(ECF No. 83, PageID.3367)**, Judge Berg disqualified himself per 28 U.S.C. § 455. **ECF No. 86.** Once the case was reassigned, Corizon and Papendick filed a motion asking this Court to "reevaluate[]" and "reassess[]" Judge Berg's orders denying Defendants' Motion to Dismiss and their Motion for Summary Judgment. This Court denied that motion, holding, in part,

> [t]he risk of injustice to Defendants is nonexistent because even if the undersigned vacated the prior orders and reconsidered Defendant Papendick's and Corizon Health's Motion to Dismiss and Motion for Summary Judgment, the undersigned would come to the same conclusions as Judge Berg.

**ECF No. 106, PageID.4374.**

Meanwhile, Magistrate Judge Morris granted, in part, Plaintiff's motion to Substitute. She held that it was not necessary for her to conduct a hearing prior to granting the Motion, since "there are no genuine disputes of material fact for the court to resolve." **ECF No. 89, PageID.3658.** Magistrate Judge Morris ruled, "[c]onsidering the totality of the circumstances here, I find that CHS TX is a mere continuation of pre-division Corizon." **ECF No. 89, PageID.3684.**

CHS TX objected to Magistrate Judge Morris' Order, arguing, in part, that it was not a "mere continuation" of pre-division Corizon under Michigan law. **ECF No. 92, PageID.3769-3770.** This Court overruled the objection, noting that, "there is undisputed evidence demonstrating that CHS TX is, in fact, a "mere continuation" of Corizon[,]" **(ECF No. 114, PageID.4407)**, and stating unequivocally, "the Court finds that CHS TX is a "mere continuation" of Corizon." **ECF No. 114, PageID.4404.**

## LAW AND ANALYSIS

**I. THE COURT'S PRIOR DECISIONS THAT CHS TX IS A MERE CONTINUATION OF CORIZON HEALTH AND THAT A COLOSTOMY IS A SERIOUS MEDICAL NEED ARE THE LAW OF THE CASE**

To establish a claim for deliberate indifference to a serious medical need under the Eighth Amendment, "a prisoner must show (1) a serious medical need, and (2)

deliberate indifference to that need on the part of a defendant." *Jackson v. Corizon Health, Inc.,* 596 F. Supp. 3d 834, 838 (E.D. Mich. 2022). To establish successor liability, a plaintiff must show at least one of the following: "(1) express or implied assumption of liability; (2) de facto consolidation or merger; (3) fraud; (4) transfer lacking good faith or consideration; [or] (5) mere continuation or reincarnation of the old corporation." *Dabrowski v. Tubular Metal Sys., LLC*, 722 F. Supp. 3d 766, 770 (E.D. Mich. 2024). The Court has already found that a colostomy is a serious medical need and that CHS TX is a mere continuation of Corizon Health. Applying the law of this case, this Court should issue a ruling that Plaintiff has established the first element of his Eighth Amendment claim, and that he has established successor liability as to CHS TX. Such a ruling would streamline the trial proceedings considerably.

"The doctrine known as "law of the case" encapsulates a simple idea: courts generally decline to redecide issues that they have already decided." *Samons v. Nat'l Mines Corp.,* 25 F.4th 455, 463 (6th Cir. 2022). The doctrine "promotes judicial efficiency by prohibiting parties from indefinitely relitigating the same issue that a court resolved in an earlier part of the case." *Id.* The fact that a case has been reassigned has no effect on the applicability of the law-of-the-case doctrine to the decisions of the previously-presiding judge. *See Ilnytskyy v. Equipnet, Inc.*, 2023 U.S. Dist. LEXIS 133164 at *41 (E.D. Mich. Aug. 1, 2023) (Drain, J.) (applying

law-of-the-case doctrine to Judge Borman's decisions issued prior to reassignment); *United States v. Real Prop. In Section 9, Town 29 N., Range 1 W., Twp. of Charlton, Otsego Cnty., Mich.,* 308 F. Supp. 2d 791, 812 (E.D. Mich. 2004) (applying law-of-the-case doctrine to decisions of predecessor judges). Where the court rules that the plaintiff has satisfied one or more of the elements of his claim in an order denying a defendant's motion for summary judgment, it is appropriate to apply the law-of-the-case doctrine to preclude the defendant from relitigating that element at trial. *See Seals v. Wayne Cnty. Emps.' Ret. Sys.,* 2023 U.S. Dist. LEXIS 166471 at *9-*12 (E.D. Mich. Sept. 19, 2023), aff'd, *Seals v. Wayne Cnty.,* 2025 U.S. App. LEXIS 4624 at *8-*9 (6th Cir. Feb. 25, 2025).

*Seals v. Wayne Cnty. Emps.' Ret. Sys.,* 2023 U.S. Dist. LEXIS 166471, is instructive. The plaintiff in *Seals* brought a First Amendment retaliation claim against the Wayne County Employee's Retirement System. *Id.* at *2. That type of § 1983 claim has three elements:

> (1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two -- that is, the adverse action was motivated at least in part by the plaintiff's protected conduct.

*Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999). The *Seals* plaintiff alleged that he had publicly criticized the formula by which the Wayne County Employees' Retirement System calculated pension benefits for retirees, and that in retaliation for

Page **13** of **16**

this speech, the system suspended his pension. *See Seals v. Wayne Cnty.,* 640 F. Supp. 3d 769, 778 (E.D. Mich. 2022). The System moved for summary judgment, arguing, in part, that 1) *Seals* speech was not protected under the First Amendment, and 2) that its suspension of the plaintiff's pension benefits did not constitute an adverse action that would deter a person of ordinary firmness from continuing to engage in the conduct at issue. *See Seals*, 640 F. Supp. 3d at 778-779.

In its order denying the motion, the court held that the plaintiff's criticism of the retiree benefits calculation was constitutionally-protected speech, and "found unequivocally that a reduction in monthly income of $5,415.00 due to an exercise of protected conduct would be enough to silence an ordinary employee[.]" *Id.* at 779. At the motion-in-limine stage, the court then applied the law-of-the-case doctrine to preclude the defendant from relitigating the first and second elements of the plaintiff's claim in front of the jury. *Seals v. Wayne Cnty. Emps.' Ret. Sys.,* 2023 U.S. Dist. LEXIS 166471 at *12 (E.D. Mich. Sept. 19, 2023). The Sixth Circuit affirmed "the court's grant of a motion in limine to bar the System from asserting at trial that Seals had not established the first two elements of his First Amendment claim." *Seals v. Wayne Cnty.,* 2025 U.S. App. LEXIS 6424 at *8-*9 (6th Cir. Feb. 25, 2025).

The same result is warranted here. Magistrate Judge Morris has held that a colostomy constitutes a serious medical need **(ECF No. 69, PageID.2787)** and that

CHS TX is a mere continuation of Corizon. **ECF No. 89, PageID.3684.** The Court overruled Defendants' objections to both of these findings. **ECF No. 73, PageID.2982-2983; ECF No. 114, PageID.4401-4404.** Each finding thus constitutes the law of this case. The issues that should be addressed at trial should thus be limited to 1) whether Dr. Papendick acted with deliberate indifference when he blocked Dr. Alsalman's referral for a general surgery consult for colostomy reversal, 2) whether Corizon is liable for Dr. Papendick's conduct under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978), and 3) the amount of Plaintiff's damages.

## CONCLUSION

WHEREFORE, for all of the reasons set forth above, Plaintiff respectfully requests that this Honorable Court GRANT his Motion in Limine Regarding the Law of the Case and issue a ruling that the law of the case precludes Defendants from presenting evidence or arguing at trial that CHS TX, Inc. is not a mere continuation of Corizon Health, Inc., or that a colostomy is not a serious medical need for Eighth Amendment purposes.

Respectfully submitted,

/s/ *Jonathan R. Marko*
Jonathan R. Marko (P72450)
**MARKO LAW, PLLC**
220 W. Congress, 4th Floor
Detroit, MI 48226

(313) 777-7529 / Fax: (313) 777-5785
Email: jon@markolaw.com

Date: July 30, 2025

**PROOF OF SERVICE**

The undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each attorney of record on **July 30, 2025**, via:

☐ U.S. Mail            ☐ Fax
☐ Hand Delivered       ☐ Overnight Carrier
☐ Certified Mail       ☐ Other:
☐ ECF System           ☐ Email

/s/ _____

Page **16** of **16**