**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

KOHCHISE JACKSON,

        Plaintiff,

-vs-

CHS TX, INC., *et al.,*

        Defendants.

Case No. 19-cv-13382

Hon. Gershwin A. Drain

| | |
|---|---|
| LAWRENCE H. MARGOLIS (P69635) | THOMAS G. HACKNEY (P81283) |
| IAN T. CROSS (P83367) | **HACKNEY ODLUM & DARDAS** |
| **MARGOLIS, GALLAGHER & CROSS** | Attorney for Keith Papendick, M.D. |
| Attorneys for Plaintiff | 10850 E. Traverse Hwy., Ste. 4440 |
| 214 S. Main St., Ste. 200 | Traverse City, MI 49684 |
| Ann Arbor, MI 48104 | (231) 642-5057 |
| (734) 994-9590 | thackney@hodlawyers.com |
| larry@lawinannarbor.com | |
| ian@lawinannarbor.com | ADAM MASIN |
| | SUNNY REHSI (P80611) |
| JONATHAN R. MARKO (P72450) | **BOWMAN AND BROOKE LLP** |
| MICHAEL L. JONES (P85223) | Attorney for CHS TX, Inc. |
| **MARKO LAW, PLLC** | 101 W. Big Beaver Rd., Ste. 1100 |
| Co-counsel for Plaintiff | Troy, MI 48084 |
| 220 W. Congress, 4th Floor | (248) 205-3300 |
| Detroit, Michigan 48226 | Adam.masin@bowmanandbrooke.com |
| P: (313) 777-7777 / F: (313) 470-2011 | Sunny.rehsi@bowmanandbrooke.com |
| jon@markolaw.com | |
| michael@markolaw.com | |

## <u>PLAINTIFF'S MOTION TO COMPEL COMPLIANCE WITH TRIAL SUBPOENAS</u>

NOW COMES Plaintiff, **KOHCHISE JACKSON**, by and through his attorneys, **MARKO LAW, PLLC**, and for his Motion to Compel Compliance with Trial Subpoenas, states as follows:

1

1.      Trial is rapidly approaching in this matter. To secure the live testimony of five critical witnesses—Dr. Bomber, Mason Gill, Isaac Lefkowitz, Dr. Papendick, and Dr. Schmidt—Plaintiffs issued trial subpoenas on July 8 and July 25, 2025.

2.      Each witness was disclosed by Defendants in their initial disclosures and witness list as affiliated with Defendants and to be contacted through defense counsel. Relying on these representations, Plaintiffs properly served subpoenas through counsel.

3.      Defendants now refuse to accept service, asserting—without evidentiary support—that the witnesses are no longer affiliated, that personal service is required, and that plaintiff's trial subpoenas are untimely.

4.      Federal courts routinely enforce subpoenas in precisely these circumstances—permitting service on defense counsel where the witnesses are affiliated with the defendant, particularly where counsel has directed all contact through them. *See Novovic v. Greyhound Lines, Inc.*, No. 2:09-CV-00753, 2012 WL 252124 (S.D. Ohio 2012); *EEOC v. Ferrellgas, L.P.,* 97 F.4th 338 (6th Cir. 2024).

5.      Additionally, courts apply a reasonableness standard rather than a rigid personal service rule, and routinely overlook technical defects in the absence of prejudice. *United States v. Brown*, 223 F. Supp. 3d 697 (N.D. Ohio 2016); *Dyno Nobel, Inc v. Johnson*, 586 F.Supp. 3d 657 (E.D. Ky. 2022).

6.     Even accepting Defendants' own unsupported characterization of these witnesses as non-employees, Defendants lack standing to challenge the subpoenas at all, and their objections are procedurally improper under Fed. R. Civ. P. 45(d)(3), which requires a timely motion to quash. *Novovic*, 2012 WL 252124 at *8.

7.     Absent a timely objection or a motion to quash filed and granted by this Court, compliance with a Rule 45 trial subpoena is mandatory, and failure to do so subjects the recipient to contempt sanctions under Rule 45(g).

8.     Moreover, under Fed. R. Civ. P. 26, Defendants had a continuing duty to timely supplement their disclosures if any witness affiliations changed. Their failure to do so—while simultaneously obstructing service—is sanctionable 37(c)(1).

9.     Per Local Rule 7.1, Plaintiff requested concurrence prior to filing the instant motion via email. As of the filing of this motion, concurrence had not yet been provided.

WHEREFORE, for the reasons more fully set forth in the attached Brief, Plaintiff respectfully requests this Honorable Court grant Plaintiff's Motion to Compel Compliance with Trial Subpoenas, and award any such additional relief as it deems just and appropriate, including sanctions available under Rule 45 and/or Rule 37.

Respectfully submitted,


*/s/ Jonathan R. Marko*
Jonathan R. Marko (P72450)
Attorney for Plaintiff
**MARKO LAW, PLLC**
220 W. Congress, 4th Floor
Detroit, MI 48226
P: (313) 777-7777 / F: (313) 470-2011
Date: July 30, 2025                Email: jon@markolaw.com

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

KOHCHISE JACKSON,

        Plaintiff,

-vs-

CHS TX, INC., *et al.,*

        Defendants.

Case No. 19-cv-13382
Hon. Gershwin A. Drain

---

LAWRENCE H. MARGOLIS (P69635)
IAN T. CROSS (P83367)
**MARGOLIS, GALLAGHER & CROSS**
Attorneys for Plaintiff
214 S. Main St., Ste. 200
Ann Arbor, MI 48104
(734) 994-9590
larry@lawinannarbor.com
ian@lawinannarbor.com

JONATHAN R. MARKO (P72450)
MICHAEL L. JONES (P85223)
**MARKO LAW, PLLC**
Co-counsel for Plaintiff
220 W. Congress, 4th Floor
Detroit, Michigan 48226
P: (313) 777-7777 / F: (313) 470-2011
jon@markolaw.com
michael@markolaw.com

THOMAS G. HACKNEY (P81283)
**HACKNEY ODLUM & DARDAS**
Attorney for Keith Papendick, M.D.
10850 E. Traverse Hwy., Ste. 4440
Traverse City, MI 49684
(231) 642-5057
thackney@hodlawyers.com

ADAM MASIN
SUNNY REHSI (P80611)
**BOWMAN AND BROOKE LLP**
Attorney for CHS TX, Inc.
101 W. Big Beaver Rd., Ste. 1100
Troy, MI 48084
(248) 205-3300
Adam.masin@bowmanandbrooke.com
Sunny.rehsi@bowmanandbrooke.com

---

## BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL COMPLIANCE WITH TRIAL SUBPOENAS

## <u>TABLE OF CONTENTS</u>

Index of Authorities ................................................................ ii

Concise Statement of Issue Presented ................................. v

Controlling or Most Appropriate Authority........................... vi

Introduction/Facts ................................................................ 1

Argument.............................................................................. 6

    I.    Defendants' Gamesmanship in Evading Trial Subpoenas
          Through Misrepresentation and Noncompliance Requires
          This Court's Intervention ................................................ 6

        A.    Counsel's Blanket Timeliness Objection Fails Because
              the Subpoenas Provided Reasonable Time to Comply
              Under Rule 45(d)(3)(A)(i)........................................... 10

        B.    Counsel's Refusal to Accept Service Based on Witness
              Employment Status is Legally Meritless, Impermissible,
              and Their Failure to Disclose or Supplement Their Contact
              Information is Prejudicial, Sanctionable, and Necessitates
              Enforcement of the Subpoenas ................................... 12

        C.    Defendants Cannot and Have Failed to Establish That
              Any Witness Falls Outside Rule 45's Geographic Reach,
              and the Subpoenas Remain Enforceable Regardless Under
              Reasonable Alternative or Sanctions ......................... 19

Conclusion ........................................................................ 22

MARKOLAW.COM

220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226

P: (313) 777-7LAW
F: (313) 470-2011

MARKO LAW

# <u>INDEX OF AUTHORITIES</u>

## <u>Cases</u>

*Doe v. Hersemann*,
155 F.R.D. 630 (N.D. Ind. 1994) .......................................................................... 15

*Donahoo v. Ohio Dep't of Youth Servs.*,
211 F.R.D. 303 (N.D. Ohio 2002) ................................................................... 11, 16

*Dyno Nobel, Inc v. Johnson*,
586 F.Supp. 3d 657 (E.D. Ky. 2022) ................................................................... 15

*EEOC v. Ferrellgas, L.P.*,
97 F.4th 338 (6th Cir. 2024) ................................................................................ 14

*Emanuel v. Cty. of Wayne*,
652 Fed.Appx. 417 (6th Cir. 2016) ...................................................................... 17

*Glob. Force Ent., Inc. v. Anthem Wrestling Exhibitions, LLC*,
468 F. Supp. 3d 969 (M.D. Tenn. 2020)............................................................... 17

*Halawani v. Wolfenbarger*,
No. 07-15483, 2008 U.S. Dist. LEXIS 100482 (E.D. Mich. 2008) .................. 7, 15

*In re Riser*,
338 F.R.D. 380 (S.D. Ohio 2021) ........................................................................ 11

*In re: Mod. Plastics Corp.*,
890 F.3d 244 (6th Cir. 2018) ............................................................................... 11

*Intercept Sec. Corp. v. Code-Alarm, Inc.*,
169 F.R.D. 318 (E.D. Mich. 1996) ...................................................................... 18

*J.B. Hunt Transport, Inc. v. Adams*,
No. 04–CV–70347–DT, 2007 WL 789042 (E.D. Mich. 2007)............................ 16

*Mich. State A. Philip Randolph Inst. v. Johnson*,
No. 16-cv-11844, 2018 U.S. Dist. LEXIS 87623 (E.D. Mich. 2018) .................. 20

ii

*Novovic v. Greyhound Lines, Inc.*,
No. 2:09-CV-00753, 2012 WL 252124 (S.D. Ohio 2012)............................ *passim*

*Roberts v. Galen of Va., Inc.*,
325 F.3d 776 (6th Cir. 2003) ................................................................. 18

*Schnatter v. 247 Grp., LLC*,
343 F.R.D. 325 (W.D. Ky. 2022) ........................................................ 7, 8

*United States v. Brown*,
223 F. Supp. 3d 697 (N.D. Ohio 2016) ................................................. 11

*United States v. Peterson*,
No. 09-10333, 2010 U.S. Dist. LEXIS 75331 (E.D. Mich. 2010) ...................... 18

*United States v. Tennessee Walking Horse Breeders' & Exhibitors' Ass'n*,
727 F. App'x 119 (6th Cir. 2018)............................................................ 7

*Walsh v. Express Auto & Tire LLC*,
No. 1:22-mc-11, 2022 U.S. Dist. LEXIS 71981 (N.D. Ohio 2022) .................... 9

*Youn v. Track, Ins.*,
324 F.3d 409 (6th Cir. 2003) ................................................................. 9

*ZMCC Props. LLC v. Primeone Ins. Co.*,
No. 19-12428, 2021 U.S. Dist. LEXIS 74251 (E.D. Mich. 2021) ...................... 9

## **Federal Rules**

Fed. R. Civ. P. 26 ................................................................. *passim*

Fed. R. Civ. P. 26(a)........................................................... 1, 17

Fed. R. Civ. P. 26(e) ................................................................ 17

Fed. R. Civ. P. 37 .......................................................1, 17, 18, 22

Fed. R. Civ. P. 37(c)................................................................ 17

Fed. R. Civ. P. 45 ................................................................. *passim*

Fed. R. Civ. P. 45(a) ............................................................................... 7, 10

Fed. R. Civ. P. 45(c) ..................................................................... 5, 19, 20, 21

Fed. R. Civ. P. 45(d) ....................................................................... 8, 10, 12

Fed. R. Civ. P. 45(g) ......................................................................... 8, 9, 10

## <u>CONCISE STATEMENT OF ISSUE PRESENTED</u>

I.      Whether this Court should enforce Plaintiff's trial subpoenas and impose sanctions where Defendants–having designated key witnesses, provided counsel as the contact point, and failed to supplement that disclosure— now obstruct Plaintiff's attempts to secure material witnesses' presence at trial through unsupported objections, misrepresentations, and discovery violations?

**Plaintiff states:**          **Yes.**

**This Court should state:**    **Yes.**

v

## **CONTROLLING OR MOST APPROPRIATE AUTHORITY**

Fed. R. Civ. P. 45

Fed. R. Civ. P. 26 and 37

*Novovic v. Greyhound Lines, Inc.*, No. 2:09-CV-00753, 2012 WL 252124 (S.D. Ohio 2012)

*EEOC v. Ferrellgas, L.P.*, 97 F.4th 338 (6th Cir. 2024)

## <u>INTRODUCTION/FACTS</u>

As this Court is well-aware, Trial in this matter is fast approaching. To secure the presence of critical witnesses, Plaintiff issued trial subpoenas on July 8, 2025, and July 25, 2025. **Exhibit 1**. Rather than cooperate, Defendants have obstructed compliance at every turn—refusing to accept service, improperly raising meritless objections, and attempting to exploit their own discovery violations to avoid producing witnesses they previously identified as affiliated. As set forth below, these tactics not only lack legal merit, they frustrate the orderly administration of justice and warrant enforcement of the subpoenas under Rule 45, sanctions under Rule 37, or both.

In Defendants Corizon Health, Inc. ("Corizon") and Keith Papendick ("Papendick") M.D.'s Preliminary Witness List filed on October 15, 2020, included witnesses Mason Gill (Corizon), Jeffery Bomber, D.O., and Patricia A. Schmidt, D.O., and including only "c/o counsel for the Corizon Defendants" as the listed contact information. **ECF No. 31, PageID.674-677.**

In addition, in their Supplemental Rule 26(a)(1)(A) Initial Disclosures served on June 30, 2025, Defendant CHS TX, Inc. identified "Various Representatives of Defendant CHS TX" as witnesses likely to have discoverable information regarding its provision of medical care to MDOC prisoners. No names were provided, but CHS TX's counsel stated that:

1

**<u>Various Representatives of Defendant CHS TX</u>**

Subjects of information: Information related to CHS TX's provision of medical care to MDOC prisoners, including but not limited to issues related to policies, practices, and procedures. Upon identification of specific subjects of interest and corresponding time frames, counsel can identify the appropriate individuals with knowledge.

Contact information: c/o Bowman and Brooke LLP

**Exhibit 2, Def. CHS TX's Supp. Initial Disclosures at 4-5.**

Moreover, Dr. Jeffery Bomber confirmed in his sworn deposition that he held multiple leadership roles at Corizon during the relevant time period and continues to serve as a contract medical supervisor for Corizon Health:

Q. Okay. Can you give me a run down of your employment history since 2009.

**A.    . . . Subsequent to that I became the northern regional medical director for PHS, which is now Corizon Health.**

Q. Okay. How long did you do that?

**A.    I was northern regional medical director for six years.**

\* \* \*

Q. What did you do after you were the northern regional medical director?

**A.    After I was the northern regional medical director I became the state medical director for Corizon Health.**

\* \* \*

Q. And you are no longer the state medical director?

**A.    I am not. I concluded that in August of 2019.**

2

> Q.     So what have you done for a living between August 2019 and the present?
>
> A.     **I am a staff physician at Schoolcraft Memorial Hospital in Manistique, Michigan, and I'm the medical director for the Naubinway Rural Health clinic, and ==I also consult with Corizon Health. I'm a contract employee, still, for Corizon Health==.**
>
> * * *
>
> Q.     I see. And what are your duties now as a contractor for Corizon Health.
>
> A.     **As a contract employee I help supervise the providers at seven sites in the northern region.**

Bomber Dep. at 8:11–10:3 (**ECF No. 60-5, PageID.1386-1387**).

Similarly, as recently as May 2023, and again in June 2023, Isaac Lefkowitz testified under oath during his deposition in unrelated matters that he was still the sole director at Tehum Care Services and CHS TX, Inc.:

> Q.     Okay. So what I'm asking is how you would communicate with the borrowers which include Tehum Care Services, Inc?
>
> A.     **I am the sole director of Tehum.**

**Exhibit 3, 5/12/23 Lefkowitz Dep. at 54:6–9.**

> Q.     CHS TX -- it's still in existence after the divisional merger?
>
> A.     **Right. CHS Texas and Corizon were merged. Then they divided. CHS Texas went left, and the Debtor right, or vice-versa.**
>
> Q.     What does CHF Texas, Inc. does *[sic]* today?
>
> A.     **The same -- the same type of business -- correctional healthcare.**

3

Q.     And does CHS Texas has operations?

**A.     Yes.**

Q.     Are you a director in CHS Texas?

**A.     Yes.**

**Exhibit 4, 6/13/23 Lefkowitz Dep. at 21:2–14.**

Pursuant to this Court's orders and procedures, the parties participated in a meet-and-confer to finalize the Joint Final Pretrial Order on July 25, 2025. During this meeting, defense counsel Adam Masin refused to accept service of trial subpoenas for several witnesses identified in Defendants' own disclosures and witness list, citing that the trial subpoenas are untimely as they were not issued more than 30 days before trial, the witnesses are beyond the geographic scope limitations under Rule 45, and/or the witnesses are no longer employees of Defendant. A subsequent email sent by opposing counsel substantiates this refusal to accept service:

> As I explained at our in person meet and confer on Friday when you attempted to hand us these documents, and to Mr. Cross outside the building afterwards:
>
> 1. We REJECT your attempt to serve us with a subpoena for Mr. Lefkowitz[1], which we do not have authority to accept, and which is

---

[1] Counsel's assertion that Mr. Lefkowitz holds no corporate role insisting—with striking confidence—that this Court will never be able to compel him to testify–is both flatly contradicted by his sworn deposition testimony but reflects a broad posture of indifference to judicial authority, premised on the belief that Lefkowitz

MARKOLAW.COM

220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226

P: (313) 777-7LAW
F: 1(313) 470-2011

MARKO LAW

untimely. We note the following: (a) Mr. Lefkowitz holds no position with CHS TX, Inc. or Tehum Care Services, Inc. (fka Corizon Health, Inc.) (2) he resides outside the Court's subpoena power under Rule 45(c), and (3) he did not have any role whatsoever relating to Corizon Health, Inc. prior to or during Plaintiff's incarceration.

2. We REJECT your attempt to serve us with a subpoena for Mr. Gill, which we do not have authority to accept. Mr. Gill is not a current employee of CHS TX, Inc. or Corizon. We have no control over Mr. Gill. We cannot represent whether he currently resides within the Court's subpoena power.

3. Although your subpoenas of Dr. Papendick and Dr. Schmidt are untimely, we will accept service of those subpoenas because Dr. Papendick is our client, and the individuals are on our witness list and will be attending trial.

To be clear for the second time, and contrary to your email cover letter, you have NOT served Mr. Lefkowitz or Mr. Gill by sending us these documents and cannot require the Defendants to produce them at trial. We also note a subpoena under Rule 45 is not properly served by email. Please confirm your understanding that you have not served Mr. Lefkowitz or Mr. Gill by sending us these documents. If you force us to file a motion, or otherwise persist in your pursuit of Mr. Lefkowitz or Mr. Gill's attendance at trial through us, we will move for sanctions. We do not intend to waive any rights Mr. Lefkowitz or Mr. Gill may have if you successfully serve them.

**Exhibit 6, Email re Trial Subpoenas.**

---

operates above it. In a January 2024 letter to the U.S. Trustee, Senator Elizabeth Warren identified Lefkowitz as the architect of the "Texas Two-Step" maneuver to shield liabilities, questioned whether Tehum "is a legal fiction created to perpetrate an obvious fraud," and called for an investigation "to ascertain the role of Isaac Lefkowitz in the ownership of Tehum and YesCare." **Exhibit 5 at 2, 5, 9.** The concern is not just misrepresentation—it is calculated manipulation. Lefkowitz invokes or discards his affiliations based on what shields him from accountability. That counsel would treat his claim as dispositive, without the need to file the required motion to quash, only underscores the disregard for this Court's authority.

MARKOLAW.COM

220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226

P: (313) 777-7LAW
F: (313) 470-2011

MARKO LAW

Defense counsel's blanket refusal to accept service—despite repeatedly identifying these individuals as trial witnesses and listing their contact information "c/o counsel"—is both procedurally improper and prejudicial. Defendants never supplemented their Rule 26 disclosures or witness list to indicate that these individuals were no longer under their control, that they no longer worked for Defendants, or that counsel could no longer facilitate communication or service. Plaintiff justifiably relied on the Defendants' disclosures and deposition testimony in preparing for trial and issuing subpoenas, only to be met with shifting assertions and obstructive refusal mere weeks before trial. The timing and substance of Defendants' refusals demonstrate a disregard for their continuing disclosure obligations and for the Court's authority to ensure an orderly trial. Plaintiff respectfully requests that the Court compel compliance with the trial subpoenas pursuant to Rule 45 and its inherent powers.

## **ARGUMENT**

## I.   **DEFENDANTS' GAMESMANSHIP IN EVADING TRIAL SUBPOENAS THROUGH MISREPRESENTATION AND NONCOMPLIANCE REQUIRES THIS COURT'S INTERVENTION.**

Defendants assert they may unilaterally disregard the trial subpoenas issued by Plaintiff—without filing a motion to quash—based on three purported objections: (1) that the subpoenas were untimely; (2) that service was improper because certain witnesses are no longer employees and thus not subject to service through defense

6

counsel; and (3) that some witnesses fall outside the geographic reach of the Court's subpoena power. These last-minute objections, raised orally during the parties' meet and confer on the Joint Final Pretrial Order, are both procedurally improper and factually unsound. They are also directly contradicted by Defendants' own prior representations—through Rule 26 disclosures, their witness list, and deposition testimony—that these witnesses were under Defendants' control and were to be contacted through defense counsel.

The Federal Rules and controlling Sixth Circuit precedent recognize a litigant's power to compel witness testimony at trial. *See* Fed. R. Civ. P. 45(a)(1)(A)(iii); *Schnatter v. 247 Grp., LLC*, 343 F.R.D. 325, 330 (W.D. Ky. 2022) ("Rule 45 of the Federal Rules of Civil Procedure allows parties, inter alia, to command a nonparty to appear at a certain time and place to testify or produce documents."). As the Sixth Circuit has emphasized:

> A subpoena issued under Fed. R. Civ. P. 45 is a mandate lawfully issued in the name of the court [or] by attorneys, and [i]ts function is to compel the attendance of witnesses and the production of documents so that the court may have access to all of the available information for the determination of controversies before it. . . . Thus, the district court has a relatively active role in subpoenas issued pursuant to Rule 45.

*United States v. Tennessee Walking Horse Breeders' & Exhibitors' Ass'n*, 727 F. App'x 119, 123 (6th Cir. 2018) (internal citation and quotation marks omitted).

Neither Defendants nor their counsel may unilaterally refuse to comply with a facially valid subpoena. The proper course under Rule 45 is to move to quash or

modify the subpoena. This Court has squarely rejected the notion that one may simply ignore service based on an alleged defect. In *Halawani v. Wolfenbarger*, No. 07-15483, 2008 U.S. Dist. LEXIS 100482, at *17-18 (E.D. Mich. 2008), the Court stated:

> This defect does not excuse the MDOC's defiance of the subpoena. ("Because respondents knew of the subpoena, the EEOC's manner of service, even if technically defective, constitutes substantial compliance."). A witness may not disregard a subpoena he has not challenged by a motion to quash, but may refuse to comply with a subpoena until his motion to quash has been ruled upon. Although a subpoena is in a sense the command of the attorney who completes the form, defiance of a subpoena is nonetheless an act in defiance of a court order and exposes the defiant witness to contempt sanctions. *Id.* (citations omitted).

Rule 45(d)(3) makes clear that the burden to justify noncompliance lies with the objecting party. They must file a timely motion in the court where compliance is required and demonstrate that the subpoena fails to allow reasonable time, exceeds geographic limits, implicates privilege, or imposes an undue burden. *See* Fed. R. Civ. P. 45(d)(3)(A). As the Court in *Schnatter* explained:

> "The party seeking to quash a subpoena bears the ultimate burden of proof." Whether a subpoena imposes an "undue burden" depends on the facts of the case including the need for the documents or their relevance. In making this determination, the court must weigh the relevance of the requested material against the burden of producing the material. Non-party status is a significant factor to be weighed in the undue analysis burden. *Schnatter*, 343 F.R.D. at 330 (citations omitted).

Where a subpoenaed party fails to comply and does not move to quash, the remedy is clear. Rule 45(g) authorizes courts to impose contempt sanctions: "[t]he

8

court for the district where compliance is required. . . may hold in contempt a person, who having been served, fails without adequate excuse to obey the subpoena or an order related to it." This includes attorney fees and compensatory sanctions. As this Court held in *ZMCC Props. LLC v. Primeone Ins. Co.*, No. 19-12428, 2021 U.S. Dist. LEXIS 74251, at *2-3 (E.D. Mich. 2021):

> Under Rule 45(g), the court can impose attorney fees as a sanction "for one who fails entirely to obey a subpoena." ("There is no doubt . . . that there is judicial power to punish the failure to comply with a valid subpoena as a contempt of court.") ("Courts have often found a person in contempt for refusing to comply with a validly issued subpoena without objecting to it or making a motion to quash."). Non-Parties had the opportunity to explain why they failed to comply with Defendant's subpoena, but they failed to respond to either Defendant's motion to compel or Defendant's bill of costs. Pursuant to Rule 45(g), Non-Parties have not provided an "adequate excuse" for not complying with the subpoena, and the court finds that an award of attorney fees and costs in favor of Defendant is warranted. *Id.* (internal citations omitted).

Further, this Court also maintains the "inherent power to sanction a party when that party exhibits bad faith, including the party's refusal to comply with the court's orders." *Walsh v. Express Auto & Tire LLC*, No. 1:22-mc-11, 2022 U.S. Dist. LEXIS 71981, at *10 (N.D. Ohio 2022) (quoting *Youn v. Track, Ins.*, 324 F.3d 409, 420 (6th Cir. 2003)).

Here, Defendants' counsel did not file a motion to quash or modify any of the trial subpoenas. Instead, he refused service altogether—during a meet-and-confer no less—offering only oral objections later memorialized in a follow-up email. That procedural maneuvering is squarely at odds with the letter and spirit of Rule 45,

deprives the Court of its adjudicative role, and improperly shifts the burden to Plaintiff. Such conduct should not be condoned.

Moreover, counsel's stated objections were neither timely nor legally sufficient. Notably, he did not contest that the subpoenas were facially valid under Rule 45(a)(1)–(4). Instead, he relied on the following three meritless, informal excuses to justify his refusal: (1) that the subpoenas were "too close to trial" and did not provide reasonable time to comply; (2) that service on Dr. Bomber, Mr. Gill, and Mr. Lefkowitz was improper because they are no longer employed by Defendants and therefore outside counsel's authority; and (3) that Dr. Bomber and Mr. Lefkowitz are outside the 100-mile geographic reach of the Court.

Each of these objections fails both legally and factually. As shown in the following subsections, they are directly contradicted by Defendants' own prior disclosures and deposition testimony, and none justify Defendants' decision to ignore the subpoenas outright. The Court should compel compliance and consider sanctions under Rule 45(g) and its inherent authority.

### A. Counsel's Blanket Timeliness Objection Fails Because the Subpoenas Provided Reasonable Time to Comply Under Rule 45(d)(3)(A)(i).

Defendants broadly objected to *all* of Plaintiff's trial subpoenas as untimely, claiming that service less than 30 days before trial renders them categorically unenforceable. But Rule 45 sets no such bright-line rule. Instead, Rule 45(d)(3)(A)(i) permits a subpoena to be quashed or modified *only* "on timely motion," and *only*

10

where the subpoena "fails to allow a reasonable time to comply." Defendants filed no such motion here. Their blanket refusal—unsupported by law or procedure—cannot substitute for the required judicial process.

Moreover, courts within the Sixth Circuit consistently reject rigid timeliness rules in favor of a **fact-specific, flexible inquiry** into whether the time provided was *reasonably sufficient* under the circumstances. *See In re Riser,* 338 F.R.D. 380, 382–83 (S.D. Ohio 2021) (reasonableness "depends on the facts of each case"); *In re: Mod. Plastics Corp.*, 890 F.3d 244, 250–51 (6th Cir. 2018) (same). While the required time may vary based on the scope or burden of compliance, courts in this Circuit have routinely found that **14 days** is generally presumed sufficient. *See Donahoo v. Ohio Dep't of Youth Servs.*, 211 F.R.D. 303, 306 (N.D. Ohio 2002); *United States v. Brown*, 223 F. Supp. 3d 697, 703 (N.D. Ohio 2016).

Notably, courts have enforced subpoenas with even less lead time. In *Riser*, the court found eight days' notice sufficient. *Riser*, 338 F.R.D. at 383. In *Novovic v. Greyhound Lines, Inc.*, No. 2:09-CV-00753, 2012 WL 252124, at *8 (S.D. Ohio 2012), the court upheld a 24-hour notice period: "Plaintiffs are to give Defendants 24-hour notice of the date each witness will be required to appear."

Here, Plaintiff's trial subpoenas provided at least 21 days' notice to each witness regarding their appearance at trial—a period nearly double the standard 14-day benchmark. The subpoenas sought only live testimony—not documents or any

burdensome or technical compliance—and posed no undue burden whatsoever. It is Defendants' burden to show that this time frame was somehow so unreasonable as to justify the extreme remedy of quashing. They have not even attempted to do so.

Absent any supporting evidence or motion to quash, Defendants cannot meet their burden under Rule 45(d)(3). Their manufactured "30-day" rule has no basis in law, and their refusal to comply—based purely on delay tactics—is precisely the kind of obstruction Rule 45 was designed to prevent. The subpoenas were timely, reasonable, and enforceable.

**B.  Counsel's Refusal to Accept Service Based on Witness Employment Status is Legally Meritless, Impermissible, and Their Failure to Disclose or Supplement Their Contact Information is Prejudicial, Sanctionable, and Necessitates Enforcement of the Subpoenas.**

Second, Defense counsel refused to accept Plaintiff's subpoenas for Dr. Bomber, Mr. Gill, and Mr. Lefkowitz, asserting that personal service is required and cannot be accomplished because these individuals are no longer employees—thereby (in counsel's view) eliminating his authority to accept. That objection collapses under the law and the record. Courts within this Circuit recognize that service upon a defendant-employer's attorney for current employees satisfies Rule 45, and even where employment status is disputed, technical defects do not excuse noncompliance where the witness had actual notice and no prejudice. Defendants also lack standing to challenge subpoenas to non-parties. Most importantly, Defendants' own witness list, Rule 26 disclosures, and sworn testimony

12

affirmatively represented that these witnesses were affiliated with Defendants and to be contacted through defense counsel; Defendants never supplemented, and they cannot weaponize that failure at the eleventh hour to obstruct live testimony.

The point is underscored by *Novovic*, 2012 WL 252124 at *7, which confronted this scenario head-on:

> Plaintiffs move for an Order from the Court compelling Greyhound to produce witnesses Carol Fisher, Ken Miller, Frank Ashby, and Gary Post for trial testimony, or alternatively, an order compelling the witnesses to appear and testify via simulcast from courthouses near their places of residence. Plaintiffs' counsel has served subpoenas ad testificandum for Mr. Post and Mr. Ashby on Greyhound at its Cleveland, OH office for their appearances at U.S. district court. . . . Mr. Ashby and Mr. Post are current employees of Greyhound. . . . Federal Rule of Civil Procedure 45 provides the rules and mechanisms for securing a nonparty's testimony or production of documents, and requires that the individual be effectively served with a subpoena.

The court then held that service through the employer sufficed for current employees and, notably, that managing-agent testimony does not even require a subpoena:

> With respect to the current employees of Greyhound, Mr. Ashby and Mr. Post, they are party agents under the control of Greyhound and must be produced for testimony, as they have been timely identified on Plaintiffs' witness list and Greyhound has been served with subpoenas for their appearances at trial. Greyhound already produced these witnesses for their depositions, and was on notice that they might be required for trial testimony. Moreover, compelling the appearance of an "officer, director, or managing agent" of a party to the action does not even require a subpoena. . . . These positions fairly qualify them as "managing agents" of Greyhound. *See id.* at *6 (holding that the burden for proving the employee's status in the company "has been described as 'modest' and may require nothing more than a showing that it is a

13

'close question' as to whether the needed relationship exists"). As such, the Court need not reach the validity of Plaintiffs' subpoenas in determining the current employees should be produced for testimony.

*Id.* (citation omitted).

While *Novovic* recognizes a different rule for *former* employees, Defendants offer no proof of former-status—only a last-minute assertion at the pretrial meet-and-confer—despite prior representations and deposition testimony indicating ongoing affiliation. And even if former-status were true, that would not excuse noncompliance here for multiple, independent reasons. First, Defendants themselves instructed that these witnesses be contacted through counsel and cannot claim prejudice because Plaintiff followed those instructions. The Sixth Circuit in *EEOC v. Ferrellgas, L.P.*, 97 F.4th 338, 345 (6th Cir. 2024) rejected a similar attempt to avoid service by arguing the EEOC mailed the subpoena to outside counsel instead of the defendant:

> Relatedly, we hesitate to treat the Commission's subpoenas as "an invitation to a game of hare and hounds," in which the subject must comply "only if cornered at the end of the chase." "[W]ould-be process servers are not entirely at the mercy of elusive defendants," and here, where **Ferrellgas twice instructed the Commission to direct future communications to its outside counsel, it cannot now defeat service of process by claiming that the Commission erred in following its explicit request. To hold otherwise would reward duplicity and allow potential defendants to easily avoid the Commission's subpoenas**. What is more, it would "create a rule that would allow a lawyer with actual notice of a subpoena to take no action, in hope that the [Commission] will not seek enforcement, and to make objections only if enforcement proceedings ensue." *Id.* (citations omitted).

14

Here, Defendants explicitly instructed Plaintiff to contact Bomber, Gill, and Schmidt "c/o counsel" and identified Lefkowitz categorically as a CHS TX representative. Having deliberately withheld contact information, Defendants cannot now complain of prejudice from service on the very conduit they designated.

Second, personal in-hand service is not the rigid requirement Defendants suggest. This Court has recognized the split and held that personal, hand delivery is not required under Rule 45:

> A number of courts hold that the language of Rule 45 requires personal service. Other courts hold that service by mail may be appropriate. . . . The Sixth Circuit has not yet addressed this issue, and therefore there is no binding precedent on this Court. The Court finds the reasoning in *Doe v. Hersemann*, 155 F.R.D. at 630, persuasive. . . [where t]he Court opined that nothing in the language of Rule 45 suggests that in-hand, personal service is required to effectuate "delivery" . . . . This Court agrees that hand delivery is not required by Rule 45. . . the Court assumes that Plaintiff provided proper notice prior to his service via certified mail. Accordingly, the Court finds service of the subpoena was not defective due to improper notice.

*Halawani*, 2008 U.S. Dist. LEXIS 100482 at *8-11 (citations omitted).

Third, even if service were "arguably" deficient, courts enforce subpoenas where the parties had timely notice and no prejudice—precisely our case. *Dyno Nobel, Inc v. Johnson*, 586 F.Supp. 3d 657, 660 (E.D. Ky. 2022) is explicit:

> [I]n circumstances where the service of the subpoena was not personal or other procedural requirements of Rule 45 were not met but the party did actually receive the subpoena in a timely fashion and was not prejudiced by the method of service, it is appropriate for the court to overlook any technical deficiencies and explore the merits of the discovery request.

15

Counsel's blanket refusal falls squarely within what *Dyno Nobel* rejected. Namely, the reliance on alleged deficiencies in service or the procedural requirements of Rule 45, as opposed to demonstrating actual prejudice. Any purported "deficiency" in service cannot justify ignoring the subpoenas.

Fourth, if Defendants truly contend these individuals are non-party former employees, then Defendants have no standing to challenge the subpoenas at all (absent privilege). *Novovic* again held:

> Witnesses who are no longer employees of Greyhound are not parties, and must be individually and personally served with a subpoena to compel their appearance even at the alternative courthouses. Plaintiffs, therefore, cannot move this Court to compel Greyhound to produce nonparties who are no longer in its employ.

> **Greyhound, in turn, may not challenge or move to quash the subpoenas of the nonparty witnesses, either**. As stated by the Northern District of Ohio, "**[t]he law is clear, absent a claim of privilege, a party has no standing to challenge a subpoena to a nonparty**." *Donahoo v. Ohio Dept. of Youth Servs.*, 211 F.R.D. 303, 306 (N.D.Ohio 2002); see also *J.B. Hunt Transport, Inc. v. Adams*, No. 04–CV–70347–DT, 2007 WL 789042, at *2 (E.D.Mich. March 14, 2007). Indeed, "[t]he party to whom the subpoena is directed is the only party with standing to oppose it." *Id*.

> Plaintiffs' counsel has represented that he has accomplished service on Ms. Fisher with a subpoena for her appearance at trial and is still attempting to serve Mr. Miller. **Absent a timely objection or motion to quash brought by the parties "to whom the subpoena is directed,"** *id.,* **the Court will enforce the subpoenas, and the witness or witnesses will be compelled to appear for live testimony** at the federal courthouse in Pittsburgh, PA. If Mr. Miller is not successfully served, Plaintiffs must utilize his deposition testimony as an alternative.

16

*Novovic*, 2012 WL 252124 at *8 (citation omitted) (emphasis added).

Here, no motion to quash has been filed by Bomber, Gill, or Lefkowitz. Defendants cannot step in to object on their behalf. Finally—and independently—Defendants' failure to disclose or supplement contact information violates Rule 26 and warrants sanctions under Rule 37. Rule 26(a)(1)(A)(i) requires "the name and, if known, the address and telephone number" of each witness, and Rule 26(e)(1)(A) imposes a continuing duty to supplement. Courts within the Sixth Circuit have consistently recognized this duty and imposed sanctions where parties attempt to weaponize incomplete disclosures and explicitly recognized: "Indeed, the interplay between Rules 37(c)(1) and 26(e)(1)(A) requires that a party who has listed an incorrect or outdated address for a witness must supplement that disclosure by informing the opposing party of the new or correct address." *Emanuel v. Cty. of Wayne*, 652 Fed.Appx. 417, 423 (6th Cir. 2016). Courts have additionally noted that this failure to disclose or supplement is particularly prejudicial where it is made apparent to the opposing party after the close of discovery and near trial. *Glob. Force Ent., Inc. v. Anthem Wrestling Exhibitions, LLC*, 468 F. Supp. 3d 969, 971–72 (M.D. Tenn. 2020).

And sanctions are the default absent harmlessness or substantial justification as Rule 37(c)(1) "requires absolute compliance with Rule 26(a), that is, it mandates that a trial court punish a party for discovery violations in connection with Rule 26

17

unless the violation was harmless or is substantially justified." *Roberts v. Galen of Va., Inc.*, 325 F.3d 776, 782 (6th Cir. 2003).

Defendants have still not supplemented their witness list or disclosures to provide any contact information for Bomber, Gill, or Lefkowitz. This failure was neither harmless nor justified: Plaintiffs reasonably relied on the "c/o counsel" designation provided by Defendants, and Defendants are now attempting to weaponize their violation of Rule 26 to prevent Plaintiff from securing trial testimony. Whether Bomber, Gill, and Lefkowitz are employees or third parties, the subpoenas are enforceable. If they are employees, service on counsel was proper under *Novovic*. If they are third parties, Defendants lack standing to object, and the witnesses' failure to move to quash renders the subpoenas enforceable.

Sanctions are warranted under Rule 37 and Rule 45 for Defendants' obstruction, misrepresentations, and refusal to cooperate in good faith. This Court has broad discretion to impose sanctions under Rule 37, tailored to the harm caused and facts of a particular case. *See United States v. Peterson*, No. 09-10333, 2010 U.S. Dist. LEXIS 75331, at *2-3 (E.D. Mich. 2010); *Intercept Sec. Corp. v. Code-Alarm, Inc.*, 169 F.R.D. 318, 321 (E.D. Mich. 1996).

Plaintiff respectfully requests that, pursuant to this broad discretion, the Court enforce the subpoenas and, in anticipation of continued noncompliance, impose narrowly tailored sanctions in the event of the witnesses failing to appear including,

18

but not limited to: (1) an adverse jury instruction concerning Defendants' failure to produce the witnesses; (2) preclusion of any evidence related to Bomber; and (3) instruct the jury that in 2015 Corizon earned approximately $ 1.5 billion[2] in revenue and permit Plaintiff to admit documents of Defendants' financial condition relevant to damages, as well as any additional relief deemed just by this Honorable Court such as attorney fees and costs.

**C.    Defendants Cannot and Have Failed to Establish That Any Witness Falls Outside Rule 45's Geographic Reach, and the Subpoenas Remain Enforceable Regardless Under Reasonable Alternative or Sanctions.**

The final objection raised by defense counsel concerns the geographic limitations for compelling trial testimony under Fed. R. Civ. P. 45(c)(1), which allows a subpoena to command a person's appearance:

(A)    within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B)    within the state where the person resides, is employed, or regularly transacts business in person, if the person: (i)    is    a party or a party's officer; or (ii) is commanded to attend a trial and would not incur substantial expense.

---

[2] See Rupert Neate, *Welcome to Jail Inc: how private companies make money off US prisons,* THE GUARDIAN (Jun. 16, 2016, 6:00 AM), https://www.theguardian.com/us-news/2016/jun/16/us-prisons-jail-private-healthcare-companies-profit (last visited July 30, 2025) ("Corizon's revenue has grown by 15.6% over the past three years to $1.55bn in 2015, according to analysis for the Guardian by PrivCo.").

MARKOLAW.COM

220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226

P: (313) 777-7LAW
F: (313) 470-2011

MARKO LAW

As a threshold matter, "[t]he party seeking to quash a subpoena bears a heavy burden of proof." *Mich. State A. Philip Randolph Inst. v. Johnson*, No. 16-cv-11844, 2018 U.S. Dist. LEXIS 87623, at *5-6 (E.D. Mich. 2018). Defendants have not even attempted to satisfy that burden. No evidence has been provided—either by affidavit, motion, or declaration—regarding the residence, employment, or business locations of Dr. Bomber, Mason Gill, or Isaac Lefkowitz. Defendants' unsupported assertion that these witnesses are outside the reach of the Court is plainly insufficient to quash the subpoenas, particularly where Defendants lack standing to object on behalf of third parties and failed to provide contact information that might clarify geographic scope.

Upon information and belief, both Dr. Bomber and Mr. Gill reside within the state of Michigan, with Mr. Gill residing in East Lansing—well within the 100-mile radius of this Court. As such, both witnesses are plainly within the geographic subpoena power of the Court under Rule 45(c)(1)(A) and/or (c)(1)(B)(ii). Even assuming Lefkowitz resides out of state, he must affirmatively demonstrate that he neither lives in, works in, nor transacts business in Michigan and that his appearance would cause substantial expense. No such showing has been made, nor has any motion to quash been filed. To the extent any uncertainty exists, that uncertainty is the direct result of Defendants' Rule 26 violations in refusing to disclose or

supplement the witnesses' address and contact information, leaving both Plaintiff and the Court unable to assess compliance with Rule 45(c) more precisely.

Even if the Court finds that one or more of these witnesses fall outside the geographic limits of Rule 45(c), that does not end the inquiry. To reduce any undue burden, Plaintiff stipulates to allowing testimony via live video simulcast from a remote location—a well-established and reasonable accommodation found sufficient under Rule 45 by courts in this Circuit. As the court explained in *Novovic*:

> Pursuant to Rule 45(c)(3), none of the witnesses at issue will be required to appear for testimony in person in Columbus, OH, as they all reside more than 100 miles from the courthouse. The other courthouses which have been contacted to provide for live simulcast testimony are within the 100 mile radius of each witness's home, however, so the Rule, which protects witnesses "from undue burden or expense," will not be offended by utilizing this more reasonable alternative.
>
> * * *
>
> Absent a timely objection or motion to quash brought by the parties "to whom the subpoena is directed," id., the Court will enforce the subpoenas, and the witness or witnesses will be compelled to appear for live testimony at the federal courthouse in Pittsburgh, PA. If Mr. Miller is not successfully served, Plaintiffs must utilize his deposition testimony as an alternative.
>
> . . . In light of the considerable cost and inconvenience that would be imposed on these out-of-state witnesses if they were to be compelled to appear in this district, Plaintiffs have, in good faith and in consideration of their duty to "avoid imposing undue burden or expense on a person subject to the subpoena," arranged the possibility for remote testimony. The Court has been informed by its staff that the witnesses will be able to testify via video simulcast technology from those courthouses in Chicago, Dallas, and Pittsburgh. *Novovic*, 2012 WL 252124 at *7-8 (citations omitted).

21

The same accommodation is appropriate here. Plaintiff has offered a reasonable, good-faith alternative that fully satisfies the spirit and letter of Rule 45 while respecting witness burden. Defendants have offered no viable reason—let alone any admissible evidence—for avoiding compliance.

Accordingly, the Court should reject Defendants' geographic objections in their entirety. There is no record evidence to support their claim, no standing to assert objections on behalf of non-parties, and no prejudice in any event where remote testimony is both feasible and offered. The subpoenas remain enforceable, and Defendants' continued obstruction warrants sanctions under Rules 37 and 45.

## **<u>CONCLUSION</u>**

WHEREFORE, for the reasons more fully set forth in the attached Brief, Plaintiff respectfully requests this Honorable Court grant Plaintiff's Motion to Compel Compliance with Trial Subpoenas and award any such additional relief as it deems just and appropriate, including sanctions available under Rule 45 and/or Rule 37.

Respectfully submitted,

*/s/ Jonathan R. Marko*
Jonathan R. Marko (P72450)
Attorney for Plaintiff
**MARKO LAW, PLLC**
220 W. Congress, 4th Floor
Detroit, MI 48226
P: (313) 777-7777 / F: (313) 470-2011
Email: jon@markolaw.com

Date: July 30, 2025

22

**PROOF OF SERVICE**

The undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each attorney of record on **July 30, 2025**, via:

☐ U.S. Mail                    ☐ Fax
☐ Hand Delivered               ☐ Overnight Carrier
☐ Certified Mail               ☐ Other: <u>Mi-FILE Truefiling</u>
☒ ECF System                   ☐ Email

*/s/ Mackenzie Kell*

23