# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

KOHCHISE JACKSON,

    Plaintiff,

v.

CHS TX, INC., et al.,

    Defendants

Case No.: 2:19-cv-13382-GAD-PTM

U.S. DISTRICT COURT JUDGE
HON. GERSHWIN A. DRAIN

**DEFENDANTS CHS TX, INC. AND KEITH PAPENDICK, M.D.'S MOTION *IN LIMINE* TO PRECLUDE PLAINTIFF FROM OFFERING ANY EVIDENCE OF PREVIOUS LAWSUITS AGAINST DEFENDANTS**

32240373

**TABLE OF CONTENTS**

STATEMENT OF ISSUES PRESENTED ............................................................... iv

CONTROLLING OR MOST APPROPRIATE AUTHORITY ................................ v

INTRODUCTION .................................................................................................. 1

ARGUMENT .......................................................................................................... 3

CONCLUSION ....................................................................................................... 6

[PROPOSED] ORDER ON DEFENDANTS' MOTION *IN LIMINE*
   TO PRECLUDE PLAINTIFF FROM OFFERING ANY
   EVIDENCE OF PREVIOUS LAWSUITS AGAINST
   DEFENDANTS ............................................................................................... 10

# TABLE OF AUTHORITIES

Page(s)

Cases

*Andrews v. Marshall*,
  No. 216CV814FTM99MRM, 2019 WL 11638833 (M.D. Fla. May 8, 2019) ......5
*Bell v. Washington*,
  No. 21-cv-10705, 2022 WL 19518444 (E.D. Mich. Dec. 19, 2022) .....................3
*Gardiner v. Corizon Health, Inc.*,
  No. 2:21-cv-00167, 2023 WL 11879733 (W.D. Mich. Dec. 26, 2023) ................3
*Harrington v. Dugar*,
  No. 2:22-cv-08230-HDV (Ex), 2024 WL 3001482 (C.D. Cal. May 14, 2024) .....3
*Hayes v. United States*,
  No. 1:16-cv-00131, 2016 WL 3465950 (D.D.C. June 13, 2016) ..........................4
*Helvey v. Lexington-Fayette Urban Cnty. Gov't*,
  No. 5:19-CV-00136-GFVT, 2022 WL 1433453 (E.D. Ky. May 5, 2022) ............4
*Jackson v. Corizon Health, Inc.*,
  No. 20-14737, 2022 WL 303288 (11th Cir. Feb. 2, 2022) ...................................3
*McCleod v. Parsons Corp.*,
  73 F.App'x 846 (6th Cir. 2003) ...........................................................................3
*North v. Cuyahoga Cnty.*,
  754 F. App'x 380 (6th Cir. 2018) ........................................................................2
*Phillip Morris USA v. Williams*,
  549 U.S. 346 (2007) ............................................................................................6
*Rhinehart v. Scutt*,
  No. 2:11-CV-11254-DT, 2014 WL 5361936 (E.D. Mich. June 20, 2014) ............4
*State Farm Mut. Auto. Ins., Co. v. Campbell*,
  538 U.S. 408 (2023) ............................................................................................6
*Thomas v. City of Chattanooga*,
  398 F.3d 426 (6th Cir. 2005) ...............................................................................1
*Victor v. Advanced Corr. Healthcare, Inc.*,
  771 F. Supp. 3d 912 (E.D. Mich. 2025) ..............................................................2
*Woodall v. Wayne Cnty.*,
  No. 17-13707, 2023 WL 119650 (E.D. Mich. Jan. 6, 2023) ............................2, 5

Rules

Federal Rules of Evidence 401, 402, 403 and 802 ....................................................1
LR 7.1.........................................................................................................................2

## **STATEMENT OF ISSUES PRESENTED**

1. **Whether the Court should enter an order precluding Plaintiff from offering any evidence of previous lawsuits against Defendants at trial?**

    Defendants Answer:        Yes

    Plaintiff May Answer:      No

    The Court should Answer:  Yes

# **CONTROLLING OR MOST APPROPRIATE AUTHORITY**

- Fed. R. Evid. 401

- Fed. R. Evid. 402

- Fed. R. Evid. 403

- Fed. R. Evid. 802

- E.D. Michigan Local Rule 7.1

- *Andrews v. Marshall*, No. 216CV814FTM99MRM, 2019 WL 11638833 (M.D. Fla. May 8, 2019), aff'd, 845 F. App'x 849 (11th Cir. 2021)

- *Bell v. Washington*, No. 21-cv-10705, 2022 WL 19518444 (E.D. Mich. Dec. 19, 2022)

- *Gardiner v. Corizon Health, Inc.*, No. 2:21-cv-00167, 2023 WL 11879733 (W.D. Mich. Dec. 26, 2023)

- *Helvey v. Lexington-Fayette Urban Cnty. Gov't*, No. 5:19-CV-00136-GFVT, 2022 WL 1433453 (E.D. Ky. May 5, 2022)

- *Jackson v. Corizon Health, Inc.*, No. 20-14737, 2022 WL 303288 (11th Cir. Feb. 2, 2022)

- *McCleod v. Parsons Corp.*, 73 F.App'x 846 (6th Cir. 2003)

- *Phillip Morris USA v. Williams*, 549 U.S. 346 (2007)

- *Rhinehart v. Scutt*, No. 2:11-CV-11254-DT, 2014 WL 5361936 (E.D. Mich. June 20, 2014), *report and recommendation adopted in part*, No. 11-CV-11254, 2014 WL 5361939 (E.D. Mich. Oct. 21, 2014)

- *Woodall v. Wayne Cnty.*, No. 17-13707, 2023 WL 119650 (E.D. Mich. Jan. 6, 2023)

# **INTRODUCTION**

Pursuant to Federal Rules of Evidence 401, 402, 403 and 802, Defendants CHS TX, Inc. and Dr. Keith Papendick (collectively "Defendants") by and through counsel, move *in limine* to preclude Plaintiff from offering any testimony, evidence, opinions, or argument, relating to any previously filed lawsuits against Defendants. The precluded evidence should encompass putative testimony any witnesses Plaintiff intends to call at trial, and also includes any exhibits on Plaintiff's proposed Exhibit List that contain complaints from other lawsuits, PACER case search results for the term "Corizon" as a defendant for cases filed January 1, 2016 to December 31, 2016, and deposition transcripts from non-parties in unrelated cases. The mere fact that Defendants were previously involved in lawsuits does not establish any fact relevant to this case, has no probative value, is drowned in hearsay and unsupported allegations, and is unfairly prejudicial and should not be admitted.

This trial is about whether Plaintiff Kohchise Jackson had a Constitutional right to have a colostomy reversal surgery approved by Corizon Health, Inc. ("Corizon"), and/or Dr. Papendick in April 2017, while Plaintiff was incarcerated in the Michigan Department of Corrections ("MDOC"). To prove a claim against Corizon, Plaintiff must establish his care was part of a "clear and persistent pattern of ***illegal*** activity." *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005). The pattern of alleged violations must be "closely related to the violation the

plaintiff says []he suffered." *Woodall v. Wayne Cnty.*, No. 17-13707, 2023 WL 119650, at *4 (E.D. Mich. Jan. 6, 2023) (**Exhibit A**). Further, there is no "illegal activity" for purposes of a *Monell* claim without a constitutional violation. *See North v. Cuyahoga Cnty.*, 754 F. App'x 380, 389 (6th Cir. 2018); *Victor v. Advanced Corr. Healthcare, Inc.,* 771 F. Supp. 3d 912, 923 (E.D. Mich. 2025) ("it is well-settled that *Monell* liability will not lie absent a constitutional violation."). The fact that Corizon was sued in the past is not probative of this standard and is unfairly prejudicial on its face.

Plaintiff's proposed Exhibit List, as indicated by Defendants' specific objections thereto in the Final Pretrial Order, contains complaints from other lawsuits, hearsay PACER case search results for Corizon, and deposition transcripts from non-party witnesses in unrelated cases. Thes Exhibits have nothing to do with Plaintiff's claims. Defendants incorporate their objections to these Exhibits herein.[1] In advance of the July 30, 2025, motion *in limine* deadline, and consistent with LR 7.1, Defendants sought Plaintiff's agreement on this motion and did not reach an agreement. As such, this motion is necessary because it is evident that Plaintiff intends to introduce evidence and argument relating to this issue at trial.

---

[1] Defendants' objections to Plaintiff's Exhibit List identify any exhibits that should be excluded pursuant to this motion, as well and any other bases for excluding the exhibits. The irrelevance of these proposed Exhibits is only one reason they should be excluded. *See* Defendants' Objections to Plaintiff's Proposed Exhibit List.

32240373                                        2

## ARGUMENT

The Court should reject Plaintiff's improper attempt to introduce evidence that Defendants were previously involved in other lawsuits. None of this evidence is admissible. First, it is well-recognized that evidence of a number of lawsuits filed against a defendant is irrelevant and the potential for prejudice outweighs any probative value and risks misleading the jury. *See McCleod v. Parsons Corp.*, 73 F.App'x 846 (6th Cir. 2003). Courts have also rejected the admissibility of pleadings from other suits and a PACER list of such suits as irrelevant and prejudicial. *See Harrington v. Dugar*, No. 2:22-cv-08230-HDV(Ex), 2024 WL 3001482, at *1-2, n.2 (C.D. Cal. May 14, 2024) (**Exhibit B**). Statements in a complaint are also inadmissible hearsay. *See Gardiner v. Corizon Health, Inc.*, No. 2:21-cv-00167, 2023 WL 11879733, at *1 (W.D. Mich. Dec. 26, 2023) ("statements by other prisoners in grievance documents or complaints constitute hearsay and would be inadmissible.") (citations omitted) (**Exhibit C**).

Using other lawsuits to establish an illegal policy or practice, as Plaintiff intends to do, is not permitted. *See Bell v. Washington*, No. 21-cv-10705, 2022 WL 19518444, at *2 (E.D. Mich. Dec. 19, 2022) (Bell alleged Corizon had a policy or custom of providing negligence care and cited to other lawsuits in support of this…lawsuits filed against Corizon in other states say nothing about its liability or whether it provided negligent care in MDOC prisons) (**Exhibit D**); see also *Jackson*

*v. Corizon Health, Inc.*, No. 20-14737, 2022 WL 303288, at *6, n.4 (11th Cir. Feb. 2, 2022) ("[t]he existence of other lawsuits against Corizon involving the provision of medical services to inmates in other jails and prisons does not create a genuine issue of material fact as to the existence of the alleged policy, custom, or practice at Columbia Correctional Institute") (**Exhibit E**); *Hayes v. United States*, No. 1:16-cv-00131, 2016 WL 3465950, at *4 (D.D.C. June 13, 2016) ("[a]lleging no more than the mere existence of generic, unidentified lawsuits and complaints is not enough to establish the custom or policy required to allege liability under Section 1983") (citations omitted) (**Exhibit F**); *see also Helvey v. Lexington-Fayette Urban Cnty. Gov't*, No. 5:19-CV-00136-GFVT, 2022 WL 1433453, at *4 (E.D. Ky. May 5, 2022) (granting Corizon's motion *in limine* excluding reference "to any other lawsuit filed against the defendants in this case.") (**Exhibit G**).

Further, the mere fact Corizon has been sued does "nothing to establish that Corizon had a policy or custom of ignoring constitutional violations." *Rhinehart v. Scutt*, No. 2:11-CV-11254-DT, 2014 WL 5361936, at *18 (E.D. Mich. June 20, 2014), *report and recommendation adopted in part*, No. 11-CV-11254, 2014 WL 5361939 (E.D. Mich. Oct. 21, 2014) (**Exhibit H**). Just as in *Rhinehart*, Plaintiff provides no information about the claims he is attempting to use as exhibits. As the court in *Rhinehart* held:

> "[t]he mere fact that a number of lawsuits have been filed, without any information as to whether the suits are meritorious or spurious, or

32240373

4

alternatively, any evidence that the [defendant] ignored such complaints such that it constituted deliberate indifference to any potential problem of [unconstitutional conduct], does not assist a fact-finder in determining whether the [defendant] ... actually has a historical problem of its employees committing constitutional violations."

*Id*., at *18-19 (holding Plaintiff "failed to state policy or custom claims against Corizon" and dismissed the claims against Corizon).  Plaintiff cannot show, and has no witness who can testify, that any of these random lawsuits are "closely related to the violation the plaintiff says []he suffered."  *Woodall*., No. 17-13707, 2023 WL 119650, at *4.

It is also well-recognized, including in cases involving Corizon, that random out-of-State allegations or events fail to establish relevant evidence of any in-state illegal policy. *See Andrews v. Marshall*, No. 216CV814FTM99MRM, 2019 WL 11638833, at *11 (M.D. Fla. May 8, 2019), *aff'd,* 845 F. App'x 849 (11th Cir. 2021) (plaintiff submitted news articles dealing Corizon's poor performance in prisons and jails, relating to denying or delaying treatment to inmates who need serious medical care. The Court found these were inadequate as they did not occur in the County at issue and involved other states, and did not affect the plaintiff's claim) (**Exhibit I**).

It is plain that Plaintiff wants to throw spaghetti on the wall in the hopes of distracting the jury with irrelevant far-flung accusations about other lawsuits against Defendants.  It is also plain that Plaintiff wants to do this in an unfairly prejudicial attempt to inflame the jury against Corizon by pointing to the mere fact that Corizon

has been sued. It's a basic jury instruction that the mere fact someone is sued says nothing probative about their potential liability.

To the extent Plaintiff intends to rely on such evidence to try to substantiate his punitive damages claim, such evidence is also inadmissible for that purpose. *Phillip Morris USA v. Williams*, 549 U.S. 346, 353-55 (2007); *see also State Farm Mut. Auto. Ins., Co. v. Campbell*, 538 U.S. 408, 421-422 (2023) ("A defendant's dissimilar acts, independent from the acts upon which liability was premised, may not serve as the basis for punitive damages. A defendant should be punished for the conduct that harmed the plaintiff, not for being an unsavory individual or business. Due process does not permit courts, in the calculation of punitive damages, to adjudicate the merits of other parties' hypothetical claims against a defendant under the guise of the reprehensibility analysis…"). Thus, this evidence must be excluded.

## **CONCLUSION**

Defendants respectfully request this Court enter an order *in limine* precluding Plaintiff from offering any evidence, proof or argument about any evidence related

to any evidence of previous lawsuits against Defendants at trial, including all Exhibits on their proposed witness list identified as subject to this motion.

Dated:  July 30, 2025             Respectfully submitted,

**BOWMAN AND BROOKE LLP**

By:   /s/*Sunny Rehsi*
Sunny Rehsi (P80611)
101 W. Big Beaver Road.,
Suite 1100 Troy, MI 48084
248.205.3300
sunny.rehsi@bowmanandbrooke.com

Adam Masin (Admitted 5/1/2025)
750 Lexington Avenue
New York, NY 10022
646.914.6790
adam.masin@bowmanandbrooke.com

Rachel B. Weil (Admitted 7/16/25)
123 South Broad Street, Suite 1512
Philadelphia, PA 19109
267.908.7097
rachel.weil@bowmanandbrooke.com

*Attorneys for Defendant CHS TX, Inc., d/b/a YesCare and Keith Papendick, M.D.*

# CERTIFICATE OF SERVICE

I certify that on July 20, 2025, I electronically filed the foregoing paper with the clerk of the United States District Court, Eastern District Southern Division using the ECF system which will send notification of such filing to the following:

**Ian T. Cross** (P83367)
Cross Law PLLC
Attorneys for Plaintiff
402 W. Liberty St.
Ann Arbor, MI  48103
724.994.9590
ian@lawinannarbor.com

**Laurence H. Margolis** (P69635)
Margolis Law Firm
Attorneys for Plaintiff
214 South Main St., Suite 202
Ann Arbor, MI 48104
734.994.9590
assistant@lawinannarbor.com

**Thomas G. Hackney** (P81283)
Hackney Odlum & Dardas Michigan
Attorneys for Keith Papendick
Bayview Professional Center
10850 E. Traverse Hwy., Suite 4440
Traverse City, MI 49684
231.642.5056
thackney@hodlawyers.com

**Jonathan R. Marko** (P72450
**Michael L. Jones** (P85223)
Marko Law, PLLC
220 W. Congress, 4th Floor
Detroit, MI 48226
313.777.7529
jon@markolaw.com
michael@markolaw.com

**BOWMAN AND BROOKE LLP**

By:   /s/*Sunny Rehsi*
Sunny Rehsi (P80611)
101 W. Big Beaver Road.,
Suite 1100 Troy, MI 48084
248.205.3300
sunny.rehsi@bowmanandbrooke.com

Adam Masin (Admitted 5/1/2025)
750 Lexington Avenue
New York, NY 10022
646.914.6790
adam.masin@bowmanandbrooke.com

        Rachel B. Weil (Admitted 7/16/25)
        123 South Broad Street, Suite 1512
        Philadelphia, PA 19109
        267.908.7097
        rachel.weil@bowmanandbrooke.com

        *Attorneys for Defendants CHS TX, Inc. d/b/a*
        *YesCare and Keith Papendick, M.D.*

32240373         9

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| KOHCHISE JACKSON,<br><br>         Plaintiff,<br><br>v.<br><br>CHX TX, INC., et al.,<br><br>         Defendants | Case No.: 2:19-cv-13382-GAD-PTM<br><br>U.S. DISTRICT COURT JUDGE<br>HON. GERSHWIN A. DRAIN |

**[PROPOSED] ORDER ON DEFENDANTS' MOTION *IN LIMINE* TO PRECLUDE PLAINTIFF FROM OFFERING ANY EVIDENCE OF PREVIOUS LAWSUITS AGAINST DEFENDANTS**

Upon consideration of Defendants Motion, and any response by Plaintiff filed thereto, the Court GRANTS Defendants' motion in *limine* for the reasons stated therein and Orders that Plaintiff is precluded from offering any evidence related to Plaintiff from offering any evidence of previous lawsuits against Defendants at trial in this case.

To the extent Defendants objected to an exhibit on Plaintiff's Proposed Exhibit List by referring to this Motion, the Defendants' Objections are SUSTAINED for the reasons stated herein and the Exhibits are EXCLUDED from trial.

Dated: _____          _____
                                              Hon. Gershwin A. Drain

32240373