## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

KOHCHISE JACKSON,

               Plaintiff,

v.

CHS TX, INC., et al.,

               Defendants

Case No.:  2:19-cv-13382-GAD-PTM

U.S. DISTRICT COURT JUDGE
HON. GERSHWIN A. DRAIN

## DEFENDANTS CHS TX, INC. AND KEITH PAPENDICK, M.D. MOTION IN LIMINE TO PRECLUDE PLAINTIFF FROM OFFERING ANY EVIDENCE RELATED TO CORIZON HEALTH, INC. <u>OUTSIDE OF MICHIGAN</u>

32199640

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ........................................................................... iii

STATEMENT OF ISSUES PRESENTED............................................................iv

CONTROLLING OR MOST APPROPRIATE AUTHORITY ..............................v

INTRODUCTION .....................................................................................................1

ARGUMENT ............................................................................................................3

CONCLUSION ..........................................................................................................6

[PROPOSED] ORDER ON DEFENDANTS' MOTION IN LIMINE
    TO PRECLUDE PLAINTIFF FROM OFFERING ANY
    EVIDENCE RELATED TO CORIZON HEALTH, INC.'S
    OUTSIDE OF MICHIGAN...........................................................................10

## <u>TABLE OF AUTHORITIES</u>

Page(s)

Cases

*Andrews v. Marshall*,
   No. 216CV814FTM99MRM, 2019 WL 11638833 (M.D. Fla. May 8, 2019) ......5
*Bell v. Washington*,
   No. 21-cv-10705, 2022 WL 19518444 (E.D. Mich. Dec. 19, 2022) ....................5
*Dean v. Wexford Health Sources, Inc.*,
   18 F.4th 214 (7th Cir. 2021)..................................................................................4
*Jackson v. Corizon Health, Inc.*,
   No. 20-14737, 2022 WL303288 (11th Cir. Feb. 2, 2022)....................................5
*State Farm Mut. Auto. Ins., Co. v. Campbell*,
   538 U.S. 408 (2023) ..............................................................................................6
*Thomas v. City of Chattanooga*,
   398 F.3d 426 (6th Cir. 2005)................................................................................4
*Uselmann v. Pop*,
   No. 19-13652, 2025 WL 900056 (E.D. Mich. Mar. 25, 2025) .............................4

Rules

Fed. R. Evid. 403 ......................................................................................................5
Federal Rules of Evidence 401, 402, and 403 .......................................................1, 4
LR 7.1......................................................................................................................3

## STATEMENT OF ISSUES PRESENTED

1. **Whether the Court should enter an order precluding Plaintiff from offering any evidence related to Corizon Health's policies from outside of Michigan at trial?**

   Defendants Answer:          Yes

   Plaintiff May Answer:       No

   The Court should Answer:    Yes

iv

## <u>CONTROLLING OR MOST APPROPRIATE AUTHORITY</u>

- Fed. R. Evid. 401

- Fed. R. Evid. 402

- Fed. R. Evid. 403

- E.D. Michigan Local Rule 7.1

- *Andrews v. Marshall*, No. 216CV814FTM99MRM, 2019 WL 11638833 (M.D. Fla. May 8, 2019), <u>aff'd,</u> 845 F. App'x 849 (11th Cir. 2021)

- *Bell v. Washington*, No. 21-cv-10705, 2022 WL 1951844 (E.D. Mich. Dec. 19, 2022)

- *Jackson v. Corizon Health, Inc*., No. 20-14737, 2022 WL 303288 (11th Cir. Feb. 2, 2022)

- *State Farm Mut. Auto. Ins., Co. v. Campbell*, 538 U.S. 408 (2023)

**INTRODUCTION**

Pursuant to Federal Rules of Evidence 401, 402, and 403, Defendants CHS TX, Inc. ("CHS") and Keith Papendick, M.D. ("Dr. Papendick" and collectively "Defendants"), by and through counsel, moves in *limine* to preclude Plaintiff from offering any evidence, proof or argument related to Corizon Health, Inc. ("Corizon") from outside of Michigan.

This trial will be about the care Plaintiff Kohchise Jackson received for his colostomy from Corizon, Dr. Papendick, and individuals working in the Michigan Department of Corrections ("MDOC") while Plaintiff was in prison in Michigan between March 2017 and May 2019.  Corizon provided care to an average of 44,000 prisoners in the MDOC's custody at a given time pursuant to the terms of its five-year contract with the State of Michigan for Integrated Prisoner Healthcare Services, effective June 1, 2016, and subsequent change notices.  *See* **Exhibit A** (Corizon MDOC Contract).  Corizon's obligations to the MDOC and its prisoner during Plaintiff's incarceration between 2017-2019 were not governed by any contract with any entity outside of Michigan.

During pre-trial proceedings, Plaintiff sought to use random documents relating to governmental entities and prisons outside of Michigan, primarily Missouri, Tennessee, Florida and Kansas, to illustrate that Corizon was cutting costs

and was providing less care to inmates.[1] *See* ECF No. 66. First, Plaintiff relies on a technical proposal submitted in 2013 to the Kansas Department of Correction (*See* ECF No. 66-23). The Kansas proposal does not state Corizon was cutting costs, based on the limited pages Plaintiff attached to ECF No. 66-23. The proposal does not demonstrate Corizon was going to provide inadequate healthcare to inmates, on the basis of cutting costs as Plaintiff will have this Court believe. This proposal is clearly irrelevant, it is from another state and four years before Plaintiff was even in the MDOC.  The MDOC does not oversee prisons in other states, rather its limited to Michigan. Likewise, Plaintiff's reliance on a proposal in Missouri from March 2021, several years after Plaintiff was released from the MDOC, which discuses spending on psychotropic medication (*See* ECF No. 66-20) – something Plaintiff was not treated for at the MDOC is also clearly relevant.

All of this evidence from outside of Michigan is not relevant to Plaintiff's care in the MDOC under Corizon's MDOC contract. Any attempt to permit such arguments or evidence would be improper and unduly prejudicial.

---

[1] Based on the parties' preliminary exhibit exchange, Plaintiff has not included any documents relating to the Florida and Tennessee proposals and bids. To the extent Plaintiff does include references to Florida and Tennessee proposals and bids, Defendants request they be excluded on the same premises as the Missouri and Kansas ones.

In advance of the July 30, 2025, motion *in limine* deadline, and consistent with LR 7.1, Defendants sought Plaintiff's agreement on this motion and did not reach an agreement. As such, the Court should therefore preclude Plaintiff, from introducing any evidence, testimony or argument related to Corizon's business or activities outside Michigan.

## **ARGUMENT**

Corizon's contract with the MDOC created specific obligations to the MDOC and its prisoners.  No other governmental entity, correctional facility entity, prison, or contract has any relevance to the MDOC contract.  And no witness claims that it does.  Plaintiff did not disclose an expert to conduct a reliable analysis of Corizon's business outside of Michigan or to link any outside-Michigan business or events to Corizon's MDOC contract or to any decisions related to Plaintiff's colostomy care. Random documents from Missouri and Kansas have no bearing on this case.  No expert will testify that this out-of-Michigan evidence is meaningfully *representative* of Corizon's business, or that it constitutes an *illegal* policy that was also at issue in Plaintiff's care.[2]  These out of state proposals are an unfairly prejudicial attempt to

---

[2] This motion *in limine* overlaps in part with the motion *in limine* to preclude evidence from outside of Michigan, as all of Plaintiff's proposed evidence about patient care outside of Michigan does not relate to colostomy care.  Both that motion and this motion also overlap in part with the motions *in limine* to exclude Jan Watson, M.D., Critisn Rettler, P.A., and Sonya Fulks, because their respective proposed testimony is about random medical conditions unrelated to colostomy care. Although evidence relating to colostomy care would *theoretically* be admissible in

inflame and confuse the jury by broadly painting Corizon as a bad company. There

is no evidence that these out-of-State proposals is indicative of any Corizon policy,

practice or custom relating to the colostomy care provided to any of the 44,000

Michigan prisoners who may have needed such care. The danger of unfair prejudice

of these out of state proposals substantially outweighs the non-existent probative

value. Dissimilar, out-out-state policies are also inadmissible to prove punitive

damages. The Court should not allow the use of these policies. Plaintiff relies on his

own conclusory statements, which are irrelevant and should be excluded. *See* Fed.

R. Evid. 401 and 402. The Court has the inherent authority to grant a motion in

*limine* to exclude evidence that irrelevant or unduly prejudicial. (Drain J.) *Uselmann*

*v. Pop*, No. 19-13652, 2025 WL 900056, at *1-2 (E.D. Mich. Mar. 25, 2025)

(internal citations omitted) (**Exhibit B**).

　　To prove a claim against Corizon, Plaintiff must establish his care was part of

a "clear and persistent pattern of ***illegal*** activity." *Thomas v. City of Chattanooga*,

398 F.3d 426, 429 (6th Cir. 2005). *Monell* liability attaches when a constitutional

violation results from an entity's own policy or custom. *Dean v. Wexford Health*

*Sources, Inc.*, 18 F.4th 214, 235 (7th Cir. 2021). Plaintiff's use of out of state policies

---

this case, Defendants explain in a separate motion *in limine* why Plaintiff's evidence
relating to colostomy patients other that the Plaintiff is not admissible.

are not indicative of those in Michigan. Reliance on this evidence will only inflame the emotions of the jury and should be excluded under Fed. R. Evid. 403.

It is well-recognized, including in cases involving Corizon, that random out-of-State allegations or events fail to establish relevant evidence of any in-state illegal policy. *See Andrews v. Marshall*, No. 216CV814FTM99MRM, 2019 WL 11638833, at *11 (M.D. Fla. May 8, 2019), aff'd, 845 F. App'x 849 (11th Cir. 2021) (plaintiff submitted news articles dealing Corizon's poor performance in prisons and jails, relating to denying or delaying treatment to inmates who need serious medical care. The Court found these were inadequate as they did not occur in the County at issue and involved other states, and did not affect the plaintiff's claim) (**Exhibit C**); *Bell v. Washington*, No. 21-cv-10705, 2022 WL 19518444, at *2 (E.D. Mich. Dec. 19, 2022) (Bell alleged Corizon had a policy or custom of providing negligence care and cited to other lawsuits in support of this…lawsuits filed against Corizon in other states say nothing about its liability or whether it provided negligent care in MDOC prisons) (**Exhibit D**); *see also Jackson v. Corizon Health, Inc.*, No. 20-14737, 2022 WL 303288, at *6 n.4 (11th Cir. Feb. 2, 2022) ("[t]he existence of other lawsuits against Corizon involving the provision of medical services to inmates in other jails and prisons does not create a genuine issue of material fact as to the existence of the alleged policy, custom, or practice at Columbia Correctional Institute") (**Exhibit E**).

It is plain that Plaintiff wants to throw spaghetti on the wall in the hopes of distracting the jury with irrelevant far-flung accusations about events in other States. It is also plain that Plaintiff was to do this in an unfairly prejudicial attempt to make the jury mad at Corizon about whatever Plaintiff believes is going on outside of Michigan.

To the extent Plaintiff intends to rely on such evidence to try to substantiate his punitive damages claim, such evidence is also inadmissible for that purpose. See *State Farm Mut. Auto. Ins., Co. v. Campbell*, 538 U.S. 408, 421-422 (2023) ("A defendant's dissimilar acts, independent from the acts upon which liability was premised, may not serve as the basis for punitive damages. A defendant should be punished for the conduct that harmed the plaintiff, not for being an unsavory individual or business. Due process does not permit courts, in the calculation of punitive damages, to adjudicate the merits of other parties' hypothetical claims against a defendant under the guise of the reprehensibility analysis…"). Thus, this evidence must be excluded.

## CONCLUSION

Defendants respectfully request this Court enter an order *in limine* precluding Plaintiff from offering any evidence, proof or argument about any evidence related to Corizon Health's policies from outside of Michigan. The Court should instruct

Plaintiff and his witnesses of the Court's ruling and that the content of this motion

and the Court's ruling should not be conveyed to the jury.

**BOWMAN AND BROOKE LLP**

By:  /s/ _____
Sunny Rehsi (P80611)
101 W. Big Beaver Road., Suite 1100 Troy,
MI 48084
248.205.3300
sunny.rehsi@bowmanandbrooke.com

Adam Masin (Admitted 5/1/2025)
750 Lexington Avenue
New York, NY 10022
646.914.6790
adam.masin@bowmanandbrooke.com

and

Rachel B. Weil (Admitted 7/16/2025)
123 South Broad Street, Suite 1512
Philadelphia, PA 19019
267.908.7001
rachel.weil@bowmanandbrooke.com

*Attorneys for Defendant CHS TX, Inc., d/b/a*
*YesCare and Keith Papendick, M.D.*

7

## CERTIFICATE OF SERVICE

I certify that on July 29, 2025, I electronically filed the foregoing paper with

the clerk of the United States District Court, Eastern District Southern Division using

the ECF system which will send notification of such filing to the following:

**Ian T. Cross** (P83367)
Cross Law PLLC
Attorneys for Plaintiff
402 W. Liberty St.
Ann Arbor, MI  48103
724.994.9590
ian@lawinannarbor.com

**Laurence H. Margolis** (P69635)
Margolis Law Firm
Attorneys for Plaintiff
214 South Main St., Suite 202
Ann Arbor, MI 48104
734.994.9590
assistant@lawinannarbor.com

**Thomas G. Hackney** (P81283)
Hackney Odlum & Dardas Michigan
Attorneys for Keith Papendick
Bayview Professional Center
10850 E. Traverse Hwy., Suite 4440
Traverse City, MI 49684
231.642.5056
thackney@hodlawyers.com

**Jonathan R. Marko** (P72450
**Michael L. Jones** (P85223)
Marko Law, PLLC
220 W. Congress, 4th Floor
Detroit, MI 48226
313.777.7529
jon@markolaw.com
michael@markolaw.com

### BOWMAN AND BROOKE LLP

By:   /s/*Sunny Rehsi*
Sunny Rehsi (P80611)
101 W. Big Beaver Road.,
Suite 1100 Troy, MI 48084
248.205.3300
sunny.rehsi@bowmanandbrooke.com

Adam Masin (Admitted 5/1/2025)
750 Lexington Avenue
New York, NY 10022
646.914.6790
adam.masin@bowmanandbrooke.com

8

Rachel B. Weil (Admitted 7/16/25)
123 South Broad Street, Suite 1512
Philadelphia, PA 19109
267.908.7097
rachel.weil@bowmanandbrooke.com

*Attorneys for Defendants CHS TX, Inc. d/b/a*
*YesCare and Keith Papendick, M.D.*

9

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

KOHCHISE JACKSON,

              Plaintiff,

v.

CHX TX, INC., et al.,

              Defendants

Case No.:  2:19-cv-13382-GAD-PTM

U.S. DISTRICT COURT JUDGE
HON. GERSHWIN A. DRAIN

**[PROPOSED] ORDER ON DEFENDANTS' MOTION IN LIMINE TO PRECLUDE PLAINTIFF FROM OFFERING ANY EVIDENCE RELATED TO CORIZON HEALTH, INC. OUTSIDE OF MICHIGAN**

Upon consideration of Defendants Motion, and any response by Plaintiff filed thereto, the Court GRANTS Defendants' motion in *limine* for the reasons stated therein and Orders that Plaintiff is precluded from offering any evidence related to Corizon Health from outside of Michigan at trial in this case.   To the extent Defendants objected to an exhibit on Plaintiff's Proposed Exhibit List by referring

to this Motion, the Defendants' Objections are SUSTAINED for the reasons stated

herein and the Exhibits are EXCLUDED from trial.


Dated:                                    _____

                                           Hon. Gershwin A. Drain