# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

KOHCHISE JACKSON,

      Plaintiff,

v.

CHS TX, INC., et al.,

      Defendants

Case No.: 2:19-cv-13382-GAD-PTM

U.S. DISTRICT COURT JUDGE
HON. GERSHWIN A. DRAIN

## DEFENDANTS CHS TX, INC. AND KEITH PAPENDICK, M.D. MOTION IN LIMINE TO PRECLUDE ARGUMENTS REGARDING THE VALUE OF CONSTITUTIONAL RIGHTS

32199372

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................... iii

STATEMENT OF ISSUES PRESENTED.............................................................iv

CONTROLLING OR MOST APPROPRIATE AUTHORITY ............................... v

INTRODUCTION ..................................................................................................... 1

ARGUMENT ............................................................................................................. 2

CONCLUSION ......................................................................................................... 3

[PROPOSED] ORDER ON DEFENDANTS' MOTION IN LIMINE
    TO PRECLUDE PLAINTIFF FROM OFFERING ANY
    ARGUMENTS REGARDING THE VALUE OF
    CONSTITUTIONAL RIGHTS .......................................................................... 7

# **TABLE OF AUTHORITIES**

Page(s)

Cases

*King v. Zamiara*,
   788 F.3d 207 (6th Cir. 2015) ............................................................................... 2

*Memphis Cmty. Sch. Dist. v. Stachura*,
   477 U.S. 299 (1986) ............................................................................................ 2

*North v. Cuyahoga Cnty.*,
   754 F. App'x 380 (6th Cir. 2018) ........................................................................ 1

*Slappy v. City of Detroit*,
   No. 19-10171, 2021 WL 2986284 (E.D. Mich. July 15, 2021) .......................... 2

*Thomas v. City of Chattanooga*,
   398 F.3d 426 (6th Cir. 2005) ............................................................................... 1

*United States v. Abel*,
   469 U.S. 45 (1984) .............................................................................................. 2

*Victor v. Advanced Corr. Healthcare, Inc.*,
   771 F. Supp. 3d 912 (E.D. Mich. 2025) .............................................................. 1

*Woodall v. Wayne Cnty.*,
   No. 17-13707, 2023 WL 119650 (E.D. Mich. Jan. 6, 2023) ............................... 1

# STATEMENT OF ISSUES PRESENTED

1. **Whether the Court should enter an order precluding Plaintiff from offering any arguments regarding the value of constitutional rights at trial?**

   Defendants Answer:        Yes

   Plaintiff May Answer:     No

   The Court should Answer:  Yes

# CONTROLLING OR MOST APPROPRIATE AUTHORITY

- Fed. R. Evid. 401

- Fed. R. Evid. 402

- Fed. R. Evid. 403

- E.D. Michigan Local Rule 7.1

- *King v. Zamiara*, 788 F.3d 207 (6th Cir. 2015)

- *Memphis Cmty. Sch. Dist. v. Stachura*, 477 U.S. 299 (1986)

- *Slappy v. City of Detroit*, No. 19-10171, 2021 WL 2986284 (E.D. Mich. July 15, 2021)

- *United States v. Brawner*, 173 F.3d 996, 970 (6th Cir. 1999)

# INTRODUCTION

Pursuant to Federal Rules of Evidence 401, 402 and 403 Defendants CHS TX, Inc. ("CHS") and Keith Papendick, M.D. ("Dr. Papendick" and collectively "Defendants"), by and through counsel, moves in *limine* to preclude Plaintiff from offering any arguments regarding the value of constitutional rights at trial.

This trial is about whether Plaintiff Kohchise Jackson had a Constitutional right to have a colostomy reversal surgery approved by Corizon Health, Inc., and/or Dr. Papendick in April 2017 while Plaintiff was incarcerated in the Michigan Department of Corrections ("MDOC"). To prove a claim against Corizon, Plaintiff must establish that his care was part of a "clear and persistent pattern of ***illegal*** activity." *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005). The pattern of alleged violations must be "closely related to the violation the plaintiff says []he suffered." *Woodall v. Wayne Cnty.*, No. 17-13707, 2023 WL 119650, at *4 (E.D. Mich. Jan. 6, 2023). Further, there is no "illegal activity" for purposes of a *Monell* claim without a constitutional violation. *See North v. Cuyahoga Cnty.*, 754 F. App'x 380, 389 (6th Cir. 2018); *Victor v. Advanced Corr. Healthcare, Inc.,* 771 F. Supp. 3d 912, 923 (E.D. Mich. 2025) ("it is well-settled that *Monell* liability will not lie absent a constitutional violation.").

Defendants anticipate Plaintiff will attempt to introduce improper arguments that assert an amount of damages should be based on the value of constitutional

32199372

rights, in an unfairly prejudicial; effort to sway the jury to award a greater amount in damages than Plaintiff's actual damages (if any) based on the evidence.

In advance of the July 30, 2025, motion *in limine* deadline, and consistent with LR 7.1, Defendants sought Plaintiff's agreement on this motion and did not reach an agreement. As such, the Court should therefore preclude Plaintiff, from introducing any evidence, testimony or argument about the value of constitution rights at stake.

## ARGUMENT

[T]he basic purpose of § 1983 damages is to compensate persons for injuries that are caused by the deprivation of constitutional rights. *Memphis Cmty. Sch. Dist. v. Stachura*, 477 U.S. 299, 307 (1986) (internal quotations omitted). Abstract values of a constitutional right may not form the basis for § 1983 damages. *Id*. at 308. "Damages based on the abstract 'value' or 'importance' of constitutional rights are not a permissible element of compensatory damages." *King v. Zamiara*, 788 F.3d 207, 213 (6th Cir. 2015) (citations omitted). To the extent Plaintiff seeks to assert damages based on the importance of constitutional rights at stake, such evidence is irrelevant, and any probative value is substantially outweighed by the risk of unfair prejudice because it asks the jury to make a determination of damages outside of those that may be recovered. *United States v. Abel*, 469 U.S. 45, 52 (1984). Judge Roberts granted a similar motion in *limine*. *Slappy v. City of Detroit*, No. 19-10171, 2021 WL 2986284, at *7 (E.D. Mich. July 15, 2021) **(Exhibit A)** (granting

defendants motion in part to prevent plaintiff from asking the jury to assign a numerical value to the importance of abstract constitutional rights in any compensatory damages calculation). Thus, this evidence must be excluded.

## CONCLUSION

Defendants respectfully request this Court enter an order in *limine* precluding Plaintiff from offering any arguments regarding the value of constitutional rights at trial. The Court should instruct Plaintiff and his witnesses of the Court's ruling and that the content of this motion and the Court's ruling should not be conveyed to the jury.

Respectfully submitted,

**BOWMAN AND BROOKE LLP**

By: /s/*Sunny Rehsi*
Sunny Rehsi (P80611)
101 W. Big Beaver Road.,
Suite 1100 Troy, MI 48084
248.205.3300
sunny.rehsi@bowmanandbrooke.com

Adam Masin (Admitted 5/1/2025)
750 Lexington Avenue
New York, NY 10022
646.914.6790
adam.masin@bowmanandbrooke.com

Rachel B. Weil (Admitted 7/16/25)
123 South Broad Street, Suite 1512
Philadelphia, PA 19109
267.908.7097
rachel.weil@bowmanandbrooke.com

*Attorneys for Defendants CHS TX, Inc. d/b/a YesCare and Keith Papendick, M.D.*

## CERTIFICATE OF SERVICE

I certify that on July 30, 2025, I electronically filed the foregoing paper with the clerk of the United States District Court, Eastern District Southern Division using the ECF system which will send notification of such filing to the following:

**Ian T. Cross** (P83367)
Cross Law PLLC
Attorneys for Plaintiff
402 W. Liberty St.
Ann Arbor, MI  48103
724.994.9590
ian@lawinannarbor.com

**Laurence H. Margolis** (P69635)
Margolis Law Firm
Attorneys for Plaintiff
214 South Main St., Suite 202
Ann Arbor, MI 48104
734.994.9590
assistant@lawinannarbor.com

**Thomas G. Hackney** (P81283)
Hackney Odlum & Dardas Michigan
Attorneys for Keith Papendick
Bayview Professional Center
10850 E. Traverse Hwy., Suite 4440
Traverse City, MI 49684
231.642.5056
thackney@hodlawyers.com

**Jonathan R. Marko** (P72450
**Michael L. Jones** (P85223)
Marko Law, PLLC
220 W. Congress, 4th Floor
Detroit, MI 48226
313.777.7529
jon@markolaw.com
michael@markolaw.com

**BOWMAN AND BROOKE LLP**

By:   /s/*Sunny Rehsi*
Sunny Rehsi (P80611)
101 W. Big Beaver Road.,
Suite 1100 Troy, MI 48084
248.205.3300
sunny.rehsi@bowmanandbrooke.com

Adam Masin (Admitted 5/1/2025)
750 Lexington Avenue
New York, NY 10022
646.914.6790
adam.masin@bowmanandbrooke.com

32199372

5

        Rachel B. Weil (Admitted 7/16/25)
        123 South Broad Street, Suite 1512
        Philadelphia, PA 19109
        267.908.7097
        rachel.weil@bowmanandbrooke.com

*Attorneys for Defendants CHS TX, Inc. d/b/a YesCare and Keith Papendick, M.D.*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| KOHCHISE JACKSON,<br><br>    Plaintiff,<br><br>v.<br><br>CHX TX, INC., et al.,<br><br>    Defendants | Case No.: 2:19-cv-13382-GAD-PTM<br><br>U.S. DISTRICT COURT JUDGE<br>HON. GERSHWIN A. DRAIN |

**[PROPOSED] ORDER ON DEFENDANTS' MOTION IN LIMINE TO PRECLUDE PLAINTIFF FROM OFFERING ANY ARGUMENTS REGARDING THE VALUE OF CONSTITUTIONAL RIGHTS**

Upon consideration of Defendants Motion, and any response by Plaintiff filed thereto, the Court GRANTS Defendants' motion in *limine* for the reasons stated therein and Orders that Plaintiff is precluded from offering any arguments regarding the value of constitutional rights at trial in this case. To the extent Defendants objected to an exhibit on Plaintiff's Proposed Exhibit List by referring to this Motion, the Defendants' Objections are SUSTAINED for the reasons stated herein and the exhibits are EXCLUDED from trial.

Dated: _____

                 Hon. Gershwin A. Drain

32199372