## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

KOHCHISE JACKSON,

              Plaintiff,

v.

CHS TX, INC., et al.,

              Defendants

Case No.:  2:19-cv-13382-GAD-PTM

U.S. DISTRICT COURT JUDGE
HON. GERSHWIN A. DRAIN

## DEFENDANTS' MOTION *IN LIMINE* TO PRECLUDE PLAINTIFF FROM OFFERING EVIDENCE THAT IS UNRELATED TO CORIZON'S PROVISION OF COLOSTOMY CARE

32154690

# <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES ......................................................................iv

STATEMENT OF ISSUES ........................................................................v

CONTROLLING OR MOST APPROPRIATE AUTHORITIES...........................vi

INTRODUCTION ...................................................................................1

ARGUMENT .......................................................................................2

CONCLUSION .....................................................................................9

[PROPOSED] ORDER ON DEFENDANTS' MOTION *IN LIMINE*
    TO PRECLUDE PLAINTIFF FROM OFFERING EVIDENCE
    THAT IS UNRELATED TO CORIZON'S PROVISION OF
    COLOSTOMY CARE .........................................................................13

# TABLE OF AUTHORITIES

Page(s)

Cases

*Andrews v. Marshall*, No. 216CV814FTM99MRM,
     (M.D. Fla. May 8, 2019), aff'd, 845 F. App'x 849 (11th Cir.2021) .......................7
*Arias v. Allegretti*,
      *No. 05 C 5940, 2008* WL 191185 (N.D. Ill. Jan. 22, 2008) ...................................4
*Bell v. Washington*,
     No. 21-cv-10705, 2022 WL 19518444 (E.D. Mich. Dec. 19, 2022) .....................7
*Bonton v. City of New York*,
     No. 3 Civ. 2833 (SAS), 2004 WL 2453603 (S.D.N.Y. Nov. 3, 2004) .................5
*Burgess v. Fischer*,
     735 F.3d 462 (6th Cir. 2013) ................................................................................3
*Caruso v. Solorio*,
     No. 1:15-CV-780 AWI EPG(PC),  2021 WL 22498 (E.D. Cal. Jan. 4, 2021) ......4
*Constantino v. City of Atlantic City*,
     152 F. Supp. 3d 311 (D.N.J. April 10, 2015) ......................................................4
*Cunningham v. Hoff*,
     No. 16-CV-01941-MJW, 2017 WL 2311210 (D. Colo. May 26, 2017)...............4
*Curtis v. City of Detroit*,
     No. 21-12342, 2023 WL 1475068 (E.D. Mich. Feb. 2, 2023) ..............................3
*Davis v. D.C.*,
     156 F. Supp. 3d 194 (D.D.C. 2016) ......................................................................4
*De-Leon Reyes v. Guevara*,
     No. 18 C 2312, 2019 WL 4278043 (N.D. Ill. Sept. 10, 2019) .............................3
*Fairfield v. Waukesha County*,
     No. 23-CV-873-JPS, 2024 WL 1637493 (E.D.Wisc. Apr. 16, 2024)...................4
*Howell v. Wexford Health Sources, Inc.*,
     987 F.3d 647 (7th Cir. 2001) ...........................................................................3, 8
*Jackson v. Corizon Health, Inc.*,
     No. 20-14737, 2022 WL 303288 (11th Cir. Feb. 2, 2022).....................................8
*North v. Cuyahoga Cnty.*,
     754 F. App'x 380 (6th Cir. 2018) .........................................................................2
*Simpson v. Midland-Ross Corp.*,
     823 F.2d 937 (6th Cir. 1987).................................................................................5
*State Farm Mut. Auto. Ins., Co. v. Campbell*,
     538 U.S. 408 (2023) ..............................................................................................8

*Thomas v. City of Chattanooga*,
　398 F.3d 426 (6th Cir. 2005) ................................................................2
*Victor v. Advanced Corr. Healthcare, Inc.*,
　771 F. Supp. 3d 912 (E.D. Mich. 2025) ...............................................2
*Woodall v. Wayne Cnty.*,
　No. 17-13707, 2023 WL 119650 (E.D. Mich. Jan. 6, 2023)..................3

Rules

Fed. R. Evid. 403 ...........................................................................................9
Federal Rules of Evidence 401, 402, 403, 404, 701, 702 and 801 ...........1
LR 7.1.............................................................................................................2

## <u>STATEMENT OF ISSUES</u>

1. **Whether the Court preclude Plaintiff from offering any testimony, evidence, opinions, or argument related to Corizon's business other than the provision of colostomy care, including evidence relating to: (1) patients, health care providers, medical conditions, diagnoses, care, or treatments, that are unrelated to colostomy care, or (2) Corizon's general business practices unrelated to colostomy care?**

   Defendants' Answer:  Yes.

   Plaintiff May Answer:  No.

   The Court should Answer:  Yes

## <u>CONTROLLING OR MOST APPROPRIATE AUTHORITIES</u>

- Fed. Rules. Evid. 401, 402, 403, 404, 701, 702, and 801.

- *Thomas v. City of Chattanooga*, 398 F.3d 426 (6th Cir. 2005).

-  *North v. Cuyahoga Cnty*., 754 F. App'x 380 (6th Cir. 2018).

- *Woodall v. Wayne Cnty*., No. 17-13707, 2023 WL 119650 (E.D. Mich. Jan. 6, 2023).

- *Curtis v. City of Detroit*, Case No. 21-12342, 2023 WL 1475068 (E.D. Mich. Feb. 2, 2023).

- *Simpson v. Midland-Ross Corp.,* 823 F.2d 937 (6th Cir. 1987).

## **INTRODUCTION**

Pursuant to Federal Rules of Evidence 401, 402, 403, 404, 701, 702 and 801, Defendants CHS TX, Inc. and Dr. Keith Papendick (collectively "Defendants"), by and through counsel, move *in limine* to preclude Plaintiff from offering any testimony, evidence, opinions, or argument related to Corizon's business other than the provision of colostomy care, including evidence relating to: (1) patients, health care providers, medical conditions, diagnoses, care, or treatments, that are unrelated to colostomy care, or (2) Corizon's general business practices unrelated to colostomy care.[1]

As discussed herein, Plaintiff cannot demonstrate the relevancy of such evidence to this case because Plaintiff failed to produce admissible expert evidence that random stories, experiences, or practices that are unrelated to colostomy care constitute a representative sample adequate to demonstrate that Corizon was engaged in a "clear and persistent pattern of illegal activity" that relates to Plaintiff's

---

[1] This motion *in limine* overlaps in part with the motion *in limine* to preclude evidence from outside of Michigan, as all of Plaintiff's proposed evidence about patient care outside of Michigan does not relate to colostomy care. Both that motion and this motion also overlap in part with the motions *in limine* to exclude Jan Watson, M.D., Critisn Rettler, P.A., and Sonya Fulks, because their respective proposed testimony is about random medical conditions unrelated to colostomy care. Although evidence relating to colostomy care would *theoretically* be admissible in this case, Defendants explain in a separate motion *in limine* why Plaintiff's evidence relating to colostomy patients other that the Plaintiff is not admissible.

1

colostomy reversal decision. What may or may not have happened to random patients has no bearing on Plaintiff's care, and disparate stories unsupported by expert testimony cannot serve as a basis for an Eighth Amendment "pattern" claim or punitive damages.

Pursuant to LR 7.1, the undersigned counsel certifies that on July 25, 2025, the parties met and conferred about the instant motion. Plaintiff did not agree to refrain from seeking admission of evidence discussed herein.

## **ARGUMENT**

This trial is about whether Kohchise Jackson had a Constitutional right to have a colostomy reversal surgery approved by Corizon Health, Inc. ("Corizon"), and/or Dr. Papendick in April 2017 while Plaintiff was incarcerated in the Michigan Department of Corrections ("MDOC"). During the 2017-2019 period, Corzion was responsible for the healthcare of about 44,000 patients in correctional facilities in Michigan. *See* **Exhibit A** (Corizon MDOC Contract).

It is Plaintiff's burden to produce admissible evidence supporting a *Monell* "pattern" claim against Corizon. To do so, Plaintiff must establish that his care was part of a "clear and persistent pattern of *illegal* activity." *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005) (emphasis added). There is no "illegal activity" for purposes of a *Monell* pattern without a constitutional violation. *See North v. Cuyahoga Cnty.*, 754 F. App'x 380, 389 (6th Cir. 2018); *Victor v.*

*Advanced Corr. Healthcare, Inc.,* 771 F. Supp. 3d 912, 923 (E.D. Mich. 2025) ("it is well-settled that *Monell* liability will not lie absent a constitutional violation."). Further, the pattern of alleged illegality must be "closely related to the violation the plaintiff says []he suffered." *Woodall v. Wayne Cnty*., No. 17-13707, 2023 WL 119650, at *4 (E.D. Mich. Jan. 6, 2023) (**Exhibit B**)*; Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013) (no "prior instances of similar ***misconduct*…") (emphasis added); *Howell v. Wexford Health Sources, Inc.*, 987 F.3d 647 (7th Cir. 2001) (experiences of four knee patients "did not show sufficient similarity to permit a reasonable inference that [the plaintiff] and these four witnesses suffered ***similar constitutional violations*** caused by a common, widespread practice.") (emphasis added).

It is undisputed that Corizon did not have an express policy to deny all colostomy reversal surgeries.  Absent an express illegal policy, a plaintiff attempting to prove an illegal pattern must establish that they relied on a "sufficient sample size" of similar incidents in order to establish "meaningful conclusions" about the existence of the alleged illegal pattern.  *See De-Leon Reyes v. Guevara*, No. 18 C 2312, 2019 WL 4278043 (N.D. Ill. Sept. 10, 2019) (requiring review of four years of files of similar incidents) (**Exhibit C**); *Curtis v. City of Detroit*, Case No. 21-12342, 2023 WL 1475068, at *2 (E.D. Mich. Feb. 2, 2023) (finding "representative sample of 15 officers who served on drag racing detail is appropriate" for purposes

of a *Monell* claim about that detail) (**Exhibit D**); *Fairfield v. Waukesha County*, Case No. 23-CV-873-JPS, 2024 WL 1637493, at *8 (E.D. Wisc. Apr. 16, 2024) (requiring "representative sample" of inmate intake files through "judgment sampling" methodology" or other means to avoid "contentions that too 'small [a] set of sample files is not methodologically sound,' or otherwise insufficient to establish a *Monell* claim") (**Exhibit E**); *Caruso v. Solorio*, No. 1:15-CV-780 AWI EPG(PC), 2021 WL 22498, at *25 (E.D. Cal. Jan. 4, 2021) ("evidence of one other constitutional violation…will not establish a policy, practice, or custom because the sample size is too small.") (**Exhibit F**); *Cunningham v. Hoff*, No. 16-CV-01941-MJW, 2017 WL 2311210, at *4 (D. Colo. May 26, 2017) ("Three cases in a twelve month period, even assuming all of the facts as alleged are true, is simply too small a sample size to support an inference that Aurora maintains constitutionally dubious customs or policies.") (**Exhibit G**); *Davis v. D.C.,* 156 F. Supp. 3d 194, 206 (D.D.C. 2016) ("establishing Monell liability will be no walk in the park…if the sample size of search warrants examined was no sufficiently large to produce a statistically significant result"); *Constantino v. City of Atlantic City*, 152 F. Supp. 3d 311, 330 (D.N.J. April 10, 2015) (ordering production of 721 police files based on expert police statistician's "detailed expert report" identifying the number of files needed for a "representative sample" to perform "a process or qualitative analysis and a multiple regression statistical analysis"); *Arias v. Allegretti*, No. 05 C 5940, 2008

WL 191185, at *3 (N.D. Ill. Jan. 22, 2008) (expert in case about sexual misconduct reviewed four years of complaint files involving sexual misconduct looking for "similar misconduct.") (**Exhibit H**).[2]

Moreover, like any other evidence, the statistical analysis must be admissible. *See Bonton v. City of New York*, No. 03 Civ.2833(SAS), 2004 WL 2453603, *4 (S.D.N.Y. Nov. 3, 2004) (excluding expert statistical analysis that failed to control for nondiscriminatory factors because it failed to demonstrate pattern of discrimination) (**Exhibit I**).

Plaintiff has not disclosed an expert to perform any statistical or forensic analysis of Corizon's patient care, much less relating to colostomy care, which is the only relevant medical subject in this case.  There is certainly no expert who will testify that the random stories about random patients or medical conditions that Plaintiff wants to introduce constitute a ***representative sample*** of patients demonstrating a pervasive illegal patten, much less the same illegal pattern supposedly at issue in Plaintiff's case.  Plaintiff simply chose not to retain an expert

---

[2] An analogous pattern claim is unlawful employment discrimination, where statistical evidence of discriminatory practices must be based on a sufficient sample size "in a relevant context" to be probative of discrimination. *See, e.g., Simpson v. Midland-Ross Corp.,* 823 F.2d 937, 943 (6th Cir. 1987).

to perform work necessary to produce admissible pattern evidence.[3]  Just as it would be ludicrous for Defendants to call thousands of random satisfied patients to trial to testify about the great care they received for random medical conditions, it is equally ludicrous for Plaintiff to cherry-pick random stories from random people about random medical conditions that have nothing to do with colostomy care in Michigan.

Likewise, Plaintiff has also not disclosed any expert who has performed an analysis of Corizon's general business practices or costs relating to patient care, including surgical approvals, or analyzed how any of these approvals impacted Corizon's business or finances under its contract in Michigan.  Plaintiff has no expert who analyzed Corizon's business in any way to identify a that statistically meaningful number of Corizon approval decisions were motivated by cost and not medical reasons.

The various non-colostomy care that Plaintiff wants to introduce, for example, includes references to hearing aids and cataract surgeries. (See ECF No. 66). Plaintiff in particular relies on a June 20, 2012, consultation within the MDOC where a patient was denied a hearing aid, as he could "perceive a whispered voice." (*See* ECF No. 66-32).  The hearing aid was denied as there was no medical necessity for it. (*See* ECF Nos. 66-33 and 66-34).  Plainitff has no expert or medical evidence

---

[3] As Defendants' separate *motion in limine* points out, Plaintiff did not even produce a medical expert to opine that Corizon failed to provide a medically necessary colostomy reversal to ***any*** patient other than Plaintiff.

about this patient.  Nonetheless, the granting or denying of a hearing aid, from 2012, five years before Plaintiff was in the MDOC, is irrelevant to a case about colostomy care.  This evidence will only confuse the jury and thus, should not be permitted. Likewise, Plaintiff's reliance on a cataract surgery being denied back in 2008, is also irrelevant and unsupported by expert medical evidence.

As discussed more fully in Defendants' separate motions *in limine*, Plaintiff is also attempting to rely on scattershot testimony about non-colostomy patients from witnesses who would testify about their brief experiences in Arizona and Oregon, and a witness whose only experience in the MDOC relates to cancer patients.  None of this testimony has any bearing on Plaintiff's colostomy care, and there is no expert to opine these random stories are representative of an illegal pattern that impacted Plaintiff's colostomy care in the MDOC.

A *lawyer* merely cobbling together random stories fails to provide admissible illegal pattern evidence. *See Andrews v. Marshall*, No. 216CV814FTM99MRM, 2019 WL 11638833, at \*11 (M.D. Fla. May 8, 2019), *aff'd,* 845 F. App'x 849 (11th Cir. 2021) (news articles dealing Corizon's poor performance in prisons and jails, relating to denying or delaying treatment to inmates who need serious medical care, were inadequate as they did not occur in the County at issue and involved other states, and did not affect the plaintiff's claim) (**Exhibit J**); *Bell v. Washington*, No. 21-cv-10705, 2022 WL 19518444, at \*2 (E.D. Mich. Dec. 19, 2022) (lawsuits filed

against Corizon in other states say nothing about its liability or whether it provided negligent care in MDOC prisons) (**Exhibit K**); *see also Jackson v. Corizon Health, Inc*., No. 20-14737, 2022 WL 303288, at \*6 n.4 (11th Cir. Feb. 2, 2022) ("[t]he existence of other lawsuits against Corizon involving the provision of medical services to inmates in other jails and prisons does not create a genuine issue of material fact as to the existence of the alleged policy, custom, or practice at Columbia Correctional Institute") (**Exhibit L**).

For example, in *Howell v. Wexford Health Sources, Inc.*, 987 F.3d 647 (7th Cir. 2021), the Seventh Circuit affirmed the exclusion of evidence of four other inmates who alleged inadequate care because they "did not suffer [] similar constitutional violations." *Id*. at 658. The Seventh Circuit made it clear under a *Monell* claim, the procedure and injury type was crucial to the relevance or irrelevance of other prisoners' records.  *Id.* at 657-58. The evidence was also excluded because there was insufficient information regarding the details of other inmates' medical records and conditions.  *Id*.

To the extent Plaintiff desires to rely on such evidence to try to substantiate his punitive damages claim, such evidence is also inadmissible for that purpose.  *See State Farm Mut. Auto. Ins., Co. v. Campbell*, 538 U.S. 408, 421-422 (2023) ("A defendant's dissimilar acts, independent from the acts upon which liability was premised, may not serve as the basis for punitive damages.  A defendant should be

punished for the conduct that harmed the plaintiff, not for being an unsavory individual or business. Due process does not permit courts, in the calculation of punitive damages, to adjudicate the merits of other parties' hypothetical claims against a defendant under the guise of the reprehensibility analysis…"). Thus, this evidence must be excluded.

In addition, the danger of unfair prejudice and confusion of the issues substantially outweighs the non-existent probative value of random stories about non-colostomy patients. *See* Fed. R. Evid. 403. It is obvious that Plaintiff wants to use these stories about non-colostomy patients not to prove anything relevant about the decisions related to Plaintiff's colostomy care, but to inflame the jury against Defendants about the care provided to non-colostomy patients. The Court should therefore exclude this evidence under Rule 403.

## CONCLUSION

For the foregoing reasons, the Court should preclude Plaintiff from offering any testimony, evidence, opinions, or argument related to Corizon's business other than the provision of colostomy care, including evidence relating to: (1) patients, health care providers, medical conditions, diagnoses, care, or treatments, that are

unrelated to colostomy care, or (2) Corizon's general business practices unrelated to

colostomy care.


Dated:  July 30. 2025                    Respectfully submitted,

                                         **BOWMAN AND BROOKE LLP**

                         By:    /s/*Sunny Rehsi*
                                Sunny Rehsi (P80611)
                                101 W. Big Beaver Road.,
                                Suite 1100 Troy, MI 48084
                                248.205.3300
                                sunny.rehsi@bowmanandbrooke.com

                                Adam Masin (Admitted 5/1/2025)
                                750 Lexington Avenue
                                New York, NY 10022
                                646.914.6790
                                adam.masin@bowmanandbrooke.com

                                Rachel B. Weil (Admitted 7/16/25)
                                123 South Broad Street, Suite 1512
                                Philadelphia, PA 19109
                                267.908.7097
                                rachel.weil@bowmanandbrooke.com

                                *Attorneys for Defendants CHS TX, Inc. d/b/a*
                                *YesCare and Keith Papendick, M.D.*

## CERTIFICATE OF SERVICE

I certify that, on July 30, 2025, a copy of the foregoing document in the above-captioned proceeding has been served upon the attorneys listed below via electronic mail:

**Ian T. Cross** (P83367)
Cross Law PLLC
Attorneys for Plaintiff
402 W. Liberty St.
Ann Arbor, MI 48103
724.994.9590
ian@lawinannarbor.com

**Laurence H. Margolis** (P69635)
Margolis Law Firm
Attorneys for Plaintiff
214 South Main St., Suite 202
Ann Arbor, MI 48104
734.994.9590
assistant@lawinannarbor.com

**Jonathan R. Marko** (P72450)
**Michael L. Jones** (P85223)
Marko Law, PLLC
220 W. Congress, 4th Floor
Detroit, MI 48226
313.777.7529
jon@markolaw.com
michael@markolaw.com

Respectfully submitted,

**BOWMAN AND BROOKE LLP**

By:     /s/*Sunny Rehsi*
Sunny Rehsi (P80611)
101 W. Big Beaver Road.,
Suite 1100 Troy, MI 48084
248.205.3300
sunny.rehsi@bowmanandbrooke.com

Adam Masin (Admitted 5/1/2025)
750 Lexington Avenue

New York, NY 10022
646.914.6790
adam.masin@bowmanandbrooke.com

Rachel B. Weil (Admitted 7/16/25)
123 South Broad Street, Suite 1512
Philadelphia, PA 19109
267.908.7097
rachel.weil@bowmanandbrooke.com

*Attorneys for Defendants CHS TX, Inc. d/b/a YesCare and Keith Papendick, M.D.*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

KOHCHISE JACKSON,

           Plaintiff,

v.

CHS TX, INC., et al.,

           Defendants

Case No.:  2:19-cv-13382-GAD-PTM

U.S. DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

---

### [PROPOSED] ORDER ON DEFENDANTS' MOTION *IN LIMINE* TO PRECLUDE PLAINTIFF FROM OFFERING EVIDENCE THAT IS UNRELATED TO CORIZON'S PROVISION OF COLOSTOMY CARE

Considering the instant motion *in limine*, and any response thereto, and for the reasons stated in the instant motion *in limine*, the Court hereby Orders that Plaintiff is precluded from offering any testimony, evidence, opinions, or argument related to Corizon's business other than the provision of colostomy care, including evidence relating to: (1) patients, health care providers, medical conditions, diagnoses, care, or treatments, that are unrelated to colostomy care, or (2) Corizon's general business practices unrelated to colostomy care.

To the extent Defendants objected to an exhibit on Plaintiff's Proposed Exhibit List by referring to this Motion, the Defendants' Objections are

SUSTAINED for the reasons stated herein and the Exhibits are EXCLUDED from

trial.


Dated:                                    _____
                                                      Hon. Gershwin A. Drain