# EXHIBIT K

Case 2:19-cv-13382-GAD-PTM  ECF No. 166-12, PageID.6734  Filed 07/30/25  Page 2 of 4

Bell v. Washington, Not Reported in Fed. Supp. (2022)

2022 WL 19518444
Only the Westlaw citation is currently available.
United States District Court, E.D.
Michigan, Southern Division.

Tyrone BELL, Plaintiff,
v.
Heidi WASHINGTON, et al., Defendants.

Case No. 21-cv-10705
|
Signed December 19, 2022

**Attorneys and Law Firms**

Tyrone Bell, Lapeer, MI, Pro Se.

Allan J. Soros, Michigan Department of Attorney General, MDOC Division, Lansing, MI, for Defendants Heidi Washington, Richard Russell, Gary Miniard, Jodie Anderson, R. Morgan, Tracey Raquepaw, James Bischer, Mark Chalker, Gary Miller, Margaret Anderson, William Daniels, Matthew Aldrich, Michael Dew, Brandon Deshone, Cheri Crawley, Carol Gross, Geron Johnson, Curtina Jones, Jolene Kanyo, Barbara Kopka, Kathleen Leffingwell, Susan McCalley, Melinda Reuther, Susan Smith, Samantha Stack.

### REPORT AND RECOMMENDATION TO DISMISS THE CASE

ELIZABETH A. STAFFORD, United States Magistrate Judge

**\*1** Plaintiff Tyrone Bell, a pro se prisoner in the custody of the Michigan Department of Corrections (MDOC), brings this civil rights action under 28 U.S.C. § 1983, alleging that the 30 named defendants failed to implement or follow adequate COVID-19 protocols. ECF No. 203. The Honorable Shalina D. Kumar referred the case to the undersigned to resolve all pretrial matters under 28 U.S.C. § 636(b)(1). ECF No. 208. The Court continues to **RECOMMEND** that the case be **DISMISSED**.

On October 18, 2022, the Court ordered Bell to file an amended complaint correcting pleading defects by November 4, 2022. ECF No. 259, PageID.1057-1061. Bell did not comply by the deadline, so the Court recommended dismissal. ECF No. 272. On December 13 and 15, almost six weeks after the deadline, Bell filed two identical amended complaints. ECF No. 276; ECF No. 279.

Bell says his filing was delayed because the prison was out of "required legal materials needed to produce and mail" his amended complaint. ECF No. 276, PageID.1614 (cleaned up). This claim is not credible. Bell did not explain what legal materials he lacked or how this prevented him from filing an amended complaint. And contrary to Bell's claim, he made several filings from October 18 to November 4, and several more in the weeks after the deadline. *See* ECF No. 262; ECF No. 263; ECF No. 265; ECF No. 266; ECF No. 268; ECF No. 269. Yet he did not file a motion requesting more time to file an amended complaint and failed to file an amended complaint until the Court recommended dismissal.

Bell's proposed 43-page amended complaint is almost identical to the complaint the Court determined was deficient and suffers from the same flaws. *Compare* ECF No. 203 *with* ECF No. 279. And the few revisions to the complaint fail to cure the defects identified in the October 2022 order.

The amended complaint refers to defendants by name in some pleadings that previously made blanket reference to "defendants," "medical personnel," or "administration." *See, e.g.*, ECF No. 279, PageID.1682 (prisoners were not informing staff of COVID-19 symptoms because four named defendants were leaving COVID-positive prisoners' property unsecured); 1689 (17 named defendants failed "to follow and/or enforce" COVID-19 protocols); 1694 (six named defendants "placed" an inmate who came from a prison on outbreak status); 1695-1696, 1700 (13 named defendants allegedly allowed the transfer of COVID-positive inmates without following protocol, denied Bell medication, and allowed COVID-positive prisoners return to their cells).

These references to groups of defendants still fail to explain each defendant's individual actions giving rise to liability. As before, Bell casts "a wide net with broad allegations and conclusions without specifically

Case 2:19-cv-13382-GAD-PTM ECF No. 166-12, PageID.6735 Filed 07/30/25 Page 3 of 4

Bell v. Washington, Not Reported in Fed. Supp. (2022)

alleging which defendants acted in which particular manner." See *Braxton v. City of Buckhannon, W. Va.*, No. 2:20-CV-38, 2021 WL 1972280, at *4 (N.D.W. Va. Apr. 29, 2021), *adopted*, 2021 WL 1969968 (N.D.W. Va. May 17, 2021).

Bell also modified his allegations against MDOC Director Heidi Washington and other supervisory officials. First, Bell alleged that Washington authorized sending JPay messages about COVID-19 protocols and prisoner deaths to all prisoners within MDOC. ECF No. 279, PageID.1678, 1680, 1684, 1686, 1693. But he failed to explain how these acts violated his constitutional rights.

**\*2** Second, Bell alleged that Washington knew about the breaches of COVID-19 protocol but failed to intervene or train MDOC staff. *Id.* at PageID.1697-1698, 1706-1707, 1709. A government official's failure to supervise, control, or train an employee is not actionable under § 1983 unless the plaintiff shows " 'the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct.' " *Hays v. Jefferson Cnty., Ky.*, 668 F.2d 869, 874 (6th Cir. 1982). Mere knowledge of unconstitutional behavior is not enough without direct participation or encouragement. *Lillard v. Shelby Cnty. Bd. of Educ.*, 76 F.3d 716, 727-28 (6th Cir. 1996). Bell's allegations fail to show that Washington or the other supervisory officials actively participated in any unconstitutional behavior—only that they failed to act. See *Deangelis v. Nagy*, No. 2:21-CV-12722, 2022 WL 1598586, at *4 (E.D. Mich. May 19, 2022) (cleaned up). [1]

The amended complaint contains supplemental allegations that Corizon Healthcare and its CEO, James Hyman, failed to train employees who failed to follow COVID-19 protocols. ECF No. 279, PageID.1698, 1704. "The requirements for a valid § 1983 claim against a municipality apply equally to private corporations [such as Corizon] that are deemed state actors for purposes of § 1983." *Vorus v. Corizon Health Care*, No. 2:22-cv-128, 2022 WL 2951531, at *3 (W.D. Mich. July 27, 2022) (citing *Starcher v. Corr. Med. Sys., Inc.*, 7 F. App'x 459, 465 (6th Cir. 2001)). Like supervisory officials, municipalities are not vicariously liable for the acts of their employees and may be sued "only when a policy or custom of that [municipality] caused the injury in question." *Id.* (cleaned up).

Bell alleges that Corizon has a policy or custom of providing negligent care and denying treatment for serious medical needs, citing several other lawsuits against Corizon. ECF No. 279, PageID.1702-1703. That lawsuits were filed against Corizon in other states says nothing about its liability in those actions or whether it had a pattern of providing negligent care in MDOC prisons. See *Jackson v. Corizon Health, Inc.*, No. 20-14737, 2022 WL 303288, at *6 n.4 (11th Cir. Feb. 2, 2022) ("The existence of other lawsuits against Corizon involving the provision of medical services to inmates in other jails and prisons does not create a genuine issue of material fact as to the existence of the alleged policy, custom, or practice at Columbia Correctional Institute." (cleaned up)); *Hayes v. United States*, No. 1:16-cv-00131, 2016 WL3465950, at *4 (D.D.C. June 13, 2016) ("Alleging no more than the mere existence of generic, unidentified lawsuits and complaints is not enough to establish the custom or policy required to allege liability under Section 1983." (cleaned up)). Thus, Bell has failed to identify an unconstitutional policy or practice sustaining a claim against Corizon. Instead, he impermissibly seeks to hold Corizon vicariously liable for the alleged failures of its staff members. [2]

For these reasons, and the reasons described in the October 2022 order, the Court continues to **RECOMMEND** that the case be **DISMISSED**.

**All Citations**

Not Reported in Fed. Supp., 2022 WL 19518444

**Footnotes**

Bell v. Washington, Not Reported in Fed. Supp. (2022)

Case 2:19-cv-13382-GAD-PTM  ECF No. 166-12, PageID.6736   Filed 07/30/25   Page 4 of 4

| | |
|---|---|
| 1 | As noted in the October 2022 order, policy-based actions against Washington and other supervisory officials have also been unsuccessful since courts have found MDOC's COVID-19 measures adequate under the Eighth Amendment. *See, e.g.,* Watson v. Washington, No. 20-12021, 2021 WL 4480279, at *3-4 (E.D. Mich. Sept. 30, 2021). |
| 2 | Since Bell has not plausibly alleged that Corizon implemented an unconstitutional policy or custom or that Hyman had any personal involvement in the alleged violation of Bell's rights, any claims against Hyman should be dismissed. *See* Doherty v. Corizon Health, No. 3:19CV420, 2021 WL 2188954, at *5 (E.D. Va. May 28, 2021). |

**End of Document**  © 2025 Thomson Reuters. No claim to original U.S. Government Works.