# EXHIBIT A

Case 2:19-cv-13382-GAD-PTM ECF No. 167-2, PageID.6760 Filed 07/30/25 Page 2 of 4

Floyd's 99 Holding, LLC v. Jude's Barbershop, Inc., Not Reported in Fed. Supp. (2014)

2014 WL 12662311
Only the Westlaw citation is currently available.
United States District Court, E.D.
Michigan, Southern Division.

FLOYD'S 99 HOLDING, LLC, Plaintiff,

v.

JUDE'S BARBERSHOP, INC., et al., Defendants.

No. 12-cv-14696
|
Signed 07/03/2014

**Attorneys and Law Firms**

[Elizabeth Harris Getches](), [William Frederick Jones](), Moye White LLP, Denver, CO, [Homayune A. Ghaussi](), Warner, Norcross, Southfield, MI, [James Moskal](), Warner, Norcross, Grand Rapids, MI, for Plaintiff.

[James A. Jablonski](), Law Office of James A. Jablonski, Denver, CO, [Julie E. Nichols](), [Timothy F. Casey](), Collins, Einhorn, Farrell & Ulanoff, PC, Southfield, MI, for Defendants.

## ORDER GRANTING DEFENDANTS' UNOPPOSED MOTION *IN LIMINE* TO USE VIDEO DEPOSITIONS AT TRIAL

[Gerald E. Rosen](), Chief Judge

### I. INTRODUCTION

 *1  This matter is before the Court on the Motion of the Defendants for permission to use the video depositions of two non-party witnesses, Wade Weigel and Katie Trent, in lieu of their live testimony at the trial of this trademark infringement/unfair competition action, which is scheduled for September 2014. Wade Weigel is one of the owners of Rudy's Barbershop, which is a Seattle, Washington-based company with shops located in Washington, California, and New York. Katie Trent is the former Manager of Operations of Rudy's Barbershop. Both Weigel and Trent were deposed by Defendants' counsel pursuant to Notice[1] in November 2013 in Seattle, Washington. Both parties were represented by counsel. Plaintiff had the opportunity and did cross-examine the witnesses at their depositions.

According to Defendants, at his deposition, Weigel testified that one or more of the owners of Plaintiff's barbershop, Floyd's, visited a Rudy's Barbershop in Seattle, near the University of Washington, before opening the first Floyd's in Denver, Colorado. Weigel further testified that at the time of this visit, the Rudy's UW location had poster walls, toolboxes, and stainless steel counters. Defendants contend that this testimony is relevant (1) to refute Floyd's claim that its interior design is its original trade dress, and (2) to establish that the interior design and decorating scheme used by Floyd's is common and not unique to its barbershops.

 *2  Defendants seek to use Katie Trent's deposition testimony "to identify and authenticate numerous documents, including photographs, news articles and other documents showing the appearance of Rudy's shop," and claim that Trent's testimony is, therefore, relevant to the fact questions presented by Plaintiff's trade dress infringement claims. [*See* Defendants' Brief in Support of Motion *in Limine*, p. 2.]

Defendants represent that their Motion to permit the use of Weigel's and Trent's video deposition in lieu of live testimony is not opposed by Plaintiffs, but that Plaintiffs reserve the right to dispute Defendants' characterization of the testimony of these witnesses at trial.

### II. DISCUSSION

[Fed. R. Civ. P. 32]() governs the use of depositions at trial. In relevant part, [Rule 32]() provides:

> **(4)** *Unavailable Witness.* A party my use for any purpose the deposition of a witness whether or not a party, if the court finds:
>
> **(A)** that the witness is dead;
>
> **(B)** *that the witness is more than 100 miles from the place of hearing or trial* or is outside the United States, unless it appears that the witness's absence was procured by the party offering the deposition;

Case 2:19-cv-13382-GAD-PTM ECF No. 167-2, PageID.6761 Filed 07/30/25 Page 3 of 4

Floyd's 99 Holding, LLC v. Jude's Barbershop, Inc., Not Reported in Fed. Supp. (2014)

**(C)** that the witness cannot attend or testify because of age, illness, infirmity or imprisonment;

**(D)** that the party offering the deposition could not procure the witness's attendance by subpoena; or

**(E)** *on motion and notice, that exceptional circumstances make it desirable—in the interest of justice and due regard to the importance of live testimony in open court—to permit the deposition to be used.*

Fed. R. Civ. P. 32(a)(4) (emphasis added).

The decision whether or not to allow the use of a deposition at trial under Fed. R. Civ. P. 32(a) is a matter within the discretion of the trial court. *Allgeier v. United States*, 909 F.2d 869, 876 (6th Cir. 1990). The party seeking to admit a deposition at trial must prove that the requirements of Rule 32(a) have been met. *Id.*

Defendants contend that "[b]ecause of the witnesses' location in Seattle, it would be extremely inconvenient, time consuming, burdensome, and costly to have them appear at trial." [Defendants' Brief, p. 5.] Therefore, they claim that the requirements of both Rule 32(a)(4)(B) (i.e., the witness is more than 100 miles from the place of trial) and Rule 32 (a)(4)(E) ("exceptional circumstances") are satisfied.

The Sixth Circuit has held that

How exceptional the circumstances must be under Rule 32(a)(3)(E)[2] is indicated by its companion provisions. These authorize use of a deposition in lieu of live testimony only when the witness is shown to be unavailable or unable to testify because he is dead; at a great distance; aged, ill, infirm, or imprisoned; or unprocurable through a subpoena. [*See* Rule 32(a)(4)(A)-(D) ].

*Allgeier*, 909 F.2d at 876.

It is undisputed that Weigel and Trent live in Seattle, Washington, which is more than 100 miles from the place of trial. Therefore, it cannot be disputed that the requirements of Rule 32 (a)(4)(B) are met. Pursuant to Sixth Circuit precedent, deponents' residence more than 100 miles from the place of trial residence is also deemed to satisfy Rule 32(4)(E). *See Allgeier, supra.*

III. CONCLUSION

For the foregoing reasons,

IT IS HEREBY ORDERED that Defendants' Motion *in Limine* for permission to use the video depositions of Wade Weigel and Katie Trent at trial **[Dkt. # 38]** is GRANTED. The Court, however, makes no ruling at this time as to the *admissibility* of Weigel's or Trent's testimony and, therefore, the granting of this Motion is WITHOUT PREJUDICE to Plaintiff's right to object to the admission of the deponents' testimony at trial. *See* Fed. R. Civ. P. 32(b).

**\*3** SO ORDERED.

**All Citations**

Not Reported in Fed. Supp., 2014 WL 12662311

---

**Footnotes**

| | |
|---|---|
| 1 | The Notice appended as Exhibit 1 to Defendants' Motion, notices "the deposition of Rudy's Barbershop's [sic]," not the personal depositions of Wade Weigel or Katie Trent. As a notice of the deposition of the entity "Rudy's Barbershops," Defendants' Exhibit 1 does not comply with the requisites Fed. R. Civ. P. 30(b)(6). Pursuant to Rule 30(b)(6), a party may notice as a deponent "a public or private corporation, a partnership, an association, a governmental agency, or other entity," but such a notice also "must describe with reasonable particularity the matters for examination," and must advise Rudy's of its duty to "designate one or more officers, directors or managing agents ... who consent to testify on its behalf [or] set out the matters on which each |

Case 2:19-cv-13382-GAD-PTM   ECF No. 167-2, PageID.6762   Filed 07/30/25   Page 4 of 4

Floyd's 99 Holding, LLC v. Jude's Barbershop, Inc., Not Reported in Fed. Supp. (2014)

    person is designated to testify." *Id.* There is no record evidencing any timely objections by Plaintiff to the non-compliant Notice, hence, any non-compliance must be viewed as having been waived. *See* Fed. R. Civ. P. 32(d)(1).

2     This Rule was renumbered as 32(a)(4)(E) in 2007.

---

**End of Document**     © 2025 Thomson Reuters. No claim to original U.S. Government Works.