# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

KOHCHISE JACKSON,

      Plaintiff,                       Case No. 19-cv-13382

-vs-                                Hon. Gershwin A. Drain

CHS TX, INC., *et al.,*

      Defendants.

LAWRENCE H. MARGOLIS (P69635)
IAN T. CROSS (P83367)
**MARGOLIS & CROSS**
Attorneys for Plaintiff
214 S. Main St., Ste. 200
Ann Arbor, MI 48104
(734) 994-9590
larry@lawinannarbor.com
ian@lawinannarbor.com

JONATHAN R. MARKO (P72450)
MICHAEL L. JONES (P85223)
**MARKO LAW, PLLC**
Co-counsel for Plaintiff
220 W. Congress, 4th Floor
Detroit, Michigan 48226
P: (313) 777-7529 / F: (313) 470-2011
jon@markolaw.com
michael@markolaw.com

THOMAS G. HACKNEY (P81283)
**HACKNEY ODLUM & DARDAS**
Attorney for Keith Papendick, M.D.
10850 E. Traverse Hwy., Ste. 4440
Traverse City, MI 49684
(231) 642-5057
thackney@hodlawyers.com

ADAM MASIN
SUNNY REHSI (P80611)
**BOWMAN AND BROOKE LLP**
Attorney for CHS TX, Inc.
101 W. Big Beaver Rd., Ste. 1100
Troy, MI 48084
(248) 205-3300
Adam.masin@bowmanandbrooke.com
Sunny.rehsi@bowmanandbrooke.com

## PLAINTIFF'S MOTION IN LIMINE TO ALLOW EVIDENCE OF BID MATERIALS SUBMITTED BY DEFENDANT CORIZON IN RESPONSE TO DEPARTMENT OF CORRECTIONS REQUESTS FOR PROPOSALS

NOW COMES, Plaintiff, **KOHCHISE JACKSON**, by and through his attorneys, **MARGOLIS & CROSS** and **MARKO LAW, PLLC**, and for his Motion in Limine to Allow Evidence of Bid Materials Submitted by Defendant Corizon in Response to Department of Corrections RFPs, states as follows:

For reasons stated more fully in the attached Brief, which is hereby incorporated by reference, this Court should grant Plaintiff's Motion in Limine to Allow Evidence of Bid Materials Submitted by Defendant Corizon in Response to Department of Corrections RFPs.

WHEREFORE, for all of the reasons set forth above, Plaintiff respectfully requests that this Honorable Court GRANT his Motion in Limine to Allow Evidence of Bid Materials Submitted by Defendant Corizon in Response to Department of Corrections RFPs in its entirety and grant Plaintiff any other relief this Court deems just.

Respectfully submitted,

/s/ *Ian T. Cross*
Ian T. Cross (P83367)
Laurence H. Margolis (P69635)
**MARGOLIS & CROSS**
402 W. Liberty St.
Ann Arbor, MI 48103
(734) 994-9590
Email: ian@lawinannarbor.com

Date:  July 30, 2025

MARKOLAW.COM

220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226

P: (313) 777-7LAW
F: (313) 771-5785

MARKO LAW

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

KOHCHISE JACKSON,

      Plaintiff,

-vs-

Case No. 19-cv-13382

Hon. Gershwin A. Drain

CHS TX, INC., *et al.,*

      Defendants.

LAWRENCE H. MARGOLIS (P69635)
IAN T. CROSS (P83367)
**MARGOLIS & CROSS**
Attorneys for Plaintiff
214 S. Main St., Ste. 200
Ann Arbor, MI 48104
(734) 994-9590
larry@lawinannarbor.com
ian@lawinannarbor.com

JONATHAN R. MARKO (P72450)
MICHAEL L. JONES (P85223)
**MARKO LAW, PLLC**
Co-counsel for Plaintiff
220 W. Congress, 4th Floor
Detroit, Michigan 48226
P: (313) 777-7529 / F: (313) 470-2011
jon@markolaw.com
michael@markolaw.com

THOMAS G. HACKNEY (P81283)
**HACKNEY ODLUM & DARDAS**
Attorney for Keith Papendick, M.D.
10850 E. Traverse Hwy., Ste. 4440
Traverse City, MI 49684
(231) 642-5057
thackney@hodlawyers.com

ADAM MASIN
SUNNY REHSI (P80611)
**BOWMAN AND BROOKE LLP**
Attorney for CHS TX, Inc.
101 W. Big Beaver Rd., Ste. 1100
Troy, MI 48084
(248) 205-3300
Adam.masin@bowmanandbrooke.com
Sunny.rehsi@bowmanandbrooke.com

## BRIEF IN SUPPORT OF PLAINTIFF'S MOTION IN LIMINE TO ALLOW EVIDENCE OF BID MATERIALS SUBMITTED BY DEFENDANT CORIZON IN RESPONSE TO DEPARTMENT OF CORRECTIONS REQUESTS FOR PROPOSAL

MARKOLAW.COM

220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226

P: (313) 777-7LAW
F: (313) 771-5785

MARKO LAW

## CONCISE STATEMENT OF ISSUES PRESENTED

I.  Whether this Court should permit Plaintiff to present evidence at trial of materials submitted by Corizon to various state governments in response to Department of Corrections' healthcare contract bid solicitations?

**Plaintiff states: Yes.**
**This Court should state: Yes.**

## **CONTROLLING OR MOST APPROPRIATE AUTHORITY**

### **Federal Rules**

Fed. R. Evid. 401

Fed. R. Evid. 403

Fed. R. Ev. 801(d)(2)


### **Cases**

*United States v. Betro,* 115 F.4th 429 (6th Cir. 2004)

*Robinson v. Runyon,* 149 F.3d 507 (6th Cir. 1998)

*United States v. Clark,* 24 F.4th 565 (6th Cir. 2022)

## <u>INTRODUCTION</u>

This motion seeks to allow admission into evidence and presentation at trial of materials that Corizon submitted to state governments in response to Requests For Proposals ("RFPs") for provision of healthcare services within state prison systems. Defendants have objected to admission of all of these materials under Rules 401, 402, 403, and 802.

These documents are highly relevant to proving Plaintiff's *Monell* claim. As the Court explained over five years ago in its Order denying the Corizon Defendants' Motion to Dismiss, "Plaintiff alleges that the [Corizon] Defendants denied him a colostomy reversal not based on the medical opinion of a medical professional on the appropriate course of treatment, but because of a policy or practice of delaying or denying all non-emergent or life threatening treatments in order to save money." (ECF No. 32, PageID.626). In its Order denying Corizon's Motion for Summary Judgment on the *Monell* claim, the Court found that "Plaintiff has provided sufficient circumstantial evidence that cost-cutting motives, rather than assessment of health risks and medical needs of patients, drive the approval of off-site referral procedures like colostomy reversals." (ECF No. 73, PageID.2985).

Much of this evidence consisted of Corizon's own statements in materials it submitted to state governments when bidding on public contracts. For example, in its bid for the 2013 Kansas Department of Corrections contract, Corizon explained that,

"[a]s a company, Corizon has targeted several 'Key Performance Indicators (KPI)' for improvement across our contracts companywide . . . thereby enhancing our ability to meet the budget expectations of each of our clients across the country." (ECF No. 66-23, PageID.2406). Corizon stated that these KPIs included:

> **"Inpatient days per/1000 offenders:** Measures volume of offsite care with the goal of reducing unnecessary offsite trips";

and,

> **"Offender patient referrals per/1000 offenders:** Measures volume of physician specialty visits and other outpatient services with the goal of reducing unnecessary offsite trips."

ECF No. 66-23, PageID.2406-2407 (emphasis in original).

Corizon further explained that "[o]ur main focus on these KPIs is to create a "laser" focus and to target our collective improvement efforts in these areas in order to improve our chances of success in meeting client and budget expectations." ECF No. 66-23, PageID.2407.

Corizon's discussion of its corporate cost-cutting initiatives appears throughout the bid materials that it submitted to multiple state governments at various times. In it's 2020 bid for the Michigan DOC contract, for example, Corizon proudly announced that it had cut spending on psychiatric medication for the prison population by over 60% since winning the psychiatric-services portion of the

contract for the MDOC in 2016, saving nearly ten million dollars in medication costs:



The success of this approach has been proven in Michigan. Shown in the graph below, upon transitioning the psychiatry contract from the MDOC's previous provider in June 2016, working with PharmaCorr and the MDOC, **we implemented initiatives that decreased psychotropic medication spend by 60%, averaging $204,362 per month for a total savings of $9.8M since the onset of the contract.** We also addressed the previous vendor's overutilization of "sleep" medications, such as Benadryl and Melatonin, by applying evidence-based interventions and one to one supervision and consultation for providers.

ECF No. 66-18, PageID.2286. In its 2012 bid for the renewal of the Tennessee Department of Corrections healthcare contract, Corizon trumpeted the massive savings on patient care that its Utilization Management program had already achieved in Tennessee:



## Corizon, Inc.'s Proven Ability to Control Costs for the TDOC

As a longstanding partner of the TDOC, we continuously strive to provide support to the TDOC in addressing budgetary needs. As such, we have collectively worked to manage costs appropriately for the TDOC while at the same time improving healthcare services for the inmate population. Throughout our proposal you will see the **experience and proven competence of our long-term staff** in analyzing and forecasting budget requirements enables us to deliver quality healthcare at the right cost. Corizon has the experience with the TDOC to understand and recognize cost trends, anticipate changes, and recommend actions to maximize cost savings. The following Corizon, Inc. program components have proven effective at achieving **positive clinical outcomes** while, in tandem, **controlling costs through increased utilization review management for both inpatient and outpatient services for the** TDOC throughout the duration of our contract that began in 2010. This cost savings is passed on to the TDOC through decreased utilization of officers for transport of patients to hospitals, clinics and emergency rooms.

**Cost Driver: Offsite Utilization**
**The Corizon, Inc. Solution for the TDOC**: Corizon, Inc. has developed and implemented a sophisticated utilization management program to support our Tennessee providers and local hospital partners, enabling Corizon, Inc. to provide *appropriate clinical care* and *improved continuity of services* while returning value to the state of Tennessee. Through improved utilization processes that have resulted in reductions in

| Corizon, Inc. Utilization Management at TDOC Facilities | | | | |
|---|---|---|---|---|
| | 2010 | 2011 | 2012 (YTD) | Percent Reduction |
| Inpatient Hospital Days/1,000 Inmates | 191.5 | 142.3 | 126.7 | **-34%** |
| Hospital Admissions/1,000 Inmates | 43.6 | 35.6 | 33.9 | **-22%** |
| Average Length of Hospital Stay | 4.6 | 4.1 | 3.8 | **-17%** |

inpatient days and inmate average length of stay, Corizon, Inc. has reduced the security costs associated with offsite transports since 2010 (pages 148-149). **This reduction in offsite hospital days translates to savings for the TDOC in transportation and correctional officer costs as well as improved safety for the community.**

ECF No. 66-21, PageID.2321.

This evidence is highly relevant to the issues in this case. It will assist jurors in making determinations as to why Mr. Jackson did not receive a colostomy reversal, and bears directly on Plaintiff's *Monell* claim that Defendant had a practice or policy of cutting costs on care for prisoners to save money for itself.

Page **9** of **15**

MARKOLAW.COM

220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226

P: (313) 777-7LAW
F: (313) 771-5785

## LAW AND ANALYSIS

The Federal Rules of Evidence set forth what constitutes relevant evidence:

> Evidence is relevant if:
>
> > (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and
> >
> > (b) the fact is of consequence in determining the action.

FRE 401.

Moreover, while motions in limine are more frequently used to exclude evidence, courts also permit motions in limine to include evidence before trial. *See Barrette Outdoor Living, Inc. v. Michigan Resin Representatives*, No. 11-CV-13335, 2015 WL 356996, at *12 (E.D. Mich. Jan. 27, 2015).

**I.    The Statements in Corizon's Public-Contract Bid Materials Are Highly Relevant to Show Defendant's Policy of Denying Prisoners Care in Order to Save Money**

The responses that Corizon submitted to healthcare-contract solicitations from various state Departments of Corrections are extremely relevant in this matter and should be admitted. Plaintiff has alleged in his Complaint a *Monell* claim, contending that Defendants had a policy of trying to save money by cutting or denying care to their prisoner patients. These records show Corizon itself bragging about its cost-cutting initiatives in its bid materials. Corizon's admitted "'laser' focus" on Key Performance Indicators such as "**Offender patient referrals**

**per/1000 offenders**" and "**Inpatient days per/1000 offenders**" is evidence of a concerted, intentional, companywide effort to reduce the number of times that prisoners receive treatment outside of a correctional facility, and to reduce the number of days that prisoners spend in community hospitals. Per Corizon's own customer solicitation materials, these initiatives were undertaken for the express purpose of saving money.

The statements in Corizon's bid materials also demonstrate that these were *company-wide* policies, not policies limited to, for example, operations in Kansas. Corizon specifically stated that it was targeting these specific KPIs "**across our contracts companywide** . . . thereby enhancing our ability to meet the budget expectations **of each of our clients across the country.**"   ECF No. 66-23, PageID.2406.

This evidence is thus highly relevant to Plaintiff's *Monell* claim, as it constitutes direct evidence of precisely what Plaintiff has alleged: "that cost-cutting motives, rather than assessment of health risks and medical needs of patients, drive the approval of off-site referral procedures like colostomy reversals." ECF No. 73, PageID.2985. "Under the Federal Rules, evidence is relevant if "it has any tendency to make a fact [of consequence] more or less probable than it would be without the evidence." *United States v. Betro,* 115 F.4th 429, 449 (6th Cir. 2004). "This threshold is low, and evidence is relevant if it 'advance[s] the ball' one inch." *Id.* (quoting

MARKOLAW.COM

220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226

P: (313) 777-7LAW
F: (313) 771-5785

MARKO LAW

*United States v. Lang*, 717 F. App'x 523, 538 (6th Cir. 2017)). Corizon's own statements about its cost-cutting initiatives in the bid materials it submitted to various state governments around the country easily clear the "low threshold" of relevance under Rule 401.

Corizon's own statements these materials also are not substantially more unfairly prejudicial than probative under Rule 403. In fact, the statements are not unfairly prejudicial at all. "Federal Rule of Evidence 403 prohibits the admission of evidence if there is a danger of *unfair* prejudice, not mere prejudice." *Robinson v. Runyon,* 149 F.3d 507, 515 (6th Cir. 1998). ""Unfair prejudice does not mean the damage to a defendant's case that results from the legitimate probative force of the evidence; rather it refers to evidence which tends to suggest a decision on an improper basis."" *Robinson,* 149 F.3d at 515 (quoting *United States v. Bonds,* 12 F.3d 540, 567 (6th Cir. 1993).

If the jury finds for Mr. Jackson because the evidence shows that, "Defendants denied him a colostomy reversal not based on the medical opinion of a medical professional on the appropriate course of treatment, but because of a policy or practice of delaying or denying all non-emergent or life threatening treatments in order to save money[,]" the jury will not have reached a decision on an improper basis. *See Order Adopting Report and Recommendation in Part,* ECF No. 32, PageID.626. Whether such a policy or practice existed is among the central factual

issues to be determined at trial, and Corizon's own statements about its initiatives to save money by reducing offsite referrals go directly to the question of whether such a policy or practice existed. While Rule 403 provides a balancing test for the exclusion of relevant evidence, such evidence may be excluded "only if the evidence's probative value is substantially outweighed by a danger of . . . unfair prejudice. The test is weighted strongly toward admission." *United States v. Clark,* 24 F.4th 565, 579 (6th Cir. 2022) (internal citations omitted). Corizon's bid materials easily pass the Rule 403 balancing test. The materials are highly probative and do not suggest a decision on any improper basis; there is no unfair prejudice at all in admitting them.

## II. The Statements in Corizon's Public-Contract Bid Materials Are Not Hearsay

Defendants raise a hearsay objection to the bid materials, but these records constitute admissions of an opposing party. As such, these records are not hearsay at all under the Federal Rules of Evidence. FRE 801(d)(2) provides that a statement is not hearsay if:

The statement is offered against an opposing party and:

> (A) was made by the party in an individual or representative capacity;

> (B) is one the party manifested that it adopted or believed to be true;

MARKOLAW.COM

220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226

P: (313) 777-7LAW
F: (313) 771-5785

MARKO LAW

(C) was made by a person whom the party authorized to make a statement on the subject;

(D) was made by the party's agent or employee on a matter within the scope of that relationship and while it existed; or

(E) was made by the party's coconspirator during and in furtherance of the conspiracy.

Here, these records were promulgated by Corizon to various state governments by agents authorized to submit such materials in response to state Department of Corrections public-contract bid solicitations. They clearly constitute opposing party statements and are thus not hearsay at all.

## CONCLUSION

WHEREFORE, for all of the reasons set forth above, Plaintiff respectfully requests that this Honorable Court GRANT his Motion in Limine Allow Evidence of bid materials submitted by Defendant Corizon in Reponse to Department of Corrections' Requests for Proposals in its entirety and grant Plaintiff any other relief this Court deems just.

Respectfully submitted,

/s/ *Ian T. Cross*
Ian T. Cross (P83367)
Laurence H. Margolis (P69635)
**MARGOLIS & CROSS**
402 W. Liberty St.

MARKOLAW.COM

220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226

P: (313) 777-7LAW
F: (313) 771-5785

MARKO LAW

Ann Arbor, MI 48103
(734) 994-9590
Email: ian@lawinannarbor.com

Date: July 30, 2025

### PROOF OF SERVICE

The undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each attorney of record on **July 30, 2025**, via:

☐ U.S. Mail                    ☐ Fax
☐ Hand Delivered          ☐ Overnight Carrier
☐ Certified Mail             ☐ Other:
☒ ECF System               ☐ Email

/s/ Ian T. Cross