# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

KOHCHISE JACKSON,

             Plaintiff,

v.

CHS TX, INC., et al.,

             Defendants.

Case No.:  2:19-cv-13382-GAD-PTM

U.S. DISTRICT COURT JUDGE
HON. GERSHWIN A. DRAIN

## **DEFENDANTS PROPOSED JURY INSTRUCTIONS**

32234333

## <u>TABLE OF CONTENTS</u>

NO. 1 – INTRODUCTION (*STIPULATED*) ............................................................1

NO. 2 – ROLE OF THE COURT (*STIPULATED*) ..................................................2

NO. 3 – ROLE OF THE JURY (*STIPULATED*) .....................................................3

NO. 4 – JUROR OATH (*STIPULATED*) ................................................................5

NO. 5 – JURY TO DISREGARD COURT'S VIEW (*STIPULATED*) ....................6

NO. 6 – CONDUCT OF COUNSEL (*STIPULATED*) .............................................8

NO. 7 – COMMON COUNSEL ................................................................................9

NO. 8 – SYMPATHY (*STIPULATED*) .................................................................10

NO. 9 – WHETHER PARTY IS INSURED IS IRRELEVANT
(*STIPULATED*) .......................................................................................11

NO. 10 – PUBLICITY (*STIPULATED*) ................................................................12

NO. 11 – INSTRUCTIONS AT BEGINNING OF TRIAL
(*STIPULATED*) .......................................................................................13

NO. 12 – NOTE TAKING BY JURY (*STIPULATED*) .........................................15

NO. 13 – CORPORATIONS AND CORPORATE
RESPONSIBILITY .....................................................................................16

NO. 14 – PREPONDERANCE OF THE EVIDENCE (*STIPULATED*)................17

NO. 15 – WHAT IS AND IS NOT EVIDENCE (*STIPULATED*)..........................19

NO. 16 – DIRECT AND CIRCUMSTANTIAL EVIDENCE
(*STIPULATED*) .......................................................................................21

NO. 17 – IMPEACHMENT BY CONVICTION OF CRIME ................................23

NO. 18 – JUDICIAL NOTICE AND STIPULATIONS
(*STIPULATED*) .......................................................................................24

NO. 19 – STATEMENT TO DOCTORS AND MEDICAL
PROFESSIONALS (*STIPULATED*)........................................................25

NO. 20 – USE OF DEPOSITIONS (*STIPULATED*) ............................................26

NO. 21 – INFERENCES (*STIPULATED*)..............................................................27

NO. 22 – PRESUMPTIONS (*STIPULATED*) .......................................................28

NO. 23 – WITNESS CREDIBILITY (*STIPULATED*) ...........................................29

NO. 24 – BIAS (*STIPULATED*) ................................................................................31

NO. 25 – INTEREST OF WITNESS (*STIPULATED*) ...........................................32

NO. 26 – DISCREPANCY IN TESTIMONY (*STIPULATED*)..............................33

NO. 27 – IMPEACHMENT BY PRIOR INCONSISTENT
STATEMENT (*STIPULATED*) .................................................................34

NO. 28 – EXPERT WITNESSES (*STIPULATED*)..................................................35

NO. 29 – RIGHT TO SUE FOR VIOLATION OF
CONSTITUTIONAL RIGHTS ...................................................................36

NO. 30 – THE EIGHTH AMENDMENT OF THE U.S.
CONSTITUTION........................................................................................37

NO. 31 – ELEMENTS TO ESTABLISH A CLAIM AGAINST
CORIZON ...................................................................................................38

NO. 32 – NO VICARIOUS LIABILITY ...................................................................39

NO. 33 – ELEMENTS TO ESTABLISH THE EXISTENCE OF A
POLICY, PRACTICE OR CUSTOM ........................................................40

NO. 34 – NO FORMAL POLICY ..............................................................................41

NO. 35 – ELEMENTS TO ESTABLISH CAUSATION UNDER
*MONELL* ....................................................................................................42

NO. 36 – NO LIABILITY IF NOT FINAL DECISION MAKER .........................43

NO. 37 – ELEMENTS TO ESTABLISH A § 1983 EIGHTH
AMENDMENT DELIBERATE INDIFFERENCE CLAIM
AGAINST KEITH PAPENDICK, M.D. ..................................................44

NO. 38 – OBJECTIVE COMPONENT OF AN EIGHTH
AMENDMENT CLAIM .............................................................................45

NO. 39 – SUBJECTIVE COMPONENT OF AN EIGHTH
AMENDMENT CLAIM .............................................................................46

NO. 40 –NEGLIGENCE DOES NOT SUFFICE.....................................................47

NO. 41 –MERE DISAGREEMENT DOES NOT SUFFICE...................................48

NO. 42 – ELEMENTS TO ESTABLISH CAUSATION.........................................49

NO. 43 – COMPENSATORY DAMAGES ............................................................50

NO. 44 – CAUSATION OF DAMAGES ............................................................51

NO. 45 – PUNITIVE DAMAGES ....................................................................52

NO. 46 – DELIBERATIONS-INTRODUCTION (*STIPULATED*) ........................54

NO. 47 – DUTY TO DELIBERATE TO UNANIMOUS VERDICT
(*STIPULATED*) ....................................................................................55

NO. 48 – DEADLOCK CHARGE: REACHING AGREEMENT
(*STIPULATED*) ....................................................................................57

NO. 49 – SELECTION OF FOREPERSON (*STIPULATED*) ...............................58

NO. 50 – RETURN OF VERDICT ...................................................................59

NO. 51 – SPECIAL VERDICT .......................................................................60

PLAINTIFF'S PROPOSED JURY INSTRUCTIONS AGREED TO
BY DEFENDANTS ..................................................................................61

    CV 2.01B - More Than One Defendant ..............................................62

    CV 2.03 - All Persons Equal Before the Law ....................................63

    CV 2.08 - Number of Witnesses and Evidence Presented ................64

    CV 2.08A - All Available Evidence Need Not Be Produced ............65

    CV 2.08C - Not Required to Accept Uncontradicted Testimony ......66

    CV 2.14 - Lawyers' Objections .........................................................67

    CV 4.01 - Introduction ......................................................................68

## <u>NO. 1 - INTRODUCTION (STIPULATED)</u>

Ladies and gentlemen, before you begin your deliberations, I now am going to instruct you on the law. You must pay close attention, and I will be as clear as possible.

It has been obvious to me and counsel that until now you have faithfully discharged your duty to listen carefully and observe each witness who testified. Your interest never flagged, and you have followed the testimony with close attention.

I ask you to give me that same careful attention as I instruct you on the law.

Authority:
Modem Federal Jury Instructions § 71.01, Part 71-1

1

## <u>NO. 2 – ROLE OF THE COURT (STIPULATED)</u>

You have now heard all of the evidence in this case as well as the final arguments of the lawyers for the parties.

My duty at this point is to instruct you as to the law.  It is your duty to accept these instructions of law and apply them to the facts as you determine them, just as it has been my duty to preside over the trial and decide what testimony and evidence is relevant under the law for your consideration.

On these legal matters, you must take the law as I give it to you.  If any attorney has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

You should not single out any instruction as alone stating the law, but you should consider my instructions as a whole when you retire to deliberate in the jury room.

You should not, any of you, be concerned about the wisdom of any rule that I state.  Regardless of any opinion that you may have as to what the law may be – or ought to be – it would violate your sworn duty to base a verdict upon any other view of the law than that which I give you.

Authority:
Modem Federal Jury Instructions § 71.01, Part 71-2
*Nolan v. Greene*, 383 F.2d 814 (6th Cir. 1967)
*Tyree v. New York C.R. Co.*, 382 F.2d 524 (6th Cir. 1967)

## <u>NO. 3 – ROLE OF THE JURY (STIPULATED)</u>

As members of the jury, you are the sole and exclusive judges of the facts. You pass upon the evidence. You determine the credibility of the witnesses. You resolve such conflicts as there may be in the testimony. You draw whatever reasonable inferences you decide to draw from the facts as you have determined them, and you determine the weight of the evidence.

In determining these issues, no one may invade your province or functions as jurors. In order for you to determine the facts, you must rely upon your own recollection of the evidence. What the lawyers have said in their opening statements, in their closing arguments, in their objections, or in their questions is not evidence. Nor is what I may have said – or what I may say in these instructions – about a fact issue evidence. In this connection, you should bear in mind that a question put to a witness is never evidence, it is only the answer which is evidence. But you may not consider any answer that I directed you to disregard or that I directed struck from the record. Do not consider such answers.

Since you are the sole and exclusive judges of the facts, I do not mean to indicate any opinion as to the facts or what your verdict should be.  The rulings I have made during the trial are not any indication of my views of what your decision should be as to whether or not the Plaintiff has proven his case.

I also ask you to draw no inference from the fact that upon occasion I asked questions of certain witnesses.  These questions were only intended for clarification or to expedite matters and certainly were not intended to suggest any opinions on my part as to the verdict you should render, or whether any of the witnesses may have been more credible than any other witnesses.  You are expressly to understand that the court has no opinion as to the verdict you should render in this case.

As to the facts, ladies and gentlemen, you are the exclusive judges. You are to perform the duty of finding the facts without bias or prejudice to any party.

Authority:   Modem Federal Jury Instructions § 71.01, Part 71-3
        *Nemir v. Mitsubishi Motors Corp*., 381 F.3d 540, 558 (6th Cir. 2004)

## NO. 4 – JUROR OATH (STIPULATED)

In determining the facts, you are reminded that you took an oath to render judgment impartially and fairly, without prejudice or sympathy and without fear, solely upon the evidence in the case and the applicable law. I know that you will do this and reach a just and true verdict.

Authority:
Modem Federal Jury Instructions § 71.01, Part 71-4

## <u>NO. 5 – JURY TO DISREGARD COURT'S VIEW (STIPULATED)</u>

I have not expressed nor have I intended to intimate any opinion as to which witnesses are or are not worthy of belief, what facts are or are not established, or what inference or inferences should be drawn from the evidence.  If any expression of mine has seemed to indicate an opinion relating to any of these matters, I instruct you to disregard it.  You are, I repeat, the exclusive, sole judges of all of the questions of fact submitted to you and of the credibility of the witnesses.  Your authority, however, is not to be exercised arbitrarily; it must be exercised with sincere judgment, sound discretion, and in accordance with the rules of law which I give you.  In making your determination of the facts in this case, your judgment must be applied only to that which is properly in evidence.  Arguments of counsel are not in evidence, although you may give consideration to those arguments in making up your mind on what inferences to draw from the facts which are in evidence.

From time to time the court has been called upon to pass upon the admissibility of certain evidence, although I have tried to do so, in so far as it was practicable, out of your hearing.  You have no concern with the reasons for any such rulings and you are not to draw any inferences from them.  Whether offered evidence is admissible is purely a question of law in the province of the court and outside the province of the jury.  In admitting evidence to which objection has been made, the court does not determine what weight should be given to such evidence, nor does it

6

pass on the credibility of the evidence.  Of course, you will dismiss from your mind, completely and entirely, any evidence which has been ruled out of the case by the court, and you will refrain from speculation or conjecture or any guesswork about the nature or effect of any colloquy between court and counsel held out of your hearing or sight.

Authority:
Modem Federal Jury Instructions § 71.01, Part 71-5

## NO. 6 – CONDUCT OF COUNSEL (STIPULATED)

It is the duty of the attorney on each side of a case to object when the other side offers testimony or other evidence which the attorney believes is not properly admissible.  Counsels also have the right and duty to ask the court to make rulings of law and to request conferences at the side bar out of the hearing of the jury. All those questions of law must be decided by me, the court.  You should not show any prejudice against an attorney or his client because the attorney objected to the admissibility of evidence, or asked for a conference out of the hearing of the jury or asked the court for a ruling on the law.

As I already indicated, my rulings on the admissibility of evidence do not, unless expressly stated by me, indicate any opinion as to the weight or effect of such evidence. You are the sole judges of the credibility of all witnesses and the weight and effect of all evidence.

Authority:
Modern Federal Jury Instructions § 71.01, Part 71-6

## NO. 7 – COMMON COUNSEL

Although the defendants in this trial are being represented by the same counsel, you are not to treat them as one person. Each defendant is entitled to your separate consideration. The question of whether liability has been proven is personal to each defendant and must be decided by you as to each defendant individual.

Authority:
Modern Federal Jury Instructions § 71.01, Part 71-8 (modified)
*Doran v. Salem Inn, Inc*., 422 U.S. 922, 927-29 (1975)

## NO. 8 – SYMPATHY (STIPULATED)

Under your oath as jurors you are not to be swayed by sympathy. You should be guided solely by the evidence presented during the trial, without regard to the consequences of your decision.

You have been chosen to try the issues of fact and reach a verdict on the basis of the evidence or lack of evidence.  If you let sympathy interfere with your clear thinking there is a risk that you will not arrive at a just verdict.  All parties to a civil lawsuit are entitled to a fair trial. You must make a fair and impartial decision so that you will arrive at the just verdict.

Authority:
Modern Federal Jury Instructions § 71.01, Part 71-10
*In re Murchison*, 349 U.S. 133 (1955)

## <u>NO. 9 – WHETHER PARTY IS INSURED IS IRRELEVANT (STIPULATED)</u>

Whether a party is insured has no bearing whatever on any issue that you must decide.

You must refrain from any inference, speculation, or discussion about insurance.

Authority:
Michigan Civil Jury Instructions § 3.06

## NO. 10 – PUBLICITY (STIPULATED)

Your verdict must be based solely on the evidence presented in this courtroom in accordance with my instructions. You must insulate yourselves from all information about this case, except what comes to you in this courtroom through the rules of evidence.  I will also tell you to avoid browsing, listening to or watching any internet, radio, television or social media discussion of the case.   You must completely disregard any report in the press, on the internet, television, social media or on the radio.  Indeed, it would be unfair to consider such reports, since they are not evidence and the parties have no opportunity of contradicting their accuracy or otherwise explaining them away. In short, it would be a violation to your oath as jurors to allow yourselves to be influenced in any manner by such publicity.

Authority:
Modern Federal Jury Instructions § 71.01, Part 71-12 (modified)
Modern Federal Jury Instructions § 71.01, Part 71-13 (modified)
Modern Federal Jury Instructions § 71.01, Part 71-14 (modified)
*Briggs v. United States*, 221 F.2d 636 (6th Cir. 1955)

## NO. 11 – INSTRUCTIONS AT BEGINNING OF TRIAL (STIPULATED)

Before we start the trial, let me give you a few "rules of the road."

First, you must not discuss the case with anyone. This includes discussing the case in person, in writing, by phone or electronic means, via text messaging, e-mail, Facebook, Snapchat, Instagram, TikTok, Twitter, blogging or on any internet chat room, website or other feature.  If you have to tell someone such as your spouse or your employer that you are serving on a jury and that the trial may last as late as [date], that's okay.  But when they inevitably ask you what the case is about, please tell them that you are under strict instructions from the judge not to discuss the case. The reason for this, obviously, is that we want you to decide this case solely on the evidence presented in this courtroom, and not on the basis of anything anyone who hasn't heard the evidence may think about the case.  If you are asked or approached in any way about your jury service or anything about this case, you should respond that you have been ordered by the judge not to discuss the matter, and you should report the contact to the court as soon as possible.

Along the same lines, you must not access any information about the case or do research on any issue that arises in the case from any outside source, including dictionaries, reference books, or anything on the internet.  And in the unlikely event you see anything in the media about this case, please turn away and pay it no heed.

13

Your sworn duty is to decide this case solely and wholly on the evidence presented in this courtroom.

Finally, you must not discuss the case even among yourselves until all the evidence has been presented and the case has been give to you for your deliberations. The reason for this is that the evidence will be presented on witness and one exhibit at a time, and it is important that you keep an open mind until you have heard all the evidence.

Authority:
Modern Federal Jury Instructions § 71.02, Part 71-15 (modified)

## NO. 12 – NOTE TAKING BY JURY (STIPULATED)

If you want to take notes during the course of the trial, you may do so. If you do take notes, be sure that your note-taking does not interfere with your listening to and considering all of the evidence.  Also, if you take notes, do not discuss them with anyone before or during your deliberations.  Your notes are to be used solely to assist you and are not to substitute for your recollection of the evidence in this case. The fact that a particular juror has taken notes entitles that juror's views to no greater weight than those of any other juror and your notes are not to be shown to any other juror during your deliberations.  If, during your deliberations, you have any doubt as to any of the testimony, you will be permitted to request that the official trial transcript which is being made of these proceedings be read to you.

Authority:   Modern Federal Jury Instructions § 71.02, Part 71-16
             *United States v. Johnson*, 584 F.2d 148 (6th Cir. 1978)

## NO. 13 – CORPORATIONS AND CORPORATE RESPONSIBILITY

In this case, the lawyers for the defense represent a corporation named CHS TX, Inc.  CHS was created in 2022, and is the defendant in the courtroom because of transactions it entered into with Corizon Health, Inc. in 2022 and because CHS continued Corizon's business.  For purposes of this trial, you should consider CHS and Corzion to be the same company.

The mere fact that one of the parties is a corporation does not mean it is entitled to any lesser consideration by you.  All litigants are equal before the law, and corporations, big or small, are entitled to the same fair consideration as you would give any other individual party.

Authority:   Modern Federal Jury Instructions § 72.01, Part 72-1 (modified)

## NO. 14 – PREPONDERANCE OF THE EVIDENCE (STIPULATED)

Plaintiff has the burden of proof for all issue(s) and has the burden of proving every disputed element of his claim to you by a preponderance of the evidence. If you conclude that Plaintiff has failed to establish his claim by a preponderance of the evidence, you must decide against him on the issue(s) you are considering.

What does a "preponderance of evidence" mean? To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true. A preponderance of the evidence means the greater weight of the evidence. It refers to the quality and persuasiveness of the evidence, not to the number of witnesses or documents. In determining whether a claim has been proven by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received, regardless of who may have produced them.

If you find that the credible evidence on a given issue is evenly divided between the parties – that it is equally probable that one side is right as it is that the other side is right – then you must decide that issue against the Plaintiff as the party with the burden of proof. That is because the party bearing this burden must prove more than simple equality of evidence – he must prove the element at issue by a preponderance of the evidence. On the other hand, Plaintiff need prove no more than a preponderance. So long as you find that the scales tip, however slightly, in

favor of Plaintiff with this burden of proof – that what the party claims is more likely true than not true – then that element will have been proved by a preponderance of the evidence.

Some of you may have heard of proof beyond a reasonable doubt, which is the proper standard of proof in a criminal trial. That requirement does not apply to a civil case such as this and you should put it out of your mind.

Authority:
Modern Federal Jury Instructions § 73.01, Part 73-2 (modified)
*Williams v. Eau Claire Public Schools*, 397 F.3d 441 (6th Cir. 2005)

## <u>NO. 15 – WHAT IS AND IS NOT EVIDENCE (STIPULATED)</u>

The evidence in this case is the sworn testimony of the witnesses, the exhibits received in evidence, stipulations, and judicially noticed facts.

By contrast, the questions of the lawyers are not to be considered by you as evidence.  It is the witnesses' answers that are evidence, not the questions. At times, a lawyer may have incorporated into a question a statement which assumed certain facts to be true, and asked the witness if the statement was true.  If the witness denied the truth of a statement, and if there is no direct evidence in the record proving that assumed fact to be true, then you may not consider it to be true simply because it was contained in the lawyer's question.

Testimony that has been stricken or excluded is not evidence and may not be considered by you in rendering your verdict.  Also, if certain testimony was received for a limited purpose- such as for the purpose of assessing a witness's credibility you must follow the limiting instructions I have given.

Arguments by lawyers are not evidence, because the lawyers are not witnesses. What they have said to you in their opening statements and in their summations is intended to help you understand the evidence to reach your verdict. However, if your recollection of the facts differs from the lawyers' statements, it is your recollection which controls.

19

To constitute evidence which may be considered by you, exhibits must be received in evidence. Exhibits marked for identification but not admitted are not evidence, nor are materials brought forth only to refresh a witness' recollection.

Finally, statements which I may have made concerning the quality of the evidence do not constitute evidence.

If it is for you alone to decide the weight, if any, to be given to the testimony you have heard and the exhibits you have seen.

Authority:
Modern Federal Jury Instructions § 74.01, Part 74-1 (modified)

## NO. 16 – DIRECT AND CIRCUMSTANTIAL EVIDENCE (STIPULATED)

There are two types of evidence which you may properly use in reaching your verdict.

One type of evidence is direct evidence. Direct evidence is when a witness testifies about something he knows by virtue of his own senses – something he has seen, felt, touched, or heard. Direct evidence may also be in the form of an exhibit when the fact to be proved is its present existence or condition.

The other type of evidence is circumstantial evidence. This is evidence which tends to prove a disputed fact by proof of other facts. There is a simple example of circumstantial evidence which is often used in this courthouse.

Assume that when you came into the courthouse this morning the sun was shining and it was a nice day. Assume that the courthouse blinds were drawn and you could not look outside. As you were sitting here, someone walked in with an umbrella which was dripping wet. Then a few minutes later another person also entered with a wet umbrella. Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining. So you have no direct evidence of that fact. But on the combination of facts which I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

21

That is all there is to circumstantial evidence, You infer on the basis of reason and experience and common sense from one established fact the existence or non-existence of some other fact.

Circumstantial evidence is of no less value than direct evidence; for, it is a general rule that the law makes no distinction between direct evidence and circumstantial evidence but simply requires that your verdict must be based on a preponderance of all the evidence presented.

Authority:
Modern Federal Jury Instructions § 74.01, Part 74-2 (modified)
*Michalic v. Cleveland Tankers, Inc*., 364 U.S. 325 (1960)

## NO. 17 – IMPEACHMENT BY CONVICTION OF CRIME

You have heard evidence that Plaintiff Kohchise Jackson was convicted of a crime.  Evidence of a witness' prior conviction of a crime may be considered by you only insofar as it may affect the credibility of the witness.  You may use that evidence only to help you decide whether to believe that witness and how much weight to give that witness' testimony.

Authority:
O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, 5th Ed, §102.44

## NO. 18 – JUDICIAL NOTICE AND STIPULATIONS (STIPULATED)

I have taken judicial notice of certain facts which are not subject to reasonable dispute. I have accepted these facts to be true, even though no direct evidence has been introduced proving them to be true. You are required to accept these facts as true in reaching your verdict.

A stipulation of facts is an agreement among the parties that a certain fact is true. You must regard such agreed facts as true.

Authority:
Modern Federal Jury Instructions § 74.02, Part 74-3
Modern Federal Jury Instructions § 74.02, Part 74-4
*Brown v. Tennessee Gas Pipeline Co.*, 623 F.2d 450, 454 (6th Cir. 1980)

24

## <u>NO. 19 – STATEMENT TO DOCTORS AND MEDICAL PROFESSIONALS (STIPULATED)</u>

You have heard the testimony of physicians and other medical professionals concerning statements made by Plaintiff Kohchise Jackson, who was a patient, for the purpose of facilitating medical diagnosis or treatment. These statements included descriptions of the patient's medical history and symptoms and the general cause of his illness. You may consider these statements as evidence of the facts stated.  It is up to you, the jury, to decide what weight, if any, to give these statements, just as you would any other evidence.

Authority:   Modern Federal Jury Instructions § 74.05, Part 74-10

25

## NO. 20 – USE OF DEPOSITIONS (STIPULATED)

Some of the testimony before you is in the form of depositions which have been received in evidence.  A deposition is simply a procedure where prior to trial the attorneys for one side may question a witness or an adversary party under oath before a court stenographer.  This is part of the pretrial discovery, and each side is entitled to take depositions.  You may consider the testimony of a witness given at a deposition according to the same standards you would use to evaluate the testimony of a witness given at trial

Authority:    Modern Federal Jury Instructions § 74.07, Part 74-14

## NO. 21 – INFERENCES (STIPULATED)

During the trial you have heard the attorneys use the term "inference," and in their arguments they have asked you to infer, on the basis of your reason, experience, and common sense, from one or more established facts, the existence of some other fact.

An inference is not a suspicion or a guess. It is a reasoned, logical conclusion that a disputed fact exists on the basis of another fact which has been shown to exist.

There are times when different inferences may be drawn from facts, whether proved by direct or circumstantial evidence. The plaintiff asks you to draw one set of inferences, while the defense asks you to draw another. It is for you, and you alone, to decide what inferences you will draw.

The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation. An inference is a deduction or conclusion which you, the jury, are permitted to draw – but not required to draw – from the facts which have been established by either direct or circumstantial evidence. In drawing inferences, you should exercise your common sense.

So, while you are considering the evidence presented to you, you are permitted to draw, from the facts which you find to be proven, such reasonable inferences as would be justified in light of your experience.

Authority:
Modern Federal Jury Instructions § 75.01, Part 75-1

27

## <u>NO. 22 – PRESUMPTIONS (STIPULATED)</u>

You have heard arguments by counsel which call on you to make certain presumptions. What is a presumption? A presumption requires you to find one fact from the existence of another fact.

Before you may find the presumed fact to exist, you must, therefore, determine whether the underlying or basic fact has been proved. Only if you find the basic fact to exist will the presumption operate to require you to find that the presumed fact also was proved.

One word of caution. The mere existence of a presumption never shifts the burden of proof.  In this case, even if you find the basic fact that compels you to find the presumed fact, the burden of proof still remains on the plaintiff to prove all the elements of his claim. The presumptive fact, therefore, would only be a circumstance to be considered along with all of the other circumstances in this case in deciding the issue of liability

Authority:
Modern Federal Jury Instructions § 75.02, Part 75-8
*Ulster County Court v. Allen*, 442 U.S. 140, 157-59 (1979)

## <u>NO. 23 – WITNESS CREDIBILITY (STIPULATED)</u>

You have had the opportunity to observe all of the witnesses. It is now your job to decide how believable each witness was in his or her testimony. You are the sole judges of the credibility of each witness and of the importance of his or her testimony.

It must be clear to you by now that you are being called on to resolve various factual issues raised by the parties in the face of very different pictures painted by both sides. In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence that may help you decide the truth and the importance of each witness's testimony.

How do you determine where the truth lies?  You watched each witness testify.  Everything a witness said or did on the witness stand counts in your determination.  How did the witness impress you?  Did he or she appear to be frank, forthright, and candid, or evasive and edgy as if hiding something?  How did the witness appear; what was his or her demeanor-that is, his or her carriage, behavior, bearing, manner, and appearance while testifying? Often it is not what a person says but how he or she says it that moves us.

You should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life.  You should consider any bias

or hostility the witness may have shown for or against any party as well as any interest the witness has in the outcome of the case. You should consider the opportunity the witness had to see, hear, and know the things about which he or she testified, the accuracy of the witness's memory, the witness's candor or lack of candor, the witness's intelligence, the reasonableness and probability of the witness's testimony and its consistency or lack of consistency and its corroboration or lack of corroboration with other credible testimony.

In other words, what you must try to do in deciding credibility is to size a witness up in light of his or her demeanor, the explanations given, and all of the other evidence in the case. Always remember that you should use your common sense, your good judgment, and your own life experience.

Authority:
Modern Federal Jury Instructions § 76.01, Part 76-1
*Sartor v. Arkansas Natural Gas Corp.*, 321 U.S. 620, 628 (1944)
*Powers v. Bayliner Marine Corp.*, 83 F.3d 789, 794 (6th Cir. 1996)

## NO. 24 – BIAS (STIPULATED)

In deciding whether to believe a witness, you should specifically note any evidence of hostility or affection that the witness may have towards one of the parties. Likewise, you should consider evidence of any other interest or motive that the witness may have in cooperating with a particular party.

It is your duty to consider whether the witness has permitted any such bias or interest to color his or her testimony. In short, if you find that a witness is biased, you should view his or her testimony with caution, weigh it with care, and subject it to close and searching scrutiny.

Authority:
Modern Federal Jury Instructions § 76.01, Part 76-2

## <u>NO. 25 – INTEREST OF WITNESS (STIPULATED)</u>

In evaluating the credibility of the witnesses, you should take into account any evidence that a witness may benefit in some way from the outcome of the case. Such interest in the outcome creates a motive to testify falsely and may sway a witness to testify in a way that advances his own interests. Therefore, if you find that any witness whose testimony you are considering may have an interest in the outcome of this trial, then you should bear that factor in mind when evaluating the credibility of his or her testimony, and accept it with great care.

Keep in mind, though, that it does not automatically follow that testimony given by an interested witness is to be disbelieved. There are many people who, no matter what their interest in the outcome of the case may be, would not testify falsely. It is for you to decide, based on your own perceptions and common sense, to what extent, if at all, the witness's interest has affected his testimony

Authority:    Modern Federal Jury Instructions § 76.01, Part 76-3

## NO. 26 – DISCREPANCY IN TESTIMONY (STIPULATED)

You are instructed that evidence of discrepancies may be a basis to disbelieve a witness's testimony. On the other hand, discrepancies in a witness's testimony or between his or her testimony and that of others do not necessarily mean that the witness's entire testimony should be discredited.

People sometimes forget things and even a truthful witness may be nervous and contradict himself. It is also a fact that two people witnessing an event will see or hear it differently. Whether a discrepancy pertains to a fact of importance or only to a trivial detail should be considered in weighing its significance; but a willful falsehood always is a matter of importance and should be considered seriously.

It is for you to decide, based on your total impression of the witness, how to weigh the discrepancies in his or her testimony. You should, as always, use common sense and your own good judgment.

Authority:
Modern Federal Jury Instructions § 76.01, Part 76-4
*Quock Ting v. United States*, 140 U.S. 417, 420-421 (1891)

## NO. 27 – IMPEACHMENT BY PRIOR INCONSISTENT STATEMENT (STIPULATED)

You may have heard evidence that at some earlier time the witness has said or done something that counsel argues is inconsistent with the witness's trial testimony. Evidence of a prior inconsistent statement is not to be considered by you as affirmative evidence in determining liability. Evidence of a prior inconsistent statement was placed before you for the more limited purpose of helping you decide whether to believe the trial testimony of the witness who contradicted himself.  If you find that the witness made an earlier statement that conflicts with his trial testimony, you may consider that fact in deciding how much of his trial testimony, if any, to believe.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency, and whether that explanation appealed to your common sense.

It is exclusively your duty, based on all the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so how much, if any, weight to give to the inconsistent statement in determining whether to believe all or part of the witness's testimony.

Authority:   Modern Federal Jury Instructions § 76.01, Part 76-

34

## NO. 28 – EXPERT WITNESSES (STIPULATED)

In this case, I have permitted certain witnesses to express their opinions about matters that are in issue.  A witness maybe permitted to testify to an opinion on those matters about which he or she has special knowledge, skill, experience, and training. Such testimony is presented to you on the theory that someone who is experienced and knowledgeable in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing this opinion testimony, you may consider the witness's qualifications, his or her opinions, the reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness's testimony.  You may give the opinion testimony whatever weight, if any, you find it deserves in light of all the evidence in this case. You should not, however, accept opinion testimony merely because I allowed the witness to testify concerning his or her opinion. Nor should you substitute it for your own reason, judgment, and common sense. The determination of the facts in this case rests solely with you.

Authority:
Modern Federal Jury Instructions § 76.01, Part 76-9
Fed. R. Evid. 702

## NO. 29 – RIGHT TO SUE FOR VIOLATION OF CONSTITUTIONAL RIGHTS

The federal civil rights act under which Plaintiff Kohchise Jackson brings this suit, is 42 U.S.C. § 1983, which was enacted by Congress so that citizens who believed their Constitutional rights were violated could bring lawsuits for damages. The mere fact that Congress passed Section 1983, or that Plaintiff brought this lawsuit, does not mean that Plaintiff's Constitutional rights were violated.

Authority:
Modern Federal Jury Instructions § 87.03, Part 87-74D (modified)

## NO. 30 – THE EIGHTH AMENDMENT OF THE U.S. CONSTITUTION

The Eighth Amendment to the U.S. Constitution prohibits cruel and unusual punishment.  A prisoner's rights under the Eighth Amendment may be violated when the prisoner can prove that there has been deliberate indifference to a serious medical need.

Under the Eighth Amendment, the evidence that a plaintiff must prove to establish a claim against an individual is different from the evidence than the evidence that a plaintiff must prove to establish a claim against a corporation.

In this case, Plaintiff alleges that Corizon and Dr. Papendick were deliberately indifferent to his serious medical need.  I am now going to instruct you on the law that applies to Dr. Papendick and the law that applies to Corizon.

Authority:
*Estelle v. Gamble*, 429 U.S. 97, 104 (1976)

## NO. 31 – ELEMENTS TO ESTABLISH A CLAIM AGAINST CORIZON

I am now going to instruct you on the law that applies to Plaintiff's claim against Corizon.   To establish his Eighth Amendment claim against Corizon, Plaintiff must prove by a preponderance of the evidence that Corizon was deliberately indifferent to his serious medical needs based on;

1. the existence of an illegal Corizon official policy or;

2. that a Corizon official with final decision making authority ratified illegal actions;

3. the existence of a Corizon policy of inadequate training or supervision; or

4. the existence of a Corizon custom of tolerance or acquiescence of federal rights violations.


Authority:
*Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978).
*Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005).

## NO. 32 – NO VICARIOUS LIABILITY

Under § 1983, a corporation that is acting on behalf of a government entity, known as acting under color of state law, can be held liable for violating a prisoner's Eighth Amendment rights if the prisoner can prove his claim.  However, a corporation acting under color of state law cannot be held liable for the acts of their employees or agents.  As a corporation acting under a contract with the Michigan Department of Corrections, Corizon cannot be held liable for the actions of its employees or agents.

Authority:
*Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978).
*Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005)
*Braswell v. Corr. Corp. of Am.,* 419 F. App'x 622, 627 (6th Cir. 2011).

## NO. 33 – ELEMENTS TO ESTABLISH THE EXISTENCE OF A POLICY, PRACTICE OR CUSTOM

To establish that his Eighth Amendment rights were violated, Plaintiff must establish an illegal policy, practice or custom. To establish an illegal policy, practice, or custom, Plaintiff must prove the following by a preponderance of the evidence:

1. the existence of a clear and persistent pattern of illegal activity;

2. that Corizon had notice or constructive notice of such;

3. that Corzion tacitly approved of the illegal activity, such that its deliberate indifference in the failure to act can be said to amount to an official policy of inaction; and

4. that the policy practice, or custom in question was the moving force or direct causal link in the constitutional deprivation.


Authority:
*Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978).
*Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005)

## <u>NO. 34 – NO FORMAL POLICY</u>

If you find that Plaintiff has not proven the existence of a formal illegal policy, you must decide whether there is a particular custom or practice that is so permanent and well settled as to constitute a custom or usage with the force of law.  This requires Plaintiff to prove that there were formal rules or understandings that were intended to, and did, establish fixed plans of action to be followed under similar circumstances consistently and over time.


Authority:
*McClendon v. City of Detroit,* 255 Fed. Appx. 980, 982 (6th Cir. 2007).
*Wright v. City of Euclid, Ohio*, 962 F.3d 852, 880 (6th Cir. 2020).

## NO. 35 – ELEMENTS TO ESTABLISH CAUSATION UNDER *MONELL*

In order to establish his Eighth Amendment claim against Corizon, Plaintiff must do more than establish the existence of an illegal policy, practice or custom. Plaintiff must also prove by a preponderance of the evidence that an illegal policy, practice, or custom was the moving force behind the alleged violation of his constitutional rights. In other words, there must be a direct causal connection between an illegal policy, practice, or custom and the deliberate indifference to his serious medical needs. If Plaintiff does not demonstrate an illegal policy, practice or custom caused a violation of his rights, he has not established his claim.

Authority:
*Gray v. City of Detroit,* 399 F. 3d 612, 617 (6th Cir. 2005)
*Jackson v. City of Cleveland*, 925 F.3d 793, 828 (6th Cir. 2019)

## <u>NO. 36 – NO LIABILITY IF NOT FINAL DECISION MAKER</u>

In order to establish his Eighth Amendment claim against Corizon, Plaintiff must prove that there were actions taken by Corizon officials with final decision-making authority to establish the policy with respect to the action ordered as to the Plaintiff.   The fact that a Corizon employee had discretion in the exercise of functions does not give rise to liability based on the exercise of that discretion.  If you find that there were no actions taken by Corizon employees with final policy decision-making authority with respect to the action ordered as to the Plaintiff, you must find in favor of Corizon.


Authority:
*Pembaur v. City of Cincinnati*, 475 U.S. 469, 481 (1986)
*Maxwell v. Correctional Med. Servs., Inc.,* 538 Fed. Appx. 682, 692 (6th Cir. 2013)

43

## NO. 37 – ELEMENTS TO ESTABLISH A § 1983 EIGHTH AMENDMENT DELIBERATE INDIFFERENCE CLAIM AGAINST KEITH PAPENDICK, M.D.

I am now going to instruct you on the law that applies to Plaintiff's claim against Dr. Papendick.  In order to establish his Eighth Amendment claim against Dr. Papendick, Plaintiff must establish that Dr. Papendick was deliberately indifferent to his serious medical need.  In other words, Dr. Papendick must have consciously exposed Plaintiff to an excessive risk of serious harm.

Proving deliberate indifference under the Eighth Amendment requires you to consider both objective and subjective evidence.

Authority:
*Estelle v. Gamble*, 429 U.S. 97, 104 (1976)
*Henry v. Michigan Dep't of Corr.*, 27 F. App'x 573, 575–76 (6th Cir. 2001)
*Rhinehart v. Scutt*, 894 F.3d 721 (6th Cir. 2018)

## <u>NO. 38 – OBJECTIVE COMPONENT OF AN EIGHTH AMENDMENT</u> <u>CLAIM</u>

The objective component requires Plaintiff to prove a sufficiently serious medical need.  A medical need is objectively serious if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.  For the medical need to be sufficiently serious, it must result in the in the denial of the minimal civilized measure of life's necessities.

When an inmate has received on-going treatment for his condition and claims that this treatment was inadequate, the objective component of an Eighth Amendment claim requires a showing of care that is so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness.  A mere failure to provide adequate medical care to a prisoner will not violate the Eighth Amendment.  A doctor is not liable under the Eighth Amendment if he or she provides reasonable treatment, even if the outcome of the treatment is insufficient or even harmful.  A treatment must be so woefully inadequate as to amount to no treatment at all.

Authority:
*Rhinehart v. Scutt*, 894 F.3d 721 (6th Cir. 2018)
*Westlake v. Lucas*, 537 F.2d 857, 860, n.5 (6th Cir. 1976).
*Austin v. Corizon Health Care*, No. 24-10023, 2025 WL 1509364, *1 (E.D. Mich. May 27, 2025)

## NO. 39 – SUBJECTIVE COMPONENT OF AN EIGHTH AMENDMENT CLAIM

The subjective component requires Plaintiff to prove that Dr. Papendick acted with a sufficiently culpable state of mind to inflict unnecessary and wanton pain. That is, Plaintiff must show that Dr. Papendick acted with a mental state equivalent to criminal recklessness.

To make that showing, Plaintiff just prove that Dr. Papendick knew of and disregarded an excessive risk to inmate health or safety.  Plaintiff must prove that Dr. Papendick was both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and that he must also have drawn the inference.

Authority:
*Durham v. Nu'Man,* 97 F.3d 862, 869 (6th Cir. 1996)
*Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976)
*Rhinehart*, 894 F.3d at 738;
*Farmer*, 511 U.S. at 837, 839-840

46

## NO. 40 – NEGLIGENCE DOES NOT SUFFICE

A medical provider's mere negligence, or even gross negligence, is not sufficient to prove an Eighth Amendment claim.   An allegation of questionable medical judgment states, at most, a claim for a medical malpractice, as opposed to a constitutional violation.

Authority:
*Owens v. O'Dea*, 149 F.3d 1184 (6th Cir. 1998)
*Estelle*, 429 U.S. at 107
*Farmer*, 511 U.S. at 838.

47

## NO. 41 –MERE DISAGREEMENT DOES NOT SUFFICE

A disagreement with a course of medical treatment does not rise to the level of a federal constitutional claim under the Eighth Amendment.  Disagreements over forms of treatment are a matter for medical judgment that does not represent cruel and unusual punishment.

The Constitution gives inmates a right to be free from deliberate indifference to their medical needs, but not a right to receive any particular treatment. Differences in judgment between an inmate and prison medical personnel regarding the appropriate medical diagnoses or treatment are not enough to state a deliberate indifference claim.  An inmate's disagreement with treatment he has received, or desire for different treatment, does not rise to the level of an Eighth Amendment violation.

Authority:
*Alspaugh v. McConnel*, 643 F. 3d 162, 169 (6th Cir. 2011).
*Estelle*, 429 U.S. at 107.
*Whyde v. Sigsworth*, No. 22-3581, 2024 WL 4719649, at *5 (6th Cir. Nov. 8, 2024).
*Austin,* 2025 WL 1509364, at *3.
*Dodson v. Wilkinson*, 304 F. App'x 434, 440 (6th Cir. 2008)
*Anthony v. Swanson*, 701 F. App'x 460, 464 (6th Cir. 2017).

48

## <u>NO. 42 – ELEMENTS TO ESTABLISH CAUSATION</u>

In order to establish his Eighth Amendment claim against Dr. Papendick, Plaintiff must do more than establish deliberate indifference to his serious medical needs.  Plaintiff must also prove causation.  In other words, Plaintiff must prove by a preponderance of the evidence that Dr. Papendick's conduct is what caused the damages that Plaintiff is seeking.

If you find that Dr. Papendick was deliberately indifferent to a serious medical need, you may consider whether conduct by another person or entity, including conduct by the Plaintiff, was an intervening or superseding event that became a new and independent act or cause which absolves Dr. Papendick of liability for damages from the time of that intervening or superseding event.

49

## NO. 43 – COMPENSATORY DAMAGES

If the plaintiff has proved the essential elements of his Section 1983 claim, then you must award him a sum of money that you believe will fairly and justly compensate him for any injury you believe he actually sustained as a proximate result of the defendant's misconduct.

You shall award damages only for those injuries that you find plaintiff has proven by a preponderance of the evidence.  Moreover, you may not simply award damages for *any* injury suffered by plaintiff—you must award damages only for those injuries that are a proximate result of conduct by the defendant that violated plaintiff's federal rights under color of law.

Compensatory damages must not be based on speculation or sympathy. They must be based on the evidence presented at trial.

Authority:
Modern Federal Jury Instructions § 87.03, Part 87-87
*Memphis Community School District v. Stachura*, 477 U.S. 299 (1986)

## NO. 44 – CAUSATION OF DAMAGES

An injury or damage is proximately caused by an act, or a failure to act, whenever it appears from the evidence in the case that the act or omission played a substantial part in bringing about or actually causing the injury or damage to the plaintiff, and that the plaintiff's injury was either a direct result or a reasonably probable consequence of the act or omission.

Plaintiff, as I have said, has the burden of proving each and every element of his claim by a preponderance of the evidence.  If you find that Plaintiff has not proved any of the elements by a preponderance of the evidence, you must return a verdict for Defendants CHS TX, Inc. and Keith Papendick, M.D.

Authority:
O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, 6th Ed., § 166.50 (as modified)

## NO. 45 – PUNITIVE DAMAGES

If you find that Corizon or Dr. Papendick violated Plaintiff's constitutional rights, you may consider whether to award punitive damages. An award of punitive damages is discretionary; that is, if you find that the legal requirements for punitive damages are satisfied, then you may decide to award punitive damages, or you may decide not to award them.

You may award the Plaintiff punitive damages only if you find that the acts or omissions of Corizon or Dr. Papendick were done maliciously or wantonly. An act or failure to act is maliciously done if it is prompted by ill will or spite towards the injured person. An act or failure to act is wanton if done with a reckless or callous disregard for the rights of the injured person. The Plaintiff has the burden of proving, by a preponderance of the evidence, that Corizon and/or Dr. Papendick acted maliciously or wantonly with regard to the Plaintiff's rights. If you decide to award punitive damages, you should consider the degree to which defendant should be punished for his wrongful conduct.

If you decide to award punitive damages, you may only award punitive damages to punish the type of conduct that was directed at the Plaintiff in Michigan. You must not award punitive damages for conduct that is dissimilar from the conduct directed at Plaintiff or which occurred outside of Michigan.

Authority:
Modern Federal Jury Instructions § 87.03, Part 87-92 (modified)

*Memphis Community School District v. Stachura*, 477 U.S. 299 (1986)
*Walker v. Norris*, 917 F.2d 1449 (6th Cir. 1990).
*State Farm v. Campbell*, 538 U.S. 408 (2003)

## <u>NO. 46 – DELIBERATIONS-INTRODUCTION (STIPULATED)</u>

You are about to go into the jury room and begin your deliberations. If during those deliberations you want to see any of the exhibits, you may request that they be brought into the jury room.  If you want any of the testimony read back to you, you may also request that.  Please remember that it is not always easy to locate what you might want, so be as specific as you possibly can in requesting exhibits or portions of the testimony.

Your requests for exhibits or testimony-in fact any communication with the court- should be made to me in writing, signed by your foreperson, and given to one of the marshals.  In any event, do not tell me or anyone else how the jury stands on any issue until after a verdict is reached.

Authority:
Modern Federal Jury Instructions § 78.01, Part 78-1

## NO. 47 – DUTY TO DELIBERATE TO UNANIMOUS VERDICT (STIPULATED)

You will now return to decide the case.  In order to prevail, Plaintiff Kochise Jackson must sustain his burden of proof as I have explained to you with respect to each element of his claims against Corizon and/or Dr. Papendick.  If you find that Plaintiff has succeeded, you should return a verdict in his favor on that claim.   If you find that Plaintiff has failed to sustain his burden on any element of the claim, you should return a verdict against him.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement.  Each of you must decide the case for himself or herself, but you should do so only after a consideration of the case with your fellow jurors, and you should not hesitate to change an opinion when convinced that it is erroneous.  To reach a verdict six of the seven of you must reach a decision, but you are not bound to surrender your honest convictions concerning the effect of weight of the evidence for the mere purpose of returning a verdict of solely because of the opinion of other jurors.  Discuss and weigh your respective opinions dispassionately, without regard to sympathy, without regard to prejudice or favor for either party, and adopt that conclusion which in your good conscience appears to be in accordance with the truth.

Again, each of you must make your own decision about the proper outcome of this case based on your consideration of the evidence and your discussions with

your fellow jurors.  No juror should surrender his or her conscientious beliefs solely

for the purpose of returning a verdict

Authority:
Modern Federal Jury Instructions § 78.01, Part 78-3
*American Publishing Co. v. Fisher*, 166 U.S. 464 (1896)

## NO. 48 – DEADLOCK CHARGE: REACHING AGREEMENT (STIPULATED)

This case is important for the Plaintiff and for the Defendants.  Both parties, as well as the court, have expended a great deal of time, effort and resources in seeking a fair and impartial resolution of this dispute.

It is desirable if a verdict can be reached, but your verdict must represent the conscientious judgment of each juror.

While you may have honest differences of opinion with your fellow jurors during the deliberations, each of you should seriously consider the arguments and opinions of the other jurors. Do not hesitate to change your opinion if, after discussion of the issues and consideration of the facts and evidence in this case, you are persuaded that your initial position is incorrect. However, I emphasize that no juror should vote for a verdict unless it represents his conscientious judgment.


Authority:
Modern Federal Jury Instructions § 78.01, Part 78-4
*Allen v. United States*, 164 U.S. 492 (1896)
*United States v. Brika*, 416 F.3d 514 (6th Cir. 2005)
*United States v. Reed*, 167 F.3d 984 (6th Cir. 1999)

## <u>NO. 49 – SELECTION OF FOREPERSON (STIPULATED)</u>

When you retire, you should elect one member of the jury as your foreperson.

That person will preside over the deliberations and speak for you here in open court.

Authority:
Modern Federal Jury Instructions § 78.01, Part 78-5

## NO. 50 – RETURN OF VERDICT

After you have reached a unanimous verdict, your foreperson will fill in the form that has been given to you, sign and date it and advise the marshal outside your door that you are ready to return to the courtroom.

I will stress that six of the seven of you must be in agreement with the verdict which is announced in court. Once your verdict is announced by your foreperson in open court and officially recorded, it cannot ordinarily be revoked.

Authority:   Modern Federal Jury Instructions § 78.01, Part 78-6

## NO. 51 – SPECIAL VERDICT

I have prepared a special verdict form for you to use in recording your decision. The special verdict form is made up of questions concerning the important issues in this case. These questions are to be answered "yes" or "no." Your answers must be agreed to by six of the seven of you and must reflect the conscientious judgment of each juror. You should answer every question except where the verdict form indicates otherwise.

Authority:    Modern Federal Jury Instructions § 78.01, Part 78-9

# PLAINTIFF'S PROPOSED JURY INSTRUCTIONS
## <u>AGREED TO BY DEFENDANTS</u>

## CV 2.01B - More Than One Defendant

Although there is more than one Defendant in this action, it does not follow from that fact alone that if one is liable, all are liable.  Each Defendant's defense is entitled to a fair consideration by you and is not to be prejudiced by the fact, if it should become a fact, that you find against another Defendant.  Unless otherwise stated, all instructions apply to each Defendant.

Citation: W.D. Mich. Civil Jury Instruction CV2.01B

## **CV 2.03 - All Persons Equal Before the Law**

This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar stations of life. Former prisoners and corporations are entitled to the same fair trial at your hands as any private individual.

Citation: W.D. Mich. Civil Jury Instruction CV2.03 (modified)

## CV 2.08 - Number of Witnesses and Evidence Presented

(1)     The number of witnesses who testified makes no difference.

(2)     Do not make any decision based only on the number of witnesses who testified or quantity of evidence presented.  What is more important is how believable the witnesses were, and how much weight you think their testimony deserves; and which evidence appeals to your minds as being most accurate and otherwise trustworthy.  Concentrate on that, not the numbers.

Citation: W.D. Mich. Civil Jury Instruction CV2.08 (modified)

## CV 2.08A - All Available Evidence Need Not Be Produced

No party must call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial. Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case.

Citation: W.D. Mich. Civil Jury Instruction CV2.08A

## CV 2.08C - Not Required to Accept Uncontradicted Testimony

You are not required to accept testimony, even though the testimony is uncontradicted and the witness is not impeached.  You may decide, because of the witness's bearing and demeanor, or because of the inherent improbability of the witness's testimony, or for other reasons you find sufficient, that such testimony is not worthy of belief.

Citation: W.D. Mich. Civil Jury Instruction CV2.08C

## CV 2.14 - Lawyers' Objections

(1)    The lawyers for both sides objected to some of the things that were said or done during the trial.  Do not hold that against either side.  The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence.  Those rules are designed to make sure that both sides receive a fair trial.

(2)    And do not interpret my rulings on the lawyers' objections as any indication of how I think the case should be decided.  My rulings were based on the rules of evidence, not on any opinion I might have about the case.  Remember that your decision must be based only on the evidence that you saw and heard here in court.

Citation: W.D. Mich. Civil Jury Instruction CV2.14

## <u>CV 4.01 - Introduction</u>

That concludes the part of my instructions explaining the elements of the claim(s) made by plaintiff and how to calculate damages if you find that damages should be awarded. Next I will explain some rules that you must use in considering some of the testimony and evidence.

Citation: W.D. Mich. Civil Jury Instruction CV4.01

**BOWMAN AND BROOKE LLP**

By:   /s/*Sunny Rehsi*
           Sunny Rehsi (P80611)
           101 W. Big Beaver Road.,
           Suite 1100 Troy, MI 48084
           248.205.3300
           sunny.rehsi@bowmanandbrooke.com

           Adam Masin (Admitted 5/1/2025)
           750 Lexington Avenue
           New York, NY 10022
           646.914.6790
           adam.masin@bowmanandbrooke.com

           Rachel B. Weil (Admitted 7/16/25)
           123 South Broad Street, Suite 1512
           Philadelphia, PA 19109
           267.908.7097
           rachel.weil@bowmanandbrooke.com

           *Attorneys for Defendants CHS TX, Inc. d/b/a*
           *YesCare and Keith Papendick, M.D.*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on July 30, 2025, I electronically filed the foregoing paper with

the clerk of the United States District Court, Eastern District Southern Division using

the ECF system which will send notification of such filing to the following:

**Ian T. Cross**
Cross Law PLLC
Attorneys for Plaintiff
402 W. Liberty St.
Ann Arbor, MI  48103
724.994.9590
ian@lawinannarbor.com

**Laurence H. Margolis**
Margolis Law Firm
Attorneys for Plaintiff
214 South Main St., Suite 202
Ann Arbor, MI 48104
734.994.9590
assistant@lawinannarbor.com

**Jonathan R. Marko** (P72450)
**Michael L. Jones** (P85223)
Marko Law, PLLC
220 W. Congress, 4th Floor
Detroit, MI 48226
313.777.7529
jon@markolaw.com
michael@markolaw.com

Respectfully submitted,

**BOWMAN AND BROOKE LLP**

By:     /s/*Sunny Rehsi*
Sunny Rehsi (P80611)
101 W. Big Beaver Road.,
Suite 1100 Troy, MI 48084
248.205.3300
sunny.rehsi@bowmanandbrooke.com

Adam Masin (Admitted 5/1/2025)
750 Lexington Avenue
New York, NY 10022

70

646.914.6790
adam.masin@bowmanandbrooke.com

Rachel B. Weil (Admitted 7/16/25)
123 South Broad Street, Suite 1512
Philadelphia, PA 19109
267.908.7097
rachel.weil@bowmanandbrooke.com

*Attorneys for Defendants CHS TX, Inc. d/b/a
YesCare and Keith Papendick, M.D.*