# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

KOHCHISE JACKSON,

        Plaintiff,

v.

CHS TX, Inc., et al.,

        Defendants.

Case No. 2:19-cv-13382

Hon. Gershwin A. Drain

---

## PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

# Table of Contents

1 – INTRODUCTION..................................................................................4
2 – MORE THAN ONE DEFENDANT........................................................5
3 – JURORS' DUTIES.................................................................................6
3 – ALL PERSONS EQUAL BEFORE THE LAW (STIPULATED).......................7
5 – EVIDENCE DEFINED...........................................................................8
6 – CONSIDERATION OF EVIDENCE.......................................................10
7 –  CONSIDERATION OF EVIDENCE - CORPORATE...................................11
8 –  DIRECT AND CIRCUMSTANTIAL EVIDENCE.......................................12
9 – CREDIBILITY OF WITNESSES............................................................13
10 – NUMBER OF WITNESSES AND EVIDENCE PRESENTED
(STIPULATED).....................................................................................16
11 – ALL AVAILABLE EVIDENCE NEED NOT BE PRODUCED
(STIPULATED).....................................................................................17
12 – SINGLE WITNESS...........................................................................18
13 – NOT REQUIRED TO ACCEPT UNCONTRADICTED TESTIMONY
(STIPULATED).....................................................................................19
14 – LAWYERS' OBJECTIONS (STIPULATED).........................................20
15 – INTRODUCTION TO CLAIMS...........................................................21
16 – PREPONDERANCE OF THE EVIDENCE.............................................22
17 – BURDEN OF PROOF........................................................................23
18 – NATURE OF THE ACTION...............................................................24
19 – DELIBERATE INDIFFERENCE.........................................................25
20 – MONELL LIABILITY......................................................................26
21 – COMPENSATORY DAMAGES..........................................................31
22 – PUNITIVE DAMAGES.....................................................................33
23 – INTRODUCTION TO EVIDENCE (STIPULATED)................................35
24 – EXPERT WITNESSES (STIPULATED)...............................................36
25 – WITNESSES TESTIFYING TO BOTH FACTS AND OPINIONS..............37
26 – COMPENSATION OF EXPERT WITNESSES.......................................38
27 – WITNESS WHO HAS BEEN INTERVIEWED BY AN ATTORNEY..........39
28 – IMPEACHMENT – INCONSISTENT STATEMENT (PRIOR
CONVICTION)......................................................................................40
29 – INTRODUCTION TO DELIBERATIONS..............................................41
30 – EXPERIMENTS, RESEARCH, INVESTIGATION AND OUTSIDE
COMMUNICATIONS..............................................................................42

31 – DUTY TO DELIBERATE.................................................................................44
32 – NOTES..........................................................................................................45
33 – VERDICT FORM...........................................................................................46
34 – COURT HAS NO OPINION...........................................................................47
DEFENDANTS' PROPOSED JURY INSTRUCTIONS AGREED TO BY
PLAINTIFF...........................................................................................................48
NO. 1 – INTRODUCTION.....................................................................................49
NO. 2 – ROLE OF THE COURT...........................................................................50
NO. 3 – ROLE OF THE JURY...............................................................................51
NO. 4 – JUROR OATH..........................................................................................53
NO. 5 – JURY TO DISREGARD COURT'S VIEW.................................................54
NO. 6 – CONDUCT OF COUNSEL......................................................................56
NO. 8 – SYMPATHY.............................................................................................57
NO. 9 – WHETHER PARTY IS INSURED IS IRRELEVANT.............................58
NO. 10 – PUBLICITY...........................................................................................59
NO. 11 – INSTRUCTIONS AT BEGINNING OF TRIAL.....................................60
NO. 12 – NOTE TAKING BY JURY......................................................................62
NO. 14 – PREPONDERANCE OF THE EVIDENCE.............................................63
NO. 15 – WHAT IS AND IS NOT EVIDENCE.....................................................65
NO. 16 – DIRECT AND CIRCUMSTANTIAL EVIDENCE..................................67
NO. 18 – JUDICIAL NOTICE AND STIPULATIONS..........................................69
NO. 19 – STATEMENTS TO DOCTORS AND MEDICAL PROFESSIONALS. 70
NO. 20 – USE OF DEPOSITIONS........................................................................71
NO. 21 – INFERENCES........................................................................................72
NO. 22 – PRESUMPTIONS...................................................................................73
NO. 23 – WITNESS CREDIBILITY......................................................................74
NO. 24 – BIAS......................................................................................................76
NO. 25 – INTEREST OF WITNESS......................................................................77
NO. 26 – DISCREPANCY IN TESTIMONY.........................................................78
NO. 27 – IMPEACHMENT BY PRIOR INCONSISTENT STATEMENT...........79
NO. 46 – DELIBERATIONS-INTRODUCTION....................................................80
NO. 47 – DUTY TO DELIBERATE TO UNANIMOUS VERDICT.....................81
NO. 48 – DEADLOCK CHARGE: REACHING AGREEMENT..........................83
NO. 49 – SELECTION OF FOREPERSON...........................................................84

# 1 - INTRODUCTION

1) Members of the jury, I will now instruct you as to the law that you must follow in deciding this case.

2) I will start by explaining your duties and the general rules that apply in every civil case.

3) Then I will explain the elements of the claim made by the Plaintiff.

4) Then I will explain some rules that you must use in evaluating particular testimony and evidence.

5) Then the lawyers for the parties will make their closing arguments.

6) After closing arguments, I will then explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

7) Please listen very carefully to everything I say.

Citation: W.D. Mich. Civil Jury Instruction CV2.01

## 2 – MORE THAN ONE DEFENDANT

There are three defendants in this action, Dr. Keith Papendick, Corizon Health, Inc., and CHS TX, Inc. Because CHS TX is a mere continuation of Corizon Health, if you find Corizon Health, Inc. to be liable, then CHS TX is also liable. You should consider the liability of the corporate defendants together as one entity.

However, you should consider Dr. Keith Papendick's liability separate from the liability of the corporate defendants. It does not follow from that fact alone that if the corporate defendants are liable, Keith Papendick is liable, and vice-versa. Keith Papendick's defenses and the defenses of the corporate defendants are each entitled to a fair consideration by you. The corporate defendants and are not to be prejudiced by the fact, if it should become a fact, that you find against Keith Papendick, and Keith Papendick is not to be prejudiced by the fact, should it become a fact, that you find against the corporate defendants. Unless otherwise stated, all instructions apply to each Defendant.

Citation: W.D. Mich. Civil Jury Instruction CV2.01B (modified).

### 3 – JURORS' DUTIES

(1)     You have two main duties as jurors.  The first one is to decide what the facts are from the evidence that you have seen and heard in court.  Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

(2)     Your second duty is to take the law that I give you, apply it to the facts, and decide what claims, if any, Plaintiff has proved by a preponderance of the evidence.  It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them.  This includes the instructions that I gave you before and during the trial, and these instructions.  All the instructions are important, and you should consider them together as a whole.

(3)     The lawyers may talk about the law during their arguments.  But if what they say is different from what I say, you must follow what I say.  What I say about the law controls.

(4)     Perform these duties fairly.  Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

Citation: W.D. Mich. Civil Jury Instruction CV2.02

## 4 – ALL PERSONS EQUAL BEFORE THE LAW (STIPULATED)

This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar stations of life. Former prisoners and corporations are entitled to the same fair trial at your hands as any private individual.

Citation: W.D. Mich. Civil Jury Instruction CV2.03 (modified)

## 5 – EVIDENCE DEFINED

(1)     You must make your decision based only on the evidence that you saw and heard here in court.  Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

(2)     The evidence in this case includes only what the witnesses said while they were testifying under oath; the exhibits that I allowed into evidence; the depositions which were read into evidence or which you watched on the video screen, the stipulations that the lawyers agreed to; and the facts that I have judicially noticed.

(3)     Nothing else is evidence.  The lawyers' statements and arguments are not evidence.  Their questions and objections are not evidence.  My legal rulings are not evidence.  And my comments and questions are not evidence.

(4)     During the trial I did not let you hear the answers to some of the questions that the lawyers asked.  I also ruled that you could not see some of the exhibits that the lawyers wanted you to see.  And sometimes I ordered you to disregard things that you saw or heard, or I struck things from the record or I allowed some evidence to be considered by you for a limited purpose.  You must completely ignore all of the things which are not in evidence or which I struck from the record, and you can consider the evidence which was admitted for a limited purpose only in your consideration of the limited purpose for which the evidence was admitted.  Do

not speculate about what a witness might have said or what an exhibit might have shown.  Things that are not evidence are not to influence your decision in any way.

(5)    Make your decision based only on the evidence, as I have defined it here, and nothing else.

Citation: W.D. Mich. Civil Jury Instruction CV2.04

## 6- CONSIDERATION OF EVIDENCE

(1)  You are to consider only the evidence in the case. You should use your common sense in weighing the evidence.  Consider the evidence in light of your everyday experience with people and events, and give it whatever weight you believe it deserves.  If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

(2)  In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this an "inference." A jury is allowed to make reasonable inferences, unless otherwise instructed. Any inferences you make must be reasonable and must be based on the evidence in the case.

Citation: 6th Cir. Pattern Instruction 1.05 (modified).

## 7- CONSIDERATION OF EVIDENCE - CORPORATE

A corporation may act only through natural persons as its agents or employees. In general, any agent or employee of a corporation may bind the corporation by acts and declarations made while acting within the scope of the authority delegated by the corporation, or within the scope of the duties as an employee of the corporation.

Citation: W.D. Mich. Civil Jury Instruction CV2.05

## 8- DIRECT AND CIRCUMSTANTIAL EVIDENCE

(1)    Now, some of you may have heard the terms "direct evidence" and "circumstantial evidence."

(2)    Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact.  If a witness testified that it is raining outside, and you believed the witness, that would be direct evidence that it was raining.

(3)    Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact.  If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

(4)    It is your job to decide how much weight to give the direct and circumstantial evidence.  The law makes no distinction between the weight that you should give to either one, or say that one is any better evidence than the other.  You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

Citation: W.D. Mich. Civil Jury Instruction CV2.06

## 9 – CREDIBILITY OF WITNESSES

(1)     Another part of your duties as jurors is to decide how credible or believable each witness was.  This is your duty, not mine.  It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves.  You are free to believe everything that a witness said, or only part of it, or none of it at all.  But you should act reasonably and carefully in making these decisions.

(2)     Let me suggest some things for you to consider in evaluating each witness's testimony.

(A)     Ask yourself if the witness was able to clearly see or hear the events.  Sometimes even an honest witness may not have been able to see or hear what was happening, and may make a mistake.

(B)     Ask yourself how good the witness's memory seemed to be.  Did the witness seem able to accurately remember what happened?

(C)     Ask yourself if there was anything else that may have interfered with the witness's ability to perceive or remember the events.

(D)     Ask yourself how the witness acted while testifying.  Did the witness appear honest?  Or did the witness appear to be lying?

(E)     Ask yourself if the witness had any relationship to any party in this case, or anything to gain or lose from the case, that might influence the witness's testimony.  Ask yourself if the witness had any bias, or

prejudice, or reason for testifying that might cause the witness to lie or to slant the testimony in favor of one side or the other.

(F)     Ask yourself if the witness testified inconsistently while on the witness stand, or if the witness said or did something or failed to say or do something at any other time that is inconsistent with what the witness said while testifying.  If you believe that the witness was inconsistent, ask yourself if this makes the witness's testimony less believable.  Sometimes it may; other times it may not.  Consider whether the inconsistency was about something important, or about some unimportant detail.  Ask yourself if it seemed like an innocent mistake, or if it seemed deliberate.

(G)     And ask yourself how believable the witness's testimony was in light of all the other evidence.  Was the witness's testimony supported or contradicted by other evidence that you found believable?  If you believe that a witness's testimony was contradicted by other evidence, remember that people sometimes forget things, and that even two honest people who witness the same event may not describe it exactly the same way.

(3)     These are only some of the things that you may consider in deciding how believable each witness was.  You may also consider other things that you think

Page 14

shed some light on the witness's believability.  Use your common sense and your everyday experience in dealing with other people.  And then decide what testimony you believe, and how much weight you think it deserves.


Citation: W.D. Mich. Civil Jury Instruction CV2.07

## 10 – NUMBER OF WITNESSES AND EVIDENCE PRESENTED
## (STIPULATED)

(1)     The number of witnesses who testified makes no difference.

(2)     Do not make any decision based only on the number of witnesses who testified or quantity of evidence presented.   What is more important is how believable the witnesses were, and how much weight you think their testimony deserves; and which evidence appeals to your minds as being most accurate and otherwise trustworthy.   Concentrate on that, not the numbers.

Citation: W.D. Mich. Civil Jury Instruction CV2.08

## 11 – ALL AVAILABLE EVIDENCE NEED NOT BE PRODUCED
## (STIPULATED)

No party must call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial.  Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case.

Citation: W.D. Mich. Civil Jury Instruction CV2.08A

**12 – SINGLE WITNESS**

The testimony of a single witness which produces in your minds belief in the likelihood of truth is sufficient for the proof of any fact, and would justify a verdict in accordance with such testimony, even though a number of witnesses may have testified to the contrary, if, after consideration of all the evidence in the case, you hold greater belief in the accuracy and reliability of the one witness.

Citation: W.D. Mich. Civil Jury Instruction CV2.08B

## 13 – NOT REQUIRED TO ACCEPT UNCONTRADICTED TESTIMONY (STIPULATED)

You are not required to accept testimony, even though the testimony is uncontradicted and the witness is not impeached.  You may decide, because of the witness's bearing and demeanor, or because of the inherent improbability of the witness's testimony, or for other reasons you find sufficient, that such testimony is not worthy of belief.

Citation: W.D. Mich. Civil Jury Instruction CV2.08C

## 14 – LAWYERS' OBJECTIONS (STIPULATED)

(1)     The lawyers for both sides objected to some of the things that were said or done during the trial.  Do not hold that against either side.  The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence.  Those rules are designed to make sure that both sides receive a fair trial.

(2)     And do not interpret my rulings on the lawyers' objections as any indication of how I think the case should be decided.  My rulings were based on the rules of evidence, not on any opinion I might have about the case.  Remember that your decision must be based only on the evidence that you saw and heard here in court.

Citation: W.D. Mich. Civil Jury Instruction CV2.14

## 15 – INTRODUCTION TO CLAIMS

(1)     That concludes the part of my instructions explaining your duties and the general rules that apply in every civil case.  In a moment, I will explain the elements of the Plaintiff's claim against the defendants.

(2)     But before I do that, I want to emphasize that this trial is only on the particular claim alleged in Plaintiff's complaint filed in this case. Your job is limited to deciding whether the Plaintiff has proved the claim alleged in this case.

Citation: W.D. Mich. Civil Jury Instruction CV3.01

## 16 – PREPONDERANCE OF THE EVIDENCE

(1)     The burden is on the Plaintiff to prove every essential element of a claim by a preponderance of the evidence.  If the proof should fail to establish any essential element of the Plaintiff's claim by a preponderance of the evidence, you should find for the Defendant as to that claim.

(2)     To establish by a preponderance of the evidence means to prove that something is more likely so than not so.  In other words, a preponderance of the evidence means such evidence as, when considered and compared with that opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not true.  If, on any issue in the case, the evidence is equally balanced, you cannot find that issue has been proved by a preponderance of the evidence.

(3)     This rule does not, of course, require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.  Furthermore, this does not require proof beyond a reasonable doubt.  Proof beyond a reasonable doubt is a stricter standard that applies in criminal cases.  It does not apply in civil cases such as this.

Citation: W.D. Mich. Civil Jury Instruction CV3.02

## 17 – BURDEN OF PROOF

(1)     In these instructions you are told that your verdict depends on whether you find certain facts have been proved.  The burden of proving a fact is upon the party whose claim depends upon that fact.  The party who has the burden of proving a fact must prove it by the preponderance of the evidence, which I have already defined for you.

(2)     If a preponderance of the evidence does not support each essential element of a claim, then the jury should find against the party having the burden of proof on that claim.

Citation: W.D. Mich. Civil Jury Instruction CV3.02A

## 18 - NATURE OF THE ACTION

In this case, Plaintiff Kohchise Jackson has asserted claims for violation of his Eighth Amendment rights under 42 U.S.C. § 1983. The Defendants are Dr. Keith Papendick, Corizon Health, Inc., and CHS TX, Inc. Plaintiff claims that these Defendants deprived him of his federal rights under the Eighth Amendment to the United States Constitution, which includes a right to adequate medical care. Specifically, Plaintiff claims that, while he was in the Michigan Department of Corrections between March 23, 2017 and May 16, 2019, he was denied surgery to reverse his temporary colostomy, and thus forced to live with a colostomy bag for his entire term of incarceration.

The Eighth Amendment to the United States Constitution prohibits "cruel and unusual punishment." This protection includes a right to be free from deliberate indifference to a serious medical need. Thus, a defendant would violate that right if he or she was deliberately indifferent to an inmate's serious medical need. Whether the Plaintiff had a serious medical need is not at issue in this case. The Court has already determined that a colostomy is a serious medical need.

I will now define for you deliberate indifference.

Citation: Report and Recommendation on Defendants' Motion for Summary Judgment, ECF No. 69, PageID.2787; Order Adopting Report and Recommendation, ECF No. 73, PageID.2982-2983

## 19 – DELIBERATE INDIFFERENCE

"Deliberate indifference" to the rights of others is a conscious or reckless disregard of the consequences of one's acts or omissions. Deliberate indifference requires more than negligence or the ordinary lack of due care.

There are a number of ways in which a Plaintiff can show that a defendant was deliberately indifferent. In the context of medical care in prisons, deliberate indifference may occur:

**1)** When prison officials are aware of a prisoner's obvious and serious need for medical treatment and delay treatment of that condition for non-medical reasons;

**2)** When a defendant rendered grossly inadequate care, or made a decision to take an easier but less efficacious course of treatment;

**3)** When prison medical staff interrupt a prescribed plan of treatment.

If you find that Dr. Papendick's decision not to approve colostomy reversal surgery for the Plaintiff was in whole or in part motivated by economic considerations, you may find that Dr. Papendick acted with deliberate indifference.

Citations: *Blackmore v. Kalamazoo County*, 390 F.3d 890, 899 (6th Cir. 2004); *Berkshire v. Dahl*, 928 F.3d 520, 536 (6th Cir. 2019); *Boretti v. Wiscomb*, 930 F.2d 1150, 1154 (6th Cir. 1991); Order Adopting Report and Recommendation, ECF No. 73, PageID.2988.

## 20 – *MONELL* LIABILITY

The instructions I am about to read apply to Plaintiff's claim that Corizon Health, Inc. and CHS TX, Inc. violated his Eighth Amendment rights. Remember that Mr. Jackson may succeed on his claim against the corporate defendants and fail on his claim against Dr. Papendick, and vice versa. Mr. Jackson may also succeed, or fail, on both claims. Each of Mr. Jackson's claims should be considered separately.

Under our law, if one corporation is a mere continuation, or successor, of another corporation, the successor corporation is responsible for the acts of its corporate predecessor. The Court has already determined that CHS TX, Inc. is a mere continuation of Corizon Health. Therefore, you should think of these two corporations as one and the same. Any verdict you render as to Corizon Health must automatically apply to CHS TX.

The corporate defendants are liable if you find that Plaintiff has been deprived of his constitutional rights and that deprivation was pursuant to a corporate policy, practice, or custom. The plaintiff must also identify a connection between the policy or custom and the unconstitutional conduct that led to his injury; the policy or custom must be the "moving force" behind the eventual constitutional violation. You will consider

whether such a policy, practice, or custom existed in accordance with my instructions.

There are four possible ways Plaintiff may prove his claim that the corporate defendants caused a violation of his constitutional rights. He can point to 1) the corporation's official policies; (2) actions taken by officials with final decision-making authority; (3) a policy of inadequate training or supervision; or (4) a custom of tolerance or acquiescence of federal violations.

(1)     The first theory of corporate liability, known as the "official policy" theory, requires the Plaintiff to show, by a preponderance of the evidence, the existence of formal rules or understandings—often but not always committed to writing — that were intended to, and did, establish fixed plans of action to be followed under similar circumstances consistently and over time. The Plaintiff can establish corporate liability under this theory by showing that Dr. Papendick's decision not to approve colostomy reversal surgery was made pursuant to an official policy.

(2)     The second theory of corporate liability, known as the "final decisionmaker" theory, requires the Plaintiff to show, by a preponderance of the evidence, that either a deliberate choice to follow a course of action was made from various alternatives

by the official or officials responsible for establishing final policy with respect to the subject matter in question, or that a final decisionmaker ratified the unconstitutional acts of subordinates by failing to meaningfully investigate and punish allegations of unconstitutional conduct. In other words, a corporation may not escape liability by simply delegating decisionmaking authority to a subordinate official and thereafter studiously refusing to review his unconstitutional action on the merits. The Plaintiff can establish corporate liability under this theory by showing either that Dr. Papendick was Corizon's final decisionmaker with respect to whether requests for offsite specialty care were approved, or by showing that Corizon officials with final authority failed to review or investigate actions taken by Dr. Papendick that violated the constitutional rights of prisoners.

(3)     The third theory of liability, known as the "failure to train or supervise" theory, requires the Plaintiff to show the following three elements:  (1) that the corporation's training or supervision was inadequate for the tasks performed; (2) the inadequacy was the result of the corporation's deliberate indifference; and (3) the inadequacy was closely related to or actually caused the injury.  The Plaintiff can establish corporate liability under this theory by showing that Dr. Papendick was not adequately trained or supervised for the tasks he performed, the inadequacy of his training or supervision was the result of the corporation's deliberate indifference, and

the inadequacy was closely related to, or actually caused, Dr. Papendick not to approve colostomy reversal surgery for the Plaintiff.

(4) The fourth theory of liability, known as an "inaction theory," requires the Plaintiff to show (1) the existence of a clear and persistent pattern of deliberate indifference to the serious medical needs of prisoners; (2) notice or constructive notice on the part of the corporation; (3) the corporation's tacit approval of the unconstitutional conduct, such that their deliberate indifference in their failure to act can be said to amount to an official policy of inaction; and (4) that the corporation's custom was the "moving force" or direct causal link in the constitutional deprivation. The Plaintiff can establish corporate liability under this theory by showing that the corporation knew, or should have known, of a clear and persistent pattern of deliberate indifference to the medical needs of patients in their care, the corporation deliberately or recklessly failed to take action to address the pattern of constitutional violations, and the corporation's failure to take action was a reason that the Plaintiff did not receive a colostomy reversal during the two years and two months he spent in the MDOC.

To succeed on his claim against the corporation, Mr. Jackson only needs to prove one of these four theories. He does not need to prove all of them. If you find that Mr.

Page 29

Jackson has proved the elements of any one of these four theories, you must find in his favor on his claim against CHS TX, Inc.

Citations: *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (2005); *Helphenstine v. Lewis Cnty.*, 60 F.4th 305, 323 (6th Cir. 2023); *Pembaur v. City of Cincinnati*, 745 U.S. 469, 483 (1986); *Wright v. City of Euclid*, 962 F.3d 852, 880, 882 (6th Cir. 2020); *Meyers v. City of Cincinnati*, 14 F.3d 1115, 1118 (6 th Cir. 1994) *Doe v. Claiborne County,* 103 F.3d 495, 508 (6th Cir. 1996); ECF No. 114, PageID.4404.

.

## 21 – COMPENSATORY DAMAGES

If you find that any Defendant is liable to Mr. Jackson, then you must determine an amount that is fair compensation for all of Mr. Jackson's damages. These damages are called compensatory damages. The purpose of compensatory damages is to make Mr. Jackson whole—that is, to compensate Mr. Jackson for the damage that he has suffered. Compensatory damages are not limited to expenses that Mr. Jackson may have incurred because of his injury. If Mr. Jackson wins, he is entitled to compensatory damages for the physical injury, pain and suffering, and mental anguish that he has suffered because of Defendants' wrongful conduct. You may award compensatory damages only for injuries that Mr. Jackson proves were proximately caused by Defendants' allegedly wrongful conduct. The damages that you award must be fair compensation for all of Plaintiff's damages, no more and no less. You should not award compensatory damages for speculative injuries, but only for those injuries that Mr. Jackson has actually suffered or that Mr. Jackson is reasonably likely to suffer in the future.

If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that Mr. Jackson prove the amount of his losses with

Page 31

mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

You may award damages for any bodily injury that Mr. Jackson sustained and any pain and suffering, disability, disfigurement, mental anguish, and/or loss of capacity for enjoyment of life that Mr. Jackson experienced in the past or will experience in the future as a result of the bodily injury. No evidence of the value of intangible things, such as mental or physical pain and suffering, has been or need be introduced. You are not trying to determine value, but an amount that will fairly compensate Mr. Jackson for the damages he has suffered. There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award that you make must be fair in the light of the evidence.

Citation: 5th Cir. Pattern Instructions 15.2 and 15.3 (modified)

## 22 – PUNITIVE DAMAGES

If you find that any Defendant is liable for Mr. Jackson's injuries, you must award Mr. Jackson the compensatory damages that he has proved. You may, in addition, award punitive damages if you find that any Defendant acted with malice or with reckless indifference to the rights of others. One acts with malice when one purposefully or knowingly violates another's rights or safety. One acts with reckless indifference to the rights of others when one's conduct, under the circumstances, manifests a complete lack of concern for the rights or safety of another. Plaintiff Kohchise Jackson has the burden of proving that punitive damages should be awarded by a preponderance of the evidence.

The purpose of punitive damages is to punish and deter, not to compensate. Punitive damages serve to punish a defendant for malicious or reckless conduct and, by doing so, to deter others from engaging in similar conduct in the future. You are not required to award punitive damages. If you do decide to award punitive damages, you must use sound reason in setting the amount. Your award of punitive damages must not reflect bias, prejudice, or sympathy toward any party. It should be presumed that Mr. Jackson has been made whole by compensatory damages, so punitive damages should be awarded only if a Defendant's misconduct is so reprehensible as to warrant the imposition of further sanctions to achieve punishment or deterrence. If

you decide to award punitive damages, the following factors should guide you in fixing the proper amount:

> 1. the reprehensibility of the Defendant's conduct, including but not limited to whether there was deceit, cover-up, insult, intended or reckless injury, and whether the Defendant's conduct was motivated by a desire to augment profit;

> 2. the ratio between the punitive damages you are considering awarding and the amount of harm that was suffered by the victim or with which the victim was threatened.

You may consider the financial resources of the Defendants in fixing the amount of punitive damages. You may impose punitive damages against one or more of Dr. Keith Papendick, Corizon Health, Inc./CHS TX, Inc. and not others. You may also award different amounts against Defendants Dr. Keith Papendick and Corizon Health Inc./CHS TX, Inc.

Citation:  5th Cir. Pattern Instruction 15.7

## 23 – INTRODUCTION TO EVIDENCE (STIPULATED)

That concludes the part of my instructions explaining the elements of the claim(s) made by plaintiff and how to calculate damages if you find that damages should be awarded. Next I will explain some rules that you must use in considering some of the testimony and evidence.

Citation: W.D. Mich. Civil Jury Instruction CV4.01

## 24 – EXPERT WITNESSES (STIPULATED)

In this case, I have permitted certain witnesses to express their opinions about matters that are in issue.  A witness may be permitted to testify to an opinion on those matters about which he or she has special knowledge, skill, experience, and training. Such testimony is presented to you on the theory that someone who is experienced and knowledgeable in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing this opinion testimony, you may consider the witness's qualifications, his or her opinions, the reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness's testimony.  You may give the opinion testimony whatever weight, if any, you find it deserves in light of all the evidence in this case. You should not, however, accept opinion testimony merely because I allowed the witness to testify concerning his or her opinion. Nor should you substitute it for your own reason, judgment, and common sense. The determination of the facts in this case rests solely with you.

Authority:
Modern Federal Jury Instructions § 76.01, Part 76-9
Fed. R. Evid. 702

## 25 - WITNESS TESTIFYING TO BOTH FACTS AND OPINIONS

You have heard the testimony of Dr. Erina Kansakar, Dr. Keith Papendick, Dr. John Webber, Dr. Jan Watson, Sonya Fulks, and Cristin Rettler, P.A., who testified to both facts and opinions. Each of these types of testimony should be given the proper weight.

As to the testimony on facts, consider the factors discussed earlier in these instructions for weighing the credibility of witnesses.

As to the testimony on opinions, you do not have to accept these witnesses' opinion. In deciding how much weight to give it, you should consider the witness's qualifications and how he reached his conclusions along with the other factors discussed in these instructions for weighing the credibility of witnesses.

Remember that you alone decide how much of a witness's testimony to believe, and how much weight it deserves.

Citation: 6th Cir. Pattern Jury Instruction 7.03A (modified)

## 26 – COMPENSATION OF EXPERT WITNESSES

During the trial, witnesses who gave opinions may have been asked if they had been or would be compensated for their services. It is not improper for a witness who gave an opinion to be compensated for services. It is a customary and accepted procedure. No possible suggestion of impropriety results from the compensation for the services of such a witness, including compensation for giving testimony at trial.

Citation: W.D. Mich. Civil Jury Instruction CV4.05A

## 27 – WITNESS WHO HAS BEEN INTERVIEWED BY AN ATTORNEY

It has been brought out that an attorney has talked with witnesses. There is nothing wrong with an attorney talking with a witness for the purpose of learning what the witness knows about the case and what testimony the witness will give.

Citation: W.D. Mich. Civil Jury Instruction CV4.06W

## 28 – IMPEACHMENT – INCONSISTENT STATEMENT (PRIOR CONVICTION)

A witness may be discredited or "impeached" by contradictory evidence, by a showing that he or she testified falsely concerning a material matter, or by evidence that at some other time the witness has said or done something, or has failed to say or do something, which is inconsistent with the witness' present testimony. If you believe that any witness has been so impeached, then it is your exclusive province to give the testimony of that witness such credibility or weight, if any, as you may think it deserves.

The fact that a witness has previously been convicted of a felony, or a crime involving dishonesty or false statement, is also a factor you may consider in weighing the credibility of that witness. The fact of such a conviction does not necessarily destroy the witness' credibility, but is one of the circumstances you may take into account in determining the weight to be given to his or her testimony.

Citation: W.D. Mich. Civil Jury Instruction CV4.07

## 29 - INTRODUCTION TO DELIBERATIONS

That concludes the part of my instructions explaining the rules for considering some of the testimony and evidence.  Now let me finish up by explaining some things about your deliberations in the jury room, and your possible verdicts.

The first thing that you should do in the jury room is choose someone to be your foreperson.  This person will help to guide your discussions, and will speak for you here in court.

Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case.  If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the jury officer.  The officer will give them to me, and I will respond as soon as I can.  I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you.  Any questions or messages normally should be sent to me through your foreperson.

One more thing about messages.  Do not ever write down or tell anyone, including me, how you stand on your votes.  For example, do not write down or tell anyone that you are split 6-6, or 8-4, or whatever your vote happens to be.  That should stay secret until you are finished.

Citation: 6th Cir. Pattern Jury Instruction 8.01 (modified)

## 30 - EXPERIMENTS, RESEARCH, INVESTIGATION AND OUTSIDE COMMUNICATIONS

Remember that you must make your decision based only on the evidence that you saw and heard here in court.

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case.  You may not use any electronic device or media or application [unless specifically instructed to do so by this court], such as a telephone, cell phone, smart phone, iPhone, Blackberry, or computer, the Internet, any Internet service, or any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, MySpace, LinkedIn, YouTube, Twitter, Instagram, WhatsApp, Snapchat or other similar electronic service, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.  In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case.  You can only discuss the case in the jury room with your fellow jurors during deliberations.  I expect you will inform me as soon as you become aware of another juror's violation of these instructions.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom.  Information on the Internet or available through social media might be wrong, incomplete, or inaccurate.  Even using your smartphones,

Page 42

tablets, and computers -- and the news and social media apps on those devices -- may inadvertently expose you to certain notices, such as pop-ups or advertisements, that could influence your consideration of the matters you've heard about in this courtroom.  You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom.  Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case.  This would unfairly and adversely impact the judicial process.  A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result, which would require the entire trial process to start over.

Citation: 6th Cir. Pattern Jury Instruction 8.02

## 31 - DUTY TO DELIBERATE

Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room.  In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement.  Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say. Try your best to work out your differences. Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

But do not ever change your mind just because other jurors see things differently, or just to get the case over with.  In the end, your vote must be exactly that--your own vote.  It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say.  So you should all feel free to speak your minds.

Listen carefully to what the other jurors have to say, and then decide for yourself whether the Plaintiff's claims were proved by a preponderance of the evidence.

Citation: 6th Cir. Pattern Jury Instruction 8.04 (modified)

## 32 - NOTES

During the trial, I permitted you to take notes and I have noticed that several of you have done so. As I said at the beginning of the trial, there is always a tendency to attach undue importance to matters which one has written down. Some testimony which is considered unimportant at the time presented, and thus was not written down, may have taken on greater importance later in the trial in light of all the evidence presented. Therefore, you are again instructed that your notes are only a tool to aid your own individual memory and you should not compare your notes with other jurors in determining the content of any testimony or in evaluating the importance of any evidence. Your notes are not evidence, and may not be a complete outline of the proceedings or a list of the highlights of the trial. Above all, your memory should be your greatest asset when it comes time to deliberate and render a decision in this case.

Citation: W.D. Mich. Civil Jury Instruction CV9.04A

## 33 – VERDICT FORM

I have prepared verdict forms for your use. A verdict form is simply the written notice of your decision. Whatever decision you reach in this case must be the unanimous decision of all of you. When all of you agree upon a verdict, it will be received as your verdict.

After the verdict form is completed, your foreperson sign and date the form and should give a written note to the bailiff. That person will deliver that note to me, you will be called into the courtroom, and your foreperson will deliver the verdict to me in the courtroom. The parties will then be informed of your verdicts.

Citation: W.D. Mich. Civil Jury Instruction CV9.04A (modified)

## 34 – COURT HAS NO OPINION

Let me emphasize something that I said to you earlier. Nothing that I have said or done during this trial was meant to influence your decision in any way. You decide for yourselves whether the plaintiff's claims were proved by a preponderance of the evidence.

Citation: W.D. Mich. Civil Jury Instruction CV9.09

## DEFENDANTS' PROPOSED JURY INSTRUCTIONS AGREED TO BY PLAINTIFF

## <u>NO. 1 - INTRODUCTION</u>

Ladies and gentlemen, before you begin your deliberations, I now am going to instruct you on the law. You must pay close attention, and I will be as clear as possible.

It has been obvious to me and counsel that until now you have faithfully discharged your duty to listen carefully and observe each witness who testified. Your interest never flagged, and you have followed the testimony with close attention.

I ask you to give me that same careful attention as I instruct you on the law.

Authority:
Modern Federal Jury Instructions § 71.01, Part 71-1

## NO. 2 – ROLE OF THE COURT

You have now heard all of the evidence in this case as well as the final arguments of the lawyers for the parties.

My duty at this point is to instruct you as to the law. It is your duty to accept these instructions of law and apply them to the facts as you determine them, just as it has been my duty to preside over the trial and decide what testimony and evidence is relevant under the law for your consideration.

On these legal matters, you must take the law as I give it to you. If any attorney has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

You should not single out any instruction as alone stating the law, but you should consider my instructions as a whole when you retire to deliberate in the jury room.

You should not, any of you, be concerned about the wisdom of any rule that I state. Regardless of any opinion that you may have as to what the law may be – or ought to be – it would violate your sworn duty to base a verdict upon any other view of the law than that which I give you.

Authority:
Modem Federal Jury Instructions § 71.01, Part 71-2
*Nolan v. Greene*, 383 F.2d 814 (6th Cir. 1967)
*Tyree v. New York C.R. Co.*, 382 F.2d 524 (6th Cir. 1967)

## NO. 3 – ROLE OF THE JURY

As members of the jury, you are the sole and exclusive judges of the facts. You pass upon the evidence. You determine the credibility of the witnesses. You resolve such conflicts as there may be in the testimony. You draw whatever reasonable inferences you decide to draw from the facts as you have determined them, and you determine the weight of the evidence.

In determining these issues, no one may invade your province or functions as jurors. In order for you to determine the facts, you must rely upon your own recollection of the evidence. What the lawyers have said in their opening statements, in their closing arguments, in their objections, or in their questions is not evidence. Nor is what I may have said – or what I may say in these instructions – about a fact issue evidence. In this connection, you should bear in mind that a question put to a witness is never evidence, it is only the answer which is evidence. But you may not consider any answer that I directed you to disregard or that I directed struck from the record. Do not consider such answers.

Since you are the sole and exclusive judges of the facts, I do not mean to indicate any opinion as to the facts or what your verdict should be. The rulings I have made during the trial are not any indication of my views of what your decision should be as to whether or not the Plaintiff has proven his case.

I also ask you to draw no inference from the fact that upon occasion I asked questions of certain witnesses. These questions were only intended for clarification or to expedite matters and certainly were not intended to suggest any opinions on my part as to the verdict you should render, or whether any of the witnesses may have been more credible than any other witnesses. You are expressly to understand that the court has no opinion as to the verdict you should render in this case.

As to the facts, ladies and gentlemen, you are the exclusive judges. You are to perform the duty of finding the facts without bias or prejudice to any party.

Authority:   Modem Federal Jury Instructions § 71.01, Part 71-3
*Nemir v. Mitsubishi Motors Corp.*, 381 F.3d 540, 558 (6th Cir. 2004)

## NO. 4 – JUROR OATH

In determining the facts, you are reminded that you took an oath to render judgment impartially and fairly, without prejudice or sympathy and without fear, solely upon the evidence in the case and the applicable law. I know that you will do this and reach a just and true verdict.

Authority:
Modem Federal Jury Instructions § 71.01, Part 71-4

## NO. 5 – JURY TO DISREGARD COURT'S VIEW

I have not expressed nor have I intended to intimate any opinion as to which witnesses are or are not worthy of belief, what facts are or are not established, or what inference or inferences should be drawn from the evidence. If any expression of mine has seemed to indicate an opinion relating to any of these matters, I instruct you to disregard it. You are, I repeat, the exclusive, sole judges of all of the questions of fact submitted to you and of the credibility of the witnesses. Your authority, however, is not to be exercised arbitrarily; it must be exercised with sincere judgment, sound discretion, and in accordance with the rules of law which I give you. In making your determination of the facts in this case, your judgment must be applied only to that which is properly in evidence. Arguments of counsel are not in evidence, although you may give consideration to those arguments in making up your mind on what inferences to draw from the facts which are in evidence.

From time to time the court has been called upon to pass upon the admissibility of certain evidence, although I have tried to do so, in so far as it was practicable, out of your hearing. You have no concern with the reasons for any such rulings and you are not to draw any inferences from them. Whether offered evidence is admissible is purely a question of law in the province of the court and outside the province of the jury. In admitting evidence to which objection has been made, the court does not determine what weight should be given to such evidence, nor does it

pass on the credibility of the evidence.  Of course, you will dismiss from your mind,

completely and entirely, any evidence which has been ruled out of the case by the

court, and you will refrain from speculation or conjecture or any guesswork about the

nature or effect of any colloquy between court and counsel held out of your hearing

or sight.

Authority:
Modem Federal Jury Instructions § 71.01, Part 71-5

## NO. 6 – CONDUCT OF COUNSEL

It is the duty of the attorney on each side of a case to object when the other side offers testimony or other evidence which the attorney believes is not properly admissible.  Counsels also have the right and duty to ask the court to make rulings of law and to request conferences at the side bar out of the hearing of the jury. All those questions of law must be decided by me, the court.  You should not show any prejudice against an attorney or his client because the attorney objected to the admissibility of evidence, or asked for a conference out of the hearing of the jury or asked the court for a ruling on the law.

As I already indicated, my rulings on the admissibility of evidence do not, unless expressly stated by me, indicate any opinion as to the weight or effect of such evidence. You are the sole judges of the credibility of all witnesses and the weight and effect of all evidence.

Authority:
Modern Federal Jury Instructions § 71.01, Part 71-6

## NO. 8 – SYMPATHY

Under your oath as jurors you are not to be swayed by sympathy. You should be guided solely by the evidence presented during the trial, without regard to the consequences of your decision.

You have been chosen to try the issues of fact and reach a verdict on the basis of the evidence or lack of evidence.  If you let sympathy interfere with your clear thinking there is a risk that you will not arrive at a just verdict.  All parties to a civil lawsuit are entitled to a fair trial. You must make a fair and impartial decision so that you will arrive at the just verdict.

Authority:
Modern Federal Jury Instructions § 71.01, Part 71-10
*In re Murchison*, 349 U.S. 133 (1955)

## NO. 9 – WHETHER PARTY IS INSURED IS IRRELEVANT

Whether a party is insured has no bearing whatever on any issue that you must decide.

You must refrain from any inference, speculation, or discussion about insurance.

Authority:
Michigan Civil Jury Instructions § 3.06

## NO. 10 – PUBLICITY

Your verdict must be based solely on the evidence presented in this courtroom in accordance with my instructions. You must insulate yourselves from all information about this case, except what comes to you in this courtroom through the rules of evidence. I will also tell you to avoid browsing, listening to or watching any internet, radio, television or social media discussion of the case. You must completely disregard any report in the press, on the internet, television, social media or on the radio. Indeed, it would be unfair to consider such reports, since they are not evidence and the parties have no opportunity of contradicting their accuracy or otherwise explaining them away. In short, it would be a violation to your oath as jurors to allow yourselves to be influenced in any manner by such publicity.

Authority:
Modern Federal Jury Instructions § 71.01, Part 71-12 (modified)
Modern Federal Jury Instructions § 71.01, Part 71-13 (modified)
Modern Federal Jury Instructions § 71.01, Part 71-14 (modified)
*Briggs v. United States*, 221 F.2d 636 (6th Cir. 1955)

## NO. 11 – INSTRUCTIONS AT BEGINNING OF TRIAL

Before we start the trial, let me give you a few "rules of the road."

First, you must not discuss the case with anyone. This includes discussing the case in person, in writing, by phone or electronic means, via text messaging, e-mail, Facebook, Snapchat, Instagram, TikTok, Twitter, blogging or on any internet chat room, website or other feature. If you have to tell someone such as your spouse or your employer that you are serving on a jury and that the trial may last as late as [date], that's okay. But when they inevitably ask you what the case is about, please tell them that you are under strict instructions from the judge not to discuss the case. The reason for this, obviously, is that we want you to decide this case solely on the evidence presented in this courtroom, and not on the basis of anything anyone who hasn't heard the evidence may think about the case. If you are asked or approached in any way about your jury service or anything about this case, you should respond that you have been ordered by the judge not to discuss the matter, and you should report the contact to the court as soon as possible.

Along the same lines, you must not access any information about the case or do research on any issue that arises in the case from any outside source, including dictionaries, reference books, or anything on the internet. And in the unlikely event you see anything in the media about this case, please turn away and pay it no heed.

Your sworn duty is to decide this case solely and wholly on the evidence presented in this courtroom.

Finally, you must not discuss the case even among yourselves until all the evidence has been presented and the case has been give to you for your deliberations. The reason for this is that the evidence will be presented on witness and one exhibit at a time, and it is important that you keep an open mind until you have heard all the evidence.

Authority:
Modern Federal Jury Instructions § 71.02, Part 71-15 (modified)

## NO. 12 – NOTE TAKING BY JURY

If you want to take notes during the course of the trial, you may do so. If you do take notes, be sure that your note-taking does not interfere with your listening to and considering all of the evidence.  Also, if you take notes, do not discuss them with anyone before or during your deliberations.  Your notes are to be used solely to assist you and are not to substitute for your recollection of the evidence in this case. The fact that a particular juror has taken notes entitles that juror's views to no greater weight than those of any other juror and your notes are not to be shown to any other juror during your deliberations.  If, during your deliberations, you have any doubt as to any of the testimony, you will be permitted to request that the official trial transcript which is being made of these proceedings be read to you.

Authority:   Modern Federal Jury Instructions § 71.02, Part 71-16
*United States v. Johnson*, 584 F.2d 148 (6th Cir. 1978)

## NO. 14 – PREPONDERANCE OF THE EVIDENCE

Plaintiff has the burden of proof for all issue(s) and has the burden of proving every disputed element of his claim to you by a preponderance of the evidence. If you conclude that Plaintiff has failed to establish his claim by a preponderance of the evidence, you must decide against him on the issue(s) you are considering.

What does a "preponderance of evidence" mean? To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true. A preponderance of the evidence means the greater weight of the evidence. It refers to the quality and persuasiveness of the evidence, not to the number of witnesses or documents. In determining whether a claim has been proven by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received, regardless of who may have produced them.

If you find that the credible evidence on a given issue is evenly divided between the parties – that it is equally probable that one side is right as it is that the other side is right – then you must decide that issue against the Plaintiff as the party with the burden of proof. That is because the party bearing this burden must prove more than simple equality of evidence – he must prove the element at issue by a preponderance of the evidence. On the other hand, Plaintiff need prove no more than

a preponderance.  So long as you find that the scales tip, however slightly, in favor of Plaintiff with this burden of proof – that what the party claims is more likely true than not true – then that element will have been proved by a preponderance of the evidence.

Some of you may have heard of proof beyond a reasonable doubt, which is the proper standard of proof in a criminal trial. That requirement does not apply to a civil case such as this and you should put it out of your mind.

Authority:
Modern Federal Jury Instructions § 73.01, Part 73-2 (modified)
*Williams v. Eau Claire Public Schools*, 397 F.3d 441 (6th Cir. 2005)

## NO. 15 – WHAT IS AND IS NOT EVIDENCE

The evidence in this case is the sworn testimony of the witnesses, the exhibits received in evidence, stipulations, and judicially noticed facts.

By contrast, the questions of the lawyers are not to be considered by you as evidence. It is the witnesses' answers that are evidence, not the questions. At times, a lawyer may have incorporated into a question a statement which assumed certain facts to be true, and asked the witness if the statement was true. If the witness denied the truth of a statement, and if there is no direct evidence in the record proving that assumed fact to be true, then you may not consider it to be true simply because it was contained in the lawyer's question.

Testimony that has been stricken or excluded is not evidence and may not be considered by you in rendering your verdict. Also, if certain testimony was received for a limited purpose- such as for the purpose of assessing a witness's credibility you must follow the limiting instructions I have given.

Arguments by lawyers are not evidence, because the lawyers are not witnesses. What they have said to you in their opening statements and in their summations is intended to help you understand the evidence to reach your verdict. However, if your recollection of the facts differs from the lawyers' statements, it is your recollection which controls.

Page 65

To constitute evidence which may be considered by you, exhibits must be received in evidence. Exhibits marked for identification but not admitted are not evidence, nor are materials brought forth only to refresh a witness' recollection.

Finally, statements which I may have made concerning the quality of the evidence do not constitute evidence.

If it is for you alone to decide the weight, if any, to be given to the testimony you have heard and the exhibits you have seen.

Authority:
Modern Federal Jury Instructions § 74.01, Part 74-1 (modified)

## <u>NO. 16 – DIRECT AND CIRCUMSTANTIAL EVIDENCE</u>

There are two types of evidence which you may properly use in reaching your verdict.

One type of evidence is direct evidence. Direct evidence is when a witness testifies about something he knows by virtue of his own senses – something he has seen, felt, touched, or heard. Direct evidence may also be in the form of an exhibit when the fact to be proved is its present existence or condition.

The other type of evidence is circumstantial evidence. This is evidence which tends to prove a disputed fact by proof of other facts. There is a simple example of circumstantial evidence which is often used in this courthouse.

Assume that when you came into the courthouse this morning the sun was shining and it was a nice day. Assume that the courthouse blinds were drawn and you could not look outside. As you were sitting here, someone walked in with an umbrella which was dripping wet. Then a few minutes later another person also entered with a wet umbrella. Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining. So you have no direct evidence of that fact. But on the combination of facts which I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

That is all there is to circumstantial evidence, You infer on the basis of reason and experience and common sense from one established fact the existence or non-existence of some other fact.

Circumstantial evidence is of no less value than direct evidence; for, it is a general rule that the law makes no distinction between direct evidence and circumstantial evidence but simply requires that your verdict must be based on a preponderance of all the evidence presented.

Authority:
Modern Federal Jury Instructions § 74.01, Part 74-2 (modified)
*Michalic v. Cleveland Tankers, Inc.*, 364 U.S. 325 (1960)

## NO. 18 – JUDICIAL NOTICE AND STIPULATIONS

I have taken judicial notice of certain facts which are not subject to reasonable dispute. I have accepted these facts to be true, even though no direct evidence has been introduced proving them to be true. You are required to accept these facts as true in reaching your verdict.

A stipulation of facts is an agreement among the parties that a certain fact is true. You must regard such agreed facts as true.

Authority:
Modern Federal Jury Instructions § 74.02, Part 74-3
Modern Federal Jury Instructions § 74.02, Part 74-4
*Brown v. Tennessee Gas Pipeline Co.*, 623 F.2d 450, 454 (6th Cir. 1980)

## NO. 19 – STATEMENT TO DOCTORS AND MEDICAL PROFESSIONALS

You have heard the testimony of physicians and other medical professionals concerning statements made by Plaintiff Kohchise Jackson, who was a patient, for the purpose of facilitating medical diagnosis or treatment. These statements included descriptions of the patient's medical history and symptoms and the general cause of his illness. You may consider these statements as evidence of the facts stated. It is up to you, the jury, to decide what weight, if any, to give these statements, just as you would any other evidence.

Authority:   Modern Federal Jury Instructions § 74.05, Part 74-10

## NO. 20 – USE OF DEPOSITIONS

Some of the testimony before you is in the form of depositions which have been received in evidence.  A deposition is simply a procedure where prior to trial the attorneys for one side may question a witness or an adversary party under oath before a court stenographer.  This is part of the pretrial discovery, and each side is entitled to take depositions.  You may consider the testimony of a witness given at a deposition according to the same standards you would use to evaluate the testimony of a witness given at trial

Authority:   Modern Federal Jury Instructions § 74.07, Part 74-14

## NO. 21 – INFERENCES

During the trial you have heard the attorneys use the term "inference," and in their arguments they have asked you to infer, on the basis of your reason, experience, and common sense, from one or more established facts, the existence of some other fact.

An inference is not a suspicion or a guess. It is a reasoned, logical conclusion that a disputed fact exists on the basis of another fact which has been shown to exist.

There are times when different inferences may be drawn from facts, whether proved by direct or circumstantial evidence. The plaintiff asks you to draw one set of inferences, while the defense asks you to draw another. It is for you, and you alone, to decide what inferences you will draw.

The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation. An inference is a deduction or conclusion which you, the jury, are permitted to draw – but not required to draw – from the facts which have been established by either direct or circumstantial evidence. In drawing inferences, you should exercise your common sense.

So, while you are considering the evidence presented to you, you are permitted to draw, from the facts which you find to be proven, such reasonable inferences as would be justified in light of your experience.

Authority:
Modern Federal Jury Instructions § 75.01, Part 75-1

## NO. 22 – PRESUMPTIONS

You have heard arguments by counsel which call on you to make certain presumptions. What is a presumption? A presumption requires you to find one fact from the existence of another fact.

Before you may find the presumed fact to exist, you must, therefore, determine whether the underlying or basic fact has been proved. Only if you find the basic fact to exist will the presumption operate to require you to find that the presumed fact also was proved.

One word of caution. The mere existence of a presumption never shifts the burden of proof.  In this case, even if you find the basic fact that compels you to find the presumed fact, the burden of proof still remains on the plaintiff to prove all the elements of his claim. The presumptive fact, therefore, would only be a circumstance to be considered along with all of the other circumstances in this case in deciding the issue of liability

Authority:
Modern Federal Jury Instructions § 75.02, Part 75-8
*Ulster County Court v. Allen*, 442 U.S. 140, 157-59 (1979)

## NO. 23 – WITNESS CREDIBILITY

You have had the opportunity to observe all of the witnesses. It is now your job to decide how believable each witness was in his or her testimony. You are the sole judges of the credibility of each witness and of the importance of his or her testimony.

It must be clear to you by now that you are being called on to resolve various factual issues raised by the parties in the face of very different pictures painted by both sides. In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence that may help you decide the truth and the importance of each witness's testimony.

How do you determine where the truth lies? You watched each witness testify. Everything a witness said or did on the witness stand counts in your determination. How did the witness impress you? Did he or she appear to be frank, forthright, and candid, or evasive and edgy as if hiding something? How did the witness appear; what was his or her demeanor-that is, his or her carriage, behavior, bearing, manner, and appearance while testifying? Often it is not what a person says but how he or she says it that moves us.

You should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life. You should consider any bias or

hostility the witness may have shown for or against any party as well as any interest the witness has in the outcome of the case. You should consider the opportunity the witness had to see, hear, and know the things about which he or she testified, the accuracy of the witness's memory, the witness's candor or lack of candor, the witness's intelligence, the reasonableness and probability of the witness's testimony and its consistency or lack of consistency and its corroboration or lack of corroboration with other credible testimony.

In other words, what you must try to do in deciding credibility is to size a witness up in light of his or her demeanor, the explanations given, and all of the other evidence in the case. Always remember that you should use your common sense, your good judgment, and your own life experience.

Authority:
Modern Federal Jury Instructions § 76.01, Part 76-1
*Sartor v. Arkansas Natural Gas Corp.*, 321 U.S. 620, 628 (1944)
*Powers v. Bayliner Marine Corp.*, 83 F.3d 789, 794 (6th Cir. 1996)

## NO. 24 – BIAS

In deciding whether to believe a witness, you should specifically note any evidence of hostility or affection that the witness may have towards one of the parties. Likewise, you should consider evidence of any other interest or motive that the witness may have in cooperating with a particular party.

It is your duty to consider whether the witness has permitted any such bias or interest to color his or her testimony. In short, if you find that a witness is biased, you should view his or her testimony with caution, weigh it with care, and subject it to close and searching scrutiny.

Authority:
Modern Federal Jury Instructions § 76.01, Part 76-2

## NO. 25 – INTEREST OF WITNESS

In evaluating the credibility of the witnesses, you should take into account any evidence that a witness may benefit in some way from the outcome of the case. Such interest in the outcome creates a motive to testify falsely and may sway a witness to testify in a way that advances his own interests. Therefore, if you find that any witness whose testimony you are considering may have an interest in the outcome of this trial, then you should bear that factor in mind when evaluating the credibility of his or her testimony, and accept it with great care.

Keep in mind, though, that it does not automatically follow that testimony given by an interested witness is to be disbelieved. There are many people who, no matter what their interest in the outcome of the case may be, would not testify falsely. It is for you to decide, based on your own perceptions and common sense, to what extent, if at all, the witness's interest has affected his testimony

Authority:   Modern Federal Jury Instructions § 76.01, Part 76-3

Page 77

## NO. 26 – DISCREPANCY IN TESTIMONY

You are instructed that evidence of discrepancies may be a basis to disbelieve a witness's testimony. On the other hand, discrepancies in a witness's testimony or between his or her testimony and that of others do not necessarily mean that the witness's entire testimony should be discredited.

People sometimes forget things and even a truthful witness may be nervous and contradict himself. It is also a fact that two people witnessing an event will see or hear it differently. Whether a discrepancy pertains to a fact of importance or only to a trivial detail should be considered in weighing its significance; but a willful falsehood always is a matter of importance and should be considered seriously.

It is for you to decide, based on your total impression of the witness, how to weigh the discrepancies in his or her testimony. You should, as always, use common sense and your own good judgment.

Authority:
Modern Federal Jury Instructions § 76.01, Part 76-4
*Quock Ting v. United States*, 140 U.S. 417, 420-421 (1891)

## NO. 27 – IMPEACHMENT BY PRIOR INCONSISTENT STATEMENT

You may have heard evidence that at some earlier time the witness has said or done something that counsel argues is inconsistent with the witness's trial testimony. Evidence of a prior inconsistent statement is not to be considered by you as affirmative evidence in determining liability. Evidence of a prior inconsistent statement was placed before you for the more limited purpose of helping you decide whether to believe the trial testimony of the witness who contradicted himself. If you find that the witness made an earlier statement that conflicts with his trial testimony, you may consider that fact in deciding how much of his trial testimony, if any, to believe.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency, and whether that explanation appealed to your common sense.

It is exclusively your duty, based on all the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so how much, if any, weight to give to the inconsistent statement in determining whether to believe all or part of the witness's testimony.

Authority:   Modern Federal Jury Instructions § 76.01, Part 76-

## NO. 46 – DELIBERATIONS-INTRODUCTION

You are about to go into the jury room and begin your deliberations. If during those deliberations you want to see any of the exhibits, you may request that they be brought into the jury room.  If you want any of the testimony read back to you, you may also request that.  Please remember that it is not always easy to locate what you might want, so be as specific as you possibly can in requesting exhibits or portions of the testimony.

Your requests for exhibits or testimony-in fact any communication with the court- should be made to me in writing, signed by your foreperson, and given to one of the marshals.  In any event, do not tell me or anyone else how the jury stands on any issue until after a verdict is reached.

Authority:
Modern Federal Jury Instructions § 78.01, Part 78-1

## NO. 47 – DUTY TO DELIBERATE TO UNANIMOUS VERDICT

You will now return to decide the case.  In order to prevail, Plaintiff Kochise Jackson must sustain his burden of proof as I have explained to you with respect to each element of his claims against Corizon and/or Dr. Papendick.  If you find that Plaintiff has succeeded, you should return a verdict in his favor on that claim.  If you find that Plaintiff has failed to sustain his burden on any element of the claim, you should return a verdict against him.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement.  Each of you must decide the case for himself or herself, but you should do so only after a consideration of the case with your fellow jurors, and you should not hesitate to change an opinion when convinced that it is erroneous.  To reach a verdict six of the seven of you must reach a decision, but you are not bound to surrender your honest convictions concerning the effect of weight of the evidence for the mere purpose of returning a verdict of solely because of the opinion of other jurors.  Discuss and weigh your respective opinions dispassionately, without regard to sympathy, without regard to prejudice or favor for either party, and adopt that conclusion which in your good conscience appears to be in accordance with the truth.

Again, each of you must make your own decision about the proper outcome of this case based on your consideration of the evidence and your discussions with your

fellow jurors.  No juror should surrender his or her conscientious beliefs solely for

the purpose of returning a verdict

Authority:
Modern Federal Jury Instructions § 78.01, Part 78-3
*American Publishing Co. v. Fisher*, 166 U.S. 464 (1896)

## NO. 48 – DEADLOCK CHARGE: REACHING AGREEMENT

This case is important for the Plaintiff and for the Defendants.  Both parties, as well as the court, have expended a great deal of time, effort and resources in seeking a fair and impartial resolution of this dispute.

It is desirable if a verdict can be reached, but your verdict must represent the conscientious judgment of each juror.

While you may have honest differences of opinion with your fellow jurors during the deliberations, each of you should seriously consider the arguments and opinions of the other jurors. Do not hesitate to change your opinion if, after discussion of the issues and consideration of the facts and evidence in this case, you are persuaded that your initial position is incorrect. However, I emphasize that no juror should vote for a verdict unless it represents his conscientious judgment.

Authority:
Modern Federal Jury Instructions § 78.01, Part 78-4
*Allen v. United States*, 164 U.S. 492 (1896)
*United States v. Brika*, 416 F.3d 514 (6th Cir. 2005)
*United States v. Reed*, 167 F.3d 984 (6th Cir. 1999)

## NO. 49 – SELECTION OF FOREPERSON

When you retire, you should elect one member of the jury as your foreperson.

That person will preside over the deliberations and speak for you here in open court.

Authority:
Modern Federal Jury Instructions § 78.01, Part 78-5

Respectfully submitted,

/s/ *Ian T. Cross*
Ian T. Cross (P83367)
Laurence H. Margolis (P69635)
**MARGOLIS & CROSS**
402 W. Liberty St.
Ann Arbor, MI 48103
(734) 994-9590
Email: ian@lawinannarbor.com

Date:   July 30, 2025