# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| KONCHISE JACKSON,<br><br>    Plaintiff,<br><br>v.<br><br>CORIZON HEALTH, INC., et al.,<br><br>    Defendants | Case No.: 2:19-13382-GAD-PTM<br><br>U.S. DISTRICT COURT JUDGE<br>HON. GERSHWIN A. DRAIN |

### DEFENDANT CHS TEX, INC. AND KEITH PAPENDICK, M.D.'s MOTION TO QUASH CERTAIN OF PLAINTIFF'S TRIAL SUBPOENAS AND OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL COMPLIANCE WITH TRIAL SUBPOENAS

32265068

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................... iii

STATEMENT OF ISSUES ..................................................................................... iv

CONTROLLING OR MOST APPROPRIATE AUTHORITIES ............................. v

INTRODUCTION ..................................................................................................... 1

ARGUMENT ............................................................................................................. 3

    I.    Legal Standard ................................................................................. 3

    II.    Isaac Lefkowitz Has No Role With Defendants, Lives In New York and Israel, And Had Nothing To Do With Corizon During The Relevant Time Period Of This Case ................ 4

    III.    Dr. Jeffrey Bomber and Mason Gill ............................................... 7

CONCLUSION .......................................................................................................... 9

[PROPOSED] ORDER ON DEFENDANT CHS TEX, INC. AND KEITH PAPENDICK, M.D.'s MOTION TO QUASH CERTAIN OF PLAINTIFF'S TRIAL SUBPOENAS AND PLAINTIFF'S MOTION TO COMPEL COMPLIANCE WITH TRIAL SUBPOENAS ........................................................................ 12

a

# **TABLE OF AUTHORITIES**

Page(s)

Cases

*Adkisson v. Jacobs Eng'g Grp., Inc.*,
  No. 3:13-cv-505-TAV-HBG, 2020 WL 6470173 (E.D. Tenn. Nov. 3, 2020).......4
*Hill v. Homeward Residential, Inc.*,
  799 F.3d 544 (6th Cir. 2015) ................................................................3, 4
*In re: Modern Plastics Corp.*,
  890 F.3d 244 (6th Cir. 2018) ........................................................................4
*Novovic v. Greyhound Lines, Inc.*,
  No. 2:09-CV-00753, 2012 WL 252124 (S.D. Ohio Jan. 26, 2012) .......................8
*Powell v. State Farm Fire & Cas. Co.*,
  No. 15-13342, 2015 WL 13619425 (E.D. Mich. Dec. 23, 2015) ..........................3
*Satija v. Permanent Gen. Assurance Corp. of Ohio*,
  No. 1:13-cv-82, 2014 WL 12591693 (N.D. Ohio Apr. 30, 2014 ..........................4

Rules

Fed. R. Civ. P. 45 ................................................................................... 1, 3, 5
Fed. R. Civ. P. 45 (d)(3)..................................................................................1
Fed. R. Civ. P. 45(A) ......................................................................................3
Fed. R. Civ. P. 45(b) .......................................................................................3
Fed. R. Civ. P. 45(b)(1)...................................................................................3
Fed. R. Civ. P. 45(c).......................................................................................3
Fed. R. Evid. 602 ............................................................................................4

# STATEMENT OF ISSUES

1. Whether the Court should quash or otherwise decline to enforce the trial attendance subpoena given to Defendants for Isaac Lefkowitz, a non-party, non-employee of Defendants?

   Defendants' Answer: Yes

   Plaintiffs May Answer:  No

   Th Court Should Answer:  Yes

2. Whether the Court should quash or otherwise decline to enforce the trial attendance subpoena given to Defendants for Dr. Jeffrey Bomber, a non-party, non-employee of Defendants?

   Defendants' Answer: Yes

   Plaintiffs May Answer:  No

   Th Court Should Answer:  Yes

3. Whether the Court should quash or otherwise decline to enforce the trial attendance subpoena given to Defendants for Mason Gill, a non-party, non-employee of Defendants?

   Defendants' Answer: Yes

   Plaintiffs May Answer:  No

   Th Court Should Answer:  Yes

4. Whether the Court should deny Plaintiff's Motion to Compel Compliance With Tril Subpoenas given to Defendants for Keith Papendick, M.D. and Dr. Patricia Schmidt as moot?

   Defendants' Answer: Yes

   Plaintiffs May Answer:  No

   Th Court Should Answer:  Yes

# **CONTROLLING OR MOST APPROPRIATE AUTHORITIES**

Fed. R. Evid. 45

Fed. R. Evid. 602

*Hill v. Homeward Residential, Inc.,* 799 F.3d 544 (6th Cir. 2015)

*In re: Modern Plastics Corp.,* 890 F.3d 244 (6th Cir. 2018).

*Powell v. State Farm Fire & Cas. Co.*, No. 15-13342, 2015 WL 13619425 (E.D. Mich. Dec. 23, 2015)

*Novovic v. Greyhound Lines, Inc*., No. 2:09-CV-00753, 2012 WL 252124 (S.D. Ohio Jan. 26, 2012)

# INTRODUCTION

Defendants CHS TX, Inc. and Keith Papendick, M.D. respectfully move pursuant to Fed. R. Civ. P. 45 (d)(3) to quash improperly and ineffectually served trial attendance subpoenas for non-party, non-employee witnesses (i) Dr. Jeffrey Bomber, (ii) Mason Gill, and (iii) Isacc Lefkowitz. Plaintiff improperly attempted to serve these non-party, non-employee trial attendance subpoenas on July 25, 2025 by handing them to Defendants' counsel, who does not have authority to accept service on behalf of these individuals. Defendants also oppose that portion of Plaintiff's Motion to Compel Compliance With Trial Subpoenas relating to those individuals. Defendants agreed to accept service of trial subpoenas for Defendant Keith Papendick, M.D. and Dr. Patricia Schmidt even before Plaintiff filed his motion, so that portion of Plaintiff's motion should not have been filed and should be denied as moot. *See* **Exhibit A**.

Plaintiff's' trial subpoenas relating to Dr. Bomber, Mason Gill, and Isaac Lefkowitz should be quashed for the several reasons counsel explained when Plaintiff attempted to serve these subpoenas. *Id*. This motion is "timely" under Rule 45, as it is filed less than a week after Plaintiff attempted to serve these subpoenas. However, were it not for the fact that Plaintiff wrongly contends that they properly served these subpoenas by giving them to Defendants' counsel, Defendants would not even have standing to contest the subpoenas because these are not party witnesses. But that does

32265068

1

not mean Defendants can be compelled to produce non-party, non-employee witnesses, which is why Plaintiff's motion to compel should be denied in its entirety.

This case was filed on November 15, 2019. Things have changed. Corizon's MDOC contract expired on May 31, 2021 and Corizon filed its Chapter 11 bankruptcy petition on February 3, 2023. Dr. Bomber, Mr. Gill, and Mr. Lefkowitz have no role with CHS TX, Inc. or the entity formerly known as Corizon. The notion that Plaintiff's counsel does not know why facts have changed since this case was filed in 2019 is ludicrous. Plaintiff's counsel, Ian Cross, was an active participant in the Tehum Bankruptcy Proceeding. *See* Bankr. Docs. 25, 34, 68, 69, 75, 332, 731, 854, 864, 883, 909, 911, 1027, 1028, 1295, 1367, 1390 that all involve Mr. Cross. In fact, the only reason this case currently exists is because Plaintiff's counsel had their client affirmatively opt out of the Bankruptcy Plan.

Plaintiff's subpoenas, and motion, is a frivolous attempt to harass Defendants and, in particular, Mr. Lefkowitz, who cannot possibly have personal knowledge of the facts relating to this case because he had ***no involvement whatsoever*** with Corizon during Plaintiff's incarceration through 2019 or even during the term of its MDOC contract through May 2021. The Court should deny Plaintiff's motion in its entirety and preclude Plaintiff from harassing Mr. Lefkowitz by precluding him as a witness at trial.

# ARGUMENT

## I. Legal Standard

Pursuant to Fed. R. Civ. P. 45, "on a timely motion, the court for the district where compliance is required ***must*** quash or modify a subpoena that:"

(i) fails to allow a reasonable time to comply;

(ii) (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

Fed. R. Civ. P. 45(A). Defendants' motion is timely—Plaintiff only attempted service last Friday.

Rule 45 also states: "[s]erving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law." Fed. R. Civ. P. 45(b)(1); *see also Hill v. Homeward Residential, Inc.,* 799 F.3d 544, 553 (6th Cir. 2015) ("Rule 45 requires, among other things, that the party serving it tender certain fees"). Rule 45(b) expressly requires personal service; "the rule makes no allowance for service by alternate means." *Powell v. State Farm Fire & Cas. Co.*, No. 15-13342, 2015 WL 13619425, at *1 (E.D. Mich. Dec. 23, 2015). The Sixth Circuit explained that the requirements within Rule 45 "were not made to be 'tempered'; they were made to be

'technical'—from the specific amount of fees tendered, to the court issuing the subpoena, to the geographic scope of the request." *Hill*, 799 F.3d at 553.

"[U]ndue burden is to be assessed in a case-specific manner." *In re: Modern Plastics Corp.,* 890 F.3d 244, 251 (6th Cir. 2018). Relevance is a factor to be considered. *Id.* So is the status of the person who has been subpoenaed (e.g., non-party) and that person's claimed lack of personal knowledge. *See Adkisson v. Jacobs Eng'g Grp., Inc.*, No. 3:13-cv-505-TAV-HBG, 2020 WL 6470173, at *2 (E.D. Tenn. Nov. 3, 2020) (quashing a subpoena for subjecting a person to undue burden, where the issuing party had failed to identify how the non-party person who had been subpoenaed possessed personal knowledge regarding relevant issues) (**Exhibit B**); *Satija v. Permanent Gen. Assurance Corp. of Ohio*, No. 1:13-cv-82, 2014 WL 12591693, at *2 (N.D. Ohio Apr. 30, 2014) (same) (**Exhibit C**); see also Fed. R. Evid. 602 ("[a] witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter").

II. **Isaac Lefkowitz Has No Role With Defendants, Lives In New York and Israel, And Had <u>Nothing</u> To Do With Corizon During The Relevant Time Period Of This Case**

Isaac Lefkowitz is a partner in Perigrove, a New York-based company that is a remote parent of CHS TX, Inc. *See* **Exhibit D,** Affidavit of Scott King, Esq., (King

32265068    4

Aff.) at ¶ 2. As undersigned counsel explained to Plaintiff's counsel twice prior to filing their motion, in person and in writing:

(1) undersigned counsel does not have authority to accept service of a subpoena on Mr. Lefkowitz, who is not a party witness;

(2) to Defendants knowledge, Mr. Lefkowitz was not personally served as required under Fed. R. Civ. P. 45 and has not been tendered fees;

(3) Mr. Lefkowitz holds no role with CHS TX, Inc. or the now-bankrupt entity Tehum Care Services, Inc. (fka Corizon Health, Inc.), which currently exists only through the Bankruptcy Court-appointed Trustee since the Bankruptcy Plan became effective on March 31, 2025; *See* King Aff. a t¶ 7-8,

(4) Mr. Lefkowitz resides in New York State and Israel, as is therefore well-outside the Fed. R. Civ. P. 45 subpoena power; *See* King Aff. at¶ 9, and

(5) Mr. Lefkowitz had no role ***whatsoever*** with Corizon Health, Inc. during the time of Plaintiff's incarceration. Corizon Health, Inc. had a completely different ownership group at the time that Plaintiff was imprisoned.

See Ex. A.

Apart from ineffective and improper service,[1] Mr. Lefkowitz has nothing relevant to say in this case. He cannot possibly have first-hand knowledge of any facts relating to Plaintiff's claims because he was not involved with Corizon Health, Inc. in any capacity until December 2021—***two and a half years after Plaintiff was released from prison.*** The timeline is as follows: Plaintiff was imprisoned in the MDOC from March

---

[1] For the reasons stated herein, the Court should quash these subpoenas even if the Court finds they were adequately served.

32265068

5

23, 2017 to May 16, 2019.  As of 2017, Blue Mountain Capital Management ("Blue Mountain") was Corizon's largest beneficial owner.  Mr. Lefkowitz had no role in Blue Mountain or any other beneficial owner of Corizon at the time.  King Aff. at ¶ 3.  In 2020, Blue Mountain sold the equity of Corizon to Flacks Group, a Miami-based investment firm.  Mr. Lefkowitz had no role with Flacks Group.  King Aff. at ¶ 4.  Mr. Lefkowitz did not become involved with Corizon until December 2021, when Flacks Group sold the business to Perigrove.  King Aff. at ¶ 6.  Given his lack of personal knowledge of any facts relevant to this case, hauling Mr. Lefkowitz in to testify from New York or Israel in a few weeks would be a waste of time and presents an undue burden to him.[2]

On February 13, 2023, Tehum Care Services, Inc. (fka Corizon Health, Inc.) filed a petition for Chapter 11 protection in the U.S. Bankruptcy Court for the Southern District of Texas (Houston Division), in a case captioned *In re Tehum Care Services, Inc.*, 23-90086.  On March 3, 2025, the Bankruptcy Court issued an Order Confirming the *First Modified Joint Chapter 11 Plan of Reorganization of the Tort Claimants' Committee, Official Committee of Unsecured Creditors, and Debtor*.  See Bankr. Doc. 2014 (Confirmation Order); **Exhibit E**, Bank. Doc. 1739 (the "Plan").  The Plan became

---

[2]    Plaintiff's gratuitous reference to 2024 criticisms of Tehum bankruptcy ***nearly five years after Plaintiff was released from prison*** only highlights how irrelevant Plaintiff's pursuit of Mr. Lefkowitz is to his claims.  Ironically, the Plan approved more than a year after the referenced letter expressly preserved and permitted Plaintiff to pursue his very claims, which is why there is a trial.

effective on March 31, 2025. See Bankr. Doc. 2088 (Notice of Entry of (I) Confirmation Order, (II) Occurrence of Effective Date, (III) Administrative Claims Bar Date, and (IV) Other Claims Deadlines).

Now that the Plan is effective, the successor to the Estate of the Debtor (Tehum fka Corizon) is the GUC Trustee, who is responsible for winding down the Estate and implementing the terms of the Plan. See Plan, Art. I., ¶ 162 ("Post-Effective Date Debtor"); Art. IV.F(e), (q). In that regard:

> On the Effective Date, the authority, power, and incumbency of the persons acting as managers, directors, and officers of the Debtor shall be deemed to have resigned and ***the GUC Trustee shall be appointed as the sole manager, director, and officer of the Post-Effective Date Debtor and shall succeed to the powers of the Debtor's managers, directors, and officers.*** From and after the Effective Date, the GUC Trustee shall be the sole representative of, and shall act for, the Post-Effective Date Debtor.

The GUC Trustee is Matthew Dundon, of Dundon Advisors. As such, whatever may have been the case about Mr. Lefkowitz in the past, as of March 31, 2025, the Tehum fka Corizon has ***no*** managers, directors, and officers other than the GUC Trustee, and the GUC Trustee is its sole representative. As discussed above, Plaintiff's counsel knows all of this because of his extensive personal involvement in the Tehum Bankruptcy Proceeding. The Could should deny Plaintiff's motion in its entirety.

### III. Dr. Jeffrey Bomber and Mason Gill

Dr. Bomber and Mason Gill have never been employed by CHS TX, Inc. and there was never a representation that they were. They have not been employed by the

32265068

7

entity formerly known as Corizon Health, Inc. since prior to its 2023 bankruptcy. *See* Ex. A; King Aff. ¶ 10-11. Plaintiff mistakenly refers to ECF 31 (they mean ECF 41), which was Corizon's preliminary witness, but they fail to mention that it was filed on October 10, 2020. Plaintiff also refers to Dr. Bomber's deposition testimony, but they fail to mention that he was deposed on May 18, 2021. Both of these events occurred prior expiration of the MDOC contract and years before Corizon declared bankruptcy. As discussed above, Plaintiff's counsel knows full well that Corizon went bankrupt in 2023 and has no employees. Pretending otherwise does not present a serious argument.

Defendants have no current control over Dr. Bomber or Mr. Gill and no ability to require them to be anywhere. Plaintiff's argument about subpoenas for current employees is inapposite, as their brief concedes in discussing *Novovic v. Greyhound Lines, Inc.*, No. 2:09-CV-00753, 2012 WL 252124, at *8 (S.D. Ohio Jan. 26, 2012) ("Witnesses who are no longer employees of Greyhound are not parties, and must be individually and personally served with a subpoena to compel their appearance even at the alternative courthouses…Plaintiffs, therefore, cannot move this Court to compel Greyhound to produce nonparties who are no longer in its employ.") (**Exhibit F**). Defendants would not even have standing to quash these subpoenas if Plaintiff properly served these former employees *because Defendants have no obligation to produce them*. *Id*. Plaintiff's motion to enforce these subpoenas against Defendant must be denied.

32265068  8

## CONCLUSION

For the reasons stated here, Defendants' Motion to Quash should be granted, Plaintiff's Motion to Compel Compliance With Trial Subpoenas as to Isaac Lefkowitz, Dr. Jeffrey Bomber, and Mason Gill should be denied, and Plaintiff's Motion to Compel Compliance With Trial Subpoenas as to Keith Papendick, M.D. and Dr. Patricia Schmidt should be denied as moot.

Dated: July 31, 2025          Respectfully submitted,

**BOWMAN AND BROOKE LLP**

By: /s/*Sunny Rehsi*
Sunny Rehsi (P80611)
101 W. Big Beaver Road.,
Suite 1100 Troy, MI 48084
248.205.3300
sunny.rehsi@bowmanandbrooke.com

Adam Masin (Admitted 5/1/2025)
750 Lexington Avenue
New York, NY 10022
646.914.6790
adam.masin@bowmanandbrooke.com

Rachel B. Weil (Admitted 7/16/25)
123 South Broad Street, Suite 1512
Philadelphia, PA 19109
267.908.7097
rachel.weil@bowmanandbrooke.com

*Attorneys for Defendants CHS TX, Inc. d/b/a YesCare and Keith Papendick, M.D.*

# CERTIFICATE OF SERVICE

I certify that, on July 31, 2025, a copy of the foregoing document in the above-captioned proceeding has been served upon the attorneys listed below via electronic mail:

**Ian T. Cross** (P83367)
Cross Law PLLC
Attorneys for Plaintiff
402 W. Liberty St.
Ann Arbor, MI  48103
724.994.9590
ian@lawinannarbor.com

**Laurence H. Margolis** (P69635)
Margolis Law Firm
Attorneys for Plaintiff
214 South Main St., Suite 202
Ann Arbor, MI 48104
734.994.9590
assistant@lawinannarbor.com

**Jonathan R. Marko** (P72450)
**Michael L. Jones** (P85223)
Marko Law, PLLC
220 W. Congress, 4th Floor
Detroit, MI 48226
313.777.7529
jon@markolaw.com
michael@markolaw.com

**BOWMAN AND BROOKE LLP**

By: /s/*Sunny Rehsi*
Sunny Rehsi (P80611)
101 W. Big Beaver Road.,
Suite 1100 Troy, MI 48084
248.205.3300
sunny.rehsi@bowmanandbrooke.com

Adam Masin (Admitted 5/1/2025)
750 Lexington Avenue
New York, NY 10022

646.914.6790
adam.masin@bowmanandbrooke.com

Rachel B. Weil (Admitted 7/16/25)
123 South Broad Street, Suite 1512
Philadelphia, PA 19109
267.908.7097
rachel.weil@bowmanandbrooke.com

*Attorneys for Defendants CHS TX, Inc. d/b/a YesCare and Keith Papendick, M.D.*

32265068

11

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| KOHCHISE JACKSON,<br><br>  Plaintiff,<br><br>v.<br><br>CHS TX, INC., et al.,<br><br>  Defendants | Case No.: 2:19-13382-GAD-PTM<br><br>U.S. DISTRICT COURT JUDGE<br>HON. GERSHWIN A. DRAIN |

**[PROPOSED] ORDER ON DEFENDANT CHS TEX, INC. AND KEITH PAPENDICK, M.D.'s MOTION TO QUASH CERTAIN OF PLAINTIFF'S TRIAL SUBPOENAS AND PLAINTIFF'S
<u>MOTION TO COMPEL COMPLIANCE WITH TRIAL SUBPOENAS</u>**

AND NOW, this Date Of August, 2025, in consideration of Defendants' Motion to Quash, and Plaintiff's Motion to Compel, and any Exhibits and responses thereto, it is hereby ORDERED as follows:

1. Defendants' Motion to Quash the subpoena of Isaac Lefkowitz is GRANTED and Plaintiff's Motion to Compel as to Isaac Lefkowitz is DENIED. Plainitff is precluded from subpoenaing Mr. Lefkowitz to attend trial.

2. Plaintiff's Motion to Compel as to Dr. Jeffrey Bomber and Mason Gill is DENIED.

32265068

      3.      Plaintiff's Motion to Compel as to Keith Papendick, M.D. and Dr. Patricia Schmidt is DENIED as moot.

SO ORDERED.

Dated: _____

                                                                                    Hon. Gershwin A. Drain