UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KOHCHISE JACKSON,

    Plaintiff,

-vs-

CHS TX, INC., *et al.,*

    Defendants.

Case No. 19-cv-13382
Hon. Gershwin A. Drain

___

LAWRENCE H. MARGOLIS (P69635)
IAN T. CROSS (P83367)
**MARGOLIS & CROSS**
Attorneys for Plaintiff
214 S. Main St., Ste. 200
Ann Arbor, MI 48104
(734) 994-9590
larry@lawinannarbor.com
ian@lawinannarbor.com

JONATHAN R. MARKO (P72450)
MICHAEL L. JONES (P85223)
**MARKO LAW, PLLC**
Co-counsel for Plaintiff
220 W. Congress, 4th Floor
Detroit, Michigan 48226
P: (313) 777-7529 / F: (313) 470-2011
jon@markolaw.com
michael@markolaw.com

ADAM MASIN
SUNNY REHSI (P80611)
**BOWMAN AND BROOKE LLP**
Attorney for Defendants
101 W. Big Beaver Rd., Ste. 1100
Troy, MI 48084
(248) 205-3300
Adam.masin@bowmanandbrooke.com
Sunny.rehsi@bowmanandbrooke.com

___

# **PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION IN LIMINE TO PRECLUDE ARGUMENTS REGARDING THE VALUE OF CONSTITUTIONAL RIGHTS**

NOW COMES, Plaintiff, **KOHCHISE JACKSON**, by and through his attorneys, **MARGOLIS & CROSS** and **MARKO LAW, PLLC**, and in response to Defendants' Motion in Limine to Preclude Arguments Regarding the Value of Constitutional Rights, states as follows:

For reasons stated more fully in the attached Brief, which is hereby incorporated by reference, this Court should deny Defendant's Motion as without merit.

WHEREFORE, for all of the reasons set forth above, Plaintiff respectfully requests that this Honorable Court DENY Defendants' Motion in Limine to Preclude Arguments Regarding the Value of Constitutional Rights in its entirety and grant Plaintiff any other relief this Court deems just.

    Respectfully submitted,

/s/ *Jonathan R. Marko*
Jonathan R. Marko (P72450)
**MARKO LAW, PLLC**
220 W. Congress, 4th Floor
Detroit, MI 48226
(313) 777-7529 / Fax: (313) 777-5785
Email: jon@markolaw.com

Date: August 5, 2025

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

KOHCHISE JACKSON,

      Plaintiff,                               Case No. 19-cv-13382

-vs-                                              Hon. Gershwin A. Drain

CHS TX, INC., *et al.,*

      Defendants.

---

| | |
|---|---|
| LAWRENCE H. MARGOLIS (P69635) | ADAM MASIN |
| IAN T. CROSS (P83367) | SUNNY REHSI (P80611) |
| **MARGOLIS & CROSS** | **BOWMAN AND BROOKE LLP** |
| Attorneys for Plaintiff | Attorney for Defendants |
| 214 S. Main St., Ste. 200 | 101 W. Big Beaver Rd., Ste. 1100 |
| Ann Arbor, MI 48104 | Troy, MI 48084 |
| (734) 994-9590 | (248) 205-3300 |
| larry@lawinannarbor.com | Adam.masin@bowmanandbrooke.com |
| ian@lawinannarbor.com | Sunny.rehsi@bowmanandbrooke.com |

JONATHAN R. MARKO (P72450)
MICHAEL L. JONES (P85223)
**MARKO LAW, PLLC**
Co-counsel for Plaintiff
220 W. Congress, 4th Floor
Detroit, Michigan 48226
P: (313) 777-7529 / F: (313) 470-2011
jon@markolaw.com
michael@markolaw.com

---

**BRIEF IN SUPPORT OF PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION IN LIMINE TO PRECLUDE ARGUMENTS REGARDING THE VALUE OF CONSTITUTIONAL RIGHTS**

Page **3** of **11**

## **CONCISE STATEMENT OF ISSUES PRESENTED**

    I.    Whether the Court should broadly preclude Plaintiff from discussing the value of Plaintiff's constitutional rights to the jury, despite the relevance thereof to Plaintiff's claim for punitive damages.

**Defendant states: Yes.**
**Plaintiff states: No.**
**This Court should state: No.**

    II.    Whether the Court should broadly preclude Plaintiff from discussing with the jury the fact that a person's constitutional rights are important.

**Defendant states: Yes.**
**Plaintiff states: No.**
**This Court should state: No.**

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

### Cases

*Bosire v. McMillan*, No. 19-01343-KHV, 2023 U.S. Dist. LEXIS 22461 (D. Kan. Feb. 9, 2023)

*Bellotte v. Edwards*, 2011 U.S. Dist. LEXIS 168393, 2011 WL 13186237 (N. D. W. Va. Feb. 3, 2011)

*Jackson-Gibson v. Beasley*, No. 20-cv-12765, 2025 U.S. Dist. LEXIS 68935 (E.D. Mich. Apr. 10, 2025)

*Slappy v. City of Detroit*, No. 19-10171, 2021 WL 2986284 (E.D. Mich. July 15, 2021)

## INTRODUCTION

Defendants seek a remarkably broad order of this Honorable Court to preclude Plaintiff from mentioning the importance of Plaintiff's constitutional rights that Defendants violated while he was in their care. For reasons discussed below, such a Motion – unparalleled in both breadth and scope – should be firmly denied by this Court.

## LAW AND ANALYSIS

Federal Rule of Evidence ("FRE") 401 determines that evidence is relevant if "(a) it has the tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." According to FRE 402, all relevant evidence is generally admissible, but the evidence must first be relevant.

Relevant evidence may, however, still be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FRE 403.

While evidence that Defendants' conduct violated Plaintiff's fundamental rights is certainly prejudicial, this is not sufficient to warrant exclusion. Rather, it is simply proof of how egregious Defendants' conduct truly was that Defendants seek a breathtakingly broad order seeking to prevent Plaintiff from discussing the gravity

of Defendants' constitutional violations. "Virtually all evidence is prejudicial or it isn't material. The prejudice must be unfair." *Koloda v. General Motors Parts Div., General Motors Corp.*, 716 F.2d 373, 378 (6th Cir. 1983) (internal citations and quotations omitted).

I. **Defendants' Remarkably Broad Request to Limit Plaintiff From Discussing the Value of the Constitutional Rights Defendants Violated in Support of His Punitive Damages Claim Must Be Denied as Contrary to Case Law**

Defendants' request for a remarkably broad and ludicrous limitation on how Plaintiff may put on his case must be denied, as it flies in the face of clear-cut case law. In support of Defendants' contention that Plaintiff should be permitted to make no argument about the value of his constitutional rights, Defendants cite *Memphis v. Cmty. Sch. Dist. v. Stachura*, 477 U.S. 299, 106 S. Ct. 2537, 91 L. Ed. 2d 249 (1986). In that case, the Court did hold that it was error to award *compensatory damages* based on the jurors' "own unguided estimation of the value of [constitutional] rights[.]" *Id.* at 304. However, the Kansas District Court considered this exact issue and the applicability of *Stachura* thereto. In *Bosire v. McMillan*, No. 19-01343-KHV, 2023 U.S. Dist. LEXIS 22461, at *7 (D. Kan. Feb. 9, 2023), the defendant sought "to exclude argument or evidence about the intrinsic value or importance of a Fourth Amendment constitutional right." The Court discussed the holding of *Stachura* and noted the plaintiff's argument that such considerations "are relevant to

. . . his request for punitive damages." *Id.* at *8. The Court then noted that the *Stachura* opinion only applies to *compensatory* damages and has no bearing on making arguments about the value of constitutional rights for *punitive* damages purposes, based on a federal West Virginia opinion reaching the same conclusion:

> *Stachura* applies exclusively, however, to the question of compensatory damages in Section 1983 cases. *Bellotte v. Edwards*, 2011 U.S. Dist. LEXIS 168393, 2011 WL 13186237, at *2 (N. D. W. Va. Feb. 3, 2011) ("In [*Stachura*], the Supreme Court of the United States held that damages based on the abstract value or importance of constitutional rights are not a permissible element of compensatory damages in such cases. In a footnote, **the Court appears to imply, however, that this rule does not apply when arguing for punitive damages."**) (internal citations and quotation marks omitted).

*Id.* (emphasis added).

The *Bosire* Court, therefore, concluded that "mention of constitutional rights may be relevant to a punitive damage assessment, and defendant's motion on this issue is overruled." *Id.*

Here, too, Plaintiff makes a claim for punitive damages. While Plaintiff concedes that, according to Supreme Court precedent, he may not argue the value of his constitutional rights for his *compensatory* damages claim, he may permissibly do so for his *punitive* damages claim. Defendants' Motion should, thus, be denied by this Honorable Court.

Page **8** of **11**

## II. Even if Plaintiff May Not Request Jurors Award Punitive Damages Based on the Value of His Constitutional Rights, Case Law Indicates He Must Be Permitted to Speak to the Importance of Said Rights

Even if this Court holds that Plaintiff may not reference the value of his constitutional rights in support of his punitive damages claim, case law is clear that he must be permitted to reference the importance of these rights. Indeed, this Court under Judge Parker stated that exactly what Defendants wish to preclude is permissible: **"Plaintiffs may permissibly argue to the jury that the rights at issue are important[.]"** *Jackson-Gibson v. Beasley*, No. 20-cv-12765, 2025 U.S. Dist. LEXIS 68935, at *13-14 (E.D. Mich. Apr. 10, 2025) (emphasis added). It is important to note that Defendants' Motion is not limited to merely precluding Plaintiff from requesting the jury assign a numerical value to his constitutional rights. Defendants' Motion is much broader than that, seeking to preclude Plaintiff from making any statement about the importance of his constitutional rights, which is patently admissible.

For this same reason, Defendants' assertion that Judge Roberts "granted a similar motion" in *Slappy v. City of Detroit*, No. 19-10171, 2021 WL 2986284 (E.D. Mich. July 15, 2021) borders on a deliberate misrepresentation of that case. Indeed, Judge Roberts' holding in *Slappy* was merely that the plaintiff "may not ask the jury to assign a numerical value to the importance of abstract constitutional rights." *Id.* at *19. Defendants' Motion does not seek such a limited exclusion, solely arguing

that Plaintiff may not ask jurors from assigning a specific number to constitutional rights. Rather, Defendants seek to preclude Plaintiff from even making a statement as axiomatic and obvious as telling the jury that constitutional rights are, in fact, important. The two motions are not similar at all. Defendants' is remarkably broad while the defendant's in *Slappy* was merely about a specific numerical value to constitutional rights. As explicitly noted by Judge Roberts in *Slappy*, "mention of constitutional rights may be relevant both in determining liability for constitutional violations and to a punitive damage assessment." *Id.* Judge Roberts ultimately held, despite Defendants' insinuation to the contrary, that the plaintiff "**is not precluded from asserting the importance of the jury's task to determine liability on constitutional questions.**" *Id.* (emphasis added).

## CONCLUSION

WHEREFORE, for all of the reasons set forth above, Plaintiff respectfully requests that this Honorable Court DENY Defendants' Motion in Limine to Preclude Arguments Regarding the Value of Constitutional Rights in its entirety and grant Plaintiff any other relief this Court deems just.

Respectfully submitted,

/s/ *Jonathan R. Marko*
Jonathan R. Marko (P72450)
**MARKO LAW, PLLC**

Page **10** of **11**

220 W. Congress, 4th Floor  
Detroit, MI 48226  
(313) 777-7529 / Fax: (313) 777-5785  
Email: jon@markolaw.com

Date: August 5, 2025

**PROOF OF SERVICE**

The undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each attorney of record on **August 5, 2025**, via:

- ☐ U.S. Mail
- ☐ Hand Delivered
- ☐ Certified Mail
- ☒ ECF System
- ☐ Fax
- ☐ Overnight Carrier
- ☐ Other:
- ☐ Email

*/s/ Mackenzie S. Kell*