**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

KOHCHISE JACKSON,

              Plaintiff,                    Case No. 19-cv-13382

-vs-                                 Hon. Gershwin A. Drain

CHS TX, INC., *et al.,*

              Defendants.

_____

LAWRENCE H. MARGOLIS (P69635)    ADAM MASIN
IAN T. CROSS (P83367)                  SUNNY REHSI (P80611)
**MARGOLIS & CROSS**                **BOWMAN AND BROOKE LLP**
Attorneys for Plaintiff             Attorney for Defendants
214 S. Main St., Ste. 200          101 W. Big Beaver Rd., Ste. 1100
Ann Arbor, MI 48104             Troy, MI 48084
(734) 994-9590                   (248) 205-3300
larry@lawinannarbor.com         Adam.masin@bowmanandbrooke.com
ian@lawinannarbor.com           Sunny.rehsi@bowmanandbrooke.com

JONATHAN R. MARKO (P72450)
MICHAEL L. JONES (P85223)
**MARKO LAW, PLLC**
Co-counsel for Plaintiff
220 W. Congress, 4th Floor
Detroit, Michigan 48226
P: (313) 777-7529 / F: (313) 470-2011
jon@markolaw.com
michael@markolaw.com

_____

**<u>PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION IN LIMINE TO
PRECLUDE PLAINTIFF FROM MAKING ANY GOLDEN RULE
ARGUMENTS OR STATEMENTS</u>**

NOW COMES, Plaintiff, **KOHCHISE JACKSON**, by and through his attorneys, **MARGOLIS & CROSS** and **MARKO LAW, PLLC**, and in response to Defendants' Motion in Limine to Preclude Plaintiff from Making Any Golden Rule Arguments or Statements, states as follows:

For reasons stated more fully in the attached Brief, which is hereby incorporated by reference, this Court should deny Defendant's Motion to the extent it would preclude from making arguments regarding punitive damages.

WHEREFORE, for all of the reasons set forth above, Plaintiff respectfully requests that this Honorable Court DENY Defendants' Motion in Limine to Preclude Plaintiff from Making Any Golden Rule Arguments or Statements and grant Plaintiff any other relief this Court deems just.

Respectfully submitted,

/s/ *Jonathan R. Marko*
Jonathan R. Marko (P72450)
**MARKO LAW, PLLC**
220 W. Congress, 4th Floor
Detroit, MI 48226
(313) 777-7529 / Fax: (313) 777-5785
Email: jon@markolaw.com

Date:  August 5, 2025

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

KOHCHISE JACKSON,

              Plaintiff,                    Case No. 19-cv-13382

-vs-                                   Hon. Gershwin A. Drain

CHS TX, INC., *et al.,*

              Defendants.

| | |
|---|---|
| LAWRENCE H. MARGOLIS (P69635) | ADAM MASIN |
| IAN T. CROSS (P83367) | SUNNY REHSI (P80611) |
| **MARGOLIS & CROSS** | **BOWMAN AND BROOKE LLP** |
| Attorneys for Plaintiff | Attorney for Defendants |
| 214 S. Main St., Ste. 200 | 101 W. Big Beaver Rd., Ste. 1100 |
| Ann Arbor, MI 48104 | Troy, MI 48084 |
| (734) 994-9590 | (248) 205-3300 |
| larry@lawinannarbor.com | Adam.masin@bowmanandbrooke.com |
| ian@lawinannarbor.com | Sunny.rehsi@bowmanandbrooke.com |

JONATHAN R. MARKO (P72450)
MICHAEL L. JONES (P85223)
**MARKO LAW, PLLC**
Co-counsel for Plaintiff
220 W. Congress, 4th Floor
Detroit, Michigan 48226
P: (313) 777-7529 / F: (313) 470-2011
jon@markolaw.com
michael@markolaw.com

## BRIEF IN SUPPORT OF PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION IN LIMINE TO PRECLUDE PLAINTIFF FROM MAKING ANY GOLDEN RULE ARGUMENTS OR STATEMENTS

## <u>CONCISE STATEMENT OF ISSUES PRESENTED</u>

I.     Whether this Court should the Court should enter an order precluding Plaintiff from making any Golden Rule arguments or statements at trial.

**Defendant states: Yes.**
**Plaintiff states: No.**
**This Court should state: No.**

MARKOLAW.COM

220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226

P: (313) 777-7LAW
F: (313) 771-5785

MARKO**LAW**

## **CONTROLLING OR MOST APPROPRIATE AUTHORITY**

### **Cases**

*Clark v. Chrysler Corp.*, 436 F.3d 594 (6th Cir. 2006)

*Marshall v. Rawlings Co.*, No. 3:14-CV-00359-TBR, 2018 U.S. Dist. LEXIS 132236 (W.D. Ky. Aug. 7, 2018)

*McGuire v. Shipping Express Bus. Ctr.*, No. 1:08 CV0473, 2010 U.S. Dist. LEXIS 150302 (S.D. Ohio Aug. 6, 2010)

*Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708 (6th Cir. 1975)

*United States v. Slade*, No. 3:14-cr-00103-05-SLG-DMS, 2015 U.S. Dist. LEXIS 89717 (D. Alaska July 10, 2015)

## INTRODUCTION

In their Motion to Preclude Plaintiff from Making Any Golden Rule Arguments or Statements, Defendants broadly seek to limit the manner in which Plaintiff may present his case. Nothing prohibits Plaintiff from introducing evidence of Defendants' own bad behavior or evidence that suggests that Defendant is a dangerous company. Indeed, the very purpose of punitive damages is to "send a message," and a Plaintiff is explicitly allowed to request the jury to "send a message" and/or similar arguments in the context of punitive damages. Defendants' Motion is premature and overly broad. This Court should accordingly deny Defendants' Motion.

## LAW AND ANALYSIS

"Courts are generally reluctant to grant broad exclusions of evidence in limine because a court is almost always better situated during the actual trial to assess the value and utility of evidence." *Ohio Willow Wood Co. v. ALPS South, LLC*, No. 2:04cv1223, 2014 U.S. Dist. LEXIS 103107, at *5 (S.D. Ohio July 29, 2014). Further, "[o]rders in limine which exclude broad categories of evidence should rarely be employed." *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975).

Defendants' Motion ignores the punitive damages aspect of this case. The jury is tasked with deciding whether punitive damages are warranted in this case, and if

they are, to decide the amount.  The purpose of punitive damages is to "send a message," and a Plaintiff is explicitly allowed to request the jury to "send a message" and/or similar arguments in the context of punitive damages. *See Marshall v. Rawlings Co.*, No. 3:14-CV-00359-TBR, 2018 U.S. Dist. LEXIS 132236, at *30 (W.D. Ky. Aug. 7, 2018) (finding that counsel asking the jury to "send a message" was not improper where the purpose was "the pursuit of punitive damages" and the comments were "directed towards the jury in order to instruct them they had the power to punish [Defendant] for bad behavior"); *see also Nice v. ZHRI, Inc.*, 105 F. Supp. 2d 1028, 1029 (E.D. Ark. 2000) ("[I]t is appropriate to ask the jury to 'send a message' if counsel is not seeking an inappropriate punitive damage award."); *Corbin v. Steak n Shake, Inc.*, No. 2:17-cv-1043, 2020 U.S. Dist. LEXIS 67776, at *32 (S.D. Ohio Apr. 17, 2020) (punitive damage award appropriate where it was meant to "send a message"); *Clark v. Chrysler Corp.*, 436 F.3d 594, 609 (6th Cir. 2006) (holding that Plaintiff counsel's comments to "send a message" were appropriate for punitive damages); *McGuire v. Shipping Express Bus. Ctr.*, No. 1:08 CV0473, 2010 U.S. Dist. LEXIS 150302, at *8 (S.D. Ohio Aug. 6, 2010) ("A punitive damage award is intended to "send a message" to the wrongdoer and others to discourage those in similar positions from committing similar acts.").

Lastly, when considering punitive damages, "the focus must be on whether the defendant's actions call for deterrence and punishment over and above that

provided by compensatory awards. Punitive damages serve a broader function than compensatory damages; they are aimed at deterrence and retribution." *Youren v. Tintic Sch. Dist.*, 343 F.3d 1296, 1299 (10th Cir. 2003).

Thus, based on the brevity of the Defendants' motion, this Court cannot properly rule on the motion. "If the court is unable to determine whether certain evidence is clearly inadmissible, it should defer ruling until trial so that questions of foundation, relevancy, and potential prejudice can be evaluated in proper context." *Advance Wire Forming, Inc. v. Stein*, 603 F. Supp. 3d 551, at *12 (N.D. Ohio 2022).

"A motion is premature and improperly seeks to exclude broad categories of evidence that it fails to identify with any particularity." *United States v. Slade*, No. 3:14-cr-00103-05-SLG-DMS, 2015 U.S. Dist. LEXIS 89717, at *8 (D. Alaska July 10, 2015). Due to the broad relief being sought by the Defendants, this Court should deny the Defendants' motion or hold this Court's ruling in abeyance until trial commences, as the Plaintiff will be prejudiced by a premature ruling on this issue.

## **CONCLUSION**

WHEREFORE, for all of the reasons set forth above, Plaintiff respectfully requests that this Honorable Court DENY Defendants' Motion in Limine to Preclude Plaintiff from Making Any Golden Rule Arguments or Statements and grant Plaintiff any other relief this Court deems just.

Respectfully submitted,

/s/ *Jonathan R. Marko*
Jonathan R. Marko (P72450)
**MARKO LAW, PLLC**
220 W. Congress, 4th Floor
Detroit, MI 48226
(313) 777-7529 / Fax: (313) 777-5785
Email: jon@markolaw.com

Date:  August 5, 2025

<u>**PROOF OF SERVICE**</u>

The undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each attorney of record on **August 5, 2025**, via:

| | |
|---|---|
| ☐ U.S. Mail | ☐ Fax |
| ☐ Hand Delivered | ☐ Overnight Carrier |
| ☐ Certified Mail | ☐ Other: |
| ☒ ECF System | ☐ Email |

/s/ *Mackenzie S. Kell*