**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

KOHCHISE JACKSON,

               Plaintiff,                    Case No. 19-cv-13382

-vs-                                  Hon. Gershwin A. Drain

CHS TX, INC., *et al.,*

               Defendants.

---

LAWRENCE H. MARGOLIS (P69635)     ADAM MASIN
IAN T. CROSS (P83367)                   SUNNY REHSI (P80611)
**MARGOLIS & CROSS**                  **BOWMAN AND BROOKE LLP**
Attorneys for Plaintiff                 Attorney for Defendants
214 S. Main St., Ste. 200             101 W. Big Beaver Rd., Ste. 1100
Ann Arbor, MI 48104                 Troy, MI 48084
(734) 994-9590                      (248) 205-3300
larry@lawinannarbor.com            Adam.masin@bowmanandbrooke.com
ian@lawinannarbor.com              Sunny.rehsi@bowmanandbrooke.com

JONATHAN R. MARKO (P72450)
MICHAEL L. JONES (P85223)
**MARKO LAW, PLLC**
Co-counsel for Plaintiff
220 W. Congress, 4th Floor
Detroit, Michigan 48226
P: (313) 777-7529 / F: (313) 470-2011
jon@markolaw.com
michael@markolaw.com

---

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION IN LIMINE TO
PRECLUDE PLAINTIFF FROM INTRODUCING ARGUMENT,
EVIDENCE, OR TESTIMONY THAT MEDICAID'S OR MEDICARE'S
PAYMENT OF CLAIMS SETS A "MEDICAL NECESSITY" STANDARD
RELEVANT TO PLAINTIFF'S EIGHTH AMENDMENT CLAIMS**

NOW COMES, Plaintiff, **KOHCHISE JACKSON**, by and through his attorneys, **MARGOLIS & CROSS** and **MARKO LAW, PLLC**, and in response to Defendants' Motion in Limine to Preclude Plaintiff from Introducing Argument, Evidence, or Testimony that Medicaid's or Medicare's Payment of Claims Sets a "Medical Necessity" Standard Relevant to Plaintiff's Eighth Amendment Claims, states as follows:

For reasons stated more fully in the attached Brief, which is hereby incorporated by reference, this Court should deny Defendant's Motion as without merit.

WHEREFORE, for all of the reasons set forth above, Plaintiff respectfully requests that this Honorable Court DENY Defendants' Motion in Limine to Preclude Plaintiff from Introducing Argument, Evidence, or Testimony that Medicaid's or Medicare's Payment of Claims Sets a "Medical Necessity" Standard Relevant to Plaintiff's Eighth Amendment Claims in its entirety and grant Plaintiff any other relief this Court deems just.

Respectfully submitted,

/s/ *Jonathan R. Marko*
Jonathan R. Marko (P72450)
**MARKO LAW, PLLC**
220 W. Congress, 4th Floor
Detroit, MI 48226

(313) 777-7529 / Fax: (313) 777-5785
Email: jon@markolaw.com

Date:  August 5, 2025

MARKOLAW.COM

220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226

P: (313) 777-7LAW
F: (313) 771-5785

MARKO **LAW**

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

KOHCHISE JACKSON,

        Plaintiff,

-vs-

CHS TX, INC., *et al.,*

        Defendants.

Case No. 19-cv-13382

Hon. Gershwin A. Drain

---

LAWRENCE H. MARGOLIS (P69635)
IAN T. CROSS (P83367)
**MARGOLIS & CROSS**
Attorneys for Plaintiff
214 S. Main St., Ste. 200
Ann Arbor, MI 48104
(734) 994-9590
larry@lawinannarbor.com
ian@lawinannarbor.com

JONATHAN R. MARKO (P72450)
MICHAEL L. JONES (P85223)
**MARKO LAW, PLLC**
Co-counsel for Plaintiff
220 W. Congress, 4th Floor
Detroit, Michigan 48226
P: (313) 777-7529 / F: (313) 470-2011
jon@markolaw.com
michael@markolaw.com

ADAM MASIN
SUNNY REHSI (P80611)
**BOWMAN AND BROOKE LLP**
Attorney for Defendants
101 W. Big Beaver Rd., Ste. 1100
Troy, MI 48084
(248) 205-3300
Adam.masin@bowmanandbrooke.com
Sunny.rehsi@bowmanandbrooke.com

---

## BRIEF IN SUPPORT OF PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION IN LIMINE TO PRECLUDE PLAINTIFF FROM INTRODUCING ARGUMENT, EVIDENCE, OR TESTIMONY THAT MEDICAID'S OR MEDICARE'S PAYMENT OF CLAIMS SETS A "MEDICAL NECESSITY" STANDARD RELEVANT TO PLAINTIFF'S EIGHTH AMENDMENT CLAIMS

## <u>CONCISE STATEMENT OF ISSUES PRESENTED</u>

I.    Whether the Court should preclude Plaintiff from introducing highly relevant evidence that Medicaid or Medicare will only cover medically necessary expenses.

**Defendant states: Yes.**
**Plaintiff states: No.**
**This Court should state: No.**

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

### Cases

*United States v. Bertram*, 900 F.3d 743 (6th Cir. 2018)

*Gass v. Marriott Hotel Servs.*, 558 F.3d 419 (6th Cir. 2009)

*United States v. Vora*, No. 4:20-cv-66-BJB, 2022 U.S. Dist. LEXIS 3458 (W.D. Ky. Jan. 7, 2022)

## **INTRODUCTION**

As noted in Defendants' Motion, when Plaintiff eventually received a colostomy reversal surgery after he was released from prison, Medicaid covered the cost of the surgery. Indeed, as Dr. John Webber, the doctor who performed Plaintiff's reversal surgery after he got out of prison, testified in his deposition:

> Q. Okay. The total amount of the cost of the surgery, the whopping amount was $919.78?
>
> . . .
>
> **A. Okay. So, the Medicaid payment was $919 on a $5,000 charge.**

**Exhibit 1, Webber Deposition, 49:24-50:14.**

Dr. Webber also testified that he would never bill Medicaid for a service that was not a medical necessity:

> Q. Would you ever bill an insurance provider such as Medicaid for a service that was not medically necessary?
>
> **A. I would not.**

*Id.* **at 48:17-19.**

Defendants rightly admit that the fact Medicaid paid for Plaintiff's surgery is admissible. The Michigan Medicaid Provider Manual clearly states that only medically necessary services are covered by Medicaid. **Exhibit 2, Medicaid Provider Manual, p 37.** Defendants, however, nonetheless seek to preclude Plaintiff from referencing at trial the fact that Medicaid only covers medically

MARKOLAW.COM

220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226

P: (313) 777-7LAW
F: (313) 771-5785

MARKO LAW

necessary procedures, despite the fact that the medical necessity of Plaintiff's colostomy reversal surgery is at the very heart of this case. Dr. Papendick testified extensively regarding the issue of medical necessity:

> Q. In the context of your job, how do you define medically necessary?
>
> **A. Medically necessary is when it will do harm if you don't do it, if the patient is in significant pain, if there is no reason to do the test or do the procedure.**
>
> Q. So if there's no reason to do the procedure, it's medically necessary to do it?
>
> **A. That's what medical necessity means, it is necessary to do it. So if there is no necessity, then it is not medically necessary.**
>
> Q. Okay. So, I want to go back to the definition; you said if they're in significant pain. What else did you say?
>
> . . .
>
> **A. If not doing it will harm the patient physically, have to have medical necessity supplied by the provider.**
>
> BY MR. CROSS:
>
> Q. Have to have medical necessity supplied by the provider? What does that --
>
> **A. Correct. Okay, if something is not necessary medically, it should never be asked for, there should never be a request for it.**
>
> Q. I understand. Thank you.
>
> **A. So the provider has to convince me that there's a medical necessity for what he is requesting, he or she is requesting.**

**Exhibit 3, Papendick Deposition, 30:17-31:20.**

As the medical necessity of Plaintiff's colostomy reversal surgery is a key issue in this case, evidence of the fact that Medicaid only covers medically necessary services is extremely relevant to the issues in this case and should not be precluded from trial by this Honorable Court.

## LAW AND ANALYSIS

Federal Rule of Evidence ("FRE") 401 determines that evidence is relevant if "(a) it has the tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." According to FRE 402, all relevant evidence is generally admissible, but the evidence must first be relevant. Evidence of Medicaid only covering medically necessary services is highly relevant to the critical issue in this case of whether Plaintiff's surgery was medically necessary.

**I.    Evidence That Medicaid Only Covers Medically Necessary Procedures is Extremely Relevant and Goes to the Heart of this Case**

In their Motion, Defendants engage in a prolonged analysis of various issues which have nothing to do with whether evidence that Medicaid will only cover medically necessary procedures is relevant. Reading Defendants' Motion, it becomes apparent that Defendants cite no authority whatsoever to support their bald assertion that evidence of Medicaid only covering medically necessary procedures cannot be presented to jurors.

Page **9** of **16**

While Defendants' Motion attempts to relitigate the issue of whether Plaintiff's surgery was medically necessary, this Court has already held that said surgery constitutes a "serious medical need."

> But the Court need not resolve the question of whether Plaintiff's expert testimony is sufficient to create a genuine issue of material fact as to whether Plaintiff had a serious medical need for the reversal surgery. Instead, the Court reiterates its previous finding in this case that the serious medical need here is demonstrated by the presence of the *colostomy itself*, which "even a lay person" would recognize as creating a serious need for medical attention. ECF No. 32, PageID.625.

**ECF No. 73, PageID.2982-2983.**

As noted above, Michigan's Medicaid Provider Manual clearly states that only medically necessary services are covered by Medicaid. **Ex. 2.** Thus, the fact that Dr. Webber billed Medicaid for Plaintiff's colostomy reversal surgery **and Medicaid paid for it** is extremely relevant to the core issue in this case of whether the surgery was, in fact, medically necessary. After all, if it was not medically necessary, the Medicaid regulations clearly indicate such a service would not be covered by Medicaid.

Indeed, as noted by the Kentucky Eastern District Court, the Centers for Medicare and Medicaid Services "reimburses only services that are medically 'reasonable and necessary.'" *United States v. Vora*, No. 4:20-cv-66-BJB, 2022 U.S. Dist. LEXIS 3458, at *17 (W.D. Ky. Jan. 7, 2022) (citing 42 U.S.C. 42 U.S.C. § 1395y(a)(1)(A 1395y(a)(1)(A).

While Defendants attempt to make light of the criminal cases, wherein courts allowed in evidence that Medicaid/Medicare only cover medically necessary services, Defendants' arguments fail to negate the fact that these cases demonstrate that, where relevant, such information is highly germane to a case. As noted by Defendants' Motion, in *United States v. Bertram*, 900 F.3d 743, 747 (6th Cir. 2018), the Sixth Circuit upheld convictions of health care fraud because the defendant doctors requested reimbursement for tests that were not medically necessary under Medicaid. In *Bertram*, the Court considered the defendants' argument that the trial court erred by allowing a director for Kentucky's Medicaid program to testify as an expert. *Id.* at 751. The Court allowed her testimony "because she was familiar with the Medicaid regulations and she testified accurately about the meaning of the regulation defining medical necessity. **And it was relevant because medical necessity cut to the heart of the case."** *United States v. Bertram*, 900 F.3d 743, 751 (6th Cir. 2018) (emphasis added).

While Defendants attempt to argue these criminal cases are not applicable here simply because they are criminal cases, this argument is devoid of merit. These cases are directly relevant here. Indeed, the courts in those cases allowed the presentation of evidence that Medicaid only covers medically necessary services because the defendants in those cases were under criminal prosecution for billing services that were **not** medically necessary. This only further shows the extreme

MARKOLAW.COM

220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226

P: (313) 777-7LAW
F: (313) 771-5765

MARKO LAW

relevance of the fact that Medicaid does not cover non-medically necessary services, as those who *did* bill services that were not medically necessary were under indictment therefor. While not a criminal case like *Bertram*, this case is similar insofar as "medical necessity cut[s] to the heart of the case." *Bertram*, 900 F.3d at 751.

In this case, the fact that Medicaid only covers medically necessary services and the fact that Medicaid, in fact, paid for Plaintiff's colostomy surgery is of the utmost probative value as to whether the surgery was medically necessary, which is *the* core dispute in this case. As noted previously, Defendants cite no cases to support their contention that such evidence is not admissible. Evidence of the fact Medicaid only covers medically necessary procedures should therefore be permitted at trial.

## II.   Plaintiff's Witnesses Need Not Have "Experience Administering" Medicaid to Testify to the Fact They Cannot Bill Medicaid Unless a Procedure is Medically Necessary

Defendants also argue that Plaintiff's witnesses may not testify at trial about the fact that they cannot bill Medicaid unless a procedure is medically necessary because they have "no experience administering Medicaid or Medicare." ***See*** **ECF No. 142, PageID.4947.** Importantly, Defendants cite no case law whatsoever in support of this bizarre argument.

After all, it appears rather obvious that a doctor who frequently bills Medicaid may testify about his personal knowledge that Medicaid requires a charge be

MARKOLAW.COM

220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226

P: (313) 777-7LAW
F: (313) 771-5785

MARKO LAW

medically necessary for Medicaid to cover it. Indeed, as noted by the Sixth Circuit "a medical doctor is generally competent to testify regarding matters within his or her own professional experience." *Gass v. Marriott Hotel Servs.*, 558 F.3d 419, 427-28 (6th Cir. 2009).

Thus, Dr. Webber can testify at trial, without needing to be a Medicaid employee or administrator, that he has frequently billed Medicaid and is aware of the Medicaid Provider Manual stating that all services that are not medically necessary are not covered by the Medicaid program.

A doctor does not need extensive knowledge of the inner workings of a sprawling federal program to simply testify that he knows, based on his professional experience, that he cannot bill Medicaid for services that are not medically necessary. If such were the standard, as Defendants wish for, then no doctor would ever be able to discuss their interactions with the Medicaid system and the implications for their patients. That cannot be the standard and, as evidenced by Defendants' lack of any law in support of this argument, is not the law.

As such, the fact Dr. Webber is not a Medicaid employee or expert does not preclude him from testifying to his knowledge that a service must be "medically necessary" for Medicaid to cover it.

### III. Medicaid's Definition of "Medical Necessity" is Relevant as to the Issue of MDOC's Policy Directive Defendants Will Attempt to Rely On

Plaintiff anticipates Defendants will attempt to blame the Michigan Department of Corrections ("MDOC") for their refusal to allow Plaintiff treatment. This is the subject of a Motion in Limine filed by Plaintiff before this Court. However, as an alternative to the argumentation above, if this Court finds that the fact Medicaid only covers "medically necessary" services is not relevant in and of itself, Medicaid's definition of "medically necessary" is relevant to the MDOC Policy Directive Plaintiff anticipates Defendants will use to blame MDOC for Defendants' conduct at trial.

Indeed, MDOC Policy Directive 03.04.100 states in relevant part that "corrective and reconstructive surgery shall be authorized for a prisoner only if determined medically necessary and only if approved by the CMO. It shall not be approved if the sole purpose is to improve appearance." **Exhibit 4, MDOC PD 03.04.100.** This Policy Directive, however, does not define "medically necessary." Another policy directive states that "Healthcare, including psychological services, shall be available to prisoners consistent with contemporary standards of medical practice in the community, as set forth in PD 03.04.100 'Health Services.'" **ECF No. 66-47, PageID.2691.**

Thus, the fact that Medicaid deemed Plaintiff's surgery "medically necessary" is relevant to interpret the term "medically necessary" in the Policy Directive Plaintiff anticipates Defendants will attempt to rely on to shift blame at trial. Indeed, this problem was noted in Magistrate Judge Patricia T. Morris' Report and Recommendation, which this Court adopted in **ECF No. 73**:

> MDOC policy merely requires any corrective or reconstructive surgery to be medically necessary and approved by the Chief Medical Officer but the medically necessary phrase is not defined and should be interpreted in light of other statements in the MDOC policy that provides that healthcare should be consistent with contemporary standards of medical practice in the community.

**ECF No. 69, PageID.2784.**

Thus, even if the Court otherwise finds that evidence that Medicaid will only cover "medically necessary" services is not relevant or admissible on its own – which it should not – such evidence is still highly relevant and important to aid in interpretation of the Policy Directives of the MDOC that Defendants may utilize in an attempt to shift blame for why they refused to allow surgery to Plaintiff, despite his clear need therefor.

## <u>CONCLUSION</u>

WHEREFORE, for all of the reasons set forth above, Plaintiff respectfully requests that this Honorable Court DENY Defendants' Motion in Limine to Preclude Plaintiff from Introducing Argument, Evidence, or Testimony that Medicaid's or

Page **15** of **16**

Medicare's Payment of Claims Sets a "Medical Necessity" Standard Relevant to Plaintiff's Eighth Amendment Claims in its entirety and grant Plaintiff any other relief this Court deems just.

Respectfully submitted,

/s/ *Jonathan R. Marko*
Jonathan R. Marko (P72450)
**MARKO LAW, PLLC**
220 W. Congress, 4th Floor
Detroit, MI 48226
(313) 777-7529 / Fax: (313) 777-5785
Email: jon@markolaw.com

Date: August 5, 2025

## PROOF OF SERVICE

The undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each attorney of record on **August 5, 2025**, via:

☐ U.S. Mail                      ☐ Fax
☐ Hand Delivered          ☐ Overnight Carrier
☐ Certified Mail             ☐ Other:
☒ ECF System                 ☐ Email

/s/ *Mackenzie S. Kell*