UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KOHCHISE JACKSON,

    Plaintiff,

-vs-

CHS TX, INC., *et al.,*

    Defendants.

Case No. 19-cv-13382
Hon. Gershwin A. Drain

---

LAWRENCE H. MARGOLIS (P69635)
IAN T. CROSS (P83367)
**MARGOLIS & CROSS**
Attorneys for Plaintiff
214 S. Main St., Ste. 200
Ann Arbor, MI 48104
(734) 994-9590
larry@lawinannarbor.com
ian@lawinannarbor.com

ADAM MASIN
SUNNY REHSI (P80611)
**BOWMAN AND BROOKE LLP**
Attorney for Defendants
101 W. Big Beaver Rd., Ste. 1100
Troy, MI 48084
(248) 205-3300
Adam.masin@bowmanandbrooke.com
Sunny.rehsi@bowmanandbrooke.com

JONATHAN R. MARKO (P72450)
MICHAEL L. JONES (P85223)
**MARKO LAW, PLLC**
Co-counsel for Plaintiff
220 W. Congress, 4th Floor
Detroit, Michigan 48226
P: (313) 777-7529 / F: (313) 470-2011
jon@markolaw.com
michael@markolaw.com

---

# PLAINTIFF'S OBJECTIONS TO DEFENDANTS' PROPOSED JURY VERDICT FORM

NOW COMES, Plaintiff, **KOHCHISE JACKSON**, by and through his attorneys, **MARGOLIS & CROSS** and **MARKO LAW, PLLC**, and in support of his Objections to Defendants' Proposed Verdict Form, states as follows:

For reasons stated more fully in the attached Brief, which is hereby incorporated by reference, this Court should reject Defendants' proposed verdict form and instead adopt Plaintiff's proposed verdict form filed with the Court as **ECF No. 169**.

WHEREFORE, for all of the reasons set forth above, Plaintiff respectfully requests that this Honorable Court REJECT Defendants' proposed verdict form for use at trial and adopt Plaintiff's proposed verdict form filed with the Court as **ECF No. 169**.

Respectfully submitted,

/s/ *Jonathan R. Marko*
Jonathan R. Marko (P72450)
**MARKO LAW, PLLC**
220 W. Congress, 4th Floor
Detroit, MI 48226
(313) 777-7529 / Fax: (313) 777-5785
Email: jon@markolaw.com

Date: August 5, 2025

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

KOHCHISE JACKSON,

    Plaintiff,                        Case No. 19-cv-13382

-vs-                                     Hon. Gershwin A. Drain

CHS TX, INC., *et al.,*

    Defendants.

_____

| | |
|---|---|
| LAWRENCE H. MARGOLIS (P69635) | ADAM MASIN |
| IAN T. CROSS (P83367) | SUNNY REHSI (P80611) |
| **MARGOLIS & CROSS** | **BOWMAN AND BROOKE LLP** |
| Attorneys for Plaintiff | Attorney for Defendants |
| 214 S. Main St., Ste. 200 | 101 W. Big Beaver Rd., Ste. 1100 |
| Ann Arbor, MI 48104 | Troy, MI 48084 |
| (734) 994-9590 | (248) 205-3300 |
| larry@lawinannarbor.com | Adam.masin@bowmanandbrooke.com |
| ian@lawinannarbor.com | Sunny.rehsi@bowmanandbrooke.com |

JONATHAN R. MARKO (P72450)
MICHAEL L. JONES (P85223)
**MARKO LAW, PLLC**
Co-counsel for Plaintiff
220 W. Congress, 4th Floor
Detroit, Michigan 48226
P: (313) 777-7529 / F: (313) 470-2011
jon@markolaw.com
michael@markolaw.com

_____

# **BRIEF IN SUPPORT OF PLAINTIFF'S OBJECTIONS TO DEFENDANTS' PROPOSED JURY VERDICT FORM**

## **CONCISE STATEMENT OF ISSUES PRESENTED**

I. Whether the Court should adopt Defendants' verdict form, which is replete with special interrogatories that misstate the applicable law, rather than utilize a general verdict form this case involving simple issues.

**Plaintiff states: No.**
**This Court should state: No.**

# **CONTROLLING OR MOST APPROPRIATE AUTHORITY**

## **Cases**

*United States ex rel. Cableguard Sys. v. Mid-Continent Cas. Co.*, 73 F. App'x 28 (5th Cir. 2003)

*United States v. Vanderzwaag*, 467 F. App'x 402 (6th Cir. 2012)

*United States v. Williams*, 902 F.2d 675 (8th Cir. 1990)

## LAW AND ANALYSIS

Defendants have submitted a ten-page, specialized verdict form (**ECF No. 170**) replete with special interrogatories. Such a verdict form is not appropriate for this case. Rather, a general verdict form is proper in this simple and straight forward deliberate indifference case.

Federal case law favors a generalized verdict form over a specialized one, particularly where the claim is not complex and/or certain elements are not in dispute. *See, e.g.*, *United States ex rel. Cableguard Sys. v. Mid-Continent Cas. Co.*, 73 F. App'x 28, 32-33 (5th Cir. 2003) (Attached as **Exhibit 1**) (affirming the trial court's refusal of proposed special verdict questions that were "confusing, duplicative, and often irrelevant" where the general verdict question "accurately stated the determinative factual question for the jury."); *United States v. Vanderzwaag*, 467 F. App'x 402, 408 (6th Cir. 2012) (Attached as **Exhibit 2**) (holding "there is no requirement that the jury receive a special verdict form unless the charge is complex or there is a fear of jury confusion."); *United States v. Williams*, 902 F.2d 675, 678 (8th Cir. 1990) ("As a general rule, courts avoid using special verdict forms because of their potential for confusing a jury.").

Defendants verdict form contains numerous special interrogatories that misstate the law. Specifically, the following instructions are egregious misstatements of the law:

> 1) "Did Plaintiff prove by a preponderance of the evidence that Dr. Keith Papendick was deliberately indifferent to Plaintiff's serious medical needs?
>
> YES _____ NO _____
>
> If you answer to Question 1 is NO, you have reached a verdict. DO NOT answer the remaining questions. Sign the verdict form and inform the court officer that you have reached a verdict."

The instruction to stop if the jurors find that Papendick is not liable is wrong.

**Dr. Papendick does not need to be liable for the corporation to be liable.** *See, e.g. Thompson v. Corizon, Inc.*, 2022 U.S. Dist. LEXIS 197729 at \*6-\*7. As noted by the Sixth Circuit, "several other circuits have considered Heller and concluded that a municipality may be held liable under § 1983 in certain cases where no individual liability is shown." *Winkler v. Madison Cty.*, 893 F.3d 877, 900 (6th Cir. 2018).

Moreover, the following instruction is also a blatant misstatement of *Monell* liability:

> 3. "Did Plaintiff prove by a preponderance of the evidence that Dr. Papendick was the final decision maker relating to Plaintiff's colostomy care while in the Michigan Department of Corrections?
>
> YES _____ NO _____
>
> If you answer to Question 3 is NO, you have reached a verdict. DO NOT answer the remaining questions. Sign the verdict form and inform the court officer that you have reached a verdict."

Being a "final decisionmaker" is just one of four ways that Plaintiff can prove *Monell* liability in the Sixth Circuit. Indeed, The Sixth Circuit has explained, with respect to *Monell* claims, a plaintiff can establish liability by proving: "(1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; **or** (4) the existence of a custom of tolerance or acquiescence of federal rights violations." *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013) (emphasis added).

The jurors do *not* need to find that Dr. Papendick was a final decisionmaker to find him or Corizon liable. In fact, **this Court has already specifically ruled that we Plaintiff need not prove that Dr. Papendick was a final decisionmaker.** *See Jackson v. Corizon Health Inc.*, 596 F. Supp. 3d 834, 843 n.2 **(ECF No. 73, PageID.2985).** This instruction should thus be rejected, as the Court has already ruled on this issue.

Finally, Defendants' punitive damages inquiry to jurors is incorrect

PUNITIVE DAMAGES

1."Did Plaintiff prove by a preponderance of the evidence that Dr. Papendick is liable for punitive damages?

YES _____ NO _____

If your answer to Question 1 is NO, you have reached a verdict. DO NOT answer the remaining questions. Sign the verdict form and

inform the court officer that you have reached a verdict.

If you answer to Question 1 is YES, proceed to question 2."

Punitive damages are optional. The jury can award them against either, or both, of the Defendants. The jury does not need to award punitive damages against Papendick before they can consider whether to award punitive damages against Corizon. Jurors should not "stop" if they decide not to award punitive damages against Dr. Papendick.

Moreover, Defendants state throughout their proposed verdict form that Plaintiff must show an "illegal" policy. This also misstates the law. In *City of Canton v. Harris*, "[t]he Supreme Court rejected the municipality's contention that section 1983 liability can be imposed only where the municipal policy in question is itself unconstitutional. *See* 489 U.S. at 387. A municipal policy that causes constitutional violations can be the basis for section 1983 liability." Brown v. Shaner, 172 F.3d 927, 930 (1999) The Sixth Circuit also held in *Gregory v. City of Louisville*, 444 F.3d 725, 752 (6th Cir. 2006) that:

> A local government entity violates § 1983 where its official policy or custom actually serves to deprive an individual of his or her constitutional rights. *Id.* A city's custom or policy can be unconstitutional in two ways: 1) facially unconstitutional as written or articulated, or 2) facially constitutional but consistently implemented to result in constitutional violations with explicit or implicit ratification by city policymakers. *Id.* Where the identified policy is itself facially lawful, the plaintiff "must demonstrate that the municipal action was taken with 'deliberate indifference' as to its known or obvious

consequences. A showing of simple or even heightened negligence will not suffice."

Simply put, there is no purpose to issue to jurors the verdict form offered by Defendants, which is replete with special interrogatories misstating the applicable law, particularly in a case that is rather simple at the end of the day. It simply requires jurors to analyze whether Defendants are liable for Plaintiff's deliberate indifference claim and/or his *Monell* claim and, if so, what damages Plaintiff is owed. For this reason, Plaintiff's generalized verdict form is far superior to that submitted by Defendant. As such, Plaintiff objects to Defendant's proposed verdict form. The Court should instead adopt Plaintiff's proposed verdict form he filed with the Court as **ECF No. 169.**

## **CONCLUSION**

WHEREFORE, for all of the reasons set forth above, Plaintiff respectfully requests that this Honorable Court REJECT Defendants' proposed verdict form for use at trial and adopt Plaintiff's proposed verdict form filed with the Court as **ECF No. 169**.

Respectfully submitted,

/s/ *Jonathan R. Marko*
Jonathan R. Marko (P72450)
**MARKO LAW, PLLC**
220 W. Congress, 4th Floor
Detroit, MI 48226

(313) 777-7529 / Fax: (313) 777-5785
Email: jon@markolaw.com

Date:  August 5, 2025

**PROOF OF SERVICE**

The undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each attorney of record on **August 5, 2025**, via:

☐ U.S. Mail                    ☐ Fax
☐ Hand Delivered               ☐ Overnight Carrier
☐ Certified Mail               ☐ Other:
☒ ECF System                   ☐ Email

  */s/ Mackenzie S. Kell*