UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KOHCHISE JACKSON,

      Plaintiff,

-vs-

CHS TX, INC., *et al.,*

      Defendants.

Case No. 19-cv-13382
Hon. Gershwin A. Drain

---

LAWRENCE H. MARGOLIS (P69635)
IAN T. CROSS (P83367)
**MARGOLIS & CROSS**
Attorneys for Plaintiff
214 S. Main St., Ste. 200
Ann Arbor, MI 48104
(734) 994-9590
larry@lawinannarbor.com
ian@lawinannarbor.com

ADAM MASIN
SUNNY REHSI (P80611)
**BOWMAN AND BROOKE LLP**
Attorney for Defendants
101 W. Big Beaver Rd., Ste. 1100
Troy, MI 48084
(248) 205-3300
Adam.masin@bowmanandbrooke.com
Sunny.rehsi@bowmanandbrooke.com

JONATHAN R. MARKO (P72450)
MICHAEL L. JONES (P85223)
**MARKO LAW, PLLC**
Co-counsel for Plaintiff
220 W. Congress, 4th Floor
Detroit, Michigan 48226
P: (313) 777-7529 / F: (313) 470-2011
jon@markolaw.com
michael@markolaw.com

---

## PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION IN LIMINE REGARDING SUPERSEDING CAUSE

1

NOW COMES, Plaintiff, **KOHCHISE JACKSON**, by and through his attorneys, **MARGOLIS & CROSS** and **MARKO LAW, PLLC**, and in response to Defendants' Motion in Limine Regarding Superseding Cause, states as follows:

For reasons stated more fully in the attached Brief, which is hereby incorporated by reference, this Court should deny Defendant's Motion as without merit.

WHEREFORE, for all of the reasons set forth above, Plaintiff respectfully requests that this Honorable Court DENY Defendants' Motion in Limine Regarding Superseding Cause in its entirety and grant Plaintiff any other relief this Court deems just.

                         Respectfully submitted,

                         /s/ *Jonathan R. Marko*
                         Jonathan R. Marko (P72450)
                         **MARKO LAW, PLLC**
                         220 W. Congress, 4th Floor
                         Detroit, MI 48226
                         (313) 777-7529 / Fax: (313) 777-5785
                         Email: jon@markolaw.com

Date:  August 6, 2025

2

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

KOHCHISE JACKSON,

      Plaintiff,                          Case No. 19-cv-13382

-vs-                                            Hon. Gershwin A. Drain

CHS TX, INC., *et al.,*

      Defendants.

---

| | |
|---|---|
| LAWRENCE H. MARGOLIS (P69635) | ADAM MASIN |
| IAN T. CROSS (P83367) | SUNNY REHSI (P80611) |
| **MARGOLIS & CROSS** | **BOWMAN AND BROOKE LLP** |
| Attorneys for Plaintiff | Attorney for Defendants |
| 214 S. Main St., Ste. 200 | 101 W. Big Beaver Rd., Ste. 1100 |
| Ann Arbor, MI 48104 | Troy, MI 48084 |
| (734) 994-9590 | (248) 205-3300 |
| larry@lawinannarbor.com | Adam.masin@bowmanandbrooke.com |
| ian@lawinannarbor.com | Sunny.rehsi@bowmanandbrooke.com |

JONATHAN R. MARKO (P72450)
MICHAEL L. JONES (P85223)
**MARKO LAW, PLLC**
Co-counsel for Plaintiff
220 W. Congress, 4th Floor
Detroit, Michigan 48226
P: (313) 777-7529 / F: (313) 470-2011
jon@markolaw.com
michael@markolaw.com

---

## BRIEF IN SUPPORT OF PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION IN LIMINE REGARDING SUPERSEDING CAUSE

3

## CONCISE STATEMENT OF ISSUES PRESENTED

I. Whether grievance denials can function as a "superseding cause" of the harm that is the subject of the grievance in 1983 prisoner civil rights litigation.

**Plaintiff states: No.**
**Defendant states: Yes.**
**This Court should state: No.**

II. Whether Subrina Aikens denial of Plaintiff's Step II grievance was not even a cause-in-fact of Plaintiff's injury, because the MDOC employees who respond to prisoner grievances have no authority to order medical treatment.

**Plaintiff states: Yes.**
**Defendant states: No.**
**This Court should state: Yes.**

III. Whether intervening acts of a third party qualify as a "superseding cause" in this case.

**Plaintiff states: No.**
**Defendant states: Yes.**
**This Court should state: No.**

# **CONTROLLING OR MOST APPROPRIATE AUTHORITY**

## **Cases**

*Hendricks v. Pickaway Corr. Inst.*, 782 F.3d 744 (6th Cir. 2015)

*Martin v. Harvey,* 14 Fed. Appx. 307 (6th Cir. 2001)

*Alder v. Corr. Med. Servs.*, 73 Fed. Appx. 839 (6th Cir. 2003)

*Mitchell v. Douglas,* 2025 U.S. Dist. LEXIS 49203 (E.D. Mich. Mar. 18, 2025)

*Stringer v. Roach*, 2025 U.S. Dist. LEXIS 146225 (E.D. Mich. June 30, 2025)

*Moore v. Warren,* 2013 U.S. Dist. LEXIS180421 (E.D. Mich. Oct. 9, 2013)

*Surles v. Andison,* 678 F.3d 452 (6th Cir. 2012)

*Powers v. Hamilton County Pub. Defender Comm'n,* 501 F.3d 592 (6th Cir. 2007)

*Harris v. Bornhurst,* 513 F.3d 503 (6th Cir. 2008)

*King v. Zamiara,* 680 F.3d 686 (6th Cir. 2012)

*Peterek v. Vill. of Armada,* 801 F.3d 630 (6th Cir. 2015)

*Powers v. Hamilton County Pub. Defender Comm'n,* 501 F.3d 592 (6th Cir. 2007)

## INTRODUCTION

Defendants argue that nurse Subrina Aiken's denial of Plaintiff's Step II prisoner grievance constituted a "superseding cause" that absolves them of liability for the underlying conduct that was the subject of the grievance. In the § 1983 context, "[a]n allegation of an unforeseeable intervening or superseding cause is an affirmative defense that challenges causation and applies only after the plaintiff proves proximate causation." *Park v. Kitt,* 2021 U.S. Dist. LEXIS 63168 at *10-*11 (E.D. Cal. March 31, 2021) (citing cases).

Defendants did not plead "intervening cause" or "superseding cause" as an affirmative defense in their Answer. *See* ECF No. 34. "Generally, a failure to plead an affirmative defense . . . results in the waiver of that defense." *Hendricks v. Pickaway Corr. Inst.*, 782 F.3d 744, 750 (6th Cir. 2015) (quoting *Phelps v. McClellan*, 30 F.3d 658, 663 (6th Cir. 1994)). Waiver is "particularly appropriate" where the affirmative defense is never pled but is then raised after discovery, as is the case here. *See Hendricks v. Pickaway Corr. Inst.*, 782 F.3d at 751.

The Court should decline to consider Defendants' "Motion in Limine to Preclude Plaintiff from Arguing that Defendants' have Liability after the MDOC Denied his Step II Grievance on June 8, 2017", because it is effectively an untimely motion for summary judgment on an affirmative defense that Defendants have waived. If the Court

6

nevertheless chooses to entertain the motion, it is substantively meritless, as explained *infra*.

## ARGUMENT

### I. Grievance denials cannot function as a "superseding cause" of the harm that is the subject of the grievance in § 1983 prisoner civil rights litigation.

Civil rights litigation concerning prison conditions is quite common. "Nearly 71,000 "prisoner civil rights" and "prison condition" claims have been appealed since 2008—that is, approximately 16.7 percent of the Courts of Appeals' civil docket." *Brawner v. Scott Cnty,* 18 F.4th 551, 556 (6th Cir. 2021) (Readler, C.J., dissenting from denial of rehearing en banc). The number of prisoner civil rights claims adjudicated in the district courts is even larger: from 1997 to 2021, more than 592,000 such cases were filed in the federal district courts.[1] Almost all of these lawsuits involved prisoner grievances. Since the passage of the Prison Litigation Reform Act, 42 U.S.C. 1997e *et. seq.*, in 1996, completion of a multi-step grievance procedure has been a mandatory prerequisite for filing any lawsuit in federal court concerning prison conditions. *See, e.g. Jones v. Brock,* 549 U.S. 199, 211 (2007). Prisoners are even required to exhaust grievances when the relief they seek cannot be granted via the grievance process. *See*

---

[1] Margo Schlanger, Wade H. and Dores M. McCree Collegiate Professor of Law University of Michigan Law School, Prison and Jail Civil Rights/Conditions Cases: Longitudinal Statistics Appendix to: Slamming the Courthouse Door: 25 Years of Evidence for Repealing the Prison Litigation Reform Act. Prison Policy Initiative (April 26, 2021). Available at: https://incarcerationlaw.com/resources/data-update/.

7

*Porter v. Nussle,* 534 U.S. 516, 524 (2002) ("[e]ven when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit.").

Yet despite this exceptionally large body of precedent, Defendants have not been able to cite a single case, from any jurisdiction, in which a prison administrator's denial of a prisoner's grievance was held to be a "superseding cause" that cut off the liability of the officials involved in the underlying conduct that was the subject of the grievance. Nor is Plaintiff aware of any such case. The theory of non-liability advanced in Defendants' Motion in Limine is, to Plaintiff's knowledge, completely unprecedented in the extensive modern history of prisoner civil rights claims.

Defendants' novel theory would functionally immunize prison officials and prison healthcare contractors from broad swaths of Eighth Amendment claims, because it is firmly established that prison officials cannot be sued under § 1983 for wrongfully denying a prisoner's grievance. *See, e.g. Martin v. Harvey,* 14 Fed. Appx. 307, 309 (6th Cir. 2001) ("The denial of the grievance is not the same as the denial of a request to receive medical care. Therefore, Martin failed to allege any personal involvement by defendant McGinnis in the alleged denial of medical treatment."); *Moore v. Warren*, 2013 U.S. Dist. LEXIS 180421 at *20 ("The law is clear that Aiken's denial of Moore's Step II grievance appeals does not amount to actionable "personal involvement" under §1983.") (E.D. Mich. Oct. 9, 2013); *Alder v. Corr. Med. Servs.,* 73 Fed. Appx.

8

839, 841 (6th Cir. 2003) ("The mere denial of a prisoner's grievance states no claim of constitutional dimension."); *Proctor v. Applegate*, 611 F. Supp. 2d 743, 765 (E.D. Mich. 2009) ("where defendants' "only roles … involve the denial of administrative grievances or the failure to act … they cannot be liable under § 1983."") (quoting *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999)); *Villanueva v. Washington,* 2023 U.S. Dist. LEXIS 210413 at *6 (E.D. Mich. Nov. 27, 2023) ("The Sixth Circuit has repeatedly held that a prison official's wrongful denial of a prison grievance does not violate any federal constitutional right absent any allegation that the official was involved in the underlying activity that was challenged in the grievance.") (collecting cases).

If grievance denials could function as a "superseding cause" and cut off liability for the underlying conduct, then prison officials and prison healthcare contractors could evade § 1983 liability for virtually any ongoing harm, so long as the official responsible for responding to grievances issued a properly-worded denial of the prisoner's grievance concerning the issue. If a prison healthcare provider refused to provide treatment for multiple sclerosis, *see, e.g. Estate of Majors v. Gerlach*, 821 Fed. Appx. 553, 542-544 (6th Cir. 2020), or, as a former Corizon employee has testified in this case, refused to provide HIV medication to prisoners who are HIV-positive, (Ex. 1, Rettler Dep., 58:24-59:11, 64:13-25, 81:17-20), responsibility for the ongoing refusal to provide medication or treatment could be quickly shifted to the official tasked with

9

responding to grievances. That official would be immune from Eighth Amendment liability, since "[t]he Sixth Circuit has repeatedly held that the wrongful denial of a prison grievance by a prison official does not violate any federal constitutional right[.]" *Mitchell v. Douglas,* 2025 U.S. Dist. LEXIS 49203 at *5 (E.D. Mich. Mar. 18, 2025). Nor would there be an effective remedy against the official who initially refused to provide the medication or treatment, as that official's conduct would not, under Defendants' theory, be a proximate cause of the ongoing harm.

But (to Plaintiff's knowledge) no court has ever endorsed this theory. Rather, an implied corollary to the Sixth Circuit's long-established rule that "[s]imply reviewing and denying a plaintiff's grievance is not enough for liability[,]" *Stringer v. Roach*, 2025 U.S. Dist. LEXIS 146225 at *7 (E.D. Mich. June 30, 2025), is that the act of denying a prisoner's grievance about healthcare cannot, itself, constitute a denial of healthcare. *See Martin v. Harvey,* 14 Fed. Appx. 307, 309 (6th Cir. 2001). Regardless of the content of the grievance response, liability for the alleged harm must remain with the officials involved in the underlying conduct that is the subject of the grievance.

**II. Subrina Aiken's denial of Plaintiff's Step II grievance was not even a cause-in-fact of Plaintiff's injury, because the MDOC employees who respond to prisoner grievances have no authority to order medical treatment.**

Defendants argue that the superseding cause of Plaintiff's injury was nurse Subrina Aiken's denial of his Step II grievance appeal. "The law is clear that Aiken's denial of [a plaintiff's] Step II grievance appeals does not amount to actionable

10

"personal involvement" under §1983." *Moore v. Warren,* 2013 U.S. Dist. LEXIS180421 at *20 (E.D. Mich. Oct. 9, 2013). This makes sense, because MDOC nurses like Ms. Aiken who investigate and respond to prisoner grievances do not have the authority to overrule the decisions of treating physicians, or the authority to order the provision of any specific medical treatment to a prisoner. As Subrina Aiken herself has testified multiple times by affidavit:

> I am a Clinical Administrative Assistant, RN and am currently employed by the Michigan Department of Corrections (MDOC). I have been employed in this capacity for approximately 12 years. . . . In my capacity as the Clinical Administrative Assistant (CAA) – RN, I do not provide any direct patient care to prisoners. **I do not have any supervisory responsibilities for administrative staff or individuals who do provide patient care. <u>I make no determinations or recommendations regarding patient care.</u>**

Ex. 2; Ex. 3 (emphasis added). Ms. Aiken also testified by affidavit, in a case in which she was sued for denying a prisoner's grievance concerning a refusal to provide medication for Hepatitis C, that, "[m]y investigation revealed Plaintiff was being monitored by Infectious Disease ID specialist, Defendant Doctor Hutchinson. With regards to Hepatitis C, the Infectious Disease ID specialist determines any and all HCV treatments." (Ex. 4). In other words, in her role responding to grievances, Ms. Aiken did not have the authority to actually cause the prisoner to receive what he wanted: medication to treat his Hepatitis C. Since Ms. Aiken *did not have the ability* to overrule Dr. Hutchinson's decision not to provide the medication to the prisoner, her conduct in

11

responding to his grievance, regardless of what she wrote, could not have been a cause-in-fact of the prisoner's injury.

Richard Harbaugh, RN, the official who signed the Step III response to Mr. Jackson's grievance, has proffered similar testimony:

> 5. In my position, I am not able to prescribe medications, including medications for pain or cardiac conditions. **I am not able to contradict or overrule a physician's diagnosis or treatment plan.** I am not able to prescribe pain management care or narcotics. I am not able to order diagnostic testing or perform surgery.
>
> 6. In my role as Health Unit Manager, I do not supervise any physician, physician assistant, or nurse practitioners. These providers work independent from me and **I have no authority over them to require them to prescribe any medications or to give a patient any particular plan of treatment.**

Exhibit 5, pg. 2.

On occasion, MDOC employees have responded to healthcare grievances by actually acknowledging that they have no control over the behavior of the healthcare contractor. Consider the response received by Eric Glide, another prisoner who is currently being forced to live with an unnecessary colostomy bag. When Mr. Glide grieved the current healthcare contractor's refusal to provide him with a colostomy reversal surgery, his grievance was rejected, because "the prisoner is grieving issues not within the authority of the Department to resolve (e.g., disputes between a prisoner and an MDOC contractor, etc.)." The response to Mr. Glide's grievance further explained:

> The issue is with VitalCore Health Strategies – (Michigan Regional Office), which is out of the SMT – MDOC ability to correct, so the grievant may not file a

> grievance for a matter that SMT has no control over. Grievance REJECTED at STEP I.
>
> You are grieving the decision of VitalCore Health Strategies – Michigan Regional Office, SMT MDOC has no jurisdiction over VitalCore Health Strategies, Your complaint is with VitalCore Health Strategies – Michigan Regional Office 120 Washington Square Suite 600. Lansing MI 48933

Exhibit 6, Grievance No. SMT 202412105428G and Response.

Just as it does now with VitalCore, the MDOC in the 2017-2019 time period contracted out all clinical decision-making concerning the provision of off-site services, including utilization-management functions, to Corizon. *See* ECF No. 66-2, PageID.1980-1983. Corizon was responsible for selecting the "UM criteria and clinical guidelines" to govern its Utilization Management decisions. ECF No. 66-2, PageID.1982. Per the contract, Corizon had total control over which off-site requests were approved, as well as where, when, and by whom the services were provided.

Defendants bear the burden of proof with respect to their the affirmative defenses. *See, e.g. Surles v. Andison,* 678 F.3d 452, 456 (6th Cir. 2012). Defendants have not shown, and cannot show, that any individual involved in denying Plaintiff's prison grievances had the authority to overrule Dr. Papendick and grant Mr. Jackson a colostomy reversal. As a result, they have not demonstrated that acts of the employees who responded to Plaintiff's grievances constitute even a but-for cause of his injuries, let alone a superseding proximate cause.

### III. Intervening acts of a third party do not qualify as a "superseding cause" unless they were unforeseeable.

Even if the nurses who respond to prisoner grievances had the power to overrule Dr. Papendick, their wholly-foreseeable failure to do so still would not absolve him of liability. Not every intervening wrongful act by a third party is sufficient to break the causal chain between a § 1983 defendant's conduct and the plaintiff's injury. It is well-established, for example, that prisoners can sue prison officials under § 1983 for failing to protect them from a physical or sexual assault, *see, e.g., Bishop v. Hackel*, 636 F.3d 757, 761 (6th Cir. 2011); *Farmer v. Brennan,* 511 U.S. 825, 833 (1994), even though every failure-to-protect claim necessarily involves an intervening act by a third party that is a more direct and immediate cause of the plaintiff's injury. Rather than simply asking whether the plaintiff's harm was directly caused by the subsequent act of a deliberative and autonomous decision-maker, "courts have framed the § 1983 proximate-cause question as a matter of foreseeability, asking whether it was reasonably foreseeable that the complained of harm would befall the § 1983 plaintiff as a result of the defendant's conduct." *Powers v. Hamilton County Pub. Defender Comm'n,* 501 F.3d 592, 609 (6th Cir. 2007).

The Sixth Circuit has held in numerous published decisions that § 1983 defendants cannot evade liability by pointing to foreseeable subsequent decisions by other public officials. *See, e.g. Harris v. Bornhurst,* 513 F.3d 503, 518-19 (6th Cir. 2008)

14

(prosecutor liable for retaliation for statements she made to Marine Corps officials that caused the Corps to deny Plaintiffs' application to join the Marines); *King v. Zamiara,* 680 F.3d 686, 697 (6th Cir. 2012) ("a prison guard who fills out a security screen cannot disentangle herself from the resulting adverse action even though it was approved and ordered by other people") (citing *Siggers-El v. Barlow,* 412 F.3d 693, 702 (6th Cir. 2005)); *Peterek v. Vill. of Armada,* 801 F.3d 630, 651 (6th Cir. 2015) (defendant liable where he influenced another public official to unlawfully restrict the hours plaintiff could operate his manufacturing business and to issue baseless blight tickets to plaintiff on a daily basis); *Clark v. Anthony Abdallah*, 131 F.4th 432, 451 (6th Cir. 2025) (police officers were liable for fabricating evidence, even though prosecutor made independent decisions to prosecute plaintiff and to introduce the fabricated evidence against Plaintiff, with knowledge that the evidence had been fabricated).

*Powers v. Hamilton County Pub. Defender Comm'n,* 501 F.3d 592 (6th Cir. 2007) is instructive. The plaintiff in that case sued the Hamilton County Public Defender's Commission for failing to request an indigency hearing before he was jailed for nonpayment of a fine. *See Powers,* 501 F.3d at 607-08. The Public Defender argued that the duty to conduct an indigency hearing, "rested exclusively with the municipal judge," and that it was the *judge's decision* to jail the plaintiff without first conducting an indigency hearing, rather than the Public Defender's deficient representation, that caused the violation of the Plaintiff's constitutional rights. *Id.* at 609.

15

The *Powers* panel "reject[ed] the Public Defender's attempt to evade liability by shifting to the municipal judge all responsibility for the alleged infringement of Powers's rights." *Id.* at 609. Where "the Public Defender's silence about [plaintiff's] asserted indigency made it reasonably foreseeable that he would be jailed for non-payment of his fine without having received an indigency hearing[,]" the Public Defender could be held liable for the injury. *Id.* at 610. The Sixth Circuit has reached the same result in cases where police are sued for causing a wrongful conviction by fabricating evidence. *See, e.g., Clark v. Anthony Abdallah,* 131 F.4th 432, 451 (6th Cir. 2025); *Jackson v. City of Cleveland,* 925 F.3d 793, 820 (6th Cir. 2019) (officers liable where "an officer could reasonably foresee that his misconduct would contribute to an independent decision that results in a deprivation of liberty and the misconduct actually does so.") (internal quotations omitted). *See also, Bou-Assaly v. Mann*, 2017 U.S. Dist. LEXIS 98032 at *17-*18 (E.D. Mich. June 26, 2017) (holding that judge's sentencing decision "does not constitute a superseding cause that breaks the chain of causation" between an attorney's malpractice and plaintiff's injury, because the judicial act "was reasonably foreseeable"). Indeed, "foreseeability is the touchstone of the independent intervening cause inquiry." *MacDermid v. Discover Fin. Servs.,* 488 F.3d 721, 736 (6th Cir. 2007).

Here, it was eminently foreseeable that the nurses tasked with responding to Plaintiff's prisoner grievances would not overrule Dr. Papendick and grant Plaintiff a

16

colostomy reversal surgery. Defendants put forth no evidence that these nurses had ever overruled Dr. Papendick in the past, let alone that they routinely and consistently overruled Dr. Papendick in similar circumstances such that their failure to do so on this occasion was unforeseeable. As discussed in Section II, supra, it does not appear that anyone involved in responding to Plaintiff's grievance even had the authority to overrule utilization-management decisions. As such, Defendants' Motion should be denied.

## CONCLUSION

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court GRANT Plaintiff's Motion In Limine Regarding Superseding Cause.

Respectfully submitted,

*/s/ Jonathan R. Marko*
Jonathan R. Marko (P72450)
**MARKO LAW, PLLC**
220 W. Congress, Fourth Floor
Detroit, MI 48226
(313) 777-7529 / Fax: (313) 470-2011
Email: jon@markolaw.com

Date: August 6, 2025

### PROOF OF SERVICE

The undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each attorney of record on **August 6, 2025**, via:

☐ U.S. Mail          ☐ Fax
☐ Hand Delivered     ☐ Overnight Carrier
☐ Certified Mail     ☐ Other:

17

×ECF System ☐ Email

*/s/ Ebony White*

18