## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

KOHCHISE JACKSON,

        Plaintiff,

v.

CHS TX, INC., et al.,

        Defendants.

Case No.:  2:19-cv-13382-GAD-PTM

U.S. DISTRICT COURT JUDGE
HON. GERSHWIN A. DRAIN

## DEFENDANTS' RESPONSE TO PLAINTIFF'S
## MOTION *IN LIMINE* TO PRECLUDE ANY EVIDENCE OF OR
## REFERENCE TO OTHER CASES DR. SILVERMAN WORKED ON
## [ECF 154]

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES ..............................................................................2

STATEMENT OF ISSUES PRESENTED............................................................3

CONTROLLING OR MOST APPROPRIATE AUTHORITY ..............................4

CONCLUSION ............................................................................................7

[PROPOSED] ORDER DENYING PLAINTIFF'S MOTION *IN LIMINE* TO PRECLUDE ANY EVIDENCE OF OR REFERENCE TO OTHER CASES DR. SILVERMAN WORKED ON [ECF 154]...................................................................................7

1

# TABLE OF AUTHORITIES

Page(s)

Federal Cases

*Gysegem v. Ohio State University Wexner Medical Center*, No. 2018-00113JD,
   2020 WL 5868677 (Ohio Ct. Cl. Sep. 08, 2020): ...................................................5
*Pham v. Schrapps*, 2012 Tex. Dist. LEXIS 414 ........................................................5
*Schledwitz v. United States*, 169 F.3d 1003 (6th Cir. 1999)..................................4, 6
*United States v. Phillips*, 888 F.2d 38 (6th Cir. 1989)............................................4, 6
*Wilson v. Dean* ........................................................................................................7
*Wilson v. Dean*, No. 334243, 2018 Mich. App. LEXIS 57 (Jan. 9, 2018) ............5, 7

Page(s)

Federal Statutes

Federal Rule of Evidence 608(b) .............................................................................6
Federal Rules of Evidence 608 ................................................................................7
Gysegem v. Ohio State University Wexner Medical Center, No. 2018-00113JD,
   2020 WL 5868677 (Ohio Ct. Cl. Sep. 08, 2020) ..................................................7

## <u>STATEMENT OF ISSUES PRESENTED</u>

Should the Court grant Plaintiff's Motion in Limine to Preclude any Evidence of or Reference to Other Cases Dr. Silverman Worked On?

**Defendants answer:  No.**

**Plaintiff answers:  Yes.**

**The Court should answer: No.**

## <u>CONTROLLING OR MOST APPROPRIATE AUTHORITY</u>

Federal Rule of Evidence 608(b)

*United States v. Phillips*, 888 F.2d 38, 41 (6th Cir. 1989).

*Schledwitz v. United States*, 169 F.3d 1003, 1015 (6th Cir. 1999).

**DEFENDANTS' RESPONSE TO PLAINTIFF'S
MOTION *IN LIMINE* TO PRECLUDE ANY EVIDENCE OF OR
REFERENCE TO OTHER CASES DR. SILVERMAN WORKED ON
[ECF 154]**

Citing no authority to support his position, Plaintiff seeks to preclude Defendants from referencing cases where Dr. Silverman's expert opinions have been limited or excluded by other courts.  This evidence is admissible because it goes directly to Dr. Silverman's credibility.

Dr. Ralph Silverman is being offered by Plaintiff as a general surgery/colorectal surgery expert to testify against Dr. Papendick, who he believes, violated the standard of care. Dr. Silverman's testimony and opinions were found not credible and/or he was found to be unqualified on several prior occasions:[1]

- *Gysegem v. Ohio State University Wexner Medical Center*, No. 2018-00113JD, 2020 WL 5868677 (Ohio Ct. Cl. Sep. 08, 2020): The Court found Dr. Silverman's opinions more biased and less credible and a willingness to testify outside of his area of practice.

- *Wilson v. Dean*, No. 334243, 2018 Mich. App. LEXIS 57 (Jan. 9, 2018): The Court concluded that Dr. Silverman was not qualified to testify about a general surgery standard of care because the majority of Dr. Silverman's practice was not in general surgery.

- *Pham v. Schrapps*, 2012 Tex. Dist. LEXIS 414: The Court found that Dr. Silverman failed to meet the statutory requirements of Chapter 74 of the Texas Civil practice and Remedies Code.

---

[1] All attached as **Exhibit A.**

Defendants are entitled to cross-examine Dr. Silverman on the prior instances where courts have excluded or limited his opinions.

Under Federal Rule of Evidence 608(b), evidence of an expert's past involvement in cases may be admissible if it is probative of the expert's character for truthfulness or untruthfulness. Rule 608(b) also allows specific instances of conduct to be inquired on cross-examination if they are relevant to the witness's credibility. "Bias is always relevant in assessing a witness's credibility." *Schledwitz v. United States*, 169 F.3d 1003, 1015 (6th Cir. 1999). And although "the Federal Rules of Evidence do not specifically so state, prior misconduct of a witness which is probative of the bias of that witness may be proved by extrinsic evidence." *United States v. Phillips*, 888 F.2d 38, 41 (6th Cir. 1989).

In this case, Dr. Silverman indicated his practice was in both general surgery and colorectal surgery. (**Exhibit B** at 8:21-23). Contrary to Plaintiff's argument that "any cases wherein Dr. Silverman was not permitted to give testimony are, of course, factually distinct from this case," there are several similarities between this case and the cases where courts have excluded Dr. Silverman's testimony. (Doc. 154 at 6).

For instance, in *Gysegem*, the court entirely excluded Dr. Silverman's opinions, finding he was not qualified to testify about a general surgery standard of care because the majority of his practice was not in general surgery, that his opinions were biased, and that he demonstrated a willingness to testify outside of his area of

expertise. 2020 WL 5868677 at *7. Likewise, in *Wilson v. Dean*, the Court held Dr. Silverman unqualified to testify under the same title (general surgery) and thus, was not qualified to testify about the relevant standard of care. 2018 WL 340930, at *3.

Inquiry into cases where Dr. Silverman's testimony has been excluded under the same practicing title (general surgery) as this case, is probative of his competency and credibility in this case. The purpose is not for inadmissible character evidence, instead it goes to Dr. Silverman's credibility which falls squarely within FRE 608. As Dr. Silverman intends to offer testimony against Dr. Papendick concerning the applicable standard of care relating to a colostomy reversal surgery (a general surgery procedure), questions regarding other cases where he has been excluded from offering similar testimony is relevant and admissible.

Accordingly, questioning Dr. Silverman regarding cases where his testimony has been excluded is relevant and goes to his credibility pursuant to FRE 608.

## CONCLUSION

For the foregoing reasons, the Court should deny the Plaintiff's Motion *in Limine* to Preclude any Evidence of or Reference to Other Cases Dr. Silverman Worked On.

Respectfully submitted,

**BOWMAN AND BROOKE LLP**

By:  /s/*Sunny Rehsi*
Sunny Rehsi (P80611)
101 W. Big Beaver Road.,
Suite 1100 Troy, MI 48084
248.205.3300
sunny.rehsi@bowmanandbrooke.com

Adam Masin (Admitted 5/1/2025)
750 Lexington Avenue
New York, NY 10022
646.914.6790
adam.masin@bowmanandbrooke.com

Rachel B. Weil (Admitted 7/16/25)
123 South Broad Street, Suite 1512
Philadelphia, PA 19109
267.908.7097
rachel.weil@bowmanandbrooke.com

*Attorneys for Defendants CHS TX, Inc. d/b/a YesCare and Keith Papendick, M.D.*

## CERTIFICATE OF SERVICE

I certify that on August 8, 2025, I electronically filed the foregoing paper with the clerk of the United States District Court, Eastern District Southern Division using the ECF system which will send notification of such filing to the following:

**Ian T. Cross**
Cross Law PLLC
Attorneys for Plaintiff
402 W. Liberty St.
Ann Arbor, MI 48103
724.994.9590
ian@lawinannarbor.com

**Laurence H. Margolis**
Margolis Law Firm
Attorneys for Plaintiff
214 South Main St., Suite 202
Ann Arbor, MI 48104
734.994.9590
assistant@lawinannarbor.com

**Jonathan R. Marko** (P72450
**Michael L. Jones** (P85223)
Marko Law, PLLC
220 W. Congress, 4th Floor
Detroit, MI 48226
313.777.7529
jon@markolaw.com
michael@markolaw.com

Respectfully submitted,

**BOWMAN AND BROOKE LLP**

By:    /s/*Sunny Rehsi*
         Sunny Rehsi (P80611)
         101 W. Big Beaver Road.,
         Suite 1100 Troy, MI 48084
         248.205.3300
         sunny.rehsi@bowmanandbrooke.com

Adam Masin (Admitted 5/1/2025)
750 Lexington Avenue
New York, NY 10022
646.914.6790
adam.masin@bowmanandbrooke.com

Rachel B. Weil (Admitted 7/16/25)
123 South Broad Street, Suite 1512
Philadelphia, PA 19109
267.908.7097
rachel.weil@bowmanandbrooke.com

*Attorneys for Defendants CHS TX, Inc. d/b/a
YesCare and Keith Papendick, M.D.*

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

KOHCHISE JACKSON,

        Plaintiff,

v.

CHS TX, INC., et al.,

        Defendants.

Case No.:  2:19-cv-13382-GAD-PTM

U.S. DISTRICT COURT JUDGE
HON. GERSHWIN A. DRAIN

**[PROPOSED] ORDER DENYING PLAINTIFF'S MOTION *IN LIMINE* TO PRECLUDE ANY EVIDENCE OF OR REFERENCE TO OTHER CASES DR. SILVERMAN WORKED ON [ECF 154]**

For the reasons stated in Defendants' Opposition to Plaintiff's Motion *in Limine* to Preclude any Evidence of or Reference to Other Cases Dr. Silverman Worked On and any arguments thereto, the Plaintiff's motion is DENIED.

_____
Hon. Gershwin A. Drain