# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

KOHCHISE JACKSON,

        Plaintiff,                                     Case No. 19-cv-13382

-vs-                                                                      Hon. Gershwin A. Drain

CHS TX, INC., *et al.,*

        Defendants.

---

| | |
|---|---|
| LAWRENCE H. MARGOLIS (P69635) | THOMAS G. HACKNEY (P81283) |
| IAN T. CROSS (P83367) | **HACKNEY ODLUM & DARDAS** |
| **MARGOLIS, GALLAGHER & CROSS** | Attorney for Keith Papendick, M.D. |
| Attorneys for Plaintiff | 10850 E. Traverse Hwy., Ste. 4440 |
| 214 S. Main St., Ste. 200 | Traverse City, MI 49684 |
| Ann Arbor, MI 48104 | (231) 642-5057 |
| (734) 994-9590 | thackney@hodlawyers.com |
| larry@lawinannarbor.com | |
| ian@lawinannarbor.com | ADAM MASIN |
| | SUNNY REHSI (P80611) |
| JONATHAN R. MARKO (P72450) | **BOWMAN AND BROOKE LLP** |
| MICHAEL L. JONES (P85223) | Attorney for CHS TX, Inc. |
| **MARKO LAW, PLLC** | 101 W. Big Beaver Rd., Ste. 1100 |
| Co-counsel for Plaintiff | Troy, MI 48084 |
| 220 W. Congress, 4th Floor | (248) 205-3300 |
| Detroit, Michigan 48226 | Adam.masin@bowmanandbrooke.com |
| P: (313) 777-7777 / F: (313) 470-2011 | Sunny.rehsi@bowmanandbrooke.com |
| jon@markolaw.com | |
| michael@markolaw.com | |

**PLAINTIFF'S RESPONSE TO DEFENDANT CHS TEX, INC. AND KEITH PAPENDICK, M.D.'S MOTION TO QUASH CERTAIN OF PLAINTIFF'S TRIAL SUBPOENAS AND REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL COMPLIANCE WITH TRIAL SUBPOENAS**

1

NOW COMES Plaintiff, **KOHCHISE JACKSON**, by and through his attorneys, **MARKO LAW, PLLC**, and **MARGOLIS, GALLAGHER & CROSS,** and for his Response to Defendants CHS TX, INC. and Keith Papendick, M.D.'s Motion to Quash Certain of Plaintiff's Trial Subpoenas and Reply to Defendants' Opposition to Plaintiff's Motion to Compel Compliance with Trial Subpoenas, and respectfully requests that this Honorable Court denies Defendants' Motion to Quash and grants Plaintiff's Motion to Compel Compliance with Trial Subpoenas for the reasons more fully set forth in the attached brief, which is hereby incorporated by reference.

WHEREFORE, for the reasons more fully set forth in the attached Brief, Plaintiff respectfully requests this Honorable Court denies Defendants CHS TX, INC. and Keith Papendick, M.D.'s Motion to Quash and grants Plaintiff's Motion to Compel Compliance with Trial Subpoenas.

Respectfully submitted,

*/s/ Jonathan R. Marko*
Jonathan R. Marko (P72450)
Attorney for Plaintiff
**MARKO LAW, PLLC**
220 W. Congress, 4th Floor
Detroit, MI 48226
P: (313) 777-7777 / F: (313) 470-2011
Email: jon@markolaw.com

Date: August 8, 2025

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

KOHCHISE JACKSON,

        Plaintiff,                      Case No. 19-cv-13382

-vs-                                          Hon. Gershwin A. Drain

CHS TX, INC., *et al.,*

        Defendants.

| | |
|---|---|
| LAWRENCE H. MARGOLIS (P69635) <br> IAN T. CROSS (P83367) <br> **MARGOLIS, GALLAGHER & CROSS** <br> Attorneys for Plaintiff <br> 214 S. Main St., Ste. 200 <br> Ann Arbor, MI 48104 <br> (734) 994-9590 <br> larry@lawinannarbor.com <br> ian@lawinannarbor.com <br><br> JONATHAN R. MARKO (P72450) <br> MICHAEL L. JONES (P85223) <br> **MARKO LAW, PLLC** <br> Co-counsel for Plaintiff <br> 220 W. Congress, 4th Floor <br> Detroit, Michigan 48226 <br> P: (313) 777-7777 / F: (313) 470-2011 <br> jon@markolaw.com <br> michael@markolaw.com | THOMAS G. HACKNEY (P81283) <br> **HACKNEY ODLUM & DARDAS** <br> Attorney for Keith Papendick, M.D. <br> 10850 E. Traverse Hwy., Ste. 4440 <br> Traverse City, MI 49684 <br> (231) 642-5057 <br> thackney@hodlawyers.com <br><br> ADAM MASIN <br> SUNNY REHSI (P80611) <br> **BOWMAN AND BROOKE LLP** <br> Attorney for CHS TX, Inc. <br> 101 W. Big Beaver Rd., Ste. 1100 <br> Troy, MI 48084 <br> (248) 205-3300 <br> Adam.masin@bowmanandbrooke.com <br> Sunny.rehsi@bowmanandbrooke.com |

**BRIEF IN SUPPORT OF PLAINTIFF'S RESPONSE TO DEFENDANT CHS TEX, INC. AND KEITH PAPENDICK, M.D.'S MOTION TO QUASH CERTAIN OF PLAINTIFF'S TRIAL SUBPOENAS AND REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL COMPLIANCE WITH TRIAL SUBPOENAS**

# **TABLE OF CONTENTS**

Index of Authorities ................................................................................................ ii

Concise Statement of Issue Presented ................................................................... iv

Controlling or Most Appropriate Authority............................................................. v

    I.     By Disclaiming Authority Over the Subpoenaed Witnesses, Defendants Lack Standing to Challenge or Move to Quash the Trial Subpoenas ........................................................................... 1

    II.    The Subpoenas Should Be Enforced—Not Quashed—Because the Non-Parties Have Not Objected, Have Been Given Ample Notice Through Repeated Service Attempts, and Defendants' Relevance Arguments Are Improper and Contrary to the Law's Minimal Threshold ............................................................... 5

Conclusion ............................................................................................................. 9

# **INDEX OF AUTHORITIES**

## **Cases**

*Charters v. John Hancock Life Ins. Co.*,
No. 09-50157, 2009 U.S. Dist. LEXIS 26250 (E.D. Mich. 2009) ........................ 2

*Cratty v. City of Allen Park*,
Civil Action No. 17-11724, 2018 U.S. Dist. LEXIS 225492
(E.D. Mich. 2018) ....................................................................................... 7

*Donahoo v. Ohio Dep't of Youth Servs.*,
211 F.R.D. 303 (N.D. Ohio 2002) .................................................................. 1

*Dyno Nobel, Inc. v. Johnson*,
586 F. Supp. 3d 657 (E.D. Ky. 2022) ............................................................. 6

*Emanuel v. Cty. of Wayne*,
652 Fed.Appx. 417 (6th Cir. 2016) ................................................................ 4

*Glob. Force Ent., Inc. v. Anthem Wrestling Exhibitions, LLC*,
468 F. Supp. 3d 969 (M.D. Tenn. 2020) ......................................................... 4

*Gonzalez Prod. Sys. v. Martinrea Int'l Inc.*,
No. 13-cv-11544, 2015 U.S. Dist. LEXIS 108357 (E.D. Mich. 2015) ................ 8

*Great Lakes Anesthesia, PLLC v. State Farm Mut. Auto. Ins. Co.*,
No. 11-10658, 2011 U.S. Dist. LEXIS 111668 (E.D. Mich. 2011) ................ 7, 8

*Halawani v. Wolfenbarger*,
No. 07-15483, 2008 U.S. Dist. LEXIS 100482 (E.D. Mich. 2008) .................... 7

*Hamm v. Cunningham*,
No. 1:12-CV-124, 2012 U.S. Dist. LEXIS 200833 (N.D. Ohio 2012) ................ 3

*J&R Passmore, LLC v. Rice Drilling D, LLC*,
No. 2:18-cv-01587, 2023 U.S. Dist. LEXIS 51210 (S.D. Ohio 2023) ............ 2, 3

*J.B. Hunt Transport, Inc. v. Adams*,
No. 04–CV–70347–DT, 2007 WL 789042 (E.D. Mich. 2007) ............................ 1

*Novovic v. Greyhound Lines, Inc.*,
No. 2:09-CV-00753, 2012 WL 252124 (S.D. Ohio 2012) .................................. 1, 2

*Roberts v. Galen of Va., Inc.*,
325 F.3d 776 (6th Cir. 2003) ............................................................................. 4

*Schnatter v. 247 Grp., LLC*,
343 F.R.D. 325 (W.D. Ky. 2022) ....................................................................... 6

*United States v. Householder*,
645 F. Supp. 3d 844 (S.D. Ohio 2022) .............................................................. 8

**Federal Rules**

Fed. R. Civ. P. 26(a) .......................................................................................... 3, 4

Fed. R. Civ. P. 26(e) .......................................................................................... 3, 4

Fed. R. Civ. P. 37 .............................................................................................. 4

Fed. R. Civ. P. 37(c) .......................................................................................... 4, 5

Fed. R. Civ. P. 45 .............................................................................................. 1, 6

Fed. R. Civ. P.45(c) ........................................................................................... 4

Fed. R. Civ. P.45(d) ........................................................................................... 5

Fed. R. Civ. P. 45(g) .......................................................................................... 1, 5

## CONCISE STATEMENT OF ISSUE PRESENTED

I. Whether this Court should deny Defendants' motion to quash and compel compliance with Plaintiffs' trial subpoenas where (1) Defendants disavow authority over the subpoenaed non-party witnesses and thus lack standing; (2) the witnesses, despite actual notice, have failed to object or move to quash; and (3) Defendants' relevance objections are meritless under the low bar for lay witness testimony admissibility.?

**Plaintiff states:**         Yes.

**This Court should state:**  Yes.

**Defendants state:**         No.

## **CONTROLLING OR MOST APPROPRIATE AUTHORITY**

Fed. R. Civ. P. 45

Fed. R. Civ. P. 26 and 37

*Novovic v. Greyhound Lines, Inc.*, No. 2:09-CV-00753, 2012 WL 252124 (S.D. Ohio 2012)

*J&R Passmore, LLC v. Rice Drilling D, LLC*, No. 2:18-cv-01587, 2023 U.S. Dist. LEXIS 51210 (S.D. Ohio Mar. 24, 2023)

I. **BY DISCLAIMING AUTHORITY OVER THE SUBPOENAED WITNESSES, DEFENDANTS LACK STANDING TO CHALLENGE OR MOVE TO QUASH THE TRIAL SUBPOENAS.**

In moving to quash, Defendants argue that they no longer employ—and lack authority to accept service for—Dr. Bomber, Mr. Lefkowitz, and Mr. Gill. Yet that position forecloses their standing to challenge the subpoenas. It is well-settled that a party lacks standing to quash a Rule 45 subpoena issued to a non-party absent a personal right or privilege. Defendants assert no such interest. As such, the Court need not even reach the substance of their arguments. Because the motion was filed by a party without standing to bring it, it must be denied. And in the absence of a timely objection or motion to quash by the subpoenaed witnesses themselves, the Court should issue an order compelling compliance under Rule 45(g), enforceable through sanctions for noncompliance.

As provided in Plaintiff's motion to compel compliance with the trial subpoenas, the Court in *Novovic v. Greyhound Lines, Inc.*, No. 2:09-CV-00753, 2012 WL 252124 (S.D. Ohio 2012)– a case relied upon by Defendants in their motion– explicitly forecloses Defendants' position:

> **Greyhound, in turn, may not challenge or move to quash the subpoenas of the nonparty witnesses, either**. As stated by the Northern District of Ohio, "**[t]he law is clear, absent a claim of privilege, a party has no standing to challenge a subpoena to a nonparty**." *Donahoo v. Ohio Dept. of Youth Servs.*, 211 F.R.D. 303, 306 (N.D.Ohio 2002); see also *J.B. Hunt Transport, Inc. v. Adams*, No. 04–CV–70347–DT, 2007 WL 789042, at *2 (E.D.Mich. March 14,

1

> 2007). Indeed, "[t]he party to whom the subpoena is directed is the only party with standing to oppose it." *Id*.
>
> Plaintiffs' counsel has represented that he has accomplished service on Ms. Fisher with a subpoena for her appearance at trial and is still attempting to serve Mr. Miller. **Absent a timely objection or motion to quash brought by the parties "to whom the subpoena is directed,"** *id.*, **the Court will enforce the subpoenas, and the witness or witnesses will be compelled to appear for live testimony** at the federal courthouse in Pittsburgh, PA. If Mr. Miller is not successfully served, Plaintiffs must utilize his deposition testimony as an alternative.

*Novovic*, 2012 WL 252124 at *8 (citation omitted) (emphasis added)

This Court has reached the same conclusion. In *Charters v. John Hancock Life Ins. Co.*, No. 09-50157, 2009 U.S. Dist. LEXIS 26250, at *2 n.1 (E.D. Mich. Mar. 31, 2009), the Court held:

> As a general rule, "a party has no standing to seek to quash a subpoena directed to a non-party." Because Plaintiff has not alleged a personal right or privilege, he lacks standing to challenge the subpoenas directed at Movants.

*Id.* (internal citations omitted).

Defendants here have not even attempted to articulate a personal right or privilege. But even if their motion could be liberally construed as doing so, it would fail under the high bar federal courts impose. As explained in *J&R Passmore, LLC v. Rice Drilling D, LLC*, No. 2:18-cv-01587, 2023 U.S. Dist. LEXIS 51210, at *15–16 (S.D. Ohio Mar. 24, 2023):

> A party generally lacks standing to seek to quash a subpoena issued to a nonparty, except where the party has a claim of privilege with respect to the material being sought by the subpoena. But a mere claim of

2

personal right or privilege does not automatically confer standing. **Indeed, [t]he party seeking to quash a subpoena bears a heavy burden of proof. To meet that heavy burden, the movant must make more than "conclusory" assertions of an interest or privilege**. *Hamm v. Cunningham*, No. 1:12-CV-124, 2012 U.S. Dist. LEXIS 200833, 2012 WL 13027079, at *1 (N.D. Ohio May 16, 2012) (finding that "conclusory" assertions of confidentiality failed to satisfy heavy burden of proof). **Without standing, a party may not challenge the subpoena on any ground, including undue burden or relevance**. Personal rights or privileges supporting a claim to standing have been recognized with respect to personal bank records, information in a personnel file, corporate bank records, or Indian tribal records.

*Id.* (internal citations and quotations omitted) (emphasis added).

That controlling principle is fatal here. Defendants argue these witnesses are no longer their employees and that they cannot accept service for them. By that assertion, they admit they do not control the witnesses, disavow any right or interest, and thus cannot challenge subpoenas issued to them. But under well-settled law, without standing, a party cannot raise any objection—**including those based on burden, relevance, or timing.**

Additionally, Defendants' motion operates as a tacit admission of their continued violation of Rule 26(a) and Rule 26(e). Defendants have never supplemented their initial disclosures or witness lists to reflect accurate, current contact information for Dr. Bomber, Mr. Lefkowitz, or Mr. Gill—witnesses they now claim are beyond their employment or control. As stated in Plaintiff's Motion to Compel Compliance, courts within the Sixth Circuit have repeatedly recognized the duty to supplement and have imposed sanctions where parties attempt to leverage

3

their own incomplete disclosures *Emanuel v. Cty. of Wayne*, 652 Fed.Appx. 417, 423 (6th Cir. 2016) ("Indeed, the interplay between Rules 37(c)(1) and 26(e)(1)(A) requires that a party who has listed an incorrect or outdated address for a witness must supplement that disclosure by informing the opposing party of the new or correct address.").

That obligation becomes even more critical as trial approaches. *See Glob. Force Ent., Inc. v. Anthem Wrestling Exhibitions, LLC*, 468 F. Supp. 3d 969, 971–72 (M.D. Tenn. 2020) (finding that failure to supplement disclosures near trial severely prejudices the opposing party's ability to prepare.)

Sanctions are the default under Rule 37(c)(1), which "requires absolute compliance with Rule 26(a), that is, it mandates that a trial court punish a party for discovery violations in connection with Rule 26 unless the violation was harmless or is substantially justified." *Roberts v. Galen of Va., Inc.*, 325 F.3d 776, 782 (6th Cir. 2003). Defendants' continued failure to correct or supplement their only disclosure—listing these witnesses as "c/o defense counsel"—is neither harmless nor justified. It is willful, strategic, and directly obstructs Plaintiff's ability to personally serve the witnesses or rebut Defendants' unsupported assertions that one or more of them may fall outside Rule 45(c)'s 100-mile rule. Under Rule 37, Plaintiffs respectfully renew their request for narrowly tailored, proportionate sanctions, including: (1) an adverse jury instruction concerning Defendants' failure

4

to produce the witnesses; (2) preclusion of any evidence related to Dr. Bomber absent his live trial testimony; and (3) admission of documents regarding Defendants' financial condition, including their reported $1.5 billion revenue in 2015, relevant to damages, as well as any other relief the Court deems just, including attorney fees and costs.

Accordingly, Defendants' motion to quash must be denied outright. And given that none of the subpoenaed non-parties have filed a motion or objection of their own, this Court should issue an order enforcing the subpoenas under Rule 45(g), with compliance mandated under penalty of sanctions, as well those under Rule 37.

II. **THE SUBPOENAS SHOULD BE ENFORCED—NOT QUASHED—BECAUSE THE NON-PARTIES HAVE NOT OBJECTED, HAVE BEEN GIVEN AMPLE NOTICE THROUGH REPEATED SERVICE ATTEMPTS, AND DEFENDANTS' RELEVANCE ARGUMENTS ARE IMPROPER AND CONTRARY TO THE LAW'S MINIMAL THRESHOLD.**

Even apart from Defendants' lack of standing, their motion to quash fails because the subpoenaed witnesses—Dr. Bomber, Mr. Lefkowitz, and Mr. Gill—have not filed timely objections, have not moved to quash, and have not made the requisite showing of undue burden under Rule 45(d). Plaintiffs will submit affidavits from their process server detailing repeated, good-faith efforts to personally serve these individuals, including direct phone contact and face-to-face attempts at known addresses, which the witnesses deliberately evaded. These witnesses were aware of the subpoenas and chose not to appear, object, or assert any legal basis for

5

noncompliance. In this posture, the subpoenas remain valid and enforceable. Defendants' effort to quash them on the basis of relevance—an objection they have no standing to raise—is doubly flawed: not only is relevance a determination to be made by the Court at trial, but the law imposes only a minimal threshold of potential relevance to justify live testimony. Their motion should be denied, and the Court should compel compliance.

As shown above, the *Novovic* Court specifically recognized that a court should enforce compliance with an issued Rule 45 subpoena, in absence of a party with standing objecting or challenging its validity. This is because Courts have recognized that "[t]he party seeking to quash a subpoena bears the ultimate burden of proof" of establishing that the subpoena imposes "undue burden" and/or seeks irrelevant evidence. *Schnatter v. 247 Grp., LLC*, 343 F.R.D. 325, 330 (W.D. Ky. 2022).

Courts have routinely declined to quash subpoenas based on arguable defects in personal service where actual notice was established. See *Dyno Nobel, Inc. v. Johnson*, 586 F. Supp. 3d 657, 660 (E.D. Ky. 2022). Here, the affidavits of non-service **(Exhibit 1)** confirm that Plaintiffs' process servers made numerous documented attempts to serve the subpoenas at known addresses:

6

> B) Phone call made to (646) 623-5200 7/30/25 3:21pm PST
> A male answered the phone and I ask for the recipient. The man identified himself a the recipient and asked what I wanted. I identified myself and informed him I am a process server with a subpoena for him. I explained we have had some trouble locating him and I wanted to accommodate him as much as possible to get him served.
>
> The recipient then said if I can get to the south of France in the next two hours he would accept service. He said after that time period he would be elsewhere. I then told him I clearly could not get someone there that quickly. I asked him if he had and attorney in the united states that would accept service on his behalf. He said no and then said he had to go. He promptly hung up. Attempts to call back failed to make contact.

> Additional Comments:
> 1) Unsuccessful Attempt: Jul 30, 2025, 10:24 am EDT at 2133 RABY ROAD, EAST LANSING, MI 48823
> No answer at the door and all of the blinds were closed. There were no vehicles parked in the driveway. I left a notice with my contact information along with detailed instructions to call and schedule for service on the front door.
>
> 2) Unsuccessful Attempt: Aug 1, 2025, 3:17 pm EDT at 2133 RABY ROAD, EAST LANSING, MI 48823
> No answer at the door and I could see lights on inside of the house. There was a black Ford F350 parked in the driveway with license plate number RMG70. My previous notice was gone. I was able to verify that this is a good address for the recipient with the neighbor across the street.
>
> 3) Unsuccessful Attempt: Aug 2, 2025, 7:30 pm EDT at 2133 RABY ROAD, EAST LANSING, MI 48823
> As I pulled into the driveway, I clearly saw a man standing at the kitchen sink and he quickly walked away from the window. I knocked on the door multiple times, but nobody would answer. There was a Ford pick up truck parked in the driveway with license plate number, RMG70.

*Id.* **at 1-2.**

In several instances, witnesses answered the phone or were observed avoiding contact at the door. That conduct evidences actual notice. And "[a] witness may not disregard a subpoena he has not challenged by a motion to quash." *Halawani v. Wolfenbarger*, No. 07-15483, 2008 U.S. Dist. LEXIS 100482, at *17–18 (E.D. Mich. 2008).

Defendants' attempt to quash the subpoenas based on "relevance"—an objection they have no standing to raise—is deficient. This Court has repeatedly clarified that "[t]here is an extremely low bar for demonstrating relevance." *Cratty v. City of Allen Park*, Civil Action No. 17-11724, 2018 U.S. Dist. LEXIS 225492, at *3 (E.D. Mich. 2018); *see also Great Lakes Anesthesia, PLLC v. State Farm Mut.*

7

*Auto. Ins. Co.*, No. 11-10658, 2011 U.S. Dist. LEXIS 111668, at *12 (E.D. Mich. 2011) ("The threshold for establishing relevance is quite low.").

This minimal threshold applies equally to lay witness testimony. As this Court held in *Gonzalez Prod. Sys. v. Martinrea Int'l Inc.*, No. 13-cv-11544, 2015 U.S. Dist. LEXIS 108357, at *20 (E.D. Mich. 2015), lay testimony based on personal knowledge is admissible if helpful to the factfinder. And courts have strongly cautioned against premature efforts to exclude such evidence pretrial: "Any broad pretrial exclusion of evidence . . . must be approached with great caution." *Id.* at *35 (citations omitted); *see also United States v. Householder*, 645 F. Supp. 3d 844, 849 (S.D. Ohio 2022) ("If the evidence is not plainly inadmissible on all potential grounds, the Court's evidentiary rulings should be deferred until trial so that questions of . . . relevancy. . . may be resolved in proper context.").

That principle applies squarely here. Lefkowitz's testimony is directly relevant to punitive damages—an issue for the jury. Lefkowitz has personal knowledge of Corizon's wealth, the divisional merger and other transactions, which go directly to punitive damages. Additionally, he has direct knowledge regarding the corporate restructuring, which remains an ongoing issue of dispute and credibility not only amongst the parties, but the witnesses testifying in this case. His testimony plainly satisfies the low threshold for relevance.

Accordingly, the Court should enforce the subpoenas and compel these witnesses to appear under penalty of contempt and other sanctions for noncompliance, as no objection has been filed by the subpoenaed individuals, and Defendants—who disclaim control—lack standing to assert objections in their place.

## CONCLUSION

WHEREFORE, for the reasons more fully set forth in the attached Brief, Plaintiff respectfully requests this Honorable Court denies Defendants CHS TX, INC. and Keith Papendick, M.D.'s Motion to Quash and grants Plaintiff's Motion to Compel Compliance with Trial Subpoenas, and award any such additional relief as it deems just and appropriate, including sanctions available under Rule 45 and/or Rule 37.

                                              Respectfully submitted,

                                              */s/ Jonathan R. Marko*
                                              Jonathan R. Marko (P72450)
                                              Attorney for Plaintiff
                                              **MARKO LAW, PLLC**
                                              220 W. Congress, 4th Floor
                                              Detroit, MI 48226
                                              P: (313) 777-7777 / F: (313) 470-2011
Date: August 8, 2025                      Email: jon@markolaw.com

**PROOF OF SERVICE**

The undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each attorney of record on **August 8, 2025**, via:

| | |
|---|---|
| ☐ U.S. Mail | ☐ Fax |
| ☐ Hand Delivered | ☐ Overnight Carrier |
| ☐ Certified Mail | ☐ Other: <u>Mi-FILE Truefiling</u> |
| ☒ ECF System | ☐ Email |

*/s/ Mackenzie Kell*