# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

KOHCHISE JACKSON,

        Plaintiff,

v.

CHS TX, INC., et al.,

        Defendants.

Case No.: 2:19-cv-13382-GAD-PTM

U.S. DISTRICT COURT JUDGE
HON. GERSHWIN A. DRAIN

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* TO PRECLUDE DEFENDANTS FROM ELICITING OPINION TESTIMONY FROM NON-RETAINED EXPERTS FOR WHOM RULE 26(a)(2)(C) DISCLOSURES WERE NOT PROVIDED [ECF 151]**

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................... iii

CONTROLLING OR MOST APPROPRIATE AUTHORITY ................................v

ARGUMENT .............................................................................................................1

[PROPOSED] ORDER DENYING PLAINTIFF'S MOTION *IN LIMINE* TO PRECLUDE DEFENDANTS FROM ELICITING OPINION TESTIMONY FROM NON-RETAINED EXPERTS FOR WHOLE RULE 26(a)(2)(C) ....................................................................6

# TABLE OF AUTHORITIES

Page(s)

No table of authorities entries found.Rules

Rule 26(A)(2)(C)..................................................................................................2

## **STATEMENT OF ISSUES PRESENTED**

Should the Court grant Plaintiff's Motion to Preclude Defendants from Eliciting Opinion Testimony from Non-Retained Experts for Whom Rule 26(a)(2)(C) Disclosures Were Not Provided?

**Defendants state: No**
**Plaintiff states: Yes**
**The Court should state: No**

## **CONTROLLING OR MOST APPROPRIATE AUTHORITY**

*Fielden v. CSX Transp., Inc*., 482 F.3d 866 (6th Cir. 2007)

## ARGUMENT

Plaintiff posits that Defendants intend to elicit improper expert opinions from witnesses Defendants have not named in their expert disclosures and whose proposed opinions Defendants have not summarized. Plaintiff is wrong.

Except for the retained experts Defendants identified in their Expert Disclosures pursuant to Fed. R. Civ. P. 26(a)(2), all of the witnesses on Defendants' witness list – including nurse practitioner Ronald Drinkert and Dr. Patricia Schmidt – will testify as fact witnesses, and Defendants must comply with the relevant Rules and common-law precedent to elicit permissible testimony when they examine these witnesses. For healthcare providers, including Mr. Drinkert, permissible testimony includes "issues pertaining to [the healthcare provider's] treatment, based on what he or she learned through actual treatment and from the plaintiff's records up to and including that treatment." *Fielden v. CSX Transp., Inc.*, 482 F.3d 866, 870-71 (6th Cir. 2007), as amended on denial of reh'g and reh'g en banc (July 2, 2007). Permissible testimony from a treating healthcare provider also includes limited causation testimony: ". . . [W]here causation testimony is based on facts within the scope of Plaintiff's treatment, such testimony will be allowed." Roberts v. Solideal Tire, Inc., No. CIV. 06-14-DLB, 2007 WL 2990536, at *5 (E.D. Ky. Oct. 10, 2007).[1]

---

[1] Attached as Exhibit A.

1

In sum, there is no need for a Motion *in Limine*, because the Rules and applicable common law supply the constraints on Defendants' examinations of their fact witnesses, including Ronald Drinkert and any other healthcare provider called to testify at trial. This Court should deny Plaintiff's Motion.

## CONCLUSION

For the foregoing reasons, the Court should deny the Plaintiff's Motion *in Limine* to Preclude Defendants From Eliciting Opinion Testimony From Non-Retained Experts For Whom Rule 26(A)(2)(C) Disclosures Were Not Provided.

Respectfully submitted,

**BOWMAN AND BROOKE LLP**

By:   /s/*Sunny Rehsi*
Sunny Rehsi (P80611)
101 W. Big Beaver Road.,
Suite 1100 Troy, MI 48084
248.205.3300
sunny.rehsi@bowmanandbrooke.com

Adam Masin (Admitted 5/1/2025)
750 Lexington Avenue
New York, NY 10022
646.914.6790
adam.masin@bowmanandbrooke.com

Rachel B. Weil (Admitted 7/16/25)
123 South Broad Street, Suite 1512
Philadelphia, PA 19109
267.908.7097
rachel.weil@bowmanandbrooke.com

2

3

*Attorneys for Defendants CHS TX, Inc. d/b/a YesCare and Keith Papendick, M.D.*

3

## **CERTIFICATE OF SERVICE**

I certify that on August 8, 2025, I electronically filed the foregoing paper with the clerk of the United States District Court, Eastern District Southern Division using the ECF system which will send notification of such filing to the following:

| | |
|---|---|
| **Ian T. Cross**<br>Cross Law PLLC<br>Attorneys for Plaintiff<br>402 W. Liberty St.<br>Ann Arbor, MI  48103<br>724.994.9590<br>ian@lawinannarbor.com | **Laurence H. Margolis**<br>Margolis Law Firm<br>Attorneys for Plaintiff<br>214 South Main St., Suite 202<br>Ann Arbor, MI 48104<br>734.994.9590<br>assistant@lawinannarbor.com |
| | **Jonathan R. Marko** (P72450<br>**Michael L. Jones** (P85223)<br>Marko Law, PLLC<br>220 W. Congress, 4th Floor<br>Detroit, MI 48226<br>313.777.7529<br>jon@markolaw.com<br>michael@markolaw.com |

Respectfully submitted,

**BOWMAN AND BROOKE LLP**

By:   /s/*Sunny Rehsi*
Sunny Rehsi (P80611)
101 W. Big Beaver Road.,
Suite 1100 Troy, MI 48084
248.205.3300
sunny.rehsi@bowmanandbrooke.com

Adam Masin (Admitted 5/1/2025)
750 Lexington Avenue
New York, NY 10022
646.914.6790

adam.masin@bowmanandbrooke.com

Rachel B. Weil (Admitted 7/16/25)
123 South Broad Street, Suite 1512
Philadelphia, PA 19109
267.908.7097
rachel.weil@bowmanandbrooke.com

*Attorneys for Defendants CHS TX, Inc. d/b/a YesCare and Keith Papendick, M.D.*

5

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| KOHCHISE JACKSON,<br><br>         Plaintiff,<br><br>v.<br><br>CHS TX, INC., et al.,<br><br>         Defendants. | Case No.: 2:19-cv-13382-GAD-PTM<br><br>U.S. DISTRICT COURT JUDGE<br>HON. GERSHWIN A. DRAIN |

### [PROPOSED] ORDER DENYING PLAINTIFF'S MOTION *IN LIMINE* TO PRECLUDE DEFENDANTS FROM ELICITING OPINION TESTIMONY FROM NON-RETAINED EXPERTS FOR WHOM RULE 26(a)(2)(C) DISCLOSURES WERE NOT PROVIDED [ECF 151]

For the reasons stated in Defendants' Opposition to Plaintiff's Motion *in Limine* to Preclude Defendants from Eliciting Opinion Testimony from Non-Retained Experts For Whom Rule 26(A)(2)(C) Disclosures Were Not Provided and any arguments thereto, the Plaintiff's motion is DENIED.

                                                                                    _____
                                                                                    Hon. Gershwin A. Drain