# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

KOHCHISE JACKSON,

               Plaintiff,

v.

CHS TX, INC., et al.,

               Defendants.

Case No.:  2:19-cv-13382-GAD-PTM

U.S. DISTRICT COURT JUDGE
HON. GERSHWIN A. DRAIN

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* TO PRECLUDE ANY EVIDENCE OF OR REFERENCE TO PLAINTIFF'S EMOTIONAL OUTBURST AT THE HOSPITAL [ECF 155]

## <u>TABLE OF CONTENTS</u>

**Page(s)**

TABLE OF AUTHORITIES ............................................................................. iii

STATEMENT OF ISSUES PRESENTED.............................................................iv

CONTROLLING OR MOST APPROPRIATE AUTHORITY ...............................v

INTRODUCTION ..............................................................................................1

ARGUMENT .....................................................................................................1

CONCLUSION ..................................................................................................3

[PROPOSED] ORDER DENYING PLAINTIFF'S MOTION IN
LIMINE TO PRECLUDE ANY EVIDENCE OF OR REFERENCE
TO PLAINTIFF'S EMOTIONAL OUTBURST AT THE HOSPITAL ..................6

# TABLE OF AUTHORITIES

## Federal Cases

Fed. R. Evid. 801 ................................................................................3

Fed. R. Evid. 803(6) ...........................................................................3

*Tapke v. Brunsman*, No. 1:09-cv-077, 2011 U.S. Dist. LEXIS 157142
   (S.D. Ohio Feb. 8, 2011) .................................................................2

## Federal Statutes

Fed. R. Evid. 801 ................................................................................2

Fed. R. Evid. 801(d)(2)(A) .................................................................2

Fed. R. Evid. 803(4) ...........................................................................1

Fed. R. Evid. 803(6) ...........................................................................1

## <u>STATEMENT OF ISSUES PRESENTED</u>

I.    Whether Defendants may introduce evidence, testimony, and argument about

Plaintiff's emotional outburst at the hospital.

**Defendants answer:  Yes.**

**Plaintiff answers:  No.**

**The Court should answer: Yes.**

## <u>CONTROLLING OR MOST APPROPRIATE AUTHORITY</u>

Fed. R. Evid. 801(d)(2)(A)

Fed. R. Evid. 803(4), (6)

**INTRODUCTION**

Plaintiff seeks to preclude any evidence or argument related to an "emotional outburst" by Plaintiff while he was hospitalized in 2014.  This is admissible evidence for the reasons described herein.  The Court should deny Plaintiff's Motion.

**ARGUMENT**

As Plaintiff argues, medical records from McLaren Port Huron Hospital describe an incident in which Plaintiff "became argumentative, cursing, refusing medications." (Doc. 155 at 6).  The record also quotes Plaintiff's statement to the nurse, including expletives. Plaintiff argues that the record, and Plaintiff's statements, are inadmissible—that they do not fall under Fed. R. Evid. 803(4)'s exception to the hearsay rule because Plaintiff's "emotional outburst . . . toward the nurse was patently not for medical diagnosis. . . ." (*Id.* at 9).  Plaintiff also argues that "while the medical records *themselves* may be admissible as a business [record], the statements made by Plaintiff and the nurse's statements as to Plaintiff's behavior" are inadmissible hearsay.  (*Id.*) (emphasis in original).

In the first place, as Plaintiff posits, the medical records themselves are admissible under Fed. R. Evid. 803(6), which excepts from the hearsay rule "records of regularly conducted activity," including medical records, kept in the ordinary course of business.  Fed. R. Evid. 803(6).  And the Rule would obviously be meaningless if it did not encompass the nurse's notes but admitted only the paper on

1

which they were written.   Under this Rule, the records, including the nurse's description of the incident, are admissible.

With respect to Plaintiff's quoted statements, Fed. R. Evid. 801(d)(2)(A) is dispositive.   Under this section, statements "are not hearsay" if they are "offered against an opposing party" and were "made by the party in and individual or representative capacity."   Fed. R. Evid. 801(d)(2)(A).   Plaintiff is obviously Defendants' opposing party, and the statements quoted in the medical record were made by him.   It is irrelevant that the statements were not made "for the purposes of medical diagnosis" – Plaintiff cites the wrong rule.   No hearsay exception is required to admit the statements into evidence, because the statements are "not hearsay" under Fed. R. Evid. 801.

Plaintiff cites *Tapke v. Brunsman*, No. 1:09-cv-077, 2011 U.S. Dist. LEXIS 157142 (S.D. Ohio Feb. 8, 2011) for the proposition that records of statements made to a healthcare provider are inadmissible.   *Tapke* is inapposite.   First, *Tapke* was a criminal case—the parties were the State and the defendant.   The record in question included statements by the defendant's juvenile victim, who was not a party to the case, and the question was whether admission of the statements would violate the defendant's rights under the Confrontation Clause.   *See Tapke*, 2011 U.S. Dist. LEXIS 157142, at *50. None of this is relevant here.

2

In sum, the records that include the nurse's description of Plaintiff's outburst are admissible under Fed. R. Evid. 803(6).  Plaintiff's statements, recorded in those records, are admissible because, under Fed. R. Evid. 801, they are not hearsay.

## <u>CONCLUSION</u>

The challenged record, and Plaintiff's statements in the record, are admissible under the Federal Rules of Evidence.  Plaintiff's Motion should be denied.

Respectfully submitted,

**BOWMAN AND BROOKE LLP**

By:     /s/*Sunny Rehsi*
Sunny Rehsi (P80611)
101 W. Big Beaver Road.,
Suite 1100 Troy, MI 48084
248.205.3300
sunny.rehsi@bowmanandbrooke.com

Adam Masin (Admitted 5/1/2025)
750 Lexington Avenue
New York, NY 10022
646.914.6790
adam.masin@bowmanandbrooke.com

Rachel B. Weil (Admitted 7/16/25)
123 South Broad Street, Suite 1512
Philadelphia, PA 19109
267.908.7097
rachel.weil@bowmanandbrooke.com

*Attorneys for Defendants CHS TX, Inc. d/b/a YesCare and Keith Papendick, M.D.*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on August 8,  2025, I electronically filed the foregoing paper with

the clerk of the United States District Court, Eastern District Southern Division using

the ECF system which will send notification of such filing to the following:

**Ian T. Cross**
Cross Law PLLC
Attorneys for Plaintiff
402 W. Liberty St.
Ann Arbor, MI  48103
724.994.9590
ian@lawinannarbor.com

**Laurence H. Margolis**
Margolis Law Firm
Attorneys for Plaintiff
214 South Main St., Suite 202
Ann Arbor, MI 48104
734.994.9590
assistant@lawinannarbor.com

**Jonathan R. Marko** (P72450
**Michael L. Jones** (P85223)
Marko Law, PLLC
220 W. Congress, 4th Floor
Detroit, MI 48226
313.777.7529
jon@markolaw.com
michael@markolaw.com

Respectfully submitted,

**BOWMAN AND BROOKE LLP**

By:  /s/*Sunny Rehsi*_____
Sunny Rehsi (P80611)
101 W. Big Beaver Road.,
Suite 1100 Troy, MI 48084
248.205.3300
sunny.rehsi@bowmanandbrooke.com

Adam Masin (Admitted 5/1/2025)
750 Lexington Avenue
New York, NY 10022
646.914.6790

4

adam.masin@bowmanandbrooke.com

Rachel B. Weil (Admitted 7/16/25)
123 South Broad Street, Suite 1512
Philadelphia, PA 19109
267.908.7097
rachel.weil@bowmanandbrooke.com

*Attorneys for Defendants CHS TX, Inc. d/b/a
YesCare and Keith Papendick, M.D.*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

KOHCHISE JACKSON,

                Plaintiff,

v.

CHS TX, INC., et al.,

                Defendants.

Case No.:  2:19-cv-13382-GAD-PTM

U.S. DISTRICT COURT JUDGE
HON. GERSHWIN A. DRAIN

## [PROPOSED] ORDER DENYING PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE ANY EVIDENCE OF OR REFERENCE TO PLAINTIFF'S EMOTIONAL OUTBURST AT THE HOSPITAL [ECF 155]

For the reasons stated in Defendants' Opposition to Plaintiff's Motion *in Limine* to Preclude any Evidence of or Reference to Plaintiff's Emotional Outburst at the Hospital and any arguments thereto, Plaintiff's motion is DENIED.

_____
Hon. Gershwin A. Drain