# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

KOHCHISE JACKSON,

        Plaintiff,

v.

CHS TX, INC., et al.,

        Defendants.

Case No.: 2:19-cv-13382-GAD-PTM

U.S. DISTRICT COURT JUDGE
HON. GERSHWIN A. DRAIN

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* TO PRECLUDE ANY EVIDENCE OF OR REFERENCE TO PLAINTIFF BEING HOMELESS [ECF 158]**

# **TABLE OF CONTENTS**

**Page(s)**

TABLE OF AUTHORITIES ................................................................................................ ii
STATEMENT OF ISSUES PRESENTED....................................................................... iii
CONTROLLING OR MOST APPROPRIATE AUTHORITY .................................... iv
ARGUMENT..........................................................................................................................1
CONCLUSION......................................................................................................................2
[PROPOSED] ORDER DENYING PLAINTIFF'S MOTION *IN LIMINE* TO PRECLUDE ANY EVIDENCE OF OR REFERENCE TO PLAINTIFF BEING HOMELESS [ECF 158] ................................................................................5

## TABLE OF AUTHORITIES

### FEDERAL STATUTES

Fed. R. Evid. 401 .................................................................................................. 1, 2
Fed. R. Evid. 402 ..................................................................................................... 2
Fed. R. Evid. 403 .................................................................................................. 1, 2

## STATEMENT OF ISSUES PRESENTED

Should the Court grant Plaintiff's Motion in Limine to Preclude any Evidence of or Reference to Plaintiff Being Homeless?

**Defendants state: No**

**Plaintiff states: Yes**

**The Court should state: No**

## **CONTROLLING OR MOST APPROPRIATE AUTHORITY**

Fed. R. Evid. 401

Fed R. Evid. 402

Fed. R. Evid. 403

## **ARGUMENT**

Plaintiff argues that any reference to Plaintiff's homelessness to "smear Plaintiff to the jurors or to encourage the jury to decide the case not on merits" is inadmissible. Defendants do not intend to offer evidence of Plaintiff's homelessness to distract the jury from the merits of the case or for personal attacks against the Plaintiff. Rather, evidence of plaintiff's living situation is directly relevant to understanding the context in which he made medical decisions and must be considered when evaluating the circumstances surrounding his medical history.

Fed. R. Civ. P. 401 provides that evidence is relevant if:

(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and

(b) the fact is of consequence in determining the action.

Fed. R. Civ. P. 403 provides:

The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

Here, Plaintiff has acknowledged that his medical treatment was paid for through Medicaid due to his financial situation. (**Exhibit A**, pg. 219). In that context, Plaintiff's periods of unstable shelter are probative of medical decision making.

Evidence of Plaintiff's general economic status also provides factual and admissible context for understanding the timeline and nature of Plaintiff's health,

1

treatment or gaps therein. Defendants do not seek to reference to Plaintiff's homelessness to "smear Plaintiff," but to present a complete understanding of Plaintiff's circumstances that impacted his medical care, which goes directly to the main issues of this case. Accordingly, evidence of Plaintiff's economic status is admissible pursuant to Fed. R. Civ. P. 401, 402, and 403.

## CONCLUSION

For the foregoing reasons, the Court should deny Plaintiff's Motion *in Limine* to Preclude any Evidence of or Reference to Plaintiff Being Homeless.

Dated:  August 8, 2025                           Respectfully submitted,

**BOWMAN AND BROOKE LLP**

By:   /s/*Sunny Rehsi*
Sunny Rehsi (P80611)
101 W. Big Beaver Road.,
Suite 1100 Troy, MI 48084
248.205.3300
sunny.rehsi@bowmanandbrooke.com

Adam Masin (Admitted 5/1/2025)
750 Lexington Avenue
New York, NY 10022
646.914.6790
adam.masin@bowmanandbrooke.com

Rachel B. Weil (Admitted 7/16/25)
123 South Broad Street, Suite 1512
Philadelphia, PA 19109
267.908.7097
rachel.weil@bowmanandbrooke.com

*Attorneys for Defendants CHS TX, Inc. d/b/a YesCare and Keith Papendick, M.D.*

## CERTIFICATE OF SERVICE

I certify that on August 8, 2025, I electronically filed the foregoing paper with the clerk of the United States District Court, Eastern District Southern Division using the ECF system which will send notification of such filing to the following:

| | |
|---|---|
| **Ian T. Cross**<br>Cross Law PLLC<br>Attorneys for Plaintiff<br>402 W. Liberty St.<br>Ann Arbor, MI  48103<br>724.994.9590<br>ian@lawinannarbor.com | **Laurence H. Margolis**<br>Margolis Law Firm<br>Attorneys for Plaintiff<br>214 South Main St., Suite 202<br>Ann Arbor, MI 48104<br>734.994.9590<br>assistant@lawinannarbor.com |
| | **Jonathan R. Marko** (P72450<br>**Michael L. Jones** (P85223)<br>Marko Law, PLLC<br>220 W. Congress, 4th Floor<br>Detroit, MI 48226<br>313.777.7529<br>jon@markolaw.com<br>michael@markolaw.com |

Respectfully submitted,

**BOWMAN AND BROOKE LLP**

By:   /s/*Sunny Rehsi*
Sunny Rehsi (P80611)
101 W. Big Beaver Road.,
Suite 1100 Troy, MI 48084
248.205.3300
sunny.rehsi@bowmanandbrooke.com

Adam Masin (Admitted 5/1/2025)
750 Lexington Avenue
New York, NY 10022
646.914.6790

3

adam.masin@bowmanandbrooke.com

Rachel B. Weil (Admitted 7/16/25)
123 South Broad Street, Suite 1512
Philadelphia, PA 19109
267.908.7097
rachel.weil@bowmanandbrooke.com

*Attorneys for Defendants CHS TX, Inc. d/b/a YesCare and Keith Papendick, M.D.*

4

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

KOHCHISE JACKSON,

        Plaintiff,

v.

CHS TX, INC., et al.,

        Defendants.

Case No.: 2:19-cv-13382-GAD-PTM

U.S. DISTRICT COURT JUDGE
HON. GERSHWIN A. DRAIN

## [PROPOSED] ORDER DENYING PLAINTIFF'S MOTION *IN LIMINE* TO PRECLUDE ANY EVIDENCE OF OR REFERENCE TO PLAINTIFF BEING HOMELESS [ECF 158]

For the reasons stated in Defendants CHS TS, Inc. and Dr. Papendick's Opposition to Plaintiff's Motion *in Limine* to Preclude any Evidence of or Reference to Plaintiff Being Homeless, Plaintiff's motion is DENIED.

                                              Hon. Gershwin A. Drain