UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KOHCHISE JACKSON,

        Plaintiff,

v.

CHS TX, INC., et al.,

        Defendants.

Case No.:  2:19-cv-13382-GAD-PTM

U.S. DISTRICT COURT JUDGE
HON. GERSHWIN A. DRAIN

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION *IN LIMINE*
REGARDING THE LAW OF THE CASE [ECF 159]**

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................... iii

STATEMENT OF ISSUES PRESENTED............................................................... iv

CONTROLLING OR MOST APPROPRIATE AUTHORITY ................................ v

DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION *IN LIMINE* REGARDING THE LAW OF THE CASE [ECF 159] .................... 1

ARGUMENT .............................................................................................................. 1

   I.  The Court Never Concluded that a Colostomy Constitutes a "Serious Medical Need" under the Eighth Amendment ................................ 1

   II.  Defendants Will Not Argue That CHS TX, Inc. is Not a Proper Defendant for the Purposes of the Trial ........................................................ 3

CONCLUSION .......................................................................................................... 3

[PROPOSED] ORDER DENYING PLAINTIFF'S MOTION *IN LIMINE* REGARDING THE LAW OF THE CASE [ECF 159].................... 7

# **TABLE OF AUTHORITIES**

Page(s)

Cases

*Christianson v. Colt Indus. Operating Corp.*,
   486 U.S. 800, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988) ........................................2
*Edmonds v. Smith*,
   922 F.3d 737 (6th Cir. 2019) ..........................................................................1, 2
*Shore v. Federal Express Corp.*,
   42 F.3d 373 (6th Cir. 1994) ..................................................................................2
*United States v. Todd*,
   920 F.2d 399 (6th Cir.1990) .................................................................................2

## **STATEMENT OF ISSUES PRESENTED**

Has the issue of whether a colostomy constitutes a serious medical need under Eighth Amendment already been decided by the Court?

**Defendants answer: No.**

**Plaintiff answers: Yes.**

**The Court should answer: No.**

# **CONTROLLING OR MOST APPROPRIATE AUTHORITY**

*Edmonds v. Smith*, 922 F.3d 737 (6th Cir. 2019)

*Shore v. Fed. Exp. Corp.*, 42 F.3d 373 (6th Cir. 1994)

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION *IN LIMINE* REGARDING THE LAW OF THE CASE [ECF 159]**

Plaintiff asserts that Defendants will attempt to relitigate issues already resolved by this Court, including whether a colostomy constitutes a serious medical need under Eighth Amendment and whether CHS TX, Inc. is a mere continuation of Corizon Health. For the reasons stated below, the Motion should be denied.

**ARGUMENT**

**I.     The Court Never Concluded that a Colostomy Constitutes a "Serious Medical Need" under the Eighth Amendment**

To support his argument that it is "law of the case" that his colostomy constitutes a "serious medical need," Plaintiff references a "Report and Recommendation" issued by Magistrate Judge Morris regarding Defendants' Motion for Summary Judgment in which the court stated: "a colostomy remains a serious medical condition." (**ECF No. 69**).  At no point did any Court offer its opinion that Plaintiff's colostomy constituted a "serious medical need" under the Eighth Amendment.  The Court simply found that there was an issue of fact for trial.

The "law of the case" doctrine establishes that "findings made at one stage in the litigation should not be reconsidered at subsequent stages of that same litigation." *Edmonds v. Smith*, 922 F.3d 737, 739 (6th Cir. 2019). "The doctrine does not mark a limit on a court's authority—courts are free to revisit their own rulings before final

1

judgment—but is instead a recognition that for cases to reach resolution, issues cannot be argued and reargued without end." *Id*. at 739-40.[1]

But there is no law of the case issue here with respect to whether a colostomy constitutes a serious medical need. The Report and Recommendation Plaintiff cites in his Motion stated that a colostomy "remains a serious medical condition." The Court did not offer opinions regarding whether a colotomy constitutes a medical need or whether Plaintiff here had a serious medical need requiring reversal surgery under the Eighth Amendment. Plaintiff did not file a motion seeking such a ruling and the Court held there was a question of fact for trial. (**ECF No. 73**).

Plaintiff's attempt to conflate the colostomy itself with a colostomy reversal procedure to satisfy his deliberate indifference argument is misleading and unsupported by the record.

//

//

---

[1] Plaintiff cites to *Shore v. Federal Express Corp.*, which merely states that "under the doctrine of the law of the case, a decision on an issue made by a court at one stage of a case should be given effect in successive stages of the same litigation." 42 F.3d 373, 379 (6th Cir. 1994), *See also*, *United States v. Todd*, 920 F.2d 399, 403 (6th Cir.1990) (citing *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816, 108 S.Ct. 2166, 2177, 100 L.Ed. 2d 811 (1988). In the same paragraph, the Court in *Shore*, also acknowledged it had discretion to decide *not to apply* the law of the case doctrine. *Id*. at 379.

## II. Defendants Will Not Argue That CHS TX, Inc. is Not a Proper Defendant For Purposes of the Trial

Based on the Court's ruling, Defendants will not argue that CHS TX, Inc. is not a mere continuation of Corizon for purposes of this trial. But Defendants do preserve all rights they possess to appeal the Court's decision as to mere continuation and successor liability. This portion of Plaintiff's Motion is moot.

## CONCLUSION

For the foregoing reasons, the Court should deny the Plaintiff's Motion *in Limine* Regarding the Law of the Case.

Respectfully submitted,

**BOWMAN AND BROOKE LLP**

By: /s/*Sunny Rehsi*
Sunny Rehsi (P80611)
101 W. Big Beaver Road.,
Suite 1100 Troy, MI 48084
248.205.3300
sunny.rehsi@bowmanandbrooke.com

Adam Masin (Admitted 5/1/2025)
750 Lexington Avenue
New York, NY 10022
646.914.6790
adam.masin@bowmanandbrooke.com

Rachel B. Weil (Admitted 7/16/25)
123 South Broad Street, Suite 1512
Philadelphia, PA 19109
267.908.7097
rachel.weil@bowmanandbrooke.com

3

4

*Attorneys for Defendants CHS TX, Inc. d/b/a YesCare and Keith Papendick, M.D.*

## CERTIFICATE OF SERVICE

I certify that on August 8, 2025, I electronically filed the foregoing paper with the clerk of the United States District Court, Eastern District Southern Division using the ECF system which will send notification of such filing to the following:

| | |
|---|---|
| **Ian T. Cross**<br>Cross Law PLLC<br>Attorneys for Plaintiff<br>402 W. Liberty St.<br>Ann Arbor, MI  48103<br>724.994.9590<br>ian@lawinannarbor.com | **Laurence H. Margolis**<br>Margolis Law Firm<br>Attorneys for Plaintiff<br>214 South Main St., Suite 202<br>Ann Arbor, MI 48104<br>734.994.9590<br>assistant@lawinannarbor.com |
| | **Jonathan R. Marko** (P72450<br>**Michael L. Jones** (P85223)<br>Marko Law, PLLC<br>220 W. Congress, 4th Floor<br>Detroit, MI 48226<br>313.777.7529<br>jon@markolaw.com<br>michael@markolaw.com |

Respectfully submitted,

**BOWMAN AND BROOKE LLP**

By:   /s/*Sunny Rehsi*
Sunny Rehsi (P80611)
101 W. Big Beaver Road.,
Suite 1100 Troy, MI 48084
248.205.3300
sunny.rehsi@bowmanandbrooke.com

Adam Masin (Admitted 5/1/2025)
750 Lexington Avenue
New York, NY 10022
646.914.6790

5

       adam.masin@bowmanandbrooke.com

       Rachel B. Weil (Admitted 7/16/25)
       123 South Broad Street, Suite 1512
       Philadelphia, PA 19109
       267.908.7097
       rachel.weil@bowmanandbrooke.com

       *Attorneys for Defendants CHS TX, Inc. d/b/a YesCare and Keith Papendick, M.D.*

6

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| KOHCHISE JACKSON,<br><br>        Plaintiff,<br><br>v.<br><br>CHS TX, INC., et al.,<br><br>        Defendants. | Case No.: 2:19-cv-13382-GAD-PTM<br><br>U.S. DISTRICT COURT JUDGE<br>HON. GERSHWIN A. DRAIN |

## [PROPOSED] ORDER DENYING PLAINTIFF'S MOTION *IN LIMINE* REGARDING THE LAW OF THE CASE [ECF 159]

For the reasons stated in Defendants CHS TS, Inc. and Dr. Papendick's Opposition to Plaintiff's Motion *in Limine* Regarding the Law of the Case, the Plaintiff's motion is DENIED.

_____
Hon. Gershwin A. Drain