# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

KOHCHISE JACKSON,

       Plaintiff,

v.

CHS TX, INC., et al.,

       Defendants

Case No.:  2:19-13382-GAD-PTM

U.S. DISTRICT COURT JUDGE
HON. GERSHWIN A. DRAIN

**DEFENDANTS' RESPONSE IN OPPOSITION TO P
PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE
MDOC DOCUMENTS AND PRECLUDE DEFENDANTS FROM
<u>APPORTIONING FAULT TO ANY NON-PARTY  [ECF 160]</u>**

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ........................................................................ iii

STATEMENT OF ISSUES PRESENTED.............................................. iv

CONTROLLING OR MOST APPROPRIATE AUTHORITY .............................. v

INTRODUCTION ..................................................................................... 1

ARGUMENT ............................................................................................ 2

     I.     Defendants are Entitled to Prove that MDOC Was the
         Final Decision-Maker and Made the Final Decision to
         Deny Approval for Plaintiff's Colostomy Reversal
         Surgery ........................................................................... 2

     II.    The MDOC Records Are Admissible ................................... 4

     III.   Defendants Have No Intention of "Apportioning Fault"
         to Dismissed/Former Parties ............................................. 6

     IV.   Evidence that MDOC Was the Final Decisionmaker is
         Case-Dispositive, not "Irrelevant and Prejudicial" ............. 7

CONCLUSION ........................................................................................ 7

[PROPOSED] ORDER DENYING PLAINTIFF'S MOTION IN
         LIMINE TO EXCLUDE MDOC DOCUMENTS AND
         PRECLUDE DEFENDANTS ...................................................... 11

# TABLE OF AUTHORITIES

Page(s)

Cases

*Baynes v. Cleland*,
    799 F.3d 600 (6th Cir. 2015) ..................................................................3

*Estelle v. Gamble*,
    429 U.S. 97 (1976).................................................................................2

*Hickman v. Taylor*,
    329 U.S. 495 (1947)...............................................................................5

*Johnson v. Karnes*,
    398 F.3d 868 (6th Cir. 2005) ..................................................................3

*Jones v. Muskegon County*,
    625 F.3d 935 (6th Cir. 2010) ..................................................................3

*Miller v. Calhoun Cty.*,
    408 F.3d 803 (6th Cir. 2005) ..................................................................2

*Potamkin Cadillac Corp. v. B.R.I. Coverage Corp.*,
    38 F.3d 627 (2nd Cir.1994) ....................................................................5

*Rhinehart v. Scutt*,
    894 F.3d 721 (6th Cir. 2018) ..................................................................2

*U.S. v. Roxworthy*,
    457 F.3d 590 (6th Cir. 2006) ..................................................................5

*Watkins v. City of Battle Creek*,
    273 F.3d 682 (6th Cir. 2001) ...............................................................3, 4

*Westlake v. Lucas*,
    537 F.2d 857 (6th Cir. 1976) ..................................................................2

Rules

Fed. R. Evid. 803(6)........................................................................... 4, 5, 6

Fed. R. Evid. 803(8)..............................................................................4, 6

## STATEMENT OF ISSUES PRESENTED

I.   Whether Defendants  introduce evidence, testimony, and argument to prove that MDOC was the final decisionmaker and made the final decision, in 2017, to deny approval for Plaintiff to undergo colostomy reversal surgery.

**Defendants state:  Yes.**

**Plaintiff states:  No.**

**The Court should state:  Yes.**

II.  Whether MDOC's responses to Plaintiff's prison grievances are admissible under the exceptions to the hearsay rule set forth in Fed. R. Evid. 803(6) and 803(8).

**Defendants state:  Yes.**

**Plaintiff states:  No.**

**The Court should state:  Yes.**

III. Whether Defendants may argue that MDOC's actions were the final decision and MDOC was the final decisionmaker in the 2017 decision not to approve Plaintiff's request to undergo colostomy reversal surgery, that the MDOC's decision is relevant to causation, and that the MDOC's imposition of its own policy was a superseding event that cuts off any liability as of June 8, 2017, the date of MDOC's decision.

**Defendants state:  Yes.**

**Plaintiff states:  No.**

**The Court should state:  Yes.**

## <u>CONTROLLING OR MOST APPROPRIATE AUTHORITY</u>

*Estelle v. Gamble*, 429 U.S. 97 (1976)

*Baynes v. Cleland*, 799 F.3d 600, 621 (6th Cir. 2015).

*Rhinehart v. Scutt*, 894 F.3d 721 (6th Cir. 2018)

*U.S. v. Roxworthy*, 457 F.3d 590 (6th Cir. 2006)

Fed. R. Evid. 803(6)

Fed. R. Evid. 803(8)

## **INTRODUCTION**

Although Plaintiff has styled his motion as a Motion in Limine to Preclude Defendants from Apportioning Fault on Any Non-Party, the Motion's focus is the exclusion from evidence of the responses of the Michigan Department of Corrections to Plaintiff's grievances.  Plaintiff argues that the documents are inadmissible hearsay, and that any evidence that MDOC denied approval for Plaintiff's surgery is irrelevant and prejudicial.

In fact, the MDOC records are admissible under exceptions to the hearsay rule and will be authenticated at trial by an MDOC official Defendants have subpoenaed to testify.  Moreover, whether or not Defendants were the decisionmakers in denying approval for Plaintiff's surgery is dispositive of Plaintiff's claims.

Finally, with respect to apportionment of liability, Defendants did not include MDOC on their proposed verdict form, but Defendants should be permitted to argue that: 1) MDOC's actions were the final decision denying Plaintiff's request for colostomy reversal surgery in 2017; 2) MDOC was the final decision-maker; 3) MDOC's decision is relevant to causation; and 4) MDOC's imposition of its own policy was a superseding event that cuts off potential liability as of June 8, 2017, the date of MDOC's final decision.  *See* Defendants' Motion in Limine to Preclude Plaintiff from Arguing that Defendants' Have Liability after the MDOC Denied His Step II Grievance on June 8, 2017, ECF No. 143, filed July 29, 2025 and

32318724

1

incorporated herein by reference.

Cutting through all of the irrelevant arguments in Plaintiff's brief, the simple fact is this: Plaintiff cannot satisfy the elements of his claims against Defendants if Defendants did not make the final decision to deny approval for Plaintiff's surgery. Defendants are entitled to prove that MDOC was the final decision-maker and to use admissible MDOC records to prove it. Plaintiff's Motion should be denied.

## **ARGUMENT**

### I.   **Defendants are Entitled to Prove that MDOC Was the Final Decision-Maker and Made the Final Decision to Deny Approval for Plaintiff's Colostomy Reversal Surgery.**

Under *Estelle v. Gamble*, 429 U.S. 97 (1976), as Defendants have explained, a healthcare provider who displays "deliberate indifference to serious medical needs" of a prisoner can be liable to the prisoner for violating the Eighth Amendment's Cruel and Unusual Punishment Clause. *Estelle,* 429 U.S. at 104. To prove such a "deliberate indifference" claim, an inmate must offer expert medical testimony that the care rendered by the healthcare provider was "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Rhinehart v. Scutt*, 894 F.3d 721, 736 (6th Cir. 2018) (citation omitted); *see also Miller v. Calhoun Cty.*, 408 F.3d 803, 819 (6th Cir. 2005). A treatment must be "so woefully inadequate as to amount to no treatment at all." *Westlake v. Lucas*, 537 F.2d 857, 860, n.5 (6th Cir. 1976).

In the context of a *Monell* claim, "[l]iability may be imposed on a[n] [entity carrying out a traditional state function like providing medical services at a jail, see *Johnson v. Karnes*, 398 F.3d 868, 877 (6th Cir. 2005) only when [that] [entity's] 'policy' or 'custom' caused the plaintiff's injury and a 'direct causal link' existed between the policy and the purported denial of the right to adequate medical care." *Jones v. Muskegon County*, 625 F.3d 935, 946 (6th Cir. 2010) (internal citations omitted). A "policy or custom" can be based upon: "(1) the [entity's]... official policies; (2) **actions taken by officials with final decision-making authority**; (3) a policy of inadequate training or supervision; or (4) a custom of tolerance or acquiescence of federal violations." *Baynes v. Cleland*, 799 F.3d 600, 621 (6th Cir. 2015). However, "[i]f no constitutional violation by the individual defendants is established, the [entity] defendants cannot be held liable under § 1983." *Watkins v. City of Battle Creek*, 273 F.3d 682, 687 (6th Cir. 2001).   Here, the sole basis for Plaintiff's   *Monell* claim is his argument that Dr. Papendick was the final decisionmaker in the decision to deny approval for Plaintiff to undergo colostomy revision surgery in 2017.  Because MDOC – not Dr. Papendick – was the final decisionmaker (as Plaintiff is aware),  Plaintiff's *Monell* claim fails.

That is why Plaintiff seeks to exclude evidence that will prove that MDOC was the final decision-maker.  MDOC is not a party to this case, so Plaintiff cannot recover for the alleged violation of his Eighth Amendment rights if the evidence

proves that MDOC was the final decisionmaker and made the treatment decision that is the basis for Plaintiff's claims.  It is not a question of "state compulsion," Pl. Mot. at 4, or acting "under color of state law," *id.*, or the "public function test," *id.* at 5. It is not a question of whether MDOC "compelled or encouraged" Defendants "to violate Plaintiff's civil rights."  *Id.* at 8.  Notwithstanding Plaintiff's exhaustive briefing of inapposite doctrines, the question is simple:  who was the final decisionmaker who made the decision, in 2017, to deny approval for Plaintiff's colostomy reversal surgery?  Defendants are entitled to prove that MDOC was the final decisionmaker, which – notwithstanding Plaintiff's "irrelevance" argument – is dispositive of every aspect of Plaintiff's case.

## II.    The MDOC Records Are Admissible

As Plaintiff correctly asserts, Defendants will introduce MDOC records, including the grievances Plaintiff filed and MDOC's responses to those grievances, to prove that MDOC made the final decision, in 2017, to deny approval for Plaintiff's colostomy reversal surgery.  These documents fall within two exceptions to the hearsay rule:  Fed. R. Evid. 803(6) (records of a regularly conducted activity) and Fed. R. Evid. 803(8) (record or statement of a public office).  Plaintiff argues that these exceptions do not apply because MDOC personnel knew that Plaintiff was contemplating a lawsuit, so the relevant records "were clearly prepared in anticipation of litigation," Pl. Mot. at 18, and therefore "lack trustworthiness."  *Id.*

The description "prepared in anticipation of litigation" has its roots in the work product doctrine.   *See Hickman v. Taylor*, 329 U.S. 495 (1947).   In *U.S. v. Roxworthy*, 457 F.3d 590 (6th Cir. 2006), noting that it "[had] yet to define 'in anticipation of litigation,'" *Roxworthy*, 457 F.3d at 593, the Sixth Circuit adopted the "because" test applied by numerous other circuits.   Under this test, a document is prepared "in anticipation of litigation" if it is prepared or obtained "because of the prospect of litigation."   *Id.*   The court explained, "Thus, a document will not be protected if it would have been prepared in substantially the same manner irrespective of the anticipated litigation." *Id.* at 593-94.[1]

Defendants have subpoenaed an MDOC official to testify at trial.   He will authenticate the relevant records and will testify that these categories of documents are prepared in 'substantially the same manner' for every grievance filed by every inmate – that any awareness that Plaintiff was contemplating a lawsuit had no effect on any aspect of the preparation of the grievance denial documents.   He will testify that these records were both 'records of a regularly conducted activity' and 'records of a public office.'

---

[1]The definition of "in anticipation of litigation" in the hearsay/business record context does not differ from the definition applied in the work product context. *See, e.g., Potamkin Cadillac Corp. v. B.R.I. Coverage Corp.,* 38 F.3d 627, 632 (2nd Cir.1994) (noting that document which is exempt from discovery under the work product privilege, cannot constitute a business record under Rule 803(6)).

Case 2:19-cv-13382-GAD-PTM   ECF No. 196, PageID.8208   Filed 08/08/25   Page 11 of 16


Given this anticipated testimony, which will confirm that the MDOC records are admissible under the hearsay exceptions set forth in Fed. R. Evid. 803(6) and 803(8), a decision *in limine* to exclude the documents would be premature. The admissibility of the documents will turn on the testimony at trial, and this Court should withhold any admissibility ruling until the time of trial.

### III. Defendants Have No Intention of "Apportioning Fault" to Dismissed/Former Parties

Plaintiff argues that Defendants should be precluded from arguing that "any of the dismissed Prime Healthcare defendants also bear responsibility" for Plaintiff's alleged injury in order to diminish their own liability. Defendants do not intend to argue that former/dismissed parties share liability for Plaintiff's alleged injuries or to ask the jury to apportion liability to any such dismissed parties.

With respect "apportionment of liability" to the Michigan Department of Corrections, Defendants did not include MDOC on their proposed verdict form, but Defendants should be permitted to argue that: 1) MDOC's actions were the final decision denying Plaintiff's request for colostomy reversal surgery in 2017; 2) MDOC was the final decision-maker; 3) MDOC's decision is relevant to causation; and 4) MDOC's imposition of its own policy was a superseding event that cuts off potential liability as of June 8, 2017, the date of MDOC's final decision. *See* Defendants' Motion in Limine to Preclude Plaintiff from Arguing that Defendants' Have Liability after the MDOC Denied His Step II Grievance on June 8, 2017, ECF

No. 143, filed July 29, 2025 and incorporated herein by reference.  Because MDOC was the final decisionmaker, Defendants cannot be liable to Plaintiff,  whether solely or concurrently.

### IV. Evidence that MDOC Was the Final Decisionmaker is Case-Dispositive, not "Irrelevant and Prejudicial"

Characterizing MDOC's denial  of Plaintiff's grievances as Plaintiff's "pre-litigation exhaustion of his administrative remedies," Pl. Mot. at 14-15, Plaintiff argues that evidence of these denials is "irrelevant" and poses a risk of unfair prejudice/confusion/wasting time.

Notwithstanding Plaintiff's attempt to shoehorn the facts of this case into irrelevant precedent from other contexts (EEOC/Title VII), the issue is not whether Plaintiff "exhausted his administrative remedies" by filing grievances with MDOC.  This issue is whether Dr. Papendick or MDOC made the final decision, in 2017, to deny approval for Plaintiff's colostomy reversal surgery, and the evidence will prove that MDOC was the final decisionmaker.  Far from being "irrelevant," this proof is case-dispositive, because Defendants cannot be liable for treatment decisions they did not make.  Plaintiff's argument that the Rule 403 balance demands exclusion of this evidence is therefore without merit.

### CONCLUSION

Defendants are entitled to prove the case-dispositive fact that it was MDOC, not Defendants, that made the final decision, in 2017, to deny approval for Plaintiff

to undergo colostomy reversal surgery.   Defendants have subpoenaed an MDOC official, who will authenticate the relevant documents and confirm that they fall within exceptions to the hearsay rule.   Plaintiff's arguments mischaracterize the relevant issue and urge an *in limine* admissibility decision that must await the testimony Defendants will introduce at trial.   The Motion should be denied.

Dated:  August 8, 2025                     Respectfully submitted,

                                           **BOWMAN AND BROOKE LLP**

                       By:     /s/*Sunny Rehsi*
                               Sunny Rehsi (P80611)
                               101 W. Big Beaver Road., Suite 1100
                               Troy, MI 48084
                               248.205.3300
                               sunny.rehsi@bowmanandbrooke.com

                               Adam Masin (Admitted 5/1/2025)
                               750 Lexington Avenue
                               New York, NY 10022
                               646.914.6790
                               adam.masin@bowmanandbrooke.com

                               Rachel B. Weil (Admitted 7/16/25)
                               123 South Broad Street, Suite 1512
                               Philadelphia, PA 19109
                               267.908.7097
                               rachel.weil@bowmanandbrooke.com

                               *Attorneys for Defendants CHS TX, Inc. d/b/a*
                               *YesCare and Keith Papendick, M.D.*

## CERTIFICATE OF SERVICE

I certify that, on August 8, 2025, a copy of the foregoing document in the above-captioned proceeding has been served upon the attorneys listed below via electronic mail:

**Ian T. Cross** (P83367)
Cross Law PLLC
Attorneys for Plaintiff
402 W. Liberty St.
Ann Arbor, MI  48103
724.994.9590
ian@lawinannarbor.com

**Laurence H. Margolis** (P69635)
Margolis Law Firm
Attorneys for Plaintiff
214 South Main St., Suite 202
Ann Arbor, MI 48104
734.994.9590
assistant@lawinannarbor.com

**Jonathan R. Marko** (P72450
**Michael L. Jones** (P85223)
Marko Law, PLLC
220 W. Congress, 4th Floor
Detroit, MI 48226
313.777.7529
jon@markolaw.com
michael@markolaw.com

Respectfully submitted,

**BOWMAN AND BROOKE LLP**

By:     /s/*Sunny Rehsi*
         Sunny Rehsi (P80611)
         101 W. Big Beaver Road.,
         Suite 1100 Troy, MI 48084
         248.205.3300
         sunny.rehsi@bowmanandbrooke.com

         Adam Masin (Admitted 5/1/2025)
         750 Lexington Avenue
         New York, NY 10022

32318724                                    9

646.914.6790
adam.masin@bowmanandbrooke.com

Rachel B. Weil (Admitted 7/16/25)
123 South Broad Street, Suite 1512
Philadelphia, PA 19109
267.908.7097
rachel.weil@bowmanandbrooke.com

*Attorneys for Defendants CHS TX, Inc. d/b/a*
*YesCare and Keith Papendick, M.D.*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

KOHCHISE JACKSON,

                Plaintiff,

v.

CHS TX, INC., et al.,

                Defendants.

Case No.:  2:19-cv-13382-GAD-PTM

U.S. DISTRICT COURT JUDGE
HON. GERSHWIN A. DRAIN

---

**[PROPOSED] ORDER DENYING PLAINTIFF'S MOTION IN LIMINE TO**
**EXCLUDE MDOC DOCUMENTS AND PRECLUDE DEFENDANTS**
**FROM APPORTIONING FAULT ON ANY NON-PARTY [ECF 160]**

For the reasons stated in Defendants' Opposition to Plaintiff's Motion *in Limine* to Exclude MDOC Documents and Preclude Defendants from Apportioning Fault on Any Non-Party,  the Plaintiff's motion is DENIED.

 

_____

Hon. Gershwin A. Drain

11