## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

KOHCHISE JACKSON,

                Plaintiff,

v.

CHS TX, INC., et al.,

                Defendants.

Case No.:  2:19-cv-13382-GAD-PTM

U.S. DISTRICT COURT JUDGE
HON. GERSHWIN A. DRAIN

### DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* TO ALLOW EVIDENCE OF STATE OF MICHIGAN UTILIZATION MANAGEMENT REPORTING SAMPLES AND U/M STATS REPORT [ECF 152]

Defendants CHS TX, Inc. and Keith Papendick, M.D. hereby submit their

Response in opposition to Plaintiff's Motion in Limine to Allow Evidence of State

of Michigan Utilization Management Reporting Samples and U/M Stats Report.

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ...................................................................................... ii

STATEMENT OF ISSUES ..................................................................................... iii

INTRODUCTION ...................................................................................................1

ARGUMENT ..........................................................................................................6

    I.  EVIDENCE OF STATE OF MICHIGAN UTILIZATION MANAGEMENT REPORTING SAMPLES AND U/M STATS REPORT DATA IS IRRELEVANT TO ANY ISSUE IN THIS CASE ..................................................................................................6

    II. EVIDENCE OF STATE OF MICHIGAN UTILIZATION MANAGEMENT REPORTING SAMPLES AND U/M STATS REPORT DATA IS UNDULY PREJUDICIAL ..........................................8

CONCLUSION ......................................................................................................9

[PROPOSED] ORDER DENYING PLAINTIFF'S MOTION *IN LIMINE* TO ALLOW EVIDENCE OF STATE OF MICHIGAN UTILIZATION MANAGEMENT REPORTING SAMPLES AND U/M STATS REPORT [ECF 152] ..................................................................12

# TABLE OF AUTHORITIES

Page(s)

Cases

*Lockard v. Bray*,
   602 F. Supp. 3d 998 (E.D. Mich. 2022) ...............................................................8
*Samuels v. Allstate Prop. & Cas. Ins. Co.*,
   310 F. Supp. 3d 847 (E.D. Mich. 2018) ...............................................................5
*United States v. LaVictor*,
   848 F.3d 428 (6th Cir. 2017) ...................................................................... 6, 7, 8
*United States v. Semrau*,
   693 F.3d 510 (6th Cir. 2012) ...............................................................................8

Rules

Fed. R. Evid. 402 .........................................................................................................6
Fed. R. Evid. 403 .........................................................................................................8
Rule 401 of the Federal Rules of Evidence .................................................................6

## STATEMENT OF ISSUES

1.      **Whether the Court should allow evidence of State of Michigan Utilization Management Reporting Samples and Stats Report.**

Defendants Answer: No

Plaintiff Answers: Yes

Court Should Answer: No

**INTRODUCTION**

This case is about whether the Eighth Amendment entitled Plaintiff Kochise

Jackson to have a colostomy reversal surgery approved by Keith Papendick, M.D.

and/or Corizon Health, Inc. while Plaintiff was an inmate in the Michigan

Department of Corrections ("MDOC") between March 23, 2017, and May 16, 2019.

More specifically, the case centers on Corizon's 2016-2021 contract with the

MDOC, a decision Dr. Papendick made on April 19, 2017, to approve Plaintiff's

continued colostomy care "at this time," and the MDOC's subsequent rejection of

Plaintiff's request for a reversal surgery on June 8, 2017, and thereafter based on the

MDOC's own policy not to approve his "non-essential" surgery.

Plaintiff's motion argues that he should be permitted to introduce utilization

management reports and other statistical reports depicting average quarterly

expenditures that were submitted to the State of Michigan by Corizon between 2009-

2016—a time period prior (and inclusive of years' prior) to the relevant Corizon

contract and Dr. Papendick's decision. Notwithstanding the irrelevant time period,

and without providing any evidentiary foundation linking this evidence to Dr.

Papendick's decision, Plaintiff argues that this "evidence" establishes that Corizon

had a general practice or policy of cutting back on care for prisoners to save money.

Plaintiff's motion should be denied for several reasons, and this "evidence" should

be excluded.

***First***, the time period of the "evidence" Plaintiff seeks to be "allowed" is irrelevant here. The reports detailing expenditures on a contract starting in 2009—years before the 2016-2021 contract and nine years before Plaintiff entered the custody of the Michigan Department of Corrections—is not relevant to any issue here.  Even if the data showed what Plaintiff claims (it does not), it would still not be relevant as it does not show any data about Corizon expenditures during the years that Plaintiff was in the custody of the MDOC.

***Second***, the report Plaintiff cites shows objective raw data, not subjective "proof" of supposed policies or practices of Corizon.  For instance, the bar chart cited in Plaintiff's Motion (which follows below) that he asks the Court to allow into evidence depicts Corizon's "Average Quarterly Expenditures in Millions" over a period of eight years. (Doc. 152 at 6).

//

//

2





Each year has exactly one data point for the "Average Quarterly Expenditures" by Corizon in that year. The bar chart shows a decrease in average quarterly expenditures over the entirety of the eight years charted, although between some years—2011 to 2013 and 2014 to 2016—there is no meaningful decrease in the yearly average total quarterly expenditures. All told, the bar chart depicts raw data, as only it could. Plaintiff offers no foundation linking this chart to any Corizon "policy," or any other explanation for what it shows. And Plaintiff has no expert who offered any opinion on this financial information. These reports certainly do not establish "*exactly* that . . . Defendants had a policy of trying to save money by cutting or denying care to the Michigan prison population," as Plaintiff argues in his Motion. (Doc. 152 at 9) (emphasis in original). Plaintiff's arguments about the data

3

are at most a lawyer leap of logic, not evidence, and do nothing to establish the relevance of these documents.

*Third*, Dr. Jeffrey Bomber, D.O., former state medical director and a utilization management physician for Corizon, testified that the cost of a medical procedure *never* factors into the decision of whether to approve care for an incarcerated patient:

> Question:    Does the utilization management physician reviewer consider costs when making his or her decisions?
>
> Dr. Bomber: *No, cost is never an issue in anything we do as medical providers*.
>
> Question:    So utilization management never considers cost.
>
> Dr. Bomber:  Not from my perspective; in fact, *we're instructed by operations to practice medicine based on medical necessity, not cost*.

(Deposition of Dr. Bomber at 25:17-25) (emphasis added).

While Plaintiff attempts to use Dr. Bomber's testimony to establish relevancy in the statistical documents he claims to be "evidence" of Corizon's supposed policies and procedures to deny care, Dr. Bomber's testimony only supports the exact opposite of what Plaintiff is arguing—namely, there is no such policy, and that providers are instructed not to consider cost. These reports do nothing to indicate a supposed policy of denying care.  Plaintiff has no *evidence* otherwise.

*Fourth*, the utilization management reports are not even relevant to show that Corizon "cut spending" in a general sense from one year to the next during the

4

irrelevant 2009-2016 time period.  Dr. Bomber made clear that Corizon does not decide how much it is going to spend in a given year.  Rather, the MDOC sets the budget.

> Question:     How is the budget set?
>
> Dr. Bomber: Well, there were a certain number of dollars over a five-year period that were allotted for medical management.
>
> Question:    By Corizon.
>
> Dr. Bomber: No, actually, by the DOC; that was in the DOC contract.
>
> Question:    So there's a contract with the DOC that states how much the DOC is paying Corizon for medical management, correct --
>
> Dr. Bomber: Yes.
>
> (Deposition of Dr. Bomber at 32:13-23) (emphasis added).

***Fifth***, Plaintiff's citation to the Court's prior rulings on Corizon's and Dr. Papendick's Motion for Summary Judgment were not findings by the Court that these specific pieces of evidence would be admissible at trial.  Plaintiff cites the Court's Order, which held that Plaintiff had provided "sufficient circumstantial evidence" to survive summary judgment and referenced Corizon's "Utilization Management" procedures.  (Doc. 152 at 10).  But there, the Court simply determined that there was a question of fact for the jury on the issues here—not that this specific evidence would be admissible at trial.  That the Court's summary judgment order mentioned utilization management procedures does not make the evidence subject to this motion admissible at trial.  *See Samuels v. Allstate Prop. & Cas. Ins. Co.*, 310

5

F. Supp. 3d 847, 865 (E.D. Mich. 2018) ("The submissions by a party opposing a

motion for summary judgment need not themselves be in a form that is admissible

at trial. Otherwise, affidavits themselves, albeit made on personal knowledge of the

affiant, may not suffice, since they are out-of-court statements and might not be

admissible at trial."). The Court's summary judgment Order is not a basis to grant

Plaintiff's Motion.

**ARGUMENT**

I.  **EVIDENCE OF STATE OF MICHIGAN UTILIZATION MANAGEMENT REPORTING SAMPLES AND U/M STATS REPORT DATA IS IRRELEVANT TO ANY ISSUE IN THIS CASE**

"Irrelevant evidence is not admissible." Fed. R. Evid. 402. Rule 401 of the

Federal Rules of Evidence provides that evidence is relevant if:

(a)  it has any tendency to make a fact more or less probable than it would be without the evidence; and

(b)  the fact is of consequence in determining the action.

The evidence sought to be admitted must "logically advance[] a material aspect of

the proposing party's case." *United States v. LaVictor*, 848 F.3d 428, 442 (6th Cir.

2017).

There is no relevance to the utilization management reporting samples and

stats report data that Plaintiff seeks the Court to allow into evidence. This case is

about Plaintiff, a colostomy patient in the custody of the MDOC from 2017 to 2019,

during a contract that Corizon had with the MDOC from 2016 to May 2021. Reports

6

containing Corizon's average quarterly expenditure data from a time period preceding Plaintiff's incarceration are irrelevant to any issue here.

As detailed above, this "evidence" is irrelevant for several additional reasons. The contract at issue in and relevant to this case started in 2016. Evidence of quarterly expenditures before that time are irrelevant, especially without any expert financial testimony or any evidentiary link to the relevant 2016-2021 contract or decision-making in April 2017. Additionally, Dr. Bomber testified that the MDOC set the budgets for Corizon and that Corizon instructed providers to only make decisions based on the medical necessity of the individual patient, never the cost. (Deposition of Dr. Bomber at 25:17-25, 32:13-23).  And while Plaintiff's lawyers argue that the raw data points show "*exactly* that . . . Defendants had a policy of trying to save money by cutting or denying care to the Michigan prison population," Dr. Bomber's testimony directly contradicts that argument and the charts show only raw data, and nothing else.

The utilization management reporting samples and stats report data subject of Plaintiff's motion do not logically advance any ***material aspect*** of Plaintiff's case. *See LaVictor*, 848 F.3d at 442.  This evidence is irrelevant and inadmissible, and Plaintiff's Motion should be denied.

//

II.     **EVIDENCE OF STATE OF MICHIGAN UTILIZATION MANAGEMENT REPORTING SAMPLES AND U/M STATS REPORT DATA IS UNDULY PREJUDICIAL**

Even if the Court were to find this evidence relevant (it is not), the utilization management reporting samples and stats report data should still be excluded because any "probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." *Lockard v. Bray*, 602 F. Supp. 3d 998, 1005 (E.D. Mich. 2022) (citing Fed. R. Evid. 403).  This Court has "very broad discretion in making this determination." *United States v. LaVictor*, 848 F.3d 428, 444 (6th Cir. 2017) (quoting *United States v. Semrau*, 693 F.3d 510, 523 (6th Cir. 2012)).

Here, Plaintiff makes clear that he intends to make an illogical leap in reasoning to argue that evidence that Corizon's average quarterly expenditures decreased in a previous contract term and in a period where he was not incarcerated establishes "*exactly* that" Corizon had a policy for denying medical care to save costs.  Because the documents in question do not show what Plaintiff says they do, and the actual evidence says the opposite, admission of such evidence would confuse and mislead the jury into believing Plaintiff's false narrative on this issue—which is an ultimate issue that the jury will be tasked with deciding.  Such an outcome would cause substantial undue prejudice to Defendants.  The Court should use its very broad distraction and exclude this evidence.

## CONCLUSION

For the foregoing reasons, the Court should deny the Plaintiff's Motion *in Limine* to Allow Evidence of State of Michigan Utilization Management Reporting Samples and U/M Stats Report.

Respectfully submitted,

**BOWMAN AND BROOKE LLP**

By:     /s/*Sunny Rehsi*
Sunny Rehsi (P80611)
101 W. Big Beaver Road.,
Suite 1100 Troy, MI 48084
248.205.3300
sunny.rehsi@bowmanandbrooke.com

Adam Masin (Admitted 5/1/2025)
750 Lexington Avenue
New York, NY 10022
646.914.6790
adam.masin@bowmanandbrooke.com

Rachel B. Weil (Admitted 7/16/25)
123 South Broad Street, Suite 1512
Philadelphia, PA 19109
267.908.7097
rachel.weil@bowmanandbrooke.com

*Attorneys for Defendants CHS TX, Inc. d/b/a YesCare and Keith Papendick, M.D.*

9

## CERTIFICATE OF SERVICE

I certify that on August 8, 2025, I electronically filed the foregoing paper with

the clerk of the United States District Court, Eastern District Southern Division using

the ECF system which will send notification of such filing to the following:

**Ian T. Cross**
Cross Law PLLC
Attorneys for Plaintiff
402 W. Liberty St.
Ann Arbor, MI  48103
724.994.9590
ian@lawinannarbor.com

**Laurence H. Margolis**
Margolis Law Firm
Attorneys for Plaintiff
214 South Main St., Suite 202
Ann Arbor, MI 48104
734.994.9590
assistant@lawinannarbor.com

**Jonathan R. Marko** (P72450
**Michael L. Jones** (P85223)
Marko Law, PLLC
220 W. Congress, 4th Floor
Detroit, MI 48226
313.777.7529
jon@markolaw.com
michael@markolaw.com

Respectfully submitted,

**BOWMAN AND BROOKE LLP**

By:    /s/*Sunny Rehsi* _____
Sunny Rehsi (P80611)
101 W. Big Beaver Road.,
Suite 1100 Troy, MI 48084
248.205.3300
sunny.rehsi@bowmanandbrooke.com

Adam Masin (Admitted 5/1/2025)
750 Lexington Avenue
New York, NY 10022
646.914.6790

10

adam.masin@bowmanandbrooke.com

Rachel B. Weil (Admitted 7/16/25)
123 South Broad Street, Suite 1512
Philadelphia, PA 19109
267.908.7097
rachel.weil@bowmanandbrooke.com

*Attorneys for Defendants CHS TX, Inc. d/b/a*
*YesCare and Keith Papendick, M.D.*

11

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

KOHCHISE JACKSON,

                    Plaintiff,

v.

CHS TX, INC., et al.,

                    Defendants.

Case No.:  2:19-cv-13382-GAD-PTM

U.S. DISTRICT COURT JUDGE
HON. GERSHWIN A. DRAIN

**[PROPOSED] ORDER DENYING PLAINTIFF'S MOTION *IN LIMINE* TO ALLOW EVIDENCE OF STATE OF MICHIGAN UTILIZATION MANAGEMENT REPORTING SAMPLES AND U/M STATS REPORT [ECF 152]**

For the reasons stated in Defendants' Opposition to Plaintiff's Motion *in Limine* to Allow Evidence of State of Michigan Utilization Management Reporting Samples and U/M Stats Report and any arguments thereto, Plaintiff's motion is DENIED.

                                    _____

                                    Hon. Gershwin A. Drain