MARKOLAW.COM
220 W. CONGRESS, 4TH FLOOR DETROIT, MI 48226
P: (313) 777-7LAW F: (313) 771-5785
JM MARKO LAW

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

KOHCHISE JACKSON,

Plaintiff,

-vs-

Case No. 19-cv-13382
Hon. Gershwin A. Drain

CHS TX, INC., *et al.,*

Defendants.

LAWRENCE H. MARGOLIS (P69635)
IAN T. CROSS (P83367)
**MARGOLIS & CROSS**
Attorneys for Plaintiff
214 S. Main St., Ste. 200
Ann Arbor, MI 48104
(734) 994-9590
larry@lawinannarbor.com
ian@lawinannarbor.com

JONATHAN R. MARKO (P72450)
MICHAEL L. JONES (P85223)
**MARKO LAW, PLLC**
Co-counsel for Plaintiff
220 W. Congress, 4th Floor
Detroit, Michigan 48226
P: (313) 777-7529 / F: (313) 470-2011
jon@markolaw.com
michael@markolaw.com

ADAM MASIN
SUNNY REHSI (P80611)
**BOWMAN AND BROOKE LLP**
Attorney for CHS TX, Inc. and Dr. Keith Papendick, M.D.
101 W. Big Beaver Rd., Ste. 1100
Troy, MI 48084
(248) 205-3300
Adam.masin@bowmanandbrooke.com
Sunny.rehsi@bowmanandbrooke.com

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION IN LIMINE TO PRECLUDE PLAINTIFF FROM INTRODUCING TESTIMONY OR EVIDENCE FROM OR RELATING TO SONYA FULKS, R.N. PURSUANT TO RULES 702, 401, 402, AND 403 OF THE FEDERAL RULES OF EVIDENCE**

MARKOLAW.COM
220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226
P: (313) 777-7LAW
F: (313) 771-5785
MARKO LAW

NOW COMES, Plaintiff, **KOHCHISE JACKSON**, by and through his attorneys, **MARGOLIS & CROSS** and **MARKO LAW, PLLC**, and for his response to "Defendants' Motion in Limine to Preclude Plaintiff from Introducing Testimony or Evidence from or Relating to Sonya Fulks, RN, Pursuant to Rules 702, 401, 402, and 403" states as follows:

For reasons stated more fully in the attached Brief, which is hereby incorporated by reference, this Court should his Court should deny Defendant's Motion as without merit.

WHEREFORE, for all of the reasons set forth above, Plaintiff respectfully requests that this Honorable Court DENY Defendants' Motion in Limine to Preclude Plaintiff from Introducing Testimony or Evidence from or Relating to Sonya Fulks, RN, Pursuant to Rules 702, 401, 402, and 403 in its entirety and grant Plaintiff any other relief this Court deems just.

Respectfully submitted,

/s/ *Ian T. Cross*
Ian T. Cross (P83367)
Laurence H. Margolis (P69635)
**MARGOLIS & CROSS**
402 W. Liberty St.
Ann Arbor, MI 48103
(734) 994-9590
Email: ian@lawinannarbor.com

Date: August 8, 2025

MARKOLAW.COM
220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226
P: (313) 777-7LAW
F: (313) 771-5785
JM MARKO LAW

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

KOHCHISE JACKSON,

Plaintiff,

-vs-

Case No. 19-cv-13382
Hon. Gershwin A. Drain

CHS TX, INC., *et al.,*

Defendants.

LAWRENCE H. MARGOLIS (P69635)
IAN T. CROSS (P83367)
**MARGOLIS & CROSS**
Attorneys for Plaintiff
214 S. Main St., Ste. 200
Ann Arbor, MI 48104
(734) 994-9590
larry@lawinannarbor.com
ian@lawinannarbor.com

JONATHAN R. MARKO (P72450)
MICHAEL L. JONES (P85223)
**MARKO LAW, PLLC**
Co-counsel for Plaintiff
220 W. Congress, 4th Floor
Detroit, Michigan 48226
P: (313) 777-7529 / F: (313) 470-2011
jon@markolaw.com
michael@markolaw.com

ADAM MASIN
SUNNY REHSI (P80611)
**BOWMAN AND BROOKE LLP**
Attorney for CHS TX, Inc. and Dr. Keith Papendick, M.D.
101 W. Big Beaver Rd., Ste. 1100
Troy, MI 48084
(248) 205-3300
Adam.masin@bowmanandbrooke.com
Sunny.rehsi@bowmanandbrooke.com

**BRIEF IN OPPOSITION TO DEFENDANTS' MOTION IN LIMINE TO PRECLUDE PLAINTIFF FROM INTRODUCING TESTIMONY OR EVIDENCE FROM OR RELATING TO SONYA FULKS, R.N. PURSUANT TO RULES 702, 401, 402, AND 403 OF THE FEDERAL RULES OF EVIDENCE**

MARKOLAW.COM
220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226
P: (313) 777-7LAW
F: (313) 771-5785
JM MARKO LAW

**CONCISE STATEMENT OF ISSUES PRESENTED**

I. Whether this Court should preclude Defendants' former medical-professional employee from testifying about the company's customs, policies and practices?

**Plaintiff states: No.**
**This Court should state: No.**

MARKOLAW.COM
220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226
P: (313) 777-7LAW
F: (313) 771-5785
MARKO LAW

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

### Federal Rules

Fed. R. Civ. P. 26(a)(2)(C)

Fed. R. Evid. 403

Fed. R. Evid. 402

Fed. R. Evid. 401

### Cases

*Victor v. Reynolds*, 2024 U.S. Dist. LEXIS 33438 (E.D. Mich. Feb. 27, 2024)

*Woodall v. Wayne County*, 590 F. Supp. 3d. 988 (E.D. Mich. 2022)

*United States v. Anderson*, 563 F. Supp. 3d 691, 694 (E.D. Mich. 2021)

MARKOLAW.COM
220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226
P: (313) 777-7LAW
F: (313) 771-5785
MARKO LAW

## Introduction

Sonya Fulks, RN is a former employee of Corizon who worked for the Defendant in Michigan for three years, until it lost the MDOC contract in 2021. Ms. Fulks then continued working in the same position for Corizon's competitors who took over the MDOC healthcare contract. ECF No. 168-4, PageID.6942, Dep. 35:8-23.

Ms. Fulks' testimony is directly relevant and highly probative with respect to a central question of fact that is of consequence in determining this action: whether under Corizon's management, "cost-cutting motives, rather than assessment of health risks and medical needs of patients, drive the approval of off-site referral procedures like colostomy reversals." *Order Adopting Report and Recommendation*, ECF No. 73, PageID.2985. Ms. Fulks testified:

> Q. Ms. Fulks, did Corizon deny medical care to prisoners for cost reasons?
>
> MR. MASIN: Objection.
>
> **A. Yes.**
>
> BY MR. CROSS:
>
> Q. And is that opinion based in part on your training and experience working as an oncology nurse for Corizon?
>
> **A. Yes.**

Q. Can you give me an example of an instance you're aware of when that happened?

**A. Yes. 5-FU is a chemotherapy that requires a three-day inpatient stay, so Corizon -- we had many meetings with the oncologists at Henry Ford and Corizon reviewers because they would not approve the inpatient stay and wanted an alternative chemotherapy treatment instead of the 5-FU.**

. . .

Q. Did you notice any difference in your ability to get care approved after Corizon was no longer the MDOC healthcare contractor?

**A. Yes. When Wellpath came on, they started to approve 5-FU in the hospital. They approved the lung CT scans. I saw a big difference in the approvals going through. It was a lot easier to get PET scans and things done.**

ECF No. 168-4, PageID.6948, 6950-6951, Dep. 61:19-62:9, 69:18-70:1. In their Motion, Defendants argue that:

> This proposed testimony is irrelevant, and is also inadmissible because it is soaked in layers of unreliable hearsay, is not supported by any documents, medical records, or other reliable foundation, it is clothed in faux-expert opinionating about the medically necessary care for irrelevant medical conditions, and it invites tangential mini-trials about the credibility of her stories and the care provided by different people, at different times, relating to irrelevant conditions.

ECF No. 168, PageID.6890. None of these scattershot objections have merit. Ms. Fulks' testimony bears directly on a core issue in this case: the existence of a corporate policy to deny medical care to prisoners for cost reasons. Her testimony is relevant and admissible.

MARKOLAW.COM
220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226
P: (313) 777-7LAW
F: (313) 771-5785
MARKO LAW

MARKOLAW.COM
220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226
P: (313) 777-7LAW
F: (313) 771-5785
MARKO LAW

## I. Evidence of other alleged constitutional violations are admissible to prove a *Monell* claim, regardless of whether the allegations are proven, or whether the third-parties suffered from the same medical condition as the plaintiff.

Defendants argue, in essence, that the Plaintiff cannot prove his *Monell* claim by introducing evidence that the same cost-cutting utilization-management program that prevented him from receiving a colostomy reversal surgery also prevented Michigan prisoners with cancer from receiving the chemotherapy regimens recommended by their oncologists. They object that allowing Ms. Fulks to testify about cancer patients would invite, "tangential mini-trials about the credibility of her stories and the care provided by different people, at different times, relating to irrelevant conditions." ECF No. 168, PageID.6890.

But invoking the specter of "tangential mini-trials" is not a valid basis for excluding evidence of other incidents of constitutional violations in a *Monell* case, because this kind of evidence is always necessary to prove the claim. *See Nouri v. County of Oakland*, 615 Fed. Appx. 291, 296 (6th Cir. 2015) ("we have never found notice of a pattern of misconduct (or the pattern itself) solely from the mistreatment of the plaintiff."). As the court explained in *Woodall v. Wayne County*, 590 F. Supp. 3d. 988 (E.D. Mich. 2022):

> The Court has not identified a Sixth Circuit case prohibiting the admission of other alleged constitutional violations when trying a *Monell* claim because it would result in "mini trials." And it is not clear how else Hearst would prove a *Monell* claim that requires a showing of a pattern or practice without

> presenting evidence of other constitutional violations, ***even if Defendants contest that these prior violations occurred.***

*Woodall*, 590 F. Supp. at 1009. (emphasis added).

Nor does the fact that Ms. Fulks' testimony will primarily concern patients with cancer render it inadmissible. In *Victor v. Reynolds*, 2024 U.S. Dist. LEXIS 33438 (E.D. Mich. Feb. 27, 2024), the most recent *Monell* claim against a correctional healthcare contractor to go to trial in this District, the Court held, in a well-reasoned opinion, that a 106-page document containing one-sentence summaries of hundreds of personal-injury lawsuits brought against the defendant was admissible. *Victor v. Reynolds*, 2024 U.S. Dist. LEXIS 33438 at *31-*37. The plaintiff in *Victor*, who had a seizure disorder, alleged that the defendant failed to provide access to his prescribed seizure medication during a night in the county jail, causing him to have a seizure and break his jaw. *Id*. at *3. Of the hundreds of allegations of constitutionally-deficient care contained in document that was admitted in *Victor*, only a handful concerned plaintiffs with seizure disorders. (**Ex. 1-** Loss Run Report admitted in *Victor v. Reynolds*). Nor did the plaintiff need to present the testimony of any medical professional about the merits of any of these claims in order for summaries of the allegations to be admitted. The court explained:

> "ACH's prior bad acts are relevant and probative under Rule 401 as they increase the likelihood that ACH was on notice of a pattern of unconstitutional or unlawful conduct, which is a necessary element of Plaintiff's *Monell* claim under either theory he pursues. Further, the probative value of this evidence is

MARKOLAW.COM
220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226
P: (313) 777-7LAW
F: (313) 771-5785
MARKO LAW

> not *substantially* outweighed by *unfair* prejudice to either ACH or Nurse Reynolds to bar its admission under Rule 403."

*Victor v. Reynolds,* 2024 U.S. Dist. LEXIS 33438 at *35 (E.D. Mich. Feb. 27, 2024).

**II. Defendants' objections that Ms. Fulks' testimony is "unsupported, anecdotal, and drowned in hearsay" is not a valid basis to prevent her from testifying.**

Defendants' vague, overbroad hearsay objection to the entirety of Ms. Fulks' testimony lacks merit. To the extent that Ms. Fulks testifies about statements made by Dr. Papendick, (ECF No. 168-4, PageID.6941, 6947, Dep. 31:1-25, 54:18-55:11) those statements are opposing party admissions under FRE 801(d)(2) and are thus excluded from the definition of hearsay. The same is true of statements made by other Corizon employees. To the extent that Ms. Fulks' testifies about statements made to her by patients she was treating, the statements are likely to be admissible under the FRE 803(4) hearsay exception for statements made for the purpose of medical diagnosis or treatment. To the extent that she testifies about what she saw in patients' medical records, the testimony is likely to be covered by the FRE 803(6) hearsay exception.

Rather than precluding a witness from testifying at all because the witness *might* offer testimony that is hearsay, the Court should rule on specific hearsay objections as they arise during the course of the trial. "A court should exclude

MARKOLAW.COM
220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226
P: (313) 777-7LAW
F: (313) 771-5785
MARKO LAW

evidence on a motion *in limine* only when that evidence is determined to be clearly inadmissible on all potential grounds." *United States v. Anderson,* 563 F. Supp. 3d 691, 694 (E.D. Mich. 2021). Unless evidence meets this high standard, "evidentiary rulings should be deferred until trial so that questions of foundation, relevancy, and potential prejudice can be resolved in the proper context." *Id.*

Defendants' complaint that Ms. Fulks' testimony is "unsupported and anecdotal" is similarly not a valid reason to exclude her as a witness. There is no requirement in the federal rules that witness testimony must be corroborated by documents to be admissible. Indeed, Fed. R. Evid. 602 provides that "[e]vidence to prove personal knowledge may consist of the witness's own testimony." An absence of supporting documents is thus not a valid reason to preclude a witness from testifying. *See Uselmann v. Pop*, 2025 U.S. Dist. LEXIS 55253 at *15 (E.D. Mich. March 24, 2025) ("the nonexistence of RSP Express's shipping transaction records for this time period does not necessarily mean Plaintiffs lack personal knowledge regarding 2011 damages. Their personal knowledge may come from, for example, their personal experiences, observations, and interactions with Defendants.").

**III. Ms. Fulks should not be precluded from testifying due to her purported lack of expertise in colostomy care**

Much of Defendants' motion consists of an attack on Ms. Fulks' qualifications to testify about colostomy reversals. Plaintiff does not intend to elicit



MARKOLAW.COM
220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226
P: (313) 777-7LAW
F: (313) 771-5785
MARKO LAW

testimony from Ms. Fulks concerning the standard of care for colostomy reversal surgeries. Plaintiff did not include any opinions specific to colostomy reversal surgeries in his 26(a)(2)(C) disclosure for Ms. Fulks, and he did not elicit any testimony about colostomies from Ms. Fulks at her deposition. Ms. Fulks is expected to draw on her specialized knowledge of oncology care to support her testimony that Corizon's utilization management program denied necessary medical care to cancer patients in Michigan prisons to save money. She does not need to have expertise in abdominal surgery to offer this testimony.

## CONCLUSION

WHEREFORE, for all of the reasons set forth above, Plaintiff respectfully requests that this Honorable Court DENY Defendants' Motion in Limine to Preclude Plaintiff from Introducing Testimony or Evidence from or Relating to Sonya Fulks, RN, Pursuant to Rules 702, 401, 402, and 403 in its entirety and grant Plaintiff any other relief this Court deems just.

Respectfully submitted,

*/s/ Ian T. Cross*
Ian T. Cross (P83367)
Laurence H. Margolis (P69635)
**MARGOLIS & CROSS**
402 W. Liberty St.
Ann Arbor, MI 48103
(734) 994-9590
Email: ian@lawinannarbor.com

MARKOLAW.COM
220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226
P: (313) 777-7LAW
F: (313) 771-5785
MARKO LAW

Date: August 8, 2025

**PROOF OF SERVICE**

The undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each attorney of record on **August 8, 2025**, via:

☐ U.S. Mail ☐ Fax
☐ Hand Delivered ☐ Overnight Carrier
☐ Certified Mail ☐ Other:
☒ ECF System ☐ Email

*/s/* Ian T. Cross

MARKOLAW.COM
220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226
P: (313) 777-7LAW
F: (313) 771-5785
MARKO LAW