**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

KOHCHISE JACKSON,

        Plaintiff,

-vs-

CHS TX, INC., *et al.,*

        Defendants.

Case No. 19-cv-13382

Hon. Gershwin A. Drain

---

LAWRENCE H. MARGOLIS (P69635)
IAN T. CROSS (P83367)
**MARGOLIS & CROSS**
Attorneys for Plaintiff
214 S. Main St., Ste. 200
Ann Arbor, MI 48104
(734) 994-9590
larry@lawinannarbor.com
ian@lawinannarbor.com

JONATHAN R. MARKO (P72450)
MICHAEL L. JONES (P85223)
**MARKO LAW, PLLC**
Co-counsel for Plaintiff
220 W. Congress, 4th Floor
Detroit, Michigan 48226
P: (313) 777-7529 / F: (313) 470-2011
jon@markolaw.com
michael@markolaw.com

ADAM MASIN
SUNNY REHSI (P80611)
**BOWMAN AND BROOKE LLP**
Attorney for CHS TX, Inc. and Dr. Keith
Papendick, M.D.
101 W. Big Beaver Rd., Ste. 1100
Troy, MI 48084
(248) 205-3300
Adam.masin@bowmanandbrooke.com
Sunny.rehsi@bowmanandbrooke.com

---

## PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION IN LIMINE TO PRECLUDE PLAINTIFF FROM OFFERING EVIDENCE OR ARGUMENT RELATING TO THE 2022 CORIZON DIVISIONAL MERGER OR 2023 BANKRUPTCY

NOW COMES, Plaintiff, **KOHCHISE JACKSON**, by and through his attorneys, **MARGOLIS & CROSS** and **MARKO LAW, PLLC**, and for his response to "Defendants' Motion in Limine to Preclude Plaintiff from Offering Evidence or Argument Relating to the 2022 Corizon Divisional Merger or 2023 Bankruptcy," states as follows:

For reasons stated more fully in the attached Brief, which is hereby incorporated by reference, this Court should his Court should deny Defendant's Motion as without merit.

WHEREFORE, for all of the reasons set forth above, Plaintiff respectfully requests that this Honorable Court DENY Defendants' Motion in Limine to Preclude Plaintiff from Offering Evidence or Argument Relating to the 2022 Corizon Divisional Merger or 2023 Bankruptcy in its entirety and grant Plaintiff any other relief this Court deems just.

Respectfully submitted,

/s/ *Ian T. Cross*
Ian T. Cross (P83367)
Laurence H. Margolis (P69635)
**MARGOLIS & CROSS**
402 W. Liberty St.
Ann Arbor, MI 48103
(734) 994-9590
Email: ian@lawinannarbor.com

Date: August 8, 2025

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

KOHCHISE JACKSON,

        Plaintiff,

-vs-

CHS TX, INC., *et al.,*

        Defendants.

Case No. 19-cv-13382

Hon. Gershwin A. Drain

---

LAWRENCE H. MARGOLIS (P69635)
IAN T. CROSS (P83367)
**MARGOLIS & CROSS**
Attorneys for Plaintiff
214 S. Main St., Ste. 200
Ann Arbor, MI 48104
(734) 994-9590
larry@lawinannarbor.com
ian@lawinannarbor.com

JONATHAN R. MARKO (P72450)
MICHAEL L. JONES (P85223)
**MARKO LAW, PLLC**
Co-counsel for Plaintiff
220 W. Congress, 4th Floor
Detroit, Michigan 48226
P: (313) 777-7529 / F: (313) 470-2011
jon@markolaw.com
michael@markolaw.com

ADAM MASIN
SUNNY REHSI (P80611)
**BOWMAN AND BROOKE LLP**
Attorney for CHS TX, Inc. and Dr. Keith
Papendick, M.D.
101 W. Big Beaver Rd., Ste. 1100
Troy, MI 48084
(248) 205-3300
Adam.masin@bowmanandbrooke.com
Sunny.rehsi@bowmanandbrooke.com

---

## BRIEF IN OPPOSITION TO DEFENDANTS' MOTION IN LIMINE TO PRECLUDE PLAINTIFF FROM OFFERING EVIDENCE OR ARGUMENT RELATING TO THE 2022 CORIZON DIVISIONAL MERGER OR 2023 BANKRUPTCY

## <u>CONCISE STATEMENT OF ISSUES PRESENTED</u>

I.   Whether this Court should preclude Plaintiff's from introducing evidence of Defendants' financial condition, financial affairs and net worth, as well as Defendants' efforts to fraudulently escape liability to Plaintiff, in support of his punitive damages claim?

**Plaintiff states: No.**
**This Court should state: No.**

## **CONTROLLING OR MOST APPROPRIATE AUTHORITY**

### **Federal Rules**

Fed. R. Evid. 403

Fed. R. Evid. 402

Fed. R. Evid. 401

### **Cases**

*Kidis v. Reid,* 976 F.3d 708 (6th Cir. 2020)

*Corizon Health, Inc. v. Correctek, Inc.,* 2017 U.S. Dist. LEXIS 218247 (W.D. Ky. Dec. 11, 2017)

*United States v. Lang,* 717 Fed. Appx. 523 (6th Cir. 2017)

*Penman v. Correct Care Sols., LLC,* 2021 U.S. Dist. LEXIS 137633 (W.D. Ky. July 23, 2021)

## Introduction

Defendants' Motion seeks to both exclude evidence that is relevant to Plaintiffs' punitive damages claim, and asks the Court to provide inaccurate information to the jury about the relationship between the successor entity, CHS TX, Inc., and Corizon Health, Inc. It should not be granted.

## ARGUMENT

### I. Post-2021 documents evidencing Defendant's financial condition, financial affairs, and net worth are relevant to Plaintiff's claim for punitive damages

It is well-established that a "defendant's financial condition, financial affairs and net worth" are relevant when a plaintiff seeks punitive damages, including "the defendant's *current* financial condition and net worth." *See, e.g., In re Heparin Prods. Liab. Litig.*, 273 F.R.D. 399, 409 (N.D. Ohio 2011) (emphasis in original). Defendant CHS TX's size and corporate structure are also relevant to Plaintiff's claim for punitive damages. *See Penman v. Correct Care Sols., LLC*, 2021 U.S. Dist. LEXIS 137633 at *20 (W.D. Ky. July 23, 2021) (holding that "[t]he identity of companies within the CCS/Wellpath corporate family and the total number of corrections facilities at which CCS/Wellpath is currently providing medical services are relevant to the issues of CCS's financial worth and potential punitive damages.").

The financial information that is *most* relevant to a punitive damages claim is *current* financial information, not financial information from the time of the injury.

*See Corizon Health, Inc. v. Correctek, Inc.,* 2017 U.S. Dist. LEXIS 218247 at *11 (W.D. Ky. Dec. 11, 2017). Additionally, the information that may be introduced in support of a punitive-damages claim is not limited to the defendant's current net worth; "documents evidencing financial condition and affairs beyond net worth are [also] relevant to punitive damages." *Id.* at *12. Defendants' contention that Plaintiff should be precluded from introducing any post-2021 financial information or information concerning Defendant's corporate structure is therefore without merit.

## II. Defendants' proposed jury instructions regarding CHS TX, Inc's relationship to Corizon Health, Inc. are inaccurate and intended to conceal information that is relevant to the punitive-damages reprehensibility analysis

Defendants' proposed jury instructions that "(1) CHS TX, Inc. was created in January 2022, and (2) CHS is a defendant representing Corizon's interests because CHS continued Corizon's business following a 2022 transaction[,]" (ECF No. 149, PageID.5522) are potentially misleading and factually inaccurate. CHS TX, Inc. was not created in January 2022.  CHS TX, Inc. is the product of a "corporate mitosis" whereby on May 3, 2022, Corizon Health, Inc. split itself into two separate corporations. *Order on Plaintiff's Motion for Substitution*, ECF No. 89, PageID.3656.  One half of the severed company, CHS TX, Inc., received the active business and substantially all of the assets, ECF No. 114, PageID.4404, while the half, left with almost no assets and now known as Tehum Care Services, Inc., was

allocated all liability for hundreds of pending prisoner tort claims, including Mr. Jackson's claim. *See* ECF No. 83-4, PageID.3538-3552.

It is misleading to suggest that CHS TX, Inc. was formed as a separate entity in January 2022 that then entered into a transaction with Corizon in May 2022. Corizon *became* CHS TX in May of 2022, by splitting off from itself an essentially-assetless shell company containing nothing but liabilities. That shell company then filed a voluntary bankruptcy case in Texas, and promptly sued Mr. Jackson to enjoin him from continuing to prosecute his claim against CHS TX under the doctrine of successor liability. *See Tehum Care Services, Inc. v. Those Parties Listed in Appendix A (In re Tehum Care Services, Inc.),* ECF No. 1, Adv. No. 23-03049 (Bankr. S.D. Tex. March 23, 2023).

Defendant's corporate restructuring was clearly intended to allow the company to fraudulently evade liability to tort claimants like the Plaintiff. Defendant may yet succeed in that endeavor; it has already announced its intent to appeal this Court's successor-liability ruling if it does not prevail at trial. ECF No. 149, PageID.5513. Defendant's extensive efforts to place its assets beyond the reach of persons harmed by its obstinate refusals to provide medical care are themselves relevant to the "reprehensibility" of its conduct, which is "the most important indicium of the reasonableness of a punitive damages award." *BMW of N. Am. v. Gore,* 517 U.S. 559, 575 (1996). Indeed, "infliction of economic injury, especially

MARKOLAW.COM

220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226

P: (313) 777-7.LAW
F: (313) 771-5785

MARKO LAW

when done intentionally through affirmative acts of misconduct, or when the target is financially vulnerable, can warrant a substantial penalty." *Id.* at 576.

The fact that Defendant's efforts to fraudulently evade liability to the Plaintiff may not ultimately succeed does not render this conduct irrelevant to the question of punitive damages. The purpose of punitive damages is not to compensate the Plaintiff, but to vindicate "the State's interest in retribution" and "the State's interest in deterrence." *Romanski v. Detroit Entm't, L.L.C.*, 428 F.3d 629, 647 (6th Cir. 2005). As such, the Sixth Circuit has held that an award of punitive damages can be appropriate even when the defendant's wrongful conduct did not cause any injury to the plaintiff. *See Kidis v. Reid*, 976 F.3d 708, 718 (6th Cir. 2020) (allowing $50,000 award of punitive damages in § 1983 case, despite "the jury's determination that [defendant] did not cause any of [plaintiff's] injuries").

### III. Post-2021 evidence of Defendant's financial condition, financial affairs, and net worth, including evidence relating to the divisional merger, are not substantially more prejudicial than probative

Evidence that "Corzion [sic] and CHS were trying to evade liability" (ECF No. 149, PageID.5520) to Plaintiff and others through their corporate-restructuring and bankruptcy machinations is not substantially more prejudicial than probative under Rule 403. "Both [Rule 401 and 403] strongly favor admissibility—the only

problematic evidence is that which evokes *unfair* prejudice that *substantially outweighs* any material, probative value provided." *United States v. Lang,* 717 Fed. Appx. 523, 538 (6th Cir. 2017) (emphasis in original). As the *Lang* panel explained:

> In this context, prejudice means more than simply damage to the opponent's cause. A party's case is always damaged by evidence that the facts are contrary to his contentions, but that cannot be grounds for exclusion. What is meant here is an undue tendency to move the tribunal to decide on an improper basis, commonly, though not always, an emotional one. In the pungent phrase of Judge Sloan . . . the party "is entitled to hit as hard as he can above, but not below, the belt."

*Lang*, 523 Fed. Appx. at 528. In the context of a claim for punitive damages, Plaintiff is entitled to, and indeed must, show that "the defendant's culpability, after having paid compensatory damages, is so reprehensible as to warrant the imposition of further sanctions to achieve punishment or deterrence." *State Farm Mut. Auto Ins. Co. v. Campbell,* 538 U.S. 408, 419 (2003). The jury will not be "inflamed" by hearing evidence of CHS and Corizon's corporate restructuring transaction, unless they believe that the transaction is, in fact, "reprehensible." Reprehensible conduct will *always* be at least somewhat inflammatory, but that does not mean that evidence of a defendant's reprehensible conduct is unfairly prejudicial. "Unfair prejudice does not mean the damage to a defendant's case that results from the legitimate probative force of the evidence; rather it refers to evidence which tends to suggest a decision on an improper basis." *United States v. Talley,* 164 F.3d 989, 1000 (6th Cir. 1999).

MARKOLAW.COM

220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226

P: (313) 777-7LAW
F: (313) 771-5785

MARKO LAW

Nor, as Defendants argue, is this evidence unfairly prejudicial to Dr. Papendick. (ECF No. 149, PageID.5521). If anything, evidence of the divisional merger is likely to garner *sympathy* for Dr. Papendick, who is himself a victim of the wrongful conduct at issue. As this Court is likely aware, Dr. Papendick was promised defense and indemnification for lawsuits arising from his work for Corizon, and was falsely led to believe that he was covered by malpractice insurance. But after the divisional merger, Corizon/CHS TX abandoned their obligations to defend and indemnify Dr. Papendick, and did not leave enough cash in Tehum Care Services to meet the $18.5 million deductible under the applicable insurance policy. This caused Dr. Papendick's counsel to withdraw, *See* ECF No. 98, PageID.3962, and left him facing potentially ruinous civil liability from over a dozen lawsuits alone, without a lawyer, and without any applicable insurance coverage. Dr. Papendick was then "unjustly forced to cover the cost of defense and indemnification in this lawsuit with his own funds," (ECF No. 103, PageID.3984) which nearly drove him into personal bankruptcy. Dr. Papendick's role as the primary individual responsible for denying medical care to Michigan prisoners caused him to be named as a defendant in prisoner lawsuits far more frequently than any other physician in Michigan. There is perhaps no single individual who has suffered more harm from Corizon's fraudulent corporate restructuring than Dr. Papendick has.

## CONCLUSION

WHEREFORE, for all of the reasons set forth above, Plaintiff respectfully requests that this Honorable Court DENY Defendants' Motion in Limine to Preclude Plaintiff from Offering Evidence or Argument Relating to the 2022 Corizon Divisional Merger or 2023 Bankruptcy in its entirety and grant Plaintiff any other relief this Court deems just.

Respectfully submitted,

/s/ *Ian T. Cross*
Ian T. Cross (P83367)
Laurence H. Margolis (P69635)
**MARGOLIS & CROSS**
402 W. Liberty St.
Ann Arbor, MI 48103
(734) 994-9590
Email: ian@lawinannarbor.com

Date:  August 8, 2025

## PROOF OF SERVICE

The undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each attorney of record on **August 8, 2025**, via:

☐ U.S. Mail              ☐ Fax
☐ Hand Delivered         ☐ Overnight Carrier
☐ Certified Mail         ☐ Other:
☒ ECF System             ☐ Email

/s/ Ian T. Cross