## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

KOHCHISE JACKSON,

                Plaintiff,

v.

CHS TX, INC., et al.,

                Defendants.

Case No.:  2:19-cv-13382-GAD-PTM

U.S. DISTRICT COURT JUDGE
HON. GERSHWIN A. DRAIN

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S
## MOTION *IN LIMINE* TO PRECLUDE HEARSAY STATEMENTS
## REPORTEDLY MADE BY AN UNIDENTIFIED SPEAKER AT DR.
## KANSAKAR'S OFFICE [ECF 156]

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................2

STATEMENT OF ISSUES PRESENTED..............................................3

CONTROLLING OR MOST APPROPRIATE AUTHORITIES...........................4

INDEX OF EXHIBITS........................................................................5

INTRODUCTION .............................................................................6

ARGUMENT ..................................................................................6

    A. The Fact of the Call is Admissible ...............................................7

    B. The Challenged Statements are Not Hearsay Because They are
       Not Being Offered for Their Truth.................................................7

    C. The Medical Record is Admissible Under Fed. R. Evid. 803(6) ...................8

    D. Even If the Court Finds that the Challenged Statements are
       Hearsay, They Are Admissible under Fed. R. Evid. 807's
       "Residual Exception"................................................................9

CONCLUSION ..............................................................................12

[PROPOSED] ORDER DENYING PLAINTIFF'S MOTION *IN
LIMINE* TO PRECLUDE HEARSAY STATEMENTS
REPORTEDLY MADE BY AN UNIDENTIFIED SPEAKER AT
DR. KANSAKAR'S OFFICE [ECF 156] ...........................................17

1

# TABLE OF AUTHORITIES

Page(s)

Cases

*Biegas v. Quickway Carriers, Inc.*,
  573 F.3d 365 (6th Cir. 2009) ...............................................................7
*Helvey v. Lexington-Fayette Urban County Government*,
  2022 WL 1433453 (E.D. Ky. May 5, 2022)......................................................13
*Norton v. Colyer*,
  828 F.2d 384 (6th Cir. 1987) ...............................................................9
*Sims v. United States*,
  Nos. 04-70474, 99-80102, 2006 WL 8435527 n.14 (E.D. Mich. Jan. 18, 2006).10
*United States v. Branham*,
  97 F.3d 835 (6th Cir.1996) ...............................................................7, 8

Rules

Fed. R. Evid. 801 ...............................................................7
Fed. R. Evid. 801(c)(2) ...............................................................7
Fed. R. Evid. 803(6)...............................................................8, 9
Fed. R. Evid. 807 ............................................................... 9, 12
Fed. R. Evid. 807(a) ...............................................................10
Fed. R. Evid. 807(a)(2) ...............................................................12
Rule 803 or 804...............................................................9

## <u>STATEMENT OF ISSUES PRESENTED</u>

I.     Whether Defendants may introduce into evidence statements recorded in Plaintiff's prison medical record by Nurse Practitioner Ronald Drinkert after he called the office of Dr. Erina Kansakar.

**Defendants state:  Yes.**

**Plaintiff states:  No.**

**The Court should state: Yes.**

## **CONTROLLING OR MOST APPROPRIATE AUTHORITIES**

*Biegas v. Quickway Carriers, Inc.*, 573 F.3d 365 (6th Cir. 2009)

*United States v. Branham*, 97 F.3d 835 (6th Cir.1996)

*Sims v. United States*, Nos. 04-70474, 99-80102, 2006 WL 8435527 (E.D. Mich. Jan. 18, 2006)

*Helvey v. Lexington-Fayette Urban County Government*, 2022 WL 1433453 (E.D. Ky. May 5, 2022)

Fed. R. Evid. 801(c)(2)

Fed. R. Evid. 803(6)

Fed. R. Evid. 807

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

KOHCHISE JACKSON,

                    Plaintiff,

v.

CHS TX, INC., et al.,

                    Defendants.

Case No.:  2:19-cv-13382-GAD-PTM

U.S. DISTRICT COURT JUDGE

HON. GERSHWIN A. DRAIN

## INDEX OF EXHIBITS

| TAB | DESCRIPTION |
| --- | --- |
| A | March 5, 2021 Deposition Transcript of Erina Kansakar, M.D. |
| B | *Sims v. United States* |
| C | *Helvey v. Lexington-Fayette Urban County Government* |

## INTRODUCTION

In moving to exclude nurse practitioner Ronald Drinkert's entries in Plaintiff's prison health record, Plaintiff seeks to advance the fictional narrative that Defendants acted with "deliberate indifference" to Plaintiff's medical needs. Evidence that Mr. Drinkert called the office of Dr. Erina Kansakar, the surgeon who performed Plaintiff's original colostomy surgery, demand the opposite conclusion: Mr. Drinkert was diligent in identifying and clarifying Plaintiff's medical needs, and he recorded that information in Plaintiff's medical record.  As Plaintiff is aware, Mr. Drinkert will testify live at trial, and Plaintiff can cross-examine him on this subject.

Dr. Kansakar testified about Mr. Drinkert's note in her deposition **(Exhibit A).**  As set forth below, Dr. Kansakar had no reason to dispute the accuracy of Mr. Drinkert's notes, although she did not specifically remember the four-years-earlier call the note references.  As much as Plaintiff would prefer that the jury did not learn of Mr. Drinkert's diligence, neither the hearsay rule nor anything else supports exclusion of this evidence.  Plaintiff's Motion should be denied.

## ARGUMENT

Plaintiff's efforts to exclude nurse practitioner Drinkert's record of his call to Dr. Kansakar's office fails on multiple levels:

### A.   The Fact of the Call is Admissible

As an initial matter, there is no question that the fact that Mr. Drinkert made the call to Dr. Kansakar's office is admissible.  Mr. Drinkert will testify live will at trial and will confirm that he made the call the record reflects.

### B.   The Challenged Statements are Not Hearsay Because They are Not Being Offered for Their Truth

Fed. R. Evid. 801 defines hearsay, in pertinent part, as a statement "a party offers in evidence to prove the truth of the matter asserted in the statement."  Fed. R. Evid. 801(c)(2).   If statements, otherwise hearsay, are "offered for a different purpose—for example, to show the effect of the statements on the listener[,]" those statements are not hearsay, and they are admissible.  *Biegas v. Quickway Carriers, Inc.*, 573 F.3d 365, 378-79 (6th Cir. 2009); *see also, e.g., United States v. Branham*, 97 F.3d 835, 851 (6th Cir.1996) ("if the significance of a statement 'lies solely in the fact that it was made,' rather than in the veracity of the out-of-court declarant's assertion, the statement is not hearsay because it is not offered to prove the truth of the matter asserted.").

In this case, Defendants are not seeking to admit the statements recorded by Nurse Practitioner Drinkert for their truth:  they are not seeking to admit the statements for the truth of the statement that there were no medical issues or the truth of the statement that there was no medical necessity; rather, Defendants seek to introduce the statements for the their effect on Nurse Practitioner Drinkert in caring

7

for Plaintiff and on Dr. Papendick's decision on issues related to Plaintiff's request for colostomy reversal surgery.

Plaintiff acknowledges this legal framework but argues that the statements are admissible "for the limited purpose of showing the effect they had on Dr. Papendick's state of mind" in the course of his decision process only if Defendants can "establish a foundation by presenting evidence that Dr. Papendick actually reviewed and relied on the notes when making his decision." Pl. Mot. at 9. And Plaintiff argues that this is impossible because "it was unlikely that [Dr. Papendick] even had access to Mr. Jackson's medical records at the time." *Id.*

In fact, Dr. Papendick will testify that he did have access to prison medical records, though he did not have access to outside physicians' records, and he will testify that he would have reviewed and relied on the content of the prison medical records when deciding whether colostomy reversal surgery was "medically necessary" for Plaintiff. Under these circumstances, the statements, admitted not for their truth but for the effect they had on Dr. Papendick and on Mr. Drinkert – are not hearsay and are admissible into evidence at trial.

### C.   The Medical Record is Admissible Under Fed. R. Evid. 803(6)

It is undisputed that the challenged statements at issue were contemporaneously recorded in Plaintiff's medical records by Nurse Practitioner Drinkert.

8

The content of medical records is admissible under Fed. R. Evid. 803(6), which addresses the "compilation, in any form, of ... diagnoses, made at or near the time by ... a person with knowledge, if kept in the course of a regularly conducted business activity...."  Fed. R. Evid. 803(6); *see also, e.g, Norton v. Colyer*, 828 F.2d 384, 386-87 (6th Cir. 1987) (admitting medical records of Plaintiff's drug use "to support the defense contention that [Plaintiff's] repeated requests to be transferred to the infirmary were motivated more by the desire to obtain drugs than by actual medical necessity").

Plaintiff has not challenged the authenticity of the prison medical records. The content of these records, including the challenged statements, is admissible under Fed. R. Evid. 803(6).

### D.   <u>Even If the Court Finds that the Challenged Statements are Hearsay, They Are Admissible under Fed. R. Evid. 807's "Residual Exception"</u>

Even if the Court finds that the statements reported in Nurse Practitioner Drinkert's March 29, 2017 and April 7, 2017 records are hearsay (Defendants maintain that they are not, because they are not being offered for their truth), the Court should admit them under Fed. R. Evid. 807's "residual exception."

Rule 807 provides, in pertinent part:

**a) In General.** Under the following conditions, a hearsay statement is not excluded by the rule against hearsay even if the statement is not admissible under a hearsay exception in Rule 803 or 804:

9

> **(1)** the statement is supported by sufficient guarantees of trustworthiness--after considering the totality of circumstances under which it was made and evidence, if any, corroborating the statement; and
>
> **(2)** it is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts.

Fed. R. Evid. 807(a).   "District courts have considerable discretion in applying the residual exception to the hearsay rule[.]" *Sims v. United States*, Nos. 04-70474, 99-80102, 2006 WL 8435527, at *7 n.14 (E.D. Mich. Jan. 18, 2006), *Magistrate Judge's Report and Recommendation adopted*, 2006 WL 800844 (E.D. Mich. Fed. 28, 2006).[1] The statements reflected in Nurse Practitioner Drinkert's note satisfy the elements of Fed. R. Evid. 807(a).  First, the statements are supported by sufficient indicia of trustworthiness under the circumstances and in light of Dr. Kansakar's corroborating testimony.   Nurse Practitioner Drinkert made the call to Dr. Kansakar's office to obtain information and recorded the information contemporaneously in an official prison medical record.   Plaintiff did not depose Mr. Drinkert, and his motion fails to establish any reason why Nurse Practitioner Drinkert would not truthfully report what he was told.

Moreover, Dr. Kansakar's testimony corroborates the trustworthiness of Mr. Drinkert's statements.  It is true that Dr. Kansakar did not have a specific memory, at the time of her deposition four years later, of taking or learning about the call from

---

[1] Attached as **Exhibit B.**

10

Mr. Drinkert.  But she testified that she had no reason to dispute Mr. Drinkert's

record:

> 8· Q.· ·Okay.· So the answer to my question would probably be
> ·9· · · ·correct then.· It's fair to say that you have no
> 10· · · ·documentation regarding anything that would dispute
> 11· · · ·you having such conversations or your office having
> 12· · · ·conversations with the jail on January or -- I'm
> 13· · · ·sorry -- February 1st of 2017 and again with the
> 14· · · ·prison health care professionals on March 29, on or
> 15· · · ·around March 29th, 2017, or April 7th, 2017, correct?
> 16· A.· ·Correct**.**

Kansakar 3/5/21 Dep. Tr., **Exhibit A,** at 34:8-16.  Moreover, though Plaintiff

argues that "Dr. Kansakar's testimony indicates that she was of the opinion that

Plaintiff should receive a colostomy reversal," Pl Mot. at 18, Dr. Kansakar

ultimately testified in her deposition that a reversal was not medically necessary:

> 24 Q.· Would Kathy have been
> 25· · · ·incorrect to tell that to the jail person that this
>                           32
> ·1· · · ·was not medically necessary, it was a lifestyle
> ·2· · · ·preference?
> ·3· A.· ·**I think I would agree with the first part which says**
> ·4· · · ·**it's not medically necessary,** but I do not agree with
> ·5· · · ·just the second part that it's just a lifestyle
> ·6· · · ·preference.· It's for the mental and, you know,
> ·7· · · ·psychological well-being to have a normal colostomy, I
> ·8· · · ·mean colostomy reversed and having a natural route
> ·9· · · ·reestablished.

Kansakar Dep. Tr., Exhibit A, at 31:24-32:9 (emphasis added).  In turn, Mr. Drinkert

wrote that there was "no medical NECESSITY per outside documentation or from

conversation w/surgeon's office (Dr. Kansakar).  In sum, there are sufficient indicia

11

of trustworthiness, in both the circumstances under which Mr. Drinkert made his note and in Dr. Kansakar's corroborating testimony, to justify admission of Mr. Drinkert's notes under Fed. R. Evid. 807's "residual exception."

Rule 807 also requires that the challenged evidence be "more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts." Fed. R. Evid. 807(a)(2). In this case, in which the issue is whether Defendants were "indifferent" to Plaintiff's "medical needs," evidence that Mr. Drinkert took the time and initiative to call the outside surgeon who performed Plaintiff's original colostomy, and that he recorded the information he received so it could be reviewed by Dr. Papendick, easily satisfies this element of the Rule.

Given these circumstances, the Court should admit Mr. Drinkert's notes under Fed. R. Evid. 807's "residual exception" even if it finds that they are hearsay.

## CONCLUSION

The challenged statements Nurse Practitioner Drinkert recorded in the prison medical record are not hearsay. They are not being offered for their truth; rather, they are being offered for their effect on Mr. Drinkert in his treatment of Plaintiff and on Dr. Papendick in his decisions related to Plaintiff's request for colostomy reversal surgery.

12

Even if the Court finds otherwise, the statements are admissible under exceptions to the hearsay rule.  The court in *Helvey v. Lexington-Fayette Urban County Government*, 2022 WL 1433453 (E.D. Ky. May 5, 2022), [2] denied a motion made by Corizon seeking to exclude alleged hearsay within hearsay in a medical record.  The Court held,  "In the context of trial, there may be reasons that fall within one of the many hearsay exceptions to permit the statements." *Helvey*, 2022 WL 1433453 at *3.  This Court should reach the same result and should deny Plaintiff's Motion.

Respectfully submitted,

**BOWMAN AND BROOKE LLP**

By:   /s/*Sunny Rehsi*
Sunny Rehsi (P80611)
101 W. Big Beaver Road.,
Suite 1100 Troy, MI 48084
248.205.3300
sunny.rehsi@bowmanandbrooke.com

Adam Masin (Admitted 5/1/2025)
750 Lexington Avenue
New York, NY 10022
646.914.6790
adam.masin@bowmanandbrooke.com

Rachel B. Weil (Admitted 7/16/25)
123 South Broad Street, Suite 1512
Philadelphia, PA 19109
267.908.7097
rachel.weil@bowmanandbrooke.com

---

[2] Attached as **Exhibit C**.

*Attorneys for Defendants CHS TX, Inc. d/b/a*
*YesCare and Keith Papendick, M.D.*

## <u>CERTIFICATE OF SERVICE</u>

I certify that, on August 8, 2025, I electronically filed the foregoing paper with

the clerk of the United States District Court, Eastern District Southern Division using

the ECF system which will send notification of such filing to the following:

**Ian T. Cross**
Cross Law PLLC
Attorneys for Plaintiff
402 W. Liberty St.
Ann Arbor, MI  48103
724.994.9590
ian@lawinannarbor.com

**Laurence H. Margolis**
Margolis Law Firm
Attorneys for Plaintiff
214 South Main St., Suite 202
Ann Arbor, MI 48104
734.994.9590
assistant@lawinannarbor.com

**Jonathan R. Marko** (P72450
**Michael L. Jones** (P85223)
Marko Law, PLLC
220 W. Congress, 4th Floor
Detroit, MI 48226
313.777.7529
jon@markolaw.com
michael@markolaw.com

Respectfully submitted,

**BOWMAN AND BROOKE LLP**

By:     /s/*Sunny Rehsi*
                                                          
Sunny Rehsi (P80611)
101 W. Big Beaver Road.,
Suite 1100 Troy, MI 48084
248.205.3300
sunny.rehsi@bowmanandbrooke.com

15

Adam Masin (Admitted 5/1/2025)
750 Lexington Avenue
New York, NY 10022
646.914.6790
adam.masin@bowmanandbrooke.com

Rachel B. Weil (Admitted 7/16/25)
123 South Broad Street, Suite 1512
Philadelphia, PA 19109
267.908.7097
rachel.weil@bowmanandbrooke.com

*Attorneys for Defendants CHS TX, Inc. d/b/a
YesCare and Keith Papendick, M.D.*

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

KOHCHISE JACKSON,

                Plaintiff,

v.

CHS TX, INC., et al.,

                Defendants.

Case No.:  2:19-cv-13382-GAD-PTM

U.S. DISTRICT COURT JUDGE
HON. GERSHWIN A. DRAIN

## [PROPOSED] ORDER DENYING PLAINTIFF'S MOTION *IN LIMINE* TO PRECLUDE HEARSAY STATEMENTS REPORTEDLY MADE BY AN UNIDENTIFIED SPEAKER AT DR. KANSAKAR'S OFFICE [ECF 156]

For the reasons set forth in Defendants' Opposition to Plaintiff's Motion *in Limine* to Preclude Hearsay Statements Reportedly Made by an Unidentified Speaker at Dr. Kansakar's Office and any arguments thereto, the Plaintiff's motion is DENIED.

                                  _____

                                  Hon. Gershwin A. Drain