## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

KOHCHISE JACKSON,

               Plaintiff,

v.

CHS TX, INC., et al.,

               Defendants.

Case No.:  2:19-cv-13382-GAD-PTM

U.S. DISTRICT COURT JUDGE
HON. GERSHWIN A. DRAIN

## DEFENDANTS CHS TS, INC. AND DR. PAPENDICK'S OPPOSITION TO PLAINTIFF'S PROPOSED SPECIAL VERDICT FORM [ECF 169]

# <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES ......................................................................... ii

CONCISE STATEMENT OF ISSUES PRESENTED ........................................... iii

CONTROLLING OR MOST IMPORTANT AUTHORITY ..................................iv

ARGUMENT ..........................................................................................1

CONCLUSION.........................................................................................3

# <u>TABLE OF AUTHORITIES</u>

Page(s)

Cases

*Bridgeport Music, Inc. v. Justin Combs Pub.,*
   507 F.3d 470 (6th Cir. 2007) .................................................................................3

*Hickson Corp. v. Norfolk S. Ry. Co.*,
   260 F.3d 559 (6th Cir. 2001) ................................................................................2

*In re Bendectin Litigation*,
   857 F.2d 290 (6th Cir. 1988) ................................................................................3

## <u>CONCISE STATEMENT OF ISSUES PRESENTED</u>

1. Whether the Court should adopt Defendants' proposed verdict form, which accurately states the questions that the jury will need to decide, rather than Plaintiff's verdict form which would result in the need for an appeal.

**Defendants answer: Yes**

**Plaintiff likely answers: No**

**The Court should answer: Yes**

## <u>CONTROLLING OR MOST IMPORTANT AUTHORITY</u>

*Hickson Corp. v. Norfolk S. Ry. Co.*, 260 F.3d 559, 568 (6th Cir. 2001)

**ARGUMENT**

Plaintiff has submitted a proposed verdict form that asks the jury to "unanimously answer the following questions," but then Plaintiff's proposed verdict form ***does not ask the jury a single question***.  Rather, Plaintiff's proposed verdict form is a short collection of statements asking the jury to "find in favor of" Plaintiff or Defendants.  This is improper for several reasons and should be rejected.

***First***, Plaintiff's proposed verdict form is ripe for confusing the jury. Question "A" simply says "On the *Monell* claim . . . we the jury find in favor of" and then asks the jury to select either Plaintiff or Defendants.  This wording attempts to improperly shift the burden of proof from Plaintiff by simply asking the jury to select which party prevailed on the *Monell* claim.  There is ***no mention*** of deliberate indifference, the finding of a policy or procedure to deny care, a finding that the policy or procedure was followed in this instance and so on.  Plaintiff is attempting to side-step his burden by eliminating the elements of the claims that he must prove. His verdict form cannot be accepted.

This is also true of the damages questions on Plaintiff's proposed verdict form. Rather than asking the jury to decide whether Plaintiff has established an entitlement to damages, the form simply states: "We assess punitive damages against Defendant Corizon Health, Inc/CHS TX, Inc. as follows: $_____."

1

Defendants' proposed verdict form correctly asks the jury to consider, in sequential fashion, whether Plaintiff has proven all the elements of his claims, and to proceed to the next question in accordance with the answer to the current question. Defendants' proposed verdict form leaves no room for confusion and does not improperly shift the burden of proof away from Plaintiff as Plaintiff's proposed verdict form seeks to do.

**Second**, Plaintiff's proposed verdict form does not explain the elements he is required to prove in order to succeed on his claim. Jury instructions must aim to be clear and not confusing, and it is appropriate for the individual questions to explain the elements that a plaintiff needs to prove to succeed on a claim. *See Hickson Corp. v. Norfolk S. Ry. Co.*, 260 F.3d 559, 568 (6th Cir. 2001) ("the trial court should provide separate jury instructions for each of theory of liability that clearly explains the elements of each claim."). Defendants proposed verdict form does just that. The Court should use Defendants proposed verdict form.

**Third**, Defendants have a pending motion to bifurcate the liability and punitive damage portions of the trial. Plaintiff's proposed verdict form improperly includes "items" for the jury to assess punitive damages against the Defendants. Punitive damage questions must not be submitted to the jury on the initial verdict form. "[M]any courts have upheld cases bifurcated between liability and damages because the evidence pertinent to the two issues is wholly unrelated, and as a logical

matter, liability must be resolved before the question of damages." *In re Bendectin Litigation*, 857 F.2d 290, 309 (6th Cir. 1988). The Sixth Circuit endorsed a District Court's discretion to bifurcate punitive damages from the liability potion of trial. *See Bridgeport Music, Inc. v. Justin Combs Pub.,* 507 F.3d 470, 481 (6th Cir. 2007) ("The district court did not abuse its discretion by bifurcating the trial into liability and punitive damages phases.").  Plaintiff's proposed verdict form improperly lumps in punitive damages on the main verdict form.

## CONCLUSION

For the foregoing reasons, the Court should reject Plaintiff's Proposed Verdict Form and Use Defendants' Proposed Verdict Form.

Respectfully submitted,

**BOWMAN AND BROOKE LLP**

By:    /s/*Sunny Rehsi*
        Sunny Rehsi (P80611)
        101 W. Big Beaver Road.,
        Suite 1100 Troy, MI 48084
        248.205.3300
        sunny.rehsi@bowmanandbrooke.com

        Adam Masin (Admitted 5/1/2025)
        750 Lexington Avenue
        New York, NY 10022
        646.914.6790
        adam.masin@bowmanandbrooke.com

Rachel B. Weil (Admitted 7/16/25)
123 South Broad Street, Suite 1512
Philadelphia, PA 19109
267.908.7097
rachel.weil@bowmanandbrooke.com

*Attorneys for Defendants CHS TX, Inc. d/b/a*
*YesCare and Keith Papendick, M.D.*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on August 8, 2025, I electronically filed the foregoing paper with the clerk of the United States District Court, Eastern District Southern Division using the ECF system which will send notification of such filing to the following:

**Ian T. Cross**
Cross Law PLLC
Attorneys for Plaintiff
402 W. Liberty St.
Ann Arbor, MI 48103
724.994.9590
ian@lawinannarbor.com

**Laurence H. Margolis**
Margolis Law Firm
Attorneys for Plaintiff
214 South Main St., Suite 202
Ann Arbor, MI 48104
734.994.9590
assistant@lawinannarbor.com

**Jonathan R. Marko** (P72450
**Michael L. Jones** (P85223)
Marko Law, PLLC
220 W. Congress, 4th Floor
Detroit, MI 48226
313.777.7529
jon@markolaw.com
michael@markolaw.com

Respectfully submitted,

**BOWMAN AND BROOKE LLP**

By:    /s/*Sunny Rehsi*
Sunny Rehsi (P80611)
101 W. Big Beaver Road.,
Suite 1100 Troy, MI 48084
248.205.3300
sunny.rehsi@bowmanandbrooke.com

5

Adam Masin (Admitted 5/1/2025)
750 Lexington Avenue
New York, NY 10022
646.914.6790
adam.masin@bowmanandbrooke.com

Rachel B. Weil (Admitted 7/16/25)
123 South Broad Street, Suite 1512
Philadelphia, PA 19109
267.908.7097
rachel.weil@bowmanandbrooke.com

*Attorneys for Defendants CHS TX, Inc. d/b/a YesCare and Keith Papendick, M.D.*