# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| KOHCHISE JACKSON,<br><br>        Plaintiff,<br><br>v.<br><br>CHS TX, INC., et al.,<br><br>        Defendants. | Case No.: 2:19-cv-13382-GAD-PTM<br><br>U.S. DISTRICT COURT JUDGE<br>HON. GERSHWIN A. DRAIN |

### DEFENDANT CORIZON'S OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* TO ALLOW EVIDENCE OF BID MATERIALS SUBMITTED BY CORIZON IN RESPONSE TO DEPARTMENT OF CORRECTION'S REQUESTS FOR PROPOSAL[ECF 171]

Plaintiff seeks an order allowing the admission of bid materials submitted by Corizon to various states—including states not at issue here such as Kansas and Tennessee—alleging that such information will "assist jurors in making determinations as to why Mr. Jackson did not receive a colostomy reversal." Not so. Bid materials are irrelevant to the issues here and must be excluded pursuant to Fed. R. Civ. P 401, 402, 403, and 801.

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................. ii

STATEMENT OF ISSUES ................................................................................. iii

INTRODUCTION ..................................................................................................1

ARGUMENT ..........................................................................................................5

   I.  EVIDENCE OF "BID MATERIALS" ARE IRRELEVANT
      TO ANY ISSUE IN THIS CASE ...................................................................5

   II. EVIDENCE OF "BID MATERIALS" ARE UNDULY
      PREJUDICIAL ..............................................................................................6

CONCLUSION .......................................................................................................7

[PROPOSED] ORDER DENYING PLAINTIFF'S MOTION *IN
LIMINE* TO ALLOW EVIDENCE OF BID MATERIALS
SUBMITTED BY CORIZON IN RESPONSE TO
DEPARTMENT OF CORRECTION'S REQUESTS FOR
PROPOSAL [ECF 171] ........................................................................................11

# **TABLE OF AUTHORITIES**

Page(s)

Cases

*Lockard v. Bray*,
  602 F. Supp. 3d 998 (E.D. Mich. 2022) ................................................................6
*Samuels v. Allstate Prop. & Cas. Ins. Co.*,
  310 F. Supp. 3d 847 (E.D. Mich. 2018) ................................................................4
*United States v. LaVictor*,
  848 F.3d 428 (6th Cir. 2017) ...............................................................................5, 6
*United States v. Semrau*,
  693 F.3d 510 (6th Cir. 2012) ................................................................................6

Rules

Fed. R. Civ. P. 801 .......................................................................................................7
Fed. R. Evid. 402 .........................................................................................................5
Fed. R. Evid. 403 .........................................................................................................6
Rule 401 of the Federal Rules of Evidence ............................................................5

Other Authorities

2013 Kansas, 2012 ......................................................................................................5

## **STATEMENT OF ISSUES**

1. **Whether the Court should allow evidence of "bid materials" from various states not relevant to this action and from various years not relevant to Plaintiff's incarceration.**

Defendants' Answer: No

Plaintiff's Answer: Yes

Court Should Answer: No

## INTRODUCTION

This case is about whether the Eighth Amendment entitled Plaintiff Kochise Jackson to have a colostomy reversal surgery approved by Keith Papendick, M.D. and/or Corizon Health, Inc. while Plaintiff was an inmate in the Michigan Department of Corrections ("MDOC") between March 23, 2017, and May 16, 2019. More specifically, the case centers on Corizon's 2016-2021 contract with the MDOC, a decision Dr. Papendick made on April 19, 2017 to approve Plaintiff's continued colostomy care "at this time," and the MDOC's subsequent rejection of Plaintiff's request for a reversal surgery on June 8, 2017 and thereafter based on the MDOC's own policy not to approve his "non-essential" surgery. This case is ***not*** about various bid materials Corizon may have submitted in response to Requests for Proposal to various states and for contract years not at issue here.

Requests for Proposals ("RFPs") are documents used by state government agencies to solicit bids from vendors for various state institutions and services. As part of the bidding process for obtaining healthcare contracts with state correctional departments, Corizon (and others) submitted materials to several state governments in response to RFPs. Here, Plaintiff's Motion mentions Corizon's submissions relative to a 2013 Kansas Department of Corrections contract, a 2012 renewal of the Tennessee Department of Corrections healthcare contract, and a 2020 Michigan

1

Department of Corrections contract. These materials are inadmissible for several reasons.

***First***, the out of state "bid materials" Plaintiff seeks to be "allowed" are irrelevant here. There is no relevance to bid materials related to a 2013 contract in Kansas and 2012 contract in Tennessee discussing data from 2010. There are no allegations that Plaintiff was incarcerated in Kansas in 2013 or in Tennessee in 2012 and received substandard medical care from either. In any event, these materials are from years before Plaintiff's Michigan incarceration and allegations and are in entirely different states from Michigan, the state at issue here. They have no bearing on any issue in this case.

***Second***, the other bid materials mentioned in the Motion—from 2020 in Michigan—are irrelevant because Plaintiff was no longer incarcerated at that time. Even if there were some relevance attached to these materials by virtue of the fact that they relate to Michigan, the substance of what Plaintiff seeks to admit them for makes clear that they are irrelevant to any issue here.

***Third***, none of the "bid materials" discussed in Plaintiff's Motion have anything to do with the medical allegations involved in this case.

As to the 2020 Michigan contract, Plaintiff argues that the materials reflect reduced spending on ***psychiatric medication*** for the MDOC prison population. (Doc. 171 at 7-8). He asserts that this information "will assist jurors in making

2

determinations as to why Mr. Jackson did not receive a colostomy reversal." (*Id.* at 9). That Corizon had reduced expenditures in psychiatric medication simply has nothing to do with a decision Dr. Papendick made on April 19, 2017, to approve Plaintiff's continued colostomy care "at this time," and the subsequent denial of the colostomy reversal by MDOC.

As to the 2013 Kansas contract materials, Plaintiff argues that the materials show that Corizon was focused on charting the "volume of offsite care with the goal of reducing unnecessary offsite trips." (Doc. 171 at 7). That this document states that Corizon was attempting in Kansas to reduce unnecessary trips likewise has nothing to do with a decision Dr. Papendick made on April 19, 2017, in Michigan, to approve Plaintiff's continued colostomy care "at this time," and the subsequent denial of the colostomy reversal by MDOC.

The same is true for the 2012 Tennessee materials Plaintiff references in his Motion. The page included in Plaintiff's Motion discusses Corizon's utilization management system, which implemented cost-saving measures conducted in tandem with "improving healthcare services for the inmate population," and "enabling Corizon Inc. to provide ***appropriate clinical care*** and ***improved continuity of services*** while returning value to the state of Tennessee." (Doc. 171 at 9) (emphasis in original). These bid materials submitted to the state of Tennessee also have nothing to do with a decision Dr. Papendick made on April 19, 2017, in Michigan,

3

to approve Plaintiff's continued colostomy care "at this time," and the subsequent denial of the colostomy reversal by MDOC.

***Fourth***, Plaintiff's citation to the Court's prior rulings on Corizon's and Dr. Papendick's Motion for Summary Judgment were not findings by the Court that these specific pieces of evidence would be admissible at trial. Plaintiff cites the Court's Order, which held that Plaintiff had provided "sufficient circumstantial evidence" to survive summary judgment related to his allegations of cost-cutting measures controlling medical decisions. (Doc. 171 at 6). But there, the Court determined simply that there was a question of fact for the jury on the issues here—not that this specific evidence would be admissible at trial. That the Court's summary judgment order mentioned Plaintiff's allegations related to cost-cutting does not make the evidence subject to this motion admissible at trial.[1] *See Samuels v. Allstate Prop. & Cas. Ins. Co.*, 310 F. Supp. 3d 847, 865 (E.D. Mich. 2018) ("The submissions by a party opposing a motion for summary judgment need not

---

[1] Plaintiff also attempts to bolster his Motion by citing to the Court's recitation of his arguments in response to a motion to dismiss as a basis for the admission of this evidence: "As the Court explained over five years ago in its Order denying the Corizon Defendants' Motion to Dismiss, 'Plaintiff alleges that the [Corizon] Defendants denied him a colostomy reversal not based on the medical opinion of a medical professional on the appropriate course of treatment, but because of a policy or practice of delaying or denying all non-emergent or life threatening treatments in order to save money." (Doc. 171 at 6). Plaintiff's argument here is entirely unconvincing. It is clear that the Court was simply explaining Plaintiff's allegations, not adopting them.

4

themselves be in a form that is admissible at trial. Otherwise, affidavits themselves, albeit made on personal knowledge of the affiant, may not suffice, since they are out-of-court statements and might not be admissible at trial."). The Court's summary judgment Order is not a basis to grant Plaintiff's Motion.

## ARGUMENT

### I. EVIDENCE OF "BID MATERIALS" ARE IRRELEVANT TO ANY ISSUE IN THIS CASE

"Irrelevant evidence is not admissible." Fed. R. Evid. 402. Rule 401 of the Federal Rules of Evidence provides that evidence is relevant if:

(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and

(b) the fact is of consequence in determining the action.

The evidence sought to be admitted must "logically advance[] a material aspect of the proposing party's case." *United States v. LaVictor*, 848 F.3d 428, 442 (6th Cir. 2017).

There is no relevance to the 2013 Kansas, 2012 Tennessee, and 2020 Michigan bid materials Plaintiff seeks the Court to allow into evidence. This case is about Plaintiff, a colostomy patient in the custody of the MDOC from 2017 to 2019, during a contract that Corizon had with the MDOC from 2016 to May 2021. Bid materials from a time period after Plaintiff's incarceration in Michigan, and from two other states where he was never incarcerated are irrelevant to any issue here.

5

As detailed above, this "bid evidence," including statistics about reduced expenditures for psychiatric medications, is irrelevant for several additional reasons, including that the documents do not show that a decision Dr. Papendick made on April 19, 2017, to approve Plaintiff's continued colostomy care "at this time," was indicative of a policy or practice to deny medical care to keep costs down.

The Kansas, Tennessee, and post-incarceration Michigan "bid materials" do not logically advance any ***material aspect*** of Plaintiff's case. *See LaVictor*, 848 F.3d at 442. This evidence is irrelevant and inadmissible, and Plaintiff's Motion should be denied.

## II. EVIDENCE OF "BID MATERIALS" ARE UNDULY PREJUDICIAL

Even if the Court were to find evidence of bid materials relevant (they are not), these documents should still be excluded because any "probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." *Lockard v. Bray*, 602 F. Supp. 3d 998, 1005 (E.D. Mich. 2022) (citing Fed. R. Evid. 403). This Court has "very broad discretion in making this determination." *United States v. LaVictor*, 848 F.3d 428, 444 (6th Cir. 2017) (quoting *United States v. Semrau*, 693 F.3d 510, 523 (6th Cir. 2012)).

Once again, Plaintiff makes clear that he intends to make an illogical leap in reasoning to argue that because Corizon allegedly made some comments in bid

6

materials about reduced expenditures, including with respect to psychiatric sleep medications, it establishes that Corizon denied Plaintiff's colostomy reversal surgery based on a policy for denying medical care to save costs. The documents in question simply do not show what Plaintiff says they do, and the actual evidence says the opposite. Thus, admission of such evidence would confuse and mislead the jury into believing Plaintiff's false narrative on this issue—which is an ultimate issue that the jury will be tasked with deciding. Such an outcome would cause substantial undue prejudice to Defendants. The Court should use its very broad distraction and exclude this evidence.

These materials are also hearsay. Fed. R. Civ. P. 801. Plaintiff's Motion implies that portions of the bid materials did not come from Corizon. (Doc. 171 at 6). To the extent the Court does not exclude this evidence outright, Defendants reserve all rights to make objections to such evidence at trial.

## CONCLUSION

For the foregoing reasons, the Court should deny the Plaintiff's Motion *in Limine* to Allow Evidence of Bid Material Submitted by Corizon in Response to Department of Correction's Requests for Proposal.

        Respectfully submitted,

        **BOWMAN AND BROOKE LLP**

By:   /s/*Sunny Rehsi*
       Sunny Rehsi (P80611)
       101 W. Big Beaver Road.,
       Suite 1100 Troy, MI 48084
       248.205.3300
       sunny.rehsi@bowmanandbrooke.com

       Adam Masin (Admitted 5/1/2025)
       750 Lexington Avenue
       New York, NY 10022
       646.914.6790
       adam.masin@bowmanandbrooke.com

       Rachel B. Weil (Admitted 7/16/25)
       123 South Broad Street, Suite 1512
       Philadelphia, PA 19109
       267.908.7097
       rachel.weil@bowmanandbrooke.com

       *Attorneys for Defendants CHS TX, Inc. d/b/a YesCare and Keith Papendick, M.D.*

# **CERTIFICATE OF SERVICE**

I certify that on August 8, 2025, I electronically filed the foregoing paper with the clerk of the United States District Court, Eastern District Southern Division using the ECF system which will send notification of such filing to the following:

**Ian T. Cross**
Cross Law PLLC
Attorneys for Plaintiff
402 W. Liberty St.
Ann Arbor, MI  48103
724.994.9590
ian@lawinannarbor.com

**Laurence H. Margolis**
Margolis Law Firm
Attorneys for Plaintiff
214 South Main St., Suite 202
Ann Arbor, MI 48104
734.994.9590
assistant@lawinannarbor.com

**Jonathan R. Marko** (P72450
**Michael L. Jones** (P85223)
Marko Law, PLLC
220 W. Congress, 4th Floor
Detroit, MI 48226
313.777.7529
jon@markolaw.com
michael@markolaw.com

Respectfully submitted,

**BOWMAN AND BROOKE LLP**

By:  /s/*Sunny Rehsi*
Sunny Rehsi (P80611)
101 W. Big Beaver Road.,
Suite 1100 Troy, MI 48084
248.205.3300
sunny.rehsi@bowmanandbrooke.com

9

        Adam Masin (Admitted 5/1/2025)
750 Lexington Avenue
New York, NY 10022
646.914.6790
adam.masin@bowmanandbrooke.com

Rachel B. Weil (Admitted 7/16/25)
123 South Broad Street, Suite 1512
Philadelphia, PA 19109
267.908.7097
rachel.weil@bowmanandbrooke.com

*Attorneys for Defendants CHS TX, Inc. d/b/a YesCare and Keith Papendick, M.D.*

10

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| KOHCHISE JACKSON,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>CHS TX, INC., et al.,<br><br>　　　　　　Defendants. | Case No.: 2:19-cv-13382-GAD-PTM<br><br>U.S. DISTRICT COURT JUDGE<br>　HON. GERSHWIN A. DRAIN |

**[PROPOSED] ORDER DENYING PLAINTIFF'S MOTION *IN LIMINE* TO ALLOW EVIDENCE OF BID MATERIALS SUBMITTED BY CORIZON IN RESPONSE TO DEPARTMENT OF CORRECTION'S REQUESTS FOR PROPOSAL [ECF 171]**

For the reasons stated in Defendants' Opposition to Plaintiff's Motion *in Limine* to Allow Evidence of Bid Materials Submitted by Corizon in Response to Department of Correction's Requests for Proposal and any arguments thereto, the Plaintiff's motion is DENIED.

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　HON. GERSHWIN A. DRAIN