**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

KOHCHISE JACKSON,

    Plaintiff,

-vs-

CHS TX, INC., *et al.,*

    Defendants.

Case No. 19-cv-13382
Hon. Gershwin A. Drain

---

| | |
|---|---|
| LAWRENCE H. MARGOLIS (P69635)<br>IAN T. CROSS (P83367)<br>**MARGOLIS, GALLAGHER & CROSS**<br>Attorneys for Plaintiff<br>214 S. Main St., Ste. 200<br>Ann Arbor, MI 48104<br>(734) 994-9590<br>larry@lawinannarbor.com<br>ian@lawinannarbor.com<br><br>JONATHAN R. MARKO (P72450)<br>MICHAEL L. JONES (P85223)<br>**MARKO LAW, PLLC**<br>Co-counsel for Plaintiff<br>220 W. Congress, 4th Floor<br>Detroit, Michigan 48226<br>P: (313) 777-7777 / F: (313) 470-2011<br>jon@markolaw.com<br>michael@markolaw.com | THOMAS G. HACKNEY (P81283)<br>**HACKNEY ODLUM & DARDAS**<br>Attorney for Keith Papendick, M.D.<br>10850 E. Traverse Hwy., Ste. 4440<br>Traverse City, MI 49684<br>(231) 642-5057<br>thackney@hodlawyers.com<br><br>ADAM MASIN<br>SUNNY REHSI (P80611)<br>**BOWMAN AND BROOKE LLP**<br>Attorney for CHS TX, Inc.<br>101 W. Big Beaver Rd., Ste. 1100<br>Troy, MI 48084<br>(248) 205-3300<br>Adam.masin@bowmanandbrooke.com<br>Sunny.rehsi@bowmanandbrooke.com |

---

## PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE DEFENDANTS FROM ELICITING OPINION TESTIMONY FROM NON-RETAINED EXPERTS FOR WHOM RULE 26(a)(2)(C) DISCLOSURES WERE NOT PROVIDED

# **TABLE OF CONTENTS**

Index of Authorities ................................................................................... ii

Concise Statement of Issue Presented ..................................................... iv

Controlling or Most Appropriate Authority............................................. v

    I.    Defendants' Attempt to Call Unnamed Treaters Without Providing the Disclosures Required by Rule 26 Is Exactly the "Trial by Ambush" the Rule Forbids, and Even as Fact Witnesses They Cannot Offer Unfettered Medical Opinions Beyond Their Treatment Observations ............................................ 1

Conclusion ................................................................................................ 7

# INDEX OF AUTHORITIES

## Cases

*Avendt v. Covidien Inc.*,
No. 11-cv-15538, 2014 U.S. Dist. LEXIS 175843 (E.D. Mich. 2014) ................ 2, 3

*Devereux v. Knox Cty.*,
No. 3:17-CV-197-JRG-HBG, 2018 U.S. Dist. LEXIS 193216
(E.D. Tenn. 2018) ..................................................................................................... 1

*Fielden v. CSX Transp., Inc.*,
482 F.3d 866 (6th Cir. 2007) .................................................................................. 1, 2

*Gass v. Marriott Hotel Servs., Inc.*,
558 F.3d 419 (6th Cir. 2009) ....................................................................................... 6

*In re Aredia & Zometa Prods. Liab. Litig.*,
754 F. Supp. 2d 934 (M.D. Tenn. 2010) ................................................................. 5

*Lorenzi v. Pfizer, Inc.*,
519 F. Supp. 2d 742 (N.D. Ohio 2007) .................................................................. 6

*Mohney v. USA Hockey, Inc.*,
138 F. App'x 804 (6th Cir. 2005) ............................................................................ 1

*Wynacht v. Beckman Instruments, Inc.*,
113 F. Supp. 2d 1205 (E.D. Tenn. 2000) ............................................................... 5

## Federal Rules

Fed. R. Civ. P. 26 ............................................................................................... *passim*

Fed. R. Civ. P. 26(a)(2)(B) ................................................................................. *passim*

Fed. R. Civ. P. 26(a)(2)(C) ................................................................................. *passim*

Fed. R. Evid. 701 ................................................................................................... 5, 6

Fed. R. Evid. 702 ....................................................................................... 2, 3, 5

Fed. R. Evid. 703 .......................................................................................... 2, 3

Fed. R. Evid. 705 .......................................................................................... 2, 3

## CONCISE STATEMENT OF ISSUE PRESENTED

I. Whether Defendants' unnamed healthcare providers should be precluded from testifying at trial for failure to comply with the disclosure requirements of Fed. R. Civ. P. 26(a)(2)(B) or 26(a)(2)(C), and, even if any testimony were permitted, be strictly limited to lay testimony confined to personal knowledge and observations made during actual care of Plaintiff, excluding any opinions on causation, prognosis, standard of care, or other matters requiring expert qualification?

**Plaintiff states:**           Yes.

**This Court should state:**    Yes.

**Defendants state:**           No.

# **CONTROLLING OR MOST APPROPRIATE AUTHORITY**

Fed. R. Civ. P. 26(a)(2)

*In re Aredia & Zometa Prods. Liab. Litig.*, 754 F. Supp. 2d 934 (M.D. Tenn. 2010)

*Avendt v. Covidien Inc.*, No. 11-cv-15538, 2014 U.S. Dist. LEXIS 175843 (E.D. Mich. 2014)

**I.   DEFENDANTS' ATTEMPT TO CALL UNNAMED TREATERS WITHOUT PROVIDING THE DISCLOSURES REQUIRED BY RULE 26 IS EXACTLY THE "TRIAL BY AMBUSH" THE RULE FORBIDS, AND EVEN AS FACT WITNESSES THEY CANNOT OFFER UNFETTERED MEDICAL OPINIONS BEYOND THEIR TREATMENT OBSERVATIONS.**

Defendants' Defendants attempt to recast Plaintiff's motion as an unreasonable effort to exclude relevant medical testimony, but their rhetoric cannot obscure a simple fact: they have not complied with either Rule 26(a)(2)(B) or Rule 26(a)(2)(C) for the treating health care providers they now wish to call. Their opposition rests almost entirely on *Fielden v. CSX Transp., Inc.*, 482 F.3d 866 (6th Cir. 2007), and a single echoing case, while ignoring the limits courts have consistently placed on *Fielden*'s holding and the subsequent amendments to Rule 26 designed to prevent exactly the sort of "trial by ambush" they now pursue.

*Fielden* addressed whether a treating physician, under the particular facts of that case, was required to produce a Rule 26(a)(2)(B) expert report. It did not authorize parties to avoid disclosure altogether, nor did it hold that treating physicians could testify unfettered about opinions developed outside the course of treatment. Post-*Fielden* decisions—including *Devereux v. Knox Cty.*, No. 3:17-CV-197-JRG-HBG, 2018 U.S. Dist. LEXIS 193216 (E.D. Tenn. 2018), and *Mohney v. USA Hockey, Inc.*, 138 F. App'x 804 (6th Cir. 2005)—make clear that when a treating provider develops opinions after treatment ends, there is a lack of any evidence that the offered opinion was developed during the treatment, reviews litigation materials,

1

or offers testimony on subjects beyond personal treatment observations, Rule 26(a)(2)(B) applies in full, including the written report requirement.

Even if Rule 26(a)(2)(B) does not apply here, Defendants' argument collapses under the 2010 amendments to Rule 26. Those amendments created Rule 26(a)(2)(C) precisely to close the disclosure gap for witnesses exempt from the full report requirement—explicitly including treating physicians. As this Court explained in *Avendt v. Covidien Inc.*, No. 11-cv-15538, 2014 U.S. Dist. LEXIS 175843, at *9–10 (E.D. Mich. 2014):

> However, the cases *Fielden* cites in this respect were all decided prior to the 2010 Amendment to Rule 26.
>
> The 2010 Amendment to Federal Rule of Civil Procedure 26 introduced subsection (a)(2)(C) as a means to require disclosures from expert witnesses who are not required to produce written reports under subsection (a)(2)(B). Fed. R. Civ. P. 26 advisory committee's note. The advisory committee's note explains that subsection (a)(2)(C) "resolves a tension that has sometimes prompted courts to require reports under Rule 26(a)(2)(B) even from witnesses exempted from the report requirement." *Id*. The note further clarifies that a witness who is not required to provide a report under subsection (a)(2)(B), such as a treating physician, may testify as both a fact witness and an expert witness under Federal Rules of Evidence 702, 703, or 705, as long as he complies with the disclosure requirements of subsection (a)(2)(C).

*Id.*

The *Avendt* Court further explained that while Rule 26(a)(2)(B) applies to "a witness… retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony," Rule 26(a)(2)(C) governs where, as here, the witness is not retained for litigation, is

2

not an employee whose duties regularly involve giving expert testimony, and will testify based on personal knowledge acquired during treatment. *Id.* at *10-11. The *Avent* Court, accepting the argument made by the witness's proponent, found that subsection (a)(2)(C) applied and was required to permit the treater's testimony:

> Here, Dr. Rosen is a surgeon who was employed to perform abdominal wall repair surgery on Plaintiff approximately two years before Plaintiffs filed their Complaint. He was not specially retained to provide his expertise for this litigation and is certainly not an employee of Plaintiffs whose duties regularly involve giving expert testimony. . . . Plaintiffs also contend that Dr. Rosen's expected testimony is based on his personal knowledge of Permacol prior to Plaintiff's surgery, his aforementioned expertise, and his personal knowledge of and observations made during the course of Plaintiff's treatment. . . . Plaintiffs further affirm that Dr. Rosen formed his opinions regarding the cause of Plaintiff's injuries during the course of Plaintiff's treatment, not in anticipation of litigation. Finally, Dr. Rosen has disclosed the subject matter outside the scope of Plaintiff's treatment on which he intends to present evidence, which will eliminate any unfair surprise in his testimony in accordance with the spirit of Rule 26. After considering each of the various methods and factors used by courts when classifying expert witnesses under either Rule 26(a)(2)(B) or (C), the Court finds that Dr. Rosen is an expert witness subject to the requirements of Rule 26(a)(2)(C).
>
> A Rule 26(a)(2)(C) expert disclosure must state the subject matter of the evidence the witness is expected to present under Federal Rule of Evidence 702, 703, or 705, and a summary of the facts and opinions to which the witness is expected to testify. Fed. R. Civ. P. 26(a)(2)(C). Dr. Rosen's February 21, 2014 supplemental expert disclosure consists of seven, single-spaced paragraphs, five of which purportedly represent Plaintiffs' counsel's "good faith belief of Dr. Rosen's opinions" and the expected subject matter of his testimony.

*Id.* at *11-13 (internal citations omitted).

Thus, subsection (a)(2)(C) requires that even non-reporting experts be identified by name and that the disclosure "state the subject matter on which the witness is expected to present evidence" and "a summary of the facts and opinions" to which they will testify. That is not an onerous burden—it is the bare minimum to prevent unfair surprise.

Defendants have done neither. Their "disclosure" is a single, catchall sentence:

> "CHS TX also reserves the right to call Plaintiff's treating health care providers to provide opinions about Plaintiff reached in the course of their care or treatment of Plaintiff." **(ECF No. 151-2, PageID.5717).**

This is no disclosure at all. It names no witness, identifies no subject matter, and summarizes no opinion. It is precisely the sort of vague placeholder Rule 26(a)(2)(C) was designed to prevent. By contrast, even disclosures found insufficient in other cases—such as those in *Stanton*—contained more detail than Defendants' one-line reservation. Here, unlike in *Avendt*, there is no "good faith" representation of what the witness will say, when the opinions were formed, or whether they are limited to treatment-based observations.

Defendants' failure is not harmless. Without knowing who these witnesses are or what opinions they will offer, Plaintiff cannot fairly prepare for cross-examination, obtain rebuttal experts if needed, or move to exclude testimony that exceeds the permissible scope for lay treating physicians. That is why Rule 26 ties

4

disclosure to admissibility: the failure to disclose under either subsection (B) or (C) warrants exclusion.

Even when offered only as a lay witness, a treating physician's testimony is not limitless. Under Federal Rule of Evidence 701, a lay witness may testify only to opinions "rationally based on the witness's perception" and "not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Thus, the scope of permissible lay testimony from a medical treater is restricted to observations and conclusions drawn during the course of treatment, based on personal knowledge.

Testimony straying beyond those contemporaneous observations — including post hoc causation opinions, evaluations of another provider's care, or conclusions derived from reviewing outside records or litigation materials — constitutes expert testimony under Rule 702. *See In re Aredia & Zometa Prods. Liab. Litig.*, 754 F. Supp. 2d 934, 937 (M.D. Tenn. 2010) ("The ability to diagnose medical conditions is not remotely the same… as the ability to… describe… the causes of those medical conditions.") (quoting *Wynacht v. Beckman Instruments, Inc.*, 113 F. Supp. 2d 1205, 1211 (E.D. Tenn. 2000)). Courts in this Circuit have repeatedly excluded treating physicians' causation opinions absent Rule 26 compliance, holding that a treater "is not permitted to go beyond the information acquired or the opinion reached as a result of the treating relationship to opine as to the causation of any injury." *Id*.

5

(quoting *Lorenzi v. Pfizer, Inc.*, 519 F. Supp. 2d 742, 750 n.6 (N.D. Ohio 2007)); *see also, Gass v. Marriott Hotel Servs., Inc.*, 558 F.3d 419, 426–28 (6th Cir. 2009) (excluding causation opinions where nothing in the treating physicians' experience during care provided a reliable basis).

Because Defendants have not served *any* Rule 26(a)(2)(B) or (a)(2)(C) disclosures for these witnesses, any opinions requiring specialized medical knowledge — including causation — must be excluded. Their testimony should be limited strictly to factual observations and treatment-related conclusions formed **<u>during their care</u>** of Plaintiff.

In short, the title "healthcare provider" is not a license for limitless medical opinion testimony untethered from the witness's treatment and first-hand observations.

Ultimately, Defendants' position is not supported by *Fielden*, by post-*Fielden* authority, or by the plain text of Rule 26 as amended. It is supported only by their transparent desire to surprise Plaintiff at trial with undisclosed witnesses and undisclosed opinions. This Court should reject that tactic, enforce the disclosure requirements as written, and preclude any testimony from these unidentified treating health care providers that exceeds the strict limits of lay testimony under Rule 701.

## CONCLUSION

WHEREFORE, for all of the reasons set forth above, Plaintiff respectfully requests that this Honorable Court GRANT his Motion in Limine to preclude Defendants from eliciting opinion testimony from non-retained experts for whom Rule 26(a)(2)(C) disclosures were not provided in its entirety and grant Plaintiff any other relief this Court deems just.

Respectfully submitted,

*/s/ Jonathan R. Marko*
Jonathan R. Marko (P72450)
Attorney for Plaintiff
**MARKO LAW, PLLC**
220 W. Congress, 4th Floor
Detroit, MI 48226
P: (313) 777-7777 / F: (313) 470-2011
Date: August 11, 2025                              Email: jon@markolaw.com

**PROOF OF SERVICE**

The undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each attorney of record on **August 11, 2025**, via:

- ☐ U.S. Mail
- ☐ Hand Delivered
- ☐ Certified Mail
- ☒ ECF System
- ☐ Fax
- ☐ Overnight Carrier
- ☐ Other: Mi-FILE Truefiling
- ☐ Email

*/s/Ebony White*

7