UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| KOHCHISE JACKSON,<br><br>        Plaintiff,<br><br>v.<br><br>CORIZON HEALTH, INC., et al.,<br><br>        Defendants | Case No.:  2:19-cv-13382-GAD-PTM<br><br>U.S. DISTRICT COURT JUDGE<br>HON. GERSHWIN A. DRAIN |

**DEFENDANT CHS TX, INC. AND KEITH PAPENDICK, M.D.'S
REPLY IN FURTHER SUPPORT OF DEFENDANTS' MOTION
*IN LIMINE* TO PRECLUDE PLAINTIFF FROM ARGUING
THAT DEFENDANTS HAVE LIABILITY AFTER THE
MDOC  DENIED HIS STEP II GRIEVANCE ON JUNE 8, 2017 [ECF 143]**

Defendants CHS TX, Inc. and Keith Papendick, M.D. respectfully file this Reply in further support of their Motion *in limine* to preclude Plaintiff from arguing that Defendants have liability after the MDOC denied his Step II Grievance on June 8, 2017.  For the reasons stated in Defendants' Motion and herein, the Court should grant the Motion and issue an instruction limiting any potential damages period to April 19, 2017 through June 8, 2017.

32326553

# ARGUMENT

**"The Michigan Department of Corrections (MDOC) doesn't reverse colostomies unless it is medically necessary, the surgery you are requesting is non-essential...the Department will not ok a dangerous unnecessary elective procedure, a reversal for a functional colostomy is considered non-essential. POLICY IS NO REVERSALS UNLESS there is a MEDICAL REASON."**

Motion, Ex. F (all caps in original).

MDOC's policy is undisputed by any evidence. Plaintiff just wants to pretend that an MDOC official did not state or apply MDOC's policy on June 8, 2017, or that two other MDOC officials did not expressly affirm this MDOC policy on October 13, 2017 in a final decision, or that none of this matters to his § 1983 claim against Defendants. That is nonsense. The MDOC's imposition of its own policy on June 8, 2017 is plainly relevant to the claims and defenses in this case, including the fact that Corizon and Dr. Papendick were not the final decision-maker relating to Plaintiff's desire for a reversal surgery. As Defendants' motion explained, imposition of MDOC's policy is also an event that cleanly breaks any causal chain with Dr. Papendick's April 19, 2017 decision to approve Plaintiff's continued colostomy care "at this time," because that decision, if ever, was certainly not the "moving force" at play once the MDOC imposed its own policy. *See* Motion, at 14. Accordingly, the Court should limit the period of potential damages against Defendants from April 19, 2017 to June 8, 2017. It is not Defendants' fault that Plaintiff did not try to sue the MDOC.

Plaintiff's initial argument that Defendants somehow waived a causation defense is wrong. Apart from the fact that "moving force" causation is an element of his claims on which he has the burden of proof, Defendants expressly preserved all causation defenses relating to an Eighth Amendment and § 1983 claims, including the defense that any injuries or damage "are attributable to entities and/or persons other than Defendants." ECF 34, ¶¶ 4,5, 10, 17.

Plaintiff's response brief next offers a host of irrelevant arguments that all fail to address the salient issue: the MDOC's ***policy*** is what matters to causation. Plaintiff therefore misplaces his reliance on cases holding that a prison official involved in grievance denials cannot be held liable under §1983 for the *mere* wrongful denial of a prison grievance. For example, Plaintiff relies on *Martin v. Harvey*, 14 F. App'x 307, 308 (6th Cir. 2001), where the prisoner alleged a prison doctor violated his rights by refusing to examine and properly treat his right shoulder joint problem. The Court ***affirmed summary judgment in favor of the prison doctor*** and there was no contention that the prison official who denied the prisoner's grievance about the doctor's decision was imposing an prison policy in doing so. The same was true in *Alder v. Corr. Med. Servs.,* 73 F. App'x 839, 840 (6th Cir. 2003), where ***the Court also affirmed summary judgment for the prison doctor*** and there was also no question about imposition of a prison policy in denying the resulting grievance.

Plaintiff also misplaces his reliance on *Moore v. Warren*, No. 13-CV-11831, 2013 WL 6817307, at *4 (E.D. Mich. Dec. 24, 2013). The grievances there merely involved (i) an untimely complaint that the plaintiff did not see a physician on a promised date, and (ii) an untimely complaint that a nurse was denying the plaintiff's request to see a doctor because she was in segregation. In that case, MDOC official at issue, Subrina Aiken, only "reported the results of her investigation." Unlike the present case, was no contention that Aiken stated or imposed any MDOC policy in doing so, or that the MDOC later expressly affirmed its own policy in denying the Stage III grievance. *Id*.

Unable to cite precedent about an intervening imposition of a prison's own **policy**, Plaintiff fantasizes about a situation where prison officials who review grievances would falsely insulate their healthcare contractors from liability by issuing a "properly-worded denial" of the grievance. But this hypothetical is unavailing. It is black letter *Monell* law that prisons and prison officials can be held liable for **policy**-based decisions, and the law is equally clear that prison officials who deny grievances can be held under § 1983 when the official condones or otherwise approves the alleged unconstitutional denial of medical care. *See Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). In any event, there is no evidence that any MDOC official has such an intent relating to Plaintiff's desired surgery.

32326553

4

Plaintiff did not depose any MDOC officials in this case. Plaintiff's improper reliance on snippets of MDOC officials' inapposite deposition testimony from other cases—documents which are not on their Exhibit List—says nothing about the MDOC's express policy at issue regarding colostomy reversals. Plaintiff's "foreseeability" argument, however, only proves why this case never should have gone to a jury in the first place. The only reason it could have been foreseeable that Dr. Papendick's decision on April 19, 2017 would lead to a denial of Plaintiff's grievance is because Dr. Papendick and Corizon were not the final decision-maker regarding the MDOC policy on colostomy reversal requests. The MDOC was. But the issue in this motion is more narrow—Plaintiff should not be permitted to argue that Dr. Papendick or Corizon were the "moving force" behind a decision not to approve his colostomy reversal request after the MDOC imposed its own policy on June 8, 2017 because there is no evidence otherwise. Dr. Papendick and Corizon were never again asked to consider such a request from Plaintiff.

Accordingly, the Court should limit the period of potential damages against Defendants from April 19, 2017 to June 8, 2017.

Dated: August 12, 2025

           Respectfully submitted,

           **BOWMAN AND BROOKE LLP**

By:   /s/*Sunny Rehsi*
       Sunny Rehsi (P80611)
       101 W. Big Beaver Road., Suite 1100
       Troy, MI 48084
       248.205.3300
       sunny.rehsi@bowmanandbrooke.com

       Adam Masin (Admitted 5/1/2025)
       750 Lexington Avenue
       New York, NY 10022
       646.914.6790
       adam.masin@bowmanandbrooke.com

       Rachel B. Weil (Admitted 7/16/25)
       123 South Broad Street, Suite 1512
       Philadelphia, PA 19109
       267.908.7097
       rachel.weil@bowmanandbrooke.com

       *Attorneys for Defendants CHS TX, Inc. d/b/a YesCare and Keith Papendick, M.D.*

## CERTIFICATE OF SERVICE

I certify that, on August 12, 2025, a copy of the foregoing document in the above-captioned proceeding has been served upon the attorneys listed below via electronic mail:

**Ian T. Cross** (P83367)
Cross Law PLLC
Attorneys for Plaintiff
402 W. Liberty St.
Ann Arbor, MI  48103
724.994.9590
ian@lawinannarbor.com

**Laurence H. Margolis** (P69635)
Margolis Law Firm
Attorneys for Plaintiff
214 South Main St., Suite 202
Ann Arbor, MI 48104
734.994.9590
assistant@lawinannarbor.com

**Jonathan R. Marko** (P72450)
**Michael L. Jones** (P85223)
Marko Law, PLLC
220 W. Congress, 4th Floor
Detroit, MI 48226
313.777.7529
jon@markolaw.com
michael@markolaw.com

Respectfully submitted,

**BOWMAN AND BROOKE LLP**

By: /s/*Sunny Rehsi*
Sunny Rehsi (P80611)
101 W. Big Beaver Road.,
Suite 1100 Troy, MI 48084
248.205.3300
sunny.rehsi@bowmanandbrooke.com

Adam Masin (Admitted 5/1/2025)
750 Lexington Avenue

32326553                                                  7

        New York, NY 10022
        646.914.6790
        adam.masin@bowmanandbrooke.com

        Rachel B. Weil (Admitted 7/16/25)
        123 South Broad Street, Suite 1512
        Philadelphia, PA 19109
        267.908.7097
        rachel.weil@bowmanandbrooke.com

        *Attorneys for Defendants CHS TX, Inc. d/b/a YesCare and Keith Papendick, M.D.*