## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

KOHCHISE JACKSON,

                Plaintiff,

v.

CHS TX, INC., et al.,

                Defendants.

Case No.:  2:19-cv-13382-GAD-PTM

U.S. DISTRICT COURT JUDGE
HON. GERSHWIN A. DRAIN

## DEFENDANTS' REPLY IN SUPPORT OF
## MOTION *IN LIMINE* TO EXCLUDE THE OPINIONS OF RALPH
## SILVERMAN, M.D. PURSUANT TO RULES 702, 401, AND 403
## OF THE FEDERAL RULES OF EVIDENCE [ECF NO. 144]

Under *Gen. Electric v. Joiner*, 522 U.S. 136 (1997), and its progeny, this Court, as gatekeeper, has the discretion to exclude expert testimony "that is connected to existing data only by the *ipse dixit* of the expert." *Nelson v. Tennessee Gas Pipeline Co*., 243 F.3d 244, 254 (6th Cir. 2001), *citing Joiner*, 522 U.S. at 146. In this case, Plaintiff and his retained medical expert, Dr. Silverman, insist that Dr. Silverman's opinions correctly reflect the applicable medical "consensus" and standard of care relevant to Michigan decisions about colostomy reversal surgery. But Dr. Silverman offers no other support for any of his opinions.  This Court should hold that Dr. Silverman's proposed testimony is "connected to existing data only by"

Dr. Silverman's own "ipse dixit," *id.*, and should exclude it from the trial of this case.

## ARGUMENT

Plaintiff argues that Dr. Silverman may testify based only on his experience – that it is not required that "every opinion rendered by Dr. Silverman . . . be backed up by some citation to medical literature." ECF 181 at 11. But the converse is equally true: it is not the law that every opinion rendered by Dr. Silverman is admissible simply because he says it is so. While Dr. Silverman is an experienced surgeon who can offer certain testimony about colostomy reversals on the basis of his experience, he is a Missouri doctor who has also practiced in Texas. It is undisputed that he does not practice, and has not practiced, in Michigan or in any of the other 47 states. Nevertheless, he opines, without  citation, about a "broad consensus" in the medical community relevant to colostomy reversals, **ECF 144, Ex. D**, and about the relevant "standard of care." **ECF 144, Ex. A.** These are key opinions, at the heart of the elements of Plaintiff's claims, and Dr. Silverman offers no basis for them and no authority that supports them. And these opinions are, by definition, beyond Dr. Silverman's experience, because he does not have a national practice and does not practice in Michigan, yet he does nothing to "explain how [his] experience leads to the conclusion[s] he reached [or] why that experience is a

2

sufficient basis for [his] opinion. . . . ." *Thomas v. Novartis Pharms. Corp.*,[1] 443 F. App.x. 58, 62 (6th Cir. 2011).

The danger in admitting these opinions, given Dr. Silverman's failure to support them, identify a basis for them, or explain how his experience equips him to offer them, is that the jury will accept them as true simply because they are cloaked in Dr. Silverman's white coat; in other words, that the jury will believe the opinions are authoritative because Dr. Silverman is a doctor who practices in the relevant field. And this potential for prejudice and confusion substantially outweighs the probative value of these opinions, which are beyond the scope of Dr. Silverman's experience and for which he offers no authority.

Even more egregious is Dr. Silverman's assertion that "[c]olostomy reversal surgeries are generally considered to be medically necessary" because, "to his knowledge," Medicare and private insurance have reimbursed these procedures for *his* patients in Missouri. **ECF 144, Ex. D, Par. 22.** He cites no documentation for this empirical statement, explicitly based only on his own attenuated recollection, and does not (and cannot) explain how this generalizes to a "medical necessity" determination – which, by definition, is patient-by-patient – for patients in Michigan or anywhere else in the country. Dr. Silverman must not be permitted to testify, on this admittedly inadequate basis, that "colostomy reversal is generally medically

---

[1] ECF 144, Exhibit D.

necessary." This testimony goes to an ultimate element of Plaintiff's claim, and Defendants will suffer significant prejudice if the jury is permitted to believe that Dr. Silverman's limited anecdotal recollection on this point is general and authoritative.

Defendant maintains that all of Dr. Silverman's proposed testimony consists of *ipse dixit* generalizations that should be excluded.   If the Court disagrees, and permits Dr. Silverman to testify at all, it should preclude him from offering his unsupported opinions about:  1) a "broad consensus" about colostomy reversal; 2) a relevant "standard of care" applicable to colostomy reversal; or 3) the "general medical necessity" of colostomy reversal, all of which, by definition, are beyond the scope of Dr. Silverman's experience.[2]

## CONCLUSION

Before Fed. R. Evid. 702 was amended, in 2023, a fair reading of the Rule might have justified admitting Dr. Silverman's opinions, reasoning that Defendants' challenges to those opinions went to the weight of those opinions and not to their admissibility.  That is no longer the case, as the Court is now charged with deciding, as a threshold matter, whether all admissibility criteria have been proven by a

---

[2] In addition, if the Court admits any testimony from Dr. Silverman's opinions, it should instruct the jurors that they are not permitted to rely on Dr. Silverman's testimony to infer anything about the care that Corizon or Dr. Papendick provided to patients other than Plaintiff.

preponderance of the evidence.  *See, e.g., In re Chrysler Pacifica Fire Recall Prods. Liab. Litig.*, 767 F. Supp. 3d 495, 504 (E.D. Mich. 2025), *citing* Fed. R. Evid. 702 Advisory Committee Notes to 2023 Amendments.   Dr. Silverman's "broad consensus," "standard of care," and "medical necessity" opinions fail to satisfy Rule 702's admissibility standard, and those opinions should be excluded pursuant to Rules 702, 401, and 403 even if the Court permits Dr. Silverman to offer other testimony on the basis of his experience. [3]

Respectfully submitted,

**BOWMAN AND BROOKE LLP**

By:   /s/*Sunny Rehsi*
Sunny Rehsi (P80611)
101 W. Big Beaver Road.,
Suite 1100 Troy, MI 48084
248.205.3300
sunny.rehsi@bowmanandbrooke.com

Adam Masin (Admitted 5/1/2025)
750 Lexington Avenue
New York, NY 10022
646.914.6790
adam.masin@bowmanandbrooke.com

---

[3] The Court should disregard Plaintiff's argument that "[t]his Court has already noted that Plaintiff has shown sufficient evidence that Defendants' conduct was not based on medical judgment, but rather on profit-seeking motivations."  ECF 181 at 18. What the Court held, in ECF 73, was that Plaintiff had created issues of fact sufficient to defeat summary judgment.  This does not amount to a finding, on any issue, that Plaintiff has or can sustain his burden of proving his claims with evidence that is admissible at trial.

Rachel B. Weil (Admitted 7/16/25)
123 South Broad Street, Suite 1512
Philadelphia, PA 19109
267.908.7097
rachel.weil@bowmanandbrooke.com

*Attorneys for Defendants CHS TX, Inc. d/b/a*
*YesCare and Keith Papendick, M.D.*

## <u>CERTIFICATE OF SERVICE</u>

I certify that, on August 12, 2025, I electronically filed the foregoing paper with the clerk of the United States District Court, Eastern District Southern Division using the ECF system which will send notification of such filing to the following:

**Ian T. Cross**
Cross Law PLLC
Attorneys for Plaintiff
402 W. Liberty St.
Ann Arbor, MI  48103
724.994.9590
ian@lawinannarbor.com

**Laurence H. Margolis**
Margolis Law Firm
Attorneys for Plaintiff
214 South Main St., Suite 202
Ann Arbor, MI 48104
734.994.9590
assistant@lawinannarbor.com

**Jonathan R. Marko** (P72450
**Michael L. Jones** (P85223)
Marko Law, PLLC
220 W. Congress, 4th Floor
Detroit, MI 48226
313.777.7529
jon@markolaw.com
michael@markolaw.com

Respectfully submitted,

**BOWMAN AND BROOKE LLP**

By:    /s/*Sunny Rehsi*
Sunny Rehsi (P80611)
101 W. Big Beaver Road.,
Suite 1100 Troy, MI 48084
248.205.3300
sunny.rehsi@bowmanandbrooke.com

Adam Masin (Admitted 5/1/2025)
750 Lexington Avenue
New York, NY 10022
646.914.6790
adam.masin@bowmanandbrooke.com

Rachel B. Weil (Admitted 7/16/25)
123 South Broad Street, Suite 1512
Philadelphia, PA 19109
267.908.7097
rachel.weil@bowmanandbrooke.com

*Attorneys for Defendants CHS TX, Inc. d/b/a*
*YesCare and Keith Papendick, M.D.*