## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

KOHCHISE JACKSON,

                Plaintiff,

v.

CHS TX, INC., et al.,

                Defendants.

Case No.:  2:19-cv-13382-GAD-PTM

U.S. DISTRICT COURT JUDGE
HON. GERSHWIN A. DRAIN

**DEFENDANTS' REPLY IN SUPPORT OF MOTION *IN LIMINE* TO PRECLUDE PLAINTIFF FROM OFFERING EVIDENCE FROM INMATES OTHER THAN PLAINTIFF CONCERNING THE ADEQUACY OF THEIR COLOSTOMY CARE [ECF 147]**

According to the U.S. Prison Guide, approximately 1.9 million people were incarcerated in the United States as of early 2025.  *See* https://usprisonguide.com/u-s-prison-population-statistics-2025/.  Corizon cared for approximately 40,000 patients in MDOC alone between 2017 and 2019.  Plaintiffs argue that anecdotal, unsupported testimony from two of these inmates – one current, one former – recounting their own dissatisfaction with care they received from unidentified health care providers, should be admitted as "evidence" of a "pattern" of illegal conduct by Defendants.  The testimony is inadmissible, as are the affidavits the witnesses have submitted which, as Plaintiff concedes, are composed of layers of hearsay.

## ARGUMENT

As Defendants have explained, Plaintiff alleges that, when Defendants did not approve surgery in 2017 to reverse his colostomy, their decision was part of a "clear and persistent pattern of illegal activity," *Thomas v. City of Chattanooga*, 398 F.2d 426, 429 (6th Cir. 2005) and therefore violated his Eighth Amendment rights. Plaintiff and his experts argue that Defendants were wrong in deciding that colostomy reversal surgery was not "medically necessary."

Ostensibly in support of his claim, Plaintiff offers the affidavits, and perhaps the testimony, of: 1) Larry Cowan, a current MDOC inmate who will testify that he waited five years for colostomy reversal (although Corizon approved the surgery in 2017) because, according to unidentified "medical staff," the surgery would be too expensive, and 2) Keith Swift, a former inmate whose unsworn affidavit similarly relies on comments from unidentified "medical providers."

Plaintiff's untimely attempt to backdoor this testimony only underscores the gaping hole in their evidence – no one has testified, can testify, or will testify that any other patient was subjected to an unconstitutional policy or denied medically necessary colostomy care at any given time. In the absence of such evidence, Plaintiff cannot prove a "clear and persistent pattern of illegal activity," and he can't prevail on his claim. As such, Plaintiff argues that testimony from Cowan and Swift is "relevant," e.g. ECF 207 at 14, but the potential relevance of this testimony is not

the issue. The issue is Plaintiff's failure to establish a proper foundation for the admission of the testimony and the unfair prejudice of admitting it without expert medical testimony about these patients, as it is undisputed that the prisoners themselves are not permitted to offer medical opinions about their own care. Plaintiff disclosed no expert to testify that Cowan, Swift, or any prisoner other than Plaintiff was denied "medically necessary" colostomy reversal surgery, or to testify about any aspect of the care rendered to any other patient. In the absence of such disclosures, it would be unfair and prejudicial to Defendants to permit Plaintiff to shoehorn these opinions into their experts' testimony at this point. Moreover, no such opinions could come close satisfying Fed. R. Evid. 702's admissibility standard, as none of Plaintiff's experts has disclosed that he or she ever reviewed any other prisoner's medical records.

Plaintiff cites *Victor v. Reynolds*, 2024 U.S. Dist. LEXIS 33438 (E.D. Mich. Feb. 27, 2024) for the proposition that "mere *allegations* of constitutional violations are admissible, even without *any testimony at all* to verify the truth of the allegations, let alone expert testimony." ECF 207 at 9 (emphasis in original). *Victor* does not stand for this proposition. In *Victor*, the Court held that a "Loss Run Report," containing 106 pages of inmates' complaints about their medical care was admissible because it "increase[d] the likelihood that [the defendant] was on notice of a pattern of unconstitutional or unlawful conduct" by its healthcare providers.

*Victor*, 2024 U.S. Dist. LEXIS 33438 at \*35.    Cowan's and Swift's proposed

testimony is not included in a compilation Plaintiff seeks to admit to prove "notice,"

and *Victor* does not hold that the jury is entitled to hear two individual prisoners'

unsupported anecdotal objections to their medical care without "any testimony at

all" to corroborate them.  Of course it doesn't, because such a holding would make

a mockery of the Federal Rules of Evidence.

In sum, contrary to Plaintiff's characterization, *Victor* does not relieve

Plaintiff of the obligation to satisfy the admissibility threshold for Cowan's and

Swift's testimony, it does not hold that "mere allegations of constitutional violations

are admissible" with no support including expert testimony, and its holding has no

relevance to the issue before this Court.

Plaintiff also argues that it is "simply false" that Plaintiff lacks an expert

witness to supply the necessary testimony – that Dr. Webber "testified," at his

deposition, "about Mr. Cowan's stoma." ECF 207 at 11.  First. Dr. Webber was not

disclosed as an expert on anyone's care except Plaintiff's, and any testimony about

other inmates is outside of the scope of his expert disclosures.  *See* Plaintiff's Expert

Disclosures, **Exhibit A**.  Second, in testifying (over defense counsel's objections)

about the unidentified photo enlargement introduced by Plaintiff's counsel,

Dr. Webber did not state (or, apparently, know) that the photo was of Mr. Cowan –

only that it was not a photo of Plaintiff.  Even if Dr. Webber were permitted to testify

about Mr. Cowan, which his disclosure does not permit him to do, he did not do so.

Finally, the photo itself – large, graphic, and designed to evoke a visceral response

from the jury – is not admissible because it is not a photo of Plaintiff, and, as Dr.

Webber stated, it did not even depict a condition that Plaintiff had developed.   In

sum, the photo's potential to inflame, confuse, and prejudice the jury substantially

outweighs its nonexistent probative value, and Fed. R. Evid. 403 demands its

exclusion and the exclusion of Dr. Webber'

## CONCLUSION

In the absence of expert testimony, Cowan's and Swift's anecdotal testimony

– including their unsupported and unattributed opinions that they were denied

"medically necessary"[1] colostomy reversal surgeries –  and their hearsay affidavits

are obviously inadmissible, and the potential prejudice to Defendants if this evidence

is admitted substantially outweighs the nonexistent probative value of the evidence.

---

[1]Contrary to Plaintiff's argument, *see* ECF 207 at 10, the Court has never held that colostomy reversal surgery is medically necessary in general or for any specific patient at a specific time.  Only a medical expert can offer this conclusion, and none does as to these other prisoners.  A finding that an issue of fact is created for purposes of defeating summary judgment is very different from a finding on an ultimate legal issue that depends on expert medical testimony.

The Court should grant Defendants' Motion and exclude this evidence, and any similar evidence from inmates other than Plaintiff, in its entirety.

Respectfully submitted,

**BOWMAN AND BROOKE LLP**

By:     /s/*Sunny Rehsi*
Sunny Rehsi (P80611)
101 W. Big Beaver Road.,
Suite 1100 Troy, MI 48084
248.205.3300
sunny.rehsi@bowmanandbrooke.com

Adam Masin (Admitted 5/1/2025)
750 Lexington Avenue
New York, NY 10022
646.914.6790
adam.masin@bowmanandbrooke.com

Rachel B. Weil (Admitted 7/16/25)
123 South Broad Street, Suite 1512
Philadelphia, PA 19109
267.908.7097
rachel.weil@bowmanandbrooke.com

*Attorneys for Defendants CHS TX, Inc. d/b/a YesCare and Keith Papendick, M.D.*

## <u>CERTIFICATE OF SERVICE</u>

I certify that, on August 12, 2025, I electronically filed the foregoing paper

with the clerk of the United States District Court, Eastern District Southern Division

using the ECF system which will send notification of such filing to the following:

**Ian T. Cross**
Cross Law PLLC
Attorneys for Plaintiff
402 W. Liberty St.
Ann Arbor, MI  48103
724.994.9590
ian@lawinannarbor.com

**Laurence H. Margolis**
Margolis Law Firm
Attorneys for Plaintiff
214 South Main St., Suite 202
Ann Arbor, MI 48104
734.994.9590
assistant@lawinannarbor.com

**Jonathan R. Marko** (P72450
**Michael L. Jones** (P85223)
Marko Law, PLLC
220 W. Congress, 4th Floor
Detroit, MI 48226
313.777.7529
jon@markolaw.com
michael@markolaw.com

Respectfully submitted,

**BOWMAN AND BROOKE LLP**

By:   /s/*Sunny Rehsi*
Sunny Rehsi (P80611)
101 W. Big Beaver Road.,
Suite 1100 Troy, MI 48084
248.205.3300
sunny.rehsi@bowmanandbrooke.com

7

Adam Masin (Admitted 5/1/2025)
750 Lexington Avenue
New York, NY 10022
646.914.6790
adam.masin@bowmanandbrooke.com

Rachel B. Weil (Admitted 7/16/25)
123 South Broad Street, Suite 1512
Philadelphia, PA 19109
267.908.7097
rachel.weil@bowmanandbrooke.com

*Attorneys for Defendants CHS TX, Inc. d/b/a
YesCare and Keith Papendick, M.D.*