MARKOLAW.COM
220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226
P: (313) 777-7LAW
F: ((313) 470-2011
JM MARKO LAW

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

KOHCHISE JACKSON,

Plaintiff,

-vs-

Case No. 19-cv-13382
Hon. Gershwin A. Drain

CHS TX, INC., *et al.,*

Defendants.

LAWRENCE H. MARGOLIS (P69635)
IAN T. CROSS (P83367)
**MARGOLIS & CROSS**
Attorneys for Plaintiff
214 S. Main St., Ste. 200
Ann Arbor, MI 48104
(734) 994-9590
larry@lawinannarbor.com
ian@lawinannarbor.com

ADAM MASIN
SUNNY REHSI (P80611)
**BOWMAN AND BROOKE LLP**
Attorney for Defendants
101 W. Big Beaver Rd., Ste. 1100
Troy, MI 48084
(248) 205-3300
Adam.masin@bowmanandbrooke.com
Sunny.rehsi@bowmanandbrooke.com

JONATHAN R. MARKO (P72450)
MICHAEL L. JONES (P85223)
**MARKO LAW, PLLC**
Co-counsel for Plaintiff
220 W. Congress, 4th Floor
Detroit, Michigan 48226
P: (313) 777-7529 / F: (313) 470-2011
jon@markolaw.com
michael@markolaw.com

**PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION IN LIMINE TO ALLOW EVIDENCE OF STATE OF MICHIGAN UTILIZATION MANAGEMENT REPORTING SAMPLES AND U/M STATS REPORT**

MARKOLAW.COM
220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226
P: (313) 777-7LAW
F: ((313) 470-2011
MARKO LAW

## CONCISE STATEMENT OF ISSUES PRESENTED

I. Whether this Court should permit Plaintiff to present evidence at trial of utilization management reporting samples and U/M stats reports submitted to the State of Michigan by Corizon Health.

**Plaintiff states: Yes.**
**Defendant states: No.**
**This Court should state: Yes.**

MARKOLAW.COM
220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226
P: (313) 777-7LAW
F: ((313) 470-2011
MARKO LAW

**CONTROLLING OR MOST APPROPRIATE AUTHORITY**

*Young v. St. Clair Shores Police Dep't*, No. 22-11968, 2024 U.S. Dist. LEXIS 202266 (E.D. Mich. Nov. 6, 2024)

*Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 98 S. Ct. 2018 (1978)

*Koloda v. General Motors Parts Div., General Motors Corp.*, 716 F.2d 373 (6th Cir. 1983)

MARKOLAW.COM
220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226
P: (313) 777-7LAW
F: ((313) 470-2011
MARKO LAW

## LAW AND ANALYSIS

**I. The circumstantial evidence contained within the Utilization Management Reporting Samples and U/M Stats Report are highly relevant and admissible to prove Plaintiff's *Monell* claim.**

Defendants in their response repeatedly reference that the "Average Quarterly Expenditures" bar chart merely contains "raw data" and that it has nothing to do with any policy of Corizon. This argument is nonsensical. It is well established law, as noted by Judge Hood, that a plaintiff making a *Monell* claim can prove said claim through evidence of "a written policy, and, if not, by circumstantial evidence." *Young v. St. Clair Shores Police Dep't*, No. 22-11968, 2024 U.S. Dist. LEXIS 202266, at *7 (E.D. Mich. Nov. 6, 2024) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692-694, 98 S. Ct. 2018 (1978)).

The bar chart shows, as even Defendants concede, "a decrease in average quarterly expenditures over the entirety of the eight years charted." As noted in Plaintiff's motion, the U/M Stats report submitted by Corizon shows that between 2009 and 2016, Corizon cut spending on offsite services by **over 75%.** **Exhibit 1, U/M Stats Reports, p. 11.** Moreover, the contract between Corizon and the Michigan Department of Corrections ("MDOC") required the monthly submission of these reports. **ECF No. 66-2, PageID.1948.** These reports/records are therefore as accurate of a record as is theoretically possible to acquire that would show the true numbers Defendants spent on prisoner care. This is directly relevant to

MARKOLAW.COM
220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226
P: (313) 777-7LAW
F: ((313) 470-2011
MARKO LAW

Plaintiff's *Monell* claim, which alleges exactly what the bar chart appears to show, which is that Defendants cut costs on care in order to save money.

The mere fact that this evidence is circumstantial does not somehow render it inadmissible. If there is no written policy regarding an alleged *Monell* violation, circumstantial evidence suffices to show such. *See Young*, 2024 U.S. Dist. LEXIS at *7; *see also Monell*, 436 U.S. at 692-694.

Defendants' reference to Dr. Bomber's self-serving testimony, wherein he states that monetary considerations never came into play when making medical decisions, does not render the evidence Plaintiff seeks to introduce inadmissible. Rather, it simply goes to the evidence's weight. Jurors are free to disregard the Utilization Management Reporting Samples and U/M Stats Report if they hear Dr. Bomber's testimony and believe him rather than what these reports indicate.

Further, while Plaintiff certainly agrees this evidence will prejudice Defendants, that is nowhere near sufficient to warrant its exclusion. Indeed, "[v]irtually all evidence is prejudicial or it isn't material. The prejudice must be unfair." *Koloda v. General Motors Parts Div., General Motors Corp.*, 716 F.2d 373, 378 (6th Cir. 1983) (internal citations and quotations omitted). To argue these reports show that Defendants cut costs drastically between 2009 and 2016, and that this shows liability under *Monell* for doing so to save money is not, as Defendants argue, an "illogical leap." It is entirely reasonable to conclude such, particularly given the

MARKOLAW.COM
220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226
P: (313) 777-7LAW
F: ((313) 470-2011
MARKO LAW

other evidence noted by this Court indicating that profit drove Defendants' decisions rather than medical necessity:

> Here, Plaintiff has provided sufficient circumstantial evidence that cost-cutting motives, rather than assessment of health risks and medical needs of patients, drive the approval of off-site referral procedures like colostomy reversals.

**ECF No. 73, PageID.2985.**

> **Plaintiff presents evidence that Corizon has achieved significant reduction in expenditures towards off-site utilization services since it began working with MDOC in 2009.** Pl.'s Ex. 19, ECF No. 66-19, PageID.2300-01. Plaintiff further presents evidence of key performance indicators, or KPIs, tracked by Corizon for its MDOC contract per 1000 prisoners, including: inpatient hospital days, outpatient referrals, and offsite procedure utilization. Pl.'s Ex. 24, ECF No. 66-24, PageID.2415- 18. Plaintiff plausibly alleges that these metrics are tracked against set targets in order to keep costs down.

***Id.* at PageID.2986 (emphasis added).**

> There is, predictably, no admission in the record that Corizon refuses to approve colostomy reversals solely in order to reduce costs. But a reasonable jury, on these circumstantial facts, could conclude that Corizon employees in roles like Dr. Papendick's are trained to take a "fixed plan of action" when presented with patients who seek colostomy reversals but otherwise have no serious complications.

***Id.* at PageID.2987.**

The Court's statement that Plaintiff presented "evidence that Corizon has achieved significant reduction in expenditures towards off-site utilization services since it began working with MDOC in 2009" is particularly fatal to Defendants' arguments that this evidence is not relevant because it predated the contract. Indeed,

MARKOLAW.COM
220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226
P: (313) 777-7LAW
F: ((313) 470-2011
JM MARKO LAW

as this Court rightly concluded, this evidence of 2009-2016 cost cutting goes directly to whether Defendants were motivated by profit rather than the health of Plaintiff when they made the decision to refuse to allow him care.

This Court should therefore allow Plaintiff to show jurors the Utilization Management Reporting Samples and U/M Stats Report, which is compelling circumstantial evidence that is extremely relevant to the jurors' consideration of whether or not Defendants are liable under *Monell*.

**CONCLUSION**

WHEREFORE, for all of the reasons set forth above, Plaintiff respectfully requests that this Honorable Court GRANT his Motion in Limine Allow Evidence of State of Michigan Utilization Management Reporting Samples and U/M Stats Report in its entirety and grant Plaintiff any other relief this Court deems just.

Respectfully submitted,

/s/ *Jonathan R. Marko*

Jonathan R. Marko (P72450)
**MARKO LAW, PLLC**
220 W. Congress, 4th Floor
Detroit, MI 48226
(313) 777-7529 / Fax: (313) 777-5785
Email: jon@markolaw.com

Date: August 12, 2025

MARKOLAW.COM
220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226
P: (313) 777-7LAW
F: ((313) 470-2011
MARKO LAW

**PROOF OF SERVICE**

The undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each attorney of record on **August 12, 2025**, via:

| | |
|---|---|
| ☐ U.S. Mail | ☐ Fax |
| ☐ Hand Delivered | ☐ Overnight Carrier |
| ☐ Certified Mail | ☐ Other: |
| ☒ ECF System | ☐ Email |

*/s/Ebony White*