UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KOHCHISE JACKSON,

      Plaintiff,

-vs-

CHS TX, INC., *et al.,*

      Defendants.

Case No. 19-cv-13382
Hon. Gershwin A. Drain

LAWRENCE H. MARGOLIS (P69635)
IAN T. CROSS (P83367)
**MARGOLIS & CROSS**
Attorneys for Plaintiff
214 S. Main St., Ste. 200
Ann Arbor, MI 48104
(734) 994-9590
larry@lawinannarbor.com
ian@lawinannarbor.com

JONATHAN R. MARKO (P72450)
MICHAEL L. JONES (P85223)
**MARKO LAW, PLLC**
Co-counsel for Plaintiff
220 W. Congress, 4th Floor
Detroit, Michigan 48226
P: (313) 777-7529 / F: (313) 470-2011
jon@markolaw.com
michael@markolaw.com

ADAM MASIN
SUNNY REHSI (P80611)
**BOWMAN AND BROOKE LLP**
Attorney for CHS TX, Inc. and Dr. Keith Papendick, M.D.
101 W. Big Beaver Rd., Ste. 1100
Troy, MI 48084
(248) 205-3300
Adam.masin@bowmanandbrooke.com
Sunny.rehsi@bowmanandbrooke.com

**PLAINTIFF'S REPLY IN SUPPORT OF HIS MOTION IN LIMINE TO PRECLUDE DEFENDANTS FROM APPORTIONING FAULT ON ANY NON-PARTY [ECF No. 160]**

## **LAW AND ANALYSIS**

Defendants argue that the fact that MDOC employees denied Plaintiff's grievances concerning Dr. Papendick's denial of colostomy reversal surgery is "case dispositive:"

> This issue is whether Dr. Papendick or MDOC made the final decision, in 2017, to deny approval for Plaintiff's colostomy reversal surgery, and the evidence will prove that MDOC was the final decisionmaker. Far from being "irrelevant," this proof is case-dispositive, because Defendants cannot be liable for treatment decisions they did not make.

ECF No. 196, PageID.8209. If Defendants were right that MDOC making the "final decision" via denying Plaintiff's prison grievances was "case dispositive," this case would have been disposed of long ago. By continuing to insist that they cannot be liable for denying colostomy reversal surgery because the MDOC was the "final decisionmaker," Defendants are merely re-hashing an argument that has already been rejected by the Court. In fact, a substantial portion of Defendant's briefing on this issue is <u>literally</u> the same argument; the text is simply copy-pasted from the unsuccessful motion for summary judgment that Defendants filed four years ago when they were represented by a different law firm. Compare page 3 of Defendants' response, ECF No. 196, PageID.8205, with a section of Defendants' summary-judgment brief at ECF No. 60, PageID.1277-1278.

1

Not only was this "final decisionmaker" argument previously *made* to the Court, it was previously *rejected*. After Magistrate Judge Morris recommended denial of the Corizon Defendants' motion for summary judgment (ECF No. 69), Defendants filed objections to her Report and Recommendation. They argued that, "[t]he Report and Recommendation further erred by not properly addressing and concluding that Dr. Papendick was not a final decision-maker with respect to Plaintiff's colostomy reversal." ECF No. 70, PageID.2812. But the Court overruled this objection, explaining that, "[t]he Court will not address Corizon's arguments in this Objection regarding whether Dr. Papendick has final decision-making authority over treatment approvals, because it is not relevant under this theory of liability." ECF No. 73, PageID.2985. If this issue was, as Defendants persist in arguing, "case dispositive," the Court would have at least addressed it.

Not only has Defendants' theory of non-liability already been rejected in *this* litigation, it has been repeatedly and consistently rejected by courts throughout the Sixth Circuit. *See, e.g., Spencer v. Simpson,* 2020 U.S. Dist. LEXIS 213098 at *27 (W.D. Mich. Aug. 17, 2020) ("Defendants cite no authority to suggest that a prison official who initiates an allegedly unconstitutional action may not be held liable, even if the official is not the final decisionmaker."). The following fact pattern routinely arises in § 1983 prisoner litigation: 1) someone refuses to provide some

2

kind of medical care to an inmate, 2) the inmate files a grievance regarding the denial of care, 3) the inmate's grievance is denied, and 4) the inmate sues both the person who refused to provide the medical care, and the person who denied the grievance, under § 1983. *See, e.g., Haag v. Washington*, 2017 U.S. Dist. LEXIS 65485 (W.D. Mich. May 1, 2017); *Arnold v. Hutchison*, 2017 U.S. Dist. LEXIS 88975 (E.D. Mich. May 3, 2017); *Eidam v. James*, 2021 U.S. Dist. LEXIS 132646 (E.D. Mich. July 16, 2021).

It is black-letter law that in this circumstance, the person who denied the grievance is **never** liable. *See, e.g. Eidam v. James*, 2021 U.S. Dist. LEXIS 132646 (E.D. Mich. July 16, 2021) ("The Sixth Circuit has repeatedly held that the wrongful denial of a prison grievance by a prison official does not violate any federal constitutional right"); *Martin v. Harvey,* 14 Fed. Appx. 307, 309 (6th Cir. 2001) ("The denial of the grievance is not the same as the denial of a request to receive medical care. Therefore, Martin failed to allege any personal involvement by defendant McGinnis in the alleged denial of medical treatment.").

The prison employees tasked with responding to inmates' grievances are not doctors; they are neither qualified nor authorized to prescribe medical treatments for inmates and their responses to prisoner grievances do not actually grant or deny prisoners' access to any medical care. *See Arnold v. Hutchinson,* 2017 U.S. Dist.

3

LEXIS 88975 at *12-*13 (E.D. Mich. May 3, 2017), *Aff'd, Arnold v. Hutchinson*, 2017 U.S. Dist. LEXIS 88746 (E.D. Mich. June 9, 2017). However, the treating medical professionals who make actual, consequential determinations not to provide medical care are still exposed to liability for their conduct, even where (as is almost always the case) the prisoner has filed a grievance about the denial of care, and that grievance has been denied by one or more state employees. *See, e.g. Haag v. Washington,* 2017 U.S. Dist. LEXIS 65485 at *7 (W.D. Mich. May 1, 2017).

*Haag v. Washington* is a typical case of this genre. The facts are straightforward: a Corizon doctor took the plaintiff off of a prescription drug. *Haag,* 2017 U.S. Dist. LEXIS 65485 at *2. The plaintiff filed grievances about the doctor's decision to remove him from the medication, which were denied by MDOC employees. *Id*. The plaintiff was then transferred to another prison, where another Corizon doctor declined to put him back on the drug. *Id.* The plaintiff also filed grievances about the second doctor's decision not to give him the drug, and these grievances were likewise denied by MDOC employees. *Id*. at *3. The plaintiff then filed a pro-se § 1983 lawsuit against both of the Corizon doctors, Corizon itself, and all of the MDOC employees involved in denying his grievances. *Id*. at *2.

4

In its § 1915A screening decision, the Court held that the plaintiff had failed to state a claim against the officials who denied his grievances. These individuals could not be liable, because "[t]hey did not deny Plaintiff medications or other treatment for his condition; they simply denied his grievances against other providers who had denied treatment." *Id.* at *7. But the Court also held that "Plaintiff's allegations suffice to state a claim for violation of the Eighth Amendment for deliberate indifference to a serious medical need against the remaining Defendants[,]" and ordered the complaint to be served on Corizon and on the two Corizon doctors who allegedly decided not to provide the plaintiff with the medication. *Id.*

If Defendants' theory of non-liability were correct, the 'final-decisionmaker' grievance-deniers in *Haag* would have been served with the complaint, and the Corizon doctors who made the initial decisions not to give the drug to the plaintiff would be dismissed on screening. The fact that the opposite occurred demonstrates that Defendants' "superseding-cause" theory is wrong. Prison doctors simply are not relieved of liability when a prisoner's grievance about their refusal to provide medical treatment is denied by administrative staff. This was not just the outcome in *Haag.* It is the outcome in every case in which a prisoner sues both a medical professional for denying care, and an administrative staff-person for denying the

5

prisoner's subsequent grievances about the medical professional's denial of care. *See, e.g. Merrill v. Whitmer*, 2022 U.S. Dist. LEXIS 62849 at *7-*9 (E.D. Mich. Apr. 4, 2022) (dismissing claims against grievance deniers while allowing case to proceed against medical and dental staff who allegedly refused to provide dental care); *Richardson v. Rachell Long*, 2022 U.S. Dist. LEXIS 203402 at *3-*4 (E.D. Mich. Nov. 8, 2022) (dismissing grievance-denier defendants while allowing case to proceed against nurse who allegedly refused to provide treatment); *Dumas v. McCauley*, 2025 U.S. Dist. LEXIS 8735 at *5-*7 (E.D. Mich. Jan. 16, 2025) (dismissing administrator defendants who allegedly failed to properly investigate grievances, while permitting claim to proceed against medical professional who discontinued medication); *Eidam v. James*, 2021 U.S. Dist. LEXIS 132646 at *4-*5 (E.D. Mich. July 16, 2021) (dismissing grievance-denier defendant, while allowing claim to proceed against nurse who allegedly refused to treat plaintiff's prostate and urinary problems).

Defendants nevertheless argue, incorporating their "Motion in Limine to Preclude Plaintiff from Arguing that Defendants' Have Liability after the MDOC Denied His Step II Grievance on June 8, 2017" by reference, that "[b]ecause MDOC was the final decisionmaker, Defendants cannot be liable to Plaintiff, whether solely or concurrently." ECF No. 196, PageID.8209.

6

It is telling that Defendants have not been able to cite a single case, not just from the Sixth Circuit but from any U.S. jurisdiction, where a denial of a prisoner's grievance relieved any person whose conduct was the subject of the grievance from liability. Prisoners are statutorily required to file grievances before they can bring any federal suit about any aspect of prison life. *See, e.g. Jones v. Brock,* 549 U.S. 199, 211 (2007). If Defendants' grievance-denial-as-superseding-cause argument were a viable defense, it would be raised in virtually every prison-conditions case alleging any sort of ongoing harm, from long-term solitary confinement, *see Finley v. Huss,* 102 F.4th 789, 805-806 (6th Cir. 2024), to a denial of dental care, *see Nelson v. Choi,* 2016 U.S. Dist. LEXIS 103886 at *10-*11 (E.D. Mich. Aug. 6, 2016), to a claim under the Religious Land Use and Institutionalized Persons Act (RLUIPA) for failing to provide kosher meat and dairy products to Jewish prisoners. *See Ackerman v. Washington,* 16 F.4th 170, 176 (6th Cir. 2021). The fact that a "grievance-denial-as-superseding-cause defense" has, to Plaintiff's knowledge, never been accepted by any court in the twenty-nine years since the passage of the Prison Litigation Reform Act indicates that it is not a legally valid defense, and the Defendants in this case should not be allowed to raise it.

Respectfully submitted,

Date: August 12, 2025

/s/ *Ian T. Cross*
Ian T. Cross (P83367)
*Attorney for Plaintiff*

7

**PROOF OF SERVICE**

The undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each attorney of record on **August 12, 2025**, via:

☐ U.S. Mail ☐ Fax
☐ Hand Delivered ☐ Overnight Carrier
☐ Certified Mail ☐ Other:
☒ ECF System ☐ Email

/s/ Ian T. Cross