**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

KOHCHISE JACKSON,

Plaintiff,

-vs-

Case No. 19-cv-13382
Hon. Gershwin A. Drain

CHS TX, INC., *et al.,*

Defendants.

LAWRENCE H. MARGOLIS (P69635)
IAN T. CROSS (P83367)
**MARGOLIS & CROSS**
Attorneys for Plaintiff
214 S. Main St., Ste. 200
Ann Arbor, MI 48104
(734) 994-9590
larry@lawinannarbor.com
ian@lawinannarbor.com

JONATHAN R. MARKO (P72450)
MICHAEL L. JONES (P85223)
**MARKO LAW, PLLC**
Co-counsel for Plaintiff
220 W. Congress, 4th Floor
Detroit, Michigan 48226
P: (313) 777-7529 / F: (313) 470-2011
jon@markolaw.com
michael@markolaw.com

ADAM MASIN
SUNNY REHSI (P80611)
**BOWMAN AND BROOKE LLP**
Attorney for CHS TX, Inc. and Dr. Keith Papendick, M.D.
101 W. Big Beaver Rd., Ste. 1100
Troy, MI 48084
(248) 205-3300
Adam.masin@bowmanandbrooke.com
Sunny.rehsi@bowmanandbrooke.com

**PLAINTIFF'S REPLY IN SUPPORT OF HIS MOTION *IN LIMINE* TO PRECLUDE HEARSAY STATEMENTS REPORTEDLY MADE BY AN UNIDENTIFIED SPEAKER AT DR. KANSAKAR'S OFFICE [ECF No. 156]**

**LAW AND ARGUMENT**

Defendants argue that not only should the *text* that Mr. Drinkert wrote in Plaintiff's prison health record be admitted for the purported non-hearsay purpose of showing its effect on Dr. Papendick's decisionmaking, but that Mr. Drinkert should be able to testify to *the content of oral statements* that an unidentified person from Dr. Kansakar's office allegedly made to him over the phone. Defendants claim that they "seek to introduce the statements for their effect on Nurse Practitioner Drinkert in caring for the Plaintiff". ECF No. 204, PageID.8697-8698.

This is not a valid non-hearsay purpose, because Mr. Drinkert's state of mind in treating the Plaintiff is not a fact of consequence in determining this action. FRE 401. Plaintiff did not sue Mr. Drinkert. There is no allegation that Mr. Drinkert was deliberately-indifferent to Plaintiff's medical needs, or that Mr. Drinkert's conduct contributed in any way to Plaintiff's injury. It does not matter whether Mr. Drinkert "was diligent in identifying and clarifying Plaintiff's medical needs," ECF No. 204, PageID.8696, because Plaintiff's theory of liability simply has nothing to do with Mr. Drinkert, Mr. Drinkert's conduct, or Mr. Drinkert's state of mind.

Mr. Drinkert's testimony about what an unidentified person from Dr. Kansakar's office allegedly told him over the phone also cannot legitimately be

used to show the effect of those purported oral statements on Dr. Papendick, because Dr. Papendick was not a participant in the phone call. “A statement is offered to show an effect on the listener only if the listener heard and reacted to the statement, and if the "actual use" of the statement at trial was to demonstrate the listener's response.” *United States v. Graham*, 47 F.4th 561, 567 (7th Cir. 2022) (internal citation omitted); *see also, United States v. Kouza*, U.S. Dist. LEXIS 181117 at *7 (E.D. Mich. Oct. 3, 2024). If Dr. Papendick contradicts his prior deposition testimony and testifies that he did, in fact, look at and rely on Mr. Jackson’s prison health record in denying the request for a colostomy reversal, then he would have seen, at most, the *summaries* of the alleged conversations that Mr. Drinkert wrote down in the Plaintiff’s prison health record. He would not have been privy to the actual oral statements made over the phone.

Not only is testimony about Mr. Drinkert’s phone calls irrelevant, it is the exact type of hearsay testimony that the Sixth Circuit held to be “so prejudicial as to require us to vacate the jury's verdict and remand the case for a new trial,” despite a limiting instruction, in *Field v. Trigg County Hosp., Inc.*, 386 F.3d 729, 734 (6th Cir. 2004). *Field* was a malpractice case in which a defendant doctor was erroneously permitted to testify about phone conversations he had with other doctors while treating the patient. *Field,* 386 F.3d at 735. The defendant contended

that the statements were not elicited for the truth of the matters asserted, but rather "to prove simply that Dr. Anderson provided proper care by "consulting with other physicians who were better versed in the field of toxicology."" *Id.*

The panel held that this purported non-hearsay justification "is simply not credible," and that the testimony "went well beyond conveying that Dr. Anderson sought out a consultation to the entirely self-serving purpose of exposing the jury to the approving words of two purported experts from a purportedly esteemed medical institution." *Id.* The purported non-hearsay purpose for introducing the statements from "Dr. Kansakar's office" is even less credible in this case, where the individual who sought out the consultation is not a defendant, and the quality of the care he provided is not at issue. There is no need for Defendants to introduce testimony that Mr. Drinkert even contacted "Dr. Kansakar's office," let alone testimony as to the content of what was said to him over the phone. All of this proposed testimony is both irrelevant under Rule 401 and substantially more prejudicial than probative under Rule 403. *See Field*, 386 F.3d at 736.

Defendants also appear to argue that Mr. Drinkert's written summaries of oral statements made by someone at Dr. Kansakar's office are admissible under Rule 803(6), merely because Mr. Drinkert memorialized the statements in a medical record. (ECF No. 204, PageID.8698-8699). But where a purported

business record is a memorialization of the oral statements of a third-party declarant who is outside the organization that created the business record, "the transcript is hearsay within hearsay, and therefore needs an exception to cover both layers to be admissible[.]" *Essex Ins. Co. v. Fid. & Guar. Ins. Underwriters, Inc.*, 282 Fed. Appx. 406, 411 (6th Cir. 2008) (citing *United States v. De Peri*, 778 F.2d 963, 976-77 (3rd Cir. 1985)); *see also*, *United States v. Yates*, 553 F.2d 518, 521 (6th Cir. 1977) (holding that "[t]he mere fact that the recordation of the third party statements is routine, taken apart from the source of the information recorded, imports no guaranty of the truth of the statements themselves."). Defendants have not cited any exception to the hearsay rule that covers the underlying oral statements from the declarant at Dr. Kansakar's office to Mr. Drinkert, as is required to admit the memorializations of the statements under FRE 805.

Defendants also argue that the statements should be admitted under the FRE 807 residual exception. The "residual hearsay exception is to be used only rarely, in truly exceptional cases." *United States v. Musaibli*, 577 F. Supp. 3d 609, 630 (E.D. Mich. 2021) (quoting *United States v. Walker,* 410 F.3d 754, 757 (5th Cir. 2005)) (overruled on other grounds). The residual exception may apply to statements not covered by any other hearsay exception only where, "(1) they have equivalent circumstantial guarantees of trustworthiness, (2) they are offered as

evidence of a material fact, (3) they are more probative on the point for which they are offered than any other evidence which the proponent can procure through reasonable efforts, and (4) their admission will best serve the general purposes of the Rules of Evidence and the interests of justice." *United States v. Hunt*, 521 F.3d 636, 643 (6th Cir. 2008). In addition, "[f]or Rule 807's hearsay exception to apply, a witness must first be found unavailable." *United States v. Suetholz*, 2024 U.S. App. LEXIS 23369 at *25 (6th Cir. Sept. 13, 2024) (citing *United States v. Barlow,* 693 F.2d 594, 961 (6th Cir. 1982)).

In order to demonstrate that a declarant is "unavailable," the proponent of the hearsay statement must put forth evidence of their efforts to procure the declarant's testimony. *See Lucas v. Chance*, 121 Fed. Appx. 77, 80 (6th Cir. 2005). In this instance, the declarant is presumably "Kathy." Dr. Kansakar testified that, "Kathy at that time being my office manager would have taken the lead on the communication part[.]" ECF No. 60-3, PageID.1318, Dep. 64:19-20. Dr. Kansakar testified that although she did not remember Kathy's last name, that if the parties wanted to find Kathy, they should "contact Physical Healthcare Network." ECF No. 60-3, PageID.1307, Dep. 18:17-24. Defendants have not put forth any evidence that they ever attempted to identify "Kathy" or took any steps to procure

her testimony. Therefore, they may not seek to introduce her statements under FRE 807.

Even if Defendants could show that "Kathy" was unavailable, Defendants nevertheless cannot meet the high burden imposed by the Rule 807 residual hearsay exception. First, the statements that "Kathy" the office manager made to Mr. Drinkert are not corroborated by sufficient guarantees of trustworthiness. When questioned about the statements, Dr. Kansakar testified, "**I do not know if she said that,**" ECF No. 60-3, PageID.1309, Dep. 28:21, and "**I wasn't the one who gave that answer.**" ECF No. 60-3, PageID.1310, Dep. 30:24-25. There is no witness who will corroborate the purported statements.

Second, the statements are not more probative on the point for which they are offered than any other evidence which the proponent could procure through reasonable efforts. The purported opinions of a lay-witness office manager, who did not provide medical treatment to Mr. Jackson, concerning whether there were "urgent medical issues," or whether a colostomy reversal was "medically necessary," are not probative of anything. This testimony would not even be admissible under Rule 702 even if "Kathy" were present and testifying, both because she has not been disclosed as an expert under Rule 26(a)(2)(C) and

because Defendants have made no showing of her qualifications to offer opinion testimony about Plaintiff's medical conditions.

The oral statements that Defendants seek to introduce are classic hearsay, not probative of anything relevant, and extremely prejudicial to the point that allowing their admission would likely constitute reversible error. *See Field v. Trigg County Hosp., Inc.*, 386 F.3d 729, 734 (6th Cir. 2004). The statements should not be admitted.

Respectfully submitted,

/s/ *Ian T. Cross*
Ian T. Cross (P83367)
Laurence H. Margolis (P69635)
**MARGOLIS & CROSS**
402 W. Liberty St.
Ann Arbor, MI 48103
(734) 994-9590
Email: ian@lawinannarbor.com

Date: August 12, 2025

**PROOF OF SERVICE**

The undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each attorney of record on **August 12, 2025**, via:

| | |
|---|---|
| ☐ U.S. Mail | ☐ Fax |
| ☐ Hand Delivered | ☐ Overnight Carrier |
| ☐ Certified Mail | ☐ Other: |
| ☒ ECF System | ☐ Email |

/s/ Ian T. Cross