**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

KOHCHISE JACKSON,

Plaintiff,

-vs-

Case No. 19-cv-13382
Hon. Gershwin A. Drain

CHS TX, INC., *et al.,*

Defendants.


LAWRENCE H. MARGOLIS (P69635)
IAN T. CROSS (P83367)
**MARGOLIS & CROSS**
Attorneys for Plaintiff
214 S. Main St., Ste. 200
Ann Arbor, MI 48104
(734) 994-9590
larry@lawinannarbor.com
ian@lawinannarbor.com

JONATHAN R. MARKO (P72450)
MICHAEL L. JONES (P85223)
**MARKO LAW, PLLC**
Co-counsel for Plaintiff
220 W. Congress, 4th Floor
Detroit, Michigan 48226
P: (313) 777-7529 / F: (313) 470-2011
jon@markolaw.com
michael@markolaw.com

ADAM MASIN
SUNNY REHSI (P80611)
**BOWMAN AND BROOKE LLP**
Attorney for CHS TX, Inc. and Dr. Keith Papendick, M.D.
101 W. Big Beaver Rd., Ste. 1100
Troy, MI 48084
(248) 205-3300
Adam.masin@bowmanandbrooke.com
Sunny.rehsi@bowmanandbrooke.com


**PLAINTIFF'S REPLY IN SUPPORT OF HIS MOTION *IN LIMINE* REGARDING THE LAW OF THE CASE [ECF No. 159]**

**LAW AND ARGUMENT**

Defendant CHS TX helpfully concedes that the Court's prior determination that it is a mere continuation of Corizon Health, Inc. constitutes the law of the case and will not be re-litigated at trial. But it does not make the same concession with regard to the existence of a serious medical need. Defendants assert that, "[a]t no point did any Court offer its opinion that Plaintiff's colostomy constituted a 'serious medical need' under the Eighth Amendment. The Court simply found that there was an issue of fact for trial." ECF No. 195, PageID.8191. Defendants further claim:

> The Report and Recommendation Plaintiff cites in his Motion stated that a colostomy "remains a serious medical condition." The Court did not offer opinions regarding whether a colotomy **[sic]** constitutes a medical need or whether Plaintiff here had a serious medical need requiring reversal surgery under the Eighth Amendment.

ECF No. 195, PageID.8192.

But Defendants simply misquote the relevant judicial opinion. Magistrate Judge Morris' Report and Recommendation does not contain the language, "remains a serious medical condition." Rather, she wrote, "I first find that . . . a colostomy remains a serious medical ***need***[.]" ECF No. 69, PageID.2787 (emphasis added). So Magistrate Morris did, in fact, offer opinions regarding whether a colostomy constitutes a serious medical need. In the Court's Order

adopting Magistrate Morris' Report and Recommendation, Judge Berg reiterated the same finding:

> But the Court need not resolve the question of whether Plaintiff's expert testimony is sufficient to create a genuine issue of material fact as to whether Plaintiff had a serious medical need for the reversal surgery. Instead, the Court reiterates its previous finding in this case that the serious medical need here is demonstrated by the presence of the *colostomy itself*, which "even a lay person" would recognize as creating a serious need for medical attention.

ECF No. 73, PageID.2982-2983.

The most appropriate authority on the question at issue in this motion is *Seals v. Wayne Cnty. Emps.' Ret. Sys.*, 2023 U.S. Dist. LEXIS 166471 (E.D. Mich. Sept. 19, 2023) (*Aff'd*, *Seals v. Wayne Cnty.*, 2025 U.S. App. LEXIS 4624 at *8-*9 (6th Cir. Feb. 25, 2025)). If a court has stated "unequivocally" in its order denying a defendants' motion for summary judgment that an element of the plaintiff's claim was satisfied, the defendant should generally be precluded from re-litigating that element of the claim at trial under the law-of-the-case doctrine. *See Seals v. Wayne Cnty. Emps.' Ret. Sys.*, 2023 U.S. Dist. LEXIS 166471 at *11-*12. The question in this case is whether their was an "unequivocal" statement by the Court that a colostomy is a serious medical need.

In her Report and Recommendation to deny Defendants' motion for summary judgment, Magistrate Judge Morris wrote:

> I first find that Defendant's labeling colostomy reversal surgery as elective or cosmetic is not dispositive because a colostomy remains a serious medical need despite the label. *Champion v. Dicocco*, 2018 WL 4097482, at *5 (E.D. Va. Aug. 24, 2018) (Plaintiff's use of a colostomy bag is a serious medical need and "Defendants cannot avoid this result by categorizing stoma reversal surgery as elective.")

ECF No. 69, PageID.2787. This is an unequivocal statement that the objective prong of the deliberate-indifference test is satisfied. Magistrate Judge Morris did not find that a *genuine dispute of material fact* exists as to whether a colostomy is a serious medical need; she found that "a colostomy remains a serious medical need" despite Defendants' labeling of reversal surgery as cosmetic. In contrast, the language that Magistrate Judge Morris used with respect to the subjective prong of the deliberate-indifference test was, "I therefore find that Plaintiff has proffered sufficient evidence to raise a genuine issue of material fact as to whether Defendant Papendick acted with deliberate indifference," ECF No. 69, PageID.2786, and, "[a]lthough a close call, I suggest that Plaintiff has come forward with sufficient evidence to create a genuine issue of material fact as to whether Corizon had a policy or custom . . ."

Magistrate Judge Morris' Report and Recommendation did indeed find facts at issue for trial, but those facts related to the *subjective* component of the deliberate-indifference test and to the *Monell* claim. She did not find a genuine issue of fact with respect to the objective component; she found that a colostomy

is, objectively, a "serious medical need" for Eighth Amendment purposes. Judge Berg expressly made the same finding when he adopted Magistrate Judge Morris' report and recommendation. ECF No. 73, PageID.2982-2983.

The remaining issues of fact for trial are therefore the *Monell* question; whether "cost-cutting motives, rather than assessment of health risks and medical needs of patients, drive the approval of off-site referral procedures like colostomy reversals[,]" *Order Adopting Report and Recommendation*, ECF No. 73, PageID.2985, and the question of Dr. Papendick's mental state, i.e., "whether . . . Dr. Papendick is basing his denial of a colostomy reversal on sound medical judgment as to what is best for the patient's health or on MDOC and/or Corizon policies to never approve colostomy reversal surgery (so long as there are no serious complications)." ECF No. 73, PageID.2978. The issues in this case have been narrowed by the Court's previous orders, and the Defendants do not have a right to re-litigate issues that have already been decided against them at trial. *See Seals v. Wayne Cnty. Emps.' Ret. Sys.*, 2023 U.S. Dist. LEXIS 166471 at *11-*12 (E.D. Mich. Sept. 19, 2023). Plaintiff's Motion should be granted.

Respectfully submitted,

/s/ *Ian T. Cross*
Ian T. Cross (P83367)
Laurence H. Margolis (P69635)

**MARGOLIS & CROSS**
402 W. Liberty St.
Ann Arbor, MI 48103
(734) 994-9590
Email: ian@lawinannarbor.com

Date: August 12, 2025

**PROOF OF SERVICE**

The undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each attorney of record on **August 12, 2025**, via:

| | |
|---|---|
| ☐ U.S. Mail | ☐ Fax |
| ☐ Hand Delivered | ☐ Overnight Carrier |
| ☐ Certified Mail | ☐ Other: |
| ☒ ECF System | ☐ Email |

*/s/* Ian T. Cross