UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| KOHCHISE JACKSON,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>CHS TX, INC., et al.,<br><br>　　　　　Defendants. | Case No.:  2:19-cv-13382-GAD-PTM<br><br>U.S. DISTRICT COURT JUDGE<br>HON. GERSHWIN A. DRAIN |

**DEFENDANTS CHS TX, INC. AND KEITH PAPENDICK, M.D.'S REPLY IN SUPPORT OF THEIR MOTION IN LIMINE TO PRECLUDE ARGUMENTS REGARDING THE VALUE OF CONSTITUTIONAL RIGHTS [ECF 165]**

Plaintiff's Response to Defendants CHS TX, Inc. ("CHS") and Keith Papendick, M.D. ("Dr. Papendick" and collectively "Defendants") Motion *in Limine* to preclude arguments regarding the value of constitutional rights (ECF 176) misconstrues case law and Defendants' arguments.

Importantly though, Plaintiff concedes he is not allowed to make arguments about the value of his constitutional rights with respect to compensatory damages in the initial liability stage of the trial.  (ECF 176 at 8). But Plaintiff then misconstrues

32334564

a number of decisions with regard to the admissibility of such evidence in the context of punitive damages.[1]

In *Jackson-Gibson v. Beasley*, Judge Parker decided a similar motion *in limine* in a case involving punitive damage allegations. The court granted defendant's motion to preclude assertions of an amount of damages based on the inherent value of a constitutional right at stake. *Jackson-Gibson v. Beasley*, No. 20-cv-12765, 2025 WL 1078983, at *5-6 (E.D. Mich. Apr. 10, 2025) (**Exhibit A**) (holding that "caselaw support[ed] [defendant's] argument that it is improper to urge or ask the jury to place a numerical value on the constitutional rights at issue."). The court also held "[w]hile [p]laintiffs may permissibly argue to the jury that the rights at issue are important, ***care must be taken to not suggest that the jury may calculate any damage award based on a right's perceived value***." *Id*. This is precisely what Defendants are trying to prevent Plaintiff from doing. The court did not limit such an exclusion to merely compensatory damages.

---

[1] Plaintiff cites several unpublished cases in his Response that are not attached as exhibits. To the extent these cases are unpublished, as it appears, Plaintiff's Response violates this Court's Practice Guidelines as they were not attached as exhibits to the Response and they should not be considered in ruling on the Motion. *See* Practice Guidelines for Judge Gershwin A. Drain ("Where unpublished opinions or opinions published only in specialty reporters are cited, copies of the cases must be submitted as an exhibit.") (emphasis in original).

Further, this Court in *Ansari v. Jimenez*, granted a motion *in limine* to preclude a plaintiff from asserting entitle amount of damages based on the value or importance of a constitutional right at stake. The Court held "[t]he basic purpose of §1983 damages is to compensate persons for injuries that are caused by the deprivation of constitutional rights…[t]he abstract value of a constitutional right may not form the basis for §1983 damages." *Ansari v. Jimenz*, 678 F.Supp.3d 926, 933 (E.D. Mich. 2023) (quoting *Memphis Cmty. Sch. Dist. v. Stachura*, 477 U.S. 299, 307-308 (1986)). The court made it clear that plaintiff may "not appeal to the general importance of the Fourteenth Amendment and due process of law to determine the amount of damages." *Id*. Plaintiff "may only request that the jury award him an amount of damages that fits the injury he suffered and, if the requisite intent is proven, punitive damages." *Id*.

Other districts have granted similar motions. In *Pegg v. Herrnberger*, the Court granted a similar motion *in limine*, holding:

> "[t]he abstract value of a constitutional right may not form the basis of § 1983 damages…Thus, a plaintiff may recover only actual damages under § 1983. To the extent that the plaintiff seeks to assert damages based on the importance of the constitutional rights at stake, any such evidence is irrelevant and any probative value is substantially outweighed by the risk of unfair prejudice because it asks the jury to make a determination of damages outside of those that may be recovered."

*Pegg v. Herrnberger*, No. 5:13-CV-173, 2016 WL 7033171, at *1 (N.D.W. Va. Dec. 1, 2016) (**Exhibit B**) (citing *Memphis Cmty. Sch. Dist. v. Stachura*, 477 U.S. 299, 307-308 (1986)).

Plaintiff relies on an out of District and out of Circuit decision from Kansas to support his argument as to punitive damages but then misconstrues that opinion. In *Bosire v. McMillan,* the court found that plaintiff had "not explained how argument[s] about the intrinsic value or importance of Fourth Amendment rights [had] any bearing on liability" and sustained defendant's motion on this theory. *Bosire v. McMillan*, No. 19-01343-KHV, 2023 WL 1860851, at *3 (D. Kan. Feb. 9, 2023) (**Exhibit C**). That court—sitting in Kansas—held mention of constitutional rights *may be relevant* to a punitive damages assessment, but did not decide the issue. *Id*. at *3. For the reasons stated in Defendants' motion and herein, Plaintiff has no right to do so as he implies in his Response.

Defendants respectfully request that this Court preclude Plaintiff from making any references to the value of his constitutional rights at trial.

            Respectfully submitted,

            **BOWMAN AND BROOKE LLP**

By:   /s/*Sunny Rehsi*
       Sunny Rehsi (P80611)
       101 W. Big Beaver Road., Suite 1100
       Troy, MI 48084
       248.205.3300
       sunny.rehsi@bowmanandbrooke.com

Adam Masin (Admitted 5/1/2025)
750 Lexington Avenue
New York, NY 10022
646.914.6790
adam.masin@bowmanandbrooke.com

Rachel B. Weil (Admitted 7/16/25)
123 South Broad Street, Suite 1512
Philadelphia, PA 19109
267.908.7097
rachel.weil@bowmanandbrooke.com

*Attorneys for Defendants CHS TX, Inc. d/b/a YesCare and Keith Papendick, M.D.*

5

## CERTIFICATE OF SERVICE

I certify that on August 12, 2025, I electronically filed the foregoing paper with the clerk of the United States District Court, Eastern District Southern Division using the ECF system which will send notification of such filing to the following:

| | |
|---|---|
| **Ian T. Cross**<br>Cross Law PLLC<br>Attorneys for Plaintiff<br>402 W. Liberty St.<br>Ann Arbor, MI  48103<br>724.994.9590<br>ian@lawinannarbor.com | **Laurence H. Margolis**<br>Margolis Law Firm<br>Attorneys for Plaintiff<br>214 South Main St., Suite 202<br>Ann Arbor, MI 48104<br>734.994.9590<br>assistant@lawinannarbor.com |
| | **Jonathan R. Marko** (P72450)<br>**Michael L. Jones** (P85223)<br>Marko Law, PLLC<br>220 W. Congress, 4th Floor<br>Detroit, MI 48226<br>313.777.7529<br>jon@markolaw.com<br>michael@markolaw.com |

Respectfully submitted,

**BOWMAN AND BROOKE LLP**

By: /s/*Sunny Rehsi*
Sunny Rehsi (P80611)
101 W. Big Beaver Road., Suite 1100
Troy, MI 48084
248.205.3300
sunny.rehsi@bowmanandbrooke.com

Adam Masin (Admitted 5/1/2025)
750 Lexington Avenue
New York, NY 10022
646.914.6790

adam.masin@bowmanandbrooke.com

Rachel B. Weil (Admitted 7/16/25)
123 South Broad Street, Suite 1512
Philadelphia, PA 19109
267.908.7097
rachel.weil@bowmanandbrooke.com

*Attorneys for Defendants CHS TX, Inc. d/b/a YesCare and Keith Papendick, M.D.*

7