# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

KOHCHISE JACKSON,

        Plaintiff,

-vs-

CHS TX, INC., *et al.,*

        Defendants.

Case No. 19-cv-13382

Hon. Gershwin A. Drain

---

LAWRENCE H. MARGOLIS (P69635)
IAN T. CROSS (P83367)
**MARGOLIS, GALLAGHER & CROSS**
Attorneys for Plaintiff
214 S. Main St., Ste. 200
Ann Arbor, MI 48104
(734) 994-9590
larry@lawinannarbor.com
ian@lawinannarbor.com

JONATHAN R. MARKO (P72450)
MICHAEL L. JONES (P85223)
**MARKO LAW, PLLC**
Co-counsel for Plaintiff
220 W. Congress, 4th Floor
Detroit, Michigan 48226
P: (313) 777-7777 / F: (313) 470-2011
jon@markolaw.com
michael@markolaw.com

THOMAS G. HACKNEY (P81283)
**HACKNEY ODLUM & DARDAS**
Attorney for Keith Papendick, M.D.
10850 E. Traverse Hwy., Ste. 4440
Traverse City, MI 49684
(231) 642-5057
thackney@hodlawyers.com

ADAM MASIN
SUNNY REHSI (P80611)
**BOWMAN AND BROOKE LLP**
Attorney for CHS TX, Inc.
101 W. Big Beaver Rd., Ste. 1100
Troy, MI 48084
(248) 205-3300
Adam.masin@bowmanandbrooke.com
Sunny.rehsi@bowmanandbrooke.com

---

# PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO OVERRULE DEFENDANTS' OBJECTIONS TO THE DEPOSITION TESTIMONY OF DR. JOHN WEBBER

# <u>TABLE OF CONTENTS</u>

Index of Authorities ............................................................................ ii

Concise Statement of Issue Presented .................................................. v

Controlling or Most Appropriate Authority.......................................... vi

Introduction ........................................................................................ 1

    I.    Defendants' "Argumentative" Objections Were Baseless and Obstructive................................................................... 1

    II.    Defendants' "Foundation" Objections Lacked Merit...................... 3

    III.    Defendants' Relevance and Rule 403 Objections Were Specious............................................................................. 5

    IV.    Defendants' Leading, Repetitive, and Speculation Objections Were Meritless................................................................... 6

Conclusion ......................................................................................... 7

MARKOLAW.COM

220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226

P: (313) 777-7LAW
F: (1313) 470-2011

MARKO LAW

i

## <u>INDEX OF AUTHORITIES</u>

### <u>Cases</u>

*Cook v. Corizon, LLC*,
532 F. Supp. 3d 1215 (M.D. Ala. 2020) .................................................................. 6

*Dunn v. Owens-Corning Fiberglass*,
774 F. Supp. 929 (D.V.I. 1991) ............................................................................ 6

*Dunn v. State Farm Mut. Auto. Ins. Co.*,
724 F. Supp. 2d 701 (E.D. Mich. 2010) .................................................................. 3

*Exec. Ambulatory Surgical Ctr., LLC v. Allstate Fire & Cas. Ins. Co.*,
No. 21-10985, 2022 U.S. Dist. LEXIS 27589 (E.D. Mich. 2022) ...................... 5

*Fed. Ins. Co. v. Courtney*,
596 B.R. 645 (Bankr. S.D. Ohio 2019) .................................................................. 3

*Gonzalez Prod. Sys. v. Martinrea Int'l Inc.*,
No. 13-cv-11544, 2015 U.S. Dist. LEXIS 106480 (E.D. Mich. 2015) ............... 7

*Gordon v. Woods*,
No. 1:09-cv-521, 2016 U.S. Dist. LEXIS 130090 (W.D. Mich. 2016) ............... 2

*Hall v. Clifton Precision*,
150 F.R.D. 525 (E.D. Pa. 1993) ............................................................................ 2

*Hoppe v. Midwest Conveyor Co.*,
485 F.2d 1196 (8th Cir. 1973) ............................................................................... 2

*Horne v. Horel*,
No. C 07-4592SBA (PR), 2010 WL 934106 (N.D. Cal. 2010) ............................ 2

*In re Heparin Prods. Liab. Litig.*,
803 F. Supp. 2d 712 (N.D. Ohio 2011) .................................................................. 4

*Legacy Healthcare Servs. v. Provident Found., Inc.*,
No. 1:03CV00515, 2007 U.S. Dist. LEXIS 5761 (N.D. Ohio 2007) ................... 4

MARKOLAW.COM

220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226

P: (313) 777-7LAW
F: (313) 470-2011

MARKO**LAW**

*Mod. Holdings, LLC v. Corning, Inc.*,
No. 5:13-cv-00405-GFVT, 2022 U.S. Dist. LEXIS 255209 (E.D. Ky. 2022)..... 3

*Rhinehart v. Scutt*,
894 F.3d 721 (6th Cir. 2018) ................................................................. 5

*Rutherford v. PaloVerde Health Care Dist.*,
No. ED CV13-1247-JAK (SPx), 2014 U.S. Dist. LEXIS 195045
(C.D. Cal. 2014) ................................................................................. 2

*Ryan v. Hudson*,
No. 3:08CV0292, 2009 U.S. Dist. LEXIS 129108 (N.D. Ohio 2009) ................ 6

*Smith v. Fricke*,
635 F. Supp. 3d 152 (N.D.N.Y. 2022) ....................................................... 5

*Tattersalls Ltd. v. Wiener*,
No. 17CV1125-BTM(KSC), 2020 WL 13518326 (S.D. Cal. 2020)................... 6

*Thon v. Transp. TFI 11, S.E.C.*,
No. 13-13365,  2014 U.S. Dist. LEXIS 117696 (E.D. Mich. 2014)..................... 1

*U.S. v. Beebe*,
467 F.2d 222 (10th Cir. 1972) ................................................................. 2

*U.S. v. Castro*,
No. 19-CR-20498, 2022 WL 2328623 (E.D. Mich. 2022) .................................. 5

*United States v. McCafferty*,
801 F. Supp. 2d 605 (N.D. Ohio 2011) .................................................. 4, 7

*Varnell v. Sawyer*,
No. 3:15-cv-05443-BHS-DWC, 2018 U.S. Dist. LEXIS 155620
(W.D. Wash. 2018) ............................................................................... 5

*Wert v. La Quinta Inns, Inc.*,
No. 3:04-1094, 2008 U.S. Dist. LEXIS 11185 (M.D. Tenn. 2008) ..................... 4

*Wright v. Firestone Tire & Rubber Co.*,
93 F.R.D. 491 (W.D. Ky. 1982).......................................................... 6, 7

MARKOLAW.COM

220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226

P: (313) 777-7LAW
F: (313) 470-2011

MARKO LAW

iii

## **Federal Rules**

Fed. R. Evid. 401 ................................................................................. 5

Fed. R. Evid. 403 ................................................................................. 5

Fed. R. Evid. 702 ................................................................................. 7

Fed. R. Evid. 703 ................................................................................. 7

MARKOLAW.COM

220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226

P: (313) 777-7LAW
F: [(313) 470-2011

MARKO LAW

## **CONCISE STATEMENT OF ISSUE PRESENTED**

I.   Whether Defendants' deposition objections to Dr. Webber's trial testimony—including foundation, speculation, leading, asked-and-answered, argumentative, and relevance—should be overruled where the objections were not properly preserved and, in any event, Dr. Webber's testimony was admissible under applicable law?

**Plaintiff states:**          Yes.

**This Court should state:**   Yes.

**Defendants state:**          No.

MARKOLAW.COM

220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226

P: (313) 777-7LAW
F: (313) 470-2011

MARKO LAW

## <u>CONTROLLING OR MOST APPROPRIATE AUTHORITY</u>

Fed. R. Evid. 401 and 403

*In re Heparin Prods. Liab. Litig.*, 803 F. Supp. 2d 712 (N.D. Ohio 2011)

*Gonzalez Prod. Sys. v. Martinrea Int'l Inc.*, No. 13-cv-11544, 2015 U.S. Dist. LEXIS 106480 (E.D. Mich. 2015)

*Mod. Holdings, LLC v. Corning, Inc.*, No. 5:13-cv-00405-GFVT, 2022 U.S. Dist. LEXIS 255209 (E.D. Ky. 2022)

**INTRODUCTION**

Defendants' opposition is long on self-congratulation and short on substance. They insist every objection during Dr. Webber's trial deposition was "appropriate, procedurally proper, and legally correct," while praising themselves for "taking the high road." The record shows otherwise: in a single deposition, Defendants lodged **<u>27 objections and three motions to strike</u>**—conduct squarely condemned in *Thon v. Transp. TFI 11, S.E.C.*, No. 13-13365, 2014 U.S. Dist. LEXIS 117696 at *4–5 (E.D. Mich. 2014). As *Thon* recognized, "[d]epositions are designed to provide 'meaningful testimony' from the witness. Objections that interfere with this goal frustrate the purpose of a deposition and the entire civil justice system's attempt to find the truth." *Id.*

Defendants' interruptions did not preserve the record—they obstructed it. Their opposition cites no authority to justify this misconduct, offering only a blame-shifting narrative aimed at Plaintiff's counsel. These were "Rambo litigation tactics" designed to derail testimony, not protect it. *Id.* Because Defendants' objections were improper, obstructive, and contrary to precedent, they must be overruled.

**I. DEFENDANTS' "ARGUMENTATIVE" OBJECTIONS WERE BASELESS AND OBSTRUCTIVE.**

Defendants argue that several of Plaintiff's questions—**Webber Dep. 10:7–11, 17:25–18:7, 49:24–50:2, and 51:6–11**—were "argumentative." They were not. These objections reflect an effort to weaponize the label to obstruct testimony.

1

Defendants seize on trivial phrasing—"prolonged delay" instead of "delay," "whopping amount" instead of "amount"—to recast straightforward questions as improper. But courts sustain "argumentative" objections only when a question "is a speech to the jury masquerading as a question and…does not seek to elicit relevant, competent testimony, or often testimony at all." *Horne v. Horel*, No. C 07-4592SBA (PR), 2010 WL 934106, at *23 (N.D. Cal. 2010). Slant or tone alone is not enough. "The disputed questions were certainly slanted, but that does not make them improper." *Rutherford v. PaloVerde Health Care Dist.*, No. ED CV13-1247-JAK (SPx), 2014 U.S. Dist. LEXIS 195045, at *8-9 (C.D. Cal. 2014). Attorneys may frame facts favorably so long as they seek actual testimony. *Hall v. Clifton Precision*, 150 F.R.D. 525 (E.D. Pa. 1993); *U.S. v. Beebe*, 467 F.2d 222, 224 (10th Cir. 1972).

Here, questions about the risks of delaying Plaintiff's colostomy reversal and the surgery's cost squarely sought relevant testimony. They fall far short of the "speech to the jury" standard. Even if counsel believed phrasing risked prejudice, the remedy was cross-examination, not obstruction. Courts consistently hold that any minimal prejudice is addressed through clarification on cross, not wholesale exclusion. *Gordon v. Woods*, No. 1:09-cv-521, 2016 U.S. Dist. LEXIS 130090, at *84 (W.D. Mich. 2016); *Hoppe v. Midwest Conveyor Co.*, 485 F.2d 1196, 1202–03 (8th Cir. 1973). Defendants had ample opportunity to clarify, particularly at **17:25–**

**18:7**, where they now complain the question did not recite every credential of Dr. Papendick. Their failure to do so does not render the testimony inadmissible.

Finally, Defendants' objection at **51:6–11** underscores the hollowness of their position: they listed "argumentative" among a string of objections without explanation. A bare label is no substitute for a legal basis.

## II.   DEFENDANTS' "FOUNDATION" OBJECTIONS LACKED MERIT.

Defendants' foundation objections fail both procedurally and substantively. Their generic "objection, foundation" provided no basis at the time, depriving Plaintiff of any chance to cure. Such boilerplate is insufficient and constitutes waiver. *See Mod. Holdings, LLC v. Corning, Inc.*, No. 5:13-cv-00405-GFVT, 2022 U.S. Dist. LEXIS 255209, at *8-9 (E.D. Ky. 2022). Attempts to add specificity in their Response cannot save them. *Id.*

Moreover, Courts recognize the *low threshold* for foundation, especially where testimony concerns records, medical charges, or necessity of treatment. Disputes over factual basis goes to weight, not admissibility. *See Fed. Ins. Co. v. Courtney,* 596 B.R. 645, 658 (Bankr. S.D. Ohio 2019); *Dunn v. State Farm Mut. Auto. Ins. Co.*, 724 F. Supp. 2d 701, 715 (E.D. Mich. 2010).

The objection at **17:1–18:7** illustrates the point. Counsel asked Dr. Webber to assume facts already in evidence—that Papendick was not a surgeon and not board-certified—providing ample context for his opinion. Experts may answer

3

hypotheticals and critique the qualifications, methodology, and conclusions of other physicians. *United States v. McCafferty*, 801 F. Supp. 2d 605, 620 (N.D. Ohio 2011); *In re Heparin Prods. Liab. Litig.*, 803 F. Supp. 2d 712, 752-53 (N.D. Ohio 2011). Dr. Webber's further opinion that Papendick made surgical decisions without ever meeting Plaintiff is precisely the kind of methodological critique *Heparin* authorizes.

Defendants' remaining objections—**48:17–49:5, 51:6–11, and 72:2–25**—are equally baseless. Dr. Webber plainly has foundation to testify about his own billing practices and clinical decision-making. Questions on whether Plaintiff's surgery was "expensive" or whether necessity can be determined without patient contact were grounded in records and Papendick's own testimony. Courts hold that medical bills themselves provide sufficient foundation for expert testimony on necessity and reasonableness. *See Wert v. La Quinta Inns, Inc.*, No. 3:04-1094, 2008 U.S. Dist. LEXIS 11185, at *3-6 (M.D. Tenn. 2008).

Finally, Defendants' claim that Dr. Webber could not address Medicaid billing is contradicted by authority holding that Medicare/Medicaid compliance does not require expert testimony because such rules are within lay understanding. *See Legacy Healthcare Servs. v. Provident Found., Inc.*, No. 1:03CV00515, 2007 U.S. Dist. LEXIS 5761, at *8-9 (N.D. Ohio 2007). If laypersons can understand these concepts, a physician speaking to his own billing certainly can.

MARKOLAW.COM

220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226

P: (313) 777-7LAW
F: (313) 470-2011

MARKO**LAW**

### III.   DEFENDANTS' RELEVANCE AND RULE 403 OBEJECTIONS WERE SPECIOUS.

Defendants invoke Rules 401 and 403 to exclude plainly relevant testimony. None withstand scrutiny. Their first objection—**41:9–45:16**—concerned Dr. Webber's testimony about a prolapsed stoma photo, claiming it was "graphic" and "designed to make the jury cringe." That fails. Expert testimony on the necessity and inadequacy of care is not only relevant but **mandatory** to deliberate indifference claims. *Rhinehart v. Scutt*, 894 F.3d 721, 737–38 (6th Cir. 2018). Courts likewise admit evidence of the medical consequences of inadequate care. *Smith v. Fricke*, 635 F. Supp. 3d 152, 159 (N.D.N.Y. 2022). Nor does Rule 403 apply: the fact a photo is extremely graphic does not make it inadmissible; courts admit such evidence where probative and recognize that demonstratives carry unique evidentiary force. *See U.S. v. Castro*, No. 19-CR-20498, 2022 WL 2328623, at *3 (E.D. Mich. 2022).

At **51:6–11**, Defendants objected to testimony on whether cost or financial motive influenced surgery. Such testimony is directly probative of medical necessity. *Exec. Ambulatory Surgical Ctr., LLC v. Allstate Fire & Cas. Ins. Co.*, No. 21-10985, 2022 U.S. Dist. LEXIS 27589, at *13–14 (E.D. Mich. 2022).

At **52:1–15**, they objected to testimony on the feasibility of surgery for incarcerated patients. Courts hold later surgery evidence admissible to show feasibility. *Varnell v. Sawyer*, No. 3:15-cv-05443-BHS-DWC, 2018 U.S. Dist. LEXIS 155620, at *6–7 (W.D. Wash. 2018). Finally, at **72:2–25**, they objected to Dr.

Webber's opinion that Papendick erred by making surgical decisions without consultation. Federal courts recognize that evidence of whether proper consultation occurred bears directly on adequacy of care in deliberate indifference claims. *Cook v. Corizon, LLC*, 532 F. Supp. 3d 1215, 1220 (M.D. Ala. 2020).

## IV. DEFENDANTS' LEADING, REPETITIVE, AND SPECULATION OBJECTIONS WERE MERITLESS.

Defendants object to Dr. Webber's testimony at **34:16–35:3**, claiming it was elicited through a leading question—whether the gas he described was "smelly gas." This fails. Follow-up questions clarifying prior testimony are not impermissibly leading, particularly in medical examinations. *See Ryan v. Hudson*, No. 3:08CV0292, 2009 U.S. Dist. LEXIS 129108, at *30 (N.D. Ohio 2009); *Dunn v. Owens-Corning Fiberglass*, 774 F. Supp. 929, 942-43 (D.V.I. 1991). Counsel merely sought clarification of Dr. Webber's own description.

Defendants next object to the testimony at **38:24–39:2**, regarding physical risks of *never* receiving the surgery, claiming it was "asked and answered" because Dr. Webber had already discussed risks from *delaying* reversal. But the central issue is whether Plaintiff's reversal was medically necessary, which requires consideration of *all* potential risks. Courts hold that repetition is not objectionable when used to clarify, probe further, or correct confusion—particularly where opposing counsel's interruptions contribute to repetition. *See Tattersalls Ltd. v. Wiener*, No. 17CV1125-BTM(KSC), 2020 WL 13518326, at *11 (S.D. Cal. 2020); *Wright v. Firestone Tire*

6

& *Rubber Co.*, 93 F.R.D. 491, 493 (W.D. Ky. 1982). Dr. Webber's additional testimony provided clarification, not needless duplication.

Finally, Defendants' speculation objection at **72:2–25** is baseless. Dr. Webber's testimony reflected his medical opinion, grounded in his experience and the record, addressed the inadequacy of Papendick's decision-making without patient consultation. Such testimony is expressly permitted under Rules 702–703. *McCafferty*, 801 F. Supp. 2d at 620. This Court has further recognized the "low threshold" for factual sufficiency in admitting expert testimony—weaknesses go to weight, not admissibility. *Gonzalez Prod. Sys. v. Martinrea Int'l Inc.*, No. 13-cv-11544, 2015 U.S. Dist. LEXIS 106480, at *23 (E.D. Mich. 2015).

## **CONCLUSION**

WHEREFORE, for all of the reasons set forth above, Plaintiff respectfully requests that this Honorable Court GRANT Plaintiff's Motion.

Respectfully submitted,

*/s/ Jonathan R. Marko*
Jonathan R. Marko (P72450)
Attorney for Plaintiff
**MARKO LAW, PLLC**
220 W. Congress, 4th Floor
Detroit, MI 48226
P: (313) 777-7777 / F: (313) 470-2011
Date: August 19, 2025      Email: jon@markolaw.com

## **PROOF OF SERVICE**

The undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each attorney of record on **August 19, 2025**, via:

☐ U.S. Mail                    ☐ Fax
☐ Hand Delivered          ☐ Overnight Carrier
☐ Certified Mail            ☐ Other:  Mi-FILE Truefiling
☒ ECF System               ☐ Email

*/s/Ebony White*

8