UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KOHCHISE JACKSON,

        Plaintiff,

Case No. 19-13382
U.S. DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

v.

CORIZON HEALTH, INC., *et al.*,

        Defendants.

_____/

**ORDER GRANTING PLAINTIFF'S MOTION FOR WRIT TO ORDER APPEARANCE OF INMATE LARRY DARNELL COWAN [#127], GRANTING PLAINTIFF'S MOTION FOR WRIT TO ORDER APPEARANCE OF INMATE BRANDON CHAPMAN [#128]; AND GRANTING PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE OF RONALD MASIN GATES-GILL [#184]**

    Presently before the Court are the following motions: (1) Plaintiff's Motion for Writ to Order Appearance of Inmate Larry Darnell Cowan [#127]; (2) Plaintiff's Motion for Writ to Order Appearance of Inmate Brandon Chapman [#128]; and (3) Plaintiff's Motion for Alternative Service of Ronald Masin Gates-Gill [#184]. For the reasons that follow, the Court will grant these motions.

Plaintiff moves for the issuance of two writs of habeas corpus ad testificandum. First, Plaintiff seeks a writ ordering the Michigan Department of Corrections ("MDOC") to produce inmate Larry Darnell Cowan (Inmate No. 847990) to give testimony at trial. He contends that Mr. Cowan "is a necessary witness in the upcoming trial" because, similar to Plaintiff, he lived with a colostomy bag for five years after being denied a colostomy reversal surgery by Defendants. ECF No. 127, PageID.4670. Second, Plaintiff seeks a writ ordering the Federal Bureau of Prisons to produce Brandon Chapman (Inmate No. 55370-039), presently in custody at FCI Hazelton in Bruceton Hills, West Virginia, to give testimony at trial. Plaintiff asserts that Mr. Chapman was his bunkmate at all times relevant to this case, and as such, can testify "about what he saw Plaintiff experience as a result of Defendants' refusal to allow surgery." ECF No. 128, PageID.4679.

Title 28 U.S.C. § 1651(a) provides that federal courts may "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." This provision "empowers the federal courts to issue writs requiring penal authorities to produce prisoners at judicial proceedings in civil cases." *Holt v. Pitts*, 619 F.2d 558, 561 (6th Cir. 1980). The specific writ used to compel the production of a prisoner at trial is the writ of habeas corpus ad testificandum under 28 U.S.C. § 2241(c)(5). *See Ketchum v. Khan*, No. 10-cv-14749, 2016 WL 6441255, at *3 n.2 (E.D. Mich. Nov. 1, 2016); *see also* 28 U.S.C. §

2

2241(c)(5) (providing that "[t]he writ of habeas corpus shall not extend to a prisoner unless . . . it is necessary to bring him into court to testify or for trial"). While the district court has broad discretion to issue such writs, the Sixth Circuit has long recognized that a court should do so "only in those cases where the prisoner's physical presence will contribute significantly to a fair adjudication of his claims." *Holt*, 619 F.2d at 561. Such may be the case "when an inmate's civil action reaches the trial stage[] and his claim proves sufficiently meritorious to survive motions for dismissal and summary judgment," at which point "a court must then take all reasonable steps necessary to [ensure] that the inmate receives the fair 'day in court' to which he is entitled." *Id.* at 561-62.

Here, Mr. Cowan's and Mr. Chapman's testimony is likely to play an important role in Plaintiff's case. Mr. Cowan's anticipated testimony is probative of Plaintiff's allegation that Corizon had a policy or custom of denying colostomy reversals, which is pertinent to his *Monell* claim against Corizon. Furthermore, as Plaintiff's bunkmate, Mr. Chapman can offer firsthand testimony regarding his observations of Plaintiff's experiences while incarcerated. Such testimony will likely be probative of the alleged injuries Plaintiff suffered as a result of Defendants' conduct. For these reasons, Mr. Cowan's and Mr. Chapman's trial testimony will help ensure Plaintiff receives the fair day in court he is entitled to. Accordingly, the Court will grant Plaintiff's motions for writs of habeas corpus ad testificandum.

Next, Plaintiff seeks an order permitting him to effectuate service of a trial subpoena on Ronald Masin Gates-Gill, a current or former Corizon employee, through alternative means. Plaintiff has made three unsuccessful attempts to personally serve Mr. Gates-Gill.

Federal Rule of Civil Procedure 45(b) provides that "[a]ny person who is at least 18 years old and not a party may serve a subpoena" and that "[s]erving a subpoena requires delivering a copy to the named person." Fed. R. Civ. P. 45(b)(1). This Court has recognized that Rule 45 "allow[s] service of a subpoena by alternate means once the party seeking evidence demonstrates an inability to effectuate service after a diligent effort." *OceanFirst Bank v. Hartford Fire Ins. Co.*, 794 F. Supp. 2d 752, 754 (E.D. Mich. 2011); *see also Gibson v. Lowe's Home Ctrs., LLC*, No. 24-10864, 2025 WL 2714111, at *3 (E.D. Mich. Sept. 23, 2025). "The alternate means must be reasonably calculated to achieve actual delivery." *OceanFirst Bank*, 794 F. Supp. 2d at 754 (citation omitted). "Mailing by first-class mail to the actual address of the intended recipient generally will suffice, especially when the mailing is accompanied by posting at the known address of the prospective witness." *Id.* (citation omitted).

Here, Plaintiff's process server has made three separate attempts to effectuate personal service on Mr. Gates-Gill at a residential home located at 2133 Raby Road, East Lansing, MI 48823, which a neighbor confirmed is a "good address" for Mr.

4

Gates-Gill. ECF No. 184-2. The process server made her first attempt on Wednesday, July 30, 2025 at 10:24 AM, and nobody answered the door. She then left a notice on the front door containing her contact information and detailed instructions for Mr. Gates-Gill to call and schedule for service. The process server made her second attempt on Friday, August 1, 2025 at 3:17 PM, and, once again, nobody answered the door. This time, however, there were lights on inside the home and a vehicle in the driveway, and the notice the process server previously left was gone. The process server made her third and final attempt on Saturday, August 2, 2025 at 7:30 PM, when she observed a man standing at the kitchen sink who quickly walked away from the window when she pulled into the driveway. The process server knocked on the door multiple times, but nobody answered.

Based on these facts, the Court finds that Plaintiff has diligently attempted to personally serve the trial subpoena on Mr. Gates-Gill with no success. As such, service of Mr. Gates-Gill's trial subpoena by alternate means is appropriate, and Plaintiff's Motion for Alternate Service is granted. Service of the subpoena may be achieved by mailing it via first-class mail to Mr. Gates-Gill's known residential address, coupled with posting the subpoena on the front door of the residence.

Based on the foregoing, Plaintiff's Motion for Writ to Order Appearance of Inmate Larry Darnell Cowan [#127] is GRANTED; (2) Plaintiff's Motion for Writ to Order Appearance of Inmate Brandon Chapman [#128] is GRANTED; and (3)

5

Plaintiff's Motion for Alternative Service of Ronald Masin Gates-Gill [#184] is GRANTED.

    SO ORDERED.

Dated: February 12, 2026                          /s/Gershwin A. Drain
                                                      GERSHWIN A. DRAIN
                                                      United States District Judge

## CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on February 12, 2026, by electronic and/or ordinary mail.

/s/ Marlena Williams
Case Manager