UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KOHCHISE JACKSON,

      Plaintiff,

Case No. 19-13382
U.S. DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

v.

CORIZON HEALTH, INC., *et al.*,

      Defendants.

_____/

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO COMPEL COMPLIANCE WITH TRIAL SUBPOENAS [#162]; DENYING DEFENDANTS CHS TX, INC. AND DR. PAPENDICK'S MOTION TO QUASH TRIAL SUBPOENAS [#174]; DENYING DEFENDANTS CHS TX, INC. AND DR. PAPENDICK'S MOTION TO DESIGNATE PORTIONS OF DR. JEFFREY BOMBER'S DEPOSITION FOR USE AT TRIAL [#167]; AND DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO OVERRULE DEFENDANTS' OBJECTIONS AND SUSTAIN PLAINTIFF'S OBJECTIONS TO DR. BOMBER'S DEPOSITION TESTIMONY [#238]**

    **I.**    **INTRODUCTION**

Presently before the Court are the following motions: (1) Plaintiff Kohchise Jackson's Motion to Compel Compliance with Trial Subpoenas [#162]; (2) Defendants CHS TX, Inc. ("CHS TX") and Dr. Keith Papendick's Motion to Quash

Certain of Plaintiff's Trial Subpoenas [#174]; (3) Defendants CHS TX and Dr. Papendick's Motion to Designate Portions of Dr. Jeffrey Bomber's Deposition for Use at Trial [#167]; and (4) Plaintiff's Motion to Overrule Defendants' Objections and Sustain Plaintiff's Objections to Dr. Bomber's Deposition Testimony [#238]. Upon review of the parties' submissions, the Court finds that oral argument will not aid in the disposition of the motions, and thus they will be resolved on the briefs. *See* E.D. Mich. L.R. 7.1(f)(2).

For the reasons that follow, Plaintiff's Motion to Compel Compliance with Trial Subpoenas [#162] is DENIED, Defendants CHS TX and Dr. Papendick's Motion to Quash Certain of Plaintiff's Trial Subpoenas [#174] is DENIED, Defendants CHS TX and Dr. Papendick's Motion to Designate Portions of Dr. Bomber's Deposition for Use at Trial [#167] is DENIED, and Plaintiff's Motion to Overrule Defendants' Objections and Sustain Plaintiff's Objections to Dr. Bomber's Deposition Testimony [#238] is DENIED WITHOUT PREJUDICE.

## II.  BACKGROUND[1]

Plaintiff's motion to compel and Defendants CHS TX and Dr. Papendick's motion to quash concern trial subpoenas for the following individuals: (1) Dr. Jeffrey

---

[1] The Court incorporates by reference the factual and procedural background set forth in Magistrate Judge Patricia T. Morris's Order on Plaintiff's Motion for Substitution. ECF No. 89. The Court references only those facts that are pertinent to the issues presently before it.

2

Bomber, (2) Mason Gill, and (3) Isaac Lefkowitz. Dr. Bomber is a former Corizon employee who served as its state medical director in Michigan from 2015 to 2019. ECF No. 60-5, PageID.1386. While he is no longer directly employed by Corizon, he testified at his May 2021 deposition that he serves as a contract employee for Corizon, and in that role he "help[s] to supervise the providers at seven sites[.]" *Id.* at PageID.1386-87. Furthermore, as of 2023, Mr. Lefkowitz served as a director of CHS TX and the sole director of post-divisional merger Corizon. ECF No. 162-3, PageID.6153; ECF No. 162-4, PageID.6189. Lastly, according to Plaintiff, Mr. Gill is a current or former employee of Corizon who has knowledge about Corizon's internal policies.

On July 25, 2025, Plaintiff attempted to serve trial attendance subpoenas on Dr. Bomber, Mr. Gill, Mr. Lefkowitz, Defendant Dr. Papendick, and Dr. Patricia A. Schmidt by handing them to defense counsel. Defense counsel accepted service of the subpoenas directed at Dr. Papendick and Dr. Schmidt, stating that although they believed the subpoenas were untimely, they would accept service because Dr. Papendick is their client, and Dr. Schmidt is on Defendants' witness list and will be attending trial. Defense counsel refused to accept service of the subpoenas for Dr. Bomber, Mr. Gill, and Mr. Lefkowitz, claiming the subpoenas are untimely, the witnesses are located beyond the Court's geographical subpoena limits, and the witnesses hold no positions or employment at CHS TX or Corizon.

Plaintiff subsequently moved to compel compliance with the trial subpoenas directed at Dr. Bomber, Mr. Gill, and Mr. Lefkowitz, and Defendants CHS TX and Dr. Papendick moved to quash those subpoenas. Plaintiff also filed a motion for alternate service of Mr. Gill, which the Court recently granted, permitting Plaintiff to effectuate service by mailing the subpoena via first-class mail to his known residential address and posting the subpoena on the front door of the residence. Furthermore, Defendants CHS TX and Dr. Papendick moved to designate portions of Dr. Bomber's deposition for use at trial. Plaintiff later filed a motion to overrule Defendants' objections and sustain Plaintiff's objections to Dr. Bomber's deposition testimony.

### III. LAW AND ANALYSIS

#### A. Defendants' Failure to Comply with Rule 26's Disclosure Requirements

At the onset, the Court addresses Defendants' ongoing failure to comply with Federal Rule of Civil Procedure 26's disclosure requirements, as it bears directly on the motions presently before the Court. Rule 26(a) requires a party to provide "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(a)(1)(A)(i). Rule 26(e) further imposes a continuing duty to supplement those disclosures "in a timely manner if

4

the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A).

Rule 37(c)(1) prescribes sanctions for when a party fails to comply with these disclosure requirements, providing as follows:

> ***Failure to Disclose or Supplement.*** If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
>
> (A) May order payment of the reasonable expenses, including attorney's fees, caused by the failure;
>
> (B) May inform the jury of the party's failure; and
>
> (C) May impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

Fed. R. Civ. P. 37(c)(1). This rule "requires absolute compliance with Rule 26[], that is, it mandates that a trial court punish a party for discovery violations in connection with Rule 26 unless the violation was harmless or is substantially justified." *Big Lots Stores, Inc. v. Luv N'Care, Ltd.*, 302 F. App'x 423, 430 (6th Cir. 2008) (quoting *Roberts ex rel. Johnson v. Galen of Virginia, Inc.*, 325 F.3d 776, 782 (6th Cir. 2003)).

Here, Corizon and Dr. Papendick filed a witness list on October 15, 2020 that identifies Dr. Bomber and Mr. Gill as witnesses, but lists their contact information

5

only as "c/o counsel for the Corizon Defendants." ECF No. 41, PageID.676-77. There is no indication that Defendants have ever otherwise disclosed Dr. Bomber's or Mr. Gill's addresses or telephone numbers to Plaintiff. Given Dr. Bomber's and Mr. Gill's affiliations with Corizon or CHS TX, it strains credulity to suggest that Defendants could not readily obtain their contact information when Defendants filed their witness list or at any point thereafter. Defendants' failure to provide Plaintiff with their contact information constitutes a violation of Rule 26(a)'s disclosure requirements, and Defendants offer no reason to believe that this failure was substantially justified or is harmless.

Even assuming, *arguendo*, that listing Dr. Bomber's and Mr. Gill's contact information as "c/o counsel for the Corizon Defendants" satisfied Rule 26(a), defense counsel had an ongoing duty to timely update their contact information once, as Defendants contend, these witnesses were no longer affiliated with Corizon or CHS TX and Plaintiff could no longer communicate with them through defense counsel. Defense counsel's failure to do so constitutes a violation of Rule 26(e), and here too, Defendants have offered no reason to believe this failure was substantially justified or is harmless.

As for Mr. Lefkowitz, it does not appear that any Defendant to this case has listed him as a witness. However, CHS TX's supplemental disclosure, served on June 30, 2025, refers broadly to "Various Representatives of Defendant CHS TX"

6

as possessing "[i]nformation related to CHS TX's provision of medical care to MDOC prisoners, including but not limited to issues related to policies, practices, and procedures." ECF No. 162-2, PageID.6111. The disclosure does not identify such representatives by name and instead merely states that, "[u]pon identification of specific subjects of interest and corresponding time frames, counsel can identify the appropriate individuals with knowledge." *Id.* This generalized description falls short of what is required under Rule 26(a). Indeed, given that Mr. Lefkowitz was a director of CHS TX as of 2023, he likely possesses information related to CHS TX's provision of medical care to MDOC prisoners. By failing to identify him by name in its supplemental disclosure, CHS TX failed to satisfy its disclosure obligations.

To cure these deficiencies, Defendants are ordered to provide Plaintiff with Dr. Bomber's, Mr. Gill's, and Mr. Lefkowitz's contact information forthwith, including their phone numbers and residential addresses.[2] To the extent this information is not readily known to Defendants, they shall exercise reasonable diligence to obtain it. Defendants shall file a notice on the Court's docket forthwith, but no later than two business days from the date of this order, detailing their efforts

---

[2] As noted above, Plaintiff moved for an order permitting him to serve Mr. Gill through alternate means, which the Court granted. It appears Plaintiff is in possession of Mr. Gill's residential address, but out of an abundance of caution, the Court will order Defendants to provide Plaintiff with this information as it relates to Mr. Gill.

to obtain this information and confirming whether they provided it to Plaintiff.

### B. Plaintiff's Motion to Compel Compliance with Trial Subpoenas

The Court now turns to Plaintiff's motion to compel compliance with the trial subpoenas. Federal Rule of Civil Procedure 45 provides that "[s]erving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law." Fed. R. Civ. P. 45(b)(1). Although courts differ in how strictly they enforce the personal service requirement, this Court has consistently recognized that this rule "expressly requires personal service" on the witness and "makes no allowance for service by alternate means." *Jones v. St. Clair Cnty.*, No. 24-cv-11965, 2025 WL 1242864, at *1 (E.D. Mich. Apr. 29, 2025) (citation omitted). Even so, this Court allows for service by alternate means "once the party seeking evidence demonstrates an inability to effectuate service after a diligent effort." *OceanFirst Bank v. Hartford Fire Ins. Co.*, 794 F. Supp. 2d 752, 754 (E.D. Mich. 2011). "Alternate means must be reasonably calculated to achieve actual delivery," and "[m]ailing by first-class mail to the actual address of the intended recipient generally will suffice, especially when the mailing is accompanied by posting at the known address of the prospective witness." *Id.* (citation omitted).

Here, Plaintiff's attempt to serve the trial subpoenas by handing them to defense counsel did not comport with this Court's personal service requirement.

8

While defense counsel accepted service of some of the subpoenas, it was not obligated to do so. As such, denial of Plaintiff's motion is appropriate.

Notwithstanding, in light of Defendants' failure to provide Plaintiff with Dr. Bomber's and Mr. Lefkowitz's contact information and the quickly approaching trial date, the Court believes that Plaintiff has demonstrated an inability to effectuate service after a diligent effort, and the ends of justice support permitting Plaintiff to effectuate service through alternate means. As such, the Court will permit Plaintiff to effectuate service on Dr. Bomber and Mr. Lefkowitz by mailing their subpoenas to their residential addresses via first-class mail, coupled with posting the subpoenas on the front door of their residences.

### C. Defendants CHS TX and Dr. Papendick's Motion to Quash Trial Subpoenas

Next, Defendants CHS TX and Dr. Papendick move to quash Dr. Bomber's, Mr. Gill's and Mr. Lefkowitz's trial subpoenas. A party generally "has no standing to seek to quash a subpoena directed to a non-party." *Underwood v. Riverview of Ann Arbor*, No. 08-CV-11024-DT, 2008 WL 5235992, at *1 (E.D. Mich. Dec. 15, 2008). However, "an exception exists where the party-movant can demonstrate a claim of privilege or personal right." *Id.* (citations omitted). The "movant has the burden of persuasion on a motion to quash a subpoena." *Sys. Prods. and Sols., Inc. v. Scramlin*, No. 13-CV-14947, 2014 WL 3894385, at *7 (E.D. Mich. Aug. 8, 2014) (citation omitted).

Here, CHS TX and Dr. Papendick lack standing to quash the trial subpoenas. Dr. Bomber, Mr. Gill, and Mr. Lefkowitz are non-parties, and CHS TX and Dr. Papendick do not argue that they have a claim of privilege or personal right that would otherwise give them standing to quash the subpoenas. As such, the Court will deny the motion to quash.

### D. Defendants CHS TX and Dr. Papendick's Motion to Designate Portions of Dr. Bomber's Deposition for Use at Trial

Defendants CHS TX and Dr. Papendick move to designate certain portions of Dr. Bomber's deposition for use at trial, representing that he is located in Naubinway, Michigan, which is more than 100 miles from the Court. Indeed, Rule 32(a)(4) provides that "[a] party may use for any purpose the deposition of a witness, whether or not a party, if the court finds . . . that the witness is more than 100 miles from the place of hearing or trial or is outside the United States, unless it appears that the witness's absence was procured by the party offering the deposition." Fed. R. Civ. P. 32(a)(4). However, as discussed above, Defendants failed to comply with their Rule 26 disclosure requirements with respect to Dr. Bomber, and their failure to do so bars them from using that witness to supply evidence at trial. Fed. R. Civ. P. 37(c)(1). Accordingly, Defendants may not use Dr. Bomber's deposition at trial, and as such, denial of this motion is appropriate.

### E. Plaintiff's Motion to Overrule Defendants' Objections and Grant Plaintiff's Objections to Dr. Bomber's Deposition Testimony

Plaintiff moves to overrule Defendants' objections and sustain Plaintiff's objections to Dr. Bomber's deposition testimony. The Court will defer ruling on these objections for three reasons. First, the Court is permitting Plaintiff to serve Dr. Bomber with a trial subpoena through alternate means. If Dr. Bomber is successfully served and appears to testify at trial, resolution of the parties' objections will be unnecessary. Second, as discussed above, Defendants are precluded from using Dr. Bomber's deposition testimony at trial. It is unclear which objections relate solely to portions of the deposition Plaintiff intends to use, as opposed to those portions Defendants previously sought to use. Lastly, the parties failed to meet and confer to obtain concurrence before Plaintiff filed the present motion. Plaintiff's counsel emailed defense counsel in an effort to resolve the objections. That email went unanswered, and it does not appear defense counsel otherwise responded to Plaintiff's attempt to resolve the disputed objections.

For these reasons, the Court will deny Plaintiff's motion without prejudice. If it becomes apparent that Dr. Bomber will not testify live at trial and that Plaintiff intends to use his deposition transcript at trial, the parties shall meet and confer <u>in good faith</u> to resolve the objections.

### F. Sanctions

Lastly, Plaintiff seeks sanctions for Defendants' failure to comply with their Rule 26 disclosure obligations. As set forth above, the Court will order Defendants to correct the deficiency by promptly providing Plaintiff with Dr. Bomber's, Mr. Gill's, and Mr. Lefkowitz's contact information. In addition, Defendants will be precluded from using Dr. Bomber's deposition at trial. In the event Plaintiff experiences difficulty with serving trial subpoenas on Dr. Bomber, Mr. Lefkowitz, and Mr. Gill, or is otherwise unable to secure their attendance at trial, the Court will be willing to entertain a motion for further sanctions pursuant to Rule 37(c)(1).

### IV. <u>CONCLUSION</u>

Based on the foregoing, Plaintiff's Motion to Compel Compliance with Trial Subpoenas [#162] is DENIED, Defendants CHS TX and Dr. Papendick's Motion to Quash Certain of Plaintiff's Trial Subpoenas [#174] is DENIED, Defendants CHS TX and Dr. Papendick's Motion to Designate Portions of Dr. Bomber's Deposition for Use at Trial [#167] is DENIED, and Plaintiff's Motion to Overrule Defendants' Objections and Grant Plaintiff's Objections to Dr. Bomber's Deposition Testimony [#238] is DENIED WITHOUT PREJUDICE.

Defendants are ordered to provide Plaintiff with Dr. Bomber's, Mr. Gill's, and Mr. Lefkowitz's contact information forthwith, including their phone numbers and residential addresses. To the extent this information is not readily known to

Defendants, they shall exercise reasonable diligence to obtain it. Defendants shall file a notice on the Court's docket forthwith, but no later than two business days from the date of this order, detailing their efforts to obtain this information and confirming whether they provided it to Plaintiff.

It is further ordered that Plaintiff may effectuate service on Dr. Bomber and Mr. Lefkowitz by mailing the trial subpoenas to their residential addresses via first-class mail, coupled with posting the subpoenas on the front door of their residences.

SO ORDERED.

Dated: February 27, 2026

/s/Gershwin A. Drain
GERSHWIN A. DRAIN
United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
February 27, 2026, by electronic and/or ordinary mail.
/s/ Marlena Williams
Case Manager