# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

KOHCHISE JACKSON,

    Plaintiff,

v.

CHS TX, INC., et al.,

    Defendants

Case No.: 2:19-13382-GAD-PTM

U.S. DISTRICT COURT JUDGE
HON. GERSHWIN A. DRAIN

## DEFENDANTS' MOTION TO VACATE AND/OR CLARIFY ORDER [#249] EXCLUDING TESTIMONY OF DR. JEFFREY BOMBER

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................. iii

STATEMENT OF ISSUES PRESENTED............................................................1

CONTROLLING OR MOST APPROPRIATE AUTHORITY ............................2

INTRODUCTION ..................................................................................................3

LEGAL STANDARDS ..........................................................................................4

FACTUAL BACKGROUND.................................................................................5

ARGUMENT ..........................................................................................................8

CONCLUSION.....................................................................................................11

[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION TO
     VACATE AND/OR CLARIFY.................................................................14

# TABLE OF AUTHORITIES

Cases                                                                                                                                                                                                                                   Page(s)

*El Camino Res., Ltd. v. Huntington Nat. Bank*,
  No. 2009 WL 1228680 (W.D. Mich. Apr. 30, 2009) ............................................. 9
*Madison v. Gen. Motors Corp.*,
  2008 WL 11474918 (E.D. Mich. Apr. 29, 2008) .................................................. 5

Rules

Fed. R. Civ. P. 26 .............................................................................................. 1, 3, 6
Fed. R. Civ. P. 32(a)(4) ............................................................................................ 5
Fed. R. Civ. P. 60(a) ............................................................................................. 2, 4
Fed. R. Civ. P. 60(b) ................................................................................................ 4
Fed. R. Civ. P. 60(b)(1) ............................................................................................ 2
Fed. R. Civ. P. 60(b)(6) ............................................................................................ 2

## **STATEMENT OF ISSUES PRESENTED**

I. Whether the Court should vacate and/or clarify its Order (Doc. 249) barring Defendants from using Dr. Bomber's "deposition testimony" at trial due to Defendants' purported lack of compliance with Fed. R. Civ. Pro. 26 when, subsequent to Plaintiff's arguments as to that issue, Plaintiff obtained a *de bene esse* trial deposition of Dr. Bomber and has not moved to preclude Defendants from using his trial testimony?

   **Defendants' state: Yes**

   **The Court should state: Yes**

   **Plaintiff might state: No**

II. Whether the Court should permit Defendants' use of Dr. Bomber's trial testimony at trial when his trial testimony was secured more than five months ago?

   **Defendants' state: Yes**

   **The Court should state: Yes**

   **Plaintiff might state: No**

## **CONTROLLING OR MOST APPROPRIATE AUTHORITY**

Fed. R. Civ. P. 60(a)

Fed. R. Civ. P. 60(b)(1)

Fed. R. Civ. P. 60(b)(6)

**INTRODUCTION**

On February 27, 2026, the Court issued an Order addressing several motions. (Doc. 249). Therein, the Court ruled that Defendants CHS TX, Inc. and Keith Papendick, M.D. ("Defendants") are precluded from using Dr. Jeffrey Bomber's deposition testimony at trial. Defendants ask the Court to vacate and/or clarify this ruling for several reasons, including the fact that the concern Plaintiff once had about obtaining Dr. Bomber's contact information became moot when the parties secured his trial testimony five months ago.

*First*, the Court's ruling was based on the Defendants' shortcoming in providing Plaintiff with Dr. Bomber's updated contact information pursuant to Rule 26 following Corizon's bankruptcy in 2023. Plaintiff never filed a motion to preclude Defendants' reliance on Dr. Bomber's testimony for this reason. Rather, in an August 7, 2025 Response to Defendants' Motion to Designate portions of his *discovery* deposition—a motion which was expressly based the fact that Dr. Bomber resided outside of the Court's subpoena jurisdiction (Doc. 186)—Plaintiff raised a concern about not having a current address in the context of securing his trial testimony. But any concern Plaintiff had about this issue was quickly mooted when Plaintiff successfully obtained the *de bene esse* trial preservation deposition of Dr. Bomber on September 4, 2025 in lieu of pursuing his live attendance at trial. Thus, any previous concern Plaintiff may have had relating to Dr. Bomber's contact

3

information was no longer a live controversy months before the Court considered this issue.  The Court appears not to have realized that the parties already have Dr. Bomber's trial testimony.  Plaintiff never so much as objected to Defendants' use of Dr. Bomber's trial testimony.

*Second*, there can be no prejudice to Plaintiff relating to Dr. Bomber's contact information when the parties already obtained Dr. Bomber's trial testimony and when Plaintiff was present for and made objections to Defendants' trial examination many months ago.

Defendants met and conferred regarding the substance of this Motion with Plaintiff's counsel by email on March 2, 2026, but Plaintiff has not stipulated to the relief sought herein.

## **LEGAL STANDARDS**

Rule 60(a) authorizes a court to correct an error in an order on its own motion or by motion of the parties. Fed. R. Civ. P. 60(a) ("The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice."). Rule 60(b) permits the Court to relieve a party from an order for mistakes or "any other reason that justifies relief." Fed. R. Civ. P. 60(b) ("On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake .

4

. . (6) any other reason that justifies relief."); *see also Madison v. Gen. Motors Corp.*, 2008 WL 11474918, at *2 (E.D. Mich. Apr. 29, 2008).

## FACTUAL BACKGROUND

As an initial matter, it is not disputed that Dr. Bomber lives more than 100 miles from the Courthouse and that ***Plaintiff knew where he lived for almost five years***. Fed. R. Civ. P. 32(a)(4). Dr. Bomber testified that he lives in Naubinway in response to questions from Plaintiff's counsel at his discovery deposition taken on May 28, 2021. (Doc. 167-3).

Corizon filed for bankruptcy on February 13, 2023. (Doc. 97). In the months following Corizon's bankruptcy, Corizon's counsel withdrew (Doc. 100), Dr. Papendick obtained new counsel (Doc. 101), the Court considered a request for a stay and then stayed proceedings for more than one year (Doc. 100; Doc. 106). The case remained inactive between November 13, 2023 and January 31, 2025 while the Court considered Plaintiff's motion to substitute CHS TX for Corizon. (Doc. 106). The Court did not add CHS TX as a party until February 19, 2025. (Doc. 114). Counsel for CHS TX entered their appearance in this case on May 2, 2025, in advance of the May 5, 2025 Scheduling Conference, which was the first hearing involving CHS TX as a party. (Doc. 118). Counsel for CHS TX did not enter an appearance on behalf of Dr. Papendick until July 22, 2025. (Doc. 136).

Just a week later, Defendants reiterated Dr. Bomber's residence in Naubinway

5

in their motion *in limine* to designate portions of his discovery deposition on July 30, 2025. (Doc. 167). In his August 7, 2025 response to that motion, Plaintiff argued, in part, that the Court should deny the motion because Defendants had not fully complied with Rule 26 by updating Dr. Bomber's contact information after its bankruptcy. (Doc. 186). Notably, Plaintiff never claimed that he did not know Dr. Bomber's address. Plaintiff also never moved preclude Defendants from relying on testimony from Dr. Bomber at trial or even argued for such a result.

Just three day after filing his response, Plaintiff personally served Dr. Bomber with a trial subpoena for this case at his home. *See* **Exhibit A** (redacted email from Dr. Bomber to Tom Hackney, 8/10/2025). Following communication between the office of Plaintiff's counsel and Dr. Bomber's attorney regarding scheduling of the deposition, *see* **Exhibit B**, on August 18, 2025, Plaintiff served all parties with a Notice of Taking *De Bene Esse* Video Deposition of Dr. Jeffrey Bomber for September 4, 2025. *See* **Exhibit C**. Plaintiff served the Notice on Dr. Bomber's attorney. *Id*. The videotaped *de bene esse* deposition occurred as noticed on September 4, 2025, with all parties present and Dr. Bomber represented by counsel. *See* **Exhibit D**. All parties asked questions. Although Plaintiff lodged objections to specific questions, Plaintiff did not generally object to the Defendants' use of the trial testimony. At the time, trial was set for October 21, 2025, which means Dr. Bomber's trial testimony was secured well in advance of the trial.

6

Plaintiff emailed Defendants on September 30, 2025 unreasonably asking that Defendants provide a position on many objections made at Dr. Bomber's trial testimony by the following day, October 1, 2025. *See* **Exhibit E**. On October 1, 2025, the Court cancelled the jury trial set for October 21, 2025. (Text Entry 10/1/2025). On October 7, 2025, the Court reset the trial date for January 20, 2026. (Doc. 237). The next day—and without inquiring about the timing of Defendants' response to their September 30, 2025 email—Plaintiff somewhat confusingly filed a motion seeking rulings on Defendants' objections to Dr. Bomber's "deposition testimony," although the motion was directed at the *de bene esse* trial testimony and not a discovery deposition. (Doc. 238). The motion did not seek to prevent Defendants from introducing Dr. Bomber's trial testimony. Defendants responded on October 21, 2025 (Doc. 240), indicating several objections to Plaintiff's questions that they were not pursuing (§ 1) and arguing Defense objections that should be sustained (§ 2) and Plaintiff's objections that should be overruled. Plaintiff did not file a Reply.

On October 23, 2025, the Court moved the trial date to March 24, 2026. On January 27, 2026, the parties filed a Joint Stipulation (Doc. 246) identifying that they had met and conferred on the outstanding motions, that Doc. 240 set forth the objections that Defendants withdrew, and that all other issues raised by Defendants' objections were preserved for trial and would therefore need to be decided.

7

## ARGUMENT

The Court should vacate its Order as to Dr. Bomber because any issue raised by Plaintiff relating to the inadequate disclosure of his contact information as of August 2025 was (i) moot months before the Court issued its Order and (ii) Plaintiff has not suffered any prejudice because the parties obtained Dr. Bomber's sworn trial testimony when they took his *de bene esse* trial preservation deposition on September 4, 2025.  Specifically, the Court should vacate its ruling that Defendants' prior failure to provide Dr. Bomber's updated contact information "bars them from using that witness to supply evidence at trial," which would permit Defendants to rely on Dr. Bomber's existing trial testimony.

*First*, the issue of Dr. Bomber's contact disclosure in the aftermath of Corizon's bankruptcy, whatever the merits may have been as of August 7, 2025, has been moot for least five months.  Plaintiff obviously knew Dr. Bomber's address at the time because *he served him personally with a trial subpoena* three days later.  Once the parties obtained Dr. Bomber's trial testimony on September 4, 2025, there was no longer any issue about whether his contact information disclosure might impact his ability to be called as a witness at trial.  Dr. Bomber was represented at his trial deposition by his personal counsel, Tom Hackney of Hackney, Odlum & Dardas.  All parties were present and asked questions of Dr. Bomber.  Plaintiff did not raise any general objection to CHS TX asking questions on cross and has never

8

moved to preclude CHS TX from using Dr. Bomber's trial testimony. Further, Dr. Bomber's trial testimony was secured well in advance of October 21, 2025 trial date and months in advance of the present trial date on March 24, 2026. The issue of Dr. Bomber's contact information was not a live controversy for many months before the Court issued its Order.

*Second*, preclusion of a witness is an extreme sanction that is not warranted when there has been no prejudice to the opposing party. *See El Camino Res., Ltd. v. Huntington Nat. Bank*, No. 2009 WL 1228680, at *2 (W.D. Mich. Apr. 30, 2009) ("In determining whether a nondisclosure is harmless, courts look at a number of factors, but the principal factor is whether the opponent will be prejudiced or surprised…the extreme sanction of preclusion is simply not warranted when the importance of the additional witness was already known to the opponent."). There was obviously never any prejudice to Plaintiff at the time he challenged the adequacy of Dr. Bomber's contact information disclosure on August 7, 2025. Plaintiff successfully served Dr. Bomber with a trial subpoena just three days later and obtained his trial testimony months before the March 24, 2025 trial date.

Plaintiff has never argued, anywhere, that Defendants should not be permitted to play Dr. Bomber's video trial testimony. There was no reason to preclude Defendants from presenting trial testimony from a witness called by the opposing party when the entire trial testimony has already been secured, there has been no

9

prejudice to the opposing party, and the opposing party has never even sought such a result. Further, there was never any reason to preclude Dr. Papendick from relying on Dr. Bomber's trial testimony. Dr. Papendick is the former employee of an agent of a bankrupt company. There is no basis to believe that he would have different contact information that what Dr. Bomber himself supplied to Plaintiff's counsel in 2021. Accordingly, the Court should vacate its Order relating to Dr. Bomber, or otherwise clarify that the Order does not preclude Defendants from playing Dr. Bomber's *de bene esse* trial testimony.

*Finally*, because of how the Court deferred ruling on Plaintiff's October 8, 2025 "Motion to Overrule Defendants' Objections to the Deposition Testimony of Dr. Jeffrey Bomber," it appears that the Court may have wrongly believed that the Motion at issue related to a *discovery* deposition. But Plaintiff's Motion related to Dr. Bomber's *de bene esse* deposition and not his prior discovery deposition. Moreover, the Court's Order does not recognize that Defendants long-ago stipulated to withdraw several objections, and specified that they were pursuing several others, in their Response to Plaintiff's Motion dated October 21, 2025. (Doc. 240). The parties informed the Court of this in a Stipulation filed on December 12, 2025, following a meet and confer. (Doc. 244). Accordingly, there has been a meet and confer between the parties related to this the Motion, some of the issues were narrowed by agreement months ago, the Court has been made aware of these facts,

10

and issues raised by the motion and its response are for a decision.

## CONCLUSION

For the reasons stated herein, the Court should grant the Motion to Vacate its Order precluding Dr. Bomber's testimony at trial and/or clarify its ruling in that regard and should permit Defendants to rely on Dr. Bomber's *de bene esse* video trial testimony.

Dated:  March 3, 2026

                                Respectfully submitted,

                              **BOWMAN AND BROOKE LLP**

By:   /s/*Sunny Rehsi*
Sunny Rehsi (P80611)
101 W. Big Beaver Road., Suite 1100
Troy, MI 48084
248.205.3300
sunny.rehsi@bowmanandbrooke.com

Adam Masin (Admitted 5/1/2025)
750 Lexington Avenue
New York, NY 10022
646.914.6790
adam.masin@bowmanandbrooke.com

Rachel B. Weil (Admitted 7/16/25)
123 South Broad Street, Suite 1512
Philadelphia, PA 19109
267.908.7097
rachel.weil@bowmanandbrooke.com

*Attorneys for Defendants CHS TX, Inc. d/b/a YesCare and Keith Papendick, M.D.*

## CERTIFICATE OF SERVICE

I certify that, on March 3, 2026 a copy of the foregoing document in the above-captioned proceeding has been served upon the attorneys listed below via electronic mail:

**Ian T. Cross** (P83367)
Cross Law PLLC
Attorneys for Plaintiff
402 W. Liberty St.
Ann Arbor, MI  48103
724.994.9590
ian@lawinannarbor.com

**Laurence H. Margolis** (P69635)
Margolis Law Firm
Attorneys for Plaintiff
214 South Main St., Suite 202
Ann Arbor, MI 48104
734.994.9590
assistant@lawinannarbor.com

**Thomas G. Hackney** (P81283)
Hackney Odlum & Dardas Michigan
Attorneys for Keith Papendick
Bayview Professional Center
10850 E. Traverse Hwy., Suite 4440
Traverse City, MI 49684
231.642.5056
thackney@hodlawyers.com

**Jonathan R. Marko** (P72450)
**Michael L. Jones** (P85223)
**Allie J. Farris (P88654)**
Marko Law, PLLC
220 W. Congress, 4th Floor
Detroit, MI 48226
313.777.7529
jon@markolaw.com
michael@markolaw.com
allie@markolaw.com

Respectfully submitted,

**BOWMAN AND BROOKE LLP**

By:   /s/*Sunny Rehsi*
Sunny Rehsi (P80611)
101 W. Big Beaver Road.,
Suite 1100 Troy, MI 48084
248.205.3300
sunny.rehsi@bowmanandbrooke.com

Adam Masin (Admitted 5/1/2025)
750 Lexington Avenue
New York, NY 10022
646.914.6790
adam.masin@bowmanandbrooke.com

Rachel B. Weil (Admitted 7/16/25)
123 South Broad Street, Suite 1512
Philadelphia, PA 19109
267.908.7097
rachel.weil@bowmanandbrooke.com

*Attorneys for Defendants CHS TX, Inc. d/b/a YesCare and Keith Papendick, M.D.*

Case 2:19-cv-13382-GAD-PTM   ECF No. 251, PageID.9666   Filed 03/03/26   Page 17 of 17

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| KOHCHISE JACKSON,<br><br>             Plaintiff,<br><br>v.<br><br>CHS TX, INC., et al.,<br><br>             Defendants. | Case No.: 2:19-cv-13382-GAD-PTM<br><br>U.S. DISTRICT COURT JUDGE<br>HON. GERSHWIN A. DRAIN |

**[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION TO VACATE AND/OR CLARIFY**

For the reasons stated in Defendants' Motion to Vacate And/Or Clarify Order (#249) Excluding Testimony of Dr. Jeffrey Bomber, the Motion is GRANTED. Dr. Bomber's *de bene esse* testimony is admissible at trial subject to the Court's ruling on the parties' objections to specific questions.

_____
Hon. Gershwin A. Drain

14