**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

KOHCHISE JACKSON,

                Plaintiff,                       Case No. 19-cv-13382

-vs-                                      Hon. Gershwin A. Drain

CHS TX, INC., *et al.,*

                Defendants.

---

LAWRENCE H. MARGOLIS (P69635)
IAN T. CROSS (P83367)
**MARGOLIS & CROSS**
Attorneys for Plaintiff
214 S. Main St., Ste. 200
Ann Arbor, MI 48104
(734) 994-9590
larry@lawinannarbor.com
ian@lawinannarbor.com

JONATHAN R. MARKO (P72450)
MICHAEL L. JONES (P85223)
**MARKO LAW, PLLC**
Co-counsel for Plaintiff
220 W. Congress, 4th Floor
Detroit, Michigan 48226
P: (313) 777-7529 / F: (313) 470-2011
jon@markolaw.com
michael@markolaw.com

ADAM MASIN
RACHEL WEIL
SUNNY REHSI (P80611)
**BOWMAN AND BROOKE LLP**
Attorneys for CHS TX, Inc.
and Dr. Keith Papendick, M.D.
101 W. Big Beaver Rd., Ste. 1100
Troy, MI 48084
(248) 205-3300
Adam.masin@bowmanandbrooke.com
Sunny.rehsi@bowmanandbrooke.com

---

**<u>PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE COURT'S ORDER [ECF # 254] GRANTING IN PART DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE JAN WATSON, M.D. AND CRISTIN RETTLER [ECF # 175]</u>**

NOW COMES, Plaintiff, **KOHCHISE JACKSON**, by and through counsel, and for his Motion for Reconsideration of the Court's Order granting, in part, Defendants' Motion *in limine* to exclude Jan Watson, M.D. and Cristin Rettler, states as follows:

Because Cristin Rettler was deposed in this case, *see* ECF No. 201-1, reversal of the Court's Order excluding Cristin Rettler's testimony at trial is warranted under E.D. Mich. LR 16.2(b)(8) and E.D. Mich. LR 7.1(h)(2)(A). Local Rule 16.2(b)(8) permits witnesses to be listed in the final pretrial order and called at trial if the witness has been deposed, even if the witness was not included on a witness list submitted under a prior order.

The parties conferred via telephone on March 11, 2026 and discussed the basis for this motion pursuant to E.D. Mich. LR 7.1(a), but concurrence could not be obtained for the relief sought.

WHEREFORE, for all of the reasons set forth above, and those more fully set forth in the attached Brief, Plaintiff respectfully requests that this Honorable Court GRANT his Motion for Reconsideration and permit Cristin Rettler to testify at trial.

Respectfully submitted,

**MARGOLIS & CROSS**

*/s/Ian T. Cross*
Ian T. Cross (P83367)
Laurence H. Margolis (P69635)
Attorneys for Plaintiff
402 W. Liberty St.
Ann Arbor, MI 48103
734-994-9590
ian@lawinannarbor.com

Date: March 12, 2026

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

KOHCHISE JACKSON,

        Plaintiff,

-vs-

CHS TX, INC., *et al.,*

        Defendants.

Case No. 19-cv-13382

Hon. Gershwin A. Drain

---

| | |
|---|---|
| LAWRENCE H. MARGOLIS (P69635) <br> IAN T. CROSS (P83367) <br> **MARGOLIS, GALLAGHER & CROSS** <br> Attorneys for Plaintiff <br> 214 S. Main St., Ste. 200 <br> Ann Arbor, MI 48104 <br> (734) 994-9590 <br> larry@lawinannarbor.com <br> ian@lawinannarbor.com | ADAM MASIN <br> SUNNY REHSI (P80611) <br> **BOWMAN AND BROOKE LLP** <br> Attorney for CHS TX, Inc. and <br> Dr. Keith Papendick. M.D. <br> 101 W. Big Beaver Rd., Ste. 1100 <br> Troy, MI 48084 <br> (248) 205-3300 <br> Adam.masin@bowmanandbrooke.com <br> Sunny.rehsi@bowmanandbrooke.com |
| JONATHAN R. MARKO (P72450) <br> MICHAEL L. JONES (P85223) <br> **MARKO LAW, PLLC** <br> Co-counsel for Plaintiff <br> 220 W. Congress, 4th Floor <br> Detroit, Michigan 48226 <br> P: (313) 777-7529 / F: (313) 470-2011 <br> jon@markolaw.com <br> michael@markolaw.com | |

---

**PLAINTIFF'S BRIEF IN SUPPORT OF HIS MOTION FOR RECONSIDERATION OF THE COURT'S ORDER [ECF # 254] GRANTING IN PART DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE JAN WATSON, M.D. AND CRISTIN RETTLER [ECF # 175]**

## CONCISE STATEMENT OF ISSUES PRESENTED

I.  Whether this Court should permit Cristin Rettler to testify at trial, where she was deposed prior to trial, and E.D. Mich LR 16.2(b)(8) permits parties to call any witness who has been deposed, regardless of whether the deposed witness was included on a witness list under a prior order?

**Plaintiff states: Yes.**
**Defendant states: No.**
**This Court should state: Yes.**

## **CONTROLLING OR MOST APPROPRIATE AUTHORITY**

**Federal Rules**

Fed. R. Civ. P. 26(a)(3)

Fed. R. Civ. P. 37(c)(1)

**Local Rules**

E.D. Mich. LR 16.2(b)(8)

E.D. Mich. LR 7.1(h)(2)(A)

**Cases**

*Pryor v. Wayne County*, No. 09-13185, 2011 LX 89665 (E.D. Mich. July 27, 2011)

*IUOE Local 324 Ret. Tr. Fund v. LGC Glob. FM, LLC*, No. 17-13921, 2020 U.S. Dist. LEXIS 203472 (E.D. Mich. Nov. 2, 2020)

## INTRODUCTION AND FACTUAL BACKGROUND

On August 1, 2025, Defendants filed a Motion *in limine* to exclude all trial testimony from Dr. Jan Watson, M.D. and Cristin Rettler, P.A. [ECF No. 175]. Defendants' Motion focused primarily on these witnesses' qualifications, objections to relevance, and arguments that their testimony would be based on hearsay and unfairly prejudicial. Defendants did not make a developed argument that either witness should be excluded from providing testimony as a discovery sanction; at no point in their briefing did Defendants even cite Rule 37(c)(1).

On March 11, 2026, the Court granted the Motion in part, ruling that Ms. Rettler would be precluded from testifying because she was not disclosed on a prior witness list. [ECF No. 254, PageID.9826-9829]. However, Ms. Rettler was deposed in this case, *see* ECF No. 201-1, and was listed as a witness on the Joint Final Pretrial Order submitted by the parties on July 30, 2025. Plaintiff thus fulfilled his Rule 26(a)(3) disclosure obligations with respect to this witness per E.D. Mich. LR 16.2(b)(8) and the Court's May 3, 2025 Amended Scheduling Order [ECF No. 119, PageID.4439]. Reversal of the Court's Order excluding this witness is thus warranted under E.D. Mich. LR 7.1(h)(2)(A).

## ARGUMENT

Fed. R. Civ. P. 37(c)(1) provides that, "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Thus, in order to trigger exclusion of a witness under Rule 37(c)(1), a party must have failed to fulfill its disclosure obligations with respect to that witness under Rule 26.

Eastern District of Michigan Local Rule 16.2 provides that the "joint final pretrial order shall fulfill the parties' disclosure obligations under Fed.R.Civ.P. 26(a)(3), unless the Judge orders otherwise." E.D. Mich. LR 16.2(a). Local Rule 16.2 also provides:

> Except as permitted by the Court for good cause a party may not list a witness [in the joint final pretrial order] unless the witness was included on a witness list submitted under a prior order **or has been deposed**. . . . Only listed witnesses will be permitted to testify at trial, except for rebuttal witnesses whose testimony could not be reasonably anticipated before trial, or except for good cause shown.

E.D. Mich. LR 16.2(b)(8) (emphasis added).

The effect of Local Rule 16.2 is to permit a party to list a witness in the JFPTO and call that witness at trial if the witness was deposed in the case, even if the witness was not included on a witness list submitted under a prior order. *See*

8

*Pryor v. Wayne County,* No. 09-13185, 2011 LX 89665 at *7-*9 (E.D. Mich. July 27, 2011); *IUOE Local 324 Ret. Tr. Fund v. LGC Glob. FM, LLC*, No. 17-13921, 2020 U.S. Dist. LEXIS 203472 (E.D. Mich. Nov. 2, 2020) ("pursuant to this rule, a witness may be included in a final pretrial order, even if not listed on a previously filed witness list, if the Court finds good cause *or* the witness was deposed.").

In this case, Ms. Rettler was deposed, *see* ECF No. 201-1, and she was listed in the Joint Final Pretrial Order that the parties submitted through the Utilities function on July 30, 2025. Plaintiff thus fulfilled his disclosure obligations with respect to this witness under Local Rule 16.2, and she should be permitted to testify at trial.

## CONCLUSION

WHEREFORE, for all of the reasons set forth above, Plaintiff respectfully requests that this Honorable Court GRANT his Motion for Reconsideration and permit Cristin Rettler to testify at trial in this matter.

Respectfully submitted,

**MARGOLIS & CROSS**

*/s/Ian T. Cross*
Ian T. Cross (P83367)

9

Laurence H. Margolis (P69635)
Attorneys for Plaintiff
402 W. Liberty St.
Ann Arbor, MI 48103
734-994-9590
ian@lawinannarbor.com

Date:  March 12, 2026