# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

KOHCHISE JACKSON,

      Plaintiff,

v.

CHS TX, INC., et al.,

      Defendants

Case No.: 2:19-cv-13382-GAD-PTM

U.S. DISTRICT COURT JUDGE
HON. GERSHWIN A. DRAIN

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO RECONSIDER THE COURT'S ORDER [ECF #254] GRANTING IN PART DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE JAN WATSON, M.D. <u>AND CRISTIN RETTLER [ECF #175]</u>**

## TABLE OF CONTENTS

Page (s)

TABLE OF AUTHORITIES ...............................................................................II

STATEMENT OF ISSUES ...............................................................................1

CONTROLLING OR MOST APPROPRIATE AUTHORITIES...........................2

ARGUMENT ...............................................................................................3

CONCLUSION .............................................................................................6

i

# TABLE OF AUTHORITIES

Page(s)

Cases

*Dunn ex rel. Albery v. State Farm Mut. Auto. Ins. Co.*,
  264 F.R.D. 266 (E.D. Mich. 2009) ........................................................................5
*Kassim v. United Airlines, Inc.*,
  320 F.R.D. 451 (E.D. Mich. 2017) ........................................................................5
*Ogle v. Koorsen Fire & Security., Inc.*,
  336 F.Supp.3d 874 (S.D. Ohio 2018) ....................................................................4
*Roberts ex rel. Johnson v. Galen of Virginia, Inc.*,
  325 F.3d 776 (6th Cir. 2003) .................................................................................4

Rules

Fed. R. Civ. P. 26 and 37 ............................................................................... 2, 3, 5
Fed. R. Civ. P. 26(a)(2)(C) .................................................................................4, 5
Fed. R. Civ. P. 27(c)(1) ...........................................................................................4
Fed. R. Civ. P. 37(c)(1) ...........................................................................................4
Fed. R. Evid. 702 ....................................................................................................4

## STATEMENT OF ISSUES

1.      **Whether this Court should permit Cristin Rettler to testify at trial, where she was deposed prior to trial, and E.D. Mich. LR 16.2(b)(8) permits parties to call any witness who has been deposed, regardless of whether the deposed witness was included on a witness list under a prior order?**

Defendants' Answer: No

Plaintiff's Answer:  Yes

The Court Should Answer:  No

1

2

## CONTROLLING OR MOST APPROPRIATE AUTHORITIES

1. Fed. R. Civ. P. 26 and 37

Defendants CHS TX, Inc. and Keith Papendick, M.D. respectfully respond to Plaintiff's "Motion for Reconsideration of the Court's Order [ECF # 254] Granting in part Defendants' Motion *in Limine* to Exclude Jan Watson, M.D. and Cristin Rettler [ECF #175]."   (ECF No. 255).  For the reasons stated herein, the Court should deny Plaintiff's motion for reconsideration and uphold its Order in ECF No. 254 and prohibit Cristin Rettler from testifying at trial.

## **ARGUMENT**

Plaintiff argues that Cristin Rettler should be admitted as a witness pursuant to Local Rule 16.2(a) simply because she was deposed.  This argument should be rejected because it misses the point of the Court's Order excluding her from testifying and the entirety of Defendants' motion *in limine*, and because Plaintiff concedes in his motion Ms. Rettler was not disclosed as required under Fed. R. Civ. P. 26.

As discussed in Defendants' motion *in limine*, Ms. Rettler was improperly disclosed as putative non-retained expert witness on May 20, 2025, as a sham intended to avoid the fact that Plaintiff did not disclose her by the fact witness disclosure date.  Ms. Rettler confirmed this sham at her deposition when she testified that she was not an expert and that she was not even asked to provide expert testimony.  *See* ECF No. 175, p. 8 ("I have not been asked to give expert testimony

3

in this case at all to my understanding." Rettler Dep., 43: 17-21, see also 21:19-24 ("I'm not giving expert testimony.")).

The Court has already held that Plaintiff should have designated Ms. Rettler as a fact witness. ECF. No. 254, p. 55. The Court's fact witness disclosure date is meaningless if Plaintiff can backdoor admission of a pure fact witness by appending an expert label to her that she herself rejects. Further, Plaintiff's sham disclosure of her *as an expert* is what prompted Defendants to take her deposition. There was no way Defendants could ably determine if Ms. Rettler could offer admissible expert testimony under Fed. R. Evid. 702 without deposing her. Plaintiff should not be permitted to benefit from their sham disclosure by relying on the deposition produced by their sham. Contrary to Plaintiff's position, the mere fact a witness may be available for deposition "is insufficient to excuse noncompliance with Rule 26(a)(2) 'because obviat[ing] the need to provide Rule 26(a)(2) disclosures and reports by simply making…experts available to be deposed would render the Rule meaningless.'" *Ogle v. Koorsen Fire & Security., Inc.*, 336 F.Supp.3d 874 (S.D. Ohio 2018). Fed. R. Civ. P. 27(c)(1) requires absolute compliance with Rule 26(a). *Roberts ex rel. Johnson v. Galen of Virginia, Inc.*, 325 F.3d 776, 782 (6th Cir. 2003) (cleaned up). Failure to comply with Rule 26(a) "prohibits the use of the expert's testimony in a 'motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.'" Fed. R. Civ. P. 37(c)(1). Plaintiff skirts around the issue

4

as to why Ms. Rettler was not timely disclosed as an expert under Rule 26. Instead, Plaintiff focuses on the mere fact that Ms. Rettler was deposed. This is an insufficient explanation. Courts have made it clear that simply taking depositions of a plaintiff's expert, without the benefit of expert disclosures, defeats the purpose of Rule 26(a)(2)(C). *Kassim v. United Airlines, Inc.*, 320 F.R.D. 451, 454 (E.D. Mich. 2017). In *Kassim*, United Airlines took a deposition of plaintiff's treating physician without the benefit of an expert disclosure, the Court found that even if plaintiff attempted to make expert disclosures after a treating physician's deposition, it would not cure a deficiency of not having a timely made expert disclosure, and that it would disrupt the orderly flow of litigation. *Id*. Courts within this district have found that absent a showing by a party of good, or even any cause for its failure to name individuals under LR 16.2, mandates their exclusion. *Dunn ex rel. Albery v. State Farm Mut. Auto. Ins. Co*., 264 F.R.D. 266, 279-80 (E.D. Mich. 2009).

The Court should also deny Plaintiff's motion for reconsideration based on arguments Defendants made in their motion *in limine* that the Court did not reach. As discussed fully therein, Ms. Rettler's entire putative fact testimony is irrelevant and unfairly prejudicial because it would be limited to facts about her alleged experiences in one Oregon jail from 2012-2014. She did not work in the same State, or at the same time, or even in the same type of facility as is relevant to Plaintiff's case, and she offers no testimony about colostomy care. There is no *evidence* linking

5

her dissimilar experience in an Oregon jail to decisions about Plaintiff's care in prison Michigan by completely different people half a decade or more later.

## CONCLUSION

WHEREFORE, for all of the reasons set forth above, Defendants respectfully request that this Honorable Court DENY Plaintiff's Motion for Reconsideration and sustain its decision in not permitting Cristin Rettler to testify at trial in this matter.

Dated: March 17, 2026                    Respectfully submitted,

**BOWMAN AND BROOKE LLP**

By:    /s/*Sunny Rehsi*
      Sunny Rehsi (P80611)
      101 W. Big Beaver Road.,
      Suite 1100 Troy, MI 48084
      248.205.3300
      sunny.rehsi@bowmanandbrooke.com

      Adam Masin (Admitted 5/1/2025)
      750 Lexington Avenue
      New York, NY 10022
      646.914.6790
      adam.masin@bowmanandbrooke.com

      Rachel B. Weil (Admitted 7/16/25)
      123 South Broad Street, Suite 1512
      Philadelphia, PA 19109
      267.908.7097
      rachel.weil@bowmanandbrooke.com

      *Attorneys for Defendants CHS TX, Inc. d/b/a*
      *YesCare and Keith Papendick, M.D.*

## CERTIFICATE OF SERVICE

I certify that, on March 17, 2026, a copy of the foregoing document in the above-captioned proceeding has been served upon the attorneys listed below via electronic mail:

**Ian T. Cross** (P83367)
Cross Law PLLC
Attorneys for Plaintiff
402 W. Liberty St.
Ann Arbor, MI  48103
724.994.9590
ian@lawinannarbor.com

**Laurence H. Margolis** (P69635)
Margolis Law Firm
Attorneys for Plaintiff
214 South Main St., Suite 202
Ann Arbor, MI 48104
734.994.9590
assistant@lawinannarbor.com

**Thomas G. Hackney** (P81283)
Hackney Odlum & Dardas Michigan
Attorneys for Jeffrey Bomber
Bayview Professional Center
10850 E. Traverse Hwy., Suite 4440
Traverse City, MI 49684
231.642.5056
thackney@hodlawyers.com

**Jonathan R. Marko** (P72450)
**Michael L. Jones** (P85223)
**Allie J. Farris** (P88654)
Marko Law, PLLC
220 W. Congress, 4th Floor
Detroit, MI 48226
313.777.7529
jon@markolaw.com
michael@markolaw.com

**BOWMAN AND BROOKE LLP**

By:   /s/*Sunny Rehsi*
Sunny Rehsi (P80611)
101 W. Big Beaver Road.,
Suite 1100 Troy, MI 48084
248.205.3300
sunny.rehsi@bowmanandbrooke.com

Adam Masin (Admitted 5/1/2025)
750 Lexington Avenue
New York, NY 10022
646.914.6790
adam.masin@bowmanandbrooke.com

7

Rachel B. Weil (Admitted 7/16/25)
123 South Broad Street, Suite 1512
Philadelphia, PA 19109
267.908.7097
rachel.weil@bowmanandbrooke.com

*Attorneys for Defendants CHS TX, Inc. d/b/a*
*YesCare and Keith Papendick, M.D.*

8