**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

KOHCHISE JACKSON,

     Plaintiff,

v.

CHS TX, INC., et al.,

     Defendants

Case No.: 2:19-cv-13382-GAD-PTM

U.S. DISTRICT COURT JUDGE
HON. GERSHWIN A. DRAIN

**DEFENDANTS' RESPONSE TO PLAINTIFF'S BRIEF ABOUT DISPUTED OBJECTIONS TO DEPOSITION TESTIMONY OF DR. JOHN WEBBER**

Defendants respond as follows to Plaintiff's arguments about disputed objections to the *de bene esse* deposition testimony of Dr. John Webber.

**1.  Defendants' Objection to Argumentative Testimony**
**Transcript Webber De Bene Esse Deposition ("Tr."), 10:7-11**

For the sake of efficiency, Defendants agree to withdraw this objection.

**2. Defendants' Objection to Argumentative Testimony**
**Tr. 27:8**

Plaintiff acknowledges that this Court should apply a "'speech to the jury" standard" Pl. br., at 2, in determining whether a question is impermissibly argumentative.  In asking Dr. Webber if he agreed with a statement in a letter written by Dr. Kansakar, Plaintiff's counsel described Dr. Kansakar as a "board-certified treating physician who wasn't hired by anybody in this case." Tr. 27:3-4.  This

description is a sound bite that belongs in closing argument, not in a deposition question.  It elicited no new information, as Dr. Webber had already testified to his opinion that Plaintiff's colostomy should have been reversed earlier.   As such, in the form in which it was posed, the question satisfied the "speech to the jury" standard and was impermissibly argumentative.  The objection should be sustained.

### 3.  Defendants' "Asked and Answered" Objection,  Tr. 39:5

At Tr. 9:5-6, Plaintiff's counsel asked Dr. Webber about the risks of delaying colostomy reversal:  "And is that delay in getting reversal – is there a risk of physical harm?"  Dr. Webber answered the question from Tr. 9:22 – 11:3, listing possible complication.

Later, Plaintiff's counsel asked Dr. Webber, at Tr. 38:24-39:4, about "physical harm" that can be caused by "a delay of not getting [colostomy] reversal," asking him to list the "high risk physical harms for not letting somebody get this surgery."  Defense counsel objected to this question as "asked and answered."

Plaintiff argues that this question addressed a different topic, not, as in the earlier question, potential complications from delaying reversal.  But that wording, verbatim, is in both questions.  Dr. Webber even acknowledged this, prefacing part of his answer, describing prolapse, with "which I alluded to earlier." Tr. 40:23.   In sum, despite Plaintiff's attempt to draw a distinction between the objected-to

question and the earlier question, they sought the same information – physical risks of delaying colostomy reversal.   The objection should be sustained.

### 4. Defendants' Objection to Irrelevant and Prejudicial Question and Exhibit, Tr. 41:9-15.

In response to questioning about potential risks of delaying colostomy reversal, Dr. Webber discussed colostomy prolapse.   Tr. 40:22-41:5.   At the conclusion of Dr. Webber's answer, Plaintiff's counsel showed him a graphic picture of a prolapsed colostomy as an "example." *Id.* 41:6-7.  Defense counsel objected to the introduction of the photo.[1]

The photo in question one of the exhibits, on the Joint Pretrial Order, to which Defendants have objected – the Court is preparing to address those exhibits.   As defense counsel stated in her objection, the photo is entirely irrelevant, as it is undisputed that Plaintiff never suffered from prolapse.  Given this undisputed fact, the photo is inadmissible under Rules 401 and 403, as the jury's inevitable visceral reaction to the graphic, irrelevant photo risks significant prejudice to Defendants.

The objection to the photo should be sustained.

### 5. Defendants' Objection to Irrelevant Question, Tr. 52:1-5

Plaintiff's counsel asked Dr. Webber if he "would do surgery on a patient . . . who was in the department of corrections" who was sent to him.  The question seeks

---

[1] Defense counsel also objected to the testimony about prolapse, but we will withdraw the objection only as to the testimony.

3

speculation about general information that is not relevant to the question of whether it was medically necessary for Plaintiff's colostomy to be reversed or to any other issue in this case.  The objection should be sustained.

### 6.  Plaintiff's Objections to Defendants' Questions, 56:5-22

Throughout Plaintiff's counsel's direct examination of Dr. Webber, he asked questions designed to elicit Dr. Webber's opinion that Dr. Papendick should have approved Plaintiff for colostomy reversal in April 2017.  On cross-examination, defense counsel asked Dr. Webber if he was even aware of what Dr. Papendick considered in making his decision and if he reviewed what Dr. Papendick reviewed. Plaintiff's counsel objected on "form and foundation" grounds.  Neither objection had merit.  Defendants were entitled to cross-examine Dr. Webber to expose the weaknesses in his testimony, and the questions were proper cross-examination questions.   The objections should be overruled.

### 7.  Defendants' Motion to Strike Speculative Testimony, Tr. 71:2-72:24

Plaintiff's counsel asked Dr. Webber whether, in his opinion, it was appropriate that Dr. Papendick had not met with Plaintiff.  Defense counsel objected to this question, then moved to strike the entire answer.   We will withdraw the objection to the question itself; however, the entire answer, speculating about "people who make these decisions", who "sit in boardrooms and make decisions on

4

cost-cutting and whatever based on, you might say, administrative orders . . . ." was composed entirely of speculation for which Dr. Webber had no foundation.

Dr. Webber was disclosed by Plaintiff as a non-retained expert.  As this Court recently stated, non-retained experts are " 'hybrid witnesses,' who can "provide fact testimony based on their personal involvement in the underlying events and expert testimony based on their education, training, and experience." *Jackson v. Corizon Health, Inc., et al.*, No. 19-13382, 2026 WL 685966, at *22 (E.D. Mich. Mar. 11, 2026) (citation omitted).  Nothing in Dr. Webber's "education, training, and experience" provides a foundation for him to speculate about doctors "sitting in boardrooms, making decisions based on cost-cutting" and the like, and this pure speculation risks significant prejudice to Defendants.   The objections should be sustained and the testimony should be stricken.

### 8.  Defendants' Objection to Non-Responsive Testimony, Tr. 75:3-77:23

Plaintiff asked Dr. Webber if there is risk in every surgery.  Dr. Webber answered in the affirmative, then delivered a several-page speech which was not responsive to the question.  Defense counsel properly moved to strike the non-responsive answer, and the objection should be sustained.

Dated: March 17, 2026          Respectfully submitted,

**BOWMAN AND BROOKE LLP**

By:   /s/*Sunny Rehsi*
Sunny Rehsi (P80611)
101 W. Big Beaver Road.,
Suite 1100 Troy, MI 48084
248.205.3300
sunny.rehsi@bowmanandbrooke.com

Adam Masin (Admitted 5/1/2025)
750 Lexington Avenue
New York, NY 10022
646.914.6790
adam.masin@bowmanandbrooke.com

Rachel B. Weil (Admitted 7/16/25)
123 South Broad Street, Suite 1512
Philadelphia, PA 19109
267.908.7097
rachel.weil@bowmanandbrooke.com

*Attorneys for Defendants CHS TX, Inc. d/b/a*
*YesCare and Keith Papendick, M.D.*

6

## CERTIFICATE OF SERVICE

I certify that, on March 17, 2026, a copy of the foregoing document in the above-captioned proceeding has been served upon the attorneys listed below via electronic mail:

**Ian T. Cross** (P83367)
Cross Law PLLC
Attorneys for Plaintiff
402 W. Liberty St.
Ann Arbor, MI  48103
724.994.9590
ian@lawinannarbor.com

**Laurence H. Margolis** (P69635)
Margolis Law Firm
Attorneys for Plaintiff
214 South Main St., Suite 202
Ann Arbor, MI 48104
734.994.9590
assistant@lawinannarbor.com

**Thomas G. Hackney** (P81283)
Hackney Odlum & Dardas Michigan
Attorneys for Jeffrey Bomber
Bayview Professional Center
10850 E. Traverse Hwy., Suite 4440
Traverse City, MI 49684
231.642.5056
thackney@hodlawyers.com

**Jonathan R. Marko** (P72450)
**Michael L. Jones** (P85223)
**Allie J. Farris** (P88654)
Marko Law, PLLC
220 W. Congress, 4th Floor
Detroit, MI 48226
313.777.7529
jon@markolaw.com
michael@markolaw.com
allie@markolaw.com

**BOWMAN AND BROOKE LLP**

By:     /s/*Sunny Rehsi*
        Sunny Rehsi (P80611)
        101 W. Big Beaver Road.,
        Suite 1100 Troy, MI 48084
        248.205.3300
        sunny.rehsi@bowmanandbrooke.com

7

Adam Masin (Admitted 5/1/2025)
750 Lexington Avenue
New York, NY 10022
646.914.6790
adam.masin@bowmanandbrooke.com

Rachel B. Weil (Admitted 7/16/25)
123 South Broad Street, Suite 1512
Philadelphia, PA 19109
267.908.7097
rachel.weil@bowmanandbrooke.com

*Attorneys for Defendants CHS TX, Inc. d/b/a
YesCare and Keith Papendick, M.D.*

8