## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

KOHCHISE JACKSON,

   Plaintiff,

v.

CHS TX, INC., et al.,

   Defendants

Case No.: 2:19-cv-13382-GAD-PTM

U.S. DISTRICT COURT JUDGE
HON. GERSHWIN A. DRAIN

## DEFENDANTS' RESPONSE TO PLAINTIFF'S BENCH BRIEF ON PLAINTIFF'S OBJECTIONS TO DEFENDANTS' USE OF MEDICAL <u>LITERATURE EXHIBITS</u>

# **TABLE OF CONTENTS**

Page (s)

TABLE OF AUTHORITIES ................................................................................. iii

STATEMENT OF ISSUES ....................................................................................1

CONTROLLING OR MOST APPROPRIATE AUTHORITIES............................2

ARGUMENT ..........................................................................................................3

CONCLUSION .......................................................................................................6

i

# TABLE OF AUTHORITIES

Page(s)

Cases

*Constantino v. David M. Herzog, M.D., P.C.*,
   203 F.3d 164 (2nd Cir. 2000) ...............................................................................4
*Grossheim v. Freightliner Corp.*,
   974 F.2d 745 (6th Cir. 1992) ...............................................................................4
*Rideout v. Nguyen*,
   No. CIV.A.4:05CV00001JHM, 2008 WL 3850390 (W.D. Ky. Aug. 15, 2008) ...4
*Roach v. Hughes*,
   No. 4:13-CV-00136-JHM, 2016 WL 9460306 (W.D. Ky. Mar. 9, 2016) .............4
*United States v. Fults*,
   639 F.App'x 366 (6th Cir. 2016) ..........................................................................5
*United States v. Martinez*,
   588 F.3d 301 (6th Cir. 2009) ...............................................................................5
*United States v. Munar*,
   419 F.App'x 600 (6th Cir. 2011) ..........................................................................5

Rules

Fed. R. Evid. 803(18) ................................................................................ passim

## <u>STATEMENT OF ISSUES</u>

**1.      Whether this Court should preclude Defendants from being able to use medical literature exhibits during both direct and cross-examination of expert witnesses?**

Defendants' Answer: No

Plaintiff's Answer:  Yes

The Court Should Answer:  No

## <u>CONTROLLING OR MOST APPROPRIATE AUTHORITIES</u>

1.      Fed. R. Evid. 803(18)

Defendants CHS TX, Inc. and Keith Papendick, M.D. ("Defendants") respectfully respond to Plaintiff's "Bench Brief in Support of [Plaintiff's] Objections to Defendants' Medical Literature Exhibits." For the reasons stated here, the Court should deny Plaintiff's bench brief and permit Defendants to use the medical literature exhibits at trial.

## ARGUMENT

Plaintiff conveniently omits the entirety of Fed. R. Evid. 803(18). Fed. R. Evid. 803(18) provides that the following category of evidence is not excluded by the rule against hearsay:

> "A statement contained in a treatise, periodical, or pamphlet if: (A) the statement is called to the attention of an <u>expert witness</u> on <u>cross-examination</u> or relied on by the expert on direct examination; and (B) the publication is established as a reliable authority by the expert's admission or testimony, by another expert's testimony, or by judicial notice. If admitted, the statement may be read into evidence but not received as an exhibit."

Fed. R. Evid. 803(18) (emphasis added). Fed. R. Evid. 803(18) makes it clear that Defendants are permitted to use learned treatises during the cross-examination of Plaintiff's experts, Dr. Silverman and Dr. Webber, and can also use the treatise during the direct examination of Defendants' expert witnesses, provided the publication is established as a reliable authority.

3

The Sixth Circuit has made clear that statements from learned treatises "can be read into evidence." *Grossheim v. Freightliner Corp.*, 974 F.2d 745, 754 (6th Cir. 1992). Defendants are not intending to admit the entirety of the learned treatises themselves into evidence, as Plaintiff would have this Court believe. Using certain statements in learned treatises during an examination of an expert witness who has knowledge of the subject is permissible and within the scope of Fed. R. Evid. 803(18). *Roach v. Hughes*, No. 4:13-CV-00136-JHM, 2016 WL 9460306, at *5 (W.D. Ky. Mar. 9, 2016); *see also Rideout v. Nguyen*, No. CIV.A.4:05CV00001JHM, 2008 WL 3850390, at *7 (W.D. Ky. Aug. 15, 2008) (holding parties may use articles under Fed. R. Evid. 803(18) on cross-examination of an expert witness). Here, the learned treatises / medical articles are all related to the care of colostomy and/or its reversal – which is directly related to the opinions that Dr. Silverman and Dr. Webber may provide at trial and as to what Defendants' experts may provide as well.

Additionally, it is not "essential a testifying expert rely on a learned treatise during direct examination [a party can use a learned treatise] provided a 'sufficient foundation is laid if the treatise is called to the attention of [the]expert upon cross-examination.'" *Constantino v. David M. Herzog, M.D., P.C.*, 203 F.3d 164 (2nd Cir. 2000). There is no case law that would prevent Defendants from utilizing treatises during cross-examination of an expert witness, which is precisely what Fed. R. Evid.

4

803(18) permits. Plaintiff has misconstrued the holding in *United States v. Martinez*. In *Martinez*, the court relied on Fed. R. Evid. 803(18) and found that a video that was played during trial did not fall under this exception and was harmless error. *United States v. Martinez*, 588 F.3d 301, 312 (6th Cir. 2009). Here, Defendants intend to lay the appropriate foundation with the expert witnesses as to the authority such learned treatises have in the medical profession and utilize them during the examination of expert witnesses. Additionally, Defendants also plan to use the learned treatises, once reliable authority has been established with the expert witnesses in this case, as demonstrative evidence. Demonstrative evidence can consist of materials that are not submitted into evidence. *See United States v. Fults*, 639 F.App'x 366 (6th Cir. 2016); *see also United States v. Munar*, 419 F.App'x 600 (6th Cir. 2011) (even though the trial court erred in allowing Exhibit 577 (a visual chart created by the Government summarizing the links to bank fraud), a limiting instruction that charts are not evidence but only aids in evaluating evidence was sufficient).

While there is no authority that directly states a party must disclose a learned treatise before trial, nor has Plaintiff provided any authority for same, Defendants disclosed the learned treatises it planned to use during the direct and cross-examination of expert witnesses, in order to avoid any surprise claims by Plaintiff or to avoid any unnecessary objections that such were not disclosed. Plaintiff also

5

conveniently omits that he also has included several medical articles on his exhibit list in the Joint Final Pre-Trial Order – see Plaintiff's proposed exhibits 72-75. Defendants have no objection to the use of learned treatises consistent with Fed. R. Evid. 803(18).

## CONCLUSION

WHEREFORE, for all the reasons set forth above, Defendants respectfully request that this Honorable Court DENY Plaintiff's Brief in Support of [Plaintiff's] Objections to Defendants' Medical Literature Exhibits.

Dated: March 17, 2026                    Respectfully submitted,

**BOWMAN AND BROOKE LLP**

By:    /s/*Sunny Rehsi*
Sunny Rehsi (P80611)
101 W. Big Beaver Road.,
Suite 1100 Troy, MI 48084
248.205.3300
sunny.rehsi@bowmanandbrooke.com

Adam Masin (Admitted 5/1/2025)
750 Lexington Avenue
New York, NY 10022
646.914.6790
adam.masin@bowmanandbrooke.com

Rachel B. Weil (Admitted 7/16/25)
123 South Broad Street, Suite 1512
Philadelphia, PA 19109
267.908.7097
rachel.weil@bowmanandbrooke.com

*Attorneys for Defendants CHS TX, Inc. d/b/a YesCare and Keith Papendick, M.D.*

## CERTIFICATE OF SERVICE

I certify that, on March 17, 2026, a copy of the foregoing document in the above-captioned proceeding has been served upon the attorneys listed below via electronic mail:

**Ian T. Cross** (P83367)
Cross Law PLLC
Attorneys for Plaintiff
402 W. Liberty St.
Ann Arbor, MI  48103
724.994.9590
ian@lawinannarbor.com

**Laurence H. Margolis** (P69635)
Margolis Law Firm
Attorneys for Plaintiff
214 South Main St., Suite 202
Ann Arbor, MI 48104
734.994.9590
assistant@lawinannarbor.com

**Thomas G. Hackney** (P81283)
Hackney Odlum & Dardas Michigan
Attorneys for Jeffrey Bomber
Bayview Professional Center
10850 E. Traverse Hwy., Suite 4440
Traverse City, MI 49684
231.642.5056
thackney@hodlawyers.com

**Jonathan R. Marko** (P72450)
**Michael L. Jones** (P85223)
**Allie J. Faris** (P88654)
Marko Law, PLLC
220 W. Congress, 4th Floor
Detroit, MI 48226
313.777.7529
jon@markolaw.com
michael@markolaw.com
allie@markolaw.com

**BOWMAN AND BROOKE LLP**

By:   /s/*Sunny Rehsi*
Sunny Rehsi (P80611)
101 W. Big Beaver Road.,
Suite 1100 Troy, MI 48084
248.205.3300
sunny.rehsi@bowmanandbrooke.com

8

Adam Masin (Admitted 5/1/2025)
750 Lexington Avenue
New York, NY 10022
646.914.6790
adam.masin@bowmanandbrooke.com

Rachel B. Weil (Admitted 7/16/25)
123 South Broad Street, Suite 1512
Philadelphia, PA 19109
267.908.7097
rachel.weil@bowmanandbrooke.com

*Attorneys for Defendants CHS TX, Inc. d/b/a*
*YesCare and Keith Papendick, M.D.*

9