**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

KOHCHISE JACKSON,

      Plaintiff,

v.

CHS TX, INC., et al.,

      Defendants

Case No.: 2:19-cv-13382-GAD-PTM

U.S. DISTRICT COURT JUDGE
HON. GERSHWIN A. DRAIN

**DEFENDANTS CHS TX, INC. AND DR. KEITH PAPENDICK, M.D.'S
BENCH BRIEF ON PLAINTIFF'S OBJECTIONS TO
<u>DEFENDANTS' TRIAL EXHIBITS</u>**

Defendants CHS TX, Inc. and Dr. Keith Papendick, M.D. ("Defendants") respectfully file brief written responses to the remaining objections that Plaintiff made in the Joint Final Pretrial Order to Defendants' Exhibits. Defendants believe this submission will aid the Court in deciding the objections because the Final Pretrial Order only lists the basis of the objections but not Defendants' responses. Defendants also provide the Court with the necessary context to understand why certain objections have no merit.

**P     Deposition transcript of Cristin Rettler, P.A., June 20, 2025**

- If Ms. Rettler does not appear as a live witness, Defendants object to this Exhibit on relevancy, hearsay, and foundation grounds.

1

**F2      CHS TX, Inc.'s Initial Disclosures**

- The Court added CHS TX, Inc. as a new party.  CHS TX therefore made its required Rule 26 initial disclosures on June 6, 2025, shortly after counsel entered an appearance for CHS TX.

- Plaintiff did not object to the timeliness of CHS TX's initial disclosures when they were made and therefore waived any objection to them.

- Plaintiff cannot possibly be unfairly prejudiced by admission of this Exhibit because they have had these documents for eleven months, had the ability to seek discovery but chose not to, and could have asked Dr. Jeffrey Bomber about them during his *de bene esse* trial deposition in September 2025.  Plaintiff's timeliness objection has no merit.

**M2      Corizon Michigan Referral Forms (CHS TX 000001 – 000020)**

- This Exhibit is critical evidence that is directly relevant to dispute Plaintiff's claim that Corizon and Dr. Papendick had a policy to deny colostomy reversal surgeries, or a policy which resulted in their denial.  This Exhibit contains three documents demonstrating that Corizon approved multiple colostomy reversal surgeries in Michigan during Corizon's MDOC contract, including when Plaintiff was in prison.  Dr. Papendick personally approved two of these reversal surgeries, including for Plaintiff's witness Larry Cowan in 2017.

- CHS TX produced these documents on June 30, 2025, shortly after counsel for CHS TX entered its appearance.  Plaintiff did not object to the timeliness of these disclosures when they were made and therefore waived any objection to them.  Notably, Plaintiff did not serve a Request for Production of Documents that called for these documents.

- Plaintiff cannot possibly be unfairly prejudiced by admission of this Exhibit because they have had these documents for eleven months, could have sought discovery related to them, and could have asked Dr. Bomber about them during his *de bene esse* trial deposition in September 2025.  Plainitffs timeliness objection has no merit.

**N2  Corizon Referral Forms (CHS TX 000021 – 000066)**

- This Exhibit contains documents that are critical evidence that is directly relevant to dispute Plaintiff's claim that Corizon had a policy to deny colostomy reversal surgeries, or which resulted in their denial. The documents

in this Exhibit demonstrate that Corizon approved multiple colostomy reversal surgeries outside of Michigan during Corizon's MDOC contract, including when Plaintiff was in prison.

- Over Defendants' objections, the Court is permitting Plaintiff to introduce documents from outside of Michigan to try to support their *Monell* claim. Defendants are therefore entitled to introduce relevant evidence outside of Michigan as well.

- CHS produced these documents on July 24, 2025, shortly after the case resumed and CHS TX entered its appearance.  Plaintiff did not object to the timeliness of these disclosures when they were made and therefore waived any objection to them.  Plaintiff did not serve a Request for Production of Documents that called for these out of state documents.

- Plaintiff cannot possibly be unfairly prejudiced by inclusion of this Exhibit because they have had these documents for ten months, could have sought discovery about them but chose not to, and could have asked Dr. Bomber about them during his *de bene esse* trial deposition in September 2025. Plainitffs timeliness objection has no merit.

### P2, Q2, R2, and S2

- These are Michigan Provider Remittance Advice documents (billing records) related to patients who had colostomy reversal surgery, including Larry Cowan.  These documents are admissible for the same reasons discussed above, including the fact that Plaintiff never requested production of such documents, has had them for ten months, and did not object to them when produced.

### I3    Affidavit of Timothy McKenna, D.O.

- This is a sworn statement by an expert witness retained by Prime Healthcare Services – Port Huron, LLC, a prior party in this case.

- Experts are permitted to consider and rely on opinions of other experts.  *Fay v. Warren Hospitality Suites, Inc.*, No. 2:19-cv-10902, 2026 WL 7519, *14 (E.D. Mich. Jan. 9, 2026).  Defendants reserve the right to introduce Dr. McKenna's opinions through their own experts.

- Defendants also reserve the right to introduce this statement on cross of Plainitff's experts.

**J3, K3, and N3**

- These Exhibits are Michigan Department of Corrections Policy Directives. Plaintiff already stipulated that MDOC Policy Directives in Defense Exhibits L3, M3, and O3 are admissible.  Plaintiff also has MDOC Policy Directives on its own Exhibit list at P70-71, so any continued objection by Plaintiff to the nature of such documents is hollow.

- Plaintiff also stipulated to the admissibility of V3, which is a letter from non-Corizon source to Plaintiff that references and quotes (partially) from a relevant section of the MDOC Policy Directive in N3 as a reason why his request for a surgery could not be granted.  Plaintiff has therefore conceded that the content of this Policy is admissible.  The jury should be able to see the entire policy.

- Defendants will introduce testimony from MDOC official Richard Russell and Corizon's Regional Medical Director for the MDOC contract that Corizon was required by the MDOC to follow its Policy Directives and MDOC decisions arising from those Directives.

- The MDOC denied Plaintiff's request for a colostomy reversal in 2017 expressly based on MDOC's Policy Directives.  MDOC official Richard Russell, who had authority over this process, will testify that that Corizon and Dr. Papendick were not part of MDOC's review process, that the MDOC had the authority to order the surgery if MDOC policy supported it, and Corizon would have been required to approve the surgery if the MDOC approved it.

- This evidence is critically relevant to both the liability and causation elements of Plainitff's claims because Plaintiff must prove that a Corizon policy—and not an MDOC policy—was the moving force behind the alleged deprivation of medically necessary care.  Defendants are entitled to demonstrate that Plaintiff did not have the reversal surgery in prision for reasons that ha nothing to do with Corizon, an alleged Corizon policy, or Dr. Papendick.

**P3     Kohchise Jackson's MDOC Grievance Records**

- These documents demonstrate that the MDOC denied Plaintiff's request for a colostomy reversal in 2017 expressly based on MDOC's own policies.

- This evidence is critically relevant to both the liability and causation elements of Plainitff's claims because Plaintiff must prove that a Corizon policy—and

4

not an MDOC policy—was the moving force behind the alleged deprivation of medically necessary care. Defendants are entitled to demonstrate that Plaintiff did not have the reversal surgery in prision for reasons that had nothing to do with Corizon, an alleged Corizon policy, or Dr. Papendick.

- Defendants will introduce testimony from MDOC official Richard Russell and Corizon's Regional Medical Director for the MDOC contract that Corizon and Dr. Papendick were not involved in the MDOC grievance process. The fact that Plaintiff spent time pursuing surgery for a significant period of his imprisonment *without involving Corizon* also relates to causation and potential damages.

- The statements in these documents by Plaintiff are also admissible as a statement by a party and as party admissions.

**Q3    Step II Grievance Appeal Response, dated June 8, 2017**
**R3    Step III Grievance Response, dated October 13, 2017**

- These documents relate to Plaintiff and are admissible for the reasons already described.

**S3    Letter from Kohchise Jackson to Corrections Supervisor, dated February 21, 2017**

- This document is admissible as a statement by a party and as a party admission.

**T3    UpToDate Treatment Recommendations for Colovesical Fistula**

- This is a document *that Plaintiff attached to his own Complaint* in support of his claims and contains a discussion about the serious risks associated with colostomy reversal surgery and the low occurrence of reversal surgery. It is a party admission. Plaintiff cannot possibly claim unfair prejudice about a document that he attached to this Complaint.

- UptoDate is an independent source of peer-reviewed medical literature authorized, approved, and recognized as authoritative by the MDOC in its contract with Corizon. Corizon paid UptoDate for use of its literature and made it available to Dr. Papendick, which is evidence that Corizon was not deliberately indifferent to Plaintiff's serious medical needs. The jury should be able to see first-hand the kind of information that UptoDate provided about colostomy reversal surgery when he was in prison.

5

- Dr. Papendick will testify that he relied on UpToDate information about colostomy reversal surgery in making his care decision for Plaintiff.  The information that he reviewed and considered from UpToDate regarding colostomy reversals is directly relevant to his subjective state of mind, which is an element of Plaintiff's claim.

- In addition to the document's admissibility as evidence for other reasons, statements made in this document can be read to the jury under Fed. R. Evid. 803(18) with a proper foundation established at trial.

Dated: March 19, 2026

Respectfully submitted,

**BOWMAN AND BROOKE LLP**

By:   /s/*Sunny Rehsi*  
Sunny Rehsi (P80611)  
101 W. Big Beaver Road.,  
Suite 1100 Troy, MI 48084  
248.205.3300  
sunny.rehsi@bowmanandbrooke.com

Adam Masin (Admitted 5/1/2025)  
750 Lexington Avenue  
New York, NY 10022  
646.914.6790  
adam.masin@bowmanandbrooke.com

Rachel B. Weil (Admitted 7/16/25)  
123 South Broad Street, Suite 1512  
Philadelphia, PA 19109  
267.908.7097  
rachel.weil@bowmanandbrooke.com

*Attorneys for Defendants CHS TX, Inc. d/b/a YesCare and Keith Papendick, M.D.*

6

## CERTIFICATE OF SERVICE

I certify that, on March 19, 2026, a copy of the foregoing document in the above-captioned proceeding has been served upon the attorneys listed below via electronic mail:

**Ian T. Cross** (P83367)
Cross Law PLLC
Attorneys for Plaintiff
402 W. Liberty St.
Ann Arbor, MI  48103
724.994.9590
ian@lawinannarbor.com

**Laurence H. Margolis** (P69635)
Margolis Law Firm
Attorneys for Plaintiff
214 South Main St., Suite 202
Ann Arbor, MI 48104
734.994.9590
assistant@lawinannarbor.com

**Thomas G. Hackney** (P81283)
Hackney Odlum & Dardas Michigan
Attorneys for Jeffrey Bomber
Bayview Professional Center
10850 E. Traverse Hwy., Suite 4440
Traverse City, MI 49684
231.642.5056
thackney@hodlawyers.com

**Jonathan R. Marko** (P72450)
**Michael L. Jones** (P85223)
Marko Law, PLLC
220 W. Congress, 4th Floor
Detroit, MI 48226
313.777.7529
jon@markolaw.com
michael@markolaw.com

**BOWMAN AND BROOKE LLP**

By:  /s/*Sunny Rehsi*
Sunny Rehsi (P80611)
101 W. Big Beaver Road, Suite 110
Troy, MI 48084
248.205.3300
sunny.rehsi@bowmanandbrooke.com

Adam Masin (Admitted 5/1/2025)
750 Lexington Avenue
New York, NY 10022
646.914.6790
adam.masin@bowmanandbrooke.com

7

8

Rachel B. Weil (Admitted 7/16/25)
123 South Broad Street, Suite 1512
Philadelphia, PA 19109
267.908.7097
rachel.weil@bowmanandbrooke.com

*Attorneys for Defendants CHS TX, Inc. d/b/a YesCare and Keith Papendick, M.D.*