## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

KOHCHISE JACKSON,

        Plaintiff,

v.

CHS TX, INC., et al.,

        Defendants

Case No.: 2:19-cv-13382-GAD-PTM

U.S. DISTRICT COURT JUDGE
HON. GERSHWIN A. DRAIN

## DEFENDANTS' REPLY IN FURTHER SUPPORT OF ADMISSION OF DEFENDANTS' TRIAL EXHIBITS

Defendants submitted a short explanation of ther responses to Plaintiff's objections to Defendants' trial exhibits to ensure that the Court had the proper context for the Exhibits to make informed rulings and to ensure that the record preserved Defendants' arguments.   Plaintiff has now responded with lengthy arguments. Defendants submit this Reply to briefly address two arguments, and respectfully request that the Court reject the remainder of Plaintiff's arguments.

I.     **CHS TX is a separate legal entity.  It is not Corizon merely because it may hold Corizon's potential liability to Plaintiff.**

Plaintiff's effort to conflate CHS TX, Inc. and the entity formerly known as Corizon Health, Inc. for all purposes should be rejected.  The Court finally ruled that CHS TX, Inc. would be a new defendant in addition to Corizon.  ECF. No. 114.  That is why CHS TX submitted Rule 26 initial disclosures with a document production, including Exhibits M2, N2, P2, Q2, R2, and S2, and its corporate disclosure statement shortly after present counsel for CHS TX entered its appearance.  Plaintiff has had these documents since last June/July.  Plaintiff never objected to CHS TX's initial disclosures or CHS's document production at the time, never sought discovery related to these documents, and they were not produced in response to *any* document request (including to Corizon).  Plaintiff's "but we would have done x" arguments are hollow—they did not serve discovery seeking production of these documents even from Corizon, much less from CHS TX.  That is their own fault.

2

Plaintiff's argument about the timeliness of the disclosures of these Exhibits also presume that they are still litigating this case against *Corizon*. That is not true as a factual or legal matter. The entity formerly known as Corizon, Tehum Care Services, Inc., filed for Chapter 11 bankruptcy in February 2023. (ECF No. 97). Corizon's counsel withdrew from this case in June 2023. (ECF No. 100). Corizon/Tehum remains in bankruptcy in an active case in the U.S. Bankruptcy Court for the Southern District of Texas. That entity is represented, and can only be represented, by the successor to the Debtor's Trustee. In its Order pursuant to Fed. R. Civ. Pro. 25(c), this Court recognized that it could have simply left Corizon as the operative defendant in this case because, under Rule 25, the Court did not need to add CHS TX as a party for the liability to transfer to it. If that happened, the undersigned firm could not have entered an appearance in this case because we do not and cannot represent Corizon/Tehum.

CHS TX was formed under Texas law in May 2022. No Court has held that CHS TX's separate legal existence as a Texas corporation is invalid. CHS TX cannot be responsible for updating initial disclosures submitted by different party, three-four years before CHS TX even existed. ***Plainitff's argument misunderstands the limited purpose of successor liability law.*** "Successor liability" is an exception to the general rule that at buyer of a corporation's assets does is not responsible for the seller's liabilities. It simply means that the potential liability to

3

a given plaintiff flows from Company A (seller) to Company B (buyer). It does not mean that the law treats the two entities as the same legal entity for other purposes or even for other liability purposes. *See, e.g.*, *Craig ex rel. Craig v. Oakwood Hosp.*, 471 Mich. 67, 684 N.W.2d 296 (2004) (declining to impose successor liability in the medical malpractice context); *Starks v. Michigan Welding Specialists, Inc.*, 477 Mich. 922, 722 N.W.2d 888, 889 (2006) (holding successor liability does not apply to asset purchases).

Nothing in the Federal Rules of Civil Procedure required CHS TX to update Rule 26 disclosures from a different legal entity or to provide document discovery based on requests that were never served on CHS TX. But even if that novel reading of the Rules has merit, then CHS TX did what it should have done by providing the documents long before trial. That it did so ten months before trial and without objection at the time should result in their admission.

## II.   Plaintiff's argument about the MDOC grievance Exhibits is a red-herring that ignores Defendants' right to put on their defenses

Defendants are not arguing that the MDOC bears ***legal liability*** to Plaintiff because the MDOC denied his request. Defendants' argument is that Plaintiff cannot demonstrate liability and causation as to Defendants because of Plaintiff's actions and the MDOC actions in response. The fact that Plaintiff spent his time after April 2017 seeking a reversal through the MDOC—and not through Corizon—demonstrates that Corizon was not the moving force behind his alleged deprivation

4

during that time.  The fact that MDOC did not approve his request based on MDOC's policy—not a Corizon policy—demonstrates that Corizon policy was not the moving force behind his alleged deprivation during that time.  These facts also demonstrate, in part, why Dr. Papendick did not ever become involved in Plaintiff's healthcare decisions after April 19, 2017.

Defendants' respectfully request that the Court reject the remainder of Plaintiff's objections to the Defendants' Exhibits.

Dated: March 20, 2026                    Respectfully submitted,

**BOWMAN AND BROOKE LLP**

By:    /s/*Sunny Rehsi*
Sunny Rehsi (P80611)
101 W. Big Beaver Road.,
Suite 1100 Troy, MI 48084
248.205.3300
sunny.rehsi@bowmanandbrooke.com

Adam Masin (Admitted 5/1/2025)
750 Lexington Avenue
New York, NY 10022
646.914.6790
adam.masin@bowmanandbrooke.com

Rachel B. Weil (Admitted 7/16/25)
123 South Broad Street, Suite 1512
Philadelphia, PA 19109
267.908.7097
rachel.weil@bowmanandbrooke.com

*Attorneys for Defendants CHS TX, Inc. d/b/a YesCare and Keith Papendick, M.D.*

5

## CERTIFICATE OF SERVICE

I certify that, on March 20, 2026, a copy of the foregoing document in the above-captioned proceeding has been served upon the attorneys listed below via electronic mail:

**Ian T. Cross** (P83367)
Cross Law PLLC
Attorneys for Plaintiff
402 W. Liberty St.
Ann Arbor, MI  48103
724.994.9590
ian@lawinannarbor.com

**Laurence H. Margolis** (P69635)
Margolis Law Firm
Attorneys for Plaintiff
214 South Main St., Suite 202
Ann Arbor, MI 48104
734.994.9590
assistant@lawinannarbor.com

**Thomas G. Hackney** (P81283)
Hackney Odlum & Dardas Michigan
Attorneys for Jeffrey Bomber
Bayview Professional Center
10850 E. Traverse Hwy., Suite 4440
Traverse City, MI 49684
231.642.5056
thackney@hodlawyers.com

**Jonathan R. Marko** (P72450)
**Michael L. Jones** (P85223)
**Allie J. Faris** (P88654)
Marko Law, PLLC
220 W. Congress, 4th Floor
Detroit, MI 48226
313.777.7529
jon@markolaw.com
michael@markolaw.com
allie@markolaw.com

**BOWMAN AND BROOKE LLP**

By:   /s/*Sunny Rehsi*
Sunny Rehsi (P80611)
101 W. Big Beaver Road.,
Suite 1100 Troy, MI 48084
248.205.3300
sunny.rehsi@bowmanandbrooke.com

6

Adam Masin (Admitted 5/1/2025)
750 Lexington Avenue
New York, NY 10022
646.914.6790
adam.masin@bowmanandbrooke.com

Rachel B. Weil (Admitted 7/16/25)
123 South Broad Street, Suite 1512
Philadelphia, PA 19109
267.908.7097
rachel.weil@bowmanandbrooke.com

*Attorneys for Defendants CHS TX, Inc. d/b/a
YesCare and Keith Papendick, M.D.*