**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

KOHCHISE JACKSON,

                Plaintiff,

v.

CORIZON HEALTH, INC., et al.,

                Defendants.

Case No. 2:19-cv-13382-GAD-PTM

HON. GERSHWIN A. DRAIN

_____

## ISAAC LEFKOWITZ'S MOTION TO QUASH NON-PARTY TRIAL SUBPOENA

Non-Party Isaac Lefkowitz ("Lefkowitz") respectfully requests that this Court quash the non-party trial subpoena ("Subpoena") served upon him by Plaintiff Kohchise Jackson ("Plaintiff") pursuant to Fed. R. Civ. P. 45(d)(3). The Subpoena should be quashed because (i) it requires Lefkowitz to comply beyond the geographical limits specified in Fed. R. Civ. P. 45(c)(1) and (ii) imposes an undue burden and expense on Lefkowitz. Specifically, the Subpoena requires Lefkowitz to testify at the trial for this matter in Detroit, Michigan, despite Lefkowitz not living in Michigan, not being employed in Michigan, and not regularly transacting business in person in Michigan. For those reasons, the Court must quash the Subpoena pursuant to Fed. R. Civ. P. 45(d)(3)(A)(ii).

In accordance with Local Rule 7.1 and in a good faith attempt to resolve this dispute short of involving this Court, the undersigned has sent a copy of this motion to Plaintiff's counsel, seeking concurrence and requesting that Plaintiff voluntarily withdraw the Subpoena.  Plaintiff, however, has declined to agree to the relief sought. Lefkowitz, therefore, files the foregoing motion and brief in support.

For the above reasons and the reasons set forth in the accompanying Brief in Support of this Motion, Lefkowitz requests that this Court enter an Order that quashes the Subpoena and provides any other relief that is necessary or just.

Respectfully submitted,

Butzel Long, P.C.

By: /s/ Max J. Newman
Max J. Newman (P51483)
Zachary T. Revoldt (P87802)
201 West Big Beaver, Ste 1200
Troy, MI 48084
(248) 258-2907
newman@butzel.com
revoldtz@butzel.com
Dated: March 21, 2026          *Attorneys for Isaac Lefkowitz*

2

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

KOHCHISE JACKSON,

                Plaintiff,

v.

CORIZON HEALTH, INC., et al.,

                Defendants.

Case No. 2:19-cv-13382-GAD-PTM

HON. GERSHWIN A. DRAIN

_____

## ISAAC LEFKOWITZ'S BRIEF IN SUPPORT OF MOTION TO QUASH NON-PARTY TRIAL SUBPOENA

# TABLE OF CONTENTS

**INDEX OF AUTHORITIES**....................................................................ii

**STATEMENT OF ISSUE PRESENTED** ........................................... iii

**CONTROLLING OR MOST APPROPRIATE AUTHORITIES FOR RELIEF SOUGHT**..................................................................................iv

**INTRODUCTION**....................................................................................1

**LEGAL STANDARD** ...............................................................................1

**ARGUMENT**.............................................................................................2

    **I.      The Subpoena served to Lefkowitz must be quashed because it exceeds the geographical limits set by Rule 45(c)(1).** .............................2

    **II.     The Subpoena served to Lefkowitz must be quashed because it imposes an undue burden and expense on to Lefkowitz**........................5

**CONCLUSION** ........................................................................................6

**CERTIFICATE OF SERVICE** ............................................................7

i

# INDEX OF AUTHORITIES

**Cases**

*EEOC v. Ford Motor Credit Co.*, 26 F.3d 44, 47 (6th Cir. 1994).................... 2, 5

*EEOC v. Jetstream Ground Servs., Inc.*, No. 13-cv-2340, 2016 U.S. Dist. LEXIS 40277, 2016 WL 1178668, at *3 n.5 (D. Colo. Mar. 28, 2016)........................ 3

*Hill v. Homeward Residential*, 799 F.3d 544, 553 (6th Cir. 2015) ...................... 3

*In re: Mod. Plastics Corp.*,
890 F.3d 244 (6th Cir. 2018).......................................................................... 5

**Rules**

Fed. R. Civ. P. 45(c) ....................................................................................... 1, 3

Fed. R. Civ. P. 45(c)(1)...................................................................................... 1

Fed. R. Civ. P. 45(c)(1)(A) ................................................................................ 2

Fed. R. Civ. P. 45(c)(1)(B) ................................................................................ 3

Fed. R. Civ. P. 45(d)(1)...................................................................................... 2

Fed. R. Civ. P. 45(d)(3)(A)(ii) ....................................................................... 2, 4

Fed. R. Civ. P. 45(d)(3)(A)(ii) and (iv) ............................................................. 2

Fed. R. Civ. P. 45(d)(3)(A)(iv) .......................................................................... 5

<u>STATEMENT OF ISSUE PRESENTED</u>

Should the Court quash Plaintiff's non-party trial subpoena to Isaac Lefkowitz because it exceeds the geographic scope of Fed. R. Civ. P. 45 and is unduly burdensome?

Lefkowitz's Answer:      Yes.

## CONTROLLING OR MOST APPROPRIATE AUTHORITIES FOR <u>RELIEF SOUGHT</u>

1. Fed R. Civ P. 45

2. *Hill v. Homeward Residential*, 799 F.3d 544, 553 (6th Cir. 2015)

3. *EEOC v. Ford Motor Credit Co.*, 26 F.3d 44, 47 (6th Cir. 1994)

## INTRODUCTION

Pursuant to Fed. R. Civ. P. 45(c)(1) , Isaac Lefkowitz ("Lefkowitz"), a non-party to this litigation, respectfully moves this Court to quash the trial subpoena ("Subpoena") issued to him by Plaintiff Kohchise Jackson ("Plaintiff"). The Subpoena commands Lefkowitz to testify at trial in Detroit, Michigan, despite the fact that Lefkowitz does not reside, work, or regularly transact business in person within 100 miles of Detroit. In fact, Lefkowitz does not reside, work, or regularly transact business in person in Michigan as a whole. Compliance with the Subpoena would impose an undue burden on Lefkowitz, a non-party, in violation of the protections afforded under Rule 45.

## LEGAL STANDARD

Fed. R. Civ. P. 45(c) limits the geographical scope of a subpoena commanding attendance at a trial or deposition, to within 100 miles of where the person resides, is employed, or regularly transacts business in person, unless the person is a party or a party's officer and/or would not incur substantial expense. See Fed. R. Civ. P. 45(c). In the event a subpoena exceeds the geographical scope of Rule 45 or imposes an undue burden and/or expense on the person served with the subpoena, Rule 45(d)(2)(B) provides that the non-party may make written objections to the subpoena before the time specified for compliance. The court must, upon motion, quash or modify a subpoena if it (i) requires the person to to

1

comply beyond the geographical limits or (ii) subjects the person to undue burden. Fed. R. Civ. P. 45(d)(3)(A)(ii) and (iv).

Notably, a party issuing a subpoena to a third party under Rule 45 "must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). To determine whether a burden is undue, a court must balance the potential value of the information to the party seeking it against the cost, effort, and expense to be incurred by the person or party producing it. *EEOC v. Ford Motor Credit Co.*, 26 F.3d 44, 47 (6th Cir. 1994).

## **ARGUMENT**

### I. **The Subpoena served to Lefkowitz must be quashed because it exceeds the geographical limits set by Rule 45(c)(1).**

Rule 45 provides that the Court must "quash or modify a subpoena that. . . requires a person to comply beyond the geographical limits specified in Rule 45(c)." Fed. R. Civ. P. 45(d)(3)(A)(ii). Rule 45(c)(1) sets those geographical requirements and provides that a trial subpoena "may command a person to attend a trial. . . only. . . within 100 miles of where the person resides, is employed, or regularly transacts business in person. . ." Fed. R. Civ. P. 45(c)(1)(A) (emphasis added). Rule 45(c)(1)(B) expands the geographical reach of a trial subpoena to the "the state where the person resides, is employed, or regularly transacts business in person" if the person is (i) a party to the litigation or an officer of a

party to the litigation; or (ii) if the person would not incur substantial expense. Fed. R. Civ. P. 45(c)(1)(B) (emphasis added).[1]

Importantly, the Sixth Circuit has explicitly stated that the geographic reach requirements (like the other requirements of Rule 45), are not mere suggestions. *Hill v. Homeward Residential*, 799 F.3d 544, 553 (6th Cir. 2015) ("[T]hese rules were not made to be 'tempered'; they were made to be 'technical'—from the specific amount of fees tendered, to the court issuing the subpoena, to the geographic scope of the request"). It is also important to note that the geographic limitation in Rule 45(c) applies to all non-parties, including a party's officers. See *EEOC v. Jetstream Ground Servs., Inc.*, No. 13-cv-2340, 2016 U.S. Dist. LEXIS 40277, 2016 WL 1178668, at *3 n.5 (D. Colo. Mar. 28, 2016) (discussing the 2013 amendment and concluding that it could not compel the vice-president and co-owner of the defendant corporation's presence because he did not reside, was

---

[1] See also Fed. R. Civ. P. 45(c) advisory committee notes to 2013 amendment ("Under Rule 45(c)(1)(B)(ii), nonparty witnesses can be required to travel more than 100 miles within the state where they reside, are employed, or regularly transact business in person only if they would not, as a result, incur "substantial expense." When travel over 100 miles could impose substantial expense on the witness, the party that served the subpoena may pay that expense and the court can condition enforcement of the subpoena on such payment.") and ("Rule 45(c)(1)(A) does not authorize a subpoena for trial to require a party or a party officer to travel more than 100 miles unless the party or party officer resides, is employed, or regularly transacts business in person in the state.").

3

not employed, and did not regularly conduct business "in a state that is within 100 miles of the District of Colorado's courthouse").

Here, Plaintiff's Subpoena commands that Lefkowitz appear and testify for the trial in this matter on March 24, 2026, at 231 W. Lafayette Blvd, Detroit, MI 48226. However, the Subpoena clearly exceeds the geographical limits specified in Rule 45(c). Lefkowitz does not reside, is not employed, and does not regularly transact business in person, in Michigan, let alone within 100 miles of Detroit. Therefore, even if the Rule 45(c)(1)(B) exceptions applied to the Subpoena (they don't), the Subpoena would still exceed the geographical limits of the Subpoena.

Lefkowitz lives in New York, not Michigan. This is evidenced by the fact that the Subpoena is addressed to Lefkowitz with a Brooklyn, New York address. It is further evidenced by the fact that Lefkowitz was served with the Subpoena in New York as well. Secondly, Lefkowitz is not employed in Michigan. He is employed by Perigrove in New York. And lastly, Lefkowitz does not regularly transact business in Michigan. Taken these three elements together, the Subpoena exceeds the geographical limits outlined in Rule 45.

Because Rule 45 expressly limits where Lefkowitz may be compelled to comply with the Subpoena, the Federal Rules mandate that the Court must quash the Subpoena. Fed. R. Civ. P. 45(d)(3)(A)(ii). Accordingly, Lefkowitz

respectfully requests that this Court quash the Subpoena due to the Subpoena's violations of the geographic limits of Rule 45(c).

## II.   The Subpoena served to Lefkowitz must be quashed because it imposes an undue burden and expense on to Lefkowitz.

The Court "must quash or modify a subpoena that . . . subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iv). To determine whether a burden is undue, a court must balance the potential value of the information to the party seeking it against the cost, effort, and expense to be incurred by the person or party producing it. *Ford Motor Credit Co.*, 26 F.3d at 47. Undue burden is to be assessed in a case-specific manner. *In re: Mod. Plastics Corp.*, 890 F.3d 244, 251 (6th Cir. 2018) (citation omitted).

Even assuming that the Subpoena met the geographic requirements of Rule 45(c) (it does not), the Subpoena should still be quashed because it imposes an undue burden on a non-party (Lefkowitz) with no relevant knowledge of the matters at issue. Requiring compliance would force Lefkowitz to incur unnecessary time and expenses associated with travel and time away from professional and personal matters, despite lacking any familiarity with the underlying dispute, and having no knowledge of the corrections industry prior to 2021 (the events at issue occurred in 2019). Requiring Lefkowitz to appear at trial would serve no legitimate evidentiary purpose and would instead impose significant and unnecessary burdens. In fact, given the circumstances here, one

can presume that the Subpoena was issued by Plaintiff solely to harass and/or embarrass Lefkowitz given his connections to the corrections industry.

Accordingly, because the Subpoena seeks information from a non-party with no relevant knowledge of this matter and would impose unnecessary time, expense, and life disruption on Lefkowitz, it constitutes an undue burden under Rule 45. For those reasons, Lefkowitz respectfully requests that this Court quash the Subpoena in its entirety.

## CONCLUSION

For the foregoing reasons, Lefkowitz respectfully requests that this Court enter an Order that quashes the Subpoena and provides any other relief that is necessary or just.

Respectfully submitted,

Butzel Long, P.C.

By: */s/ Max J. Newman*
Max J. Newman (P51483)
Zachary T. Revoldt (P87802)
201 West Big Beaver, Ste 1200
Troy, MI 48084
(248) 258-2907
newman@butzel.com
revoldtz@butzel.com

Dated: March 21, 2026          *Attorneys for Isaac Lefkowitz*

6

## CERTIFICATE OF SERVICE

I, Max J. Newman, hereby states that on March 21, 2026, I served a copy of Isaac Lefkowitz's Motion to Quash Non-Party Trial Subpoenas via the PACER efiling system which will send a copy to all counsel of record.

I declare that under the penalty of perjury that the statements above are true to the best of my information, knowledge, and belief.

Respectfully submitted,

Butzel Long, P.C.

By: */s/ Max J. Newman*
Max J. Newman (P51483)
Zachary T. Revoldt (P87802)
201 West Big Beaver, Ste 1200
Troy, MI 48084
(248) 258-2907
newman@butzel.com
revoldtz@butzel.com

Dated: March 21, 2026                    *Attorneys for Isaac Lefkowitz*

7