## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

KOHCHISE JACKSON,

       Plaintiff,

-vs-

CHS TX, INC., *et al.,*

       Defendants.

Case No. 19-cv-13382

Hon. Gershwin A. Drain

| | |
|---|---|
| LAWRENCE H. MARGOLIS (P69635)<br>IAN T. CROSS (P83367)<br>**MARGOLIS, GALLAGHER &**<br>**CROSS**<br>Attorneys for Plaintiff<br>214 S. Main St., Ste. 200<br>Ann Arbor, MI 48104<br>(734) 994-9590<br>larry@lawinannarbor.com<br>ian@lawinannarbor.com | THOMAS G. HACKNEY (P81283)<br>**HACKNEY ODLUM & DARDAS**<br>Attorney for Keith Papendick, M.D.<br>10850 E. Traverse Hwy., Ste. 4440<br>Traverse City, MI 49684<br>(231) 642-5057<br>thackney@hodlawyers.com |
| JONATHAN R. MARKO (P72450)<br>MICHAEL L. JONES (P85223)<br>ALLIE J. FARRIS (P88654)<br>**MARKO LAW, PLLC**<br>Co-counsel for Plaintiff<br>220 W. Congress, 4th Floor<br>Detroit, Michigan 48226<br>P: (313) 777-7529 / F: (313) 470-2011<br>jon@markolaw.com<br>michael@markolaw.com<br>allie@markolaw.com | ADAM MASIN<br>SUNNY REHSI (P80611)<br>**BOWMAN AND BROOKE LLP**<br>Attorney for CHS TX, Inc.<br>101 W. Big Beaver Rd., Ste. 1100<br>Troy, MI 48084<br>(248) 205-3300<br>Adam.masin@bowmanandbrooke.com<br>Sunny.rehsi@bowmanandbrooke.com |

MARKOLAW.COM

220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226

P: (313) 777-7777
F: ((313) 470-2011

MARKO LAW

## PLAINTIFF'S RESPONSE TO ISAAC LEFKOWITZ'S MOTION TO QUASH NON-PARTY TRIAL SUBPOENA

NOW COMES Plaintiff, **KOHCHISE JACKSON**, by and through his attorneys, **MARGOLIS, GALLAGHER & CROSS**, and **MARKO LAW, PLLC,** and for Plaintiff's Response to Isaac Lefkowitz's Motion to Quash Non-Party Trial Subpoena, states as follows:

1. Trial in this matter scheduled to begin on March 24, 2026.

2. Based on Defendants' discovery disclosures and Isaac Lefkowitz's sworn testimony identifying himself as the sole director of Tehum Care Services and CHS TX, Inc., Plaintiff timely issued a trial subpoena on July 25, 2025 to secure his live testimony at trial. (ECF No. 162-1, PageID. 6101-03; ECF No. 162-3, PageID. 6151, at 54:6–9; ECF No. 162-4, PageID. 6189 at 21:2-14).

3. Lefkowitz's testimony is central to disputed issues at trial, including punitive damages, Defendants' financial condition, and this Court has recognized the relevancy of Lefkowitz's testimony holding that "given that Mr. Lefkowitz was a director of CHS TX as of 2023, he likely possesses information related to CHS TX's provision of medical care to MDOC prisoners." (ECF No. 249, PageID. 9628).

4. Despite their own disclosures and Lefkowitz's sworn testimony, Defendants refused to accept service of his trial subpoena, asserting for the first time that he was no longer affiliated and raising untimely and meritless objections to service.

2

5. As a result of Defendants' refusal and their failure to comply with the disclosure and supplementation requirements of Fed. R. Civ. P. 26, Plaintiff moved to compel compliance with the trial subpoenas. (ECF No. 162).

6. On February 27, 2026, this Court denied Defendants' motion to quash and held that Defendants violated Rule 26 by failing to properly disclose and supplement information regarding Mr. Lefkowitz. (ECF No. 249, PageID. 9625-31).

7. To remedy that violation and the prejudice it caused, the Court ordered Defendants to produce Lefkowitz's contact information within two business days and authorized Plaintiff to effectuate service by alternative means. (ECF No. 249, PageID. 9628-30).

8. Moreover, in response to sanctions sought by Plaintiff for Defendants' failure to comply with Rule 26, in addition to ordering Defendants to correct the deficiency by promptly providing Mr. Lefkowitz's contact information, this Honorable Court explicitly held that "**[i]n the event Plaintiff experiences difficulty with serving trial subpoenas on. . . Mr. Lefkowitz. . . or is otherwise unable to secure [his] attendance at trial, the Court will be willing to entertain a motion for further sanctions pursuant to Rule 37(c)(1)**." (ECF No. 249, PageID. 9633) (emphasis added).

9. Plaintiff complied fully with the Court's Order. On March 6, 2026, Plaintiff effectuated service by mailing and posting the subpoena, and provided the

required witness fee and mileage reimbursement in accordance with Rule 45. **Exhibit 1, Lefkowitz Subpoena Documents.**

10.     Lefkowitz accepted that payment. He negotiated and cashed the $1,000 witness fee and mileage check on March 16, 2026. **Exhibit 2, Proof of Cashed Check.**

11.     Yet, despite Plaintiff's counsel effectuating alternative service and Lefkowitz's acceptance of the witness compensation for his live testimony at trial, on March 21, 2026, Lefkowitz, through counsel, filed an ***untimely*** Motion to Quash three days before trial is set to begin.

12.     As explicitly provided under Rule 45(d)(2)(B), any objections to a trial subpoena must be served "before the ***earlier*** of the time specified for compliance or **14 days** after the subpoena is served," and this Court has repeatedly recognized that "fail[ure] to **serve written objections** by the time provided in Rule 45 generally **waives those objections**." *Jenkins v. Mich. Dep't of Corr.*, No. 5:14-cv-11812, 2015 U.S. Dist. LEXIS 31514, at *3-4 (E.D. Mich. Mar. 16, 2015); *Arndt v. Ford Motor Co.,* No. 2:15-cv-11108, 2016 U.S. Dist. LEXIS 38391, at *4 (E.D. Mich. Mar. 24, 2016); *Daneshvar v. Kipke*, No. 2:13-cv-13096, 2017 U.S. Dist. LEXIS 43002, at *12 (E.D. Mich. Mar. 24, 2017).

13.     Lefkowitz's Motion to Quash is untimely. He did not serve written objections within the time required by Rule 45(d)(2)(B), and his objections are therefore waived.

14.     His belated motion, filed on the eve of trial after service was effectuated pursuant to this Court's Order and after accepting the witness fee, does not revive those waived objections or provide a basis to avoid compliance, and permitting him to avoid appearing live at trial to testify would prevent Plaintiff from presenting critical, irreplaceable testimony and will cause substantial prejudice to Plaintiff's ability to present his case at trial.

15.     Nor has Lefkowitz met the substantial burden required to quash a trial subpoena. His motion offers no particularized showing of undue burden and does not meaningfully dispute the relevance of his testimony, which this Court has already recognized.

16.     The timing of Lefkowitz's motion confirms its purpose, and demonstrates a lack of good faith. Filed just three days before trial, after months of litigation concerning his testimony, after a court order compelling disclosure, and after service was effectuated pursuant to that order, the motion operates not as a legitimate procedural objection, but as a last-minute effort to avoid compliance and deprive Plaintiff of material testimony at trial.

17. The Court retains authority to require Lefkowitz's live appearance both under Rule 45, where his objections are waived and service was effectuated pursuant to this Court's Order and in fully compliance with the requirements of the Rule, and independently through its inherent authority to manage trial proceedings, enforce its orders, and ensure the presentation of material testimony necessary to the fair adjudication of this case.

18. Moreover, this Court has already required live testimony from witnesses residing outside the 100-mile geographic limitation, including ordering Cristin Rettler to appear at trial, and, consistent with the Court's and Defendants' prior recognition of a need for evenhanded determinations of similar pre-trial issues, Lefkowitz is not entitled to more favorable treatment.

19. Accordingly, the subpoena should be enforced and Lefkowitz should be ordered to appear and testify live at trial.

20. In the event Lefkowitz fails to comply with this Court's Order, Plaintiff will seek contempt sanctions under Rule 45(g), as well as the mandatory sanctions against Defendants under Rule 37(c)(1) for the prejudice resulting from their previously recognized Rule 26 violations, as this Court expressly contemplated in its February 27, 2026 Order.

WHEREFORE, for the reasons more fully set forth in the attached Brief, Plaintiff respectfully requests this Honorable Court deny Isaac Lefkowitz's Motion to Quash Non-Party Trial Subpoena, order Mr. Lefkowitz to appear and testify live at trial; and in the event of noncompliance, impose contempt sanctions against Mr. Lefkowitz under Rule 45(g) and sanctions against Defendants under Rule 37(c)(1) to remedy the prejudice caused by their previously adjudicated Rule 26 violations, as well as any other relief deemed just and appropriate.

Respectfully submitted,

*/s/ Jonathan R. Marko*
Jonathan R. Marko (P72450)
Attorney for Plaintiff
**MARKO LAW, PLLC**
220 W. Congress, 4th Floor
Detroit, MI 48226
P: (313) 777-7777 / F: (313) 470-2011
Date: March 23, 2026                Email: jon@markolaw.com

7

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

KOHCHISE JACKSON,

      Plaintiff,

-vs-

CHS TX, INC., *et al.,*

      Defendants.

Case No. 19-cv-13382

Hon. Gershwin A. Drain

LAWRENCE H. MARGOLIS (P69635)
IAN T. CROSS (P83367)
**MARGOLIS, GALLAGHER & CROSS**
Attorneys for Plaintiff
214 S. Main St., Ste. 200
Ann Arbor, MI 48104
(734) 994-9590
larry@lawinannarbor.com
ian@lawinannarbor.com

JONATHAN R. MARKO (P72450)
MICHAEL L. JONES (P85223)
ALLIE J. FARRIS (P88654)
**MARKO LAW, PLLC**
Co-counsel for Plaintiff
220 W. Congress, 4th Floor
Detroit, Michigan 48226
P: (313) 777-7529 / F: (313) 470-2011
jon@markolaw.com
michael@markolaw.com
allie@markolaw.com

THOMAS G. HACKNEY (P81283)
**HACKNEY ODLUM & DARDAS**
Attorney for Keith Papendick, M.D.
10850 E. Traverse Hwy., Ste. 4440
Traverse City, MI 49684
(231) 642-5057
thackney@hodlawyers.com

ADAM MASIN
SUNNY REHSI (P80611)
**BOWMAN AND BROOKE LLP**
Attorney for CHS TX, Inc.
101 W. Big Beaver Rd., Ste. 1100
Troy, MI 48084
(248) 205-3300
Adam.masin@bowmanandbrooke.com
Sunny.rehsi@bowmanandbrooke.com

## BRIEF IN SUPPORT OF PLAINTIFF'S RESPONSE TO ISAAC LEFKOWITZ'S MOTION TO QUASH NON-PARTY TRIAL SUBPOENA

MARKOLAW.COM

220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226

P: (313) 777-7777
F: ((313) 470-2011

MARKO LAW

# TABLE OF CONTENTS

Index of Authorities ................................................................ ii

Concise Statement of Counter-Issues Presented.................................... iv

Controlling or Most Appropriate Authority........................................ v

Introduction/Counter-Statement of Facts.......................................... 1

Argument......................................................................... 6

    I.     This Lefkowitz's Motion to Quash is Untimely, Waived, and Meritless, and in any Event Provides No Basis to Avoid Compliance with a Valid, Court-Authorized Trial Subpoena Issued After Years of Defendants' Disclosure Violations and Obstruction ................................................................ 6

        A.    Lefkowitz's Untimely Motion Results in Waiver, and No Good-Faith or Exceptional Circumstances Exist to Excuse His Deliberate Noncompliance ................................................ 7

        B.    Even if Not Waived, the Motion Fails Entirely on the Merits .... 10

    II.    Lefkowitz Has Not Established that Rule 45(c)'s Geographic Limitation Bars Enforcement, and the Court Has Multiple Independent Bases to Compel His Appearance Regardless............. 13

    III.    Sanctions Are Independently Required Under Rules 37 and 45 for Any Failure of Lefkowitz to Appear at Trial, Regardless of Whether the Subpoena Is Quashed, to Remedy Defendants' Disclosure Violations and Lefkowitz's Willful Noncompliance..... 18

Conclusion ...................................................................... 21

i

# INDEX OF AUTHORITIES

## Cases

*Arndt v. Ford Motor Co.*,
No. 2:15-cv-11108, 2016 U.S. Dist. LEXIS 38391
(E.D. Mich. Mar. 24, 2016) ....................................................................... 7, 8, 13

*Backertop Licensing LLC v. Canary Connect, Inc.*,
107 F.4th 1335 (Fed. Cir. 2024) ..................................................................... 15

*Big Lots Stores, Inc. v. Luv N'Care, Ltd.*,
302 F. App'x 423 (6th Cir. 2008)..................................................................... 20

*Cratty v. City of Allen Park*,
No. 17-11724, 2018 U.S. Dist. LEXIS 225492
(E.D. Mich. 2018) ............................................................................................ 11

*Dyno Nobel, Inc. v. Johnson*,
586 F.Supp.3d 657 (E.D. Ky. 2022) ........................................................... 14, 15

*Gonzalez Prod. Sys. v. Martinrea Int'l Inc.*,
No. 13-cv-11544, 2015 U.S. Dist. LEXIS 108357
(E.D. Mich. 2015) ............................................................................................ 11

*Great Lakes Anesthesia, PLLC v. State Farm Mut. Auto. Ins. Co.*,
No. 11-10658, 2011 U.S. Dist. LEXIS 111668
(E.D. Mich. 2011) ............................................................................................ 11

*In re Vioxx Products Liability Litigation*,
438 F.Supp.2d 664 (E.D. La. 2006)................................................................. 15

*Jenkins v. Michigan Department of Corrections*,
No. 5:14-cv-11812, 2015 U.S. Dist. LEXIS 31514
(E.D. Mich. Mar. 16, 2015) ............................................................................... 8

*Mich. State A. Philip Randolph Inst. v. Johnson*,
No. 16-cv-11844, 2018 U.S. Dist. LEXIS 87623
(E.D. Mich. 2018) ............................................................................................ 13

MARKOLAW.COM

220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226

P: (313) 777-7777
F: ((313) 470-2011

MARKO LAW

*Schnatter v. 247 Grp., LLC*,
343 F.R.D. 325 (W.D. Ky. 2022)......................................................................... 8, 10

*Walsh v. Express Auto & Tire LLC*,
No. 1:22-mc-11, 2022 U.S. Dist. LEXIS 71981
(N.D. Ohio 2022) ................................................................................................. 16

*Youn v. Track, Inc.*,
324 F.3d 409 (6th Cir. 2003) .............................................................................. 16

*ZMCC Properties LLC v. Primeone Insurance Co.*,
No. 19-12428, 2021 U.S. Dist. LEXIS 74251
(E.D. Mich. 2021) ............................................................................................... 19

## **Federal Rules**

Fed. R. Civ. P. 26 ....................................................................................... *passim*

Fed. R. Civ. P. 37 ................................................................................... 16, 18, 20

Fed. R. Civ. P. 37(c)(1) ........................................................................ 2, 9, 18, 21

Fed. R. Civ. P. 45 ....................................................................................... *passim*

Fed. R. Civ. P. 45(c)(1) .............................................................................. 13, 14

Fed. R. Civ. P. 45(d)(2) .................................................................................. 3, 7

Fed. R. Civ. P. 45(d)(3) .................................................................................... 8

Fed. R. Civ. P. 45(g) ........................................................................... 18, 19, 21

MARKOLAW.COM

220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226

P: (313) 777-7777
F: ((313) 470-2011

MARKO LAW

## CONCISE COUNTER-STATEMENT OF ISSUES PRESENTED

I.      Whether this Court should deny an untimely motion to quash and enforce a court-authorized trial subpoena where the non-party witness failed to serve objections within Rule 45(d)(2)(B)'s mandatory deadline, accepted the witness fee, and now seeks, on the eve of trial, to avoid providing material testimony central to issues this Court has already deemed relevant, and after years of Defendants' Rule 26 violations that prevented Plaintiff from securing that testimony through ordinary means?

**Plaintiff states:**           **Yes.**

**This Court should state:**    **Yes.**

II.     Whether this Court retains and should exercise its authority, under Rule 45 and its independent powers to enforce its orders and ensure a fair trial, to require a material witness to appear live at trial, notwithstanding belated geographic objections, and to impose sanctions under Rules 37(c)(1) and 45(g) where noncompliance would perpetuate prejudice already found by the Court?

**Plaintiff states:**           **Yes.**

**This Court should state:**    **Yes.**

iv

## <u>CONTROLLING OR MOST APPROPRIATE AUTHORITY</u>

Fed. R. Civ. P. 37

Fed. R. Civ. P. 45

*Arndt v. Ford Motor Co.*, No. 2:15-cv-11108, 2016 U.S. Dist. LEXIS 38391 (E.D. Mich. Mar. 24, 2016)

*Backertop Licensing LLC v. Canary Connect, Inc.*, 107 F.4th 1335 (Fed. Cir. 2024)

*ZMCC Properties LLC v. Primeone Insurance Co.*, No. 19-12428, 2021 U.S. Dist. LEXIS 74251 (E.D. Mich. 2021)

## **INTRODUCTION/COUNTER-STATEMENT OF FACTS**

As this Court is well aware, this case is on the eve of trial, set to begin tomorrow, March 24, 2026. To secure the presence of critical witnesses, including Isaac Lefkowitz, Defendants' self-admitted sole director during the pendency of this case, Plaintiff issued a trial subpoena on July 25, 2025, well in advance of trial. Rather than facilitate that process, Defendants obstructed it at every turn, refusing to accept service, raising meritless objections, and withholding the very contact information necessary to reach Lefkowitz, despite their ongoing obligation to disclose and supplement that information under Rule 26.

That obstruction culminated in this Court's February 27, 2026 Order. The Court found that Defendants failed to comply with Rule 26's disclosure and supplementation requirements, offered no justification for that failure, and caused prejudice to Plaintiff. ECF No. 249, PageID. 9625–32. The Court further recognized that, given Defendants' own relationships with these witnesses, "it strains credulity to suggest that Defendants could not readily obtain their contact information," and held that Defendants' failure to provide it was neither substantially justified nor harmless. *Id.* at PageID. 9627.

To remedy that prejudice, the Court ordered Defendants to produce Lefkowitz's contact information within two business days and, recognizing

1

Plaintiff's demonstrated inability to effectuate service despite diligent efforts and the imminence of trial, authorized alternative service, holding:

> "[G]iven the quickly approaching trial date, the Court believes that Plaintiff has demonstrated an inability to effectuate service after a diligent effort, and the ends of justice support permitting Plaintiff to effectuate service through alternate means… by mailing their subpoenas to their residential addresses via first-class mail, coupled with posting the subpoenas on the front door of their residences."

ECF No. 249, PageID. 9628–30.

The Court also made clear that the consequences of continued noncompliance would not end there, expressly holding that: "[i]n the event that Plaintiff experiences difficulty with serving trial subpoenas on. . . Mr. Lefkowitz. . . or is otherwise **<u>unable to secure [his] attendance at trial, the Court will be willing to entertain a motion for further sanctions pursuant to Rule 37(c)(1)</u>**." *Id.* at PageID. 9633 (emphasis added).

Defendants' subsequent compliance with that Order does not reflect good faith. It confirms the opposite. Rule 26 imposed a continuing, affirmative obligation to disclose this information long before trial. Producing it only when compelled, and at the point when it could no longer be meaningfully used, reflects a calculated decision to delay disclosure until the prejudice could not be cured.

Once that information was finally produced, Plaintiff complied fully with this Court's Order. On March 6, 2026, Plaintiff effectuated service in strict accordance

with the Court-authorized method and Rule 45, including payment of the required witness fee and mileage reimbursement. **Ex. 1.**

Under Rule 45(d)(2)(B), any objections to that subpoena were required to be served within 14 days or before the time specified for compliance. Lefkowitz did neither. He served no written objections within the time permitted by the Rule. His objections are therefore waived.

Instead, Lefkowitz engaged in a different course of conduct. After being properly served under this Court's Order, he negotiated and cashed the $1,000 witness fee and mileage reimbursement check on March 16, 2026. **Ex. 2.** He did so eight days before trial and with full knowledge of his obligation to appear. Accepting payment required by Rule 45, only to then seeking to avoid compliance at the eve of trial, where a failure to appear is at its most prejudicial to Plaintiff, is not good faith. It is a deliberate choice to disregard this Court's authority while attempting to benefit from the very process he now challenges.

This conduct is consistent with Lefkowitz's prior actions when Plaintiff attempted to serve him directly. When contacted by a process server, Lefkowitz stated that he would accept service only if the server could reach him in the south of France within two hours, then hung up and refused further contact. ECF No. 189-1, PageID. 8116. This was not confusion. It was calculated evasion.

3

Nor is Lefkowitz's request for relief consistent with how this Court has addressed similar issues. The Court has already required live testimony from witnesses residing well outside the 100-mile geographic boundary, including ordering Cristin Rettler to appear at trial despite residing in Arizona. Ordering Lefkowitz to do the same is consistent with the evenhanded "good for the goose, good for the gander," approach expressed both by Defendants and this Court in ruling on several of the pre-trial issues raised by the parties. If anything, Lefkowitz's conduct and the surrounding procedural history present a stronger case for compelled live testimony, not a weaker one.

The relevance of Lefkowitz's testimony has already been determined by this Court and is not subject to reasonable dispute. As recently as May and June 2023, he testified under oath that he remained the sole director of both Tehum Care Services and CHS TX, Inc.:

> Q.    Okay. So what I'm asking is how you would communicate with the borrowers which include Tehum Care Services, Inc?
>
> **A.    I am the sole director of Tehum.**

ECF No. 162-3, PageID. 6151, at 54:6–9.

> Q.    CHS TX -- it's still in existence after the divisional merger?
>
> **A.    Right. CHS Texas and Corizon were merged. Then they divided. CHS Texas went left, and the Debtor right, or vice-versa.**
>
> Q.    What does CHF Texas, Inc. [do] today?

4

**A.     The same -- the same type of business -- correctional healthcare.**

Q.     And does CHS Texas has operations?

**A.     Yes.**

Q.     Are you a director in CHS Texas?

**A.     Yes.**

ECF No. 162-4, PageID. 6189 at 21:2-14.

As this Court has already recognized, Lefkowitz "likely possesses information related to CHS TX's provision of medical care to MDOC prisoners." ECF No. 249, PageID. 9628. He has direct, firsthand knowledge of Defendants' financial condition, corporate structure, and decision-making, all of which bear directly on central issues in this case, including punitive damages. Despite that, Defendants concealed his identity behind a generic "Various Representatives" designation and directed Plaintiff to serve him "c/o counsel," only to refuse service when Plaintiff did exactly that. ECF No. 162-2, PageID. 6111.

Against that backdrop, Lefkowitz now seeks to invoke Rule 45 only after failing to timely object, after being properly served under a court-authorized method, and after accepting payment required by that subpoena, on the eve of trial, when his nonappearance will prevent Plaintiff from eliciting material testimony and will operate in tandem with Defendants' Rule 26 violations to inflict maximum prejudice.

5

The Rules do not permit that sequence to defeat compliance. This untimely and waived issue raised in the instant motion is not about the outer limits of Rule 45. But rather, it concerns whether a witness may ignore the Rules, disregard a court order, accept the benefits of a subpoena, and then avoid its obligations at the last possible moment. The answer, under the Federal Rules and this Court's prior Order, is no.

## ARGUMENT

**I.** **LEFKOWITZ'S MOTION TO QUASH IS UNTIMELY, WAIVED, AND MERITLESS, AND IN ANY EVENT PROVIDES NO BASIS TO AVOID COMPLIANCE WITH A VALID, COURT-AUTHORIZED TRIAL SUBPOENA ISSUED AFTER YEARS OF DEFENDANTS' DISCLOSURE VIOLATIONS AND OBSTRUCTION.**

Lefkowitz's motion fails at the threshold. It is untimely under Rule 45, and the objections it raises are therefore waived. That alone resolves the motion. But even setting waiver aside, the motion collapses on its merits. Lefkowitz does not meet, or even attempt to meet, the substantial burden required to quash a duly issued trial subpoena, particularly one authorized by this Court after finding that Defendants violated Rule 26, withheld his identity and contact information for years, and forced Plaintiff to resort to alternative service on the eve of trial. What Lefkowitz offers instead is a belated effort to avoid compliance through conclusory assertions of burden and relevance that this Court has already rejected in substance. The Federal Rules do not permit a witness to ignore a subpoena, wait until trial is imminent, and then attempt to litigate objections that were long ago waived. Nor do they allow a

6

party to benefit from years of discovery violations by placing a critical witness beyond the reach of trial process and then invoking procedural rules to cement that prejudice. Nor is this Court's authority to compel Lefkowitz's live testimony limited to Rule 45 or to party-issued subpoenas. Under any proper application of Rule 45, and in light of this Court's prior findings and orders, the motion must be denied and compliance enforced.

### A. Lefkowitz's Untimely Motion Results in Waiver, and No Good-Faith or Exceptional Circumstances Exist to Excuse His Deliberate Noncompliance.

The motion fails from the outset. Rule 45(d)(2)(B) requires that objections to a subpoena be served "before the earlier of the time specified for compliance or 14 days after the subpoena is served." Fed. R. Civ. P. 45(d)(2)(B). The subpoena was served on Lefkowitz on March 6, 2026. **Ex. 1.** The 14-day objection period expired on March 20, 2026. Lefkowitz filed his motion to quash on March 21, 2026. Lefkowitz's failure to comply with the deadline unambiguously required under the rule is legally fatal to the relief sought in the instant motion. That is the end of the analysis. Courts do not reach the merits of untimely objections absent extraordinary circumstances, and none exist here.

Courts in this district apply that rule uniformly and without exception: waiver of objection to the subpoena. As this Court held in *Arndt v. Ford Motor Co.*, No. 2:15-cv-11108, 2016 U.S. Dist. LEXIS 38391, at *4 (E.D. Mich. Mar. 24, 2016):

7

"Failing to serve written objections by the time provided in Rule 45 generally waives those objections." Similarly, in *Jenkins v. Michigan Department of Corrections*, No. 5:14-cv-11812, 2015 U.S. Dist. LEXIS 31514, at *3-4 (E.D. Mich. Mar. 16, 2015) decided in this very division just one year earlier, restated the same rule without qualification: "Failing to serve written objections by the time provided in Rule 45 generally waives those objections." The Sixth Circuit's district courts have spoken with a single voice: "failure to timely object to a subpoena constitutes waiver." *Schnatter v. 247 Grp., LLC*, 343 F.R.D. 325, 334 (W.D. Ky. 2022).

And Rule 45(d)(3)(A)(ii) itself confirms the point: the Court's obligation to quash a subpoena on geographic or burden grounds is triggered only "on timely motion." Fed. R. Civ. P. 45(d)(3)(A). Thus, the burden to justify noncompliance lies with the objecting party, which can only be accomplished through a timely objection regarding an affirmative showing that the subpoena fails to allow reasonable time, exceeds geographic limits, implicates privilege, or imposes an undue burden. A motion to quash that is filed and served outside of the 14-day window imposed under the rule is not a timely motion, and results in waiver of any objections to the facial validity of the subpoena.

Nor does the narrow good-faith exception apply. *Arndt*, 2016 U.S. Dist. LEXIS 38391, at *4; *Jenkins*, 2015 U.S. Dist. LEXIS 31514, at *4. The circumstances of this case, particularly the involvement of Lefkowitz with respect

8

to Plaintiff and this Court's attempts to ensure his presence at trial through service of subpoena, provide a clear-cut pattern of anything but good-faith action. He had eighteen days between service and the trial date. He had actual notice of this litigation since at least July 2025, when he was reached by phone and told a process server to meet him in the south of France. ECF No. 189-1, PageID. 8116. He had the subpoena itself in hand from March 6 onward. And he cashed the $1,000 witness fee and mileage check on March 16, 2026, eight days before trial and five days before he filed his motion. **Ex. 2.** A witness who affirmatively accepts the financial benefits of a subpoena, pockets the witness fee, and then files a motion to quash five days later is not a non-party acting in good faith. He is a witness who chose to accept payment for an obligation he had already decided not to honor. There are no unusual circumstances here. There is only deliberate, calculated delay.

Moreover, Lefkowitz's failure to file a timely motion also cannot be squared with this Court's explicit warning, issued in its February 27, 2026 Order, that Plaintiff's inability to secure Lefkowitz's attendance at trial would result in further sanctions under Rule 37(c)(1). ECF No. 249, PageID. 9633. That warning put every interested party, including Lefkowitz himself, on direct notice that this Court intended to enforce the subpoena and that noncompliance would have consequences. Filing an untimely motion to quash, after cashing the witness fee, after defying a process server, and after the explicit waring issued by this very Court, is not a

9

response in good faith. It is a continuation of the same obstruction this Court has already documented.

Lefkowitz's motion is therefore not merely weak. It is procedurally barred. The Court need not, and should not, reach the merits. The waiver is complete, and the motion should be denied on that basis alone.

**B.      Even if Not Waived, the Motion Fails Entirely on the Merits.**

Even if the Court were to reach the merits, the result is the same. Courts have recognized that "[t]he party seeking to quash a subpoena bears the ultimate burden of proof" of establishing that the subpoena imposes "undue burden" and/or seeks irrelevant evidence. *Schnatter*, 343 F.R.D. at 330. That burden is substantial, and Lefkowitz has not even attempted to meet it. His motion consists entirely of conclusory assertions, unsupported by any affidavit, declaration, or evidence, that he has no relevant knowledge and that compliance would impose undue burden. These bare assertions fail as a matter of law and fail as a matter of this record.

Begin with relevance. Lefkowitz's assertion that he possesses no relevant knowledge is not only unsupported, it directly contradicts both his own sworn testimony and this Court's prior findings. As recently as May and June 2023, Lefkowitz testified under oath that he remained the sole director of Tehum Care Services and the director of CHS TX. ECF No. 162-3, PageID. 6151 at 54:6-9; ECF No. 162-4, PageID. 6189 at 21:2-14. This Court has already held that "given that

10

Mr. Lefkowitz was a director of CHS TX as of 2023, he likely possesses information related to CHS TX's provision of medical care to MDOC prisoners." ECF No. 249, PageID. 9628. Lefkowitz cannot relitigate relevance through a conclusory motion to quash. His testimony also bears directly on punitive damages and other issues the jury must resolve based on the evidence presented at trial. A relevance argument that contradicts this Court's own prior ruling requires more than a conclusory assertion in a motion to quash. It requires evidence. Lefkowitz offers none. His purported lack of knowledge claim is foreclosed by his own words.

Additionally, this Court has repeatedly clarified that "[t]here is an extremely low bar for demonstrating relevance." *Cratty v. City of Allen Park*, No. 17-11724, 2018 U.S. Dist. LEXIS 225492, at *3 (E.D. Mich. 2018); *see also Great Lakes Anesthesia, PLLC v. State Farm Mut. Auto. Ins. Co.*, No. 11-10658, 2011 U.S. Dist. LEXIS 111668, at *12 (E.D. Mich. 2011) ("The threshold for establishing relevance is quite low."). This minimal threshold applies equally to lay witness testimony. As this Court held in *Gonzalez Prod. Sys. v. Martinrea Int'l Inc.*, No. 13-cv-11544, 2015 U.S. Dist. LEXIS 108357, at *20 (E.D. Mich. 2015), lay testimony based on personal knowledge is admissible if helpful to the factfinder. For the same reasons already considered and determined by this Court, Lefkowitz's testimony and personal knowledge material to several disputed issues easily clears the low bar for relevancy.

11

The alleged burden likewise fails. Contrary to the claimed burden of appearing, Lefkowitz accepted a $1,000 witness fee and mileage reimbursement on March 16, 2026. **Ex. 2.** The Federal Rules provide witness fees and mileage precisely to defray the cost of attendance. Having accepted that payment, Lefkowitz cannot now claim that compliance imposes an undue burden. He was compensated for the obligation he chose to disregard. Nor is the time and asserted issue of travel compelling, particularly for an individual that both frequently travels around not only the country but the world, but has specifically utilized his willingness to frequently travel as a shield from service by instructing the process server that he would accept service only if the process server could reach him in the south of France within two hours. A witness who conditions service on international travel cannot credibly claim that ordinary travel to court is burdensome.

This motion also cannot be considered in a vacuum. It is the latest chapter in a documented pattern of obstruction that this Court has already catalogued: the seven-year concealment of Lefkowitz's identity behind an anonymous "c/o counsel" designation, the refusal to accept service on July 25, 2025, the south-of-France gambit with Plaintiff's process server, the sudden production of Lefkowitz's address within 48 hours of a court order that took Defendants nearly seven years to provide, and now the attempts to avoid compliance with the subpoena by court-ordered alternative service almost a week after pocketing the compensation for his testimony

12

and on the eve of trial. Lefkowitz's motion to quash does not stand apart from this history. It is its conclusion. The Court should treat it accordingly.

**II. LEFKOWITZ HAS NOT ESTABLISHED THAT RULE 45(c)'S GEOGRAPHIC LIMITATION BARS ENFORCEMENT, AND THE COURT HAS MULTIPLE INDEPENDENT BASES TO COMPEL HIS APPEARANCE REGARDLESS.**

The geographic limitation argument fails for multiple independent reasons. As a threshold matter, "[t]he party seeking to quash a subpoena bears a heavy burden of proof." *Mich. State A. Philip Randolph Inst. v. Johnson*, No. 16-cv-11844, 2018 U.S. Dist. LEXIS 87623, at *5-6 (E.D. Mich. 2018); *see also*, *Arndt*, 2016 U.S. LEXIS 38391, at *3. Thus, to obtain relief under Rule 45(c)(1), Lefkowitz carries the burden of affirmatively establishing that he does not reside, is not employed, does not regularly transact business in person within 100 miles of this Court, and that none of the rule's exceptions are applicable.

He has not done so, and instead Lefkowitz only offers insufficient bare assertions. That failure alone defeats his motion. His motion contains no affidavit, no declaration, no documentation, and no evidentiary support of any kind for the factual predicates he is required to prove. He states, in conclusory fashion, that he resides and works in New York and has no relevant connection to Michigan. But Lefkowitz offers nothing to substantiate that claim that he does not regularly transact business within 100 miles of this Court, that he is not employed by Corizon, and

13

presents nothing to affirmatively negate the Rule 45(c)(1) exceptions on which the analysis turns.

Lefkowitz's failure of proof is particularly glaring given that his own sworn testimony, as recently as May and June of 2023, confirmed that he was the sole director of Tehum Care Services and the director of CHS TX, a company whose operations are directly at issue in this case and whose provision of correctional healthcare services in Michigan remains a live dispute before this jury. ECF No. 162-3, PageID. 6151 at 54:6-9 ; ECF No. 162-4, PageID. 6189 at 21:2-14. A witness who directed the operations of a company actively doing business in Michigan, who testified under oath as recently as 2023 about the ongoing nature of those operations, and who offers nothing more than conclusory assertions about his current lack of contacts has not met the substantial burden of establishing that he does not regularly transact business within the meaning of Rule 45(c)(1). This Court has already found that he "likely possesses information related to CHS TX's provision of medical care to MDOC prisoners." ECF No. 249, PageID. 9628. His motion offers no evidence sufficient to displace that finding.

Even setting aside Lefkowitz's evidentiary failure to satisfy his substantial burden, this Court maintains the authority to compel compliance with the trial subpoena under Rule 45, and is not as rigid or absolute as Lefkowitz suggests. As the court in *Dyno Nobel, Inc. v. Johnson*, 586 F.Supp.3d 657, 661 (E.D. Ky. 2022),

14

observed when a non-party sought to invoke the same geographic limitation, "[a]lthough such a fact would seem simple and fatal to [the moving party's] sought relief, the analysis is far from that simple." *In re Vioxx Products Liability Litigation* explained why: "the purposes behind the 100 mile rule no longer justify its existence," and "[m]odern day litigation should not be restrained by antiquated relics of a bygone era." 438 F.Supp.2d 664, 668 (E.D. La. 2006). The *Vioxx* court was explicit that whatever the rule's historical limitations, "this Court does have the power to interpret Rule 45," and in doing so, "finds that it has authority to compel the appearance of [a witness] to attend and testify at trial" even where that witness resides outside the 100-mile limit. *Id.* at 669.

But the geographic limitation is not the only source of this Court's authority to compel Lefkowitz's appearance, and it is not even the primary one. The Federal Circuit held in *Backertop Licensing LLC v. Canary Connect, Inc.*, 107 F.4th 1335, 1343 (Fed. Cir. 2024), that Rule 45 "governs party- and attorney-initiated subpoenas only," and that "none of [the rule's] requirements apply to a court's own order compelling a witness to appear." The court held that Rule 45's geographic limitations do "not limit the geographical range of a court's ability to sua sponte issue an order to appear," and that a district court's order requiring a witness to appear falls squarely within its inherent powers. *Id.* at 1342. The subpoena at issue here was not issued in a vacuum. It was issued pursuant to this Court's February 27, 2026 Order, which

15

specifically authorized the alternative means of service Plaintiff used, directed Defendants to facilitate Lefkowitz's contact information, and expressly warned that sanctions would follow if Lefkowitz's attendance could not be secured. ECF No. 249, PageID. 9628-30, 9633. To the extent this Court's Order, rather than the subpoena standing alone, forms the basis for Lefkowitz's obligation to appear, *Backertop* forecloses the geographic limitation argument entirely.

This Court's inherent authority and Rule 37 provide additional independent bases that are wholly untethered to Rule 45. This Court retains the inherent power "to sanction a party when that party exhibits bad faith, including the party's refusal to comply with the court's orders." *Walsh v. Express Auto & Tire LLC*, No. 1:22-mc-11, 2022 U.S. Dist. LEXIS 71981, at *10 (N.D. Ohio 2022) (quoting *Youn v. Track, Inc.*, 324 F.3d 409, 420 (6th Cir. 2003)). Rule 37 independently authorizes this Court to compel compliance and impose sanctions where, as already determined, Defendants' Rule 26 violations caused prejudice that was neither substantially justified nor harmless. ECF No. 249, PageID. 9627. These authorities exist alongside, and entirely independently of, Rule 45, and none of them is subject to any geographic limitation.

The record of this Court's own rulings in this very case confirms its authority and its willingness to exercise it. In this matter, this Court granted Plaintiff's motion for reconsideration and ordered that Cristin Rettler, P.A., a witness who resides and

16

practices in Cottonwood, Arizona, may testify live at trial. ECF No. 264. That order reflects exactly the kind of judicial authority to secure the live presence of out-of-state witnesses that Lefkowitz now asks this Court to disclaim. This Court has already demonstrated, in this case, that geographic distance does not insulate a witness from a live trial appearance where the interests of justice require it. Where this Court has already permitted a willing out-of-state witness to testify, the same logic applies with equal and greater force to a witness who has been the subject of documented obstruction, whose testimony is equally if not more central to the jury's determination of critical issues and has already been determined by this court to be both necessary and sanctionable if not secured, to avoid compliance through an untimely, unsupported motion to quash. The same authority that compelled Rettler's appearance compels Lefkowitz's, and the record of obstruction that surrounds Lefkowitz's absence from this courtroom makes the case for compelling his appearance considerably stronger, not weaker. Compelling Lefkowitz's testimony is therefore not only warranted by the record, but consistent with the evenhanded approach this Court has applied throughout this litigation.

17

### III.   SANCTIONS ARE INDEPENDENTLY REQUIRED UNDER RULES 37 AND 45, FOR ANY FAILURE OF LEFKOWITZ TO APPEAR AT TRIAL, REGARDLESS OF WHETHER THE SUBPOENA IS QUASHED, TO REMEDY DEFENDANTS' DISCLOSURE VIOLATIONS AND LEFKOWITZ'S WILLFUL NONCOMPLIANCE.

The pendency of this motion does not eliminate Lefkowitz's sanctions exposure or Defendants' Rule 37 liability. This Court has already resolved the predicate questions that govern both. It found that Defendants violated Rule 26's disclosure and supplementation requirements with respect to Lefkowitz, that their failure was neither substantially justified nor harmless, and that if Plaintiff proved unable to secure Lefkowitz's attendance at trial, the Court "will be willing to entertain a motion for further sanctions pursuant to Rule 37(c)(1)." ECF No. 249, PageID. 9633. The instant motion seeks to accomplish the exact scenario this Court anticipated has occurred. Plaintiff has been unable to secure Lefkowitz's attendance at trial, not because the subpoena was defective or because the Court lacked authority, but because Lefkowitz chose not to appear, cashed the witness fee, and then filed a motion to quash one day late.

Rule 45(g) is direct: "[t]he court for the district where compliance is required . . . may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g). Lefkowitz was served by court-authorized alternative means on March 6, 2026. **Ex. 1.** He had actual notice. He accepted the witness fee. He offered no excuse, filed no

MARKOLAW.COM

220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226

P: (313) 777-7777
F: ((313) 470-2011

MARKO LAW

18

timely motion, and did not appear. As this Court recognized in *ZMCC Properties LLC v. Primeone Insurance Co.*, No. 19-12428, 2021 U.S. Dist. LEXIS 74251, at *2-3 (E.D. Mich. 2021):

> Under Rule 45(g), the court can impose attorney fees as a sanction "for one who fails entirely to obey a subpoena." "There is no doubt . . . that there is judicial power to punish the failure to comply with a valid subpoena as a contempt of court." "Courts have often found a person in contempt for refusing to comply with a validly issued subpoena without objecting to it or making a motion to quash." . . . Pursuant to Rule 45(g), Non-Parties have not provided an "adequate excuse" for not complying with the subpoena, and the court finds that an award of attorney fees and costs in favor of Defendant is warranted.

Lefkowitz's case is stronger still for sanctions. He did not merely fail to respond. He actively mocked service, told a process server to find him in the south of France, cashed the $1,000 witness fee, filed an untimely motion, and failed to appear at trial. **Ex. 2.** The fact that he now asks this Court to quash the subpoena does not retroactively excuse a failure to appear and does not insulate him from the consequences of that failure. The motion to quash was not timely filed, and thus, the subpoena remains in full force when trial begins, which requires Lefkowitz to appear. Any attempts to avoid such a required appearance to testify live at trial, should be met with contempt sanctions by this Court, as well as imposing individual sanctions, including attorney's fees, costs, and reimbursement of the witness fee he collected and forfeited.

19

With respect to Defendants, Rule 37's mandatory sanctions framework remains in full force, even if this Honorable Court quashes Lefkowitz's trial subpoena, as any failure to appear would still be attributable to Defendants' disclosure failure, as already found violative of Rule 26 and not substantially justified or harmless by this Court, and worsened by Defendants' subsequent prejudice-amplifying conduct. As this Court already held, Rule 37 "requires absolute compliance with Rule 26[], that is, it mandates that a trial court punish a party for discovery violations in connection with Rule 26 unless the violation was harmless or is substantially justified." ECF No. 249, PageID. 9627 (citing *Big Lots Stores, Inc. v. Luv N'Care, Ltd.*, 302 F. App'x 423, 430 (6th Cir. 2008)). Those determinations have been made. If Lefkowitz does not testify at this trial, whether because the Court quashes the subpoena, because he continues to refuse to appear, or because the damage from his initial non-appearance cannot be undone, severe sanctions against Defendants are not discretionary. They are mandatory. The prejudice caused by Defendants' seven-year concealment of Lefkowitz's identity and contact information is irreversible at this stage of trial. This Court's remedy is to impose sanctions that compensate Plaintiff for the evidentiary gap Defendants deliberately created.

Plaintiff respectfully requests that the Court deny the motion to quash and order Lefkowitz to appear and testify live at trial. In the event Lefkowitz fails to comply with that Order, Plaintiff will promptly seek contempt sanctions under Rule

20

45(g) and sanctions against Defendants under Rule 37(c)(1), as this Court has already recognized may be warranted if his attendance cannot be secured. ECF No. 249, PageID. 9633. Plaintiff will submit a separate motion setting forth the full legal and factual basis for those sanctions if necessary. The predicate findings have already been made. What remains is enforcement..

## CONCLUSION

WHEREFORE, for the reasons more fully set forth in the attached Brief, Plaintiff respectfully requests this Honorable Court deny Isaac Lefkowitz's Motion to Quash Non-Party Trial Subpoena, order Mr. Lefkowitz to appear and testify live at trial; and in the event of noncompliance, impose contempt sanctions against Mr. Lefkowitz under Rule 45(g) and sanctions against Defendants under Rule 37(c)(1) to remedy the prejudice caused by their previously adjudicated Rule 26 violations, as well as any other relief deemed just and appropriate.

Respectfully submitted,

/s/ Jonathan R. Marko
Jonathan R. Marko (P72450)
Attorney for Plaintiff
**MARKO LAW, PLLC**
220 W. Congress, 4th Floor
Detroit, MI 48226
P: (313) 777-7777 / F: (313) 470-2011
Date: March 23, 2026      Email: jon@markolaw.com

21

**PROOF OF SERVICE**

The undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each attorney of record on **March 23, 2026**, via:

| | |
|---|---|
| ☐ U.S. Mail | ☐ Fax |
| ☐ Hand Delivered | ☐ Overnight Carrier |
| ☐ Certified Mail | ☐ Other: <u>Mi-FILE Truefiling</u> |
| ☒ ECF System | ☐ Email |

*/s/ Melinda S. Morisset*

22