**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

KOHCHISE JACKSON,

        Plaintiff,

v.

CHS TX, INC., et al.,

        Defendants

Case No.: 2:19-cv-13382-GAD-PTM

U.S. DISTRICT COURT JUDGE
HON. GERSHWIN A. DRAIN

## DEFENDANTS' MOTION TO PRECLUDE PLAINTIFF FROM CALLING ISAAC LEFKOWITZ AT TRIAL

Defendants CHS TX, Inc. and Dr. Keith Papendick, M.D. ("Defendants") respectfully move to preclude Plaintiff from calling Isaac Lefkowitz at trial pursuant to Fed. R. Evid. 401 and 403 because he cannot possibly provide relevant testimony in this case.

As his Affidavit establishes, Mr. Lefkowitz had no role whatsoever with Corizon Health, Inc. during the Plaintiff's incarceration from March 2017-May 2019.  ECF. No. 276.  Mr. Lefkowitz also had no involvement whatsoever in the entire correctional healthcare industry until after Corizon's contract with the MDOC expired in 2021.  *Id*; *see also* ECF. No. 174-5 (Declaration of CHS TX, Inc. Chief Legal Counsel Scott King, dated July 31, 2025).  As Mr. King stated in his sworn Declaration back in July 2025:

6. Mr. Lefkowitz did not become involved with Corizon until December 2021, when Flacks Group sold the business to Perigrove 1108, LLC.

7. Mr. Lefkowitz holds no role with CHS TX, Inc. or the now-bankrupt entity Tehum Care Services, Inc. (fka Corizon Health, Inc.).

Further, CHS TX never provided medical care to MDOC prisoners. *None of these facts are in dispute.*

The Court's previous presumption that Mr. Lefkowitz "likely possess information related to CHS TX's provision of medical care to MDOC prisoners" was therefore mistaken. Plaintiff's new assertion that Mr. Lefkowitz is "[a] witness who directed the operations of a company actively doing business in Michigan" is false. ECF. No. 275, p. 14. Accordingly, Mr. Lefkowitz cannot possibly have first-hand knowledge about the facts of this case.

Plaintiff's argument that Mr. Lefkowitz possesses information relevant to punitive damages is wrong. Mr. Lefkowitz is not currently an officer of CHS TX, and "holds no role with CHS TX." King Dec. ¶ 7. That he was once a director of CHS TX, or the entity formerly known as Corizon in mid-2023 is not relevant to this case or to CHS TX's present financial situation. Notably, Plaintiff did not seek to depose Mr. Lefkowitz in this case when Corizon was the active Defendant, or part of their effort to add CHS TX as a Defendant, or after CHS TX was added as a Defendant. As such, what seems most probable is that Plaintiff is trying to use Mr.

Lefkowitz to sneak in evidence of Corizon's 2022 Divisional Merger and 2023 bankruptcy. The Court has already ruled that these subjects are inadmissible as to punitive damages. ECF. No. 254, at p. 45 ("the Court finds that evidence of the divisional merger and bankruptcy is irrelevant to punitive damages and will exclude it.").

Given that Mr. Lefkowitz cannot possibly provide relevant information in this case, Plaintiff's Sisyphean effort to have him testify raises question about their true motive for trying to drag Mr. Lefkowitz from his home in Brooklyn. Plaintiff's attempt to analogize Mr. Lefkowitz's situation to that of Ms. Rettler is specious. Ms. Rettler is Plaintiff's own fact witness—she was not subpoenaed to testify at a trial that is a thousand miles from her residence or place of business. If she comes to trial, she is doing so voluntarily.

Finally, whether Mr. Lefkowitz adequately moved to quash his subpoena or not is irrelevant to the issue of whether his potential testimony is relevant. Because his potential testimony is not relevant—and by definition would be more prejudicial than probative—the Court should preclude Plaintiff from calling him at trial.

Dated: March 23, 2026

Respectfully submitted,

**BOWMAN AND BROOKE LLP**

By:   /s/*Sunny Rehsi*
Sunny Rehsi (P80611)
101 W. Big Beaver Road.,
Suite 1100 Troy, MI 48084
248.205.3300
sunny.rehsi@bowmanandbrooke.com

Adam Masin (Admitted 5/1/2025)
750 Lexington Avenue
New York, NY 10022
646.914.6790
adam.masin@bowmanandbrooke.com

Rachel B. Weil (Admitted 7/16/25)
123 South Broad Street, Suite 1512
Philadelphia, PA 19109
267.908.7097
rachel.weil@bowmanandbrooke.com

*Attorneys for Defendants CHS TX, Inc. d/b/a*
*YesCare and Keith Papendick, M.D.*

4

## CERTIFICATE OF SERVICE

I certify that, on March 23, 2026, a copy of the foregoing document in the above-captioned proceeding has been served upon the attorneys listed below via electronic mail:

**Ian T. Cross** (P83367)
Cross Law PLLC
Attorneys for Plaintiff
402 W. Liberty St.
Ann Arbor, MI 48103
724.994.9590
ian@lawinannarbor.com

**Laurence H. Margolis** (P69635)
Margolis Law Firm
Attorneys for Plaintiff
214 South Main St., Suite 202
Ann Arbor, MI 48104
734.994.9590
assistant@lawinannarbor.com

**Jonathan R. Marko** (P72450)
**Michael L. Jones** (P85223)
Marko Law, PLLC
220 W. Congress, 4th Floor
Detroit, MI 48226
313.777.7529
jon@markolaw.com
michael@markolaw.com

**BOWMAN AND BROOKE LLP**

By: /s/*Sunny Rehsi*
Sunny Rehsi (P80611)
101 W. Big Beaver Road.,
Suite 1100 Troy, MI 48084
248.205.3300
sunny.rehsi@bowmanandbrooke.com

Adam Masin (Admitted 5/1/2025)
750 Lexington Avenue
New York, NY 10022
646.914.6790
adam.masin@bowmanandbrooke.com

5

Rachel B. Weil (Admitted 7/16/25)
123 South Broad Street, Suite 1512
Philadelphia, PA 19109
267.908.7097
rachel.weil@bowmanandbrooke.com

*Attorneys for Defendants CHS TX, Inc. d/b/a*
*YesCare and Keith Papendick, M.D.*