UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


KOHCHISE JACKSON,

        Plaintiff,

                              Case No. 19-13382
                              U.S. DISTRICT COURT JUDGE
                              GERSHWIN A. DRAIN

v.


CORIZON HEALTH, INC., *et al.*,

        Defendants.


_____/


**ORDER DENYING ISAAC LEFKOWITZ'S MOTION TO QUASH NON-PARTY TRIAL SUBPOENA [#272] AND DENYING DEFENDANTS' MOTION TO PRECLUDE PLAINTIFF FROM CALLING ISAAC LEFKOWITZ AT TRIAL [#277]**

Presently before the Court are the following motions: (1) Non-Party Isaac Lefkowitz's Motion to Quash Non-Party Trial Subpoena [#272]; and (2) Defendants' Motion to Preclude Plaintiff from Calling Isaac Lefkowitz at Trial [#277]. The Court heard oral argument on Mr. Lefkowitz's motion on March 24, 2026 at 3:00 P.M. Upon review of Defendants' motion, the Court finds that oral argument will not aid in the disposition of the matter, and thus it will be decided on the briefs. *See* E.D. Mich. L.R. 7.1(f)(2). For the reasons that follow, the Court will

deny both motions.

The Court begins with Mr. Lefkowitz's motion to quash. Federal Rule of Civil Procedure 45(d)(3) provides, in relevant part, that "[o]n timely motion, the court for the district where compliance is required must quash or modify a subpoena that . . . (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); . . . or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(a). "The party seeking to quash a subpoena bears a heavy burden of proof." *Malibu Media, LLC v. Doe*, No. 15-cv-13124, 2016 WL 3015090, at *2 (E.D. Mich. May 26, 2016) (citation omitted). Moreover, "the decision whether to quash, modify, or condition a subpoena is within the district court's discretion." *Englar v. 41B District Court*, No. 04-CV-73977, 2009 WL 3497801, at *6 (E.D. Mich. Oct. 29, 2009) (quoting 9A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2463 (3d ed. 2008)).

Here, the Court finds that Mr. Lefkowitz's motion is untimely. He was served with the subpoena on March 6, 2026, yet waited until Saturday, March 21, 2026 to move to quash. Even then, the motion was devoid of evidentiary support and relied largely on conclusory assertions. It was not until March 23, 2026 at 1:00 P.M., less than 24 hours before the subpoena commanded him to appear at trial, that he attempted to cure those evidentiary defects by submitting a declaration. By that point, however, Plaintiff had already filed a response and was thus deprived of an

2

opportunity to respond to the substance of the declaration.

The Court is hard-pressed to excuse the delay under the circumstances present here. For one, the grounds Mr. Lefkowitz invokes for quashing the subpoena—i.e., that he resides in New York and does not regularly transact business in the State of Michigan—are straightforward and would have been known to him immediately upon receiving the subpoena. Moreover, Mr. Lefkowitz has been on notice of Plaintiff's efforts to serve him with a trial subpoena since at least July 2025, and as such, cannot claim surprise. *See* ECF No. 189-1, PageID.8116.

Lastly, and perhaps most concerning, the Court has reason to believe that, on March 16, 2026, Mr. Lefkowitz cashed the $1,000.00 attendance and mileage fee check that, as required by Rule 45(b)(1),[1] Plaintiff tendered for his attendance at trial. If Mr. Lefkowitz genuinely intended to challenge the subpoena, the proper course of action would have been to promptly move to quash the subpoena and return the check to Plaintiff. Instead, by cashing the check, his conduct could be reasonably seen as conveying that he would comply with the subpoena and appear at trial, and Plaintiff was entitled to rely on that representation in preparing for trial. His decision to accept the funds ten days after receiving the check, while waiting

---

[1] "Serving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law." Fed. R. Civ. P. 45(b)(1).

3

until the eve of trial to move to quash the subpoena, underscores the untimeliness of his motion.

In sum, Mr. Lefkowitz had ample time to move to quash the subpoena with adequate evidentiary support. He failed to do so until the eve of trial. The Court has not been furnished with an explanation for the delay in filing this motion. Therefore, Mr. Lefkowitz's motion to quash is denied as untimely.

The Court now turns to Defendants' motion to preclude Plaintiff from calling Mr. Lefkowitz at trial. Defendants claim Mr. Lefkowitz should be precluded from testifying at trial "because he cannot possibly provide relevant testimony in this case," ECF No. 277, PageID.10114, and because the probative value of his testimony is substantially outweighed by a danger of unfair prejudice. This motion, too, is untimely. The motion in limine deadline has long passed, and Defendants have offered no reason to find that good cause exists to extend the deadline. *See* Fed. R. Civ. P. 6(b)(1).

Even if the motion was timely, the Court has already found that Mr. Lefkowitz, as a director in CHS TX,[2] likely possesses relevant information

---

[2] At this juncture, claims that Mr. Lefkowitz is not presently a director in CHS TX are not well taken. As this Court has acknowledged, he testified at a 2023 deposition that he is a director in CHS TX. ECF No. 162-3, PageID.6153. Moreover, at yesterday's hearing on Mr. Lefkowitz's motion to quash, his counsel of record stated that he is a director in CHS TX.

concerning CHS TX's provision of care to prisoners. The Court also finds that he may have information relevant to CHS TX's financial affairs, which is relevant to punitive damages. *See Johnson v. Ford Motor Co.*, No. 19-cv-10167, 2023 WL 5095691, at *8 (E.D. Mich. Aug. 9, 2023) (citations omitted) ("[T]he financial resources of a defendant may be considered in fixing the amount of such damages."). Moreover, the probative value of this anticipated testimony is not substantially outweighed by a danger of unfair prejudice. As the Court noted in its order on the parties' motions in limine, any concern that evidence of Defendants' financial status may improperly influence the jury's liability and compensatory damages determinations can be redressed by a limiting instruction directing the jury to consider the evidence solely for purposes of punitive damages. For these reasons, Defendants' motion to preclude Plaintiff from calling Mr. Lefkowitz is denied.

Based on the foregoing, Mr. Lefkowitz's motion to quash [#272] is DENIED, and Defendants' motion to preclude Plaintiff from calling Mr. Lefkowitz [#277] is DENIED.

SO ORDERED.

Dated: March 25, 2026                    /s/Gershwin A. Drain
                                         GERSHWIN A. DRAIN
                                         United States District Judge


CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
March 25, 2026, by electronic and/or ordinary mail.

<u>/s/ Marlena Williams</u>
Case Manager