**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

KOHCHISE JACKSON,

        Plaintiff,

-vs-

CHS TX, INC., *et al.,*

        Defendants.

Case No. 19-cv-13382

Hon. Gershwin A. Drain

| | |
|---|---|
| LAWRENCE H. MARGOLIS (P69635) | THOMAS G. HACKNEY (P81283) |
| IAN T. CROSS (P83367) | **HACKNEY ODLUM & DARDAS** |
| **MARGOLIS, GALLAGHER & CROSS** | Attorney for Keith Papendick, M.D. |
| Attorneys for Plaintiff | 10850 E. Traverse Hwy., Ste. 4440 |
| 214 S. Main St., Ste. 200 | Traverse City, MI 49684 |
| Ann Arbor, MI 48104 | (231) 642-5057 |
| (734) 994-9590 | thackney@hodlawyers.com |
| larry@lawinannarbor.com | |
| ian@lawinannarbor.com | ADAM MASIN |
| | SUNNY REHSI (P80611) |
| JONATHAN R. MARKO (P72450) | **BOWMAN AND BROOKE LLP** |
| MICHAEL L. JONES (P85223) | Attorney for CHS TX, Inc. |
| ALLIE J. FARRIS (P88654) | 101 W. Big Beaver Rd., Ste. 1100 |
| **MARKO LAW, PLLC** | Troy, MI 48084 |
| Co-counsel for Plaintiff | (248) 205-3300 |
| 220 W. Congress, 4th Floor | Adam.masin@bowmanandbrooke.com |
| Detroit, Michigan 48226 | Sunny.rehsi@bowmanandbrooke.com |
| P: (313) 777-7529 / F: (313) 470-2011 | |
| jon@markolaw.com | |
| michael@markolaw.com | |
| allie@markolaw.com | |

# <u>PLAINTIFF'S MOTION FOR ADVERSE INSTRUCTION REGARDING ISAAC LEFKOWITZ</u>

1

NOW COMES Plaintiff, **KOHCHISE JACKSON**, by and through his attorneys, **MARGOLIS, GALLAGHER & CROSS**, and **MARKO LAW, PLLC,** and for his Motion for Adverse Instruction Regarding Isaac Lefkowitz, states as follows:

1.     Trial in this matter commenced on March 24, 2026.

2.     Isaac Lefkowitz is Defendants' self-admitted sole director, whose testimony is central to disputed issues at trial, including the provision of medical care, punitive damages, Defendants' financial condition, and the corporate transactions underlying Plaintiff's claims. (ECF No. 162-3, PageID. 6151, at 54:6-9; ECF No. 162-4, PageID. 6189 at 21:2-14; ECF No. 249, PageID. 9628).

3.     Plaintiff timely served Lefkowitz with a trial subpoena pursuant to this Court's February 27, 2026 Order, providing the required witness fee and mileage reimbursement, which Lefkowitz accepted and cashed on March 16, 2026. (ECF No. 249, PageID. 9625-31; ECF No. 275-1-2, PageID. 10101-10).

4.     On March 30, 2026, this Court denied all efforts to quash the subpoena or preclude Lefkowitz's testimony. (ECF No. 282, PageID. 10130-35).

5.     On March 30, 2026, Lefkowitz appeared at trial and invoked his Fifth Amendment privilege before the jury in response to substantive questioning on matters central to this case, including his role and position with Defendants and their

2

affiliates, the provision of medical care and any cost-driven policies during the relevant period, and Defendants' financial condition bearing on punitive damages.

6. The Supreme Court, the Sixth Circuit, and this Court have recognized that an adverse inference may be drawn from a witness's invocation of the Fifth Amendment in civil proceedings without violating the Fifth Amendment or Due Process. *See United States v. Rohlig*, No. 21-10666, 2023 WL 9231997, at *3 (E.D. Mich. Mar. 9, 2023).

7. Such an inference is equally available where the invoking witness is a non-party, and all four relevant factors support it here. *Garrish v. United Auto., Aerospace, & Agric. Implement Workers of Am.*, 284 F. Supp. 2d 782, 797-98 (E.D. Mich. 2003).

8. The proofs adduced at trial, together with the offer of proof filed herewith and independently offers of proof filed with this Court (ECF No. 283), provide the independent evidentiary foundation required to support the instruction.

9. Per Local Rule 7.1, Plaintiff requested concurrence prior to filing the instant motion via email. As of the filing of this motion, concurrence had not yet been provided.

MARKOLAW.COM

220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226

P: (313) 777-7LAW
F: (313) 470-2011

MARKO LAW

WHEREFORE, Plaintiff respectfully requests this Honorable Court grant Plaintiff's Motion for Adverse Inference Regarding Issac Lefkowitz and issue the following instruction, as well as any additional relief deemed just and appropriate:

> Although you are permitted to draw a negative inference from the fact that a witness asserted the Fifth Amendment privilege and did not answer a question, you are not required to do so. You may therefore consider the fact that a witness refused to answer certain questions.

Respectfully submitted,

/s/ Jonathan R. Marko
Jonathan R. Marko (P72450)
Attorney for Plaintiff
**MARKO LAW, PLLC**
220 W. Congress, 4th Floor
Detroit, MI 48226
P: (313) 777-7777 / F: (313) 470-2011
Date: March 30, 2026              Email: jon@markolaw.com

4

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

KOHCHISE JACKSON,

        Plaintiff,

-vs-

CHS TX, INC., *et al.,*

        Defendants.

Case No. 19-cv-13382

Hon. Gershwin A. Drain

| | |
|---|---|
| LAWRENCE H. MARGOLIS (P69635)<br>IAN T. CROSS (P83367)<br>**MARGOLIS, GALLAGHER &**<br>**CROSS**<br>Attorneys for Plaintiff<br>214 S. Main St., Ste. 200<br>Ann Arbor, MI 48104<br>(734) 994-9590<br>larry@lawinannarbor.com<br>ian@lawinannarbor.com | THOMAS G. HACKNEY (P81283)<br>**HACKNEY ODLUM & DARDAS**<br>Attorney for Keith Papendick, M.D.<br>10850 E. Traverse Hwy., Ste. 4440<br>Traverse City, MI 49684<br>(231) 642-5057<br>thackney@hodlawyers.com |
| JONATHAN R. MARKO (P72450)<br>MICHAEL L. JONES (P85223)<br>ALLIE J. FARRIS (P88654)<br>**MARKO LAW, PLLC**<br>Co-counsel for Plaintiff<br>220 W. Congress, 4th Floor<br>Detroit, Michigan 48226<br>P: (313) 777-7529 / F: (313) 470-2011<br>jon@markolaw.com<br>michael@markolaw.com<br>allie@markolaw.com | ADAM MASIN<br>SUNNY REHSI (P80611)<br>**BOWMAN AND BROOKE LLP**<br>Attorney for CHS TX, Inc.<br>101 W. Big Beaver Rd., Ste. 1100<br>Troy, MI 48084<br>(248) 205-3300<br>Adam.masin@bowmanandbrooke.com<br>Sunny.rehsi@bowmanandbrooke.com |

## BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR SANCTIONS FOR DEFENDANTS' FAILURE TO PRODUCE ISAAC LEFKOWITZ AT TRIAL

v

## CONCISE STATEMENT OF ISSUES PRESENTED

I.  Whether this Court should issue an adverse inference instruction where Isaac Lefkowitz, Defendants' self-admitted sole director with firsthand, irreplaceable knowledge of the disputed issues before the jury, appeared at trial and invoked his Fifth Amendment privilege before the jury in response to substantive questioning on matters central to Plaintiff's claims and punitive damages?

**Plaintiff states:**          **Yes.**

**This Court should state:**    **Yes.**


II. Whether the adverse inference instruction is available against Defendants where the record establishes that Lefkowitz served as their sole director, controlled the key facts at issue, holds a direct financial interest in the outcome of this litigation, and his silence serves both his own interests and Defendants' defense?

**Plaintiff states:**          **Yes.**

**This Court should state:**    **Yes.**

vi

## **CONTROLLING OR MOST APPROPRIATE AUTHORITY**

*United States v. Rohlig*, No. 21-10666, 2023 WL 9231997, at *3 (E.D. Mich. Mar. 9, 2023)

*United States v. Humayun Kabir Rahman*, No. 18-10530, 2020 U.S. Dist. LEXIS 69443, at *23-25 (E.D. Mich. Apr. 20, 2020)

*Garrish v. United Auto., Aerospace, & Agric. Implement Workers of Am.*, 284 F. Supp. 2d 782, 797-98 (E.D. Mich. 2003)

## STATEMENT OF MATERIAL FACTS AND RELEVANT PROCEEDINGS

Trial in this matter commenced on March 24, 2026. Isaac Lefkowitz, Defendants' self-admitted sole director during the pendency of this case, is a witness whose testimony is directly material to the disputed issues before the jury. As recently as May and June 2023, Lefkowitz testified under oath in collateral proceedings that he remained the sole director of both Tehum Care Services, Inc. and CHS TX, Inc. ECF No. 162-3, PageID. 6151, at 54:6–9; ECF No. 162-4, PageID. 6189 at 21:2-14. This Court has already recognized that "given that Mr. Lefkowitz was a director of CHS TX as of 2023, he likely possesses information related to CHS TX's provision of medical care to MDOC prisoners." ECF No. 249, PageID. 9628. As Defendants' apex decision-maker, Lefkowitz also possesses unique, firsthand knowledge of Defendants' financial condition, the divisional merger, and the corporate restructuring bearing directly on punitive damages, all of which remain live disputes before the jury.

Plaintiff issued a trial subpoena to Lefkowitz well in advance of trial. After Defendants refused to accept service and this Court found that Defendants had violated their Rule 26 disclosure and supplementation obligations with respect to Lefkowitz, the Court ordered disclosure of his contact information and authorized alternative service. ECF No. 249, PageID. 9625-32. Plaintiff complied in full, effectuating proper service on March 6, 2026, and Lefkowitz negotiated and cashed

1

the required $1,000 witness fee and mileage reimbursement check on March 16, 2026, eight days before trial and with full knowledge of his obligation to appear. ECF No. 275-1-2, PageID. 10101-10.

On March 30, 2026, this Honorable Court denied Lefkowitz and Defendants' motions to quash the properly served subpoena or to otherwise preclude Plaintiff from calling him as a witness at trial, requiring his appearance at trial to testify. ECF No. 282, PageID. 10130-35.

On March 30, 2026, Lefkowitz appeared at trial and was called as a witness before the jury. Rather than testify, he invoked his Fifth Amendment privilege against self-incrimination in response to substantive questioning on matters central to this case, including his current role and position with Corizon, Defendants, and their subsidiaries; the provision of medical care and any policies prioritizing cost reduction over patient care during the period relevant to this litigation; Defendants' annual earnings and financial condition; and other questioning directly relevant to the disputed issues the jury must resolve. His invocation of the Fifth Amendment before the jury, on the precise subjects this Court has recognized him as uniquely positioned to address, is the basis for the relief Plaintiff now seeks.

2

MARKOLAW.COM

220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226

P: (313) 777-7LAW
F: ((313) 470-2011

MARKO LAW

**ARGUMENT**

**I.**  **THIS COURT SHOULD PROVIDE AN ADVERSE INFERENCE INSTRUCTION BASED ON ISAAC LEFKOWITZ'S INVOCATION OF THE FIFTH AMENDMENT AT TRIAL.**

This Court should issue an adverse inference instruction based on Isaac Lefkowitz's refusal to testify before this jury and his invocation of the Fifth Amendment in response to substantive questioning at trial. The law is clear that such an instruction is both permitted and appropriate in a civil proceeding.

This Court in *United States v. Rohlig*, No. 21-10666, 2023 WL 9231997, at *3 (E.D. Mich. Mar. 9, 2023), squarely recognized that a witness's silence in civil litigation invites an adverse inference, consistent with longstanding Supreme Court and Sixth Circuit precedent:

> A witness' silence invites "an adverse inference" in these proceedings. *Baxter*, 425 U.S. at 320. "The Supreme Court has held that a negative inference can be drawn from a failure to testify in civil proceedings, and that drawing such an inference violates neither the Fifth Amendment nor Due Process." *See Hoxie v. Drug Enforcement Admin.*, 419 F.3d 477, 483 (6th Cir. 2005); *United States v. Rahman*, No. 18-10530, 2020 WL 1915692, at *8 (E.D. Mich. Apr. 20, 2020); *Sanders*, 605 F. Supp. 3d at 980. "Our conclusion is consistent with the prevailing rule that the Fifth Amendment does not forbid adverse inferences against parties to civil actions when they refuse to testify in response to probative evidence offered against them: the Amendment 'does not preclude the inference where the privilege is claimed by a party to a Civil cause.' 8 J. Wigmore, Evidence 439 (McNaughton rev. 1961)." *Baxter*, 425 U.S. at 318.

This Court in *United States v. Humayun Kabir Rahman*, No. 18-10530, 2020 U.S. Dist. LEXIS 69443, at *23-25 (E.D. Mich. Apr. 20, 2020) similarly held that ,

3

while the decision to invoke the privilege may be constitutionally protected, "that does not mean his decision to exercise that right is without consequence." As the *Rahman* court confirmed: "The Supreme Court has held that a negative inference can be drawn from a failure to testify in civil proceedings, and that drawing such an inference violates neither the Fifth Amendment nor Due Process." *Id.* Moreover, the *Rahman* court recognized that that these consequences apply even where invocation of the Fifth Amendment may carry more severe civil consequences than a criminal sentence: "where a litigant invokes the Fifth Amendment in a civil case — even one in which an adverse judgment may arguably have longer-lasting and more severe consequences than a prison sentence — his decision to do so may carry adverse consequences in terms of his defense of the litigation." *Id.*

The only limitation on the jury's authority to draw such an inference is that it "must be given no more evidentiary value than was warranted by the facts," and accordingly "can only be drawn when independent evidence exists of the fact to which the party refuses to answer." *Bradley v. Miller*, No. 1:10-cv-760, 2013 U.S. Dist. LEXIS 157561, at *2 (S.D. Ohio Nov. 4, 2013) (internal citations omitted). That limitation is easily satisfied here, as the proofs offered at trial, and independently supported by the offer of proof separately filed with this Court **(Exhibit 1)**, provide a sufficient foundation and basis for provision of the adverse

4

instruction for Lefkowitz's invocation of the Fifth Amendment and failure to testify during trial.

While courts retain discretion to fashion the precise instruction, this Court in *Rohlig* approved the following formulation:

> **Although you are permitted to draw a negative inference from the fact that a witness asserted the Fifth Amendment privilege and did not answer a question, you are not required to do so. You may therefore consider the fact that a witness refused to answer certain questions**.
>
> Citations: 3 Fed. Jury Prac. & Instr. § 104:28 (6th ed.); *Baxter v. Palmigiano*, 425 U.S. 308, 318 (1976); *see Kosinski v. Comm'r*, 541 F.3d 671, 678 (6th Cir. 2008); *Sentinel Tr. Co. v. Namer*, 172 F.3d 873 (6th Cir. 1998).

*Rohlig*, No. 21-10666, 2023 WL 9231997 at *3.

## II. THE ADVERSE INFERENCE IS EQUALLY AVAILABLE AGAINST DEFENDANTS BASED ON LEFKOWITZ'S INVOCATION REGARDLESS OF HIS STATUS AS A PARTY OR NON-PARTY.

Defendants have contested that Lefkowitz bears any current relationship to them sufficient to justify an adverse inference against them based on his silence. That position is contradicted by the record. As set forth in the offer of proof and established through Lefkowitz's own sworn deposition testimony in collateral litigation, Lefkowitz served as CEO and Member of the Board of Corizon, confirmed under oath that he was the sole director of both Tehum Care Services, Inc. and CHS TX as recently as 2023, and defense counsel acknowledged at the hearing on

MARKOLAW.COM

220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226

P: (313) 777-7LAW
F: (313) 470-2011

MARKO LAW

Lefkowitz's own motion to quash that he remains a director of CHS TX to this day. ECF No. 162-3, PageID. 6151, at 54:6–9; ECF No. 162-4, PageID. 6189 at 21:2-14; ECF No. 282, PageID. 10133 n 2. This Court has itself recognized that Lefkowitz "likely possesses information related to CHS TX's provision of medical care to MDOC prisoners" precisely because of his role within the corporate structure. ECF No. 249, PageID. 9628. On this record, Lefkowitz's invocation of the Fifth Amendment is the silence of a Defendant-aligned officer and director — and the adverse inference flows directly from that relationship without the need for further analysis.

Even setting that aside, any remaining dispute as to the precise nature of Lefkowitz's current relationship with Defendants does not preclude the adverse inference. As this Court held, and the Sixth Circuit affirmed, in *Garrish v. United Auto., Aerospace, & Agric. Implement Workers of Am.*, 284 F. Supp. 2d 782, 797 (E.D. Mich. 2003), *aff'd sub nom. Garrish v. Int'l Union United Auto., Aerospace & Agric. Implement Workers of Am.*, 417 F.3d 590 (6th Cir. 2005), a non-party witness's invocation of the Fifth Amendment may support an adverse inference against a party when the relevant factors support doing so:

> Plaintiffs deposed Jay Campbell on February 18, 2003. Mr. Campbell, who is currently under indictment, exercised his Fifth Amendment privilege in response to virtually every substantive question posed by Plaintiffs' counsel at the deposition. Plaintiffs argue that, despite the fact that Mr. Campbell did not provide any substantive answers, the Court

6

may draw adverse inferences against Defendants based upon Mr. Campbell's "non-answers."

The Second Circuit has outlined several non-exclusive factors that a court should consider when deciding whether to draw adverse inferences from a non-party's invocation of the Fifth Amendment privilege against self-incrimination in the course of civil litigation:

1. *The Nature of the Relevant Relationships:* While no particular relationship governs, the nature of the relationship will invariably be the most significant circumstance. **It should be examined, however, from the perspective of a non-party witness' loyalty to the plaintiff or defendant**, as the case may be. **The closer the bond, whether by reason of** blood, friendship or **business**, the less likely the non-party witness would be to render testimony in order to damage the relationship.

2. *The Degree of Control of the Party Over the Non–Party Witness:* The degree of control which the party has vested in the non-party witness in regard to the key facts and general subject matter of the litigation will likely inform the trial court whether the assertion of the privilege should be viewed as akin to testimony approaching admissibility under Fed.R.Evid. 801(d)(2), and may accordingly be viewed ... as a vicarious admission.

3. *The Compatibility of the Interests of the Party and Non–Party Witness in the Outcome of the Litigation:* The trial court should evaluate whether the non-party witness is pragmatically a noncaptioned party in interest and **whether the assertion of the privilege advances the interests of both the non-party witness and the affected party in the outcome of the litigation**.

4. *The Role of the Non–Party Witness in the Litigation:* Whether the non-party witness was a key figure in the litigation and played a controlling role in respect to any of its underlying aspects also logically merits consideration by the trial court.

*LiButti v. United States,* 107 F.3d 110, 123–24 (2d Cir.1997). While consideration of the above factors is important, "**the overarching**

7

> **concern is fundamentally whether the adverse inference is trustworthy under all of the circumstances and will advance the search for the truth**." *Id.* at 124.

*Id.* at 797-98 (emphasis added).

In analyzing the first two factors, the *Garrish* Court recognized that it was not clear whether the nature of the relationships and degree of control of the defendants and the witness warranted an adverse inference because each defendant previously maintained a different relationship with the witness. *Id.* at 798. The Court noted that: "there is a difference in Campbell's former relationship with each of the Defendants. Obviously, as a former union official, Campbell's interests were often at odds with GM's interests. Moreover, GM did not exercise control over Campbell. On the other hand, Campbell was a Union official and thus had a direct relationship with the Union." *Id.*

Here, no such ambiguity exists. Under the first factor, the relationship between Lefkowitz and Defendants is not merely close; it is one of direct, uninterrupted control and ownership at the highest levels of the corporate structure. Lefkowitz was the person who made the final decision to acquire Corizon through Perigrove 1018, LLC — an entity in which he holds a direct equity stake. (ECF No. 283–Exhibit 3 pp. 239, 258). Following that acquisition, he signed correspondence as "Interim CEO and Member of the Board" of the Corizon/Valitas enterprise and, according to Tehum's own response to the U.S. Senate, "oversaw every aspect of Corizon's

MARKOLAW.COM

220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226

P: (313) 777-7LAW
F: ((313) 470-2011

JM MARKO LAW

8

operations and finances" from the December 2021 acquisition through the February 2023 bankruptcy filing. ECF No. 283 – Exhibit 1; **Ex. 1.** Under oath in collateral bankruptcy proceedings, Lefkowitz confirmed he remained the sole director of both Tehum Care Services, Inc. and CHS TX as recently as May and June 2023. YesCare's own response to the U.S. Senate further confirmed that Lefkowitz "serves as a director of YesCare." **Ex. 1.** The business bond between Lefkowitz and Defendants is not incidental, it is foundational and weighs in favor of the inference.

As does the second factor regarding Lefkowitz's control over the key facts and subject matter of the litigation. This factor is substantially compelling and weighs in favor of the inference. Lefkowitz was not a peripheral officer or nominal fiduciary. He was, by his own sworn account, the sole director of both CHS TX and Tehum, the two entities at the center of this case. ECF No. 162-3, PageID. 6151, at 54:6–9; ECF No. 162-4, PageID. 6189 at 21:2-14. He held simultaneous roles across the entire corporate structure, serving as director of the lender entity (M2 LoanCo), the parent equity holder (Perigrove 1018), the management company (Geneva Consulting), and the operating entity (Corizon/CHS TX). **Ex. 1 at 5-8.** He personally made financial decisions for those entities, negotiated key contracts on their behalf, oversaw the professional liability management of both Tehum and YesCare, and was involved in the approval of the divisional merger that directly bears on Defendants' financial structure at issue in this case. *Id.* This Court has already recognized that

9

Lefkowitz "likely possesses information related to CHS TX's provision of medical care to MDOC prisoners," and defense counsel confirmed at the hearing on Lefkowitz's motion to quash that he remains a director of CHS TX. ECF No. 282, PageID. 10133 n 2. No witness exercised more control over the facts material to this litigation. The second factor weighs decisively in favor of the inference.

The *Garrish* Court found that applying the facts of the case to the third and fourth factors and finding that they weighed in favor of drawing the inference was sufficient to permit doing so for the witnesses' invocation of the Fifth Amendment:

> The third factor, compatibility of interests, favors the conclusion that adverse inferences should be drawn from Campbell's invocation of the privilege. **It is clear that Campbell has an interest in the dismissal of this lawsuit, as the ultimate issues of liability involve his allegedly wrongful conduct**. Moreover, under the fourth a factor, it is clear that Jay Campbell was a key figure in the underlying facts of this lawsuit.

> Accordingly, on balance, the above factors tend to favor the drawing of adverse inferences against Defendants based upon Jay Campbell's invocation of the Fifth Amendment privilege against self-incrimination.

*Id.* at 798 (emphasis added).

Likewise, in this case, both the third and fourth factors weigh in favor of drawing the inference. Regarding the third factor, just like in *Garrish*, Lefkowitz's equity stake in the parent entity, his personal financial guarantees on behalf of YesCare and its affiliates, and his direct involvement in the corporate transactions at the heart of this litigation, including the divisional merger, mean that any adverse verdict against Defendants directly implicates his own financial interests. His silence

10

and Defendants' defense are one and the same. The third factor weighs in favor of the inference. Finally, the fourth factor is the most straightforward, as established above, Lefkowitz was not a peripheral figure, he was the apex decision-maker of the enterprise whose conduct is at issue. He possesses firsthand, irreplaceable knowledge of the decisions related to the provision of medical care, finances, and restructuring that Defendants have placed before this jury, and this Court has already recognized as much. His role is central, not incidental. The fourth factor weighs strongly in favor of the inference.

On balance, all four *LiButti* factors favor drawing the adverse inference against Defendants based on Lefkowitz's invocation of the Fifth Amendment. Whether or not this Court makes a formal finding that Lefkowitz was an agent or employee of Defendants at the relevant time, the record establishes that his interests are tightly aligned with theirs, that he controlled the key facts at issue, and that his silence serves their litigation interests. Permitting the jury to draw an adverse inference from that silence is both legally authorized and necessary to advance the truth in this case. Accordingly, Plaintiff respectfully requests that this Court provide the adverse inference instruction approved in *Rohlig* regarding Isaac Lefkowitz's refusal to answer questions at trial.

11

## CONCLUSION

WHEREFORE, Plaintiff respectfully requests this Honorable Court grant Plaintiff's Motion for Adverse Inference Regarding Issac Lefkowitz and issue the following instruction, as well as any additional relief deemed just and appropriate:

> Although you are permitted to draw a negative inference from the fact that a witness asserted the Fifth Amendment privilege and did not answer a question, you are not required to do so. You may therefore consider the fact that a witness refused to answer certain questions.

Respectfully submitted,

*/s/ Jonathan R. Marko*
Jonathan R. Marko (P72450)
Attorney for Plaintiff
**MARKO LAW, PLLC**
220 W. Congress, 4th Floor
Detroit, MI 48226
P: (313) 777-7777 / F: (313) 470-2011
Date: March 30, 2026           Email: jon@markolaw.com

### PROOF OF SERVICE

The undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each attorney of record on **March 30, 2026**, via:

☐ U.S. Mail                    ☐ Fax
☐ Hand Delivered               ☐ Overnight Carrier
☐ Certified Mail               ☐ Other: Mi-FILE Truefiling
☒ ECF System                   ☐ Email

*/s/ Melinda S. Morisset*

12