**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

KOHCHISE JACKSON,

      Plaintiff,

v.

CHS TX, INC., et al.,

      Defendants

Case No.: 2:19-cv-13382-GAD-PTM

U.S. DISTRICT COURT JUDGE
HON. GERSHWIN A. DRAIN

**DEFENDANT CHS TX, INC.'S BRIEF REGARDING PLAINTIFF'S**
***MONELL* CLAIM**

Plaintiff **has not** established, and ***cannot*** establish, his *Monell* claim against CHS TX, Inc. and this claim is properly disposed of as a matter of law before reaching the jury. The evidence has established that Corizon routinely approved colostomy reversal surgeries based on medical necessity and without regard to their cost. Plaintiff's theory that Corizon did not approve **his** surgery because of "cost" is **wrong**, unsupported by the evidence, and should not reach the jury.

**I.** **PLAINTIFF HAS NOT ESTABLISHED THAT CORIZON VIOLATED HIS EIGHTH AMENDMENT RIGHTS**

Courts in the Sixth Circuit and around the country have routinely held as a matter of law that a decision to reverse a prisoner's colostomy is a medical judgment that does not support an Eighth Amendment violation. In an opinion directly on

point, the Sixth Circuit rejected an argument that the delay of a colostomy reversal

constitutes an Eighth Amendment violation when there is a medical dispute about

whether the procedure is elective. *See Dickens v. Withrow*, 915 F.2d 1571 (6th Cir.

1990) (affirming dismissal and denial of motion to amend complaint). In *Dickens*,

a prisoner brought a § 1983 action alleging that Michigan state correction officials

violated his Eighth Amendment rights "by refusing to immediately schedule him for

surgery to repair his colon (a colostomy closure)" and by keeping him on a waiting

list which was at sixteen months by the time he filed his Complaint. *Id.* The Sixth

Circuit held:

> Upon review, we affirm the district court's judgment. Dickens basically argues that the colostomy closure should have been immediately scheduled because the closure is a medical necessity. Defendants responded by stating that Dickens' colostomy was functioning properly and that Dickens was placed on the surgical waiting list because they deemed the closure a medical non-emergency. The defendants were not deliberately indifferent to Dickens' medical needs because a difference of opinion between the plaintiff and his doctor regarding an elective surgical procedure does not state a claim for an eighth amendment violation.[1]

---

[1] *See also Denham v. Arizona*, 97 F.3d 1459 (9th Cir. 1996) ("[t]he evidence shows that an operation to close a colostomy, and by extension, the procedure to determine the appropriateness of closure, ***are not medically urgent procedures***. Because Denham has not shown a delay in urgent or medically-required treatment, he has failed to show that defendants were deliberately indifferent to his serious medical needs by delaying his enema.") (emphasis added); *Swarbrick v. Frantz*, No. 11-cv-01696-WYD-MJW, 2012 WL 833882, at *9 (D. Colo. Feb. 21, 2012) (denial of a colostomy reversal not an Eighth Amendment violation because "[a] medical difference of opinion is not actionable…"); *Ayala v. Terhune*, 195 F. App'x 87

2

In *Hopper v. McFadden*, the court recently granted summary judgment for defendants in another § 1983 case involving alleged delay of a colostomy reversal. There, the court held:

> [T]he forecast of evidence does not show any constitutional violation relative to the denial of colostomy reversal surgery during Plaintiff's detention at the Jail. The forecast of evidence shows that Plaintiff was scheduled to undergo colostomy reversal surgery on April 25, 2002, and that he was arrested and detained two weeks before that procedure was to take place. ***There is nothing in the forecast of evidence to suggest that the need for the procedure ever became urgent or emergent while Plaintiff was detained at the Jail, only that Plaintiff believed it was overdue and that he did not agree that the cost and nature of the procedure should be relevant considerations***. ***That Defendants advised him that he would have to wait to undergo a non-emergent procedure until he was out of Jail or in federal custody is not deliberate indifference to a serious medical need***. Moreover, Plaintiff attested that he underwent the procedure in December 2022, approximately two months after his release from Jail, presumably without incident, and he forecasted no evidence of any other issues arising from his being denied the surgery while in Jail. ***Had Plaintiff's condition changed and the need for the procedure become emergent, then a denial of colostomy reversal may have been deliberate indifference. But that was not the case***.

*Hopper v. McFadden*, No. 3:22-cv-00454-MR, 2023 WL 7434980, at *8 (W.D.N.C. Nov. 8, 2023).  Thus, there was no Eigth Amendment even when the defendants told the inmate that he would never receive the surgery while in custody and where cost

---

(2006)  (affirming district court's decision that failure to approve colostomy reversal surgery did not constitute deliberate indifference); *Ross v. Carpenter*, No. 3:15-CV-03013-RAL, 2016 WL 3223620 (D.S.D. June 8, 2016), aff'd, 676 F.App'x 612 (8th Cir. 2017) (finding no timeframe within which a colostomy must be reversed).

was a factor. *See also Ayala v. Terhune*, 195 F. App'x 87, 91 (3d Cir. 2006) (upholding summary judgment in favor of administrators who denied prisoner's colostomy reversal surgery despite outside doctor's recommendation).

Here, Plaintiff's *theory* that *his* colostomy reversal was not approved in prison due to costs was wrong, misunderstood how costs worked in Michigan, and was unsupported by evidence in the record. It is undisputed that Medicaid, *not Corizon*, would have paid for his colostomy reversal surgery. Also, unlike *Hopper*, there is no evidence that Corizon told him he would never have the surgery in prison. But even those facts were not enough in *Hopper* when the surgery is not urgent or emergent. It was undisputed that Plaintiff *never* had an urgent or emergent need for the surgery in prison. His own surgeon's office told Corizon that. His own expert admitted that. The evidence established that Plaintiff had a functional colostomy with no emergent issues and confirmed that doctors can differ about medical necessity and the timing of a risky colostomy reversal surgery.

The Sixth Circuit applies the standards for assessing municipal liability to claims against private corporations that operate prisons or provide medical care to prisoners. *Thomas v. Coble*, 55 F.App'x 748, 748–49 (6th Cir. 2003). But under § 1983, municipal entities *are not liable* for the acts of their employees or agents. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978); see also *Winkler v.*

4

*Madison Cnty.*, 893 F.3d 877, 904 (6th Cir. 2018) ("Like a municipality, a government contractor cannot be held liable on a *respondeat superior* theory.").

The strict limitations of an Eighth Amendment claim are difficult to capture in a short brief. Generally, an official violates the Eighth Amendment when acting with "deliberate indifference to an inmate's serious medical needs." *Brawner v. Scott Cnty.,* 14 F.4th 585, 591 (6th Cir. 2021). "For an inmate to show that prison officials violated the Eighth Amendment by denying medical care, the inmate must show (1) that he or she was deprived of an objectively serious medical need, and (2) that the defendant knew of and disregarded an excessive risk to his or her health or safety." *Est. of Abbey v. Herring*, 598 F. Supp. 3d 572, 583–84 (E.D. Mich. 2022) (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Rhinehart v. Scutt*, 894 F.3d 721, 737–38 (6th Cir. 2018)). "A serious medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008).

Plaintiff also must show that the "violation occurred because of [an official] policy or custom." *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013) (quoting *Monell*, 436 U.S. at 694). A plaintiff can make a showing of an illegal policy or custom by demonstrating one of the following: (1) the existence of an ***illegal*** official policy or legislative enactment; (2) that an official with final

5

decision-making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance or acquiescence of federal rights violations. *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005). But a private contractor is only liable under a *Monell* claim "for a policy or custom ***of that private contractor***, rather than a policy or custom of" a governmental entity (such as the MDOC). *Johnson v. Karnes*, 398 F.3d 868, 877 (6th Cir. 2005) (emphasis in original). Liability must also "rest on a direct causal connection between the policies or customs…and the constitutional injury to the plaintiff." *Gray v. City of Detroit*, 399 F.3d 612, 617 (6th Cir. 2005); *see also Jackson v. City of Cleveland*, 925 F.3d 793, 828 (6th Cir. 2019) (policy must be the "moving force" behind the violation); *Kensu v. Corizon, Inc.*, No. 22-1493, 2023 WL 1800276 (6th Cir. Feb. 7, 2023) (no meritorious claim when plaintiff "failed to connect the dots between one of these alleged policies and the medical care he claims to have been denied").

Here, there is no evidence of an illegal cost-related policy, or that cost played any role in Plaintiff's care except that Corizon incurred the cost of taking care of his colostomy. But as this District recognized in granting summary judgment to Corizon, "the deliberate indifference standard of *Estelle* does not guarantee prisoners the right to be entirely free from the cost considerations that figure in the medical-care decisions made by most non-prisoners in our society." *Colwell v. Corizon*

*Healthcare Inc.*, 2014 WL 6686764, at *27 (E.D. Mich. Nov. 26, 2014) (quoting

*Reynolds v. Wagner*, 128 F.3d 166, 175 (3d Cir. 1997). As such, "the naked assertion

that Defendants considered cost…does not suffice to state a claim for deliberate

indifference, as prisoners do not have a constitutional right to limitless medical care,

free of cost considerations." *Winslow v. Prison Health Servs.*, 406 F. App'x 671,

674–75 (3d Cir. 2011). As in *Colwell*, there is no evidence here that Corizon made

a decision about plaintiff, or about colostomy reversal surgeries in general, based

"***solely or primarily by profitability***."   *Colwell*, 2014 WL 6686764, at *27 (E.D.

Mich. Nov. 26, 2014)  (emphasis added)

Courts in this Circuit and around the country have rejected the legal viability

of exact claim Plaintiff sought to prove at trial here.  Even at the summary judgment

stage here, this Court recognized that the *Monell* case surviving against Corizon was

still a "close call."  *Jackson v. Corizon Health, Inc.*, No. 19-cv-13382, 2021 WL

8013977, at *9 (E.D. Mich. Dec. 16, 2021).  Without evidence that profitability was

"solely or primarily" the motive ***as to Plaintiff***, Plaintiff has missed his target.  His

surgery was never urgent, emergent, or medically necessary in prison.  Maybe that

is a dispute about medical judgment.  As the Sixth Circuit held in *Dickens*, however,

it is not an Eighth Amendment violation.   Thus, no reasonable jury properly

instructed on the law can find in Plaintiff's favor on his *Monell* claim and the Court

should enter judgment as a matter of law in favor of Corizon.

7

Dated: March 31, 2026                    Respectfully submitted,

                                         **BOWMAN AND BROOKE LLP**

                              By:    /s/*Sunny Rehsi*
                                     Sunny Rehsi (P80611)
                                     101 W. Big Beaver Road.,
                                     Suite 1100 Troy, MI 48084
                                     248.205.3300
                                     sunny.rehsi@bowmanandbrooke.com

                                     Adam Masin (Admitted 5/1/2025)
                                     750 Lexington Avenue
                                     New York, NY 10022
                                     646.914.6790
                                     adam.masin@bowmanandbrooke.com

                                     Rachel B. Weil (Admitted 7/16/25)
                                     123 South Broad Street, Suite 1512
                                     Philadelphia, PA 19109
                                     267.908.7097
                                     rachel.weil@bowmanandbrooke.com

                                     *Attorneys for Defendants CHS TX, Inc. d/b/a*
                                     *YesCare and Keith Papendick, M.D.*

## CERTIFICATE OF SERVICE

I certify that, on March 31, 2026, a copy of the foregoing document in the above-captioned proceeding has been served upon the attorneys listed below via electronic mail:

**Ian T. Cross** (P83367)
Cross Law PLLC
Attorneys for Plaintiff
402 W. Liberty St.
Ann Arbor, MI  48103
724.994.9590
ian@lawinannarbor.com

**Laurence H. Margolis** (P69635)
Margolis Law Firm
Attorneys for Plaintiff
214 South Main St., Suite 202
Ann Arbor, MI 48104
734.994.9590
assistant@lawinannarbor.com

**Jonathan R. Marko** (P72450)
**Michael L. Jones** (P85223)
Marko Law, PLLC
220 W. Congress, 4th Floor
Detroit, MI 48226
313.777.7529
jon@markolaw.com
michael@markolaw.com

**BOWMAN AND BROOKE LLP**

By:   /s/*Sunny Rehsi*
Sunny Rehsi (P80611)
101 W. Big Beaver Road.,
Suite 1100 Troy, MI 48084
248.205.3300
sunny.rehsi@bowmanandbrooke.com

Adam Masin (Admitted 5/1/2025)
750 Lexington Avenue
New York, NY 10022
646.914.6790
adam.masin@bowmanandbrooke.com

9

Rachel B. Weil (Admitted 7/16/2025)
123 South Broad Street, Suite 1512
Philadelphia, PA 19109
267.908.7097
rachel.weil@bowmanandbrooke.com

*Attorneys for Defendants CHS TX, Inc. d/b/a YesCare and Keith Papendick, M.D.*