# EXHIBIT A

<u>**AFFIDAVIT OF JAMES T. SPROUSE**</u>

**I, JAMES T. SPROUSE, DO HEREBY ATTEST TO AND AFFIRM THE TRUTH OF THE STATEMENTS HEREIN UNDER PENALTY OF PERJURY.**

1.    I, James T. Sprouse, am the Chief Financial Officer of CHS TX, Inc.  I am over the age of 18 and competent to testify to the facts stated herein.  I make this Affidavit based on personal knowledge in opposition to Plainitff's "Motion For Order Prohibiting Transfer of Assets and Compel Discovery," filed on April 15, 2026.

2.    CHS TX, Inc. ("CHS TX") is a Texas corporation formed on May 5, 2022. CHS TX, Inc. maintains its principal place of business and headquarters at 205 Powell Place, Suite 104, Brentwood, Tennessee 37027.  CHS TX is a wholly-owned subsidiary of YesCare Corp. ("YesCare").

3.    CHS TX was never a party to a contract with the Michigan Department of Corrections ("MDOC").  CHS TX never purchased or otherwise expressly acquired or assumed any liability arising from or relating to any contract with the MDOC, including the contract held by Corizon Health, Inc. that expired on September 28, 2021.  CHS TX did not acquire any revenue from that contract.

4.    CHS TX is party to 14 active contracts to provide correctional healthcare to incarcerated offenders, including in the St. Clair, Michigan jail.  In total, CHS TX is responsible for the Constitutionally-protected health care of approximately 15,800 incarcerated offenders.

5.    As of March 31, 2026, CHS TX's anticipated receivables from its 14 active contracts total $11,569,252.37.  CHS TX does not maintain cash on hand.  CHS TX's revenues are used to pay its creditors.  CHS TX's accounts payable includes approximately 500 creditors.  Most of CHS TX's creditors are health care facilities,

practices, and providers, including government and/or government-related entities, and third-party vendors necessary to conduct CHS TX's business.

6. Plainitff's motion refers to entities named "Geneva Consulting, LLC," "Geneva Consultings, LLC," "TN Correct Health Services LLC," or "Correct Health." None of these entities have any contractual agreements to have control over the assets of CHS TX or YesCare. The allegation in Plainitff's motion that one or more of these entities is part of a "a structure through which CHS TX's incoming payments can be diverted into an [Isaac] Lefkowitz-controlled account beyond the reach of this judgment" is false.

7. Plaintiff's motion goes on to assert that "[t]here is a substantial risk that these assumed name certificates [relating to Geneva Consultings LLC] allow Mr. Lefkowitz to deposit checks made out to entities like CHS TX, Inc. directly into Geneva Consultings, LLC's bank accounts, such that CHS TX, Inc.'s income can be diverted and concealed from creditors." There is no risk of that occurring because Geneva Consultings LLC, TN Correct Health Services LLC, and/or Correct Health do not have any contractual agreements to have control over the assets of CHS TX or YesCare.

8. Plainitff's motion refers to an entity named Quality Correctional Care of Michigan, P.C. ("QCCM"). QCCM is not a parent, subsidiary, or corporate sibling of CHS TX, Inc., and does not have access to, control over, or the right to access or control CHS TX's bank accounts or other assets. QCCM is the physician-owned entity, as required by Michigan law, that currently provides health care to approximately 360 inmates in the St. Clair, MI jail. CHS TX has a services contract with QCCM under which QCCM provides its services to those inmates. QCCM has no other contract with CHS TX.

9. Plainitff's motion refers to Tehum Care Services, Inc. (fka Corizon Health, Inc.). CHS TX has never had a corporate relationship with Tehum, who filed for Chapter 11 bankruptcy on February 13, 2023 in the U.S. Bankruptcy Court for the Southern District of Texas, Case No. 23-90086. On March 3, 2025, the Bankruptcy Court entered an Order Confirming the First Modified Joint Chapter 11 Plan of Reorganization of the Tort Claimants' Committee, Official Committee of Unsecured Creditors, and Debtor (the "Plan"). *See* Bnkr. Ct. Doc. No. 2014. Tehum is not involved in the control, transfer, or possession of CHS TX's assets and does not have any right to control, transfer, or possess them.

10. Plainitff's motion refers to a "Tehum GUC Liquidating Trust" and a "Tehum Personal Injury Trust," which appears to mis-identify the Plan's "GUC Trust" and the "PI/WD Trust" (the "Trusts"). Regardless, the Trusts (named correctly or not) are not involved in the control, transfer, or possession of CHS TX's assets and do not have any right to control, transfer, or possess them.

11. Plainitff's motion refers to CHS AL, LLC. That entity is not a parent or subsidiary of CHS TX. CHS AL, LLC is not involved in the control, transfer, or possession of CHS TX's assets and does not have any right to control, transfer, or possess them.

12. Plainitff's motion asks the Court to enter an Order that would freeze CHS TX's assets by preventing any transfer of CHS TX's assets for any purpose. Preventing CHS TX from receiving or transferring its assets in the ordinary course of business would cause immediate and irreparable harm to CHS TX, its employees, its creditors, its government-entity clients, and more than 15,000 offenders who currently rely on CHS TX to provide them with Constitutionally-protected health care. If CHS TX cannot receive or

transfer its assets in the ordinary course of business, CHS TX would be unable to maintain employees, purchase medical products or pharmaceuticals, pay its creditors, or otherwise conduct the business necessary to provide correctional healthcare to offenders.

13.    Shutting down CHS TX's business would also irreparably harm Plaintiff's ability to obtain satisfaction on any judgment that the Court enters after considering post-trial motions, if any, because CHS TX cannot earn its anticipated revenue if it cannot transact business in the ordinary course.

Dated:  April 28, 2026

_____
James T. Sprouse



State of __Tennessee__
County of __Davidson__
The foregoing instrument was acknowledged before me
this __28th__ day of __April__
By __Jimmy Sprouse__
Personally known __✓__ OR produced identification ____
Type of identification produced _____

_____
Notary Public

4

State of _____

County of _____

The foregoing instrument was acknowledged before me this _____ day of _____,

By _____

Personally known _____ OR produced identification _____

Type of identification produced _____

_____
Notary Public

