**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

KOHCHISE JACKSON,

       Plaintiff,

v.

CHS TX, INC., et al.,

       Defendants

Case No.: 2:19-cv-13382-GAD-PTM

U.S. DISTRICT COURT JUDGE
HON. GERSHWIN A. DRAIN

## MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANT KEITH PAPENDICK, M.D.

Pursuant to Michigan Rules of Professional Conduct 1.7, 1.16 and E.D. Mich., LR 83.25, Bowman and Brooke LLP ("Bowman") moves for an order permitting it to withdraw as counsel for Defendant Keith Papendick, M.D. ("Dr. Papendick"). In support of its Motion, Bowman states:

1.      This is a deliberate indifference action brought under 42 U.S.C. § 1983, alleging violations of Plaintiff's Eighth Amendment Rights.

2.      Bowman and its attorneys entered their appearance in this matter on behalf of Defendants CHS TX, Inc. d/b/a YesCare  ("CHS TX") and Dr. Papendick.

3.      Bowman and its attorneys were trial counsel for the Defendants.

4.      Pursuant to MRPC 1.7, 1.16 and E.D. Mich., LR 83.25, the undersigned attorney hereby requests the Court that Bowman and its attorneys Adam M. Masin,

Rachel B. Weil and Sunny Rehsi, currently listed as counsel of record for Dr. Papendick, shall be permitted to withdraw as counsel for Dr. Papendick in this case.

5. On or about April 24, 2026, Bowman discovered Dr. Papendick entered into an agreement with Plaintiff that separately resolved any liability he had with respect to the jury award. There is therefore no longer any legal work to perform by Bowman on his behalf. Dr. Papendick utilized different counsel to resolve his share of potential liability to Plaintiff.

6. Bowman and its attorneys understand that Dr. Papendick's agreement with Plaintiff includes an assigning of any purported indemnification (or similar) claim he potentially has against CHS TX to Plaintiff in exchange for Plaintiff not pursuing an execution of judgment against him personally. Neither Bowman nor its attorneys were involved in these negotiations. Dr. Papendick's agreement has created an irreconcilable conflict with CHS TX as his interests are now adverse to CHS TX.

7. In light of Dr. Papendick resolving his potential liability to Plaintiff and now being adverse to CHS TX, Bowman and its attorneys can no longer continue to represent Dr. Papendick. Bowman has explained this conflict to Dr. Papendick and explained that Bowman would be filing this motion to withdraw and that Bowman would not be preparing or submitting post-trial motions on his behalf.

8.    Good cause exists for withdrawal as there is no longer work for Bowman to perform on his behalf, there is now a complete breakdown in the attorney-client relationship with Dr. Papendick, and there are irreconcilable differences between CHS TX and Dr. Papendick such that counsel is unable to continue defending Dr. Papendick in post-verdict motions moving forward.

9.    Withdrawal will not result in undue delay or prejudice to any party in this matter as trial is complete and Dr. Papendick has entered into an agreement with Plaintiff with respect to his portion of liability as found by the jury.

10.    Counsel has advised Dr. Papendick about the present motion and served a copy of this motion to Dr. Papendick by mail and on the remaining parties.

WHEREFORE, Bowman and Brooke LLP respectfully requests that this Honorable Court grant this Motion and enter an Order permitting Bowman and Brooke LLP, including its attorneys Adam M. Masin, Rachel B. Weil, and Sunny Rehsi to withdraw as counsel of record for Keith Papendick, M.D.

Dated: April 30, 2026

Respectfully submitted,

**BOWMAN AND BROOKE LLP**

By:   /s/*Sunny Rehsi*
Sunny Rehsi (P80611)
101 W. Big Beaver Road.,
Suite 1100 Troy, MI 48084
248.205.3300
sunny.rehsi@bowmanandbrooke.com

Adam Masin (Admitted 5/1/2025)
750 Lexington Avenue
New York, NY 10022
646.914.6790
adam.masin@bowmanandbrooke.com

Rachel B. Weil (Admitted 7/16/25)
123 South Broad Street, Suite 1512
Philadelphia, PA 19109
267.908.7097
rachel.weil@bowmanandbrooke.com

*Attorneys for Defendants CHS TX, Inc. d/b/a YesCare*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

KOHCHISE JACKSON,

Plaintiff,

v.

CHS TX, INC., et al.,

Defendants

Case No.: 2:19-cv-13382-GAD-PTM

U.S. DISTRICT COURT JUDGE
HON. GERSHWIN A. DRAIN

**BRIEF IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL**
**FOR DEFENDANT KEITH PAPENDICK, M.D.**

Bowman and Brooke LLP relies upon the facts recited in its Motion and Rules

1.7, 1.16 of the MRPC and E.D. Mich., LR 83.25.

Dr. Papendick's agreement with Plaintiff has eliminated any further work that

Bowman might have done for Dr. Papendick and created a conflict of interest and

irreconcilable differences with CHS TX, which requires Bowman to withdraw its

representation of Dr. Papendick pertaining to any post-trial motions.

Eastern District of Michigan LR. 83.25(b)(2) provides that an "attorney may

withdraw…only on order of the Court." In the Sixth Circuit, "attorney withdrawal

issues are committed to the court's discretion." *Brandon v. Blech*, 560 F.3d 536, 537

(6th Cir. 2009). When considering withdrawal requests, courts turn to the Model

5

Rules of Professional Conduct for guidance. *Id*. at 538 (6th Cir. 2009); *see also King v. Curtis*, 610 F. App'x 536, 537 (6th Cir. 2015).

Michigan's Rules of Professional Conduct are instructive with respect to motions to withdraw. *People v. Walker*, 276 Mich. App. 528, 550 n. 61 (2007). MRPC 1.7 forbids an attorney from representing a client "if the representation of that client will be directly adverse to another client, unless: (1) the lawyer reasonably believes the representation will not adversely affect the relationship with the other client; and (2) each client consents after consultation." MRPC 1.7. Here, CHS TX, did not consent to the conflict. MRPC 1.16(b), states that "a lawyer may withdraw from representing a client if withdrawal can be accomplished without material adverse effect on the interests of the client." MRPC 1.16(b). MRPC 1.16(b) substantially mirrors Model Rule 1.16(b). While there is no guaranteed right to withdraw, both the MRPC and Model Rule presumes that withdrawal is permissible if the rule requirements are satisfied. *Brandon*, 560 F.3d at 538 (6th Cir. 2009). Bowman has satisfied the criteria for withdrawal under the Rules.

WHEREFORE, Bowman and Brooke LLP respectfully requests that this Honorable Court grant this Motion and enter an Order permitting Bowman and Brooke LLP, including its attorneys Adam M. Masin, Rachel B. Weil, and Sunny Rehsi, to withdraw as counsel of record for Keith Papendick, M.D.

Dated: April 30, 2026

Respectfully Submitted,

**BOWMAN AND BROOKE LLP**


By:  */s/Sunny Rehsi*
Sunny Rehsi (P80611)
101 West Big Beaver Road, Ste. 1100
Troy, MI 48084
(248) 205-3300
sunny.rehsi@bowmanandbrooke.com

Adam M. Masin (Admitted 5/1/2025)
750 Lexington Avenue
New York, NY 10022
(646) 914-6790
adam.masin@bowmanandbrooke.com

Rachel B. Weil (Admitted 7/16/2025)
123 South Broad Street, Suite 1512
Philadelphia, PA 19109
(267) 908-7001
rachel.weil@bowmanandbrooke.com

*Attorneys for Defendants CHS TX, Inc.
d/b/a YesCare*

**CERTIFICATE OF SERVICE**

I certify that on April 30, 2026, I electronically filed the foregoing document with the clerk of the United States District Court, Eastern District Southern Division using the ECF system which sent notification of said filing to all parties having appeared in this matter. I further certify that I have mailed a copy of the Motion on the following defendant:

Keith Papendick, M.D.
21215 Uldriks Drive North
Battle Creek, MI 49017

**BOWMAN AND BROOKE LLP**

By:    /s/*Sunny Rehsi*
Sunny Rehsi (P80611)
101 W. Big Beaver Road.,
Suite 1100 Troy, MI 48084
248.205.3300
sunny.rehsi@bowmanandbrooke.com

Adam Masin (Admitted 5/1/2025)
750 Lexington Avenue
New York, NY 10022
646.914.6790
adam.masin@bowmanandbrooke.com

Rachel B. Weil (Admitted 7/16/25)
123 South Broad Street, Suite 1512
Philadelphia, PA 19109
267.908.7097
rachel.weil@bowmanandbrooke.com

*Attorneys for Defendants CHS TX, Inc. d/b/a YesCare*